IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL JACKSON | ) | Case No. 4:07CV0880 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE JAMES S. GWIN |
| | ) | |
| MARC C. HOUK, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | <u>CASE MANAGEMENT ORDER</u> |

On, March 26, 2007, Petitioner, filed a Notice of Intention to File a Petition for Writ of Habeas Corpus under 28 U.S.C. §2254. (Doc. 1). Concurrent with the Petition, Petitioner filed a motion to appoint two attorneys to serve as counsel in this matter. (Doc. 3). In an Order issued March 27, 2007, the Court appointed William T. Doyle and John P. Parker to represent Petitioner. (Doc. 5) .

The Antiterrorism and Effective Death penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (" Act"), effective April 24, 1996, made many changes to the way in which federal courts are to resolve prisoner requests for habeas corpus relief. Among the provisions of the Act is a statute of limitations directing that a petition for writ of habeas corpus must be filed within one year (28 U.S.C. § 2244(d)(1)) of the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1)(A)-(D).

The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In addition to the one year time limit to file a petition for writ of habeas corpus, the Act sets forth rules governing the way in which federal courts are to resolve prisoner requests for habeas relief in capital cases. See 28 U.S.C. §§ 2263, 2266. One of the provisions applicable to capital cases creates a 180-day time period in which the District Court is to render a determination on the petition. 28 U.S.C. § 2266(b)(1)(A). The Court will use this 180-day time period as a guidance in setting deadlines in capital cases filed after the effective date of the Act.

In the Petitioner's time line (Doc. 10), the Petitioner asserts that Petitioner's direct appeal concluded on June 5, 2006, and post conviction proceedings began on January 15, 2004. On November 1, 2006, Petitioner's post-conviction relief concluded. While reserving Respondent's right to assert a statute of limitations defense to any or all claims raised in the Petition, the Court determines, for scheduling purposes, the statute of limitations will seemingly expire on

November 1, 2007. Notwithstanding the Court's determination, it at all times remains Petitioner's obligation to produce his or her own statute of limitations expiration estimate and submit the Petition according to that estimation. Petitioner may not rely on the Court's interpretation of time in the event Petitioner submits an untimely Petition.

Therefore, and pursuant to the Rules Governing §2254 Cases (hereinafter "Rule" or "Rules"), and the jurisdiction of this Court generally, the Court hereby issues the following **ORDER**:

1. The Court orders the Petition to be filed on or before November 1, 2007. All counsel of record shall sign the Petition. Additionally, Petitioner is required to sign the Petition. If Petitioner fails to sign the Petition, the Petition may be considered not properly filed and subject to immediate dismissal.

2. Petitioner shall file a checklist, in the form of the attached Exhibit A, indicating all papers and transcripts relied upon in the Petition. Petitioner need not actually submit the documents checked on the checklist. Petitioner must, however, precisely identify in the checklist the location of the materials relied upon, including page references where possible. If, however, Petitioner chooses to actually submit the documents, they should be indexed and tabbed. All such papers and transcripts must be submitted in three-ring binders or plastic spiral binders and secured at the left margin. Petitioner, through appointed counsel, shall serve a copy of the Petition and checklist upon Respondent and all other parties.

3. Petitioner shall file a Certificate of Death Penalty Case, in the form of the attached

Exhibit, with the United states Court of Appeals for the Sixth Circuit at the time the Petition is filed.

Unless the Court summarily dismisses the Petition under Rule 4, the following schedule and procedures shall apply:

4. Respondent shall file an Answer within sixty (60) days from the date the signed Petition and checklist are filed. Respondent shall include in and attach to the Answer all matters described in Rule 5. Respondent shall also file, along with its Answer, a copy of all papers and transcripts relied upon by Petitioner according to Petitioner's checklist, as well as all papers and transcripts upon which Respondent relies. All documents submitted must be unmarked and contain a legible date stamp if previously filed with a court. All such papers and transcripts must be submitted in three-ring binders or plastic spiral binders and secured at the left margin. Respondent shall index, organize, and place numbered tabs upon these papers and transcripts in chronological order. Respondent shall include with its Answer a checklist in the form of the attached Exhibit C. Respondent shall precisely identify in the checklist the location of the materials relied upon, including page references. Respondent shall serve a copy of the Answer and checklist upon Petitioner and all other parties.

5. If Respondent intends to challenge the exhausted status of any claim contained within the Petition, Respondent may file an appropriate motion raising this issue prior to filing its Answer, or may include this challenge within its Answer. Petitioner's response shall be filed within ten (10) days from the date of service of

      the document raising the exhaustion issue.

6. Petitioner may file a Reply (also referred to as a Traverse). Petitioner's Reply must be filed within forty-five (45) days after the Answer has been filed. If Petitioner relies upon parts of the record in the Reply in addition to those relied upon in the Petition, Petitioner shall file another copy of the checklist in the form of the Attached Exhibit A, indicating only those additional documents relied upon in the Reply and precisely identifying the location of materials relied upon, including page references where possible. Petitioner shall serve a copy of this checklist upon Respondent and all other parties.

7. The Respondent shall have fifteen (15) days following expiration of the time in which Petitioner may file a Reply within which to file a Sur-Reply.

8. If any party should desire to expand the record pursuant to Rule 7, the party seeking such expansion must file a request to this effect no later than the date on which Respondent's Sur-Reply may be filed. A response to a request for expansion of the record must be submitted within ten (10) days after the request is filed.

9. If Amicus Curiae or other parties obtain permission to file briefs, the briefs shall be accompanied by a checklist, in the form of the attached Exhibit A, indicating all papers and transcripts upon which the party relies in its brief. Amicus Curiae shall precisely identify the location of the materials relied upon, including page numbers where possible. All documents submitted must be unmarked and contain a legible date stamp if previously filed with the court. All such papers and

transcripts must be submitted in three-ring binders or plastic spiral binders and secured at the left margin. Amicus Curiae and other parties shall serve a copy of this checklist upon Petitioner, Respondent, and all other parties.

10. All requests for discovery will be governed by Rule 6.  All requests for discovery must state with precision the discovery sought, identify the claim to which the discovery relates, and explain how the proposed discovery may lead to evidence supporting the claim.  Petitioner shall serve a discovery request on Respondent's counsel no later than fifteen (15) days after filing the Traverse.  If Respondent agrees to provide discovery, counsel shall submit a proposed joint discovery scheduling order to the Court for all discovery on which the parties agree no later than fifteen (15) days after the Respondent receives the Petitioner's discovery request.  If no agreement is reached regarding discovery or if there remains a dispute about portions of the requested discovery, the Petitioner shall file a motion for discovery with the Court no later than fifteen (15) days after receiving Respondent's answer to Petitioner's discovery request.  A response to a motion for discovery must be submitted within ten (10) days after the discovery motion is filed.   Any request by the Respondent to conduct discovery shall be subject to the identical time restraints as a request initiated by the Petitioner.

11. Pursuant to Rule 8, any request for an evidentiary hearing shall be made as soon as possible and, absent good cause, no later than the date Respondent's Sur-Reply may be filed.  If the parties engage in discovery, the request for an evidentiary hearing shall be made no later than thirty (30) days after the completion of

discovery. Pursuant to 28 U.S.C. §2254(e), the request shall include a specification of the factual issues that require a hearing and a summary of the evidence the party proposes to offer. The request shall state with precision the issues of fact and questions of law making an evidentiary hearing appropriate under 28 U.S.C. §2254(e). Opposition to a request for evidentiary hearing shall be filed within fifteen (15) days from the filing of the request.

12. In all submissions to the Court, the parties shall, if applicable, include a summary of the facts upon which they rely, and statements of applicable law. **ALL REFERENCES TO THE RECORD, INCLUDING THOSE IN THE CHECKLISTS, SHALL IDENTIFY THE PRECISE LOCATION OF THE MATERIALS UPON WHICH THE PARTY RELIES. REFERENCES TO THE STATE COURT RECORD MUST INCLUDE SPECIFIC DOCUMENTS, SPECIFIC EXHIBITS AND SPECIFIC PAGES OF THE TRANSCRIPT. THE ARGUMENTS MUST CONTAIN THE PARTIES' CONTENTIONS ON EACH OF THE ISSUES PRESENTED, AND THE REASONS THEREFOR, WITH CITATIONS TO THE AUTHORITIES, STATUTES, AND PARTS OF THE STATE COURT RECORD UPON WHICH THE PARTIES RELIED.**

**PETITIONER SHALL EXPLAIN IN HIS PETITION WHY THE CLAIMS ASSERTED ARE PROPERLY BEFORE THIS COURT AND ARE NOT PROCEDURALLY DEFAULTED.**

**IN THE EVENT RESPONDENT ASSERTS THAT PETITIONER HAS**

**PROCEDURALLY DEFAULTED A CLAIM, RESPONDENT SHALL, IN THE ALTERNATIVE, ARGUE ALL SUCH CLAIMS ON THEIR MERITS. THE PARTIES SHOULD ALSO SPECIFY THE APPROPRIATE BURDEN OF PROOF, THE PARTY THAT BEARS IT AND ANY DEFENSES ASSERTED.**

13. **TIMETABLE**. A recapitulation of the required timing for submission of briefs is set forth below:

   a. filing of the Petition -- on or before November 1, 2007.

   b. filing of Certificate of Death Penalty Case with the Sixth Circuit Court of Appeals - at the time of filing the signed Petition and checklist.

   c. filing of motion challenging exhausted status of claims - prior to or at the time of filing the Answer.

   d. filing of Answer - within 60 days of the date of the filing of the checklist.

   e. filing of Reply - within 45 days of the date Answer is filed.

   f. filing of Sur-Reply - within 15 days following expiration of the time in which Petitioner may file a Reply.

   g. request for evidentiary hearing - as soon as possible but, absent good cause, no later than the date Respondent's Sur-Reply may be filed or no later than 30 days after the conclusion of discovery.

   h. response to request for evidentiary hearing - within 15 days from the date of filing the request for evidentiary hearing.

   i. request for expansion of the record - no later than the date

>Respondent's Sur-Reply may be filed.

j. response to a request for expansion of the record - within 10 days from the date the request is filed.

k. request for discovery - within 15 days of receiving Respondent's answer to Petitioner's discovery request.

l. response to a request for discovery - within 10 days from the date the request is filed.

The Court may modify the schedule provided by this Order.

13. **PETITIONER'S BUDGETING PLAN.** In addition to submitting the signed Petition and checklist, on or before November 1, 2007, Petitioner's counsel also must submit to the Court a proposed budget. Thereafter, Petitioner's counsel must make a quarterly report to the Court as to hours expended by counsel and costs incurred during that month. Failure to provide this statement may result in forfeiture of payment. Additionally, Petitioner's counsel will be required to appear *ex parte* before Magistrate Judge Vecchiarelli on September 11, 2007, at 9:30 a.m., to review the proposed budget. To facilitate proper review of the proposed budget, Petitioner's counsel must provide Magistrate Judge Vecchiarelli with a copy of the proposed budget three (3) days prior to the meeting.

The Court will hold the proposed budget under seal, however, the Court will make available for public record compensation to counsel once approved pursuant to 18 U.S.C. § 3006(A)(d)(4), and compensation for services other than counsel after the disposition of the Petition. 21 U.S.C. § 848(q)(10)(c).

> The payment of any fees, costs, or other compensation will be for counsel appointed by the Court. There is no provision for non-counsel work including but not limited to payment for non-counsel investigations, discovery or any other non-counsel work. Any work done other than by appointed counsel will only be compensated with prior Court approval. Counsel will be required to submit an affidavit at the time of application for fee approval that counsel personally completed all work for which payment is sought. All compensation is subject to final approval by the Court at final disposition of the case.

14. **POST-JUDGMENT MOTIONS**. The practice of filing post-judgment motions is disfavored. If counsel for the losing party choose to file such a motion, and the Court finds that the motion was filed for purposes of delay, the Court reserves the right to impose sanctions resulting in the reimbursement to the opposing party of attorneys' fees and expenses incurred in responding to the motion. Where counsel filing a frivolous motion for reconsideration are otherwise compensated under the Criminal Justice Act, the Court reserves the right to withhold compensation for the time expended in preparing and filing such a motion.

15. **CASE TRACKING**. Pursuant to Local Rule 16.2(a)(1), the Court has evaluated, *inter alia*, the legal issues, likelihood of discovery, and number of real parties in interest in this case pursuant to Local Rule 16.2(b). The Court ORDERS that this case be assigned to an Administrative Track in compliance with Local Rule 16.2(a)(2)(D).

Counsel are expected to comply with this order as fully and completely as they are able.

In order to accomplish this, the Court will assume that all counsel have read and familiarized themselves with this Order.

IT IS SO ORDERED.


Date: May 9, 2007                                    s/ James S. Gwin
                                                     JUDGE JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE