IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Nathaniel Jackson,** )  )  **Petitioner,** )  )  vs. )  )  **Marc C. Houk, Warden,** )  )  **Respondent.** ) | **Case No.:  4:07 CV 00880**  **Judge Gwin** |

_____

**PETITIONER'S MOTION TO HOLD PROCEEDINGS
IN ABEYANCE UNTIL THE STATE COURT PROCEEDINGS
HAVE BEEN FULLY EXHAUSTED**

_____

Now comes Nathaniel Jackson who moves this Court to hold the instant proceedings in abeyance until the state courts have issued all of the requisite rulings to exhaust the claims that are contained in the Federal Habeas Petition.

Petitioner has attached, and incorporates by reference herein, a Memorandum in Support.

Respectfully submitted,

/s/John P. Parker - 0041243
988 East 185th Street
Cleveland, Ohio 44119
216-881-0900
johnpparker@earthlink.net

/s/William T. Doyle - 0016119
2000 Standard Building
Cleveland, Ohio  44113
216-363-6025

COUNSEL FOR PETITIONER

1

**I.     INTRODUCTION**

In the Nineteenth Ground for Relief, Petitioner claims that it was improper for the trial Judge to have an ex parte communication with the prosecutor's office during trial and Postconviction proceedings which denied him Due Process and an impartial, neutral and detached judge in violation of the federal Constitution.

In the Twentieth Ground for Relief, the petitioner claims he has been denied a new sentencing hearing in spite of the fact that the trial judge collaborated with the prosecutor in drafting the trial court's sentencing opinion imposing death in violation of Ohio law and the federal Constitution.

In ground XXII, the petitioner argues that the trial judge is not a neutral and detached judge under the federal Constitution who can rule on pending motions.

In grounds XXIII and XXIV, the petitioner claims he is not eligible for execution under the federal Constitution due to substantial evidence , i.e. I.Q. scores in high school, of 70 and 72.  No Atkins claim has yet been raised in State court even though there is prima facie evidence of mental retardation.

On August 2, 2006 the Ohio Supreme Court held it was improper for the petitioner's trial judge to collaborate with the prosecution in the drafting of the trial judge's sentencing opinion imposing death. State v. Roberts, 110 Ohio St.3d 71 (2006), para. 153-54. Roberts is Petitioner's co-defendant and Petitioner was tried first by the same trial judge.

Based on the Roberts decision, Petitioner filed a motion for leave to file his motion for a new sentencing hearing on August 14, 2006. The Motion is premised on the trial judge's error found in the Roberts case. The Ohio Supreme Court ordered a new sentencing hearing for Roberts. The trial judge refused to rule on this motion.

1

On September 1, 2006 the Petitioner filed a motion to vacate the trial court's findings of facts and conclusions of law under Civ R 60(B)(5). The trial court did not rule on this motion until February 15, 2008 when it denied the motion concluding "Ohio law permits the prosecution to draft findings of fact and conclusions of law dismissing a post conviction petition even in death cases." The petitioner filed a timely appeal in March 2008 in the Ohio Eleventh District Court of Appeals.

On October 5, 2006 the Petitioner filed an affidavit of bias and prejudice against the trial judge in the Supreme Court of Ohio. Chief Justice Moyer overruled affidavit of bias and prejudice but only after determining that the trial judge "acknowledges that he held the same kind of communications with the prosecuting attorney's office in both the Roberts and Jackson capital cases before sentencing them to death…the judge states that he is prepared to reconsider the evidence and impose a new sentence in this case just as he has been ordered to do so in the related Roberts case." In re Disqualification of Stuard, 113 Ohio St.3d 1236, 2006 Ohio 7233, para. 4.

On April 27, 2007 John P. Parker filed a notice of appearance as co-counsel for Petitioner in the trial court and requested a status conference on the pending motions. The trial court did nothing.

On October 29, 2007 the trial judge once again sentenced Roberts to death. On October 31, 2007 the Petitioner filed his federal habeas petition within the one year statute of limitations under AEDPA.

On January 4, 2008 the Petitioner took the extraordinary step of filing a Complaint for Writ of Mandamus and Procedendo against the trial judge in the Supreme Court of Ohio in an effort to exhaust his state remedies and receive a new sentencing hearing. See Case No. 08-0028, pending in the Supreme Court of Ohio.

The judge answered the complaint on February 19, 2008. He also issued an order on February 15, 2008 granting leave to file motion for a new sentencing hearing. The Petitioner's motion was timely filed on February 29, 2008. The prosecutor requested and received additional time to respond. The judge has scheduled a status conference for April 18, 2008 at 1:30 p.m.

Petitioner has been diligent in attempting to exhaust his claims in state court. The trial judge took over one year to rule on pending motions and has only recently set a status conference on a pending motion for new sentencing hearing.

**PETITIONER MUST GIVE THE STATE COURTS THE FIRST OPPORTUNITY TO EXHAUST HIS CLAIMS.**

A. **A Habeas Petitioner Must Exhaust The Facts Upon Which He Relies Absent An 1) Express Waiver By The Warden or 2) An Absence Of Available State Court Remedies or, 3) An Effective State Court Remedy To Protect The Rights Of The Petitioner Or 4) The Presence Of Unusual Circumstances.**

The federal courts have repeatedly recognized that the state courts should be given the first opportunity to address the issues contained in a federal habeas petition prior to the federal court conducting its own review. Duckworth v. Serrano, 454 U.S. 1, 3-4 (1981); O'Guinn v. Dutton, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

The principles of comity govern habeas proceedings. Federal courts are normally prohibited from adjudicating a habeas petition that contains unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). This holding is consistent with the mandate of 28 U.S.C. § 2254(b) which provides that a petition for habeas corpus relief will not be granted unless the petitioner has exhausted the state court remedies available or there is an unavailability of remedies. For reasons of both judicial efficiency and comity, it is important that the state courts have the first opportunity to review federal constitutional claims. See Keeney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992); Coleman v. Thompson, 501 U.S. 722, 731 (1991).

However, the requirement of state court exhaustion is not jurisdictional. Rose v. Lundy, 455 U.S. at 515; Granberry v. Greer, 481 U.S. 129, 135 (1987); O'Guinn, 99 F.3d at 1412. The Courts have repeatedly emphasized that the purpose of exhaustion is to provide state courts the first opportunity to consider constitutional claims. Duckworth, 454 U.S. at 3; Picard v. Connor, 404 U.S. 270, 275 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982). Federal courts have the power to entertain unexhausted claims under certain narrowly defined conditions. Granberry, 481 U.S. at 133-134. In making this determination, there is a strong presumption in favor of having the state courts review and consider the issues presented and make a determination regarding available remedies. Id at 131. If the case involves important unresolved questions of fact or state law or where there are important state interests at stake, the return of the case to allow the state courts the first opportunity to address the issues is appropriate. Id at 134-135.

The Sixth Circuit's capital decision in O'Guinn illustrates the importance the Sixth Circuit places on exhaustion and providing the state courts with the first opportunity to hear the case. In O'Guinn the district court granted the petitioner the opportunity to conduct discovery during the course of which the petitioner for the first time discovered a violation of the Fourteenth Amendment and Brady v. Maryland, 373 U.S. 83 (1963). After the completion of discovery, the petitioner was awarded an evidentiary hearing on this issue. Neither party raised the exhaustion issue and ultimately the district court decided the case adverse to the petitioner. The case was appealed to the Circuit, briefed and the judgment of the district court was affirmed. Again neither party raised the exhaustion issue. The Court granted rehearing en banc and at oral argument one of the judges sua sponte raised the exhaustion issue. The Court ordered the case returned to state court for purposes of exhaustion:

> In this case, the state courts have an important interest in reviewing a serious, unexhausted constitutional claim. O'Guinn's Brady claim involves the conduct of a state prosecutor (in particular, his decisions regarding the withholding of evidence) in a state trial in which the defendant was prosecuted for violating state law. Even if there were not a presumption in favor of returning mixed petitions to state court, this would be an appropriate case in which

4

> to do so. The interests of justice and comity do not weigh in favor of having this Court decide the question. Extending Granberry beyond the "exceptional" or "unusual" case undermines the law's clear preference for having unexhausted claims decided in state court. Because this case presents no exceptional or unusual circumstances, it should be addressed by the state courts in the first instance.
> We note that the District Court held an evidentiary hearing on some of the issues raised in O'Guinn's habeas petition. The holding of a hearing is neither "exceptional" nor "unusual" and therefore does not provide grounds for this Court to decide unexhausted claims. Moreover, in this case it was not a full hearing and the question of exhaustion was never discussed by the District Court. See 870 F. Supp. 779.

Id. at 1412-13.

In this case, the petitioner has been diligent in attempting to exhaust his claims in state court. He thought it prudent to file the habeas petition in a timely manner and include the unexhausted claims. He attempted to exhaust his claims as detailed above.

Under the facts and circumstances of this case, extending the narrow exceptions in Granberry would undermine the law's clear preference for having unexhausted claims first decided in state courts. Id. This Court should not deny the Ohio courts the opportunity to address the significant constitutional issues identified by Mr. Jackson.

A prisoner who has not yet exhausted his state court remedies may file a " 'protective' petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) citing Rhines v. Weber, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending the resolution of state court post conviction proceedings provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." Rhines v. Weber at 278.

**B.     The Warden Has Refused To Waive The Requirements Of Exhaustion.**

When Congress amended the habeas statutes in 1996 it provided that the federal courts could only grant relief if the petitioner has exhausted his claims or one of the statutory exceptions

5

to exhaustion applied. Revised 28 U.S.C. § 2254(a)(1). Congress also added the provision; that the Warden could only waive exhaustion if "counsel [for the Warden] expressly waived the provision." 28 U.S.C. § 2254(b)(3). In his Return of the Writ the Warden has not expressly waived exhaustion and has claimed the matters are not exhausted. (see pages 66-67 ROW)

The Warden, according to the above statement, has refused to enter the express waiver required by the statute. Consequently this Court is barred from granting relief to Petitioner unless one of the exceptions to exhaustion are applicable.

**THE COURT SHOULD GRANT AN ABEYANCE TO PERMIT PETITIONER BIES TO RETURN TO STATE COURT.**

**A.** <u>**The Court Has The Authority To Grant An Abeyance Order.**</u>

The Sixth Circuit and federal district courts in the State of Ohio as well as other courts in other circuits have frequently held habeas proceedings in abeyance while the petitioner returned to state court to exhaust state court remedies.

These numerous decisions are based on the principles of comity and federalism, and the desire to avoid piecemeal litigation. Holding federal habeas corpus proceedings in abeyance in capital cases in general, and in Petitioner's case in particular, encourages the policies of comity and non-intervention by federal courts while avoiding piecemeal litigation.

The United States Supreme Court has concluded that the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants. <u>Landis v. North American Co.</u>, 299 U.S. 248, 254 (1936). In habeas corpus proceedings, federal courts have wide ranging powers to shape relief and procedures to effectuate habeas corpus jurisdiction. <u>Harris v. Nelson</u>, 394 U.S. 286, 291 (1969). The "stay and abeyance" procedure allows the federal courts to balance the delicate principles of exhaustion and non-piecemeal litigation in capital habeas proceedings while protecting the petitioner's right to federal review if necessary. See <u>Fetterly v. Paskett</u>, 997 F.2d 1295, 1301-1302 (9th Cir. 1993).

The United States Court of Appeals for the Sixth Circuit has addressed the need for issuing a stay in abeyance in capital habeas corpus proceedings.

The Sixth Circuit also granted a stay and abeyance motion in <u>Beuke v. Collins</u>, Case No. 96-3050 (Oct. 31, 1996). In that case, the district court had precluded the petitioner from

7

conducting discovery and the petitioner accessed exculpatory information through the Freedom of Information Act. The Sixth Circuit held that appeal in abeyance while Mr. Beuke litigated his successor state post-conviction petition.

In <u>Spirko v. Anderson</u>, 962 F. Supp. 1013 (N.D. Ohio 1997) the District Court granted a stay and abeyance in a capital case. The Court noted that by holding the case in abeyance the Court was permitting the state courts "free and unfettered hand" to rule on the claims claimed in the successor state post-conviction petition. <u>Id.</u> at 1015. The Court further noted that "little would be accomplished by dismissing the petition" as opposed to holding the petition in abeyance while the abeyance process was completed. <u>Id.</u> The Court concluded:

> I fail to perceive any prejudice to the respondent, and it has recited none in its motion for reconsideration. Indeed, given the respondent's desire for prompt adjudication of petitioner's claims, I believe that final determination of those claims in this court – if such becomes necessary – will be reached more promptly, rather than less so, if this case stays in place, rather than slipping backwards to its starting point, as would occur if dismissal were entered and petitioner returned here to seek relief.

<u>Id.</u>

In at least five (5) capital habeas corpus cases from the Ohio, the district courts have similarly ordered the proceedings stayed and held in abeyance to allow the petitioners to complete their presentation of constitutional claims to the state courts. See <u>In re Van Hook</u>, Case No. C-1-94-269 (S.D. Ohio June 24, 1994)(Order holding capital habeas corpus case in abeyance while petitioner exhausted state remedies); <u>See</u> <u>Poindexter v. Anderson</u>, Case No. C-1-94-178 (S.D. Ohio Apr. 4, 1996) (Order holding case in abeyance while Petitioner pursues state court remedies with respect to prosecutorial misconduct claim); <u>Buell v. Tate, Jr.</u>, Case No. C-1-92-1918 (N.D. Ohio Sept. 18, 1992) (Order directing the parties to exhaust constitutional claims in state courts without dismissing the case); <u>Lorraine v. Coyle</u>, No. 4:96CV084 (N.D. Ohio July 2,

8

1998) (order holding case in abeyance).  District Court Judge Manos also entered an abeyance order in a non-capital case.  <u>Allen v. Mitchell</u>, No. 1:98CV0741 (N.D. Ohio Oct. 15, 1998.)

Federal courts outside the State of Ohio have consistently stayed and held in abeyance habeas proceedings.  See <u>Lambrix v. Singletary</u>, 520 U.S. 518, 521, 524 (1997) (noting that Eleventh Circuit held proceedings in abeyance to permit petitioner to exhaust state remedies); <u>Calderon v. United States District Court for the Northern District of California (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Burris v. Farley</u>, 51 F.3d 655, 659 (7th Cir. 1995) (noting that petitioner had option of requesting stay of proceedings pending exhaustion of state remedies); <u>Simpson v. Camper</u>, 927 F.2d 392, 393 (8th Cir. 1991) (held appeal in abeyance pending exhaustion of state court remedies); <u>Scott v. Dugger</u>, 891 F.2d 800, 802 (11th Cir. 1989) (district court stayed proceedings to permit petitioner to exhaust state court remedies); <u>Giarrantano v. Procunier</u>, 891 F.2d 483, 485 (4th Cir. 1989) (district court stayed judgment denying the petitioner relief in to permit petitioner to exhaust state court remedies); <u>Prejean v. Blackburn</u>, 743 F.2d 1091, 1094 (5th Cir. 1984) (same); <u>Arango v. Wainwright</u>, 716 F.2d 1353, 1355 (11th Cir. 1983) (remanded case to be stayed and held in abeyance to permit petitioner to exhaust state court remedies; noted interest in judicial economy).

**B.      The Court Should Enter An Abeyance Order In The Present Case.**

The facts unique to the present case support the granting of an abeyance order.  The trial court in this case has frustrated petitioner's attempts to exhaust his federal constitutional claims in a more timely manner. Now, after refusing to rule for over one year on petitioner's motion for leave to file new sentencing hearing motion, and only after petitioner filed an extraordinary writ in the Ohio Supreme Court, has the trial judge granted leave for petitioner to file a new sentencing hearing motion. Petitioner now has pending such motion with a status conference set for April 18,

2008. In addition, the petitioner has timely filed an appeal this month from the denial of the Civ R 60(B) motion.

This Court should utilize the procedure that it adopted in <u>Rideau v. Russell</u>, No. C-3-00-427 (S.D. Ohio June 25, 2001) (Substituted Report and Recommendations).

Northern District Court Judge James G. Carr in <u>Davis v. Mitchell</u>, No. 1:99CV2400 (N.D. Ohio Feb. 27, 2001) adopted this Court's reasoning. Judge Carr ordered that the proceedings be held in abeyance.:

> In his reply brief, the petitioner recommends following the approach recently taken by Magistrate Judge Michael Merz of the Southern District of Ohio, whereby the petitioner is directed to file an amended petition, in which he deletes his presently unexhausted claims. Thereon, proceedings will be stayed pending exhaustion of the unexhausted claims. Thereafter, depending on the outcome of that effort, petitioner will be granted leave, if he wishes, to amend his petition to include the newly exhausted claims. <u>Rideau v. Russell</u>, No. C-3-00427 (S.D. Ohio) (Substituted Report & Recommendation, Jan. 25, 2001) (Doc. 76, Exh. A). In the meantime, petitioner can be working on his traverse and response to the respondent's arguments in the return of writ with regard to presently exhausted claims.
>
> In this manner, the interest of comity, which is a paramount concern in all habeas corpus proceedings, and especially so in a capital habeas case, will be served. The state courts can determine whether the unexhausted claims are procedurally defaulted, or, if not, they are meritorious. When any such claims are presented to this court, their status as exhausted claims will have been resolved fully and finally, thereby simplifying the procedural situation in this case. The interest of judicial economy, at least from the perspective of this court, will also be served, as the petitioner's claims will be reviewed together, rather an piecemeal.

10

**CONCLUSION**

The lack of exhaustion in the present case is directly attributable to the state trial court's refusal to timely rule on petitioner's motion for leave to file new sentencing hearing and refusal to rule on the Civ R 60 (B) motion. Thus, any delay in those proceedings is directly attributable not to Petitioner but to the state courts.

Staying these proceedings and holding Mr. Jackson's case in abeyance will serve the principles of comity and federalism. Moreover, it will avoid piecemeal litigation and foster finality by permitting both Petitioner and the Warden to fully and fairly litigate the important constitutional claims raised in the petition upon completion of the state court exhaustion.

Respectfully submitted,

/s/John P. Parker

/s/William T. Doyle

COUNSEL FOR PETITIONER

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on all parties by the Court's electronic notification system this 20th day of March 2008.

/s/John P. Parker

11