UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| NATHANIEL JACKSON, | : | CASE NO. 4:07-CV-880 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 28] |
| MARC HOUK, Warden, | : | |
| | : | |
| Respondent. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On March 20, 2008, Petitioner Nathaniel Jackson ("Jackson") filed a motion to stay this case and hold proceedings in abeyance until the state court proceedings in this matter have been fully exhausted. [Doc. 28.] On April 2, 2008, the Respondent, Marc Houk ("Houk"), opposed this motion. [Doc. 31.]

In his habeas petition, the Petitioner raises several grounds for relief based on the allegedly improper conduct of the trial court judge in his criminal case. The Petitioner says that the state court judge held improper ex parte communications with the prosecutor's office during the pendency of his case, particularly with respect to the apparent collaboration between the judge and the prosecutor in drafting the trial court's sentencing opinion imposing the death penalty.

On August 2, 2006, the Supreme Court of Ohio held that it was improper that this trial court judge worked with the prosecutor's office to draft the sentencing opinion in the case of the Petitioner's co-defendant. *State v. Roberts,* 850 N.E.2d 1168, 1188-90 (Ohio 2006). The Ohio Supreme Court consequently ordered a new sentencing hearing for the co-defendant. On August 14, 2006, Petitioner Jackson moved the court for leave to file a motion for a new sentencing hearing in

Case No. 4:07-CV-880
Gwin, J.

his case pursuant to the *Roberts* decision. After waiting over a year for the trial court to schedule a status conference or to rule on his motion, the Petitioner filed a pending complaint for a writ of mandamus and procedendo with the Supreme Court of Ohio on January 4, 2008. On February 15, 2008, the trial court issued an order granting the Petitioner leave to file a motion for a new sentencing hearing. The Petitioner filed that motion on February 29, 2008 and it remains pending before the trial court.

On September 1, 2006, Petitioner Jackson also moved the trial court to vacate its findings of facts and conclusions of law in the court's denial of the Petitioner's post-conviction relief petition. The trial court denied the motion on February 15, 2008, asserting the propriety of its decision to allow the prosecutor's office to help draft the opinion. The Petitioner has now appealed the decision to the Ohio Eleventh District Court of Appeals.

The Petitioner argues that this federal habeas case should be stayed and held in abeyance pending the exhaustion of the state court proceedings in this case. Petitioner Jackson says that the state courts must have the first opportunity to exhaust his claims and that this Court should grant an abeyance enabling him to return to state court to exhaust his remedies. The Respondent has filed a brief opposition to the motion to stay, arguing that the Petitioner's claims regarding the bias of the trial court are purely state law claims that do not require this federal proceeding to be stayed.

The U.S. Supreme Court has recognized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber,* 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy,* 455 U.S. 509, 518-519 (1982)). Because federal district courts must give state courts a fair opportunity to correct constitutional violations prior to federal review of a state criminal conviction, the Sixth Circuit has explained, "In general, we may

Case No. 4:07-CV-880
Gwin, J.

grant a petition for a writ of habeas corpus only if 'it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . .'" *Clinkscale v. Carter,* 375 F.3d 430, 436 (6th Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)).

Federal district courts have the "discretion to stay a mixed petition (i.e., one that includes both exhausted and unexhausted claims) to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition." *Day v. McDonough,* 547 U.S. 198, 210 n.10 (2006) (citing *Rhines,* 544 U.S. at 278-79 (2005)). In federal habeas cases where certain claims have not been exhausted in state court, the Supreme Court has established:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. . . In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.

*Rhines,* 544 U.S. at 278.

In this case, the Court finds that the Petitioner has good cause for his failure to exhaust his claims in state court and does not appear to have engaged in abusive litigation tactics. The record shows that Petitioner Jackson has been diligent in attempting to exhaust his state court claims, particularly with respect to his allegations of improper judicial behavior, but the trial court judge has repeatedly delayed or refused to rule on his pending motions over the past eighteen months. The Court finds that the pending motions at both the state trial and appellate court levels regarding the trial court's allegedly improper conduct are intimately tied to numerous underlying grounds for relief in the Petitioner's federal habeas petition.

Case No. 4:07-CV-880
Gwin, J.

Further, the Court concludes that the Petitioner's unexhausted claims regarding the judicial bias exhibited by the trial court are potentially meritorious. The Respondent says that the Petitioner's allegations of judicial bias are purely state law claims and that the U.S. Constitution only "addresses structures causing biased judges, but does not address judicial bias." [Doc. 31 at 1.] This Court does not read the Constitution so narrowly, and concludes that the Petitioner's claims of judicial bias likely implicate both state rules of judicial ethics and federal due process protections within the jurisdiction of this federal district court.[1/]

The Court therefore concludes that Petitioner Jackson's interest in obtaining a full and fair federal review of his habeas claims in this death penalty case outweighs the state's competing interests in the final and efficient resolution of this proceeding.

For the reasons stated above, this Court therefore **GRANTS** the Petitioner's motion to hold this federal habeas proceeding in abeyance until the state court proceedings have been fully exhausted. Immediately upon the exhaustion of his state court remedies, the Petitioner is instructed to notify this Court so that it may lift the stay and proceed with this habeas action.

IT IS SO ORDERED.

Dated: April 18, 2008               *s/  James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[1/] See, e.g., *Getsy v. Mitchell,* 495 F.3d 295, 309-312 (6th Cir. 2007), for the Sixth Circuit's federal habeas review of an Ohio case in which the Petitioner raised judicial bias of the trial court judge as one of the grounds for relief from his death penalty sentence. The Sixth Circuit noted, "[T]he floor established by the Due Process Clause clearly requires a fair trial in a fair tribunal, before a judge with no *actual* bias against the defendant or interest in the outcome of his particular case." *Id.* at 311 (emphasis added) (citing *Bracy v. Gramley,* 520 U.S. 899, 904-05 (1997)).