

**General Inquiry**

| Summary | Parties | Events | Dockets | Fields | Notes | Disposition | C |

New Se

## Docket Search

2001 CR 00794 STATE OF OHIO -VS- JACKSON, NATHANIEL E JMS

Search Criteria

Docket Desc.    ALL

Begin Date                                    **Sort**
                                              ○ Ascending
End Date                                       ◉ Descending

Search

**Search Results**        First 100 of result set displayed, Please limit search critera.

| Docket Date | Docket Text | Amount | Amount Due | Images |
|---|---|---|---|---|
| 01/29/2007 | POSTAGE | 2.34 | 2.34 | |
| 01/23/2007 | STATES RESPONSE TO DEFT JACKSON'S MOTION TO DISQUALIFY THE OFFICE OF THE TRUMBULL COUNTY PROSECUTING ATTY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 | |
| 01/22/2007 | CONTINUANCE GRANTED TO RESPOND TO DEFT'S MOTION TO DISQUALITY THE PROS. OFFICE IS GRANTED UNTIL JAN 24 2007. 1-22-07 COPIES TO A. CONSOLDANE, R. PORTER, J. LEWIS, J. LACZKO, D LAGER AND PROS. | 2.00 | 2.00 | |
| 12/26/2006 | JUDGMENT ENTRY ON THE DEFTS 12-8-06 MOTION FOR CLARIFICATION. SEE JE | 2.00 | 2.00 | |
| 12/01/2006 | ORDERED THAT THE AFFIDAVIT OF DISQUALIFICATION IS DENIED | 1.56 | 1.56 | |
| 10/27/2006 | NATHANIEL JACKSON'S CORRECTED REPLY IN SUPPORT OF HIS MOTION FOR RELIEF FROM | 0.00 | 0.00 | |

| | | | |
|---|---|---|---|
| | JUDGMENT WITH SERVICE FILED BY ATTY RANDALL PORTER | | |
| 10/26/2006 | NATHANIEL JACKSON'S REPLY IN SUPPORT OF HIS MOTION FOR RELIEF FROM JUDGMENT WITH SERVICE FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 10/19/2006 | STATES ANSWER TO DEFTS MOTION FOR RELIEF FROM JUDGMENT WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 10/10/2006 | NATHANIEL JACKSON'S APPLICATION FOR DISQUALIFICATION OF TRUMBULL COUNTY COMMON PLEAS JUDGE JOHN M STUARD WITH SERVICE FILED BY ATTY RANDALL PORTER ALONG WITH LETTER FROM SUPREME COURT OF OHIO STATING THAT THIS APPLICATION WAS FILED AT THE SUPREME COURT - CASE NO 06AP102 | 0.00 | 0.00 |
| 10/05/2006 | NATHANIEL JACKSON'S REPLY TO MOTION FOR RECUSAL WITH SERVICE FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 10/04/2006 | MOTION TO CONTINUE WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 09/27/2006 | STATES ANSWER TO DEFTS MOTION FOR RECUSAL OF JUDGE STUARD WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 09/20/2006 | NOTICE | 0.00 | 0.00 |
| 09/20/2006 | NATHANIEL JACKSON'S MOTION TO DISQUALIFY THE OFFICE OF THE TRUMBULL COUNTY PROSECUTING ATTORNEY FILED BY THE DEFENDANT'S ATTORNEY RANDALL PORTER | 0.00 | 0.00 |
| 09/19/2006 | POSTAGE - 09/22/06 COPIES SENT TO PROS, A.CONSOLDANE, R.PORTER, J.LEWIS & J.LACZKO | 1.95 | 1.95 |
| 09/19/2006 | STATES MOTION TO ENTEND TIME TO FILE ITS RESPONSE IS GRANTED. STATES RESPONSE IS DUE BY OCTOBER 19, 2006. | 0.00 | 0.00 |
| 09/13/2006 | MOTION TO EXTEND TIME TO FILE REPSONSE WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 09/13/2006 | NOTICE FILE REQUESTED BY JUDGE STUARD FROM CLERK'S OFFICE | 0.00 | 0.00 |

| Date | Description | | |
|---|---|---|---|
| 09/13/2006 | NATHANIEL JACKSON'S MOTION FOR RECUSAL WITH SERVICE FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 09/05/2006 | NATHANIEL JACKSON'S MOTION FOR RELIEF FROM JUDGMENT WITH SERVICE FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 08/25/2006 | STATES RESPONSE TO DEFTS REQUEST FOR LEAVE TO FILE A MOTION FOR NEW SENTENCING HEARING WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 08/15/2006 | REQUEST FOR LEAVE TO FILE HIS MOTION FOR A NEW SENTENCING HEARING FILED BY THE DEFENDANT'S ATTORNEY RANDALL PORTER | 0.00 | 0.00 |
| 05/30/2006 | 1097/689 MANDATE FROM COURT OF APPEALS Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 03/07/2006 | 1088/969 MANDATE FROM COURT OF APPEALS - JUDGMENT OF TRIAL COURT IS AFFIRMED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 01/26/2006 | 1084/622 ORDER FROM THE SUPREME COURT OF OHIO RE MOTION FOR STAY IS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 01/24/2006 | 1084/393 OPINION OF THE SUPREME COURT OF OHIO (SEE JE) Amount Owed: $76.00 Paid Before Conversion: $0.00 Receipt Number: | 76.00 | 76.00 |
| 06/30/2005 | POSTAGE Amount Owed: $1.85 Paid Before Conversion: $0.00 Receipt Number: | 1.85 | 1.85 |
| 06/29/2005 | 1064/918 MOTION FOR APPOINTMENT OF OCUNSEL IS GRANTED. ATTY DENNIS LAGER IS APPOINTED AS COUNSEL. THIS ORDER IS EFFECTIVE NUNC PRO TUNC TO FEBRUARY 6, 2003. 6/30/05 COPIES: PROSECUTOR, A CONSOLDANE, J LEWIS, J LACZKO, R PORTER Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 08/30/2004 | POSTAGE Amount Owed: $1.85 Paid Before Conversion: $0.00 Receipt | 1.85 | 1.85 |

Number:

| 08/30/2004 | 1039/809 DEFTS MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY RENDERED MOOT. SEE FINDINGS OF FACT FILED ON 6/14/04. 8/31/04 COPIES SENT TO: PROSECUTOR, A CONSOLDANE, J LEWIS, J LACZKO & R PORTER Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 07/12/2004 | NOTICE OF APPEAL TO THE ELEVENTH DISTRICT COURT OF APPEALS FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 06/18/2004 | NATHANIEL JACKSON'S MOTION REQUESTING THE COURT NOT DELEGATE ITS JUDICIAL FUNCTION TO THE PREVAILING PARTY IN DRAFTING FINDINGS OF CACT AND CONCLUSIONS OF LAW FILED BY RANDALL L PORTER ASSISTANT STATE PUBLIC DEFENDER | 0.00 | 0.00 |
| 06/14/2004 | 1032/878 FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING PETITIONER'S ORIGINAL AND AMENDED PETITION FOR POST CONVICTION RELIEF. IT IS ORDERED THAT PETITIONER'S PETITION TO VACATE OR SET ASIDE SENTENCE IS DISMISSED WITHOUT A HEARING. Amount Owed: $66.00 Paid Before Conversion: $0.00 Receipt Number: | 66.00 | 66.00 |
| 06/14/2004 | NATHANIEL JACKSON'S MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY FILED BY THE DEFENDANT'S ATTORNEY RANDALL L PORTER ASSISTANT STATE PUBLIC DEFENDER | 0.00 | 0.00 |
| 06/10/2004 | FILE SENT UP TO JUDGE JOHN M STUARD ON 6-10-04 | 0.00 | 0.00 |
| 06/02/2004 | NATHANIEL JACKSON'S APPENDIX TO HIS MEMORANDUM CONTRA TO THE PROSECUTOR'S MOTION TO DISMISS FILED BY THE OHIO PUBLIC DEFENDER ATTORNEY DAVID BODIOKER | 0.00 | 0.00 |
| 05/27/2004 | NATHANIEL JACKSON'S FIRST NOTICE OF ADDITIONAL AUTHORITY IN SUPPORT OF HIS MEMORANDUM CONTRA FILED BY ATTORNEY RANDALL PORTER | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| | ASSISTANT STATE PUBLIC DEFENDER | | |
| 05/20/2004 | NATHANIEL JACKSON'S MEMORANDUM CONTRA TO THE PROSECUTOR'S MOTION TO DISMISS FILED BY THE THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 05/13/2004 | 1030/743 THE DUE DATE FOR NATHANIEL JACKSON'S REPLY TO THE STATE'S MOTIONS TO DISMISS AT 5/20/04. SEE J/E. Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 05/13/2004 | NATHANIEL E JACKSON'S OTION TO GRANT HIM UNTIL MAY 20 2004 IN WHICH TO RESPOND TO THE STATE'S MOTION TO DISMISS FILED THE DEFENDANT'S ATTORNEY RANDALL PORTER ASSISTANT STATE PUBLIC DEFENDER | 0.00 | 0.00 |
| 04/27/2004 | POSTAGE Amount Owed: $1.85 Paid Before Conversion: $0.00 Receipt Number: | 1.85 | 1.85 |
| 04/27/2004 | 1029/415 ORDER FOR DEFENDANT NATHANIEL JACKSON'S MOTION FOR APPOINTMENT OF COUNSEL GRANTED. COURT APPOINTS ASSISTANT STATE PUBLIC DEFENDER RANDALL L PORTER. ORDER IS EFFECTIVE NUN PRO TUNC TO JULY 9, 2003. 4/27/04 COPIES SENT TO: A CONSOLDANE, J LEWIS, J LACZKO, R PORTER, PROSECUTOR Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 04/23/2004 | NATHANIEL JACKSON'S MOTION TO GRANT HIM UNTIL MAY 20 2004 IN WHICH TO RESPONSE TO THE STATE'S MOTION TO DISMISS FILED BY THE DEFENDANT'S ATTORNEY RANDALL L PORTER OFFICE OF THE OHIO PUBLIC DEFENDER | 0.00 | 0.00 |
| 04/22/2004 | MOTION FOR APPOINTMENT OF COUNSEL FILED BY ATTORNEY RANDALL L PORTER ASSISTANT STATE PUBLIC DEFENDER OF THE OHIO PUBLIC DEFENDER | 0.00 | 0.00 |
| 04/13/2004 | MOTION TO DISMISS AMENDED PETITION FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| 03/31/2004 | POSTAGE Amount Owed: $1.11 Paid Before Conversion: $0.00 Receipt Number: | 1.11 | 1.11 |
| 03/31/2004 | 1027/311 THIS COURT FIXED THE DUE DATE FOR THE STATES RESPONSE BY ANSWER OR MOTION TO PETITIONER'S AMENDED POSTCONVICTION PETITION TO 4/30/04. 3/31/04 COPIES SENT TO: D BODIKER, R PORTER & PROSECUTOR Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 03/30/2004 | MOTION FOR ADDITIONAL TIME TO FILE RESPONSIVE PLEADING FILED BY THE PROSECUTOR'S OFFICE ATTORNEY LUWAYNE ANNOS | 0.00 | 0.00 |
| 03/30/2004 | MOTION TO DISMISS FILED BY THE PROSECUTOR'S OFFICE ATTORNEY LUWAYNE ANNOS | 0.00 | 0.00 |
| 03/29/2004 | COPY OF NATHANIEL JACKSON'S AMENDED POST-CONVICTION PETITION AND COPY OF VOLUME,I,II EXHIBITS TO NATHANIEL JACKSON'S AMENDED POST-CONVICTION PETITION GIVEN TO THE TRUMBULL COUNTY PROSECUTOR'S OFFICE ON 3-29-04 PERSONAL SERVICE TO LUWAYNE ANNOS | 0.00 | 0.00 |
| 03/29/2004 | VOLUME I,II EXHIBITS TO NATHANIEL JACKSON'S AMENDED POST-CONVICTION PETITION FILED BY ATTORNEY RANDALL PORTER | 0.00 | 0.00 |
| 03/29/2004 | NATHANIEL JACKSON'S AMENDED POST-CONVICTION PETITION FILED BY ATTORNEY RANDALL PORTER COUNSEL FOR PETITIONER | 0.00 | 0.00 |
| 03/08/2004 | POSTAGE Amount Owed: $1.11 Paid Before Conversion: $0.00 Receipt Number: | 1.11 | 1.11 |
| 03/05/2004 | 1025/038 THE DATE FOR THE STATES RESPONSE BY ANSWER OR MOTION IS EXTENDED FROM 3/1/04 TO 3/31/04. 3/8/04 COPIES SENT TO: PROSECUTOR, D BODIKER & R PORTER Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 02/24/2004 | MOTION TO EXTEND TIME TO RESPOND FILED BY THE | 0.00 | 0.00 |

PROSECUTOR'S OFFICE

| | | | |
|---|---|---|---|
| 01/21/2004 | POSTAGE Amount Owed: $1.11 Paid Before Conversion: $0.00 Receipt Number: | 1.11 | 1.11 |
| 01/21/2004 | 1021/395 PURSUANT TO A MOTION BY THE PLAINTIFF-RESPONDENT, THE STATE OF OHIO, AND R.C. 2953.21(D), THIS COURT FIXES THE DUE DATE FOR THE STATE'S RESPONSE BY ANSWER OR MOTION AT 3/1/04. THE STATE, PER MOTION, HAS SHOWN GOOD CAUSE TO EXTEND THE DUE DATE FROM 1/15/04 TO 3/1/04. 1/21/04 COPIES SENT TO: PROSECUTOR, D BODIKER & R PORTER Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 01/14/2004 | MOTION TO EXTEND TIME TO REPSOND WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 01/12/2004 | COPIES OF NATHANIEL JACKSON POST-CONVICTION PETITION VOLUME 1 & 2 FILED BY THE OFFICE OF THE OHIO PUBLIC DEFENDER GIVEN TO THE TRUMBULL COUNTY PROSECUTOR'S OFFICE ON JANUARY 12 2004 | 0.00 | 0.00 |
| 01/05/2004 | NATHANIEL JACKSON'S POST CONVICTION PETITION VOLUME II FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 01/05/2004 | NATHANIEL JACKSON'S POST-CONVICTION PETITION VOLUME 1 FILED BY ATTY RANDALL PORTER | 0.00 | 0.00 |
| 07/03/2003 | RECORD FILED WITH THE SUPREME COURT OF OHIO. RECORD CONSISTS OF 7 BOXES AND ONE POSTER INCLUDING EVIDENCE,16 VOL TRANSCRIPTS, ORIGINAL PAPERS, AND CERTIFIED COPY OF TRANSCRIPT OF DOCKET AND JOURNAL ENTRIES AND EXHIBIT LIST. CERTIFIED COPIES TO COUNSEL. | 0.00 | 0.00 |
| 06/25/2003 | TRANSCRIPT OF PROCEEDINGS(16 VOLUMES) FILED BY COURT REPORTER | 0.00 | 0.00 |
| 06/25/2003 | HERAING FILED BY MARY ANN MILLS OFFICIAL COURT REPORTER EXHIBITS FROM JURY TRIAL | 0.00 | 0.00 |

PROCEEDINGS AND MITIGATION

| Date | Description | | |
|---|---|---|---|
| 05/12/2003 | 1001/428 MOTION FOR EXTENSION OF TIME TO TRANSMIT THE RECORD IS GRANTED AND THE TIME FOR TRANSMITTING THE RECORD IS EXTENDED TO 7/7/03 Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 03/14/2003 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT REFERENCE TO NATURE ANND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 02/04/2003 | 993/384 DEFTS MOTION FOR TRANSCRIPTS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 01/27/2003 | NOTICE OF APPEAL OF APPELLANT,NATHANIEL E JACKSON FILED BY THE SUPREME COURT OF OHIO ALSO ORDER TO CERTIFY RECORD IN DEATH PENALTY CASE FILED | 0.00 | 0.00 |
| 01/21/2003 | 991/929 ORDER FOR MARY ANN MILLS, KELLY WILSON AND LORI RITTWADGE, OFFICIAL COURT REPORTERS, PRODUCE COPY OF ALL PROCEEDINGS FOR PURPOSES OF APPEAL. Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 01/21/2003 | MOTION FOR TRANSCRIPTS FILED BY ATTORNEY JOHN LACZKO. | 0.00 | 0.00 |
| 01/03/2003 | 990/462 APPROVAL OF PAYMENT OF EXPERT EXPENSES Amount Owed: $12.00 Paid Before Conversion: $0.00 Receipt Number: | 12.00 | 12.00 |
| 12/17/2002 | POSTAGE Amount Owed: $0.74 Paid Before Conversion: $0.00 Receipt Number: | 0.74 | 0.74 |
| 12/17/2002 | 989/424 DEFTS MOTION FOR A NEW TRIAL IS DENIED. SEE J/E. 4/17/02 COPIES SENT TO: PROSECUTOR & A CONSOLIDANE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 12/17/2002 | 989/422 JUDGMENT ON VERDICT | 4.00 | 4.00 |

|  |  |  |  |
|---|---|---|---|
|  | Amount Owed: $4.00 Paid Before Conversion: $0.00 Receipt Number: |  |  |
| 12/17/2002 | EXECUTION OF COSTS RETURNED ENDORSED BY SHERIFF Amount Owed: $5.00 Paid Before Conversion: $0.00 Receipt Number: | 5.00 | 5.00 |
| 12/16/2002 | MOTION TO PROVIDE FINDING OF FACT AND CONCLUSION FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 12/13/2002 | WARRANT RETURNED SHOWING SERVICE ON DEFENDANT SHERIFF ALTIEE Amount Owed: $34.90 Paid Before Conversion: $0.00 Receipt Number: | 34.90 | 34.90 |
| 12/11/2002 | 989/005 DEFENDANT'S MOTION FOR NEW TRIL DENIED. 12/11/02 COPIES SENT: PROSECUTOR, A CONSOLDANE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 12/11/2002 | 989/004 DEFENDANT'S MOTION FOR PROPORTIONALITY REVIEW IS DENIED. 12/11/02 COPIES SENT" PROSECUTOR, A CONSOLDANE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 12/10/2002 | 988/878 APPROVAL OF PAYMENT OF COUNSEL FEES. 12/10/02 CC TO AUDITOR Amount Owed: $12.00 Paid Before Conversion: $0.00 Receipt Number: | 12.00 | 12.00 |
| 12/10/2002 | 988/877 ORDER ON WARRANT TO CONVEY Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 12/10/2002 | 988/873 SENTENCING: DECEMBER 9, 2002 - DEFENDANT TO BE TAKEN FROM COURTROOM TO TRUMBULL COUNTY JAIL AND FROM THERE TO CORRECTION RECEPTION CENTER AT LORAIN OHIO AND THEREAFTER SENTENCED TO DEATH ON DECEMBER 10, 2003 ON COUNT ONE; IMPRISONED THEREIN FOR STATED PRISON TERM OF 10 YEARS ON COUNT THREE; PLUS MANDATORY TERM OF 3 YEARS ON FIREARM SPECIFICATION TO BE SERVED PRIOR TO AND CONSECUTIVE TO SENTENCE IMPOSED IN COUNT THREE; 10 YEARS ON COUNT FOUR, PLUS MANDATORY TERM OF 3 | 8.00 | 8.00 |

YEARS ON FIREARM
SPECIFICATION TO BE SERVED
PRIOR TO AND CONSECUTIVE TO
SENTENCE IMPOSED IN COUNT
FOUR, SENTENCE IN COUNT FOUR
TO BE SERVED CONSECUTIVELY TO
SENTENCE IMPOSED ON COUNT
THREE. FIREARM SPECIFICATIONS
IN COUNT 3 AND COUNT 4 SHALL
MERGE AS ONE SENTENCE IN
COUNT 3 AS MATTER OF LAW.
DEFENDANT TO PAY COSTS.
12/10/02 COPIES SENT:
PROSECUTOR, A CONSOLDANE,
SUPREME COURT OF OHIO. Amount
Owed: $8.00 Paid Before Conversion:
$0.00 Receipt Number:

| Date | Description | | |
|------|-------------|---|---|
| 12/10/2002 | EXECUTION FOR COSTS IN FELONY. ISSUED TO SHERIFF ON 12-10-02 | 0.00 | 0.00 |
| 12/10/2002 | WARRANT TO CONVEY TO CORRECTIONAL RECEPTION CENTER ISSUED TO SHERIFF ON 12-10-02 | 0.00 | 0.00 |
| 12/10/2002 | STENOGRAPHER FEE Amount Owed: $25.00 Paid Before Conversion: $0.00 Receipt Number: | 25.00 | 25.00 |
| 12/10/2002 | COMPLETE RECORD Amount Owed: $20.00 Paid Before Conversion: $0.00 Receipt Number: | 20.00 | 20.00 |
| 12/10/2002 | POST SENTENCING RIGHTS FILED BY PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 12/10/2002 | MOTION FOR PAYMENT OF EXPERT FEES FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 12/09/2002 | 988/789 OPINION OF THE COURT - FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING IMPOSITION OF DEATH PENALTY Amount Owed: $24.00 Paid Before Conversion: $0.00 Receipt Number: | 24.00 | 24.00 |
| 11/19/2002 | STENOGRAPHER FEE KELLY J WILSON OFFICIAL COURT REPORTER Amount Owed: $125.00 Paid Before Conversion: $0.00 Receipt Number: | 125.00 | 125.00 |
| 11/18/2002 | 987/116 COUNT ONE: JURY FINDING AND RECOMMENDATION OF DEATH SENTENCE Amount Owed: $4.00 Paid Before Conversion: $0.00 Receipt Number: | 4.00 | 4.00 |

| | | | |
|---|---|---|---|
| 11/18/2002 | SENTENCING HEARING 12/09/2002 10:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | 0.00 | 0.00 |
| 11/18/2002 | HEARING 11/26/2002 01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | 0.00 | 0.00 |
| 11/12/2002 | 986/722 VERDICT FOR PLAINTIFF - SPECIFICATION #1 TO THE FOURTH COUNT OF THE INDICTMENT Amount Owed: $10.00 Paid Before Conversion: $0.00 Receipt Number: | 10.00 | 10.00 |
| 11/12/2002 | 986/721 VERDICT FOR PLAINTIFF - COUNT FOUR: INDICTMENT FOR AGGRAVATED ROBBERY Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/720 VERDICT FOR PLAINTIFF - SPECIFICATION #1 TO THE THIRD COUNT OF THE INDICTMENT Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/719 VERDICT FOR PLAINTIFF - COUNT THREE: INDICTMENT FOR AGGRAVATED BURGLARY Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/718 VERDICT FOR PLAINTIFF - SPECIFICATION #2 TO THE SECOND COUNT OF THE INDICTMENT Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/717 VERDICT FOR PLAINTIFF - SPECIFICATION #1 TO THE SECOND COUNT OF THE INDICTMENT Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/716 VERDICT FOR PLAINTIFF - COUNT TWO: INDICTMENT FOR AGGRAVATED MURDER Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/715 VERDICT FOR PLAINTIFF - SPECIFICATION #2 TO THE FIRST COUNT OF THE INDICTMENT Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/12/2002 | 986/714 VERDICT FOR PLAINTIFF - SPECIFICATION #1 TO THE FIRST COUNT OF THE INDICTMENT Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |

| 11/12/2002 | 986/713 VERDICT FOR PLAINTIFF. COUNT ONE: INDICTMENT FOR AGGRAVATED MURDER Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 11/08/2002 | CERTIFIED MAIL NUMBER 1278833 RETURNED ENDORSED FROM MICHAEL ROBERTS ON 10/29/02 BY KELLY LUMAN | 0.00 | 0.00 |
| 11/01/2002 | 985/837 ORDERED THAT INVESTIGATORS MORRIS HILL AND BEN DIGIOVANNI SHALL RECEIVE, SERVE AND MAKE RETURN OF SUBPEONAS SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 10/31/2002 | SUBPOENA RETURNED AND ENDORSED ON TAMMY KAYE BY TRUMBULL COUNTY SHERIFF Amount Owed: $2.30 Paid Before Conversion: $0.00 Receipt Number: | 2.30 | 2.30 |
| 10/31/2002 | SUBPOENA RETURNED AND ENDORSED ON DIANA MARCHESE BY TRUMBULL COUNTY SHERIFF Amount Owed: $1.00 Paid Before Conversion: $0.00 Receipt Number: | 1.00 | 1.00 |
| 10/31/2002 | SUBPOENA RETURNED AND ENDORSED ON DAND HINES BY TRUMBULL COUNTY SHERIFF Amount Owed: $1.00 Paid Before Conversion: $0.00 Receipt Number: | 1.00 | 1.00 |
| 10/31/2002 | SUBPOENA RETURNED BY SHERIFF. NO SERVICE ON SANTIAGO MASON Amount Owed: $1.00 Paid Before Conversion: $0.00 Receipt Number: | 1.00 | 1.00 |
| 10/31/2002 | SUBPOENA RETURNED AND ENDORSED ON SKY BANK BY PROCESS SERVER | 0.00 | 0.00 |
| 10/30/2002 | SUBPOENA RETURNED BY SHERIFF. UNABLE TO SERVE JANET CLAY IN TIME FOR HEARING Amount Owed: $1.00 Paid Before Conversion: $0.00 Receipt Number: | 1.00 | 1.00 |
| 10/30/2002 | CERTIFIED MAIL NUMBER 1278835 RETURNED ENDORSED FROM BRENDA K GERARDI ON 10/29/02 BY KELLY LUMAN | 0.00 | 0.00 |
| 10/30/2002 | CERTIFIED MAIL NUMBER 1278834 RETURNED ENDORSED FROM DONNA ROSE ON 10/29/02 BY KELLY LUMAN | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| 10/30/2002 | MOTION FOR PROCESS SERVER WITH SERVICE FILED BY ATTY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 10/30/2002 | SUBPOENA RETURNED AND ENDORSED ON BRAD CAIN ON 10-30-02 | 0.00 | 0.00 |
| 10/30/2002 | SUBPOENA RETURNED AND ENDORSED ON BMV RECORDS DEPT ON 10-30-02 | 0.00 | 0.00 |
| 10/29/2002 | 985/362 JURORS EXCUSED BY COUNSEL Amount Owed: $18.00 Paid Before Conversion: $0.00 Receipt Number: | 18.00 | 18.00 |
| 10/28/2002 | WITNESS FEES FOR JOSE FLORES Amount Owed: $33.40 Paid Before Conversion: $0.00 Receipt Number: | 33.40 | 33.40 |
| 10/28/2002 | SUBPOENA RETURNED AND ENDORSED ON CATHY THOMAS BY HOWLAND PD | 0.00 | 0.00 |
| 10/28/2002 | SUBPOENA RETURNED AND ENDORSED ON KATHY KIHM BY HOWLAND PD | 0.00 | 0.00 |
| 10/28/2002 | SUBPOENA RETURNED AND ENDORSED ON BRIDGET PAUL BY WARREN PD | 0.00 | 0.00 |
| 10/25/2002 | CERTIFIED MAILER NUMBER P 00001278835 SENT TO: BRENDA K GERARDI Amount Owed: $5.00 Paid Before Conversion: $0.00 Receipt Number: | 5.00 | 5.00 |
| 10/25/2002 | CERTIFIED MAILER NUMBER P 00001278834 SENT TO: DONNA ROSE Amount Owed: $5.00 Paid Before Conversion: $0.00 Receipt Number: | 5.00 | 5.00 |
| 10/25/2002 | CERTIFIED MAILER NUMBER P 00001278833 SENT TO: MICHAEL ROBERTS Amount Owed: $5.00 Paid Before Conversion: $0.00 Receipt Number: | 5.00 | 5.00 |
| 10/24/2002 | SUBPOENA RETURNED AND ENDORSED ON JILL KENYON BY SGT FRANK DILLON | 0.00 | 0.00 |
| 10/24/2002 | SUBPOENA RETURNED AND ENDORSED ON KRIS ELLINGTON BY SGT FRANK DILLON | 0.00 | 0.00 |
| 10/24/2002 | SUBPOENA RETURNED AND ENDORSED ON JENNIFER ROBISON BY SGT FRANK DILLON | 0.00 | 0.00 |
| 10/23/2002 | WITNESS FEES FOR FRANK REYNOLDS Amount Owed: $14.00 Paid | 14.00 | 14.00 |

|  |  |  |  |
|---|---|---|---|
|  | Before Conversion: $0.00 Receipt Number: |  |  |
| 10/23/2002 | WITNESS FEES FOR JAMES C DANIELS Amount Owed: $28.00 Paid Before Conversion: $0.00 Receipt Number: | 28.00 | 28.00 |
| 10/23/2002 | WITNESS FEES FOR PAULA CARSON Amount Owed: $6.30 Paid Before Conversion: $0.00 Receipt Number: | 6.30 | 6.30 |
| 10/21/2002 | STATES TWELFTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 10/17/2002 | STATES ELEVENTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 10/16/2002 | STATES REQUEST FOR JURY VIEW WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 10/16/2002 | STATES TENTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 10/11/2002 | STATES TENTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 10/08/2002 | STATES NINTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 09/24/2002 | STATES EIGHTH SUPPLENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY FILED BY PROSECUTOR | 0.00 | 0.00 |
| 09/16/2002 | STATES SEVENTH SUPPLEMENTAL REPSONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 09/11/2002 | 981/579 DEFTS MOTION FOR SPECIFIC DISCOVERY DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/578 DEFTS MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING AGAINST THE MITIGATING CIRCUMSTANCES DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/577 DEFTS MOTION TO ALLOW FULL STATEMENT OF DEFENSE OBJECTIONS AT TRIAL AND TO REQUIRE A STATEMENT OF REASON FOR OVERRULING SAME ON THE RECORD DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/576 DEFTS MOTION IN LIMINE TO LIMIT THE STATES ARGUMENT AT MITIGATION TO THE AGGRAVATING CIRCUMSTANCES PROVEN AT THE TRIAL PHASE DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/575 DEFTS MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/574 DEFTS MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/573 DEFTS MOTION TO PERMIT DEFT TO APPEAR IN CIVILIAN CLOTHING AT ALL COURT PROCEEDINGS DENIED IN PART AND GRANTED IN PART. SEE J/E Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/572 DEFTS MOTION IN LIMINE TO PROHIBIT DISPLAY OF EXHIBITS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/571 DEFTS MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PRIOR TO TRIAL DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/570 DEFTS MOTION TO EXTEND TIME TO FILE MOTIONS DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/569 DEFTS MOTION FOR DISCLOSURE OF THE TRANSCRIPT OF PROCEEDINGS BEFORE THE | 2.00 | 2.00 |

|            |                                                                                                                                                    |      |      |
|------------|----------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | GRAND JURY DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                  |      |      |
| 09/11/2002 | 981/568 DEFTS MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:       | 2.00 | 2.00 |
| 09/11/2002 | 981/567 DEFTS MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT MITIGATION PHASE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/566 DEFTS MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON DEFTS UNSWORN STATEMENT GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/565 DEFTS MOTION FOR A SECOND VOIR DIRE OF THE JURY IF DEFT IS FOUND GUILTY DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/564 DEFTS MOTION FOR A COMPREHENSIVE VOIR DIRE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                          | 2.00 | 2.00 |
| 09/11/2002 | 981/563 DEFTS MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                    | 2.00 | 2.00 |
| 09/11/2002 | 981/562 DEFTS MOTION FOR A RULE 104 HEARING DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                  | 2.00 | 2.00 |
| 09/11/2002 | 981/561 DEFTS MOTION TO RECORD ALL SIDE BAR PROCEEDINGS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                     | 2.00 | 2.00 |
| 09/11/2002 | 981/560 DEFTS MOTION IN LIMINE REGARDING OTHER ACTS EVIDENCE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                | 2.00 | 2.00 |
| 09/11/2002 | 981/559 DEFTS VOIR DIRE MEMORANDUM: VENIRE PERSONS                                                                                                  | 2.00 | 2.00 |

WHO CANNOT FAIRLY CONSIDER
MITIGATING EVIDENCE AND WHO
WOULD AUTOMATICALLY VOTE
FOR DEATH UPON A SHOWING OF
GUILTY MUST BE EXCUSED -
GRANTED IN PART AND DENIED IN
PART. SEE J/E Amount Owed: $2.00
Paid Before Conversion: $0.00 Receipt
Number:

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/558 DEFTS MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION IS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 988/557 MOTION TO INSTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES AND NOT THE AGGRAVATED MURDER ITSELF GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/556 MOTION TO ALTER DEFINTION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO REDUCING THE DEGREE OF BLAME AND TO REPLACE THIS WITH OTHER LANGUAGE AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/555 MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/554 MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/553 MOTION TO PRECLUDE READMISSION OF TRIAL PHRASE EVIDENCE AND EXHIBITS IN THE PENALTY PHRASE AND RELATED PROSECUTORIAL COMMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/552 VOIR DIRE MEMORANDUM:THE DEFENSE MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL IS TAKEN UNDER ADVISMENT. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/551 MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | POSTAGE Amount Owed: $0.74 Paid Before Conversion: $0.00 Receipt Number: | 0.74 | 0.74 |
| 09/11/2002 | 981/582 FINDINGS OF FACTS AND CONCLUSIONS OF LAW. DEFTS MOTION TO SUPPRESS IS OVERRULED. SEE J/E. 9/11/02 COPIES SENT TO: PROSECUTOR & A CONSOLDANE Amount Owed: $30.00 Paid Before Conversion: $0.00 Receipt Number: | 30.00 | 30.00 |
| 09/11/2002 | 981/550 MOTION TO INSTRUCT THE JURY THAT IT IS TO RETURN A VERDICT OF DEATH ONLY AFTER THE PROPER WEIGHING AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/549 MOTION FOR CLOSURE OF THE PRETRIAL HEARINGS AND TO INSULATE VENIRE AND JURY DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/548 MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF THE DECEDENTS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/547 MOTION TO RESTRAIN PARTIES FROM DISCUSSING THE CASE WITH THE DEFENDANT GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/546 MOTION FOR AN ORDER REGULATING THE TRANSFER OF THE DEFENDANT FROM JAIL TO THE COURTROOM CONTINUED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/545 MOTION TO PROHIBIT THE FILMING, PHOTOGRAPHING OR VIDEOTAPING OF THE DEFENDANT WHILE IN THE COURTROOM IN THE EVENT THE DEFENDANT BECOMES A WITNESS AT TRIAL GRANTED, BUT DENIES DEFENDANTS MOTION TO THE EXTENT THAT THE DEFENDANT IS MERELY PRESENT IN THE COURTEOOM. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/544 MOTION TO INCREASE THE BURDEN OF PROOF TO BEYOND ALL DOUBT IN BOTH THE TRIAL AND SENTENCING PHRASES DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/543 MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/542 DEFENDANTS REQUEST FOR RULING ON ALL MOTIONS PRIOR TO COMMENCEMENT OF TRIAL GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/541 MOTION FOR TRANSCRIPTS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/540 MOTION FOR AN INCREASE | 2.00 | 2.00 |

IN THE NUMBER OF PEREMPTORY
CHALLENGES DENIED. SEE JE
Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/539 MOTION FOR AN ALTERNATING VOIR DIRE DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/538 MOTION TO REDUCE BIAS IN THE ANNUAL JURY LIST DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/537 MOTION REQUESTING MITIGATING PHASE INSTRUCTIONS ON REMNANT DOUBT ABOUT GUILTY AND MERCY AS MITIGATING FACTORS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/536 MOTION TO PROHIBIT STATE FROM USING PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/535 MOTION TO PROHIBIT DEATH QUALIFICATION OF POTENTIAL JURORS UNLESS AND UNTIL THE PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE WILL PROCEED TO MITIGATION DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/534 MOTION TO COMPEL ALL STATE AGENTS TO TURN OVER TO THE PROSECUTING ATTORNEYS AND TO ADVISE THEM OF ALL INFORMATION ACQUIRED DURING THE COURSE OF THE INVESTIGATION OF THIS CASE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/533 MOTION FOR AN ORDER DIRECTING THAT A COMPLETE COPY BE MADE AND TURNED OVER TO THE COURT FOR REVIEW AND TO BE SEALED FOR APPELLATE REVIEW DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: | 2.00 | 2.00 |

$0.00 Receipt Number:

| Date | Description | | |
|---|---|---|---|
| 09/11/2002 | 981/532 MOTION FOR PENALTY PHASE JURY INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON A VERDICT OF DEATH DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/531 MOTION TO PROHIBIT REFERENCES TO THE JURY AT ANY POINT IN THESE PROCEEDINGS THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION IN THE ALTERNATIVE MOTION TO PROHIBIT REFERENCES TO THE BINDING OR NON BINDING NATURE OF THE JURY'S DETERMINATION DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/530 DEFENDANTS MOTION REGARDING (A) NO COMMENTS ON DEFENSE WITNESS LIST GRANTED. (B) NO COMMENTS ON THE FACT THAT DEFENSE EXPERTS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/529 MOTION FOR DISCLOSURE OF ANY AND ALL AGREEMENTS AND OR BENEFITS AND OR DEALS INVOLVING PROSECUTING WITNESSES GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/528 MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: IN THE ALTERNATIVE, IF NECCESARY, TO SEAT A SEPERATE JURY DURING PENALTY PHASE OF TRIAL DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/527 MOTION TO COMPEL DISCLOSURE OF THE PROSECUTING ATTORNEYS JURY SELECTION DATA DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/526 MOTION TO ALLOW THE DEFENSE TO ARGUE LAST AT THE | 2.00 | 2.00 |

PENALTY PHASE DENIED. SEE JE
Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/525 DEFENDANTS MOTION TO HAVE THE COURT FOLLOW THE OHIO REV CODE 2945-25(C) STANDARD FOR DEATH QUALIFICATIONS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/524 DEFENDANTS MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/523 MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE SENTENCING HEARING DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/522 MOTION TO CHALLENGE THE ARRAY OF THE GRAND JURY AND PETIT JURY DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/521 MOTION FOR A CHANGE OF VENUE CONTINUED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/520 MOTION FOR AUGMENTED UNAMIMITY INSTRUCTION FOR CAPITAL SPECIFICATION DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |

# CourtView® 2000 ℮

## *General Inquiry*

New Se

| Summary | Parties | Events | **Dockets** | Fields | Notes | Disposition | C |

## Docket Search

2001 CR 00794 STATE OF OHIO -VS- JACKSON, NATHANIEL E JMS

Search Criteria

**Docket Desc.**   | ALL ▾ |

**Begin Date**   | 12/01/2001 |

**End Date**   | 09/11/2002 |

**Sort**
○ Ascending
◉ Descending

| Search |

**Search Results**      First 100 of result set displayed, Please limit search critera.

| Docket Date | Docket Text | Amount | Amount Due | Images |
|---|---|---|---|---|
| 09/11/2002 | 981/579 DEFTS MOTION FOR SPECIFIC DISCOVERY DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 | |
| 09/11/2002 | 981/578 DEFTS MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING AGAINST THE MITIGATING CIRCUMSTANCES DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 | |
| 09/11/2002 | 981/577 DEFTS MOTION TO ALLOW FULL STATEMENT OF DEFENSE OBJECTIONS AT TRIAL AND TO REQUIRE A STATEMENT OF REASON FOR OVERRULING SAME ON THE RECORD DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 | |
| 09/11/2002 | 981/576 DEFTS MOTION IN LIMINE TO LIMIT THE STATES ARGUMENT AT MITIGATION TO THE | 2.00 | 2.00 | |

|  |  |  |  |
|---|---|---|---|
|  | AGGRAVATING CIRCUMSTANCES PROVEN AT THE TRIAL PHASE DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: |  |  |
| 09/11/2002 | 981/575 DEFTS MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/574 DEFTS MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/573 DEFTS MOTION TO PERMIT DEFT TO APPEAR IN CIVILIAN CLOTHING AT ALL COURT PROCEEDINGS DENIED IN PART AND GRANTED IN PART. SEE J/E Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/572 DEFTS MOTION IN LIMINE TO PROHIBIT DISPLAY OF EXHIBITS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/571 DEFTS MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PRIOR TO TRIAL DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/570 DEFTS MOTION TO EXTEND TIME TO FILE MOTIONS DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/569 DEFTS MOTION FOR DISCLOSURE OF THE TRANSCRIPT OF PROCEEDINGS BEFORE THE GRAND JURY DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/568 DEFTS MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/567 DEFTS MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT | 2.00 | 2.00 |

|            |                                                                                                                                                                                                                                                                                                                                                    |      |      |
| ---------- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---- | ---- |
|            | EVIDENCE AT MITIGATION PHASE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                                                                |      |      |
| 09/11/2002 | 981/566 DEFTS MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON DEFTS UNSWORN STATEMENT GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                      | 2.00 | 2.00 |
| 09/11/2002 | 981/565 DEFTS MOTION FOR A SECOND VOIR DIRE OF THE JURY IF DEFT IS FOUND GUILTY DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                              | 2.00 | 2.00 |
| 09/11/2002 | 981/564 DEFTS MOTION FOR A COMPREHENSIVE VOIR DIRE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                                          | 2.00 | 2.00 |
| 09/11/2002 | 981/563 DEFTS MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                                    | 2.00 | 2.00 |
| 09/11/2002 | 981/562 DEFTS MOTION FOR A RULE 104 HEARING DENIED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                                                  | 2.00 | 2.00 |
| 09/11/2002 | 981/561 DEFTS MOTION TO RECORD ALL SIDE BAR PROCEEDINGS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                                     | 2.00 | 2.00 |
| 09/11/2002 | 981/560 DEFTS MOTION IN LIMINE REGARDING OTHER ACTS EVIDENCE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                                | 2.00 | 2.00 |
| 09/11/2002 | 981/559 DEFTS VOIR DIRE MEMORANDUM: VENIRE PERSONS WHO CANNOT FAIRLY CONSIDER MITIGATING EVIDENCE AND WHO WOULD AUTOMATICALLY VOTE FOR DEATH UPON A SHOWING OF GUILTY MUST BE EXCUSED - GRANTED IN PART AND DENIED IN PART. SEE J/E Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                   | 2.00 | 2.00 |
| 09/11/2002 | 981/558 DEFTS MOTION TO                                                                                                                                                                                                                                                                                                                             | 2.00 | 2.00 |

|  |  |  |  |
|---|---|---|---|
|  | PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION IS GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: |  |  |
| 09/11/2002 | 988/557 MOTION TO INSTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES AND NOT THE AGGRAVATED MURDER ITSELF GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/556 MOTION TO ALTER DEFINTION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO REDUCING THE DEGREE OF BLAME AND TO REPLACE THIS WITH OTHER LANGUAGE AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/555 MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/554 MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/553 MOTION TO PRECLUDE READMISSION OF TRIAL PHRASE EVIDENCE AND EXHIBITS IN THE PENALTY PHRASE AND RELATED PROSECUTORIAL COMMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/552 VOIR DIRE MEMORANDUM:THE DEFENSE | 2.00 | 2.00 |

| | | | |
|---|---|---|---|
| | MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL IS TAKEN UNDER ADVISMENT. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | | |
| 09/11/2002 | 981/551 MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | POSTAGE Amount Owed: $0.74 Paid Before Conversion: $0.00 Receipt Number: | 0.74 | 0.74 |
| 09/11/2002 | 981/582 FINDINGS OF FACTS AND CONCLUSIONS OF LAW. DEFTS MOTION TO SUPPRESS IS OVERRULED. SEE J/E. 9/11/02 COPIES SENT TO: PROSECUTOR & A CONSOLDANE Amount Owed: $30.00 Paid Before Conversion: $0.00 Receipt Number: | 30.00 | 30.00 |
| 09/11/2002 | 981/550 MOTION TO INSTRUCT THE JURY THAT IT IS TO RETURN A VERDICT OF DEATH ONLY AFTER THE PROPER WEIGHING AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/549 MOTION FOR CLOSURE OF THE PRETRIAL HEARINGS AND TO INSULATE VENIRE AND JURY DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/548 MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF THE DECEDENTS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/547 MOTION TO RESTRAIN PARTIES FROM DISCUSSING THE CASE WITH THE DEFENDANT GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 | 2.00 | 2.00 |

Receipt Number:

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/546 MOTION FOR AN ORDER REGULATING THE TRANSFER OF THE DEFENDANT FROM JAIL TO THE COURTROOM CONTINUED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/545 MOTION TO PROHIBIT THE FILMING, PHOTOGRAPHING OR VIDEOTAPING OF THE DEFENDANT WHILE IN THE COURTROOM IN THE EVENT THE DEFENDANT BECOMES A WITNESS AT TRIAL GRANTED, BUT DENIES DEFENDANTS MOTION TO THE EXTENT THAT THE DEFENDANT IS MERELY PRESENT IN THE COURTEOOM. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/544 MOTION TO INCREASE THE BURDEN OF PROOF TO BEYOND ALL DOUBT IN BOTH THE TRIAL AND SENTENCING PHRASES DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/543 MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/542 DEFENDANTS REQUEST FOR RULING ON ALL MOTIONS PRIOR TO COMMENCEMENT OF TRIAL GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/541 MOTION FOR TRANSCRIPTS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/540 MOTION FOR AN INCREASE IN THE NUMBER OF PEREMPTORY CHALLENGES DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/539 MOTION FOR AN ALTERNATING VOIR DIRE DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/538 MOTION TO REDUCE BIAS IN | 2.00 | 2.00 |

|            |                                                                                                                                                                                                                                           |      |      |
|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | THE ANNUAL JURY LIST DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                      |      |      |
| 09/11/2002 | 981/537 MOTION REQUESTING MITIGATING PHASE INSTRUCTIONS ON REMNANT DOUBT ABOUT GUILTY AND MERCY AS MITIGATING FACTORS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                      | 2.00 | 2.00 |
| 09/11/2002 | 981/536 MOTION TO PROHIBIT STATE FROM USING PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                          | 2.00 | 2.00 |
| 09/11/2002 | 981/535 MOTION TO PROHIBIT DEATH QUALIFICATION OF POTENTIAL JURORS UNLESS AND UNTIL THE PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE WILL PROCEED TO MITIGATION DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/534 MOTION TO COMPEL ALL STATE AGENTS TO TURN OVER TO THE PROSECUTING ATTORNEYS AND TO ADVISE THEM OF ALL INFORMATION ACQUIRED DURING THE COURSE OF THE INVESTIGATION OF THIS CASE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/533 MOTION FOR AN ORDER DIRECTING THAT A COMPLETE COPY BE MADE AND TURNED OVER TO THE COURT FOR REVIEW AND TO BE SEALED FOR APPELLATE REVIEW DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/532 MOTION FOR PENALTY PHASE JURY INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON A VERDICT OF DEATH DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: | 2.00 | 2.00 |

$0.00 Receipt Number:

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/531 MOTION TO PROHIBIT REFERENCES TO THE JURY AT ANY POINT IN THESE PROCEEDINGS THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION IN THE ALTERNATIVE MOTION TO PROHIBIT REFERENCES TO THE BINDING OR NON BINDING NATURE OF THE JURY'S DETERMINATION DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/530 DEFENDANTS MOTION REGARDING (A) NO COMMENTS ON DEFENSE WITNESS LIST GRANTED. (B) NO COMMENTS ON THE FACT THAT DEFENSE EXPERTS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/529 MOTION FOR DISCLOSURE OF ANY AND ALL AGREEMENTS AND OR BENEFITS AND OR DEALS INVOLVING PROSECUTING WITNESSES GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/528 MOTION TO PROHIBIT DEATH QUALIFICATION OF JURY: IN THE ALTERNATIVE, IF NECCESARY, TO SEAT A SEPERATE JURY DURING PENALTY PHASE OF TRIAL DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/527 MOTION TO COMPEL DISCLOSURE OF THE PROSECUTING ATTORNEYS JURY SELECTION DATA DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/526 MOTION TO ALLOW THE DEFENSE TO ARGUE LAST AT THE PENALTY PHASE DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/525 DEFENDANTS MOTION TO HAVE THE COURT FOLLOW THE OHIO REV CODE 2945-25(C) STANDARD FOR DEATH QUALIFICATIONS DENIED. SEE JE Amount Owed: $2.00 Paid Before | 2.00 | 2.00 |

Conversion: $0.00 Receipt Number:

09/11/2002 981/524 DEFENDANTS MOTION TO          2.00    2.00
PROHIBIT THE USE OF
PEREMPTORY CHALLENGES TO
EXCLUDE JURORS WHO EXPRESS
CONCERNS ABOUT CAPITAL
PUNISHMENT DENIED. SEE JE
Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

09/11/2002 981/523 MOTION TO ALLOW THE           2.00    2.00
DEFENSE TO ARGUE FIRST AND
LAST AT THE SENTENCING
HEARING DENIED. SEE JE Amount
Owed: $2.00 Paid Before Conversion:
$0.00 Receipt Number:

09/11/2002 981/522 MOTION TO CHALLENGE           2.00    2.00
THE ARRAY OF THE GRAND JURY
AND PETIT JURY DENIED. SEE JE
Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

09/11/2002 981/521 MOTION FOR A CHANGE OF        2.00    2.00
VENUE CONTINUED. SEE JE Amount
Owed: $2.00 Paid Before Conversion:
$0.00 Receipt Number:

09/11/2002 981/520 MOTION FOR AUGMENTED          2.00    2.00
UNAMIMITY INSTRUCTION FOR
CAPITAL SPECIFICATION DENIED.
SEE JE Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

09/11/2002 981/519 MOTION TO PROHIBIT ANY        2.00    2.00
EVIDENCE BEARING ON THE
VICTIM OR VICTIM IMPACT
DENIED. SEE JE Amount Owed: $2.00
Paid Before Conversion: $0.00 Receipt
Number:

09/11/2002 981/518 MOTION TO PROHIBIT ANY        2.00    2.00
REFERENCES TO THE FIRST PHRASE
AS THE GUILT PHASE GRANTED.
SEE JE Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

09/11/2002 981/517 MOTION FOR INDIVIDUAL         2.00    2.00
SEQUESTERED VOIR DIRE ON
SELECT TOPICS GRANTED. SEE JE
Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

09/11/2002 981/516 MOTION TO REQUIRE             2.00    2.00
PROSECUTOR TO STATE REASONS
FOR EXERCISING PEREMPTORY
CHALLENGES DENIED. SEE JE
Amount Owed: $2.00 Paid Before
Conversion: $0.00 Receipt Number:

| | | | |
|---|---|---|---|
| 09/11/2002 | 981/515 MOTION TO SUBMIT QUESTIONARE TO PROSPECTIVE JURORS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/514 MOTION TO COMPEL DISCLOSURE OF EXCULPATORY AND IMPEACHMENT EVIDENCE GRANTED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/513 CONSTITUTIONAL MOTION TO DISMISS DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/512 MOTION TO INSTRUCT JURY REGARDING PAROLE DENIED. SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/511 MOTION TO INSTRUCT ON SPECIFIC MITIGATING FACTORS RAISED BY DEFENSE DENIED SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/11/2002 | 981/510 DEFENDANTS MOTION FOR WRITTEN INSTRUCTION AND OPPORTUNITY TO REVIEW GRANTED SEE JE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 09/05/2002 | MEMORANDUM IN OPPOSITION TO DEFTS MOTION FOR SPECIFIC DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 08/30/2002 | 980/518 STATES MOTION FOR CONTINUANCE GRANTED Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 08/29/2002 | HEARING 09/05/2002 01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 | 0.00 | 0.00 |
| 08/29/2002 | MOTION TO CONTINUE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 08/23/2002 | STATES SIXTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 08/23/2002 | HEARING ON MOTION 08/29/2002 01:00 PM BEFORE:HON. JOHN M. STUARD LOC:COURT 2 HEARING ON MOTION FOR SPECIFIC DISCOVERY | 0.00 | 0.00 |

(N8/23/02)

| Date | Description | | |
|------|-------------|---|---|
| 08/07/2002 | NOTICE OF REQUEST FOR SPECIFIC DISCOVERY FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 07/29/2002 | STATE'S FIFTH SUPPLEMENTAL RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 05/31/2002 | STATE'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 05/03/2002 | STATES FOURTH SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 04/24/2002 | POSTAGE Amount Owed: $2.04 Paid Before Conversion: $0.00 Receipt Number: | 2.04 | 2.04 |
| 04/24/2002 | 969/878 STATES MOTION FOR AN ORDER TO TAKE HANDWRITING EXEMPLARS FROM THE DEFT IS GRANTED. 4/24/02 COPIES SENT TO: PROSECUTOR & A CONSOLDANE. 4/24/02 INSTRUCTIONS FILED - COPIES SENT TO: SGT PETER PIZULLO, D WATKINS, J LEWIS & A CONSOLDANE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 04/18/2002 | STATES THIRD SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 04/17/2002 | MOTION FOR AN ORDER TO TAKE HANDWRITING EXEMPLARS WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 04/15/2002 | STATES SECOND SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 04/09/2002 | PLTFS SUPPLEMENTAL RESPONSE TO DEFTS REQUEST FOR DISCOVERY WITH SERVICE FILED BY PROSECUTOR | 0.00 | 0.00 |
| 03/20/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO INSTRUCT THE JURY REGARDING PAROLE FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| 03/20/2002 | STATE'S RESPONSE TO DEFENDANT'S MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AQT PENALTY OHASE FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/20/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATION OR IN TH E ALTERNATIVE TO SEAT A SEPARATE JURY DURING THE PENALTY PHASE OF THE TRIAL FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/19/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPT FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/19/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'SMOTION FOR DISCLOSURE OF PROSECUTOR'S JURY SELECTION DATA FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/19/2002 | STATE'S OPPOSITION TO DEFENDANT'S MOTION TO HAVE COURT FOLLOW THE O.R.C. 2945.25 STANDARD FOR "DEATH QUALIIFICATION " OF VENIRE PERSONS FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/19/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/19/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR CLOSURE OF PRE TRIAL HEARINGS AND TO INSULATE VENIRE AND JURY FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION O PROHIBIT REFERENCES TO THE JURY THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION IUN THE ALTERNATIVE MOTION TO PROHIBIT REFERENCES TO THE | 0.00 | 0.00 |

|            |                                                                                                                                                                                                                                                         |      |      |
|------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | BINDING OR NON-BINDING NATURE OF THE JURY DETERMINATION FILED BY THE PROSECUTOR'S                                                                                                                                                                        |      |      |
| 03/14/2002 | MEMORANDUM IN OIPPOSITION TO DEFENDANT'S MOTION FOR FDISCLOSE OF PROSECUTOR'S JURY SELECTION DATA FILED BY THE PROSECUTOR'S OFFICE                                                                                                                        | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR A CHANGE OF VENUE FILED BY THE PROSECUTOR'S OFFICE                                                                                                                                                     | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO CHALLENGE ARRAY OF GRAND JURY AND PETIT JURY FILED BY THE PROSECUTOR'S OFFICE                                                                                                                           | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDYM IN OPPOSITION TO DEFENDANT'S MOTION TO ALLOW DEFENSE TO ARGUE FIRST AND LAST AT SENTENCING HEARING FILED BY THE PROSECUTOR'S OFFICE                                                                                                            | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM CONTRA MOTION TO PROHIBIT ABT RECFDERENCES TO THE FIRST OHASE AS THE "GUILT PHASE" FILED BY THE PROSECUTOR'S OFFICE                                                                                                                            | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM CONTRA MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PRRECLUDE READMISSION OF TRIAL PHASE EVIDENCE AND EXHIBITS IN PENALTY PHASE AND RELATED PROSECUTORIAL COMMENT FILED BY THE PROSECUTOR'S OFFICE                                         | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM CONTRA DEFENDANT'S MOTION TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARCTER OF THE VICTIM OR VICTIM IMPACT FILED BY THE PROSECUTOR'S OFFICE                                                                                                     | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S ,OTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE FILED BY THE PROSECUTOR'S OFFICE                            | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| 03/14/2002 | MOTION IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PROIHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENTS OF THE PENTALTY PHASE FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN REPSONSE TO DEFENDANT'S MOTION FOR WRITTEN JURY INSTRUCTIONS AND OPPORTUNITY TO REVIEW FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDYM IN OPPOSITION TO DEFENDANT'S MOTIO TO REMOVE REFERENCE TO REDUCING THE DEGREE OF BLAME FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDYM IN OPPOSITION OT DEFENDANT'S MOTION TO INSTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES AND NOT THE AGGRAVATED MURDER ITSELF IN DETERMINING PUNISHMENT AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO INSTRUCT ON SPECIFIC MITIGATING FACTORS RAIDED BY DEFENDSE FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR INSTRUCTIONS THAT STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO INSTRUCT THE JURY THAT IT IS TO RECOMMEND A SENTENCE OF DEATH ONLY AFTER THE PROPER WEIGHING AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNSHIMENT FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDYM IN OPPOSITION TO DEFENDANT'S MOTION FOR | 0.00 | 0.00 |

|            |                                                                                                                                                                                                                                   |      |      |
|------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | PENALTY PHASE INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON A RECOMMENDATION OF DEATH FILED BY THE PROSECUTOR'S OFFICE                                                           |      |      |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S CONSTITUTIONAL MOTION TO DISMISS FILED BY THE PROSECUTOR'S OFFICE                                                                                                                           | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITIUON TO DEFENDANT'S MOTION FOR AND ORDER DIRECTING THAT A COMPLETE COPY OF THE PROSECUTING ATTORNEY'S FILE BE MADE TURNED OVER TO THE COURT FRO REVIEW AND EALED FOR APPELLATE REVIEW FILED BY THE PROSECUTOR'S OFFICE | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL EXCULPATORY AND IMPEACHMENT EVIDENCE FILED BY THE PROSECUTOR'S OFFICE                                                                                                      | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM CONTRA TO DEFENDANT'S MOTION TO COMPEL LAW ENFORCEMENT OFFICIALS TO TURN ALL INFORMATION ACQUIRED DURING INVESTIGATION FILED BY THE PROSECUTOR'S OFFICE                                                                  | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITIUON TO DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATIONS UNTIL PROSECUTION HAS SHOWN PROBABLE CAUSE FOR MITGATION FILED BY THE PROSECUTOR'S OFFICE                                                           | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSTION TO DEFENDANT'S MOTION TO PROHIBIT THE USE OF PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT FILED BY THE PROSECUTOR'S OFFICE                                          | 0.00 | 0.00 |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUBMIT QUESTIONNAIRE TO PROSECITIVE JURORS FILED BY THE                                                                                                                           |      |      |

PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFENDANT'S MOTION TO REQUIRE
PROSECUTOR TO STATE REASONS
FOR EXCERISING PEREMPTORY
CHALLENGES FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFENDANT'S MOTION FOR
INDIVIDUAL SEQUESTERED VOIR
DIRE ON SELECT TOPICS FILED BY
THE PROSCUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFENDANT'S MOTION TO REDUCE
BIAS IN THE ANNUAL JURY LIST
FILED BY THE PROSECUTOR'S

03/14/2002 MEMORANDUM IN OPPOSITION OT      0.00      0.00
DEFENDANT'S MOTION FOR
ALTERNATING VOIR DIRE FILED BY
THE PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFENDANT'S MOTION FOR
INCREASE IN THE NUMBER OF
PEREMPTORY CHALLENGES FILED
BY THE PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFENDANT'S MOTION FOR
TRANSCRIPT FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFEMDAMT'S REQUEST FOR
RULING ON MOTION PRIOR TO
COMMENCEMENT OF TRIAL FILED
BY THE PROSECUTOR'S OFFICE

03/14/2002 STATE'S RESPONSE TO      0.00      0.00
DEFENDANT'S MOTION TO HAVE
ALL MOTION HEARD ON THE
RECORD FILED THE PROSECUTOR'S
OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
DEFENDANT'S MOTION TO
INCREASE BURDEN OF PROOF TO
BEYOND ALL DOUBT FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN RESOONSE TO      0.00      0.00
DEFENDANT'S MOTION TO
PROHIBIT THE FILMING PHOTOGRA
[HING OR VIDEOTAPING OF
DEFENDANT WHILE IN THE
COURTROOM FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN RESPO9NSE TO       0.00      0.00
           DEFENDANT'S MOTION FOR AND
           ORDER REGULATING THE
           TRANSFER OF THE DEFENDANT
           FROM JAIL TO THE COURTROOM
           FILED BY THE PROSECUTOR'S
           OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
           DEFENDANT'S MOTION TO
           RESTRAIN CERTAIN PARTIES FROM
           DISCUSSING THE CASE WITH THE
           DEFENDANT FILED BY THE
           PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
           DEFENDANT'S MOTION TO
           EXCLUDE PHOTOGRAPHS OF
           DECEDENTS FILED BY THE
           PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSTION TO       0.00      0.00
           DEFENDANT'S MOTION TO HAVE
           REASONS FOR DEFENSE
           OBJECTIONS AND REASONS FOR
           OVERRULING DEFENDANT'S
           OBJECTIONS PLACED ON RECORD
           FILED BY THE PROSECUTOR'S
           OFFICE

03/14/2002 MEMORANDUM CONTRA                0.00      0.00
           DEFENDANT'S MOTION TO
           PROHIBIT PROSECUTOR FROM
           COMMMETING ON ACCUSED'S
           UNSWWORN STATEMENT FILED BY
           THE PROSECUTOR'S OFFFICE

03/14/2002 STATE'S RESPONSE TO              0.00      0.00
           DEFENDANT'S MOTION IN LIMINE
           TO LIMIT THE STATE'S ARGUMENT
           AT MITIGATION TO AGGRAVATING
           CIRCUMSTANCES PROVEN AT THE
           TRIAL OHASE FILED BY THE
           PROSECUTOR'S OFFICE

03/14/2002 STATE'S RESPONSE TO              0.00      0.00
           DEFENDANT'S MOTION TO
           INSTRUCT THE JURY TO CONSIDER
           REMNANT DOUBT AND MERCY IN
           ITS MITIGATION PHASE
           INSTRUCTIONS FILED BY THE
           PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO      0.00      0.00
           DEFENDANT'S MOTION TO REQUIRE
           THE JURY TO ARTICULATE THE
           METHOD BY WHWHICH IT WEIGHTS
           THE AGGRAVATED FACTORS
           AGAINST THE MITIGATING

CIRCUMSTANCE FILED BY THE
PROSEXYTOR'S OFFICE

03/14/2002 MEMORANDUM IN OIPPOSITION TO          0.00       0.00
DEFENDANT'S MOTION TO PERMIT
DEFENSE TO DMIT ALL RELEEVANT
EVIDENCE AT MITIGATION PHASE
FILED THE PROSECUTOR'S OFFICE

03/14/2002 STATE'S RESPONSE TO                   0.00       0.00
DEFENDANT'S MOTION FOR
SEQUESTRATION OF JURORS FOR
DURATION OF TRIAL FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO           0.00       0.00
DEFENDANT'S MOTION TO EXTEND
TIME TO FILE MOTION FILED BY
THE PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSTION TO            0.00       0.00
DEFENDANT'S MOTION FOR
DISCLOSURE OF WITNESS
STATEMENTS FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 STATE'S RESPONSE TO                   0.00       0.00
DEFENDANT'S MOTION TO
DISCLOSE AND DEALS FILED BY
THE PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO           0.00       0.00
DEFENDANT'S MOTION IN LIMINE
TO PROHIBIT DISPLAU OF EXHIBITS
FILED BY THE PROSECUTOR'S
OFFICE

03/14/2002 MEMORANDYM IN OPPOSITION TO           0.00       0.00
DEFENDANT'S MOTYION TO
PROPERLY PRESERVE AND
CATALOG ALL PHYCISAL
EVIDENCE FILED BY PROSECUTOR'S
OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO           0.00       0.00
DEFENDANT'S MOTION FOR
DISCLOSURE OF REBUTTAL
WITNESSES FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMENORANDUM IN OPPOSITION            0.00       0.00
TO DEFENDANT'S MOTION IN
LIMINE REGARDING "OTHER ACTS"
EVIDENCE FILED BY THE
PROSECUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OIPPOSITION TO          0.00       0.00
DEFENDANT'S MOTION FOR A RULE
FILED BY THE PROSEUTOR'S OFFICE

03/14/2002 MEMORANDUM IN OPPOSITION TO           0.00       0.00
DEFENDANT'S MOTION FOR

|            |                                                                                                                               |      |      |
|------------|-------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | INDIVIDUAL SEQUESTERED VOIR DIRE FILED BY THE PROSECUTOR'S OFFICE                                                              |      |      |
| 03/14/2002 | MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPREHENSIVE VOIR DIRE FILED BY THE PROSEDCUTOR'S OFFICE                    | 0.00 | 0.00 |
| 03/14/2002 | STATE'S REQUEST FOR RECIPROCAL DISCOVERY FILED BY THE PROSECUTOR'S OFFICE                                                      | 0.00 | 0.00 |
| 03/14/2002 | STATE'S RESPONSE TO DEFENDANT'S REQUEST BILL OF PARTICULARS FILED BY THE PROSECUTOR'S OFFICE                                   | 0.00 | 0.00 |
| 03/14/2002 | STATE'S RESPONSE TO DEFENDANT'S REQUEST FOR DISCOVERY FILED BY THE PROSECUTOR'S OFFICE                                         | 0.00 | 0.00 |
| 03/13/2002 | MNOTICE TO SUPREME COURT RETURNED (COPY) CC02007                                                                              | 0.00 | 0.00 |
| 02/15/2002 | MOTION TO HAVE STATEMENTS TRANSCRIBED FILED BY THE DEFENDANT                                                                   | 0.00 | 0.00 |
| 02/14/2002 | STATE'S OPPOSITION TO DEFENDANT'S MOTION FOR A SECOND VOIR DIRE AFTER GUILT PHASE FILED BY THE PROSECUTOR'S OFFICE             | 0.00 | 0.00 |
| 01/25/2002 | 962/905 WAIVER OF SPEEDY TRIAL FOR 250 DAYS UNTIL 10/8/02 Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:     | 2.00 | 2.00 |
| 01/24/2002 | JURY TRIAL 10/08/2002 09:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                          | 0.00 | 0.00 |
| 01/24/2002 | HRG ON MOTION TO SUPPRESS 04/17/2002 09:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                           | 0.00 | 0.00 |
| 01/24/2002 | HEARING ON PENDING MOTIONS 03/20/2002 09:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                          | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR TRANSCRIPT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                                     | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR TRANSCRIPT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                                     | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO ALLOW THE DEFENSE TO ARGUE LAST AT THE PENALTY PHASE FIELD BY THE DEFENDANT'S                                        | 0.00 | 0.00 |

ATTONREY

| | | | |
|---|---|---|---|
| 01/23/2002 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY OR IN THE ALTERNATIVE IF NECESSARY TO SEAT A SEPARATE JURY DURING THE PENALTY PHASE OF TRIAL FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | VIOR DIRE MEMORANDUM VENIREPERSONS WHO CANNOT FAIRLY CONSIDER MITIGATING EVIDENCE AND WHO WOULD AUTOMATICALLY VOTE FOR DEATH UPON A SHOWING OG GUILT MUST BY EXCUSED FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | VOIR DIRE MEMORANDUM THE DEFENSE MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR A CHANGE OF VENUE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO CHALLENGE THE ARRAY OF THE GRAND JURY AND PETIT JURY FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE SENTENCING HEARING FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT ANY REFERENCES TO THE FIRST PHASE AS THE "GUILT PHASE" FILED BY THE DEFENDANT'S ATTTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PRECLUDE READMISSION OF TRIAL PHASE | 0.00 | 0.00 |

|  | EVIDENCE AND EXJIBITS IN PENALTY PHASE AND RELATED PROSECUTORIAL COMMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLANDE. |  |  |
| --- | --- | --- | --- |
| 01/23/2002 | MOTION TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARCTER OF THE VICTIM OR VICTIM IMPACT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSODLANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE FILED BY THE DEFENDANT'S ATTONREY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR ARGUMENTED UNANIMITY INSTRUCTION FOR CAPITAL SPECIFICATION FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR WRITTEN JURY INSTRUCTION AND OPPORTUNITY TO REVIEW FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO ALTER DEFINITION OF MITGATING CIRCUMSTANCES TO REMOVE REFERNCE TO REDUCING THE DEGREE OF BLAME AND TO REPLACE4 THIS WITH OTHER LANGUAGE AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSYTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVARING CIRCUMSTANCE AND NOT THE AGGRAVATED MURDER ITSELF IN DETERMINING PUNISHMENT AND TO SO LIMIT THE | 0.00 | 0.00 |

|  |  |  |  |
|---|---|---|---|
|  | PROSECUTOR IN ARGUMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE |  |  |
| 01/23/2002 | MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MIGATION OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSTRUCT ON SPECIFIC MITIGSATING FACTORS RAISED BY DEFENDNSE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONS0LDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABBSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSTRUCT THE JURY THAT IT IS TO RETURN A VERDICT OF DEATH ONLY AFTER THE PROPER WEIGHING AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSTRUCT THE JURY REGARDING PAROLE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONDSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR PENALTY PHASE JURY INSRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECEDDITY TO FIRST AGREE UNANIMOUSLY ON A VERDICT OF DEATH FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S CONSTITUTIONAL MOTION TO DISMISS DILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR AN ORDER DIRECTING THAT A COMPLETE COPY OF THE PROSECUTOR'S FILED BY MADE AND TURNED OVER TO THE COURT | 0.00 | 0.00 |

FOR REVIEW AND TO BE SEALED
FOR APPELLATE REVIEW IF
NECESSARY FILED BY THE
DEFENDANT'S ATTORNEY
ANTHONY CONDOLDANE

01/23/2002 DEFENDANT'S MOTION TO COMPEL  0.00     0.00
DISCLOSURE OF EXCULPATORY
AND IMPEACHMENT EVIDENCE
FILED BY THE DEFENDANT'S
ATTORNEY ANTHONY
CONDOLDANE

01/23/2002 DEFENDANT'S MOTION TO COMPEL  0.00     0.00
ALL STATE AGENTS TO TURN OVER
TO THE PROSECYTING ATTORNEY'S
AND TO ADVISE THEM OF ALL
INFORMATION ACQUIRED DURING
THE COURSE OF THE
INVESTIGATION OF THIS CASE
FILED BY THE DEFENDANT'S
ATTONREY ANTHONY
CONSOLDANE

01/23/2002 DEFENDANT'S MOTION TO          0.00     0.00
PROHIBIT DEATH QUALIFICATION
OF POTENTIAL JURORS ND UNTIL
THE PROSECUTION HAS SHOWN
PROBABLE CAUSE THAT THE CASE
WILL PROCEED TO MITIGATION
FILED BY THE DEFENDANT'S
ATTONREY ANTHONY
CONSOLDANE

01/23/2002 DEFENDANT'S MOTION TO          0.00     0.00
PROHIBIT THE STATE FROM USING
PEREMPTORY CHALLENGES TO
EXCULDE JURORS WHO EXPRESS
CONCERNS ABOURT CAPITAL
PUNISHMENT FILED BY THE
DEFENDANT'S ATTORNEY
ANTHONY CONSOLDANE

01/23/2002 DEFENDANT'S MOTION TO SUBMIT  0.00     0.00
QUESTIONNAIRE TO PROSPECTIVE
JURORS FILED BY THE
DEFENDANT'S ATTORNEY
ANTHONY CONSOLDANE

01/23/2002 DEFENDANT'S MOTION TO REQUIRE 0.00     0.00
PROSECUTOR TO STATE REASONS
FOR EXERCISING PEREMPTORY
CHALLENGES FILED BY THE
DEFENDANT'S ATTORNEY
ANTHONY CONSOLDANE

01/23/2002 DEFENDANT'S MOTION FOR         0.00     0.00
INDIVIDUAL SEQUESTERED VOIR
DIRE ON DELECT TOPICS FILED THE

|            |                                                                                                                                          |      |      |
|------------|------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | DEFENDANT'S ATTORNEY<br>ANTHONY CONSOLDANE                                                                                                |      |      |
| 01/23/2002 | DEFENDANT'S MOTION TO REDUCE<br>BIAS IN THE ANNUAL JURY LIST<br>FILED BY THE DEFENDANT'S<br>ATTORNEY                                      | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR<br>ALTERNATING VOIR DIRE FILED BY<br>THE DEFENDANT'S ATTORNEY<br>ANTHONY CONSOLDANE                                | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR AN<br>INCREASE IN THE NUMBER OF<br>PEREMPTORY CHALLENGES FILED<br>BY THE DEFENDANT'S ATTORNEY<br>ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR<br>TRANSCRIPTS FILED BY THE<br>DEFENDANT'S ATTORNEY<br>ANTHONY CONSOLDANE                                          | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S REQUEST FOR<br>RULINGS ON ALL MOTIONS PRIOR<br>TO COMMENCEMENT OF TRIAL<br>FILED BY THE DEFENDANT'S<br>ATTORNEY ANTHONY<br>CONSOLANDE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR ALL<br>MOTIONS TO BE HEARD ON THE<br>RECORDS FILED BY THE<br>DEFENDANT'S ATTORNEY                                   | 0.00 | 0.00 |



## General Inquiry

New S

| Summary | Parties | Events | Dockets | Fields | Notes | Disposition |

## Docket Search

2001 CR 00794 STATE OF OHIO -VS- JACKSON, NATHANIEL E JMS

### Search Criteria

**Docket Desc.** ALL

**Begin Date** 12/01/2001

**End Date** 01/23/2002

**Sort**
○ Ascending
⦿ Descending

Search

**Search Results**    97 Docket(s) found matching search criteria.

| Docket Date | Docket Text | Amount | Amount Due | Images |
|---|---|---|---|---|
| 01/23/2002 | MOTION FOR TRANSCRIPT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 | |
| 01/23/2002 | MOTION FOR TRANSCRIPT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 | |
| 01/23/2002 | MOTION TO ALLOW THE DEFENSE TO ARGUE LAST AT THE PENALTY PHASE FIELD BY THE DEFENDANT'S ATTONREY | 0.00 | 0.00 | |
| 01/23/2002 | MOTION TO COMPEL DISCLOSURE OF PROSECUTING ATTORNEY'S JURY SELECTION DATA FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 | |
| 01/23/2002 | MOTION TO PROHIBIT DEATH QUALIFICATION OF THE JURY OR IN THE ALTERNATIVE IF NECESSARY TO SEAT A SEPARATE JURY DURING THE PENALTY PHASE OF TRIAL FILED BY THE DEFENDANT'S ATTORNEY ANTHONY | 0.00 | 0.00 | |

| | | | |
|---|---|---|---|
| | CONSOLDANE | | |
| 01/23/2002 | VIOR DIRE MEMORANDUM VENIREPERSONS WHO CANNOT FAIRLY CONSIDER MITIGATING EVIDENCE AND WHO WOULD AUTOMATICALLY VOTE FOR DEATH UPON A SHOWING OG GUILT MUST BY EXCUSED FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | VOIR DIRE MEMORANDUM THE DEFENSE MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR A CHANGE OF VENUE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO CHALLENGE THE ARRAY OF THE GRAND JURY AND PETIT JURY FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE SENTENCING HEARING FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT ANY REFERENCES TO THE FIRST PHASE AS THE "GUILT PHASE" FILED BY THE DEFENDANT'S ATTTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PRECLUDE READMISSION OF TRIAL PHASE EVIDENCE AND EXJIBITS IN PENALTY PHASE AND RELATED PROSECUTORIAL COMMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLANDE. | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARCTER OF THE VICTIM OR VICTIM IMPACT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSODLANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND | 0.00 | 0.00 |

|            |                                                                                                                                                                                                                                                                                                                                                                                        |      |      |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE |      |      |
| 01/23/2002 | MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE FILED BY THE DEFENDANT'S ATTONREY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR ARGUMENTED UNANIMITY INSTRUCTION FOR CAPITAL SPECIFICATION FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR WRITTEN JURY INSTRUCTION AND OPPORTUNITY TO REVIEW FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO ALTER DEFINITION OF MITGATING CIRCUMSTANCES TO REMOVE REFERNCE TO REDUCING THE DEGREE OF BLAME AND TO REPLACE4 THIS WITH OTHER LANGUAGE AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSYTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVARING CIRCUMSTANCE AND NOT THE AGGRAVATED MURDER ITSELF IN DETERMINING PUNISHMENT AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MIGATION OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSTRUCT ON SPECIFIC MITIGSATING FACTORS RAISED BY | 0.00 | 0.00 |

|            |                                                                                                                                                                                                                  |      |      |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | DEFENDNSE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONS0LDANE                                                                                                                                                    |      |      |
| 01/23/2002 | MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABBSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                               | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSTRUCT THE JURY THAT IT IS TO RETURN A VERDICT OF DEATH ONLY AFTER THE PROPER WEIGHING AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE   | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO INSTRUCT THE JURY REGARDING PAROLE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONDSOLDANE                                                                                                                | 0.00 | 0.00 |
| 01/23/2002 | MOTION FOR PENALTY PHASE JURY INSRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECEDDITY TO FIRST AGREE UNANIMOUSLY ON A VERDICT OF DEATH FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE             | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S CONSTITUTIONAL MOTION TO DISMISS DILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                                                                                                 | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR AN ORDER DIRECTING THAT A COMPLETE COPY OF THE PROSECUTOR'S FILED BY MADE AND TURNED OVER TO THE COURT FOR REVIEW AND TO BE SEALED FOR APPELLATE REVIEW IF NECESSARY FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONDOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY AND IMPEACHMENT EVIDENCE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONDOLDANE                                                                               | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO COMPEL ALL STATE AGENTS TO TURN OVER                                                                                                                                                        | 0.00 | 0.00 |

|  |  | | |
|---|---|---|---|
|  | TO THE PROSECYTING ATTORNEY'S AND TO ADVISE THEM OF ALL INFORMATION ACQUIRED DURING THE COURSE OF THE INVESTIGATION OF THIS CASE FILED BY THE DEFENDANT'S ATTONREY ANTHONY CONSOLDANE | | |
| 01/23/2002 | DEFENDANT'S MOTION TO PROHIBIT DEATH QUALIFICATION OF POTENTIAL JURORS ND UNTIL THE PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE WILL PROCEED TO MITIGATION FILED BY THE DEFENDANT'S ATTONREY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO PROHIBIT THE STATE FROM USING PEREMPTORY CHALLENGES TO EXCULDE JURORS WHO EXPRESS CONCERNS ABOURT CAPITAL PUNISHMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO REQUIRE PROSECUTOR TO STATE REASONS FOR EXERCISING PEREMPTORY CHALLENGES FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE ON DELECT TOPICS FILED THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO REDUCE BIAS IN THE ANNUAL JURY LIST FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR ALTERNATING VOIR DIRE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR AN INCREASE IN THE NUMBER OF PEREMPTORY CHALLENGES FILED | 0.00 | 0.00 |

|            |                                                                                                                                                                                    |      |      |
|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|------|
|            | BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                                                                                                                     |      |      |
| 01/23/2002 | DEFENDANT'S MOTION FOR TRANSCRIPTS FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                                                                             | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S REQUEST FOR RULINGS ON ALL MOTIONS PRIOR TO COMMENCEMENT OF TRIAL FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLANDE                                                  | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORDS FILED BY THE DEFENDANT'S ATTORNEY                                                                                    | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO INCREASE THE DURDEN OF PROOF TO PROOF BEYOND ALL DOUBT IN BOTH THE TRIAL AND SENENCING PHASES FILED BY THE DEFENDANT'S ATTORNEY                              | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO PROHIBIT THE FILMING PHOTOGRAPHING OR VIDEOTAPING OF THE DEFENDANT WHILE IN THE COURTROOM FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE               | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR AN ORDER REGULATING THE TRANSFER OF DEFENDANT FROM JAIL TO THE COURTROOM FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                               | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO RESTRAIN CERTAIN PARTIES FROM DISCUSSING THE CASE WITH DEFENDANT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                        | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION IN LIMINE TO EXCLUE PHOTOGRAPHS OF THE DECEDENTS FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE                                                           | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR CLOSURE OF PRETRIAL HEARING AND TO INSULATE VEMIRE AND JURY FILED BY THE DEFENDANT'S ATTORNEY ANTHONY                                                       | 0.00 | 0.00 |

CONSOLDANE

| 01/23/2002 | DEFENDANT'S MOTION TO ALLOW FULL STATEMENT OF DEFENSE OBJECTIONS AT TRIAL AND TO REQUIRE A STATEMENT OF REASON FOR OVERRULING SAME ON THE RECORD FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
|---|---|---|---|
| 01/23/2002 | DEFENDANT'S MOTION FOR A SECOND VOIR DIRE OF THE JURY IF THE DEFENDANT IS FOUND GUILTY AT THE TRIAL PHASE FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO PROHIBIT PROSECUTOR FROM COIMMENTING ON DEFENDANT'S UNSWORN STATEMENT FILED BY THE DEFENDANT'S ATTORNEY ANTHINY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION IN LIMINE TO LIMIT THE STATE'S ARGUMENT AT MITGATION TO THE AGGRVATING CIRCUMSTANCES PROVEN AT THE TRIAL PHASE FILED BY THE DEFENDANT'S ATTORNEY ANTHONHY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION REQUESTING MITIGATION PHASE INSTRUCTIONS ON REMNANT DOUBT ABOUT GUILT AND MERCY AS MITIGATING FACTORS FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO REQUIRE THE JURY TP ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING AGAINST THE MITIGATING CIRCUMSTANCES FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT MITGATION PHASE FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |

| | | | |
|---|---|---|---|
| 01/23/2002 | DEFENDANT'S MOTION FOR DISCLOSURE OF THE TRAMSCRIPT OF PROCEEDING BEFORE THE GRAND JURY FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTIONS FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PRIOR TO TRIAL FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR DISCLOSURE OF ANY AND ALL AGREEMENTS AND OR BENEFITS AND OR DEALS INVOLING PROSECUTING WITNESS FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION IN LIMINE TO PROHIBIT DISPLAY OF EXHIBITS FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO PERMIT DEFENDANT TO APPEAR IN CIVILIAN CLOTHING AT ALL COURT PROCEEDINGS FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION IN LIMINE REGARDING A-NO COMMENTS ON DEFENSE WITNESS LIST B-NO COMMENTS ON THE FACT DEFENSE EXPERTS DID NOT PRODUCE WRITTEN REPORTS; AND C-NO COMMENTS ON COSTS CONNECTED WITH DEFENSE EXPERETS FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO SUPPRESS STATEMENTS FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | MOTION TO PROHIBIT REFERENCES | 0.00 | 0.00 |

TO THE JURY AT ANY POINT IN
THESE PROCEEDINGS THAT A
VERDICT AS TO DEATH IS ONLY A
RECOMMENDATION IN THE
ALTERNATIVE MOTION TO
PROHIBIT REFERENCES TO THE
BINDING OR NON BINDING NATURE
OF THE JURY'S DETERMINATION
FILED BY THE DEFENDANT'S
ATTORNEY ANTHONY
CONSOLDANE

| | | | |
|---|---|---|---|
| 01/23/2002 | DEFENDANT'S MOTION IN LIMINE REGARDING OTHER ACTS EVIDENCE FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION TO RECORD ALL SIDE BAR PROCEEEDING FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOE A RULE 104 HEARING FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE FILED BY THE DEFENANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | DEFENDANT'S MOTION FOR A COMPREHENSIVE VIOR DIRE FILED BY THE DEFENDANT'S ATTORNEY | 0.00 | 0.00 |
| 01/23/2002 | MOTION FILED ON BEHALF OF DEFENDANT FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/18/2002 | 962/354 ORDER REGARDING THE DEFENSE EMPLOYING DR. SANDRA MCPHERSON PH.D AS EXPERT ASSITANCE TO AID IN THE DEFENSE. 1-22-02 SENT COPIES TO PROS., AND A CONSOLDANE. Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 01/10/2002 | CERTIFIED MAIL NUMBER 891802 RETURNED ENDORSED FROM THE SUPREME COURT OF OHIO ON 1/10/02 BY ? | 0.00 | 0.00 |
| 01/09/2002 | POSTAGE Amount Owed: $0.68 Paid Before Conversion: $0.00 Receipt Number: | 0.68 | 0.68 |
| 01/09/2002 | 961/279 DEFTS MOTION TO EMPLOY DR SANDRA MCPHERSON AND DONALD MCPHERSON AS EXPERT ASSISTANCE TO AID IN THE | 2.00 | 2.00 |

|  |  |  |  |
|---|---|---|---|
|  | DEFENSE IS GRANTED. 1/9/02 COPIES SENT TO: PROSECUTOR & A CONSOLDANE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: |  |  |
| 01/07/2002 | DEFENDANT'S MOTION FOR APPOINTMENT OF INVESTIGATOR AND MITIGATION FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/07/2002 | DEFENDANT'S DEMAND FOR DISCOVERY FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLANDE | 0.00 | 0.00 |
| 01/07/2002 | DEFENDANT'S MOTION FOR BILL OF PARTICULARS FILED BY THE DEFENDANT'S ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/07/2002 | VICTIM'S RIGHTS NOTIFICATION FILED. | 0.00 | 0.00 |
| 01/04/2002 | CERTIFIED MAILER NUMBER 0891 802 SENT TO: THE SUPREME COURT OF OHIO Amount Owed: $5.00 Paid Before Conversion: $0.00 Receipt Number: | 5.00 | 5.00 |
| 01/03/2002 | COPY OF LETTER SENT TO THE SUPREME COURT OF OHIO APPOINTMENT OF TRIAL COUNSEL IN A CAPITAL CASE JUST A COPY FILED BY ATTORNEY ANTHONY CONSOLDANE | 0.00 | 0.00 |
| 01/03/2002 | PRE TRIAL 01/23/2002 01:00 PM JUDGE:HON. JOHN M. STUARD LOC:COURT 2 RESET FROM 1/30/2002 | 0.00 | 0.00 |
| 01/03/2002 | PRE TRIAL 01/30/2002 09:00 AM JUDGE:HON. JOHN M. STUARD LOC:COURT 2 (N1-3-02) | 0.00 | 0.00 |
| 12/31/2001 | CAPIAS RETURNED AND ENDORSED BY SHERIFF ON NATHANIEL E JACKSON SHERIFF ALTIERE | 0.00 | 0.00 |
| 12/31/2001 | SUMMONS ON INDICTMENT RETURNED BY SHERIFF NATHANIEL E JACKSON SHERIFF ALTIERE Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number: | 2.00 | 2.00 |
| 12/31/2001 | NOT GUILTY PLEA TO ARRAIGNMENT ON INDICTMENT & SUMMONS NO BOND SET | 0.00 | 0.00 |
| 12/28/2001 | INDICTMENT AND SUMMONS FILED BY PROSECUTOR'S OFFICE AND | 2.00 | 2.00 |

|            |                                                                                                                                                                                                                                                                                            |       |       |
|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|-------|
|            | COPIES OF SAME ISSUED TO SHERIFF. Amount Owed: $2.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                           |       |       |
| 12/28/2001 | DIRECT PRESENTMENT FOR CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES CT 2: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES CT 3: AGG BURGLARY (F1) W/FIREARM SPEC CT 4: AGG ROBBERY (F1) W/FIREARM SPEC                                                                                      | 0.00  | 0.00  |
| 12/28/2001 | PRELIMINARY HEARING 12/31/2001 11:00 AM BEFORE:HON. JOHN M. STUARD LOC:COURT 2                                                                                                                                                                                                              | 0.00  | 0.00  |
| 12/21/2001 | NOT GUILTY PLEA TO ARRAIGNMENT. NO BOND SET.                                                                                                                                                                                                                                                | 0.00  | 0.00  |
| 12/21/2001 | COMPLAINT AND AFFIDAVIT FILED UNDER SEAL BY ORDER OF THE COURT                                                                                                                                                                                                                              | 0.00  | 0.00  |
| 12/21/2001 | WARRANT ON COMPLAINT AND RETURN OF SERVICE FILED.                                                                                                                                                                                                                                           | 0.00  | 0.00  |
| 12/20/2001 | SPECIAL PROJECTS JUDGES Amount Owed: $50.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                   | 50.00 | 50.00 |
| 12/20/2001 | VICTIMS OF CRIME Amount Owed: $30.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                          | 30.00 | 30.00 |
| 12/20/2001 | GENERAL REVENUE FUND Amount Owed: $11.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                      | 11.00 | 11.00 |
| 12/20/2001 | PRISONER FEES Amount Owed: $11.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                                                             | 11.00 | 11.00 |
| 12/20/2001 | FILING FEE FOR EACH CAUSE OF ACTION AND EACH UNDERTAKING Amount Owed: $27.00 Paid Before Conversion: $0.00 Receipt Number:                                                                                                                                                                  | 27.00 | 27.00 |

Mun./Co. 300-W

BARRETT BROTHERS, PUBLISHERS, SPRINGFIELD, OHIO

ORIG

# WARRANT TO ARREST
## RULE 4

In the __Trumbull County Common Pleas__ Court, __Warren__, Ohio

THE STATE OF OHIO,
vs.

__NATHANIEL E. JACKSON__

Name

__309 South Pearl Street__

Address

__Youngstown, Ohio__

Case No. __01-CR-794__

**WARRANT ON COMPLAINT**
(RULE 4)

To __Detective Sgt. Paul Monroe of Howland Police Department and/or any other law__
__Enforcement Officer__    (Officer Authorized to Execute a Warrant)

A complaint, a copy of which is attached hereto, has been filed in the __Trumbull County Common Pleas__ Court
charging __AGGRAVATED MURDER (ORC 2903.01(A)__
__AGGRAVATED BURGLARY (ORC 2911.11(A)(1) and/or (2) and (B)__

Describe the offense and state the numerical designation of the applicable statute.

You are ordered to arrest __NATHANIEL E. JACKSON__
and bring __him__ before said Court without unnecessary delay.
You __may not__ issue summons in lieu of arrest under Rule 4(A) (2) or issue summons after arrest under
(may – may not)
Rule 4(F) because

Special instructions to executing officer:

_(signature)_

Judge – Officer Designated by Judge(s) –
Clerk – Deputy Clerk

_Dec 20, 2001_

__Trumbull__ County, Ohio

## SUMMONS ENDORSEMENT
### Use only in appropriate case
This warrant was executed/by arrest and/by issuing the following summons.

To _____
(defendant)

You are hereby summoned and ordered to appear at _____ o'clock ____ M.
_____ , _____ , 19 ____ , at the above captioned Court.
(day)        (month)        (date)

If you fail to appear at the time and place stated above you may be arrested.

## RECEIPT OF WARRANT BY EXECUTING AUTHORITY

**First Receipt**
Received this warrant on ___12 - 20___ , 19 _2001_ ,
at ___5:40___ o'clock _P_ m.

By ___Det Sgt. Paul Monroe___
Title

**Subsequent Receipt**
Received this (alias)(warrant) on _____ , 19 ___ ,
at _____ o'clock ___ m.

Officer
By _____
Title

### RETURN OF EXECUTED WARRANT

**Fees**
Mileage $ _____
_____
_____
_____
Total $ _____

**1. Execution By Arrest**
I received this warrant on ___12 - 20___ , 19 _2001_ , at
_5:40_ o'clock _P_ m. On ___12 - 21___ , 19 _2001_ , I
arrested ___Nathaniel E. Jackson___ and gave _him_ a copy of this warrant
with complaint attached and brought to ___Trumbull County Jail___
state the place

___Det Sgt Paul Monroe___
Arresting Officer, Title

**Fees**
Mileage $ _____
_____
_____
_____
Total $ _____

**2. Execution By Issuance Of Summons Under Rule 4(A)(2) By Executing Officer**
I received this warrant on _____ , 19 ___ , at
_____ o'clock ___ m. On _____ , 19 ___ , I
executed this warrant by issuing _____ a summons by
_____ service which ordered ___S___ to appear at _____
_____ at the captioned Court. The sum-
day          date          room
mons was endorsed upon the warrant and accompanied by a copy of the complaint.

_____
Issuing Officer, Title

**Fees**
Mileage $ _____
_____
_____
_____
Total $ _____

**3. Execution By Arrest And Issuance Of Summons Under Rule 4(F) By Arresting Officer**
I received this warrant on _____ , 19 ___ , at
_____ o'clock ___ m. On _____ , 19 ___ , I
arrested _____ and after arrest I issued _____ a summons by
personal service which ordered _____ to appear at caption Court at _____
time
_____ . The sum-
day          date          room
mons was endorsed upon the warrant and accompanied by a copy of the complaint.

_____
Issuing Officer, Title

**4. Execution By Arrest And Issuance Of Summons Under Rule 4(F) By Superior Of Arresting Officer**
On _____ , 19 ___ , _____ was arrested by _____
name of arresting officer
and I issued _____ a summons by personal service which ordered _____ to appear at
_____
time          day          date          room

_____
Issuing Officer, Title

### RETURN OF UNEXECUTED WARRANT

I received this warrant on _____ , 19 ___ , at
_____ o'clock ___ m. On _____ , 19 ___ , I
attempted to execute this warrant but was unable to do so because _____
state specific reason or reasons and

**Fees**
Mileage $ _____
_____
_____
_____
Total $ _____

additional information regarding Defendant's whereabouts

Executing Officer, Title

## COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO            )
                         )      SS.
COUNTY OF TRUMBULL       )

## AFFIDAVIT FOR ARREST WARRANT

Before me, the Honorable John M. Stuard, Judge of the Court of Common Pleas, Trumbull

County, Ohio, and for the above-named County, personally came Detective Paul Monroe of the

Howland Township Police Department, 169 Niles-Cortland Road, Warren, Ohio. Affiant has been

employed by the Howland Township Police Department as a police officer for fourteen (14) years.

On December 12, 2001 at approximately 12:00 a.m., Trumbull County 911 dispatch received

an emergency telephone call from the residence of Donna M. Roberts and Robert S. Fingerhut at 254

Fonderlac SE, Warren, Ohio 44484. The caller identified herself as the wife of Fingerhut, told the

dispatcher that there was a problem with her husband, and that he was on the kitchen floor. She was

screaming and complaining of a problem with her heart. Emergency vehicles were immediately sent

to the home.

The Fingerhut home is a large single story brick home with two bedrooms and six other

rooms. The home is located in Howland Township, Trumbull County, Ohio and surrounded by other

large residential houses in what is known as Avalon Estates. Ptlm. Albert Ray arrived at the home

and found Robert Fingerhut dead in a pool of blood near the open kitchen door which leads to an

attached two car garage.

Affiant arrived at the scene at 12:35 a.m. and found other officers and Howland's EMT Unit

along with the victim's wife, Donna M. Roberts. She appeared very excited, curious and asking a

1

lot of questions.  Affiant said to her that it appeared that he had been shot.  Ms. Roberts responded saying "Shot.  Oh my God someone murdered my Robert."  This conversation took place in the master bedroom.  Affiant at this time did not know how the victim had died.  In fact, it was initially believed that Fingerhut may have committed suicide since a revolver was found in close proximity to the body.

Affiant observed the body of Fingerhut as being face down and fully clothed wearing a lined Cincinnati Reds jacket.  The weapon was less than two (2) feet from the body, and there was no evidence of forced entry. Officers at the scene also noticed drops of blood found separate from the pool of blood around the body.  In fact, one large drop of blood was found in the hallway near the living room.

Shortly after Affiant arrived, Dr. Humphrey Germaniuk, Forensic Pathologist of the Trumbull County Coroner's Office, arrived at the scene.  He photographed the scene as did Officer Anthony Leshnack of the Trumbull County Sheriff's Department and the Trumbull County's Homicide Investigation and Prosecution Unit.  Dr. Germaniuk, upon inspecting the area of the body discovered that the 38 revolver next to the victim was fully loaded.  Further, upon close inspection of the body, it was determined that the victim had been shot at least three times, including one shot to the back of the head.

Dr. Germaniuk determined that the victim died of multiple gunshot wounds, and the case was ruled a homicide.  He also concluded that the victim was probably engaged in a struggle with the assailant since he had suffered other injuries including lacerations, abrasions and contusions.  In addition, there appeared to be gunshot residue on the victim's red jacket where one of the gunshot wounds was observed.

2

After determining that the victim was in fact a homicide victim, your Affiant talked to Donna Roberts a second time.  She was told that it was going to take a long time to process the scene, and asked if he could contact a family member to take her from the home and that he would talk to her later.  She was emotional and crying at the time.  Affiant also asked her for permission to search the whole home.  Donna Roberts stated "I told you do whatever you have to do, search the whole place, just find the guy."  A written consent was later obtained that morning.  Also Roberts informed Affiant that her husband's vehicle, a silver 2001 Chrysler 300M was missing.  At approximately 2:00 a.m., Ms. Roberts left with her brother Ralph Roberts to his home in Austintown, Ohio.

During the next few hours, Affiant and other officers searched the home and garage area of the house.  In the garage was Donna Roberts' vehicle, a 2000 maroon Chrysler 300M.  In the trunk of Ms. Roberts' car, in a brown paper bag with the name Nate Jackson and his prison number on it, officers found 145 handwritten letters from Donna Roberts addressed to Nathaniel E. Jackson, inmate at the Lorain Correctional Institution, Grafton, Ohio.  The officers also found male clothing in the bag.

In the master bedroom another 143 handwritten letters were found which were addressed to Donna M. Roberts, PO Box 1483, Warren, Ohio.  They were from Nathaniel E. Jackson whose address was Lorain Correctional Institution.  Affiant read some of the letters found at both locations and concluded that Donna M. Roberts and Nathaniel E. Jackson were and had been lovers for over 2 years.  These letters also established that they were plotting to murder Robert Fingerhut.

After determining that Ms. Roberts was likely involved in her husband's murder, she was requested to come to the Howland Township Police station for a further interview.  At 1:00 p.m. December 12, 2001, she arrived with her brothers and was interviewed by Affiant and Captain Karl

3

Compton.  She proceeded to tell officers what she had done the day before finding her husband.  She said she saw Robert last alive at 8:30 a.m. on December 11th prior to her going to work at the Grey Hound Bus Terminal, Warren, Ohio. (Her husband owned and operated the Warren and Youngstown Grey Hound facilities).  She went to work and did not see him the whole day.  He had gone to work in Youngstown.  At 5:45 p.m. she returned home from work.  Then at 9:00 p.m. she spoke to Robert and he told her that he was going to be late and that "she should go shopping at the mall and buy herself something nice because she deserves it."

She stated in part that she went to Giant Eagle, Walmart and K-Mart and that she was gone for approximately three hours shopping.  She said she arrived home around mid-night and found her husband laying on the floor.  She said she never touched him.  She then told Affiant "You don't know something about Robert, that is, he goes both ways" (which Affiant interpreted as meaning that he was gay).  She told Affiant that though she had never met his friends, there was a man named "Bobby" who had been calling a couple times a week for several weeks until last week.  Furthermore, she claimed that since "Bobby" stopped calling her husband, he had been acting strange.  She claimed there had been no big problems between her and her husband.

Affiant asked Ms. Roberts whether she had any boyfriends.  She stated that a year or six months ago, she dated a man who was half-black and half-Hispanic named Carlos for two or three months.  She said that they (meaning she and her husband) were "just a real cool couple."  She did not mention any other names.  Affiant then confronted her with the name Nathaniel E. Jackson.  Upon hearing his name, she stated  that she knew him and that she had been seeing him for two years.  She had picked him up from prison on Sunday, December 9, 2001 and "had driven him home to Youngstown and dropped him off" at Oscar and Sheila's house in Youngstown, Ohio after picking

4

up some marijuana at her house. She next had contact with Jackson on Tuesday, December 11, 2001 when he had called her from a pay phone. Other than these two times she had not had contact with Nate. She further said that Robert knew about Nate and that they were friends.

She also mentioned that on Tuesday she had gone alone to Red Lobster and had dinner and one alcoholic beverage. After going over her story again-she remembered that she had also talked to Nate on the phone on Monday. She told Nate that she could not see him again to have sex and that she just wanted to be friends. In summary, the interview lasted one hour and Donna Roberts denied personally seeing Jackson except on Sunday morning and afternoon when she had picked him up from prison and brought him home. She was sure of that.

On Thursday, December 13, 2001, the victim's Chrysler automobile was found by Youngstown Police Department at Pershing and Victoria Streets in Youngstown, Ohio at 6:21 p.m. Affiant and Officer Frank Dillon and the Howland Police Department arrived at the above address at approximately 6:35 p.m. The car was unlocked with the keys in it. Blood drops appeared to be on the outside front passenger's door with what appeared to be blood smears on the door handle itself. Inside the car there appeared to be finger smears of blood on the front seat, and other blood stains on the headlight switch, keys, dashboard and stereo radio. This vehicle was towed to the Howland Township Police Department and then to Attorney General's B.C.I. & I. Laboratory, where Det. Sgt. Peter Pizzulo and B.C.I. Forensic Scientist Cindy Maylee processed the vehicle for fingerprints and blood-DNA evidence.

On Saturday, December 15, 2001 at 4:47 p.m., a tape recorded interview of Donna Roberts was conducted at the Howland Township Police Department by Affiant and Officer Dillion. Roberts was represented by Attorney Steve Chuparkoff. She was not in custody and voluntarily came to the

5

Howland Township Police station on her own accord.   Further, she received a verbal and written Miranda warning and knowingly waived her constitutional rights.  This interview lasted over one and one-half hours.

During this interview she contradicted her earlier statements and admitted that she had been with Nate Jackson on Sunday, Monday and Tuesday.  She stated that she had stayed with him or got him a room   at two different motels, the Wagon Wheel (Sunday night) on Market Street in Boardman, Ohio and the Days Inn (Tuesday night) which is also on Market Street in Boardman, Ohio.  Further, she admitted that she had dinner with Jackson on the night of the shooting (December 11th) at the Red Lobster in Niles, Ohio at approximately 6:00 p.m.   After eating they then went back to her house to feed her dogs and then she took him back to Oscar and Sheila's house on Wirt Street, Youngstown, Ohio.  At 9:30 p.m., Roberts was in her car when Jackson called on her car phone and said that he needed her to help him and put him up for a week.

She claimed that she picked up Jackson on Wirt Street in Youngstown.  When he got in her car, she stated that Jackson had a bandage over his left index finger which he said was injured with a hammer.  He asked her for money and she gave him $200.00.  They then drove to a crack house in Youngstown and purchased $100.00 worth of crack.  Then she drove to the Days Inn and charged the room on her Master Card at approximately 10:30 p.m.  He started to smoke crack and after a few minutes, she left him there.  This was the last time she saw Jackson.  Further, towards the end of the interview, she changed her story and told Affiant that Jackson, during a telephone call made after the discovery of Roberts' body, said he had been shot in the finger.  She also stated that Jackson may have taken her cell phone.  Further she said that "she could not believe that Jackson would ever do anything to Robert."

6

On Sunday, December 16, 2001, Affiant went to the Days Inn and verified that Donna Roberts had rented Room 129 for one week. A motel employee stated on Saturday, December 15, 2001, she had been cleaning the room and found used condoms, bloody dressings, wash cloths, and hydrogen peroxide. They were thrown in the trash dumpster and later retrieved by Affiant. One of the bloody medical wraps looked as if it could have been wrapped around an injured finger.

On Tuesday, December 18, 2001, B.C.I. Agent Ed Lulla went to Room 129 of the Days Inn and processed the room and found what appeared to be blood stains on the bed comforter, on wall near the door, on the floor in the bathroom, and on a wash cloth. Also fingerprints were found throughout the room.

Other evidence developed by Affiant and other police officers in this case which include officers from the Howland Township Police Department, Warren Police Department and the Trumbull County Sheriff's Department showed that lay witnesses also contradict the often self-contradicting story given by Donna Roberts. For example, Roberts told investigators that he was working late on Tuesday night and that she should go shopping. In fact, Dep. Jose Sanchez, who was working at the Youngstown Grey Hound Office with Robert Fingerhut, said that he remarked to Fingerhut that he (Fingerhut) was lucky and that he was going to get out of here on time. In fact, Fingerhut left at 9:00 p.m. It takes approximately 20-25 minutes to go from Youngstown to Howland.

Also Donna Roberts said that they were getting along well. However, an employee at the Youngstown Grey Hound business said to investigator that on Monday, December 10, 2001, Donna Roberts asked her husband for $3,000.00 and he said no and she gave him, according to witness, she gave him "the dirtiest look, like she was out to get him." Another employee in Youngstown said that

7

Fingerhut and his wife had an argument a week before his death over the phone and the argument "was the worst argument he ever heard Fingerhut and Donna Roberts ever have."

Furthermore, Affiant has attached to this Affidavit, copies of letters written by Nathaniel E. Jackson and Donna Marie Roberts to each other. (Jackson letters of November 27, 2001, October 29, 2001 and October 26, 2001; Roberts letter November 26, 2001). These letters establish a conspiracy between Nathaniel E. Jackson and Donna Marie Roberts to murder Robert Fingerhut upon Jackson's release from prison on December 9, 2001.

A check into the prison status of Nathaniel E. Jackson showed that on February 22, 2001, Nathaniel Edward Jackson (DOB 02/13/1972, SSN 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) formerly of 309 South Pearl Street, Youngstown, Ohio was sentenced for the third time to prison for two (2) counts of Receiving Stolen Property. Jackson was sentenced by the Mahoning County Common Pleas Court to a term of one (1) year at the Lorain Correctional Institution, Lorain, Ohio. On December 9, 2001 at 8:00 a.m., he was released from prison.

Examples of Roberts and Jackson 's murder plot are numerous. In the Friday, October 26, 2001 letter of Jackson, he writes to Roberts that upon his release they were to get a hotel room together to spend some romantic time before killing Robert Fingerhut. (As previously present in the foregoing Affidavit-Donna Roberts did in fact before his release get a room for Jackson at the Wagon Wheel Motel in Boardman, Ohio). Jackson goes on and writes…"then after that you don't ever have to worry about making known more excusses(sic) to him, because he will no longer be with us after 12-10-01." Jackson then drew a tombstone which read:

```
        R              P
        E              I
        S     IN       S
        T              S
```

8

(page 2) (Emphasis added).  Later on page 8, he writes:

> "Hey Donna just think come 12-11-01 you'll be waking up to me or maybe we'll give it a couple of days to let things look cool an (sic) after the Funeral Baby when I come home I'm never leaving an (sic) we're only doing it like that just to make it look good...the way that I have it all planned out is so sweet an (sic) alls I need is for my Baby not to worry an (sic) leave everything else up to me..." (Emphasis added).

---

In his October 29, 2001 letter Jackson writes another letter to Donna and says ...(p. 1) "An as far as  that Robert Problem? Yes I'm taking care of that the next night. Because I told you I'm tired of living like this when I don't have to.  An (sic) After that will you get me a 2002 Cadillac DeVille?  Because I dream of it a lot." (Emphasis added).  (It is noted that Affiant has learned from his investigation and talking to State Farm Insurance that the victim had $325,000 in life insurance with his wife as beneficiary.)  (It is emphasized that the above letters were found in the bedroom of Donna Roberts-all letters written to her sent to a post office box in her name and not to the Fonderlac residence.

The most recent letter attached to this Affidavit is the Monday, November 26, 2001 letter written by Donna Roberts and sent to Nathaniel Jackson at the Lorain Correctional Institution.  This letter was found in Donna Roberts automobile which was parked in the Fonderlac residence at the time of the homicide.  Roberts addresses Jackson as "My dearest sweetheart."  This letter is six (6) handwritten pages.  There are many references to the murder plot in the letter.  An example, Roberts state of mind on November 26th is well illustrated on page 4 which in part reads:

> "...And after it's over, I can get a place for you even here in Warren for a couple weeks because who is to tell me not to?  Oh-I have been all over looking for a ski mask.  I only see those knitted caps.  Any suggestions on who might have them?  And I'm still looking for gloves because I don't think the thick ones I'm seeing are good to work with as would be thinner leather ones.  Know what I mean?

9

And yes, sneaking to see you for a couple hours doesn't do it.  It leaves us both with no real life together and when you go your way, you have to fend for yourself and eat alone and sleep alone and be out with the wolves.  And me - I (live) exist in hell on earth.  Like last night - I got so sick of just looking at him.  And hearing the same shit over and over.  And smelling his breath.  And every other little thing - it's all bad.  And seeing his skin.  And watching him walk - or breathe.  I can't hold in my disgust and contempt for him well at all and he sees it every time he looks at me now.  Which makes him feel worse about me in return.  Which makes him talk to me and treat me like dirt."

Affiant further states that Trooper Gerald A. Funelli of the Ohio State Highway Patrol has obtained copies of eighteen(18) separate telephone conversations which were recorded at the Lorain Correctional Institution, an Ohio State Prison, located in Grafton Ohio.  These recordings were made between October 25, 2001 and December 8, 2001 and were made from Lorain Correctional Institution to telephone number 330-609-7812, which number is associated with a telephone belonging to Donna Roberts.

Your Affiant reasonably believes that these recorded prison conversations were had between Donna Roberts and Nathaniel Jackson.  During these conversations, Nathaniel Jackson, who identifies himself during the collect calls from prison,  and Donna Roberts, discuss the planned murder of Robert Fingerhut.  Donna Roberts made the following statements: "I can't take it anymore here, " "I even gave you permission to do that to Robert to be with you forever,"

During these conversations Nathaniel Jackson states the following: "I can't wait to get out to do what has to be done," "We in this 'til death do us part," "We going to wake-up for Christmas together," (and to which Donna Roberts admits to daydreaming about the same thing); and  "You would like to let him see you suck my dick before he goes away."

Finally, during the final prison conversation which was recorded on December 8, 2001, the day before Nathaniel Jackson was released from prison, the following exchange took place:

10

Nathaniel Jackson: "I am going to need just one thing."

Donna Roberts: "What?"

Nathaniel Jackson: "I just need to be in the house when he come home."

WHEREFORE, for the above-given reasons, Affiant truly believes that probable cause his been established to charge both DONNA ROBERTS, 254 Fonderlac, SE, Warren, OH 44484; DOB 5/22/44 and SS #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 and NATHANIEL E. JACKSON, 309 South Pearl Street, Youngstown, Ohio; DOB 2/13/72; SS#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 with the crimes of AGGRAVATED MURDER §2903.01(A) and AGGRAVATED BURGLARY §2911.11(A)(1)(3) and after due consideration, Affiant further prays that this Honorable Court issue upon the Prosecutor's Complaint warrants for the arrest of said DONNA MARIE ROBERTS and NATHANIEL E. JACKSON.

FURTHER AFFIANT SAYETH NAUGHT.


DETECTIVE PAUL MONROE
AFFIANT

Sworn to and subscribed before me, a Common Pleas Judge, in and for Trumbull County, Ohio, this 20th Day of December, 2001


HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

11

TRUMBULL COUNTY COMMON PLEAS COURT

GENERAL DIVISION

**ARRAIGNMENT FORM**

CASE NUMBER:   **2001 CR 00794**

JUDGE:   **HON. JOHN M. STUARD**

ATTORNEY OF RECORD AT TIME OF ARRAIGNMENT:

STATE OF OHIO

vs.

**NATHANIEL E JACKSON**

Entered a plea of:  Not Guilty

Indicted for:  AGGRAVATED MURDER

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TO:     Thomas Altiere, Sheriff of Trumbull County

Whereas Defendant **NATHANIEL E JACKSON** has this day appeared in court and was indicted for **AGGRAVATED MURDER.**

You are ordered to accept the said prisoner and retain him/her in your custody pending the posting of bond in the sum of:

_No bond_

Pre-trial Date: _12/31/01_

Judge: _John M. Stuard_         Date: _12/21/01_

01-CR-794
**DIRECT PRESENTMENT**

**INDICTMENT**
Crim R. 6, 7

AGGRAVATED MURDER (F)
WITH SPECIFICATIONS OF
A G G R A V A T I N G
C I R C U M S T A N C E S
(2903.01(A), 2941.14(C), and
2929.04(A)(7)

THE STATE OF OHIO )
)
TRUMBULL . . . . . . . . . . . . . . . . COUNTY, ss.)

**COURT OF COMMON PLEAS**

**Of the Term September, in the year two thousand one,**

*THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County*

*aforesaid, on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or*

*about the* **11th day of December, 2001**, at Trumbull County, Ohio, **NATHANIEL E. JACKSON**, did purposely,

and with prior calculation and design, cause the death of Robert S. Fingerhut, age 56,

SPECIFICATION #1 TO COUNT ONE: Aggravating Circumstance of Aggravated Burglary (2929.04(A)(7)

THE GRAND JURORS further find and specify pursuant to Ohio Revised Code section 2929.04(A)(7)

that the offense was committed while **NATHANIEL E. JACKSON** was committing, attempting to commit, or

fleeing immediately after committing or attempting to commit Aggravated Burglary, and **NATHANIEL E.**

**JACKSON** was the principal offender in the commission of the Aggravated Murder.

You are hereby notified that you are under indictment
for a felony of violence and pursuant to Section 2923.13
of the Ohio Revised Code you are prohibited from acquir-
ing, having, carrying, or using any firearm or dangerous
ordnance while under indictment.

Case No.
Defendant

01-CR-794 - DIRECT PRESENTMENT
JACKSON, Nathaniel E.

Page 1 of 6

<u>SPECIFICATION #2 TO COUNT ONE: Aggravating Circumstance of Aggravated Robbery</u> (2929.04(A)(7)

THE GRAND JURORS further find and specify pursuant to Ohio Revised Code section 2929.04(A)(7) that the offense was committed while **NATHANIEL E. JACKSON** was committing, attempting to commit, or fleeing immediately after committing or attempting to commit Aggravated Robbery, and **NATHANIEL E. JACKSON** was the principal offender in the commission of the Aggravated Murder.

in violation of the Ohio Revised Code, Title 29, Section 2903.01(A), 2941.14(C), and 2929.04(A)(7), *and against the peace and dignity of the State of Ohio.*

Case No.      01-CR-794 - DIRECT PRESENTMENT
Defendant    JACKSON, Nathaniel E.

**COUNT 2:**   **AGGRAVATED MURDER (F) WITH SPECIFICATIONS OF AGGRAVATING CIRCUMSTANCES (2903.01(B), 2941.14(C), and 2929.04(A)(7)**

*THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid,* on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the **11th day of December, 2001,** at Trumbull County, Ohio, **NATHANIEL E. JACKSON,** did purposely cause the death of Robert S. Fingerhut, age 56, while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit, Aggravated Burglary and/or Aggravated Robbery,

SPECIFICATION #1 TO COUNT TWO: Aggravating Circumstance of Aggravated Burglary (2929.04(A)(7)

THE GRAND JURORS further find and specify pursuant to Ohio Revised Code section 2929.04(A)(7) that the offense was committed while **NATHANIEL E. JACKSON** was committing, attempting to commit, or fleeing immediately after committing or attempting to commit Aggravated Burglary, and **NATHANIEL E. JACKSON** was the principal offender in the commission of the Aggravated Murder.

SPECIFICATION #2 TO COUNT TWO: Aggravating Circumstance of Aggravated Robbery (2929.04(A)(7)

THE GRAND JURORS further find and specify pursuant to Ohio Revised Code section 2929.04(A)(7) that the offense was committed while **NATHANIEL E. JACKSON** was committing, attempting to commit, or fleeing immediately after committing or attempting to commit Aggravated Robbery, and **NATHANIEL E. JACKSON** was the principal offender in the commission of the Aggravated Murder.

in violation of Section 2903.01(B), 2941.14(C), and 2929.04(A)(7) of the Ohio Revised Code, *and against the peace and dignity of the State of Ohio.*

You are hereby notified that you are under indictment for a felony of violence and pursuant to Section 2923.13 of the Ohio Revised Code you are prohibited from acquiring, having, carrying, or using any firearm or dangerous ordnance while under indictment.

Case No.    01-CR-794 - DIRECT PRESENTMENT
Defendant    JACKSON, Nathaniel E.                                              Page 3 of 6

**COUNT 3:**    **AGGRAVATED BURGLARY (F1) WITH FIREARM SPECIFICATION**

*THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid,* on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the **11th day of December, 2001,** at Trumbull County, Ohio, **NATHANIEL E. JACKSON,** by force, stealth, or deception, did trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, to-wit: 254 Fonderlac, Howland Township, Ohio, when Robert S. Fingerhut, age 56, was present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, and **NATHANIEL E. JACKSON** did inflict, or attempted or threatened to inflict physical harm on Robert S. Fingerhut, and **NATHANIEL E. JACKSON** did have a deadly weapon or dangerous ordnance on or about his person or under his control,

SPECIFICATION #1 TO COUNT THREE: Firearm Specification (2941.145)

THE GRAND JURORS further find and specify pursuant to Ohio Revised Code 2941.145 that the said **NATHANIEL E. JACKSON** did at the time of his commission of the crime of Aggravated Burglary have a firearm on or about his person or under his control, and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense, said firearm being defined in Section 2923.11 of the Revised Code,

in violation of Section 2911.11(A)(1)(2) and 2941.145 of the Ohio Revised Code, *and against the peace and dignity of the State of Ohio.*

You are hereby notified that you are under indictment for a felony of violence and pursuant to Section 2923.13 of the Ohio Revised Code you are prohibited from acquiring, having, carrying, or using any firearm or dangerous ordnance while under indictment.

**COUNT 4:**    **AGGRAVATED ROBBERY (F1) WITH FIREARM SPECIFICATION**

*THE JURORS OF THE GRAND JURY of the State of Ohio, within and for the body of the County aforesaid,* on their oaths, in the name and by the authority of the State of Ohio, do find and present that on or about the **11ᵗʰ day of December, 2001,**  at Trumbull County, Ohio, **NATHANIEL E. JACKSON,** in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, did have a deadly weapon on or about his person or under his control, and either displayed the weapon, brandished it, indicated that he possessed it, or used it, and **NATHANIEL E. JACKSON** did inflict, or attempt to inflict, serious physical harm on Robert S. Fingerhut, age 56,

SPECIFICATION #1 TO COUNT FOUR: Firearm Specification (2941.145)

THE GRAND JURORS further find and specify pursuant to Ohio Revised Code 2941.145 that the said **NATHANIEL E. JACKSON** did at the time of his commission of the crime of Aggravated Robbery have a firearm on or about his person or under his control, and displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense, said firearm being defined in Section 2923.11 of the Revised Code,

in violation of Section 2911.01(A)(1)(3) and 2941.145 of the Ohio Revised Code, *and against the peace and dignity of the State of Ohio.*

You are hereby notified that you are under indictment
for a felony of violence and pursuant to Section 2923.13
of the Ohio Revised Code you are prohibited from acquir-
ing, having, carrying, or using any firearm or dangerous
ordnance while under indictment.

Dennis Watkins, Prosecuting Attorney

Charles L. Morrow, Asst. Pros. Attorney

Case No.         01-CR-794 - DIRECT PRESENTMENT
Defendant        JACKSON, Nathaniel E.

Page 5 of 6

01-CR-794
DIRECT PRESENTMENT
September Eighth Term, 2001
## COMMON PLEAS COURT
TRUMBULL COUNTY, OHIO

### THE STATE OF OHIO
*vs.*

NATHANIEL E. JACKSON
c/o Trumbull County Jail
Warren, OH  44481
SSN: 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; DOB: 02/13/72

*Indictment for:* CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES (2903.01(A), 2941.14(C), and 2929.04(A)(7);
CT 2: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES (2903.01(B), 2941.14(C), and 2929.04(A)(7);
CT 3: AGG BURGLARY (F1) W/FIREARM SPEC (2911.11(A)(1)(2) and 2941.145;
CT 4: AGG ROBBERY (F1) W/FIREARM SPEC (2911.01(A)(1)(3) and 2941.145

_____
Prosecuting Attorney

**A TRUE BILL**

_____
Foreman of the Grand Jury

This Bill of Indictment found upon testimony sworn and sent before the Grand Jury at the request of the Prosecuting Attorney

_____
Foreman of the Grand Jury

*Filed*_____, 20_____

_____
                       Clerk
*By*_____
                       *Deputy*

---

*On this* _____ *day of* _____ *20* ____

*the within named* _____

_____

*Defendant was arraigned, and pleads*

_____*guilty to this indictment*

_____
                       Clerk
*By*_____
                       *Deputy*

**The State of Ohio**
**Trumbull County**.

    *I, the undersigned, Clerk of the Court of Common Pleas in and for said County, do hereby certify that the foregoing is a full, true, and correct copy of the original indictment, with endorsements thereon, now on file in my office.*

*WITNESS my hand and seal of said Court at, Warren,*

*Ohio, this*_____ *day of*_____, *20*_____

_____
                       Clerk
*By* _____
                       *Deputy*

---

Case No.     01-CR-794 - DIRECT PRESENTMENT
Defendant    JACKSON, Nathaniel E.

# S U M M O N S   O N   I N D I C T M E N T
## RULE 9 (B)

### TRUMBULL COUNTY COMMON PLEAS COURT
#### WARREN, OHIO   44481

**THE STATE OF OHIO**
PLAINTIFF

CASE NO. **2001 CR 00794**

VS.

**NATHANIEL E JACKSON**
DEFENDANT

---

TO:   **THOMAS ALTIERE, SHERIFF**

An Indictment, a copy of which is attached hereto, has been filed in the Trumbull County Court of Common Pleas charging

**NATHANIEL E JACKSON with: CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES CT 2: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES CT 3:** AGG BURGLARY (F1)W/FIREARM SPEC CT 4: AGG ROBBERY (F1) W/FIREARM SPEC

You are commanded to summon **NATHANIEL E JACKSON**, said Defendant to appear before said court at Trumbull County Common Pleas Courthouse, before **Judge John M. Stuard on Monday, December 31, 2001 at 11:00 a.m.**

Said Defendant is hereby informed that HE may be arrested if HE fails to appear at the time and place stated herein.

Special instructions to the executing officer:

**Defendant must appear for arraignment.  No waivers accepted.**

Given under my hand and the seal of said Court this December 28, 2001.

**MARGARET R. O'BRIEN, Clerk of Courts**
Trumbull County, Ohio

Rochelle Ryan
Deputy Clerk

## RETURN

Received this writ on the _____ day of _____, 20___
at _____ o'clock ____.m., and on the _____ day of _____, 20
I served the same on the within named by _____

_____

**RETURN OF SERVICE OF SUMMONS (PERSONAL)**

Fees          I received this summons on _____ 12-28 ___ 20 01
Service $___ 2 ___ at 3 51 o'clock P .m., and made personal service o
Mileage _____ upon Nathaniel Jackson
Total $___ 2 ___ by locating him-them and tendering a copy of summons
Date: ___ 12-31-01 ___ accompanying documents, on _____ 12-28 _____, 20 01

_____
                              Sheriff, Bailiff, Process Ser

By _____
                                        Dep

**RETURN OF SERVICE OF SUMMONS (RESIDENCE)**

Fees          I received this summons on _____ 20____
Service $_____ at _____ o'clock ____.m., and made residence service
Mileage _____ it upon the defendant(s) _____
Total $_____
Date: _____ by leaving, at this their usual place of residence wi
_____
a person of suitable age and discretion then residing
therein, a copy of the summons and accompanying docume
on _____, 20_____.

_____
                              Sheriff, Bailiff, Process Ser

By_____
                                        Dep

**RETURN OF SERVICE OF SUMMONS (FAILURE OF SERVICE)**

Fees          I received this summons on _____ 20____
Service $_____ at _____ o'clock ____.m., with instructions to make
Mileage _____ personal-residence service upon the defendant(s) ____
Total _____
Date _____ _____
and I was unable to serve a copy of the summons upon _
_____ for the following reasons:_____
_____
_____

_____
                              Sheriff, Bailiff, Process Ser

By _____
                                        Dep

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO                    )    CASE NO. 01-CR-794 - DIRECT
                                 )
        Plaintiff                )    Doc._____ Page _____
                                 )
-vs-                             )
                                 )
NATHANIEL E. JACKSON,            )
c/o Trumbull County Jail         )
Warren, OH   44481               )    **PRECIPE FOR CAPIAS**
                                 )
        Defendant                )

**TO THE CLERK OF COURTS:**


    Issue Capias for Defendant.


___Dec. 28, 2001___                   ___Dennis Watkins___
Dated                                 DENNIS WATKINS, #0009949
                                      Prosecuting Attorney
                                      Trumbull County, Ohio

SEPTEMBER EIGHTH TERM, 2001

CHARGE: CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES
(2903.01(A), 2941.14(C), AND 2929.04(A)(7); CT 2: AGG MURDER
(F) W/SPECS OF AGG CIRCUMSTANCES (2903.01(B), 2941.14(C), AND
2929.04(A)(7); CT 3: AGG BURGLARY (F1) W/FIREARM SPEC
(2911.11(A)(1)(2) AND 2941.145; CT 4: AGG ROBBERY (F1)
W/FIREARM SPEC (2911.01(A)(1)(3) AND 2941.145)

RADIUS: 1


Filed: _____, 2001


_____
Clerk


_____
By:


12-28-01 Issued

TRUMBULL COUNTY COMMON PLEAS COURT

GENERAL DIVISION

**ARRAIGNMENT FORM**

CASE NUMBER:  **2001 CR 00794**

JUDGE:  **HON. JOHN M. STUARD**

ATTORNEY OF RECORD AT TIME OF ARRAIGNMENT:   ANTHONY V. CONSOLDANE

STATE OF OHIO

vs.

**NATHANIEL E JACKSON**

Entered a plea of:  Not Guilty

Indicted for:  AGGRAVATED MURDER

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TO:   Thomas Altiere, Sheriff of Trumbull County

Whereas Defendant **NATHANIEL E JACKSON** has this day appeared in court and was indicted for **AGGRAVATED MURDER.**

You are ordered to accept the said prisoner and retain him/her in your custody pending the posting of bond in the sum of:

_no bail_

Pre-trial Date: _1/30/01_

Judge: _John M. Stuard_          Date: _12/31/01_

## CAPIAS

THE STATE OF OHIO.
TRUMBULL COUNTY

**STATE OF OHIO**                     **CASE: 2001 CR 00794**

VS.

**NATHANIEL E JACKSON**
        TRUMBULL COUNTY JAIL
        WARREN,OHIO   44481

**TO THE SHERIFF OF SAID COUNTY,GREETINGS:**

WE COMMAND YOU TO TAKE **NATHANIEL E JACKSON**

AND SAFELY KEEP, SO THAT YOU HAVE HIM BEFORE THE JUDGE OF COMMON PLEAS

AT THE COURT HOUSE IN SAID COUNTY TO ANSWER UNTO THE STATE OF OHIO,

ON AN INDICTMENT EXHIBITED AGAINST HIM FOR

  **CT  1:  AGG  MURDER (F) W/SPEC OF AGG CIRUMSTANCES  CT 2: AGG MURDER (F)
W/SPEC OF AGG CIRCUMSTANCES  CT3: AGG BURGLARY (F1)W/FIREARM
  SPEC  CT 4: AGG ROBBERY (F1) W/FIREARM SPEC RADIUS:1**

AND HAVE YOU THEN AND THERE THIS WRIT.

            WITNESS MY HAND AND THE SEAL
            OF SAID COURT, THIS December 28, 2001

            **MARGARET O'BRIEN  CLERK**

            BY:  **ROCHELLE RYAN**            DEPUTY CLERK

--------------------------------------------------------------------

THE STATE OF OHIO        RECEIVED THIS WRIT _Dec, 28_ A.D. 20_01_

                    AT _1609_ O'CLOCK _P_ M., AND I HAVE

                    ARRESTED THE SAID

        **FEES**

SERVICE.....$_____    _____

MILEAGE..... _____

CONVEYANCE.. _____    _____

ASSISTANTS.. _____    _Dep J Mu_____SHERIFF

SUSTENANCE.. _____

RETURN...... _____

    TOTAL    $_____                                    7

CASE NUMBER: 01-CR-794 - DIRECT PRESENTMENT

NAME:    NATHANIEL E. JACKSON

ADDRESS: C/O TRUMBULL COUNTY JAIL
         WARREN, OH   44481

         RADIUS:    1

<u>DESCRIPTIVE DATA OF PERSON WANTED ON THE ENCLOSED WARRANT</u>:
CHARGE: CT 1: AGG MURDER (F) W/SPECS OF AGG CIRCUMSTANCES
(2903.01(A), 2941.14(C), AND 2929.04(A)(7); CT 2: AGG MURDER
(F) W/SPECS OF AGG CIRCUMSTANCES (2903.01(B), 2941.14(C), AND
2929.04(A)(7); CT 3: AGG BURGLARY (F1) W/FIREARM SPEC
(2911.11(A)(1)(2) AND 2941.145; CT 4: AGG ROBBERY (F1)
W/FIREARM SPEC (2911.01(A)(1)(3) AND 2941.145)

DOB: 02/13/72    SOCIAL SECURITY NO.: 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

AGE:       HT.:          WT.:          SEX: MALE

COMPLEXION:

RACE: BLACK

EYES:                 HAIR:

SCARS, MARKS, TATTOOS, ETC.:

EMPLOYER:
              SHIFT:          DEPT.:

YEAR & MAKE OF AUTO:

COLOR:

REGISTRATION NO.:

STATE:

LIC. NO.:

NAME OF COMPLAINANT: DET MONROE - HOWLAND TWP POLICE DEPT
ADDRESS:
REMARKS:

THE SUPREME COURT OF OHIO

In the Common Pleas Court of _____Trumbull_____ County

## Appointment of Trial Counsel in a Capital Case

This form is used pursuant to Rule 20 of the Rules of Superintendence for the Courts of Ohio to report the appointment of trial counsel where the defendant is indigent, counsel is not privately retained by or for the defendant, and the death penalty can be or has been imposed upon the defendant.  **Return this form within two weeks of appointment to:  Nan Cairney, Supreme Court of Ohio, 30 E. Broad Street, Third Floor, Columbus, OH  43266-0419.  A copy of the indictment must be attached.**

Defendant's Name: _Nathaniel E. Jackson_____     Case No. _01-CR-794_____

Trial Judge: _____John M. Stuard_____     Atty.Registration No. ___0018610___

**Lead Counsel**                                  **Co-Counsel**

Name: _Anthony V. Consoldane_____          Name: _James F. Lewis_____

Atty. Reg. No._____0000671_____            Atty.Reg. No._____0024314_____

Address: _328 Mahoning Ave. N.W.___          Address: _328 Mahoning Ave. N.W.___

_____Warren, OH     44483_____           _____Warren, OH     44483_____

Telephone: __330-393-7727_____             Telephone: __330-393-7727_____

Certified under Sup.R. 20 as:                Certified under Sup.R. 20 as:
Lead Counsel ___X___                         Lead Counsel ___X___
Co-Counsel ___X___                           Co-Counsel ___X___
Appellate Counsel ___X___                    Appellate Counsel _____

Date of Appointment: _12-28-01_____        Date of Appointment: _12-28-01_____

## ATTORNEY CERTIFICATION

We hereby underline{accept} appointment as trial counsel in this case, underline{affirm} that we are currently certified under Sup.R. 20 to accept appointment as lead counsel or co-counsel, and underline{certify} that this appointment will not create a total workload so excessive that it interferes with or prevents the rendering of quality representation in accordance with constitutional and professional standards.

Lead Counsel                                 Co-Counsel
Date: _01-02-02_____                       Date: _01-02-02_____

Rev. 7/1/97

In the Court of Common Please of Trumbull County

State of Ohio,                    :
         Plaintiff,               :        Notice to Supreme Court of
                                  :        Ohio of Filing of Indictment
         v.                       :        Charging Aggravated Murder
                                  :        with Specification(s) of
NATHANIEL E JACKSON               :        Aggravating Circumstances
         Defendant.               :        [R.C. 2929.021(A)]


Name of defendant:        **NATHANIEL E JACKSON**


The court in which the case will be heard:

                          **JUDGE JOHN M STUARD**

Case number(s):           **2001CR794**


Date on which indictment was filed:

                 **DECEMBER 28 2001**


                    _Margaret R. O'Brien_
                ————————————————————————————
                Clerk of Courts of Trumbull County

                    Date:  January 4, 2002


1-4-02 _Sent to Supreme Court_

§ A



*First Assistant*
**JAMES J. MISOCKY**

*Chief — Civil Division*
**JAMES T. SAKER**

*Chief — Criminal Division*
**CHARLES L. MORROW**

*Senior Trial Attorneys*
**KENNETH N. BAILEY**
**CHRISTOPHER D. BECKER**

*Administrator — Criminal Division*
**DIANE L. BARBER**

*Chief — Appellate Division*
**LuWAYNE ANNOS**

*Civil Division*
**JAMES M. BRUTZ**
**JASON C. EARNHART**

*Criminal Division*
**STANLEY A. ELKINS**
**JENNIFER CARROLL KIRR**
**DAVID M. TOEPFER**

*Child Assault Division*
**THOMAS C. WRENN, CHIEF**
**SARAH T. KOVOOR**

*Juvenile Division*
**SEAN J. O'BRIEN**

*Child Support Division*
**DAVID E. BOKER, CHIEF**
**DONALD W. HILL**

*Investigators*
**RALPH E. MARCHIO**
**SUEELLEN STINEDURF**
**JAMES L. TEEPLE**

# DENNIS WATKINS
### *Trumbull County Prosecuting Attorney*

4th FLOOR ADMINISTRATION BUILDING
160 HIGH STREET N.W.    •    WARREN, OHIO 44481-1092
PHONE: (330) 675-2426  •  FAX: (330) 675-2431

## VICTIMS' RIGHTS NOTIFICATION
(Pursuant to Order of the Trumbull County Common Pleas Court)

**DEFENDANT** NATHANIEL E. JACKSON  **CHARGE** * SEE ATTACHMENT

**CASE NUMBER**    01-CR-794    **JUDGE**    STUARD

**DATE OF INDICTMENT**    12/28/01    **PROSECUTOR**    WATKINS

Dear Mr. Fingerhut:

The Trumbull County Grand Jury has returned and indictment against the defendant in the above case.  Resolution in this case may be by a guilty plea or trial.

The Trumbull County **Victim/Witness Division** is here to assist you in the criminal justice process.  As a victim in this case, you have the following rights:

1.    The right to notification of plea, trial and/or sentencing date and time.
2.    If you suffered physical harm or job wage loss because of this crime, you may be eligible for Crime Victims Compensation.  This fund can be tapped once other insurance benefits have been exhausted, when the crime is reported within 72 hours, and when you as the victim have cooperated with local law enforcement officers in solving the crime.
3.    The right to notification of shock parole, shock probation, parole or early release - if any - providing you notify such desire, in advance, to the Ohio Adult Parole Authority and our office.
4.    The right to submit a written Victim Impact Statement which, if given, will assist the Court in passing sentence.
5.    The right to make an oral statement at sentencing in open court which, if given, will be sent to the Ohio Adult Parole Authority at 1050 Freeway Drive, Columbus, OH 43229.

It is the duty of our office to assist you in exercising the above rights.  In order to receive our services it is **your responsibility** to return the enclosed **Response Form**.  Failure to return this form indicates that you do not desire the services of the Victim/Witness Division.  Please review our enclosed brochures.  If you have any questions, you may contact us at (330)675-2551.

**NOTE: YOU DO NOT HAVE TO RETURN**
**A RESPONSE FORM.**

MARY JO HOSO
Administrator
Victim/Witness Division

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,               )      Case No.  01-CR-794
                             )
            Plaintiff,       )
vs.                          )
                             )
                             )      Judge Stuard
NATHANIEL JACKSON ,          )
                             )
            Defendant.       )

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

Defendant, through counsel, respectfully moves this Honorable Court pursuant to Ohio Rule of Criminal Procedure 7(E) for an order requiring the State of Ohio to furnish a Bill of Particulars setting forth specifically the nature of the offense charged in the indictment.  The exact nature of this request is set forth in the accompanying Memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY N. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue

-1-

9A

Warren, Ohio 44483
(330)393-7727 FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

MEMORANDUM IN SUPPORT

The Defendant is charged with: Count I of Aggravated Murder with specifications of Aggravated Circumstances, i.e. specification to Count I of Aggravated Burglary and specification 2 of Count I of Aggravated Robbery. Count 2 of Aggravated Murder with specifications of Aggravated Circumstances, i.e. specification to Count 2 of Aggravated Burglary and specification 2 of Count 2 of Aggravated Robbery. Count 3 of Aggravated Burglary with Firearm specifications, i.e. specification to Count 3 of a Firearm specification. Count 4 of Aggravated Robbery with Firearm specifications, ie specification to Count 4 of a Firearm specification. His life is literally on the line. In order to ensure that his constitutional, statutory and procedural rights are scrupulously honored, he asks that the State provide his counsel with a detailed Bill Of Particulars which includes but is not limited to:

1. A detailed statement of the particular acts, conduct, method, manner or means by which the State of Ohio maintains that the Defendant committed the offenses and specifications set out in the indictment.

2. The time and place of the conduct Defendant allegedly engaged in which forms the basis for the indicted charges.

The indictment is vague, indefinite, uncertain and insufficient in its terms and conclusions to reasonably notify the Defendant of the nature of

-2-

the charges against him.  Without reasonable notification, the Defendant will be unable to effectively prepare his defense.  Notification is necessary to preserve Defendant's statutory, procedural and constitutional rights to Due Process, Effective Assistance of Counsel and a Fair Trial.  Ohio Const. art. I, §§ 10 and 16; U.S. Const. amend. V, VI, and XIV.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR BILL OF PARTICULARS was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _7th_ day of _January_ 2002.

-3-

ANTHONY V. CONSOLDANE
Attorney for Defendant

Case: 4:07-cv-00880-JG  Doc #: 34-1  Filed: 03/07/13  91 of 103.  PageID #: 7503

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No. 01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| VS. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S DEMAND FOR DISCOVERY

Defendant, through counsel hereby requests, pursuant to Rule 16, Ohio Rules of Criminal Procedure, that the Prosecuting Attorney provide discovery as required by Ohio R. Crim. P. 16, the Fifth and Fourteenth Amendments of the U.S. Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution, including but not limited to all of the following matters as they apply to the instant case:

    1.    <u>Rule 16(B)(1)(a).  Statement of Defendant or Co-Defendant</u>. Any relevant written or recorded statement or statements made by the Defendant or Co-Defendant, or copies thereof, and any written summaries of any oral statements, or copies thereof, made by the Defendant or the Co-Defendant to a Prosecuting Attorney or a law enforcement officer which are available to or within the possession, custody, or control of the State, the existence of which are known or may by the exercise of due diligence become known, to the Prosecuting Attorney; and recorded

-1-

testimony of the Defendant or Co-Defendant before a grand jury.

1.01   This request includes any and all statements made by any non-defendant co-conspirators which would be admissible against the Defendant under Ohio R. Evid. 801(D)(2)(E). See United States v. Roberts, 793 F. 2d 580 (4th Cir. 1986).

1.02   This request also includes summary reports and interview memoranda made by government agents merely setting forth the substance of the remarks made by the Defendant. See United States v. Johnson, 525 F.2d 999 (2d Cir. 1975), cert. denied, 424 U. S. 920 (1976).

1.03   If the Prosecuting Attorney does not know of the existence of any written or recorded statements as requested above at the time of the request, then the Defendant, through counsel, hereby requests that the Prosecuting Attorney make a demand on the agency responsible for the investigation to search its files and to otherwise exercise due diligence, to determine if any such statements exist.  This request includes, but is not limited to, an interview by the Prosecuting Attorney of each of the investigating officers to determine whether any such statements exist. See United States v. Jensen, 608 F.2d 1349 (10th Cir. 1979); United States v. James, 495 F.2d 434 (5th Cir. 1974), cert. denied, 419 U. S. 899 (1974).

2.   Rule 16(B)(1)(b). Defendant's Prior Record.  A copy of Defendant's prior record, if any.

3.   Rule 16(B)(1)(c). Documents and Tangible Objects.   A list of any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, available to or within the possession, custody, or control of the State, which are material to the preparation of the defense, or are intended for use by the Prosecuting Attorney as evidence at trial, or which were

obtained from or belonged to Defendant, and copies of those items which can be readily reproduced.

3. 01    In addition to the list of documents and tangible objects requested above, the Defendant, through counsel, hereby requests the opportunity to inspect and examine any and all such items.

3. 02    Defendant's request includes, but is not limited to, the following objects:

a.    All photographs used by law enforcement officers for the purpose of obtaining an identification of the Defendant, or co-defendant, or others. This request includes individual photographs and/or photograph analysis used by law enforcement officers during the investigation of this case;

b.    All items seized or discovered by any and all searches conducted with respect to the investigation of this case, including any inventory search of the Defendant upon his arrest; or any search of his dwelling or automobiles which belonged to him or his family or were in his possession or available for his use;

c.    All documents relating to any inventory of items seized or taken or to used as evidence in this case; and

d.    All written and recorded statements made by co-conspirators or other witnesses since they constitute documents which are material to the preparation of the defense and are, therefore, discoverable pursuant to Ohio R. Crim. P. 16(B)(1)(c).

4.    Rule 16(B)(1)(d). Reports of Examination and Tests. A list of any results or reports of physical or mental examinations and any scientific experiments made in connection with this particular case which are available to or within

-3-

the possession, custody or control of the State, the existence of which are known or may by the exercise of due diligence become known to the Prosecuting Attorney, and copies of those items which may be readily reproduced.

4. 01   In addition to the list of results and/or reports requested above, the Defendant, through counsel, hereby requests the opportunity to inspect and examine any and all such results or reports.

4. 02   The Defendant requests that the results or reports include a written description of the methods of testing utilized in obtaining any and all results.

4. 03   The results and/or reports requested above include, but are not limited to:

a.   Polygraph examinations conducted upon potential government witnesses, giving the date, time, place, and identity of the person examined, along with the results thereof.

b.   The existence of latent fingerprints, procedures utilized in obtaining latent lifts and conclusions reached concerning identity of individuals based upon this investigation.

c.   Tests and procedures utilized in determining identity and quality of any suspected or alleged contraband substance, including drugs or narcotics, scheduled or unscheduled.

d.   Results and procedures utilized in any analysis pertaining to handwriting identification.

e.   Results and procedures utilized in any analysis pertaining to voice identification.

f.   Results and procedures utilized in any analysis pertaining to eyewitness

identification line-ups, photo- arrays, show-ups, and other procedures.

g.  Results and procedures utilized in any firearms or tool-mark tests or examinations.

h.  Requests, results and procedures utilized in any chemical analysis of any substance connected in any way with the charges set forth in the indictment.

i.  Results and procedures utilized in the examination of any evidence connected with the charges set forth in the indictment.

5.  Rule 16(B)(1)(e). Witnesses' Names and Addresses; Record.  A written list of all witnesses, with the witnesses the Prosecutor intends to call at trial specifically identified. The list should include names, addresses and any prior felony convictions of any such witnesses, when such record is within the knowledge of the Prosecuting Attorney.

5. 01  The addresses of the witnesses given should include their residence address.  If the residence is an apartment dwelling, then the apartment number is also requested.  If an office address is also given, then the suite number of the office is requested.

6.  Rule 16(B)(1)(f). Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Evidence Favorable to the Defendant.  All evidence known, or which may become known, to the Prosecuting Attorney favorable to Defendant, and material either to guilt or punishment.

6. 01  In light of the particularity requirement set forth in United States v. Agurs, 427 U.S. 97 (1976), the Defendant hereby specifically requests the following:

a.  Prior felony and misdemeanor convictions and/or juvenile adjudications

for all witnesses expected to be called by the government.

b.   Specific incidents of misconduct, "bad acts," by all witnesses expected to be called by the government, whether or not such conduct resulted in a criminal conviction.

c.   Disclosure by the government of any and all consideration it has held out to a witness to encourage that witness's cooperation with the government.  This request includes, but it not limited to: grants or promises of immunity; confirmed or tentative plea bargaining; monetary compensation; assistance in avoiding prosecution in other jurisdictions; omission from being named in an indictment or as an unindicted co-conspirator; any other considerations, regardless of their nature, granted, promised, suggested, or implied, which contemplate lenience or preferential treatment in exchange for cooperation with the government.

d.   The existence of pending criminal charges, either felony, misdemeanor or juvenile, as well as parole or probation status of any and all witnesses the government expects to call.

e.   The disclosure of the utilization of any line-up or show- up procedures or photographic arrays conducted in the investigation of the case; and the time, date, place, and all participants in these proceedings, as well as the particular law enforcement agency conducting same.

f.   The results of any line-up, show-up, or photographic identification proceedings as conducted by law enforcement agencies, as well as all descriptions given by witnesses regarding the identification of the

-6-

Defendant or any other alleged perpetrators.

g. Statements or summaries of statements from government witnesses and individuals the government does not intend to call as witnesses, obtained by law enforcement agencies which include references to the Defendant's lack of involvement concerning the commission of each alleged offense.

h. The disclosure of the psychiatric background of all witnesses the government expects to call at trial.

i. Any information tending to show that other persons, excluding the accused, were or could have been involved in the crime.

j. Any statements of witnesses which conflict either internally or with another statement of the same witness.

k. The names and addresses of any individuals who were considered at any time as possible suspects and the evidence that led to this conclusion.

l. Any statement of any witness or other individual which presents or indicates a doubt as to the identity of the accused, or to any element of the charge.

m. Any polygraph tests which raise some doubt as to any State witness's credibility.

n. Any evidence, information or material of any kind which does or could mitigate the punishment meted out to the Defendant, including but not limited to matters pertaining to the differences between the culpability of co-defendants with respect to the criminal acts with which they have been charged.

7. The Defendant hereby requests the prosecution to check its files (including material physically located in the files of the police conducting the investigation), and to interview all agents of the government involved in the investigation to determine whether the discovery materials requested above exist.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

-8-

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing DEFENDANT'S DEMAND FOR DISCOVERY was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio 44481, on this _7th_ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

3

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )     Case No.  01-CR-794
                             )
                  Plaintiff, )
VS.                          )
                             )
                             )     Judge Stuard
NATHANIEL JACKSON ,          )
                             )
                  Defendant. )

## DEFENDANT'S MOTION FOR APPOINTMENT OF INVESTIGATOR AND MITIGATION SPECIALIST

Now comes Defendant  NATHANIEL JACKSON, by and through his Attorneys, and moves this Court for an Order authorizing the appointment of an investigator and a mitigation specialist pursuant to Ohio Revised Code Ann. § 2929.024 (Anderson 1996).  Said appointment is allowed by law and required and reasonably necessary for the proper representation of NATHANIEL JACKSON. Support for this motion is provided in the attached memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

-1-

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

MEMORANDUM IN SUPPORT

NATHANIEL JACKSON stands before this Court charged with one count of Aggravated Murder with specifications of Aggravated Circumstances, one count of Aggravated Murder with specifications of Aggravated Circumstances, one count of Aggravated Burglary with Firearm Specifications, and one count of Aggravated Robbery with Firearm Specifications, NATHANIEL JACKSON faces a possible sentence of death.

An integral duty of counsel representing capital defendants is not only to investigate all aspects of the crime, but also to thoroughly investigate all avenues of mitigation. See Strickland v. Washington, 466 U.S. 668, 691 (1984); Glenn v. Tate, 71 F.3d 1204 (1995), cert. denied 117 S. Ct. 273 (1996). See also State v. Johnson, 24 Ohio St. 3d 87, 88, 494 N.E.2d 1061, 1063 (1986). In order to comply with counsels' ethical duties and to protect NATHANIEL JACKSON's rights to a fair trial, this Court must grant the resources necessary to prepare [his/her] defense. Ake v. Oklahoma, 470 U.S. 68 (1985).

In a capital case, the defendant's mental state and psycho-social history are always significant issues as O.R.C. § 2929.04 (B)(3) specifically states that a mental disease or defect is a mitigating factor. Under O.R.C. § 2929.04 (B)(7), any other factor concerning the defendant's life may also be

m.tigating. It is error to deny funds for psychiatric assistance when the such evidence concerns a significant issue, and is needed to enhance the defendant's case during the sentencing phase of a capital trial. <u>Tuggle v. Netherland</u>, ___ U.S. ___, 116 S. Ct. 283, 285 (1995) (per curiam); <u>Ake</u>, 470 U.S. at 83.

O.R.C. § 2929.024 provides for the appropriation of funds for experts and investigative services for indigent persons charged with capital crimes. These funds are available for both the trial phase and the sentencing phase of the proceedings. <u>State v. Jenkins</u>, 15 Ohio St. 3d 164 (1984). C.P. Sup. R. 65 (D) instructs the court to:

> provide appointed counsel, as required by Ohio law or the federal Constitution, federal statutes, and professional standards, with the investigator, mitigation specialists, mental health professional, ... and other support services reasonably necessary or appropriate for counsel to prepare for and present an adequate defense at every stage of the proceedings....

In this case, it is reasonably necessary to conduct psychological tests and interviews of NATHANIEL JACKSON in order to prepare for both the trial phase and the sentencing phase of the proceedings. It is also reasonably necessary to investigate the circumstances surrounding the crime in preparation for a defense. Counsel is unable to assess NATHANIEL JACKSON's psychological status and prepare an adequate defense without the assistance of an investigator and a mitigation specialist.

It is essential that counsel for NATHANIEL JACKSON prepare, investigate, and develop a theory of mitigation in case this matter proceeds to a capital sentencing trial. It is necessary to conduct social history interviews; educational, employment, legal, human services,

psychological, and medical records reviews; interviews with family and friends, neighbors, teachers, human service workers, coaches, doctors, and other people who can give insight into NATHANIEL JACKSON's life and history; consult with experts; and interview NATHANIEL JACKSON in order to prepare for both the trial and sentencing phases of the proceedings. Counsel is unable to investigate and develop a theory of mitigation for NATHANIEL JACKSON without the assistance of a mitigation specialist.

Counsel proposes to utilize Dr. Sandra McPherson, Ph.D. and Donald McPherson, M.Ed. at the rate of $150.00 per hour for Dr. McPherson and $90.00 per hour for Donald McPherson.

Therefore, counsel requests authorization to retain Dr. McPherson and her investigator for approximately six thousand five-hundred dollars ($6,500.00) plus expenses.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483