(330)393-7727  FAX (330)393-7076

COUNSEL FOR  NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the forgoing DEFENDANT'S MOTION FOR APPOINTMENT OF INVESTIGATOR AND MITIGATION SPECIALIST was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio 44481, on this _7th_ day of _January_, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No. 01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Judge  Stuard |
| | ) | |
| NATHANIEL JACKSON, | ) | |
| | ) | JUDGMENT ENTRY |
| Defendant. | ) | |

Motion of the Defendant, NATHANIEL JACKSON,  is well-taken.

It is therefore ordered by the Court that the Defense employ Dr. Sandra McPherson, Ph.D, at $150.00 per hour, and Donald McPherson, at $90.00 per hour for _____ hours, with a cap of $6,000.000, as expert assistance to aid in the Defense.

_____1/8/02_____
APPROVED

_____
JUDGE

1/9/02 - copies
sent to:
Pros.
A Consoldane

TO THE CL___ ___ ___ ___ ___ ___ SERVE
COPIES OF T___ ___ ___ ___ ___ ___ORD
OR UPON T___ ___ ___ ___ ___RTH-
WITH BY ___
JUDGE _____

0961   279



UNITED STATES POSTAL SERVICE

MARGARET R O'BRIEN
CLERK OF COMMON PLEAS COURT
160 HIGH ST NW
WARREN OH 44481-1005

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



1. Article Addressed to:

2001 CR 00794
THE SUPREME COURT OH
30 EAST BROAD STREET
COLUMBUS OH  43266

PS Form 3811, July 1999     Domestic Return Receipt

2. Article Number (Copy from service label)

7104 2230 1690 0891 8025

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print C . , )

B. Date of Delivery

C. Signature
X
☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee)   ☐ Yes

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )    Case No. 01-CR-794
                                        )
         Plaintiff,                     )
                                        )
-vs-                                    )    Judge  Stuard
                                        )
NATHANIEL JACKSON,                      )
                                        )    JUDGMENT ENTRY
         Defendant.                     )

Motion of the Defendant, NATHANIEL JACKSON,  is well-taken.

It is therefore ordered by the Court that the Defense employ Dr. Sandra McPherson, Ph.D, at $150.00 per hour, and Donald McPherson, at $90.00 per hour for _____ hours, with a cap of $5,000.000, as expert assistance to aid in the Defense.

_____1/14/02_____                    _____
APPROVED                                 JUDGE

1/22/02
Copies sent to

P ros.

T Consoldane

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-
WITH BY ORDINARY MAIL.
JUDGE

0962   354

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )      Case No.  01-CR-794
                                  )
          Plaintiff,              )
vs.                               )
                                  )
                                  )      Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
          Defendant.              )

### MOTIONS FILED ON BEHALF OF THE DEFENDANT

1.    DEFENDANT'S MOTION FOR BILL OF PARTICULARS

2.    DEFENDANT'S DEMAND FOR DISCOVERY

3.    DEFENDANT'S MOTION FOR APPOINTMENT OF INVESTIGATOR AND
      MITIGATION SPECIALIST

4.    DEFENDANT'S MOTION FOR A COMPREHENSIVE VOIR DIRE
      PURSUANT TO MORGAN v. ILLINOIS, 504 U.S. 719 (1992)

5.    DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE

6.    DEFENDANT'S MOTION FOR A RULE 104 HEARING

7.    DEFENDANT'S MOTION TO RECORD ALL SIDE BAR PROCEEDINGS

8.    DEFENDANT'S MOTION IN LIMINE REGARDING 'OTHER ACTS'
      EVIDENCE

9.    DEFENDANT'S MOTION TO PROHIBIT REFERENCES TO THE JURY, AT
      ANY POINT IN THESE PROCEEDINGS, THAT A VERDICT AS TO DEATH
      IS ONLY A RECOMMENDATION.  IN THE ALTERNATIVE, MOTION TO
      PROHIBIT REFERENCES TO THE BINDING OR NON-BINDING NATURE
      OF THE JURY'S DETERMINATION.

10.   DEFENDANT'S MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES

11.   DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

12. DEFENDANT'S MOTION IN LIMINE REGARDING (A) NO COMMENTS ON DEFENSE WITNESS LIST; (B) NO COMMENTS ON THE FACT DEFENSE EXPERTS DID NOT PRODUCE WRITTEN REPORTS; AND (C) NO COMMENT ON COSTS CONNECTED WITH DEFENSE EXPERTS.

13. DEFENDANT'S MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE

14. DEFENDANT'S MOTION TO PERMIT DEFENDANT TO APPEAR IN CIVILIAN CLOTHING AT ALL COURT PROCEEDINGS

15. DEFENDANT'S MOTION IN LIMINE TO PROHIBIT DISPLAY OF EXHIBITS

16. DEFENDANT'S MOTION FOR DISCLOSURE OF ANY AND ALL AGREEMENTS AND/OR BENEFITS AND/OR 'DEALS' INVOLVING PROSECUTING WITNESSES

17. DEFENDANT'S MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PRIOR TO TRIAL

18. DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTIONS

19. DEFENDANT'S MOTION FOR DISCLOSURE OF THE TRANSCRIPT OF PROCEEDINGS BEFORE THE GRAND JURY

20. DEFENDANT'S MOTION FOR SEQUESTRATION OF JURORS FOR DURATION OF TRIAL

21. DEFENDANT'S MOTION TO PERMIT DEFENSE TO ADMIT ALL RELEVANT EVIDENCE AT MITIGATION PHASE

22. DEFENDANT'S MOTION TO REQUIRE THE JURY TO ARTICULATE THE METHOD BY WHICH IT WEIGHS THE AGGRAVATING AGAINST THE MITIGATING CIRCUMSTANCES

23. MOTION REQUESTING MITIGATION PHASE INSTRUCTIONS ON REMNANT DOUBT ABOUT GUILT AND MERCY AS MITIGATING FACTORS.

24. DEFENDANT'S MOTION IN LIMINE TO LIMIT THE STATE'S ARGUMENT AT MITIGATION TO THE AGGRAVATING CIRCUMSTANCES PROVEN AT THE TRIAL PHASE

25. DEFENDANT'S MOTION TO PROHIBIT PROSECUTOR FROM COMMENTING ON DEFENDANT'S UNSWORN STATEMENT

26.   DEFENDANT'S MOTION FOR A SECOND VOIR DIRE OF THE JURY IF THE DEFENDANT IS FOUND GUILTY AT THE TRIAL PHASE

27.   DEFENDANT'S MOTION TO ALLOW FULL STATEMENT OF DEFENSE OBJECTIONS AT TRIAL AND TO REQUIRE A STATEMENT OF REASON FOR OVERRULING SAME ON THE RECORD

28.   DEFENDANT'S MOTION FOR CLOSURE OF PRETRIAL HEARINGS AND TO INSULATE VENIRE AND JURY

29.   DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PHOTOGRAPHS OF THE DECEDENTS

30.   DEFENDANT'S MOTION TO RESTRAIN IN CERTAIN PARTIES FROM DISCUSSING THE CASE WITH DEFENDANT

31.   DEFENDANT'S MOTION FOR AN ORDER REGULATING THE TRANSFER OF DEFENDANT FROM JAIL TO THE COURTROOM

32.   DEFENDANT'S MOTION TO PROHIBIT THE FILMING, PHOTOGRAPHING OR VIDEOTAPING OF THE DEFENDANT WHILE IN THE COURTROOM

33.   DEFENDANT'S MOTION TO INCREASE THE BURDEN OF PROOF TO PROOF BEYOND ALL DOUBT IN BOTH THE TRIAL AND SENTENCING PHASE

34.   DEFENDANT'S MOTION FOR ALL MOTIONS TO BE HEARD ON THE RECORD

35.   DEFENDANT'S REQUEST FOR RULINGS ON ALL MOTIONS PRIOR TO COMMENCEMENT OF TRIAL

36.   DEFENDANT'S MOTION FOR TRANSCRIPTS

37.   DEFENDANT'S MOTION FOR AN INCREASE IN THE NUMBER OF PEREMPTORY CHALLENGES

38.   DEFENDANT'S MOTION FOR ALTERNATING VOIR DIRE

39.   DEFENDANT'S MOTION TO REDUCE BIAS IN THE ANNUAL JURY LIST

40.   DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE ON SELECT TOPICS

41. DEFENDANT'S MOTION TO REQUIRE PROSECUTOR TO STATE REASONS FOR EXERCISING PEREMPTORY CHALLENGES

42. DEFENDANT'S MOTION TO SUBMIT QUESTIONNAIRE TO PROSPECTIVE JURORS

43. DEFENDANT'S MOTION TO PROHIBIT THE STATE FROM USING PEREMPTORY CHALLENGES TO EXCLUDE JURORS WHO EXPRESS CONCERNS ABOUT CAPITAL PUNISHMENT

44. DEFENDANT'S MOTION TO PROHIBIT DEATH-QUALIFICATION OF POTENTIAL JURORS UNLESS AND UNTIL THE PROSECUTION HAS SHOWN PROBABLE CAUSE THAT THE CASE WILL PROCEED TO MITIGATION

45. DEFENDANT'S MOTION TO COMPEL ALL STATE AGENTS TO TURN OVER THE PROSECUTING ATTORNYS AND TO ADVISE THEM OF ALL INFORMATION ACQUIRED DURING THE COURSE OF THE INVESTIGATION OF THIS CASE

46. DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF EXCULPATORY AND IMPEACHMENT EVIDENCE

47. DEFENDANT'S MOTION FOR AN ORDER DIRECTING THAT A COMPLETE COPY OF THE PROSECUTOR'S FILE BE MADE AND TURNED OVER TO THE COURT FOR REVIEW AND TO BE SEALED FOR APPELLATE REVIEW, IF NECESSARY

48. DEFENDANT'S CONSTITUTIONAL MOTION TO DISMISS

49. MOTION FOR PENALTY PHASE JURY INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON A VERDICT OF DEATH

50. MOTION TO INSTRUCT THE JURY REGARDING PAROLE

51. MOTION TO INSTRUCT THE JURY THAT IT IS TO RETURN A VERDICT OF DEATH ONLY AFTER THE PROPER WEIGHING, AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT

52. MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE

53.  MOTION TO INSTRUCT ON SPECIFIC MITIGATING FACTORS RAISED BY THE DEFENSE.

54.  MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATING OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION.

55.  MOTION TO INSTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES, AND NOT THE AGGRAVATED MURDER ITSELF, IN DETERMINING PUNISHMENT AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT

56.  MOTION TO ALTER DEFINITION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO "REDUCING THE DEGREE OF BLAME" AND TO REPLACE THIS WITH OTHER LANGUAGE, AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT

57.  MOTION FOR WRITTEN JURY INSTRUCTION AND OPPORTUNITY TO REVIEW

58.  MOTION FOR AUGUMENTED UNANIMITY INSTRUCTION FOR CAPITAL SPECIFICATION

59.  MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE

60.  MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE

61.  MOTION TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARACTER OF THE VICTIM OR VICTIM IMPACT

62.  MOTION TO PRECLUDE READMISSION OF TRIAL PHASE EVIDENCE AND EXHIBITS IN PANALTY PHASE, AND RELATED PROSECUTORIAL COMMENT

63.  MOTION TO PROHIBIT ANY REFERENCE TO THE FIRST PHASE AS THE "GUILT PHASE"

64.  MOTION TO ALLOW THE DEFENSE TO ARGUE FIRST AND LAST AT THE SENTENCING HEARING

65. MOTION TO CHALLENGE THE ARRAY OF THE GRAND JURY AND PETIT JURY

66. MOTION FOR CHANGE OF VENUE

67. VOIR DIRE MEMORANDUM:  THE DEFENSE MUST BE ALLOWED TO EXAMINE PROSPECTIVE JURORS REGARDING THEIR VIEWS ON CAPITAL PUNISHMENT PRIOR TO THEIR EXCUSAL

68. VOIR DIRE MEMORANDUM:  VENIREPERSONS WHO CANNOT FAIRLY CONSIDER MITIGATING EVIDENCE AND WHO WOULD AUTOMATICALLY VOTE FOR DEATH UPON A SHOWING OF GUILT MUST BE EXCUSED

69. MOTION TO PROHIBIT DEATH-QUALIFICATION OF JURY:  IN THE ALTERNATIVE, IF NECESSARY, TO SEAT A SEPARATE JURY DURING PENALTY PHASE OF TRIAL

70. MOTION TO COMPEL DISCLOSURE TO PROSECUTING ATTORNEY'S JURY SELECTION DATE

71. MOTION TO ALLOW THE DEFENSE TO ARGUE LAST AT THE PENALTY PHASE

72. DEFENDANT'S MOTION TO HAVE THE COURT FOLLOW THE OHIO REV. CODE 2945-25(C) STANDARD FOR "DEATH QUALIFICATION" OF VENIRE PERSONS

73. DEFENDANTS MOTION TO PROHIBIT THE STATE'S USE OF PEREMPTORY CHALLENGES TO EXCLUDE VENIRE PERSONS WITH CONCERNS ABOUT IMPOSING THE DEATH PENALTY.

4

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,               )       Case No.  01-CR-794
                             )
            Plaintiff,       )
VS.                          )
                             )
                             )       Judge Stuard
NATHANIEL JACKSON ,          )
                             )
            Defendant.       )

## DEFENDANT'S MOTION FOR A COMPREHENSIVE VOIR DIRE PURSUANT TO MORGAN V. ILLINOIS, 504 U.S. 719 (1992)

Defendant, through counsel, respectfully moves this Court to permit a comprehensive voir dire by permitting counsel to inquire into the potential jurors':  (1) opinions about the death penalty and their ability to be impartial; (2) ability to disregard or consider the facts and circumstances of the conviction according to the law; and (3) ability to consider in good faith the particular evidence of mitigating circumstances which arise in this case.  The grounds in support of this Motion are set out in the accompanying Memorandum in Support.

Respectfully submitted,

_David H. Bodiker / EMC_
DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

_Anthony V. Consoldane_
ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

-1-

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

MEMORANDUM IN SUPPORT

Defendant NATHANIEL JACKSON requests a comprehensive voir dire pursuant to Morgan v. Illinois, 504 U.S. 729 (1992), in order to adequately preserve his constitutional rights to a fair trial and the effective assistance of counsel during voir dire.  The Sixth Amendment to the United States Constitution guarantees a criminal defendant both a trial by an impartial jury and the right to the effective assistance of counsel during voir dire procedings. McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970); Morgan v. Illinois, 504 U.S. 719, 728 (1992); Johnson v. Armontrout, 961 F.2d 748, 754-56 (8th Cir. 1992). Voir dire provides an opportunity for counsel to insure that a jury will be impartial to the extent required by the Sixth Amendment. Morgan, 504 U.S. at 719.

The principles of federal due process as well as the Sixth and Fourteenth Amendments to the United States Constitution guarantee a defendant a trial by a "panel of impartial, indifferent jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1961); Morgan, 504 U.S. at 727 (1992).  Since "impartiality" is a state of mind, not a technical concept, a juror is impartial

-2-

when he has not formed an opinion about the case to be heard. Id. at 722, 724-5.  In the language of Lord Coke, a juror must be as "indifferent as he stands unsworn." Id.  Voir dire assures impartiality by unmasking those potential jurors who will not follow the instructions of the court and evaluate the evidence objectively, and by assisting the defendant in using his peremptory challenges as provided by statute and court rule. Rosales-Lopez v. United States, 451 U.S. 182, 188 (1981). In writing for the majority in Morgan, 504 U.S. at 733-4, Justice White stated:

> Were voir dire not available to lay bare the foundation of petitioner's challenge for cause against those prospective jurors who would always impose death following conviction, his right not to be tried by such jurors would be rendered ... nugatory ... (Emphasis in original.)

Since all venirepersons are potentially biased, the process of voir dire guarantees that the eventual collective trier of fact will not hold extreme views, i.e., "those who, in spite of the evidence, would automatically vote to convict or impose the death penalty or automatically vote to acquit or impose a life sentence." Smith v. Balkcom, 660 F.2d 573, 578-9 (5th Cir. 1981).

At times venirepersons are unaware that they maintain beliefs about the death penalty that are contrary to due process, even though they swear to uphold the law and follow the instructions of the judge. Morgan, 504 U.S. at 735-6.  A potential juror's assurances that such beliefs about the death penalty can be set aside, "cannot be dispositive of the accused's rights . . .." Murphy v. Florida, 421 U.S. 794, 800 (1975). Voir dire must be applied surgically to expose the layers of  unconstitutional thought that cloud and poison the unaware mind of the prospective juror.

The history of selecting capital jurors commenced with the seminal case of Witherspoon v. Illinois, 391 U.S. 510 (1968). In Witherspoon's trial, Illinois improperly excluded all prospective jurors who expressed any concerns over the death penalty, which then resulted in a jury "uncommonly willing to condemn a man to die." Id. at 521. The Court suggested that the focus of questioning during voir dire should be to determine if jurors are willing to consider all penalties that may be applicable even if they have conscientious scruples against the death penalty. Id. at 522, n.21.

In Wainwright v. Witt, 469 U.S. 412 (1985), the Court refined the scope of the inquiry. Because the concern over the composition of the jury stems from the Sixth Amendment right to a fair trial, the Court explained, the quest for an impartial jury is achieved by seating individuals who will conscientiously apply the law as instructed to them even if their personal beliefs would dictate a different result. Id. at 424-425. To that end, the Court abandoned the Witherspoon focus on knee-jerk decision-making and posed the question as whether a juror's personal views would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." Id.

Ohio codified the Witherspoon-Whitt inquiry as it pertains to individuals who are opposed to the death penalty. Ohio Rev. Code § 2945.25(C) (Anderson 1993) states:

> (C) In the trial of a capital offense, that he unequivocally states that under no circumstances will he follow the instructions of a trial judge and consider fairly the imposition of a sentence of death in a particular case. A prospective juror's conscientious or religious opposition to the death penalty in and of itself is not grounds for a

-4-

challenge for cause.  All parties shall be given wide latitude in voir dire questioning in this regard.

This codification of the Whitt standard was adopted by the Ohio Supreme Court in State v. Rogers, 17 Ohio St. 3d 174, 178-179, 478 N.E.2d 984, 990 (1985), vacated on other grounds, 474 U.S. 1002 (1985).  The inquiry is a basis for challenging prospective jurors.  O.R.C. § 2945.25 (O); State v. Buell, 22 Ohio St. 3d 124, 139, 489 N.E.2d 795, 808(1986); State v. Beuke, 38 Ohio St. 3d 29, 526 N.E.2d 274(1988).

Finally, in Morgan v. Illinois, 504 U.S. 719(1992), the United States Supreme Court explained the imperative of "life-qualifying" a jury and the scope of inquiry during capital voir dire.  The guiding principle the Court has sought to apply is that no individual is properly seated on a capital jury if he would unwaveringly impose death after a finding of guilt, or would never impose a sentence of death under any circumstances. Identifying individuals who fall between these polar extremes is the critical cog in the machinery of the capital voir dire because it is the only safeguard against the imposition of a sentence by a biased jury.

Justice White in Morgan identified at least three areas of inquiry in determining juror impartiality:

> We have ... come to recognize that the principles first propounded in Witherspoon v. Illinois ... the reverse of which are at issue here, demand inquiry into whether the views of prospective jurors on the death penalty would disqualify them from sitting.

Id. at 731 (emphasis added).

\* \* \*

> Any juror who would impose death regardless of the facts and circumstances of conviction cannot follow the dictates of law.

-5-

Id. at 735 (emphasis added).

\* \* \*

> A juror who will automatically vote for the death penalty in every case will fail in good faith to consider the evidence of ... mitigating circumstances as the instructions require him to do. Indeed, because such a juror has already formed an opinion on the merits, the presence ...of... mitigating circumstances is entirely irrelevant to such a juror. Therefore, based on the requirement of impartiality embodied in the Due Process Clause of the Fourteenth Amendment, a capital defendant may challenge for cause any prospective juror who maintains such views. If even one such juror is impaneled and the death sentence is imposed, the State is disentitled to execute the sentence.

Id. at 729 (emphasis added).  In summary, the Morgan Court established that in order to identify biased venirepersons, a defendant on trial for his life *must* be permitted to voir dire prospective jurors about their views on capital punishment, facts and circumstances of conviction, and willingness to consider mitigating factors. Id. 729-36.

The United States Supreme Court in Morgan then established the form or structure that voir dire questions should take in capital cases. It held that a trial court's general questions to venire members about their ability to "follow the law" were not sufficient to detect those in the venire who automatically would vote for the death penalty. Id. at 734-5. "[D]eterminations of juror bias cannot be reduced to question-and-answer sessions which obtain results in the manner of a catechism." Wainwright at 424.

The Ohio Supreme Court followed <u>Morgan</u> in <u>State v. Wilson,</u> 74 Ohio St. 3d 381, 659 N.E.2d 292(1996), with respect to the accused's right to ask prospective jurors "whether any of them would automatically vote for the death penalty regardless of the circumstances." <u>Id.</u> at 386. It then cited with approval the actions of the <u>Wilson</u> trial court during voir dire: "The trial judge asked prospective jurors approximately twenty questions about their views on capital punishment, the basis of those views, their willingness to consider mitigating evidence, the death penalty, and their commitment to follow instructions as given. The trial court also allowed counsel to inquire into these matters." <u>Id.</u> at 386.

WHEREFORE, Defendant NATHANIEL JACKSON respectfully requests this Court to permit a comprehensive voir dire by permitting counsel to inquire  1) whether the potential jurors have an opinion about the death penalty which would inhibit their impartiality, 2) whether they would be able to disregard or consider the facts and circumstances of the conviction according to the law, and 3) whether they could consider in good faith the particular evidence of mitigating circumstances which arise in this case.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_Gene K Lewis_

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoin DEFENDANT'S MOTION FOR A COMPREHENSIVE VOIR DIRE PURSUANT TO MORGAN V. ILLINOIS, 504 U.S. 719 (1992) was  delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this 23rd day of January, 2002.

_Anthony V. Consoldane_

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

-8-

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,              )      Case No.  01-CR-794
                           )
            Plaintiff,      )
VS.                        )
                           )
                           )      Judge Stuard
NATHANIEL JACKSON ,         )
                           )
            Defendant.      )

<u>DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE</u>

Defendant, through counsel, moves this Court for an order permitting the defense and prosecution to undertake individual voir dire of prospective members of the jury outside the presence and hearing of other members of the venire.  This motion is designed to facilitate the intelligent exercise of challenges while preventing prospective jurors from prejudicing or influencing others or tainting the entire pool.  A memorandum in support is attached.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

-1-

BRANCH OFFICE OF THE OHIO PUBLIC
DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076


MEMORANDUM IN SUPPORT

The trial judge has the discretion to determine the proper scope of voir dire.  State v. Mapes, 19 Ohio St. 3d 108, 115 484 N.E.2d 140, 146 (1985). See also Rosales-Lopez v. United States, 451 U.S. 182, 189 (1981).  However, the exercise of this discretion is limited by the constitutional dictates of due process and the right to be tried by an unbiased jury.  Morgan v. Illinois, 504 U.S. 719, 726-731 (1992).

"Voir dire plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." Rosales-Lopez, 451 U.S. at 188. The ability to make informed challenges during jury selection ensures the right to an impartial jury.  As Justice Harlan stated, the right to challenge is "one of the most important of the rights secured to the accused" and "[a]ny system for the empanelling of a jury that prevents or embarrasses the full, unrestricted exercise by the accused of that right, must be condemned."  Pointer v. United States, 151 U.S. 396 (1894).  Individual, sequestered voir dire facilitates the selection of an impartial jury.   It furnishes the court and the parties with the information necessary to make an intelligent exercise of the right to challenge and excuse prospective jurors.

A capital defendant must be given sufficient latitude to voir dire prospective jurors. State v. Jenkins, 15 Ohio St. 3d 164, 186, 473 N.E.2d 264, 286 (1984).

> Capital trials are unique and ponderous occurrences, distinct from any other exercise of state power. When the machinery of the state seeks to extinguish a life, we must especially ensure that the process employed to accomplish that end complies with the defendant's right to a fair trial by an impartial jury.

Trujillo v. Sullivan, 815 F.2d 597, 607 (10th Cir. 19__), cert. denied, 484 U.S. 929 (1987). The United States Supreme Court recognized the sensitive and unique nature of capital trials when it declared in Witherspoon that inquiry into the prospective juror's views on the death penalty is mandated to prevent a biased jury or "a tribunal organized to return a verdict of death." Witherspoon v. Illinois, 391 U.S. 510, 520 (1968). A thorough, searching inquiry is necessary to detect a biased juror. See Morgan, 504 U.S. at 734-35. This can best be accomplished through individual, sequestered voir dire.

In addition to these concerns, the sensitive and serious nature of this case indicates that individual, sequestered voir dire would be the most effective and economical way of obtaining an impartial jury:

1) Publicity: This case has already generated an enormous amount of publicity. Doubtless, more potentially prejudicial publicity will be forthcoming as the proceedings continue. NATHANIEL JACKSON has an absolute right to question prospective jurors about their knowledge of this case. Questioning prospective jurors en masse about their

knowledge of the case risks tainting the entire jury pool.  <u>Irvin v. Dowd</u>, 366 U.S. 717 (1961).

 2) <u>Death Penalty</u>:  Because this is a capital case, this Court must distinguish between prospective jurors who would automatically vote in favor or against the death penalty regardless of the law.  A probing and searching voir dire on the issue of the death penalty is required to detect partiality.  General "follow-the-law" questions are inadequate.  "It may be that a juror could, in good conscience, swear to uphold the law and yet be unaware that maintaining such dogmatic beliefs about the death penalty would prevent him or her from doing so."  <u>Morgan</u>, 504 U.S. at 735.  NATHANIEL JACKSON has an absolute right to inquire into each potential juror's attitudes about the death penalty and whether they could consider mitigating circumstances as mandated by Ohio law. <u>Id.</u>

 3) <u>Life Sentence or Reversal on Appeal</u>:  The notion of early parole is so ingrained in the average citizen that it requires a true optimist to assume that a juror will merely ignore this possibility.  A study documented in <u>White v. State</u>, 532 So. 2d 1207 (Miss. 1988) revealed that 65 % of jurors polled believed that a life sentence for murder means a prisoner may be paroled in five to ten years.  <u>See also</u> Anthony Paduano & Clive Stafford Smith, <u>Deathly Errors:  Juror Misperceptions Concerning Parole in the Imposition of the Death Penalty</u>, 18 Colum. Hum. Rts. L. Rev. 211 (1987).  Further, if one juror reveals his or her belief that the death penalty will not actually be carried out because of the "extensive" judicial review, the

entire pool could be tainted. <u>See</u> <u>Caldwell v. Mississippi</u>, 472 U.S. 320, 328-29 (1985) ("it is constitutionally impermissible to rest a death sentence on a determination by the sentencer that the responsibility for determining the appropriateness of the defendant's sentence rests elsewhere.")  This inquiry can only be done individually.

4)  <u>Assertion of Constitutional Rights</u>:  Jurors often believe that the defendant should "tell his side of the story" or "prove his innocence."  Nothing is more fundamental to a fair trial than that the accused has a Fifth Amendment right to remain silent.  <u>Griffin v. California</u>, 380 U.S. 690 (1965).  Only individual voir dire will ferret out these common prejudices without tainting the entire jury pool.

5)  <u>Mental Illness and Insanity</u>:  The United States Supreme Court has held that jurors "may not refuse to consider ... 'any relevant mitigating evidence.'"  <u>Hitchcock v. Dugger</u>, 481 U.S. 393, 394 (1987) (citations omitted).  NATHANIEL JACKSON has a constitutional right to voir dire jurors on their attitudes of insanity or mental illness.  It is possible that a juror might think that because the accused is mentally ill, he or she would be *more* dangerous in the future, and therefore, should be executed.  It is also possible that a juror might think that a finding of insanity means that the defendant is "getting off" for the commission of the crime. However, the constitution forbids a juror from considering mental illness as anything but mitigating.  <u>Zant v. Stephans</u>, 462 U.S. 862 (1983).  Further, a juror's experience with mental illness, either the juror's own or

in others, is a sensitive topic that typically a juror is reluctant to broadcast to the general public.

6) <u>Other Sensitive Areas</u>:  Issues of child abuse, job loss, substance abuse, and neglect are sensitive issues which any juror would be loath to discuss his or her own personal experiences in public.  NATHANIEL JACKSON has a right to inquire into these areas.  Any childhood abuse must be considered a mitigating factor. <u>Eddings v. Oklahoma</u>, 455 U.S. 104, 115 (1982). Indeed, any of the factors listed above may be considered mitigating. O.R.C.  §  2929.04  (B)(7).  NATHANIEL JACKSON has an absolute right to determine a juror's ability to consider any of these mitigating factors. <u>Morgan</u>, 504 U.S. 719.

7) <u>Other Prejudicial Matters</u>:  There may be other areas, as yet unforeseen, where highly prejudicial matters will come up which must be dealt with on an individual basis.  "[I]t is clear that the [Supreme] Court presupposed the right to a searching and extensive voir dire where the potential for prejudice exists... [V]oir dire must be adequate to unearth potential prejudice" in the jury pool." <u>Jordan v. Lippman</u>, 763 F.2d 1265, 1275-1278 (11th Cir. 1985) (citing <u>Irvin v. Dowd</u>, 366 U.S. 717).

All this care in voir dire during a capital case is required because this Court cannot simply rely upon a juror's assurances of impartiality. <u>Irvin</u>, 366 U.S. at 728 (jurors' statements of their own impartiality to be given "little weight" due to "unconscious mental processes."). Individual questioning will prevent the "inhibiting effect of a large audience" as the well the tendency for jurors to parrot the responses of their peers or give what the jurors believe is the "correct" answer to a question. <u>See</u>  <u>Berryhill</u>

v. Zant, 858 F.2d 633, 640-642 (11th Cir. 1988) (J. Clark, concurring).  In short, a thorough, searching, individualized voir dire will enable this Court to unearth information which is critical to ensuring NATHANIEL JACKSON receives a fair trial.

WHEREFORE,  the Defendant prays this Court grant this motion for an individual, sequestered voir dire.    Should the Court be inclined to deny this Motion, Defendant would like to be heard on this issue.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC
DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR INDIVIDUAL SEQUESTERED VOIR DIRE was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

-8-

6

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| STATE OF OHIO, | ) | Case No. 01-CR-794 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Judge Stuard |
| VS. | ) | |
| | ) | |
| NATHANIEL JACKSON, | ) | |
| | ) | |
| Defendant, | ) | |

## DEFENDANT'S MOTION FOR A RULE 104 HEARING

Defendant, through counsel, respectfully requests this Court to hold a hearing to determine the relevancy and admissibility of all evidence the State intends to use at trial, which evidence implicates Ohio R. Evid. 104, including but not limited to the qualifications of a person to be a witness, especially those claimed to be experts; the existence of a privilege; the admissibility of any alleged confessions; and all other questions of admissibility which need to be addressed out of the hearing of the jury.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

-1-

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>MEMORANDUM IN SUPPORT</u>

Ohio Rule of Evidence 104 states:

(A)  QUESTIONS OF ADMISSIBILITY GENERALLY.

Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (B).  In making its determination it is not bound by the rules of evidence except those with respect to privileges.

(B)  RELEVANCY CONDITIONED ON FACT.

When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

(C)  HEARING OF JURY.

Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury.  Hearings on other preliminary matters shall also be conducted out of the hearing of the jury when the interests of justice require.

(D)  TESTIMONY BY ACCUSED.

The accused does not, by testifying upon a preliminary matter, subject himself to cross-examination as to other issues in the case.

(E)  WEIGHT OF CREDIBILITY.

-2-

> This rule does not limit the right of a party to introduce before the jury evidence relevant to weight or credibility.

Given the nature of the charges <u>sub judice</u>, Defendant assumes the State intends to admit expert testimony regarding scientific and/or medical procedures underlying the State's accusations.  Any such evidence would properly be deemed relevant and admissible only if certain factual conditions are fulfilled.

Therefore, in light of Ohio R. Evid. 104, Defendant, through counsel, respectfully requests this Court to hold a pre-trial hearing at which the State's proposed expert witnesses and any evidence intended to be admitted through them shall be subjected to direct and cross-examination in order to determine the relevancy and admissibility of such evidence.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR A RULE 104 HEARING was forwarded by regular U.S. Mail to the the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____ 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

7

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No. 01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | Judge Stuard |
| | ) | |
| NATHANIEL JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO RECORD ALL SIDE BAR PROCEEDINGS

Side bar discussions of various issues commonly occur during the course of any trial when relatively brief matters need to be addressed without the jurors overhearing the discussion between counsel and the court. Because this is a capital case, a complete record of all trial court proceedings, including side bar discussions, must be made in order to ensure that there is a complete record for review during any post-trial proceedings that will be required if Defendant is convicted.

Failure to accurately and completely record all side bar proceedings would undermined Defendant's constitutional rights to appeal any adverse findings or rulings made during unrecorded side bar proceedings. U.S. Const. amends. V, VI, VIII, IX, and XIV; Ohio Const. Art. I, §§ 1, 2, 5, 9, 10, 16, and 20; Ohio Adult Parole Authority v. Woodard, 523 U.S. 272 (1998) (five Justice recognized a distinct "life" interest protected by the Due Process Clause in capital cases above and beyond liberty and property interests.)

17

Evitts v. Lucy, 469 U.S. 387, 401 (1985).  Death is different.  For that reason more process is due, not less.  All measures must be taken to prevent arbitrary, cruel, and unusual results in a capital trial.  See Lockett v. Ohio, 438 U.S. 586 (1978); Woodson v. North Carolina, 428 U.S. 280 (1976).

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076
COUNSEL FOR NATHANIEL JACKSON

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing DEFENDANT'S MOTION TO RECORD ALL SIDE BAR PROCEEDINGS was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, this 23rd day of January, 2002.

Anthony V. Consoldane
Attorney for Defendant

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No. 01-CR-794
                                  )
              Plaintiff,          )
                                  )
VS.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
              Defendant.          )

DEFENDANT'S MOTION IN LIMINE
REGARDING "OTHER ACTS" EVIDENCE

Defendant, through counsel, respectfully requests this Court to issue an order prohibiting the prosecutor from admitting evidence of any "other acts" allegedly committed by the Defendant without first disclosing the proposed evidence at a pre-trial hearing for the purpose of determining its admissibility pursuant to Ohio Rev. Code Ann. § 2945.59; and Ohio R. Evid. 401, 403, 404(B) and 104(B). Any reference to such evidence, made during voir dire, opening statement, or during trial, only to be deemed inadmissible at trial would (once heard by the jurors) fatally prejudice Defendant's rights to a fair trial, due process, confrontation of witnesses and effective assistance of counsel as guaranteed to him by Article I, Sections 10 and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

-1-

_(signature)_

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_(signature)_

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

MEMORANDUM IN SUPPORT

Defendant asserts that the Plaintiff may intend to introduce evidence alleging that Defendant perpetrated criminal acts and/or engaged in "bad acts" other than those necessary to present a _prima facie_ case to support the instant charge.  Defendant will supplement this motion with particular facts either in writing or at a hearing on the instant motion after the State responds to Defendant's discovery requests.  Obviously, the material factual issues created by the instant indictment are centered upon whether or not Defendant committed the act alleged in the indictment, not other "bad acts."

Ohio R. Evid. 404(B) governs the admissibility of "other acts" evidence:

> Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for

other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

This Rule "must be strictly construed against the state," State v. Burson, 38 Ohio St. 2d 157, 311 N.E.2d 526, 528 (1974), in order to protect against "the potential for the most virulent kind of prejudice for an accused – that is, the possibility that he may be convicted not so much for what is proven concerning the crime *sub judice*, but for what he is shown to have committed on some other occasion." State v. Snowden, 49 Ohio App. 2d 7, 8, 359 N.E.2d 87, 89-90 (1976). The State must not be allowed to admit "other acts" evidence to prove a propensity to commit the indicted offenses alone. The admission of such evidence would violate the criminal rule prohibiting proof of propensity. "A hallmark of the American criminal justice system is the principal that proof that the accused committed a crime other than the one for which he is on trial is not admissible when its sole purpose is to show the accused's propensity or inclination to commit crime." State v. Curry, 43 Ohio St. 2d 66, 68, 330 N.E.2d 720, 723 (1975).

Arguably, evidence of "propensity" may meet the broad definition of relevancy set forth in Ohio R. Evid. 401. However, the platitude that all relevant evidence is not admissible applies with perhaps its greatest power when restricting "bad acts" evidence. Ohio R. Evid. 404(B) itself begins with the general prohibition that: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." In addition to generic relevancy – and in order to avoid merely proving propensity – the other acts evidence must address a material issue of fact in a particular trial in order to be admissible. As stated in Curry, 43 Ohio St. 2d 66, 67, 330 N.E.2d 720 at 722 in its syllabus: "Evidence of other acts of a criminal

-3-

defendant is admissible, pursuant to R.C. 2945.59, only if one or more of the matters enumerated in the statute is a material issue at trial and only if such evidence tends to show the material enumerated matter."

"The burden is ... on the proponent of the extrinsic act to demonstrate that the relevancy of the extrinsic act does not pertain to propensity and conforming conduct." Weissenberger's Ohio Evidence, § 204.23. To protect a criminal defendant's constitutional rights to fair trial, confrontation and effective assistance of counsel, the court in State v. Smith, 59 Ohio App. 2d 194, 199, 392 N.E.2d 1264, 1268 (1977), recommended the following procedure:

> Where the state seeks to use evidence of collateral crimes in its case in chief, it would be prudent (if not mandated by the due process requirement of advance notice) to give the defense specific adequate pre-trial notice and to advise the trial court to screen the evidence in absence of the jury. The trial court should 'pin down' the prosecution as to whether or not the evidence is limited purpose evidence and force the state to declare precisely what specific purpose the evidence is claimed to serve.

For these reasons, the Defendant, through counsel, respectfully requests this Court to hold

"other acts" it intends to present at trial so that this Court may rule on its admissibility.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION IN LIMINE REGARDING "OTHER ACTS" EVIDENCE was was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this ___ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

-5-

9

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No.  01-CR-794
                                  )
                 Plaintiff,       )
VS.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
                 Defendant.       )

MOTION TO PROHIBIT REFERENCES TO THE JURY,
AT ANY POINT IN THESE PROCEEDINGS, THAT A
VERDICT AS TO DEATH IS ONLY A RECOMMENDATION.
IN THE ALTERNATIVE, MOTION TO PROHIBIT
REFERENCES TO THE BINDING OR NON-BINDING
NATURE OF THE JURY'S DETERMINATION

    Now comes defendant, by and through undersigned counsel, and
respectfully moves this Honorable Court in limine to prohibit the
prosecutor, the defense counsel, and this Court itself from informing the
potential jurors that a verdict as to death is a non-binding recommendation
upon the trial court.  In the alternative the defendant respectfully moves
this Honorable Court in limine to prohibit references to the binding or non-
binding nature of the jury's determination.

                        Respectfully submitted,


                        _____
                        DAVID H. BODIKER  #0016590
                        OHIO PUBLIC DEFENDER

                        _____
                        ANTHONY V. CONSOLDANE #0000761

ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_____

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


MEMORANDUM IN SUPPORT


It has become common practice in Ohio death penalty cases for prosecutors, judges and defense attorneys to inform potential jurors in voir dire that a jury's verdict of death is non-binding upon the trial judges, and it is the trial judge who makes the actual decision as to whether to impose death.  Some prosecutors have gone so far as to argue this fact in closing argument and some judges have now incorporated this in their penalty charge to the jury.

The propriety of these remarks and their effect in diminishing the jury's sense of responsibility and thereby encouraging a jury's verdict of death, was addressed by the Supreme Court of Ohio in State v. Jenkins (1984), 15 Ohio St. 3d 164, 202.  The Court held that such remarks were

improper but did not require reversal in that case.  The Court further held that while the remarks were constitutionally acceptable pursuant to California v. Ramos (1983), 463 U.S. 992, it would prefer that such remarks not be made in future cases in the State of Ohio.  It is significant, however, that the remarks in Ramos subsequently have been declared unconstitutional under the California constitution.  People v. Ramos (1984), 207 Cal. Rep. 800, 689 P. 2d 430.


The United States Supreme Court in Caldwell v. Mississippi (1985), 472 U.S. 326, held that it is impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the state appellate courts have the ultimate responsibility for determining the appropriateness of the defendant's death sentence.  The defendant respectfully submits that the reasoning applied by the Court in Caldwell is applicable to the present case.

Any statement that the jury's imposition of the death sentence is only a recommendation is a serious misstatement of the actual procedure of the Ohio Courts.  State v. Drewey Kiser (Jan. 10, 1983), Ross. C.P. No. 82-CR-69, unreported; State v. Alonzo Wright (April 24, 1987), Cuyahoga C.P. No. CR 211379, unreported; State v. Eddie Robertson (April 20, 1989), Montgomery C.P. No. 88-CR-3179, unreported; State v. John Parsons (Oct. 19, 1990), Franklin

C.P. No. 88-CR-01-279, unreported.  While the statute may speak in terms of "recommending" the death penalty, this "recommendation" has in practical effect become binding upon Ohio trial judges.  The review provided by the trial judges in the State of Ohio has been no more likely to set aside jury death recommendation than the Mississippi appellate courts in Caldwell.

The defendant further respectfully contends that any remarks concerning a non-binding nature of the jury's death verdict misinforms the jury concerning the finality of its decision and creates an unacceptable risk that the death penalty would be meted out arbitrarily or capriciously.  The prosecutor's remarks minimize the jury's sense of responsibility for determining the appropriateness of the sentence and therefore reduce the reliability of its decision.  Such unreliability cannot be tolerated when death is a possible punishment.

In Caldwell, supra, at 2645, the Court found that this unreliability would be caused by two factors:  that the misstatement would cause a bias in favor of death, and that the statement interjected irrelevant factors in the sentencing process.

This biasing effect in favor of death occurs because a jury is more likely to vote for the death penalty, believing that its decision will be reviewed in the future by an appellate court.  However, because the appellate court applies only a very limited review, the defendant may be

put to death without any sentencer having ever made a decision that death was the appropriate sentence. Caldwell, supra. This reasoning in Caldwell applies equally well to any remark that might be made in the present case. Unreliability is fostered because the fact that the judge makes the final decision is not a relevant sentencing consideration. This fact does not supply the jury with any information concerning the crime or the appropriate sentence. The remarks also encourage the jury to consider less seriously its decision because it causes the jury to send the messages "of extreme disapproval" because it is the judge who makes the final decision.

The defendant respectfully contends that the mere fact that the Caldwell reference was to appellate review and the reference in the present case would be to the trial judge's review, is not significant. As indicated earlier, the review provided by Ohio trial judges is less likely to set aside a jury death recommendation than the appellate courts in Mississippi. Legal authorities have strongly condemned the type of argument the defense wishes to avoid in the present case where the prosecution classifies the jury's verdict as a suggestion and thereafter refers to review by the trial judge. The primary reason for these decisions is that juries will tend to approach sentencing decisions less cautiously if they have been assured that any error will corrected by the trial judge. As the Alabama Court of Criminal Appeals stated:

A jury should perform its duty both as to the questions of guilt and as to the extent of punishment, within the province of the jury, irrespective of what someone else, including the trial court, appellate courts and all probation, parole and pardoning authorities might do in the future.  This is not a matter for the jury to consider.  A rule permitting any agency in the administration and execution of justice to knowingly attempt to ease its conscience or evade its responsibility in the assumption that another agency will rectify its failure to perform its separate responsibility would lead inevitable to subversion, irrespective of the good intentions that might at times prompt such action.

Murray v. State (Ala. Crim. App. 1978), 359 So. 2d 1178, 1180, citing Lee v.

State (1957), 265 Ala. 623, 629, 93 So. 2d 757, 763.

In State v. Tyner (1979), 273 S.C. 646, 258 S. E. 2d 559, the prosecutor

stated:

If you make a recommendation of the death penalty, it does not stop there because you are making that recommendation and then he [the judge] must decide if you are right or not in your recommendation.  No other crime in South Carolina has that.  Then, he makes his determination.  He can say you were wrong and give the defendant life imprisonment.  He can say that you were right, that the facts did warrant the death penalty, and he can make an affirmative finding that the facts and evidence warranted the death penalty in this case.

258 S.E. 2d 656-66.  The prosecutor then went on to discuss in great detail

the appellate review process all the way through this Court.  The South

Carolina Supreme Court vacated the death sentence holding that:

the solicitor's closing argument diverted the jury from its duty to decide appellant's punishment on the basis of the evidence presented * * *.

258 S.E. 2d at 666.

Informing the jury that its decision is but a recommendation is not sustainable, even if this were an accurate statement of the law, and practice. (In <u>State</u> v. <u>Rogers (II)</u> (1986), 28 Ohio St. 3d 427, the Ohio Supreme Court majority relied on the purported accuracy of the recommendation instruction to distinguish <u>Caldwell</u>.)  The constitution is offended not only by inaccurate information conveyed to the jury, but also by conveying constitutionally irrelevant information to the jury.  For instance, one can consider the United States Supreme Court's decisions in <u>Ramos</u> to demonstrate this concern.  In <u>Ramos</u>, the instruction regarding the possibility of commutation was permissible as it directed the jury to consider a constitutionally relevant factor in the determination of sentence: the future dangerousness of the defendant.  Even if accurate information, thus the interest in jury education does not extend to constitutionally irrelevant information, as this information created the risk of arbitrary and unreliable sentencing violative of the Eighth and Fourteenth Amendments.

The fact that a jury's decision is a recommendation, or is binding or non-binding in nature, is constitutionally irrelevant.  It does not in any way relate to the purposes of capital punishment (deterrence of retribution), or to the need for individualized consideration of the offense and offender in determining sentence.  In point of fact, this information can only serve a constitutionally impermissible purpose; the lessening of the jury's sense of

responsibility, and skewing of the jury toward a death verdict (as it is non-binding) by speculation about the actions of another on grounds wholly unrelated to the individual offense or offender.  The State of Ohio has given the jury the duty to select the hangman's victims.  The jury cannot be distracted from that solemn duty by irrelevant and misleading information.

For these reasons, the defendant respectfully moves this Honorable Court for an order, in limine, prohibiting the prosecutor, the Court and the defense attorneys from making any reference to the jury's sentencing verdict as a "recommendation," or alternatively to its binding or non-binding nature.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

8

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this 23rd day of January, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

10

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )        Case No. 01-CR-794
                             )
            Plaintiff,        )
vs.                          )
                             )
                             )        Judge Stuard
NATHANIEL JACKSON ,           )
                             )
            Defendant.        )

<u>DEFENDANT'S MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES</u>

Defendant, through counsel, respectfully moves this Court to compel the State to disclose the names of the rebuttal witnesses it reasonably anticipates calling at both phases of trial.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

-1-

20

## MEMORANDUM IN SUPPORT

Ohio R. Crim. P. 16(B)(1)(e) states in part that: "Upon motion of the defendant, the court shall order the prosecuting attorney to furnish to the defendant a written list of the names and addresses of all witnesses whom the prosecuting attorney intends to call at trial. ..." In addition, Ohio R. Crim. P. 16(D) states that the prosecuting attorney has a continuing duty to disclose the witnesses he intends to call at trial. These provisions indicate the clear duty of the State to disclose the names of its witnesses prior to trial.

Disclosure of this information must be timed to enable effective preparation for trial. See United States v. Polisi, 416 F.2d 573, 578 (2nd Cir. 1969); United States v. Kaplan, 554 F.2d 577, 580 (3rd Cir. 1977); United States v. Baxter, 492 F.2d 150, 173-174 (9th Cir. 1973), cert. denied, 416 U.S. 940 (1974); Gorham v. Wainwright, 588 F.2d 178, 180 (5th Cir. 1979); Clay v. Black, 479 F.2d 319, 320 (6th Cir. 1973); Hamric v. Bailey, 386 F.2d 390, 393 (4th Cir. 1967).

In State v. Howard, 56 Ohio St. 2d 328, 383 N.E.2d 912 (1978), the Ohio Supreme Court indicated that, under Ohio R. Crim. P. 16, the State has a duty to submit the names of all witnesses whom it reasonably anticipates calling whether in its case-in-chief or on rebuttal, ..." to remove the element of gamesmanship from a trial. The state should furnish upon a proper demand the names of all witnesses it reasonably anticipates it is likely to call, whether in its case-in-chief or in rebuttal." 56 Ohio St. 2d , 333, 383 N.E.2d, 915. The Court explicitly extended the witness disclosure requirement to rebuttal witnesses.

Thus, the names of witnesses must be disclosed as soon as the prosecuting attorney first reasonably anticipates the use of the witnesses so that defense counsel can conduct appropriate investigation and interviews and otherwise prepare for trial. Immediate disclosure is necessary for defense counsel to participate intelligently in jury selection, present a knowledgeable opening statement, and undertake effective cross-examination.

In the event that the prosecutor does not timely inform the defense of the State's rebuttal witnesses, counsel will be forced to move for, and the court will be compelled to grant, a mistrial. An intentional or knowing refusal to disclose an anticipated witness amounts to active misconduct by the prosecutor. Under these circumstances, the refusal to disclose the identity of rebuttal witnesses must be presumed prejudicial and grounds for a mistrial. Support for this rule can be found in State v. Mitchell, 47 Ohio App. 2d 61, 352 N.E.2d 636 (1975). In its decision, the Second District cited with approval two federal cases, United States v. Panzar, 418 F.2d 1239 (5th Cir. 1969), and Clark v. Burke, 440 F.2d 853 (7th Cir. 1971), cert. denied, 404 U.S. 1039 (1971); accord State v. Emmons, 57 Ohio App. 2d 173, 176, 386 N.E.2d 838, 840-841 (1978); State v. Sims, 3 Ohio App. 3d 321, 326, 445 N.E.2d 235, 240-241 (1981). These cases were noted as authority for the proposition that the State's active misconduct in withholding the names of witnesses before trial was grounds for reversal even in the absence of any damaging effect. Mitchell, 47 Ohio App. at 79, 352 N.E.2d at 647. This is the appropriate standard under the circumstances given the subversion of the purpose the Supreme Court recognized as underlying the witness disclosure rule.

Gamesmanship is exalted when the State can intentionally or knowingly disregard the mandates of the Criminal Rules and the rulings of the Supreme Court. The State may not engage in active misconduct in failing to disclose before trial its intent to call rebuttal witnesses. This active misconduct is sufficient grounds for mistrial.

Ohio R. Crim. P. 16(E)(3) requires that if a party has failed to comply with its discovery obligations, then the court may order a continuance, prohibit the party from introducing the evidence, or make such order as it deems just under the circumstances. Accord State v. Mitchell, id.

In this case, defense counsel serves notice that they will be rendered ineffective by any failure by the State to disclose rebuttal witnesses. Without the disclosure of rebuttal witnesses, the defense will be unable to effectively investigate the case against Defendant, to intelligently decide what theories of defense to pursue, to competently select a jury free of biases against the legal principles inherent in the defense theories, to present accurate opening statements, to undertake meaningful cross-examination, and to present a consistent case in defense. In short, the State's failure to disclose rebuttal witnesses will prevent the defense attorneys from providing constitutionally adequate assistance of counsel. Blake v. Kemp, 758 F.2d 523 (11th Cir. 1985), cert. denied, 474 U.S. 998 (1985).

The State's failure to comply with the discovery rules and to inform the defendant of witnesses whom it reasonably anticipates calling at trial will violate defendant's rights to due process, fair trial, equal protection, effective assistance of counsel and against cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United

States Constitution, and Sections 2, 9, 10 and 16, Article I, of the Ohio Constitution.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR DISCLOSURE OF REBUTTAL WITNESSES was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this ____ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No. 01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO SUPPRESS STATEMENTS

Now comes Defendant, through counsel, and respectfully requests that this Court suppress any statements made by him to law enforcement officials and/or their agents and further to suppress any evidence obtained from the disclosures of any statements. U.S. Const. amend. V and XIV; Ohio Const. art. I, § 10.

Respectfully submitted,

DAVID H. BODIKER   #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue

-1-

Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


MEMORANDUM IN SUPPORT

    The Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Ohio Constitution provide a suspect in a criminal or traffic case with the right to remain silent. Investigating officers must advise a suspect of his right to remain silent and to have a lawyer present during the interrogation, Miranda v. Arizona, 384 U.S. 436 (1965).  Any statements made by a suspect may be used against him at trial only upon proof that he was advised of his rights and, if advised, that he knowingly, intelligently and voluntarily waived his rights to counsel and to remain silent.  Miranda, supra; State v. Cassia, 28 Ohio St. 2d 141, 277 N.E. 2d 435 (1971); State v. Scott, 61 Ohio St. 2d 155, 400 N.E.2d 375 (1980).

    In the case sub judice, preliminary discovery documents indicate that law enforcement officials apparently obtained from NATHANIEL JACKSON during custodial interrogations.

    NATHANIEL JACKSON, through counsel, asserts that he was not properly advised of his rights in a timely manner before being subjected to a custodial interrogation.  Alternatively, if this Court concludes that law enforcement officials informed NATHANIEL JACKSON of his rights to remain silent and to have counsel present, then his counsel assert that NATHANIEL JACKSON did not knowingly, intelligently and voluntarily waive his rights to remain silent and to have counsel present.  Therefore, the statements

-2-

obtained from the defendant must be suppressed.  <u>Wong Sun v. United States</u>, 371 U.S. 471 (1963); <u>Mapp v. Ohio</u>, 367 U.S. 643 (1961).

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION TO SUPPRESS STATEMENTS was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this 22nd day of January, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

12

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,             )     Case No. 01-CR-794
                     )
    Plaintiff,      )
                     )
  -v-              )     Judge Stuard
                     )
NATHANIEL JACKSON,   )
                     )
    Defendant.   )

**DEFENDANT'S MOTION IN LIMINE REGARDING
(A) NO COMMENTS ON DEFENSE WITNESS LIST;
(B) NO COMMENTS ON THE FACT DEFENSE EXPERTS
DID NOT PRODUCE WRITTEN REPORTS; AND
(C) NO COMMENT ON COSTS CONNECTED WITH DEFENSE EXPERTS**

Defendant, through counsel, respectfully requests that this Court issue an order in limine barring Plaintiff from commenting on (A) the names of experts identified on the witness list Defendant provided pursuant to Ohio R. Crim. P. 16(C)(1)(c) and 16(C)(3); (B) the fact that Defendant's experts did not generate written reports; and/or (C) the fact that the costs of any defense experts will ultimately born by the taxpayers due to Defendant's indigence.  State v. Fears, 89 Ohio St. 3d 329 (1999).

**MEMORANDUM IN SUPPORT**

**A.**   **No Comment On Witness List**

Defendant complied with his obligation to provide Plaintiff with a witness list pursuant to Ohio R. Crim. P. 16(C)(1)(c).  "The fact that a witness name is on a witness list furnished under subsection (C)(1)(c), and that the

witness is not called shall not be commented upon at the trial."  Ohio R. Crim. P. 16(C)(3).

## B.   NO COMMENT ON ABSENCE OF AN EXPERT'S PRE-TRIAL REPORT

Defendant's experts were under no obligation to generate written reports in advance of trial.  Indeed, for defense experts pretrial reports would be wholly inappropriate and premature because Defendant's experts are permitted to base their opinion on "those [facts] perceived by [them] or admitted in evidence at the hearing."  Ohio R. Evid. 703.  Since Defendant bears no burden of proof, it is impossible for him, his counsel, or the defense experts to formulate a final response to Plaintiff's case until Plaintiff rests (including the decision whether or not it is even necessary to call certain experts who may have been retained to ensure effective preparation for situations that, as it turns out, did not develop in Plaintiff's case).

Defendant is under no obligation to require his prospective experts to prepare pre-trial reports.  State v. Fears, 89 Ohio St. 3d 329, 334-335 (1999) (prosecution's comments on the absence of a written report from a defense expert deemed error, albeit harmless in Fears).  Defendant through counsel asks this Court to forbid any reference to this matter in order to protect Defendant's constitutional rights

## C.   NO COMMENT ON PAYMENT FOR DEFENDANT'S EXPERTS' TIME

Defendant requests that this Court issue an order in limine preventing Plaintiff from adducing any evidence on the topic of

compensating Defendant's experts for their time.  Questions or evidence along this line will inevitably and improperly implicate the jurors pecuniary interests to the prejudice of Defendant's constitutional rights.  See Fears, id. 334 (error albeit harmless) (but see Moyer, C.J. dissenting id. 358); State v. Muskus, 158 Ohio St. 276, syl. para. 2 (1952).

**D.    RELIEF REQUESTED**

Defendant requests that this Court issues orders in limine prohibiting Plaintiff from adducing evidence, posing questions, or commenting in closing upon (A) Defendant's witness list; (B) the absence of reports from Defendant's experts; and (C) matters related to the costs incurred in connection with Defendant's expert witnesses.

Defendant is entitled to the relief requested herein to protect his State and Federal constitutional rights to effective assistance of counsel, due process of law, equal protection of the law, confrontation of the state's evidence against him, and freedom from cruel and unusual punishment.  U.S. Const. amends. V, VI, VIII, IX and XIV; Ohio Const. Art. I, §§ 1, 2, 5, 9, 10, 16 and 20; Evitts v. Lucey, 469 U.S. 387 (1985); Ohio Adult Parole Authority v. Woodard, 523 U.S. 272 (1998) (five Justices recognized a distinct "life" interest protected by the Due Process Clause in capital cases above and beyond liberty and property interests); Lockett v. Ohio, 438 U.S. 586 (1978); Woodson v. North Carolina, 428 U.S. 280 (1976).

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076
COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, this ___ day of _____ , 2002.

Anthony V. Consoldane
Attorney for Defendant

13

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )        Case No. 01-CR-794
                             )
              Plaintiff,      )
VS.                          )
                             )
                             )        Judge Stuard
NATHANIEL JACKSON ,          )
                             )
              Defendant.      )

## DEFENDANT'S MOTION TO PROPERLY PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE

Defendant, through counsel, respectfully moves this Court to order the Trumbull County Sheriff's  Department and the Trumbull County Prosecuting Attorney's Office to take immediate steps to properly preserve and fully catalog all items of physical evidence gathered in this case.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER

328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>MEMORANDUM IN SUPPORT</u>

The defense hereby officially requests that every article or item of physical evidence known to or collected by any law enforcement agency or any member of the prosecution team be fully identified, cataloged and preserved in a manner which will allow defense experts to perform testing at a later date, without the loss of any relevant information caused by improper preservation or destruction of the evidence.  The ability of these experts to derive useful information from the evidence depends on their ability to test it while it is in the same or nearly the same state in which it existed at the time it was found.  As time passes, and in the absence of proper preservation, control and inventory, the evidence will decay, or be damaged or destroyed.  Only the immediate identification, preservation and maintenance of the evidence will prevent the occurrence of any reversible error caused by improper evidence destruction.

The defense has the right to be provided with all evidence which is favorable to him under Ohio R. Crim. P. 16(B)(1)(f).  In addition, an accused's rights to compulsory process, presentation of a defense, due process, fair trial, equal protection, effective assistance of counsel, and against cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under corresponding sections of the Ohio Constitution guarantee an accused the right to such

evidence.  This same right to exculpatory evidence has been recognized by the Supreme Court in <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and <u>United States v. Bagley</u>, 473 U.S. 667 (1985). The physical evidence in this case may well prove favorable to the defense:  Defendant must be provided with an opportunity for later meaningful testing by defense experts.

Therefore, immediate steps must be taken to properly and adequately preserve all physical evidence.  All blood, tissue, scraping, etc., samples must be placed in sealed containers and refrigerated. All stained or unstained clothing, fabric or other matter or material must be similarly preserved.  All latent fingerprint evidence must be properly cataloged and stored.  All recorded or monitored statements of any defendant, co-defendant, co-conspirator or witness must be maintained.  All photographs, motion pictures, videotapes, sketches, likenesses, or hypnosis evidence must be preserved.

In addition, all firearms, other weapons, tools or other items, handwriting samples or exemplars, voice samples or exemplars, footprints or tire tracks, paper and markings thereon other than handwriting, and any parts or fluids of the body of the decedents or defendant must be preserved in a manner calculated to preserve them in a state to permit later comprehensive testing.

The defense also moves this court for an order compelling the Trumbull County Prosecutor and Police Department to compile a list of all items of physical evidence which are destroyed or disposed by these offices, along with a complete description of the evidence, the date of destruction or disposal, and the reasons why the evidence was not preserved.  The compilation of this list is proper under <u>United States v.</u>

Taylor, 707 F. Supp. 696 (S.D. N.Y. 1989).  The preservation and cataloging of this evidence will ensure that Defendant's rights will be safeguarded and that no reversible error is committed through the improper destruction of physical evidence.

Now that the defense has requested the complete preservation of all evidence, the State must scrupulously account for the proper maintenance of all items of physical evidence.  United States v. Nabors, 707 F.2d 1294 (11th Cir. 1983).  The failure to adequately preserve this evidence will result in the credible claim that the destruction or failure to properly maintain the evidence was the result of bad faith on the part of the State and law enforcement officers.

The United States Supreme Court has held that the destruction or improper maintenance of physical evidence which could exonerate the defendant will be reversible error where the exculpatory evidence is lost through the bad faith of the police or State.  California v. Trombetta, 467 U.S. 479 (1984); Arizona v. Youngblood, 488 U.S. 51, 109 S. Ct. 333 (1988).  The accused's right to due process is denied where the destruction or improper maintenance is done in bad faith.  In order to avoid this claim of bad faith destruction of evidence in violation of Trombetta and Youngblood, this Court should order the immediate comprehensive preservation and identification of all items of physical evidence, including those referred to in this motion and in Defendant's various discovery requests, demands and/or motions.

Respectfully submitted,

-4-

_(signature)_
DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

_(signature)_
ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_(signature)_
JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify tht a true copy of the foregoing DEFENDANT'S MOTION TO PROPERLY  PRESERVE AND CATALOG ALL PHYSICAL EVIDENCE was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_(signature)_
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

14

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )     Case No.  01-CR-794
                                  )
          Plaintiff,              )
VS.                               )
                                  )
                                  )     Judge Stuard
NATHANIEL JACKSON JR. ,           )
                                  )
          Defendant.              )

## DEFENDANT'S MOTION TO PERMIT DEFENDANT TO APPEAR
## IN CIVILIAN CLOTHING AT ALL COURT PROCEEDINGS

Defendant, through counsel, respectfully requests that this Court order the County Sheriff's Department to allow Defendant to appear in civilian clothes instead of jail garb during any and all court proceedings, including pre-trial appearances.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue

-1-

Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON JR.

<u>MEMORANDUM IN SUPPORT</u>

Defendant is presently incarcerated.  He requests that this Court grant him leave to appear in civilian clothing when he is called to Court for pretrial and trial proceedings.  If defendant appears in prison clothing at any pre-trial proceedings covered by either television or print media, and is displayed to the public, witnesses and potential jurors in prison clothing, they will naturally be led to doubt his innocence.  Defendant's rights to a fair trial, due process, and a fair and impartial jury under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under Sections 10 and 16, Article I, of the Ohio Constitution will be violated.

The presumption of innocence is a basic component of the fundamental right to a fair trial.  <u>Estelle v. Williams</u>, 425 U.S. 501 (1976), <u>reh'g denied</u>, 426 U.S. 954 (1976).  That presumption is likely to be impaired if the Defendant is required to stand trial in prison clothing.  For this reason, the courts have consistently held that such a procedure is improper.  <u>Caito v. Brierley</u>, 485 F.2d 86 (3rd Cir. 1973); <u>Hernandez v. Beto</u>, 443 F.2d 634 (5th Cir. 1971).  In <u>Estelle</u>, the Supreme Court found jail garb at trial impermissible, emphasizing that  (1) the constant reminder of the Defendant's condition implicit in such distinctive, identifiable attire may affect a juror's judgment;  (2) that compelling a defendant to wear prison clothing furthers no essential State policy; and  (3) that compelling the Defendant to stand trial in prison garb usually is a procedure which

-2-

discriminates against the poor because they do not have the funds to post bail.

The right of the Defendant to appear at trial in civilian clothing is also recognized in Ohio.  In State v. Moon, 44 Ohio App. 2d 275, 279,  337 N.E.2d 794, 798 (1975), the court held that the "[u]se of compulsion by custodial authorities, to attire a defendant at trial in clothing other than that of his own choice is arbitrary and unwarranted.  Similiar conduct by the [trial] court would be an abuse of discretion."

At least one federal district court in Ohio has recognized that compelling an incarcerated defendant to stand trial in jail garb, over objection, is constitutionally invalid.  Mitchell v. Engle, 449 F. Supp. 692 (N.D. Ohio 1977).

Death penalty cases are highly publicized.  Thus, there is a significant potential for prejudice to the defense.  The harm is no less serious merely because the jury has yet to be empanelled.  Requiring the Defendant to wear prison clothing at all pre-trial proceedings furthers no compelling State interest. The logic of Estelle is equally applicable to pre-trial hearings.

In order to avoid serious infringement of fundamental rights, this Court should order Defendant's custodians to allow him to change into ordinary civilian clothing before he appears in court for any and all proceedings.

Respectfully submitted,

_David H. Bodiker /TC_

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

_Anthony V. Consoldane_

ANTHONY V. CONSOLDANE #0000761

ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_____

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON JR.


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION TO PERMIT DEFENDANT TO APPEAR IN CIVILIAN CLOTHING AT ALL COURT PROCEEDINGS was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_____

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

-4-

15

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No.  01-CR-794
                                  )
              Plaintiff,          )
VS.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
              Defendant.          )

## DEFENDANT'S MOTION IN LIMINE TO PROHIBIT DISPLAY OF EXHIBITS

Defendant, through counsel, respectfully moves this Court for an order, *in limine*, that the State be ordered to keep all exhibits and extraneous materials, whatever their nature or form, outside the presence or view of the jury until such time that the exhibits or extraneous materials are admitted into evidence.  Additionally, the Defendant requests that this order extend to prohibit constant display of the exhibits or extraneous materials at trial.  The grounds in support of this Motion in Limine are more fully set out in the accompanying Memorandum in Support.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

-1-

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

<u>MEMORANDUM IN SUPPORT</u>

The Defendant is guaranteed a fair trial before an impartial jury by Section 10, Article I, Ohio Constitution as well as the corresponding United States Constitutional counterparts.   By this Motion, in Limine, the Defendant seeks to ensure that these guarantees are not undermined. First, the Defendant seeks to prevent the State from displaying exhibits or extraneous materials in the presence of view of the jury until such time as they are admitted into evidence.  This order is appropriate in order to protect the Defendant from the effects of a confused or prejudiced jury as a result of the exposure to exhibits or extraneous matters which may eventually not be admitted nor made a formal part of the proceedings.

Secondly, the Defendant requests that once evidence has been properly admitted and displayed sufficiently to make the existence of the asserted fact more or less probable, that it then be removed from the jurors view.  In this manner, the jury would not be subject to making decisions based on over-exposure to highly prejudicial, inflammatory, and possibly misleading evidence.  The requested order is minimally intrusive and ensures that the Defendant's constitutional right to a fair trial is not jeopardized.

The Ohio Rules of Evidence provide additional justification for granting the Defendant's request herein. Specifically, Ohio R. Evid. 103(C) provides:

> (C) Hearing of jury.
>
> In jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury.

In addition, Ohio R. Evid. 104(C) provides:

> (C) Hearing of jury.
>
> Hearings on the admissibility of confessions shall in all cases be conducted out of the hearing of the jury. Hearings on other preliminary matters shall also be conducted out of the hearing of the jury when the interests of justice require.

Both of these provisions seek to preserve a defendant's constitutional rights to a fair trial by prohibiting contamination of the jury decision making process with the exposure of exhibits which may not be accepted into evidence.

While courts typically deal with oral communication provisions in the courtroom, the language as well as the spirit of the rules apply equally to non-verbal forms of communication. Ohio R. Evid. 103(C) is aimed at preventing inadmissible evidence from intruding onto the eventual jury deliberations "by any means." If the jury were to hear or see that which in all fairness it should not, then such error would represent an abuse of discretion in balancing the interests of justice required by Ohio R. Evid. 104(C). A juror could not erase from his or her memory exhibits viewed in the courtroom regardless of their technical admission or exclusion. As the

Ohio Supreme Court recognized: "failure to insulate the jury from improper influence could constitute grounds for reversal if the error is held prejudicial." State v. Hipkins, 69 Ohio St. 2d 80, 83, 430 N.E.2d 943, 945 (1982).  In view of the risks of jeopardizing a defendant's constitutional rights by allowing the jury to hear [or see] testimony on a preliminary matter, the safer course is for the Court to conduct such hearings outside the jury's presence.  Weissenberger, Ohio Evidence, Section 104.29 at 27 (1986 Ed.).

Finally, once exhibits or other extraneous matters have satisfied the threshold inquiry under Ohio. R. Evid. 401, and have been properly admitted into evidence and displayed for the jurors' view, the Defendant requests that this Motion in Limine extend to prohibit continued display subsequent to the proposition that it was proffered.  Evidence may be probative at the time initially admitted, but it does not retain this probity level when used in a different context.

Ohio R. Evid. 403 expressly deals with evidence, otherwise probative, which may be excluded from the jurors consideration.  The obvious premise behind this rule is to prevent the trier of fact from reaching their decision on an improper basis.  In keeping with the policy underlying this rule, even exhibits admitted into evidence can unfairly appeal to jurors' emotions if needlessly brandished about for no valid purpose; thereby jeopardizing the Defendant's right to a fair trial because the jurors will be more likely to base their decision on the emotional effect of a continual view of the evidence which has no proper place in a criminal prosecution.

WHEREFORE, the Defendant respectfully urges that this Motion in Limine be granted.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION IN LIMINE TO PROHIBIT DISPLAY OF EXHIBITS was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this ____ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

16

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No.  01-CR-794
                                  )
            Plaintiff,            )
VS.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
            Defendant.            )

DEFENDANT'S MOTION FOR DISCLOSURE OF ANY AND
ALL AGREEMENTS AND/OR BENEFITS AND/OR 'DEALS'
INVOLVING PROSECUTING WITNESSES

Defendant, through counsel, respectfully requests that this Court
issue an Order requiring the prosecution to disclose the matters outlined
in the accompanying Memorandum in Support.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

-1-

25

## MEMORANDUM IN SUPPORT

Defendant respectfully moves this Court for an order directing the State to investigate and disclose all of the following information and evidence within the possession, custody, control or the existence of which is known or by the exercise of due diligence could become known to the State:

1. Any and all consideration or promises of consideration given to or made on behalf of government witnesses. By "consideration," the Defendant refers to absolutely anything of value or use, including but not limited to immunity grants, witness fees, special witness fees, transportation assistance, assistance to members of witness' family or associates of witness, assistance or favorable treatment with respect to any criminal, civil or administrative dispute with the State of Ohio or the United States of America, and anything else which could arguably create an interest or bias in the witness in favor of the State or against the defense or acts as an inducement to testify or to color testimony.

2. Any and all prosecution, investigations or possible prosecutions pending or which could be brought against the witness and any probationary, parole or deferred prosecution status of the witness.

3. Any and all records and information revealing felony convictions attributed to this witness.

4. Any and all records and information showing prior misconduct or bad acts committed by the witness.

5. Any moiety, contract, promise to pay the witness or give the witness any thing of value whatsoever in return for testimony in this case.

6.  Any evidence material to the question of the defendant's guilt or punishment.

In the alternative, should the prosecutor assert that no such information exists, and if the court is inclined to accept such assertion by the prosecutor at face value without further inquiry, the defense requests that the Court instruct the prosecutor to make a complete copy of the file, including any and all information in the file of any investigative agency and/or law enforcement agency and place same under seal in the possession of the Clerk for review by the Court of Appeals in the event an appeal should be taken herein.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR DISCLOSURE OF ANY AND ALL AGREEMENTS AND/OR BENEFITS AND/OR "DEALS" INVOLVING PROSECUTING WITNESSES was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _23rd_ day of _____Jan_____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

17

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No.  01-CR-794 |
| | ) | |
|        Plaintiff, | ) | |
| VS. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
|       Defendant. | ) | |

DEFENDANT'S MOTION FOR DISCLOSURE OF WITNESS
STATEMENTS PRIOR TO TRIAL

Defendant, through counsel, respectfully requests that this Court order the prosecutor to disclose prior to trial all statements of witnesses whom he intends to call at trial.  Disclosure of witness statements prior to trial will avoid the necessity of lengthy delays taken after direct examination of the State's witnesses for the purpose of inspecting the statements to determine the existence of inconsistencies.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER

-1-

26

328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>MEMORANDUM IN SUPPORT</u>

Ohio R. Crim P. 16(B)(1)(g) provides for the inspection of a witness's written or recorded statements to determine the inconsistencies between the testimony of such witness and the prior statement.  Normally, this inspection occurs upon completion of the witness's direct examination.  However, given the complexity of a capital case, which portend a lengthy trial, this Court should exercise its inherent power to control the trial, <u>see</u> Ohio R. Evid. 611(A), and order the prosecutor to give defense counsel copies of witnesses' statements prior to trial.

Under Ohio R. Crim. P. 16(B)(1)(g) defense counsel is permitted to personally inspect any written or recorded statements of State's witnesses to determine the existence of any inconsistencies.  <u>State v. Daniels</u>, 1 Ohio St. 3d 69, 437 N.E.2d 1186 (1982).  An inspection of such statements is mandatory upon request by the defense.  <u>Cleveland v. Austin</u>, 55 Ohio App. 2d 215, 380 N.E.2d 1357 (1978).  Counsel for the Defendant will formally invoke the right to inspect these statements.  The Court must comply with this request.

The issue which remains to be addressed is the timing of this inspection.  While the Ohio R. Crim. P. 16(B)(1)(g) indicates that the inspection may be made following the direct examination of each witness, there is nothing in the Rule which precludes an inspection at other points in the proceedings.  The Court should be permitted to exercise its discretion depending upon the circumstances of the particular case.

This case presents such circumstances. If inspection occurs only after each direct examination, the Court will be repeatedly forced to hear defense motions for inspection, grant the motions, order that the statements be turned over, recess trial for a considerable period of time to let counsel examine the statements, and then rule on the existence of any inconsistencies. This will be an extremely time-consuming process. The trial will be unnecessarily delayed, and this Court's time will be unnecessarily wasted.

A sound alternative is the disclosure of such statements to defense counsel prior to trial. This procedure will eliminate the extensive amount of time necessary for on-the-spot inspection. Instead, the Court need merely consider any claim of inconsistency raised by defense counsel following direct examination and immediately rule on the right of defense to cross-examine regarding the alleged inconsistency.

The State would not be prejudiced by this process. The statements are discoverable in any event. The defense would not gain any advantage through early disclosure, since under both systems the ability of defense counsel to bring out any inconsistency in cross-examination is strictly within the Courts control. The Court maintains complete control over the admission of any portion of the statements. The only difference between the two systems is that under the customary procedure, an extraordinary amount of the Court's time will be wasted, and under the alternative, judicial economy would be served.

Further, disclosure of the witnesses' statements prior to trial may reveal evidence of a possible exculpatory nature, which the defense is entitled to under Brady v. Maryland, 373 U.S. 83 (1963), and several courts have held that disclosure of such information should be made prior to trial

in order to permit adequate investigation.  United States v. Bonnano, 430 F.2d 1060 (2nd Cir. 1970), cert. denied, 400 U.S. 964 (1970); United States v. Elmore, 423 F.2d 775 (4th Cir. 1970); United States v. Eley, 335 F. Supp. 353 (N.D. Ga., 1972); United States v. Five Persons, 472 F. Supp. 64 (N.J. 1979); United States v. Pollack, 534 F.2d 964 (D.C. Cir. 1976), cert. denied, 492 U.S. 924 (1976).

For the foregoing reasons, the Defendant requests this Court to order the State to deliver the statements of all witnesses who will testify at trial to the defendant at a reasonable time prior to trial.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR DISCLOSURE OF WITNESS STATEMENTS PRIOR TO TRIAL was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____ , 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

-5-

18

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )     Case No.  01-CR-794
                                  )
            Plaintiff,            )
VS.                               )
                                  )
                                  )     Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
            Defendant.            )

### DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTIONS

Now comes the Defendant, through counsel, and moves this Court pursuant to Ohio R. Crim. P. 12(C) for an Order extending the time for filing motions (exclusive of any relevant Motions In Limine addressing evidentiary issues) until a date seven (7) days prior to the date this case is finally set for trial.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER

328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>MEMORANDUM IN SUPPORT</u>

Ohio Rule of Criminal Procedure 12(C) states:

> All pretrial motions except as provided in Rule 7(E) and Rule 16(F) shall be made within thirty-five days after arraignment or seven days before trial whichever is earlier.  The court in the interest of justice may extend the time for making pretrial motions.

Given the complexity and seriousness of this case, the goal of justice would be served by setting the motion deadline seven days before the trial date for all motions other than Motions In Limine regarding evidentiary issues.  There is a substantial likelihood that issues meriting motion practice will continue to surface as the investigation and discovery process progress.

Therefore, in the interest of justice the accused respectfully requests that the Court extend the time for filing motions until a date seven (7) days prior to the final trial date.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC
DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION TO EXTEND TIME TO FILE MOTIONS was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____,2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

19

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )      Case No.  01-CR-794
                                  )
            Plaintiff,            )
VS.                               )
                                  )
                                  )      Judge Stuard
NATHANIEL JACKSON                 )
                                  )
            Defendant.            )

## DEFENDANT'S MOTION FOR DISCLOSURE OF THE
## TRANSCRIPT OF PROCEEDINGS BEFORE THE GRAND JURY

        Pursuant to Ohio Rule of Criminal Procedure 6(E), Defendant, by and
through counsel, respectfully requests that this Court issue an Order
requiring the State to provide Defendant with a transcript of the
proceedings before the Grand Jury which returned the indictment in the
case *sub judice.*

                        Respectfully submitted,


                        DAVID H. BODIKER  #0016590
                        OHIO PUBLIC DEFENDER


                        ANTHONY V. CONSOLDANE #0000761
                        ASSISTANT STATE PUBLIC DEFENDER
                        LEAD COUNSEL


                        JAMES F. LEWIS  #0024314
                        ASSISTANT STATE PUBLIC DEFENDER
                        CO-COUNSEL



                        BRANCH OFFICE OF THE OHIO PUBLIC
                        DEFENDER

28

328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## MEMORANDUM IN SUPPORT

Ohio R. Crim. P. 6(E) empowers this Court to order the disclosure of the transcript of the Grand Jury proceedings which resulted in this indictment "upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." In addition to disclosure required to facilitate a motion to dismiss, the Ohio Supreme Court has expanded the requirement to embrace the fundamental goal of a fair and just trial.

In State v. Grewell, 45 Ohio St. 3d 4, 543 N.E.2d 93 (1989), the Court declared in its syllabus that:  "Criminal Rule 22 applies to grand jury proceedings.  Pursuant to Criminal Rule 22 grand jury proceedings in felony cases must be recorded." The rationale for mandatory recordation included the following analysis:

> Recordation also serves to make witnesses accountable for their testimony.  As a result the testimony received by the grand jury is more trustworthy.

Further, without a record of the proceedings before the grand jury, the means to challenge an illegally obtained indictment would not exist.  A defendant would be denied [his/her] right under Ohio R. Crim. P. 6(E) to obtain grand jury testimony 'upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury.'  A defendant would be denied the opportunity under Ohio R.

Crim. P. 16(B)(1)(a)(iii) to obtain his co-defendant's grand jury testimony, as well as the opportunity pursuant to Ohio R. Crim P. 6(E) and our decisional law to obtain and use grand jury testimony to support [his/her] case at trial upon the showing of a 'particularized need.' See State v. Greer, 66 Ohio St. 2d 139, 20 O.O. 3d 157, 420 N.E.2d 982 (1981) (grand jury testimony needed for impeachment purposes); State v. Sellards, 17 Ohio St. 3d 169, 173, 17 OBR 410, 413-414, 478 N.E.2d 781, 785-786 (1985) (grand jury testimony needed to ascertain whether prosecutor intentionally withheld information from defendant).

...

> Generally, 'grand jury proceedings are secret, and an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is a showing by the defense that a particularized need for disclosure outweighs the need for secrecy.' State v. Patterson (1971), 28 Ohio St. 2d 181, 57 O.O. 2d 422, 277 N.E. 2d, paragraph three of the syllabus, citing State v. Laskey (1970), 21 Ohio St. 2d 187, 191, 50 O.O. 2d 432, 434, 257 N.E. 2d 65, 68; Greer, supra, at paragraph two of the syllabus. 'Whether particularized need for disclosure of grand jury testimony is shown is a question of fact; but, generally, it is shown where from a consideration of all the surrounding circumstances it is probable that the failure to disclose the testimony will deprive the defendant of a fair adjudication ... .' Greer, supra, at paragraph three of the syllabus; Sellards, supra.

45 Ohio St. 3d 4, 7, 9, 543 N.E.2d 93, 96-97, 98.

In the case *sub judice,* Defendant's "particularized need" to obtain the Grand Jury Transcript arises first and foremost from the fact that the State procured a capital murder indictment. Given the extraordinary

attention to due process commanded by capital cases, it is absolutely necessary that this Court issue an order to have the transcript of the Grand Jury proceedings transcribed and disclosed to the defendant. Thus, the Grand Jury transcript is essential for two main reasons: first, to support a Motion To Dismiss The Indictment; and second, to ensure the disclose of all evidence favorable to the Defendant.

The facts in all capital cases raise the probability "that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Ohio R. Crim. P. 6(E). The key questions are: Were the facts fairly presented? Were the Grand Jurors properly instructed regarding the issues involved in returning an Aggravated Murder with Death Penalty Specifications? These questions cannot be adequately addressed, argued and answered without the Grand Jury Transcript.

These issues cannot be resolved without granting the Defendant access to the Grand Jury Transcript. From the Defendant's perspective, the transcript will likely reveal the factual foundation for either a dismissal of the indictment or a reduction of the charge before trial. From the State's point of view, the Grand Jury Transcript may simply justify the charge as indicted. Either way, the ends of justice are served by resolving this critical issue before trial; and the State's interests certainly cannot be harmed if in fact the proceedings were proper.

The second critical reason why Defendant must be granted access to the Grand Jury Transcript is to obtain evidence "favorable to the defendant and material either to guilt or punishment." Ohio R. Crim. P. 16(B)(1)(f). See also Brady v. Maryland, 373 U.S. 83 (1963). Further, Defendant must obtain the Grand Jury Transcript in order to enforce his constitutional rights to a fair trial, effective assistance of counsel, and

confrontation of adverse witnesses.  Ohio Const. art. I, §§ 10 and 16;U.S. Const. amend; V, VI, XIV.

Therefore, it is critical to the Defendant that he be provided a transcript of the Grand Jury proceedings in advance of trial in order to effectively prepare his case.  In the alternative, if this Court is not inclined to issue such an Order on the basis of this Motion alone, then Defendant respectfully requests an evidentiary hearing at which he can submit evidence to justify this request.   Finally, whether with or without a hearing on the instant motion, if the Court overrules this motion then Defendant requests that a copy of the transcript of the Grand Jury proceedings be filed under seal for prospective appellate review.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC
DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR DISCLOSURE OF THE TRANSCRIPT OF PROCEEDINGS BEFORE THE GRAND JURY was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT