49

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )        Case No.  01-CR-794
                                        )
             Plaintiff,                 )
VS.                                     )
                                        )
                                        )        Judge Stuard
NATHANIEL JACKSON ,                     )
                                        )
             Defendant.                 )

## MOTION FOR PENALTY PHASE JURY INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON A VERDICT OF DEATH

Defendant, through counsel, respectfully requests that this Court instruct the penalty phase jury, in essence, that it need not unanimously reject the verdict of a death sentence before proceeding to consider the life sentences.  In particular, Defendant requests that the jury be instructed, akin to the instruction now provided with respect to reaching lesser included offenses as set forth in State v. Thomas (1988), 40 Ohio St. 3d 213, syllabus 3:

> You, the jury, should first consider whether to return a verdict of death.
> You must unanimously agree that the aggravating circumstances are sufficient to, and do outweigh, the mitigating circumstances in order to return a verdict of death.
> If you are unable to agree unanimously that a death sentence is appropriate under this standard of proof, you are to proceed to consider which of the life sentence verdicts to return.
> You are not required to determine unanimously that the death sentence is inappropriate before you consider the life sentences.

The reasons in support of this motion are set out in the attached memorandum.

Respectfully submitted,

_DAVID H. BODIKER_

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER


ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


## MEMORANDUM IN SUPPORT

Requiring the penalty phase jury to unanimously "acquit" the defendant "first" of the death penalty before considering the life sentences offends the state and federal constitutional rights to due process, to a fair and impartial jury and uncoerced verdict, to equal protection of the laws, and to be free from cruel and unusual punishment.  It also offends principles of state rules and statutes, and denies the Defendant his right to

a life sentence under R.C. 2929.03(D)(2) "absent such a (unanimous) finding" that the aggravating circumstances outweighs the mitigating factors.

In Thomas, supra, at 219, the Ohio Supreme Court recognized that instructing the jury to unanimously acquit first of the greater offense before considering the lesser offense "encroaches on the province of the jury to decide questions of fact." The court recognized that "although the risk of coerced decisions may be present in any jury deliberation *** the `acquittal first' instruction exacerbates such risk." Id. at 219-220. The Court therefore adopted the instructional language identical to that requested here, as revised for use in this context, as that which is to guide future juries considering the guilt or innocence of the defendant. If this instruction is deemed necessary for the jury to make a decision of which offense a defendant should be found guilty of, it is even more essential in the context of a capital sentencing deliberation.

The degree of reliability necessary for capital sentencing exceeds that required for the determination of the guilt-innocence of non-capital offenses. Lockett v. Ohio (1978), 438 U.S. 586, 604. Juries cannot be allowed to capriciously impose death, and "any criminal defendant, and especially any capital defendant, being tried by a jury is entitled to the uncoerced verdict of that body." See Lowenfield v. Phelps (1988), 484 U.S. 231. The Supreme Court has also recognized that requiring a unanimous finding on the presence or absence of mitigating factor offends the Eighth Amendment, as the jury may not give effect to the mitigating evidence. Mills v. Maryland (1988), 486 U.S. 367. Similarly, instructing the penalty phase jury it must unanimously agree that death is inappropriate before proceeding to the life sentences complicates and encroaches on the jury's ability to consider the life sentences.

Failure to give this instruction will lead to an unacceptable risk of jury coercion and unreliability in the verdict, and will deny the benefits of state and federal law to which the Defendant is entitled.

Accordingly, under these authorities, the Defendant requests the instructions identified above be given in the penalty phase.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing DEFENDANT'S MOTION FOR PENALTY PHASE JURY INSTRUCTION RESPECTING ORDER OF DELIBERATIONS AND LACK OF NECESSITY TO FIRST AGREE UNANIMOUSLY ON A

4

VERDICT OF DEATH was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _23_ day of _June_, 2002.

_Anthony V. Consoldane_

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

5

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

*50*

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No.  01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| VS. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO INSTRUCT THE
## JURY REGARDING PAROLE

NATHANIEL JACKSON, by and through counsel, requests that the jury be instructed concerning the meaning of the life sentence possibilities.  The reasons for this request and the suggested instruction are included in the memorandum in support.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue

Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## MEMORANDUM IN SUPPORT

NATHANIEL JACKSON has been convicted of Aggravated Murder with capital specifications.   Pursuant to R.C. 2929.04, defendant is eligible to receive one of three possible sentences:  death sentence, life imprisonment without the possibility of parole, and life imprisonment without the possibility of parole for 25 and 30 years.  In order for the jury to fairly and full consider the preceding options, the defense request that the following instruction be given:

If sentenced to life imprisonment, under no circumstances could defendant be considered for parole for 25 or 30 years. If I deem it appropriate, I may, upon your verdict of life, sentence defendant to __2__ consecutive life sentences whereupon he could not be considered for parole for at least __50__ years.

There is no certainty that defendant would ever be released on parole.  After the minimum eligibility period I have already mentioned, the State Parole Board would be required by law to make a determination that there is a reasonable probability that, if defendant is released, he will assume his proper and rightful place in society, without violation of the law, and that his release is not incompatible with the welfare of society, without violation of the law, and that his release is not incompatible with the welfare of society.  The Board may not make this

2

determination without consulting those concerned with the decision such as the trial judge, prosecuting attorney, and family of the victim.  You, as jurors, retain a right under the law to express your views to the Board.  A prisoner released on parole remains on parole for the balance of his life and if he violates the terms of the parole he may be returned to prison to serve the life sentence.

So that you will have no misunderstanding concerning the sentence of life imprisonment, I have instructed you concerning the law as it relates to parole.  However, I further instruct you that the subject of possible parole must be excluded from your deliberations.  So far as you are concerned, a life sentence is a life sentence.  If upon and after consideration of all evidence you believe your verdict should be imprisonment for life, it would be a violation of your oaths as jurors to refuse to make that recommendation because of a baseless doubt that the State Parole Board will properly carry out its legal duties.

The reality of jurors speculating as to the actual number of years a defendant would serve if he were given a "life" sentence has potentially fatal consequences in a capital case.  Two surveys conducted in Georgia and one in Mississippi revealed that a majority of prospective jurors believed that a defendant sentenced to "life" would only have to serve 7 years in prison prior to being eligible for parole.  Paduano & Smith, Deathly Errors: Juror Misperceptions Concerning Parole in the Imposition of the Death Penalty (1987), 18 Columbia Human Rights L. Rev. 211.  The authors noted that there is considerable evidence that the opinion held by the majority predominates in 90% of all cases.  The survey also revealed that over two-thirds of the potential jurors would be more likely to impose a sentence of life if assured that "life" meant at least 25 years.  The minimum time to be served on a life sentence in Ohio is 20 calendar years.  This does not include

any sentence for any other convictions, such as the accompanying felony in a felony-murder case.

King v. Lynaugh (C.A.5, 1988), 850 F. 2d 1055 and the denial of certiorari in Potts v. Georgia (1989), 110 S. Ct. 214 are distinguishable in that they dealt with the constitutionality of limiting voir dire on jurors' attitudes towards parole.  The conduct of voir dire is a matter committed to the trial court's discretion.  The issue presented in this case pertains to a jury instruction containing accurate information relevant to a potential sentencing alternative, and therefore falls within the parameters of California v. Ramos (1983), 463 U.S. 922.

In Ramos, the Court's holding -- that the Eighth and Fourteenth Amendments did not prohibit an instruction regarding the Governor's power to commute a life sentence -- rested on a review of the fundamental principles of death penalty jurisprudence:  channeled discretion, individualized sentencing, and reliability.  The Court rejected the argument that the Briggs Instruction deflected the jury's focus from individualized consideration of the defendant, citing Jurek v. Texas (1976), 428 U.S. 262, for the proposition that "probable future dangerousness" was a valid factor in the capital sentencing decision since the "inextricably linked thought is whether it is desirable that this defendant be released into society." Ramos, fn. 17.  This, the Court said, was an individualized approach because "the

4

instruction invites the jury to predict not so much what some future Governor might do, but more what the defendant himself might do if released into society," at 3456. It was a "consideration akin to the aggravating factor of future dangerousness," at 3457. Likewise, the defendant's proposed instruction in this case does not so much invite speculation on the actions of some future Parole Board, but rather addresses the jury's legitimate concerns regarding the future release of <u>this</u> defendant back into society. Like the Briggs Instruction, it gives the jury accurate information relevant to sentencing concerns.

While future dangerousness and future release into society are not statutory factors for consideration by a jury in Ohio, such considerations are inevitable in a capital sentencing determination, and if nothing in the Constitution prohibits the State from "accurately characterizing its sentencing choices,"(<u>Ramos</u>, fn. 19), then on what basis can the defendant be denied an equal opportunity to accurately characterize those choices by informing the jury of how long it will actually be before he is eligible for parole? Three times in the <u>Ramos</u> opinion, the Court quoted the following from <u>Jurek</u>: "<u>What is essential is that the jury have before it all possible relevant information about the defendant whose fate it must determine</u>" (at 3454, 3456, and 3459, emphasis added). According to the Court, the value of the Briggs Instruction is that it "<u>corrects a misconception and supplies</u>

<u>the jury with accurate information for its deliberation in selecting an appropriate sentence</u>" (at 3458, emphasis added).

Under <u>Lockett</u> v. <u>Ohio</u> (1978), 438 U.S. 586, a defendant has the right to present any relevant evidence to show that penalty less than death is appropriate in his case. Jurors know what death is. They don't know what a "life" sentence means, and they will rarely think that 7 years, the common misperception, is an appropriate sentence, particularly if they are concerned about releasing the defendant back into society. It would be exceedingly odd to characterize this information as irrelevant when, in fact, it is uppermost in each juror's mind.

This withholding of accurate information regarding parole eligibility from the jury promotes speculation, and arbitrary and unreliable sentencing. It predisposes the jury to act without regard to whether the death penalty is called for on the facts before it. Moreover, it is irrational since the ostensible purpose of the parole-instruction rule is to prevent prejudice to the defendant (which it may very well do, <u>except in capital cases</u>). Not only does this rule deprive the defendant of his Eighth Amendment right to reliable, individualized sentencing, it violates his Fourteenth Amendment due process right to fundamental fairness because: (1) the State is not prohibited from raising the issue of "future dangerousness" (in whatever guise), but the defendant is prohibited from

responding to it, and (2) there is no State interest in preventing a death-qualified jury from receiving accurate information regarding sentencing alternatives. Even assuming such an interest existed, it is far outweighed by the defendant's and the State's own interest in reliable sentencing. The burden of affording the defendant the process which is due him is negligible, and can be accomplished with a simple jury instruction such as the one suggested supra.

The same fundamental principles which the Court relied upon in Ramos compel the corresponding holding in this case that, upon defendant's request, the jury must be instructed as to the actual number of years of a "life" sentence the defendant will be required to serve before he becomes eligible for parole.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

7

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

8

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

51

| STATE OF OHIO, | ) | Case No.  01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO INSTRUCT THE JURY THAT IT IS TO RETURN A VERDICT OF DEATH ONLY AFTER THE PROPER WEIGHING, AND DETERMINING THAT DEATH IS THE APPROPRIATE PUNISHMENT

NATHANIEL JACKSON, through counsel, respectfully requests that this Court instruct the penalty phase jury and appropriately limit misleading suggestions to the contrary by the prosecutor in argument that:

You are to weigh the aggravating circumstances the Defendant was found guilty of committing against the mitigating factors he has presented.  If you unanimously find, beyond a reasonable doubt, that the aggravating circumstances are sufficient to, and do, outweigh the mitigating factors, and that death is an appropriate punishment, you shall return a sentence of death.

You are required to give a reasoned moral response to the mitigating evidence presented.  If you conclude that the State has failed to prove beyond a reasonable doubt that the circumstances and factors are sufficient to, and do, outweigh the mitigating factors; or, if after considering the evidence, the State has not convinced you, beyond a reasonable doubt, that death is the appropriate punishment, then you shall return  a sentence of one of the life terms.

The reasons in support of this motion for one or both of these instructions, or a comparable instruction respecting the matter, are set out in the attached memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## MEMORANDUM IN SUPPORT

"It is prejudicial error to refuse a requested change that is pertinent to the case, states the law correctly, and is not covered by the general charge." State v. Hicks (1989), 48 Ohio St. 3d 72, 77.

2

The requested instruction is pertinent to the case, as it specifies the appropriate items to be placed on the scale which the jury uses to determine whether to recommend a sentence of death.

The requested instruction states the law correctly, as demanded by the Constitution.  The Ohio Supreme Court, has acknowledged that a jury may properly respond to the mitigating evidence with a sympathetic or merciful reaction and impose a life sentence.  The Ohio Supreme Court has stated that merciful reactions to the evidence are properly considered by the sentencing jury:

> <u>Sympathy alone is not a mitigating factor</u>.  When asserted as the sole basis for deciding an issue *** it has the flavor of bias and prejudice. The weighing process must be done impartially, evaluating the evidence offered in mitigation against the proven aggravating circumstances. <u>Considerations of mercy have always been present within the jury system, and when the evidence so moves a jury it is fully capable of exercising such mercy toward a defendant</u>.  <u>State v. Zuern</u>, <u>supra</u>.  This being true, the prosecution need not enter the proceedings at any disadvantage, but may strongly and forcefully <u>argue that such mercy need not be extended, and that the jury should not be roused to a sympathetic reaction</u>.

<u>State</u> v. <u>Greer</u> (1988), 39 Ohio St. 3d 236, 250 (emphasis within and added).  If indeed, the Ohio Supreme Court would permit the juries of Ohio to so respond to the mitigating evidence, they should so instruct the Ohio jury, or minimally, instruct the jury that it should only return a death sentence if it is convinced that this is an appropriate punishment.

The United States Supreme Court majority has stated "there is no constitutional infirmity in a procedure that allows a jury to recommend

mercy based on the mitigating evidence introduced by a defendant." Penry v. Lynaugh (1989), 492 U.S. 302. As Ohio has such a system that allows a jury to recommend mercy based on the mitigating evidence, Ohio's courts are constitutionally obliged to inform the jury that they may so consider, and give effect to, the evidence in mitigation. "In the absence of jury instructions defining (the jury's role) in a way that would clearly direct the jury to consider fully (Defendant's) mitigating evidence as it bears on his personal culpability, (a reviewing court) cannot be sure that the jury was able to give effect to the mitigating evidence," and provide a reasoned moral response to the evidence." The jury instructions must "ensure reliability in the determination that death is the appropriate punishment." Woodson v. North Carolina (1976), 428 U.S. 280, 305.

## CONCLUSION

Accordingly, under these authorities, the Defendant requests the above instruction, and limitations on the prosecutor's argument consistent therewith.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER

LEAD COUNSEL

_Glenn F. Lewis_

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _23_ day of _Jan_, 2002.

_Anthony V. Consoldane_

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

5

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

52

STATE OF OHIO,                )      Case No. 01-CR-794
                              )
            Plaintiff,        )
VS.                           )
                              )
                              )      Judge Stuard
NATHANIEL JACKSON ,           )
                              )
            Defendant.        )

### MOTION FOR INSTRUCTION THAT THE STATE BEARS THE BURDEN OF PROVING THE ABSENCE OF ANY MITIGATING FACTORS OFFERED BY THE DEFENSE

NATHANIEL JACKSON through counsel respectfully moves this Court for an order relieving him of the burden of proof of the existence of mitigating factors at the penalty phase. The defense moves this Court to instruct the jury at the penalty phase that the State bears the burden of proving the absence of any mitigating factors offered by the defense. The reasons in support of this motion are set out in the accompanying memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_____

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


MEMORANDUM IN SUPPORT

Placing the burden of proof on a capital defendant offends his basic constitutional and statutory rights, and should not be permitted, according to the Ohio Supreme Court.  State v. Lawrence (1989), 44 Ohio St. 3d 24.  Such a burden violates the Constitution in the same way as the requirement that jurors unanimously agree that a mitigating factor exists before it may be considered.

In Mills v. Maryland (1988), 486 U.S. 367, the Supreme Court held that unanimity requirement respecting mitigating factors improperly risks erroneous imposition of the death sentence because the jury may not give mitigating evidence any effect whatsoever if there is only one juror who refuses to recognize the presence of a mitigating factor.  The unanimity requirement thereby violates the guarantees to due process, fair trial and against cruel and unusual punishment.  See also, McKay v. North Carolina (1990), 494 U.S. 433.  Similarly, the Ninth Circuit has ruled that statutes which

require the sentencer to decide whether the evidence that mitigating circumstance or factor exists before it weighs the factor against aggravating circumstances, may preclude sentencers from weighing evidence of mitigation that, while not satisfying the evidentiary standard, may nonetheless give the sentencer reservations about the appropriateness of imposing a sentence of death.  This exclusion of relevant evidence at the weighing stage violates the Constitution by preventing a sentencer from weighing all relevant mitigating evidence against the aggravating circumstances.  Adamson v. Ricketts (C.A.9, 1988), 865 F. 2d 1011, certiorari denied sub non. Lewis v. Adamson (1990), 491 U.S. 1031.

Although the Ohio Supreme Court had previously indicated in State v. Jenkins (1984), 15 Ohio St. 3d 164, that the burden of proof of mitigating factors could properly fall on the defendant, it has since decided against that allocation of the burden of proof.  In State v. Lawrence, supra, at 27, the Court referred to Adamson, and stated:

> * * * [W]e do believe that a jury instruction that closely tracks R.C. 2929.03(D)(1) and which does not place the burden of proving the existence of a mitigating factor by a preponderance of the evidence on the defendant would adequately guide a jury in its deliberations during the penalty phase of a capital trial.  Further, such an instruction would ensure that Ohio jurors clearly understand that they are to consider all mitigating evidence in reaching their sentencing recommendation.

Under Lawrence, therefore, this Court should give the following instruction:

3

The defendant has presented evidence respecting the following mitigating factors:

You must accept the fact that the evidence presented by the defendant has proved the existence of these mitigating factors, unless the State convinces you otherwise beyond a reasonable doubt. That is, you are instructed that these mitigating factors exist unless you believe the State has proven beyond a reasonable doubt that they do not exist.

This instruction meets the expectations of the Ohio Supreme Court. This instruction would relieve the defendant of the burden of proof, and tell the jury quite simply to consider all of the mitigating evidence presented unless they are convinced to the contrary by the State.

To the extent that the Court suggests tracking the language of the Ohio statute, it is unclear and highly speculative that this would achieve their desired result.

There is no reason to tell the jury that "the defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death," as whether the defendant has met a burden of production is generally a legal matter of which the jury is not informed.  Additionally, if the jury is so informed, this instruction may well create a reasonable possibility that the jury would see this as a burden of proof, since they are unlikely to understand the distinction, and would naturally tend to burden the accused with the proof of facts which will apparently benefit him.

Furthermore, if the jury is given this instruction with the following statutory statement that "the prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the factors in mitigation of the sentence of death," there is a serious risk that the jury will impose an even higher standard of proof on the accused as to mitigating factors. In trying to discern what to do in the absence of an instruction on the standard of proof, the jury may place a burden on the accused of proof beyond a reasonable doubt, as this is the one standard they have been told of, thus prejudicing the accused. See State v. Doran (1983), 5 Ohio St. 3d 187, syllabus 2.

Yet another difficulty with the Court's suggestion to track the statute is, if it is expected that the jury is simply instructed "the prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the factors in mitigation of the sentence of death," then there is no identification whatsoever of the burden of proof on the factors in mitigation allocated, and no standard of their proof identified. The vagueness in these formulations carries the risk of substantial prejudice to Defendant.

The instruction requested by Defendant herein provides the most clear, succinct, and appropriate statement of the 1981 capital sentencing law (which has never itself stated the burden of proof to be on the defendant). It achieves all of the results expected by the state's highest court.

The failure to give the proposed jury instruction will violate NATHANIEL JACKSON' rights to due process, to present a defense, to fair trial, fair and impartial jury, compulsory process, confrontation of witnesses against him, effective assistance of counsel, and against cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under corresponding provisions of the Ohio Constitution.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

53

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )      Case No.  01-CR-794
                                  )
              Plaintiff,          )
VS.                               )
                                  )
                                  )      Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
              Defendant.          )

### MOTION TO INSTRUCT ON SPECIFIC MITIGATING FACTORS RAISED BY DEFENSE

NATHANIEL JACKSON, through counsel, requests this Court to instruct the jury on all mitigating factors statutory and nonstatutory, presented by the defense.

The reasons for this request are more fully set out in the attached Memorandum in Support.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>MEMORANDUM IN SUPPORT</u>

A capital defendant has a constitutional right to present both statutory and nonstatutory mitigating evidence that might justify not imposing the death penalty.  <u>Lockett</u> v. <u>Ohio</u> (1978), 438 U.S. 586, 608 (plurality opinion).  A capital sentencer "may not refuse to consider or be precluded from considering" mitigating factors.  <u>Eddings</u> v. <u>Oklahoma</u> (1982), 455 U.S. 104, 110; <u>Hitchcock</u> v. <u>Dugger</u> (1987), 481 U.S., 107.  More recently, in <u>Penry</u> v. <u>Lynaugh</u> (1989), 492 U.S. 302, the United States Supreme Court provided that "it is not enough to simply allow the defendant to present mitigating evidence to the sentencer.  The sentencer must also be able to <u>consider</u> and <u>give effect</u> to that evidence in imposing sentence."

In order to ensure that the sentence "considers" and "gives effect" to the mitigating evidence presented by the defense, the defense request

2

that the jury be instructed on all the mitigating factors in which he has adduced evidence.

The Ohio legislature, the Ohio Supreme Court, and the United States Supreme Court has recognized each of the following, as a matter of law [in the authorities provided below] to be a relevant mitigating factor in a capital sentencing proceeding; and, as NATHANIEL JACKSON has adduced evidence thereon, NATHANIEL JACKSON requests a specific instruction on each of the following mitigating factors:

1.    The defendant's personality disorder, or emotional disturbance. Eddings v. Oklahoma (1982), 455 U.S. 104.

2.    Any residual doubt about the Defendant's guilt of the offense charged or an aggravating circumstance.  State v. Watson (1991) 61 Ohio St. 3d 17 (vacating death sentence because of residual doubt); State v. Jackson (1991), 57 Ohio St. 3d 29, 41; State v. Gillard (1988), 40 Ohio St. 3d 226.

3.    Whether the defendant had, at least for some time, been a productive member of society.  State v. Johnson (1989), 46 Ohio St. 3d 96.

4.    The defendant's potential for rehabilitation.  Hitchcock v. Dugger (1987), 481 U.S., 107 S. Ct. 1821, 95 L.Ed. 2d 347; State v. Lundrum (1990), 53 Ohio St. 3d 107.

5.    The defendant's ability to make a well-behaved and peaceful adjustment to life in prison.  Skipper v. South Carolina (1986), 476 U.S. 1, fn. 2.

6.    The defendant's ability to lead a useful life behind bars if sentenced to life imprisonment.  Skipper v. South Carolina (1986), 476 U.S. 1.

7.    The defendant's devotion to, and care of, his family members. State v. Lawrence (1989), 44 Ohio St. 3d 25, 33.

8.    Whether the defendant is a religious person.  State v. Poindexter (1988), 36 Ohio St. 3d 1, 8.

9.    The defendant's feelings of sorrow and remorse for his crime. State v. Hicks (1989), 43 Ohio St. 3d 72; State v. Brewer (1990), 48 Ohio St. 3d 50, 64; State v. Landrum (1990), 53 Ohio St. 3d 107.

10.    The defendant is mentally retarded.  Penry v. Lynaugh (1989), 492 U.S. 302, 109 S. Ct. 2934; State v. Powell (1990), 49 Ohio St. 3d 255.

11.    The defendant was the victim of childhood abuse.  Penry v. Lynaugh (1989), 492 U.S.    302, 109 S. Ct. 2934.

12.    Lack of specific intent to cause death, relatively minor part in the crime. Lockett v. Ohio (1978), 438 U.S. 586.

13.    Defendant was deprived parental nurturing, his conduct disorder was caused by family environment (i.e., father absent from home, mother "out of touch").  State v. Powell (1990), 49 Ohio St. 3d 255.

14.    Defendant was under the influence of drugs or alcohol. State v. Hicks (1989), 43 Ohio St. 3d 72; State v. Landrum (1990), 53 Ohio St. 3d 107.

15.    Any other factors that call for a penalty less than death, or lessen the appropriateness of a sentence of death.

Each juror must be allowed to determine and "give effect" to his/her perception of what evidence favors leniency, regardless of whether those perception command the assent of other jurors. State v. Walton (1990), 110 S. Ct. 3047, 3063 (Scalia, J. concurring).   Nonstatutory mitigation and statutory mitigation are entitled to equal weight and it would be error to specify only the statutory factors. State v. Cummings (N.C. 1990), 389 S.E. 2d. 66.

Therefore, NATHANIEL JACKSON requests that the jury be instructed on all statutory and nonstatutory factors presented by the defense.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was delivered to the Office of the Prosecutor, 160 High Street, Warren, Ohio 44481, on this 23 day of _____, 2002.

ANTHONY V. CONSOLDANE
Attorney for Defendant

54

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    Case No. 01-CR-794
                                  )
                Plaintiff,        )
VS.                               )
                                  )
                                  )    Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
                Defendant.        )

## MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION

NATHANIEL JACKSON, through his attorney, respectfully requests that this Court refrain from including a reference to the "nature and circumstances of the offense" when:

    1)    identifying the evidence presented by the defendant, or

    2)    introducing the concept of the evidence to be weighed by the jury against the aggravating circumstances, or

    3)    listing the mitigating factors,

in its penalty phase jury instructions.

Defendant makes this request as he has not raised the nature and circumstances of the offense as a factor in mitigation.

To instruct the jury that it may consider same would mislead the jury, lead to arbitrary and capricious sentencing, the influence of passion and prejudice on the sentence, and diminish the reliability necessary in

determining the appropriate sentence. Instructing the jury to consider this would thus violate the state and federal constitutional rights to due process, to equal protection, to a fair and impartial jury determination as to sentence, to effective assistance of counsel, and to be free from cruel and unusual punishment. It would also violate rights under state statutes and caselaw foreclosing the instruction, comment, or reliance upon, mitigating factors not raised by the defendant, and would give rise to the consideration of non-statutory aggravating circumstances and arbitrary sentencing.

Further reasons in support of this motion appear in the following memorandum.

Respectfully submitted,

DAVID H. BODIKER #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue

2

Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


<u>MEMORANDUM IN SUPPORT</u>


R.C. 2929.04(B)(1) states "the trial jury shall consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender, and all of the following factors. "It then goes on to list factors".  The Ohio Supreme Court has interpreted this provision in several cases.

It is evident that the nature and circumstances of the crime are not to be considered or made the subject of instruction in this case.  A trial court is not to instruct on a mitigating factor unless that mitigating factor has been lawfully inserted into the sentencing considerations.  <u>State</u> v. <u>Hicks</u> (1989), 43 Ohio St. 3d 72, 77, fn. 3.   "lawfully inserted means inserted at the defendant's instance," i.e., whether he placed this information before the jury by raising same as a mitigating factor.  <u>Id.</u>  The <u>Hicks</u> Court took pains to clarify its opinion in <u>State</u> v. <u>Greer</u> (1988), 39 Ohio St. 3d 237, 253, where the Court had acknowledged that pre-sentence investigation reports "comprise the history, character and background of the offender, which information

3

may favor or disfavor a particular defendant, but *** nevertheless shall be considered by the court and the trial jury." In <u>Hicks</u>, at 77, fn. 3, the Court renounced a suggested interpretation of this passage in <u>Greer</u> that consideration of these matters generally to be weighed against the aggravating circumstances (like nature and circumstances of the offense), was always required:

> <u>In saying this, we did not mean that the history, character, and background of the offender shall be considered whether the offender raises that factor or not</u>. Indeed, it was central to our analysis in <u>Greer</u> that the defendant had requested these reports which placed this information before the jury. Thus, he had placed his history, character, and background in issue ***.
> (Emphasis added.)

The <u>Hicks</u> Court "hastened to end the uncertainty (created in <u>Greer</u>) by reaffirming <u>State</u> v. <u>DePew</u> (1988), 38 Ohio St. 3d 275, 289, and the holding therein that "those factors not raised (by the defendant) may not be referred to or commented upon by the trial court or the prosecution." The <u>Hicks</u> Court mandated that the judge not instruct on mitigating factors not raised by the defendant. <u>Id.</u>

That the rule of <u>DePew-Hicks</u> applies to the nature and circumstances of the offense as well is exemplified by <u>State</u> v. <u>Cooey</u> (1989), 46 Ohio St. 3d 20, 36. There, the Court found error, but declined to find plain error, in the State's remarks concerning the suffering of the victims. The <u>Cooey</u> court stated that such evidence concerned the nature and circumstances of the offense,

and as such may only be commented on when the defense raises the subject.   Since Cooey had made no effort to show the existence of mitigating factors in the nature and circumstances of the offense, it was improper for the State to comment on the matter.

Also, in Cooey, the Court found error in the trial court's consideration of an admission by Cooey that he had hit the victims with a nightstick.  This statement was not relevant to rebutting evidence of Cooey's mental capacity, which he had placed in issue, and, again, he had not placed in issue the nature and circumstances of the crime.  Therefore, its consideration by the trial judge violated R.C. 2945.39(D), as well as the above principles.

As the Defendant NATHANIEL JACKSON has made no effort to show the existence of mitigating factors in the nature and circumstances of the offense, there can be no instruction that the jury consider same in their deliberations.  To do so would violate his statutory rights, as

R.C. 2929.04(B) and (C) deal with mitigation and were designed to enable the defendant to facilitate his presentation thereof *** When the purpose of these sections is understood, it is clear that such comment is appropriate only with regard to those factors actually offered in mitigation by the defendant.  This is especially apparent when the purpose is considered in conjunction with the mandate found in R.C. 2929.04(B) *** If evidence on any of the factors is not offered by the defendant or if any of the factors would not, in fact, be useful in mitigation, then it would be impossible to weight those factors against the aggravating circumstances.

DePew, at 289 (emphasis in original).

Failure to afford the defendant the protections from a death sentence afforded by state law would pervert the state capital sentencing scheme, and lead to an arbitrary and capricious sentence in violation of the defendant's basic rights.

## CONCLUSION

Accordingly, under these authorities, NATHANIEL JACKSON requests the court refrain from referring to the "nature and circumstances of the offense" as a matter to be considered by the penalty phase jury in its deliberations.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered to the
Office of the Prosecutor, 160 High Street, Warren, Ohio 44481, on this 23rd
day of _____, 2002.


ANTHONY V. CONSOLDANE
Attorney for Defendant

55

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,           )       Case No. 01-CR-794
                         )
          Plaintiff,     )
VS.                      )
                         )
                         )       Judge Stuard
NATHANIEL JACKSON ,      )
                         )
          Defendant.     )

## MOTION TO INSTRUCT THE JURY THAT IT IS TO WEIGH ONLY THE AGGRAVATING CIRCUMSTANCES, AND NOT THE AGGRAVATED MURDER ITSELF, IN DETERMINING PUNISHMENT AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT

NATHANIEL JACKSON, through his attorney, respectfully requests that this Court instruct the penalty phase jury, and appropriately limit misleading suggestions to the contrary by the prosecutor in argument, that:

Ladies and Gentlemen, because the prosecution has earlier proven to you that an aggravating circumstances are present in this case, the law provides three possible sentences for your consideration: life imprisonment with parole eligibility after serving twenty-five years of imprisonment, life imprisonment with parole eligibility after serving thirty full years of imprisonment, or death.

It is the presence of the aggravating circumstances which warrant your consideration of these higher penalties. For, if the prosecution had failed to prove at least one of the aggravating circumstances to your satisfaction, then I, the judge, would have been required by law to impose a lesser form of a life sentence, (a sentence of life imprisonment with parole eligibility after serving twenty years imprisonment), a sentence which is less than that available to you today, as it may have made the defendant eligible for parole before twenty full years had been served.

You are here today to consider which of these three higher sentences to impose because you found an aggravating circumstance(s) was (were) present in this case. It is this (these) aggravating circumstances, and this (these) alone, which are to be weighed against the mitigating circumstances which have been presented in this case.

It would be improper for you to weigh, in this balance against the mitigating circumstances, the aggravated murder itself. This is because the sentencing laws of Ohio have already incorporated consideration of the commission of the aggravated murder itself in setting the sentences now available to you. In other words, the sentences you are to consider have already been increased beyond that which would have been imposed for the aggravated murder itself, due to the presence of the aggravating circumstance(s) in this case.

Therefore, it is the (these) aggravating circumstances, alone, which you will weigh against the mitigating circumstances in this case.

The reasons in support of this motion are set out in the attached memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483

2

(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

MEMORANDUM IN SUPPORT

"It is prejudicial error to refuse a requested charge that is pertinent to the case, states the law correctly, and is not covered by the general charge." State v. Hicks (1989), 43 Ohio St. 3d 72, 77.

The requested instruction is pertinent to the case, as it specifies the appropriate items to be placed on the scale which the jury uses to determine whether to recommend a sentence of death.

The requested instruction states the law correctly, as set forth in R.C. 2929.03(C)(1) and (2), and (D).

The requested instruction provides the jury with necessary guidance, and is not covered by the general charge.  The jury is, as yet, unaware of the distinctions in the punishment established by the Ohio legislature, as R.C. 2929.03(B) states that the guilt/innocence jury will not be instructed "on the penalty which may be the consequence of a guilty or not guilty verdict on any charge or specification."  The jury is thus unaware that their "mere" return of a specification has already worked an increase in the penalty to be imposed on the defendant.

It is essential that the jury understand the Ohio capital sentencing scheme, so that it can make reliable, appropriate, and non-arbitrary punishment decisions thereunder.  Yet, the charges generally provided to the jury do not explain that fundamental nature of their sentencing decision in a manner that can achieve this reliability and appropriateness, but rather, invites arbitrariness.

The standard instructions recite, to be sure, that the jury is to weigh the aggravating circumstances, but they do not inform the jury that the aggravated murder itself has already been factored into the sentencing options, nor would jurors likely have any basis in experience to have discerned this on their own.  The jury is being asked to sentence someone for "aggravated murder with specifications," and jurors would naturally be inclined to factor into their evaluation of the appropriate sentence the aggravated murder itself.  Indeed, jurors may well resist any suggestion to the contrary, unless so informed by the court.

The standard Ohio jury instructions certainly do not properly guide the jury.  While the instructions speak to the aggravating circumstances and to balance these, the aggravating circumstances which are repeatedly read to the jury and which appear in their verdict forms, invite this very error. The jury is invited to consider, indeed, may come to believe it is mandated to consider, the aggravated murder itself.  This is because each aggravating

circumstance is customarily prefaced with "the offense" to wit, the aggravated murder itself.

Thus, the jury, without cautionary instructions, will bootstrap consideration of the aggravated murder itself into their deliberations on whether the aggravating circumstances outweigh those in mitigation. This is clearly error of significant proportions.

The Ohio legislature has chosen to make the presence or absence of an aggravating factor the fact which reasonably justifies imposition of a more severe sentence on a defendant compared to others found guilty of "mere" aggravated murder. That is a distinction which makes a big difference--a literally life or death distinction. Indeed, the Ohio courts have sustained the validity of the capital sentencing scheme as it does, in their view, not merely bootstrap the offense, but provide a genuine narrowing of the class of eligible aggravated murderers.

If Ohio juries implementing this law are not made aware of this sentencing structure, they cannot implement it rationally. Under the standard instruction, most juries will assume they can consider the aggravated murder itself, due to the lack of any contrary instructions. A jury thus unguided may well impose a sentence that is more severe than the aggravating circumstance itself warrants. This will undoubtedly infect the actual weighing of the aggravating and mitigating circumstances.

Furthermore, it is quite likely that individual jurors will vary in their interpretation of the standard instructions, in this process provides the opportunity for passions and prejudices to infect the process of sentencing, denying basic rights of the accused.

The United States Supreme Court has held that "in reviewing death sentences, the Court has demanded even greater certainty that the jury's conclusions rested on proper grounds." See Mills v. Maryland (1988), 486 U.S. 367, citing Lockett v. Ohio (1978), 438 U.S. 586, 605. "The risk that the death penalty will be imposed in spite of factors which may call for a less severe penalty *** is unacceptable and incompatible with the command of the Eighth and Fourteenth Amendments." Id. Allowing some, if not most, jurors the ability, contrary to law, to deny decisive effect to mitigating evidence because it is believed that the other side of the scale contains not only an aggravating circumstance, but also, an aggravated murder itself, denies these rights under the State and federal Constitutions.

"In the absence of jury instructions defining (the aggravating circumstances) in a way that would clearly direct the jury to consider fully Dusten Might mitigating evidence as it bears on his personal culpability, (a reviewing court) cannot be sure that the jury was able to give effect to the mitigating evidence." See Penry v. Lynaugh (1989), 492 U.S. 302. The

instruction requested is necessary to remove the reasonable possibility that jurors will be misled as to their role.

Conveying this information "corrects a misconception and supplies the jury with accurate information for its deliberation in selecting an appropriate sentence." California v. Ramos (1983), 463 U.S. 992, 1009. This information is not only relevant to their deliberations, but essential.

Failure to so instruct the penalty phase jury will deny the Defendant his rights guaranteed under the federal and State Constitutions to due process, equal protection, a fair and impartial and reliable jury determination as to sentence, effective assistance of counsel, and to be free from cruel and unusual punishment, as well as his right to be sentenced in accordance with the State's statutory capital sentencing scheme.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314

7

ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was delivered to the

Office of the Prosecutor, 160 High Street, Warren, Ohio 44481, on this _____

day of _____, 2002.

ANTHONY V. CONSOLDANE
Attorney for Defendant

56

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No.  01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
| Defendant | ) | |

### MOTION TO ALTER DEFINITION OF MITIGATING CIRCUMSTANCES TO REMOVE REFERENCE TO "REDUCING THE DEGREE OF BLAME" AND TO REPLACE THIS WITH OTHER LANGUAGE, AND TO SO LIMIT THE PROSECUTOR IN ARGUMENT

NATHANIEL JACKSON, through his attorney, respectfully requests that this court modify his proposed jury instruction respecting the definition of mitigating circumstances, which presently reads:

Mitigating factors are factors that, while they do not justify or excuse the crime, nevertheless in fairness, and mercy, may be considered by you as extenuating or reducing the degree of the Defendant's blame or punishment and replace this with the following instruction:

Mitigating factors are factors that, while they do not justify or excuse the crime, nevertheless in fairness, sympathy and mercy, may be considered by you, as they call for a penalty less than death, or lessen the appropriateness of a sentence of death.

Defense also requests that the prosecutor be barred from equating mitigating factors to those which reduce the degree of blame or culpability.

The reasons in support of this motion are set out in the attached memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


## MEMORANDUM IN SUPPORT

In State v. Holloway (1988), 38 Ohio St. 3d 239, 242, syllabus 1, the Ohio

Supreme Court announced its disapproval of instructions which defined

mitigating circumstances as those which "reduce the degree of culpability."

The Court stated:

2

Mitigating factors under R.C. 2929.04(B) are <u>not related to a defendant's culpability</u> but, rather are those factors that are relevant to the issue of whether an offender convicted under R.C. 2903.01 should be sentenced to death.

<u>Id.</u> (emphasis added).  The Court then added:  "individualized sentencing decisions are essential in capital cases to ensure the <u>reliability of the determination that death is the appropriate punishment</u>.  <u>Id.</u> at 242 (emphasis added).  The Ohio Supreme Court has also recognized the error in using the "blame" definition.  In <u>State</u> v. <u>Lawrence</u> (1989), 44 Ohio St. 2d 24, 28-29, <u>an instruction identical to that proposed by the court herein was utilized, and found to be error</u>.  The defendant argued that "the use of the word "blame" in the instruction improperly related the mitigating factors to his culpability, in violation of <u>Holloway</u>.  The court agreed this was error, and, although use of the word "blame" alone would not have constituted prejudicial error, the prosecutor had also earlier misinformed the jury to this effect.  The propriety of an instruction that mitigating factors are those which "extenuate the gravity of the crime" was also before the United States Supreme Court, with other issues, in <u>Boyde</u> v. <u>California</u> (1990), 494 U.S. __, 110, and the Court agreed that the instruction created concerns, but on the facts and the entire record, found there was no reasonable probability of prejudice to the defendant in that case.

3

As the Ohio Supreme Court has already disapproved the instruction proposed, and there are serious state and federal constitutional flaws in the instruction as well, this Court should revise its instruction.

The requested instruction is a correct statement of the law.  The Ohio Supreme Court has frequently described mitigating factors as ones which: "lessens the moral culpability of the offender or diminishes the appropriateness of death as the penalty."  State v. DePew (1988), 38 Ohio St. 3d 275, 292, quoting State v. Steffen (1987), 31 Ohio St. 3d 111, 121.  As the reference to culpability is no longer permissible, the requested instruction is an appropriate modification.

The requested instruction tells the jury clearly that these are factors which are relevant to the issue of whether the defendant should receive death, i.e., call for a lesser penalty, and the requested instruction also incorporates the Ohio Supreme Court's mandate to ensure that the jury make a reliable determination that death is appropriate, Holloway, at 242, i.e., that it consider factors which reduce the appropriateness of death as a punishment.

Failure to so instruct the jury will deny the constitutional rights to due process, to equal protection, to effective assistance of counsel, to a fair and impartial jury, and to be free from cruel and unusual punishment.

4

## CONCLUSION

Accordingly, under these authorities, the defense requests the proposed instruction be modified in accordance herewith, and that the prosecutor be barred from argument which equates mitigating factors to those reflecting the degree of culpability or blame.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered to the Office of the Prosecutor, 160 High Street, Warren, Ohio 44481, on this ___ day of _____, 2002.

ANTHONY V. CONSOLDANE
Attorney for Defendant

6

57

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No.  01-CR-794
                                  )
              Plaintiff           )
vs.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON                 )
                                  )
              Defendant           )

## MOTION FOR WRITTEN JURY INSTRUCTION
## AND OPPORTUNITY TO REVIEW

NATHANIEL JACKSON, through his attorney, respectfully requests that
this Court enter an order that the jury instructions for the trial phase, and if
necessary, the penalty phase, be reduced to writing; and that the attorneys
for the Defendant and State be provided a reasonable opportunity to
review those jury instructions, and to submit their objections/suggestions
thereto, prior to the actual reading of the instructions.  The reasons for this
motion are set out in the attached memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314

ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076




## MEMORANDUM IN SUPPORT

The United States Supreme Court has consistently maintained that where the death penalty is involved, a heightened degree of reliability in the trial and sentencing process is mandated.  Woodson v. North Carolina (1976), 428 U.S. 280.  This mandate translates into a responsibility of this Court to ensure that the Defendant receives a fair trial.

Whenever a defendant objects to a jury instruction, the Ohio Supreme Court has consistently held that:

> Crim. R. 30 places upon the defendant the responsibility to object  ***, "stating specifically the matter to which he objects and the ground of his objection."  Failure to object deprives the defendant of the right to assign as error the failure.  State v. Roberts (1976), 48 Ohio St. 2d 221, 25; State v. Lane (1976), 49 Ohio St. 2d 77.

State v. Parra (1980), 61 Ohio St. 2d 236, 238.

The premise behind Crim. R. 30 was stated by then Chief Justice O'Neill:

2

This Court need not address this proposition of law as the appellant failed to object to the jury instructions.  ***  This Court has consistently held that an appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court  ***  Any other rule *** would relieve counsel from any duty or responsibility to the court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court rather than by silence mislead the court into commission of error.
State v. Williams (1977), 51 Ohio St. 2d 112, 116-117.

The trial court has the discretion under Crim. R. 30 to reduce the jury instructions to writing.  State v. Whitmeyer (1984), 20 Ohio App. 3d 279.  By reducing the jury instructions to writing and granting counsel for the Defendant or State access to review these instructions prior to presentation to the jury, the Court will minimize the length of time required to read the jury instructions and prepare objections.  With adequate time to review, counsel for the Defendant and State will be able to more efficiently and effectively determine which instruction, if any, to object to and set forth specifically the "matter which he objects and the grounds of his objection." Crim. R. 30; State v. Parra, supra.

WHEREFORE, the Defendant by and through undersigned counsel respectfully moves this Honorable Court to reduce the trial and penalty phase jury instructions to writing and afford counsel for the Defendant and State the opportunity to review these instructions prior to them being read to the jury.

3

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

4

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

58

STATE OF OHIO,                          )          Case No.  01-CR-794
                                        )
               Plaintiff,               )
VS.                                     )
                                        )
                                        )          Judge Stuard
NATHANIEL JACKSON                       )
                                        )
               Defendant.               )

MOTION FOR AUGMENTED UNANIMITY
INSTRUCTION FOR CAPITAL SPECIFICATION

NATHANIEL JACKSON, through counsel, respectfully moves this Court to give an augmented unanimity instruction to the jury prior to its trial phase deliberations.   The specific instruction recommended and the reasons in support of this motion are set out in the accompanying memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue

67

Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

MEMORANDUM IN SUPPORT

In this case the State has alleged in Specification 1 that NATHANIEL JACKSON was either the principal offender in the aggravated murder or if not the principal offender, committed the aggravated murder with prior calculation and design.  In other words, the State has argued to the jury that it can convict the Accused of Specification 1 if he was either the principal offender, or committed the crime with prior calculation and design.  While this statement is generally correct, in order to legally convict the Accused of the Specification, the jury must be unanimous in its finding of which particular act forms the basis for the conviction.  In order to convict, the jury must find <u>unanimously</u> that the Accused was the principal offender, <u>or</u> it must <u>unanimously</u> find that the Accused committed the crime with prior calculation and design.

In <u>State</u> v. <u>Johnson</u> (1989), 46 Ohio St. 3d 96, 104, the Ohio Supreme Court held that if a single count (or specification) can be divided into two or more "distinct conceptual groupings," the jury must be instructed

2

specifically that it must unanimously conclude that the defendant committed acts falling within one such grouping in order to reach a guilty verdict. The Court relied upon United States v. Gipson (C.A.5, 1977), 553 F.2d 453, 458, in arriving at this conclusion.

Where there appears a possibility of jury confusion in light of the allegations made and the statute charged, an augmented general instruction may be necessary to ensure that the jury understands its duty to unanimously agree on a particular set of facts. Johnson, citing United States v. Beros (C.A.3, 1987), 833 F. 2d 455; United States v. Payseno (C.A.9, 1986), 782 F.2d 832, 837.

In this case, the defense requests that the Court give the following instruction prior to the jury's trial phase deliberations:

> In order to convict NATHANIEL JACKSON of Specification 1, you must all agree that he was either the principal offender in the aggravated murder or if not the principal offender, he committed the aggravated murder with prior calculation and design. You cannot convict NATHANIEL JACKSON of Specification 1 if some of you believed he committed one set of acts which would constitute Specification 1 and some of you do not believe beyond a reasonable doubt that he committed those same acts.

> You cannot convict NATHANIEL JACKSON of Specification 1 unless you unanimously believe that NATHANIEL JACKSON was the principal offender in the aggravated murder or if not the principal offender in the aggravated murder, committed the aggravated murder with prior calculation and design.

The failure to give the foregoing instruction would violate NATHANIEL JACKSON' rights to due process, to present a defense, to fair trial, to fair and

3

impartial jury, compulsory process, confrontation of witnesses against him, effective assistance of counsel, and against cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under corresponding provisions of the Ohio Constitution.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this ___ day of _____, 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

5

59

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No.  01-CR-794
                                  )
            Plaintiff,            )
VS.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
            Defendant.            )

### MOTION IN LIMINE TO PROHIBIT PREJUDICIAL ARGUMENTS AND THEMES AT THE CLOSING ARGUMENT OF THE PENALTY PHASE

Defendant, through counsel, respectfully requests that this Court enter an order prohibiting various prejudicial arguments and improper themes at the penalty phase.  The reasons in support of this motion are set out in the attached memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER

328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


MEMORANDUM IN SUPPORT


In <u>Darden</u> v. <u>Wainwright</u> (1986), 477 U.S. 168, 182, the Court stated that a prosecutor's comments in closing argument which "manipulate or misstate the evidence, implicate other specific rights of the accused such as the right to counsel or the right to remain silent *** (and are not) invited by (or) *** responsive to the opening summation of the defense, "would deprive a defendant of a fair trial.

In <u>State</u> v. <u>DePew</u> (1988), 38 Ohio St. 3d 275, 288, the Ohio Supreme Court voiced its disapproval of misconduct by prosecutors.  The Court noted that "Attorneys, trial courts, courts of appeals and this court should remain ever vigilant regarding the duties of counsel as exemplified in the following standards."  The standards the Court referred to were as follows:

A lawyer shall not "engage in conduct that is prejudicial to the administration of justice"  DR1-102(A)(5) of the Ohio Code of Professional Responsibility.

A lawyer shall not "knowingly make a false statement of law or fact" DR7-102(A)(5) of the Ohio Code of Professional Responsibility.

A lawyer shall not "state or allude to any matter that he has no reasonable basis to believe is relevant to the case or that will not be supported by admissible evidence"  DR7-106 of the Ohio Code of Professional Responsibility.

"The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury" ABA Standards.  Relating to the Prosecution Function (Tent. Draft 1970), 126, Section 5.8(c).

The Court further noted that its efforts to curb misconduct have been less than successful and the avenues for prevention and correction are few. DePew at 288.  Yet we cannot "disregard the defendant's right to a fair trial, which is mandated by the Sixth Amendment to the United States Constitution."

Prosecutors in general resort to the same prejudicial themes over and over again in their closing arguments.  Appellate courts often find their arguments to constitute error, but harmless and so the pattern of misconduct continues.  By preventing the State from using the same recurring prejudicial arguments the trial court will be adhering to the mandates of DePew to "remain ever vigilant regarding the duties of counsel."  The best way to balance the public's interest in effective administration of the criminal justice system (i.e., avoid grounds for reversal), with the criminal defendant's right to a fair trial, is to preclude the admission of the prejudicial themes/arguments before their introduction.

The defense has included below a list of the recurring prejudicial themes that prosecutors often use, as well as case citations finding such

3

argument to be error. The prosecution should be prohibited from the following prejudicial arguments:

1)    Expressions of the prosecutor's personal beliefs or opinions. State v. Lott (1990), 51 Ohio St. 3d 160; ABA Standards for Criminal Justice, The Prosecutor Function, Section 5.8(b).

2)    References by the prosecutor to matters not supported by admissible evidence. State v. Hutton (1990), 53 Ohio St. 3d 36, 43; State v. Smith (1984), 14 Ohio St. 3d 13, 14; State v. DePew (1988), 38 Ohio St. 3d 275.

3)    Appeals to the jury's emotions or fears rather than reason. State v. Thompson (1987), 33 Ohio St. 3d 1, 14; State v. Landrum (1990), 53 Ohio St. 3d 107, 11; Hance v. Zant (C.A.11, 1983), 696 F. 2d 940.

4)    Improperly introducing nonstatutory aggravating circumstances. State v. Davis (1988), 38 Ohio St. 3d 361, 372; State v. Thompson (1987), 33 Ohio St. 3d 1.

5)    Arguing that the defendant has previously received "breaks" for other criminal activity. State v. Hutton (1990), 53 Ohio St. 3d 36, 44.

6)    Use of the defendant's post-Miranda silence. State v. Moreland (1990), 50 Ohio St. 3d 58; State v. Thompson (1987), 33 Ohio St. 3d 1.

7)    Calling upon the jury to send a message to the community. State v. Hicks (1989), 43 Ohio St. 3d 72, 76; State v. Bedford (1988), 39 Ohio St. 3d 122; State v. DePew (1988), 38 Ohio St. 3d 275; State v. Byrd (1987), 32 Ohio St. 3d 79.

8)    Misleading the jury concerning parole eligibility. State v. Hicks (1989), 43 Ohio St. 3d 72, 76; State v. DePew (1988), 38 Ohio St. 3d 275.

9)    Argument concerning mitigating factors not raised by defendant. State v. DePew (1988), 38 Ohio St. 3d 275.

10)   Argument to the effect that the State did not seek the death penalty "lightly" or "frivolously." Brooks v. Kemp (C.A.11, 1985), 762 F. 2d 1383, vacated and remanded on other grounds (1986), 478 U.S. ___; State v. Greer (1988), 39 Ohio St. 3d 236.

4

11)    Argument that if a life sentence is given the defendant might get out earlier if statute is changed.  State v. Bedford (1988), 39 Ohio St. 3d 122.

12)    Argument concerning the defendant's lack of remorse.  State v. Tyler (1990), 50 Ohio St. 3d 24; State v. Wickline (1990), 50 Ohio St. 3d 114.

13)    Argument that the evidence in this case cries out for the death penalty.  State v. Brown (1988), 38 Ohio St. 3d 305; Brooks v. Kemp (C.A. 11, 1985), 762 F. 2d 1383, 1414-1419, en banc.

14)    Argument as to why the defendant did not call certain persons to the stand.  State v. DePew (1988), 38 Ohio St. 3d 275.

15)    Argument that exceed "comment" on the fact that the defendant made an unsworn statement.  State v. DePew (1988), 38 Ohio St. 3d 275.

16)    Argument that the prosecutor is personally afraid of the defendant.  State v. Beuke (1988), 38 Ohio St. 3d 29.

17)    Argument that the severity of the wounds suffered by the victim constitute an aggravating circumstance.  State v. Coleman (1988), 37 Ohio St. 3d 286; State v. Bedford (1988), 39 Ohio St. 3d 122.

18)    Quoting from Gregg v. Georgia (1976), 428 U.S. 153; State v. Byrd (1987), 32 Ohio St. 3d 79; State v. Poindexter (1988), 36 Ohio St. 3d 1.

19)    Argument concerning the defendant's previous contacts with the justice system, when no such contacts exist.  State v. Poindexter (1988), 36 Ohio St. 3d 1.

20)    Argument that the victim did not have all the rights the defendant has been given.  Brooks v. Kemp (C.A.11, 1985), 762 F. 2d 1383, 1411, vacated on other grounds (1986), 478 U.S. __, 92 L. Ed. 2d 460.

21)    Argument that the jury should show the defendant the same mercy he showed the victim.  Rhodes v. State (Fla. 1989), 547 So. 2d 1201.

22)    Argument that the jury does not have to consider lingering or residual doubt.  State v. Roe (1989), 41 Ohio St. 3d 18; State v. Gillard (1988),

5

40 Ohio St. 3d 226; State v. Watson (1991), 61 Ohio St. 3d 1,17; State v. Jackson (1991), 57 Ohio St. 3d 29,41.

The prosecutor has a special duty and function as the government's representative "*** whose obligation to govern impartially is as compelling as its obligation to govern at all ***." Berger, supra, at 88.

> *** Therefore, in a criminal prosecution (it) is not that (the prosecutor) shall win a case, but that justice shall be done.  As such he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer.  He may prosecute with earnestness, and vigor -- indeed, he should do so.  But, while he may strike hard blows, he is not at liberty to strike foul ones.
> It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

Berger, id at 88.

Violation of these impartial duties and obligations do not merely offend principles of justice but also the relationship between the sovereign and the accused individual.  More importantly, "improper suggestions, insinuations and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should carry none." Ibid.

WHEREFORE, in order to avoid any improper prosecutorial arguments at the penalty phase of the defendant's trial, the defendant respectfully moves this Honorable Court for an order in limine.

Respectfully submitted,

*David H. Bodiker / IFL*

DAVID H. BODIKER  #0016590

6

OHIO PUBLIC DEFENDER

_____
ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_____
JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON




## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT


7

60

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        Case No.  01-CR-794
                                  )
            Plaintiff,            )
VS.                               )
                                  )
                                  )        Judge Stuard
NATHANIEL JACKSON ,               )
                                  )
            Defendant.            )

## MOTION TO PROHIBIT THE PROSECUTOR
## FROM ARGUING AND THE COURT FROM GIVING
## INSTRUCTIONS REGARDING STATUTORY MITIGATING
## FACTORS NOT RAISED BY THE DEFENSE

NATHANIEL JACKSON, through counsel, respectfully moves this Court to prohibit the prosecutor from arguing the nonexistence of any statutory mitigating factor which Defendant does not raise in his defense at the sentencing phase.  NATHANIEL JACKSON similarly moves this Court to refrain from giving the jury instructions that refer to any mitigating factor which the defense does not raise at the sentencing phase.  The reasons in support of this motion are set out in the accompanying memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER

LEAD COUNSEL

_Ronald A. Foucau_

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL
BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR  NATHANIEL JACKSON

## MEMORANDUM IN SUPPORT

R.C. 2929.04 sets out the precise formula and procedure for weighing aggravating circumstances and mitigating factors.  Subsection (B) lists seven statutory factors that shall be considered as mitigating if evidence is presented to support them at trial.  Allowing the prosecutor to argue, or instructing the jury that there are seven mitigating factors that can be considered, where no evidence has been introduced to support a finding of all seven factors, permits the jury to consider the lack of proof on these factors as an aggravating circumstance.  It subverts the intended operation of these factors as mitigating circumstances and converts their function to one of aggravation.  Accordingly, the defense requests that the prosecutor be prevented from arguing the nonexistence of any of the seven mitigating factors found in R.C. 2929.04(B).  In addition, the defense moves this Court not to give instructions on any mitigating factors which the defense does

2

not present.  This request is in accordance with the Ohio Supreme Court's ruling in State v. DePew (1988), 38 Ohio St. 3d 275.

In Maggard v. State (Fla. 1981), 399 So. 2d 873, certiorari denied (1981), 454 U.S. 1059, the Florida Supreme Court held that the trial court erred in allowing the State to present evidence of past criminal activity (not falling within the definitions of any statutory aggravating circumstances) to rebut the existence of the mitigating factor of lack of prior criminal record where defense had presented no evidence on that mitigating factor.  The error was found to be of such magnitude that the sentence of death was vacated with directions to hold a new sentencing hearing with a new jury.  The Court said:

> Mitigating factors are for the defendant's benefit, and the State should not be allowed to present damaging evidence against the defendant to rebut a mitigating circumstance that the defendant expressly concedes does not exist.  Furthermore, the jury should not be advised of the defendant's waiver.  In instructing the jury, the court should exclude the waived mitigating circumstance from the list of mitigating circumstances read to the jury, and neither the state nor the defendant should be allowed to argue to the jury the existence or the nonexistence of such mitigating circumstance.

399 So. 2d at 978; see, also, Fitzpatrick v. Wainwright (Fla. 1986), 490 So. 2d 938.

In State v. DePew, supra, the Ohio Supreme Court condemned the manner of instruction and argument that the defense seeks to prohibit.  The Court concluded that when the trial court instructs the jury about the

3

mitigating factors "the better practice is certainly to refrain from even referring to mitigating factors not raised by the defense." Id. at 290.

In so concluding the Court explained that "R.C. 2929.04(B) and (C) deal with mitigation and were designed to enable the defendant to raise issues in mitigation and to facilitate his presentation thereof. If the defendant chooses to refrain from raising some of or all the factors available to him, those factors not raised may not be referred to or commented upon the (sic) trial court or the prosecution." Id. at 289.

Instruction or argument concerning all the mitigating factors listed in the statute violates the principles enunciated in DePew. Such an instruction would allow the jury to focus on the fact that certain of the factors listed in R.C. 2929.04(B) were absent in the Defendant's, NATHANIEL JACKSON, case. The trial jury would then be permitted to convert the absence of a mitigating factor into an aggravating circumstance. The Ohio capital statutory scheme does not permit the jury to consider aggravating circumstances which are not properly included in the indictment and proved in the trail phase. In State v. Jenkins (1984), 15 Ohio St. 3d 164, 215, certiorari denied (1985), 472 U.S. 1032, the Court held that:

> The State cannot, in the sentencing phase, present proof of aggravating factors other than those of which the appellant was found guilty of committing in the guilt phase of the trial. R.C. 2929.03(D)(1).

See, also, State v. Penix (1987), 32 Ohio St. 3d 369.

4

Additionally, by instructing on all the mitigating factors, the trial court would change the focus of the mitigation hearing from a qualitative analysis of the evidence to a quantitative analysis. In other words, the importance in the hearing no longer rested with the quality of the evidence presented by the defense, but with the quantity (i.e., the number of mitigating factors) presented and proved. For example, if all seven statutory factors are raised for consideration, and the defense presents evidence on all of these, the crime appears fully mitigated. If the defense offers evidence on five of the factors, then the crime is 71% mitigated. If evidence proves only three factors exist, then the crime is 42% mitigated. If two factors are proved, the crime is mitigated a mere 28%.

This approach undermines the goal of the mitigation hearing and eliminates the possibility of deciding the appropriate punishment. In State v. Wood (Utah 1982), 648 P. 2d 71, the Utah Supreme Court discussed the impropriety of applying a numerical approach in determining the sentence to be imposed in a capital case. Utah provides the same standard for its sentencing authority as Ohio: the aggravating circumstances must outweigh the mitigating circumstances beyond a reasonable doubt before a death sentence may be imposed. In making a determination under this standard, the Utah Supreme Court held that a sentencing body must:

> Compare the totality of the mitigating against the totality of the aggravating factors, not in terms of the relative numbers of the

aggravating and the mitigating factors, but <u>in terms of their respective substantiality and persuasiveness.</u>

<u>Id.</u> at 83 (emphasis added).

Reference to all R. C. 2929.04(B) factors by the trial court and prosecutor, in absence of defense proof of all these factors would ensure an improper weighing process. The focus would be on the number of mitigating factors presented and proved rather than with the weight of the mitigating evidence presented. Moreover, such instruction and argument would allow non-statutory and unproven aggravating circumstances to enter into the sentencing determination.

Not only would such a procedure deny Defendant the effective assistance of counsel but any sentence resulting from this unconstitutional procedure would permit the arbitrary and discriminatory application of the death penalty in violation of constitutionally protected rights to due process, equal protection and against cruel and unusual punishment.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_[signature]_

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and Memorandum was delivered to the Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, on this _____ day of _____, 2002.

_[signature]_

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

7

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )      Case No.  01-CR-794
                              )
            Plaintiff,        )
VS.                           )
                              )
                              )      Judge Stuard
NATHANIEL JACKSON ,           )
                              )
            Defendant.        )

## MOTION TO PROHIBIT ANY EVIDENCE BEARING ON THE CHARACTER OF THE VICTIM OR VICTIM IMPACT

NATHANIEL JACKSON, through his attorneys, respectfully moves this Court in limine to prohibit all parties and witnesses from introducing any evidence bearing on the character or personal characteristics of the decedent or on victim impact.  The reasons in support of this motion are set out in the accompanying memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio 44483
(330)393-7727 FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

MEMORANDUM IN SUPPORT

The law is clear in the State of Ohio that evidence of a person's character is generally not admissible at trial. Evid. R. 404(A)(2) states as follows:

> Character of Victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor is admissible; however, in prosecutions for rape, gross sexual imposition, and prostitution, the exceptions provided by statute enacted by the General Assembly are applicable.

The Rule is quite clear, the prosecutor may introduce character traits of the victim only: (1) to rebut a character trait raised by the defendant; or (2) rebut evidence that the victim was the aggressor.

Admitting testimony of this nature is especially prejudicial in capital cases. In a normal case, the jury does not sentences, and therefore such testimony does not affect the sentencing process. However, in this capital case, the jury that will hear the testimony will also impose the sentence.

2

The United States Supreme Court has made it clear that it is improper to present evidence of a victim's character in a capital trial.  Booth v. Maryland (1987), 482 U.S. 496.  In Booth, the Court ruled unconstitutional, via the Eighth Amendment, a Maryland statute requiring a victim impact statement (VIS) be presented to the jury during the sentencing phase of a capital case.  The focus of the VIS was not on the defendant, but rather on the character and reputation of the victim and the effect of his death on his family.  The Court found that the nature of the information in a VIS created an impermissible risk that capital sentencing would be made in an arbitrary manner.  This potential arbitrariness in sentencing violates the Eighth Amendment.  The Court concluded that introduction of the VIS would result in capital punishment being imposed based on the jury's perception that the victim was a "sterling member of the community rather than someone of questionable character." Id.

Booth defined victim impact evidence as evidence which describes the personal characteristics of the victim, the emotional trauma suffered by the victim's family, or the family members' opinions and characterization of the defendant and the crime.

The holding of Booth was reaffirmed in South Carolina v. Gathers (1989), 490 U.S. __, 104 L. Ed. 2d 876, 109 S. Ct. 2207.  It is the mere introduction of the victim impact evidence that violates the Eighth

3

Amendment and warrants reversal in a capital case. Booth, at 96 L. Ed. 2d 452. The federal courts have consistently overturned death sentences in which state courts committed Booth error. Rushing v. Butler (C.A. 5, 1989), 868 F. 2d 800; Hayes v. Lockhart (C.A. 8, 1989), 881 F. 2d 1451.

The Ohio Supreme Court adopted the Booth holding in State v. Post (1987), 32 Ohio St. 3d 380, certiorari denied (1988), 484 U.S. 1079. The Court also concluded that admission of the victim impact evidence violates not only the Federal Constitution but also Ohio law and the statutory framework governing the victim impact statement. Id. at 383-384. R.C. 2943.041 which gives the victim or family representative the right to make a statement with regard to sentencing, is inapplicable to cases where the defendant has been charged with a capital offense, and prohibits the sentencing judge from allowing any introduction of victim impact evidence. Post because the case had been heard by a three-judge panel.

The Ohio Supreme Court also addressed this issue in State v. Greer (1988), 39 Ohio St. 3d 236. In Greer, the Court held that the use of a victim impact statement in a capital sentencing phase creates a constitutionally unacceptable risk that the jury may impose the death penalty in an arbitrary and capricious manner.

More recently, in State v. Huertas (1990), 51 Ohio St. 2d 3d 22, syllabus, the Court held that "expression of opinion by a witness as to the

appropriateness of a particular sentence in a capital case violates the defendant's constitutional right to have the sentencing decision made by the jury and judge." (Emphasis added.) The Court vacated the death sentence in Huertas.

Additionally, the United States Supreme Court has consistently held that capital cases must be as free as humanly possible from passion, prejudice or mistake. Gardner v. Florida (1977), 430 U.S. 349, 358; Eddings v. Oklahoma (1982), 455 U.S. 104, 118 (O'Connor, J., concurring). Because sentences of death are quantitatively different from prison sentences, factors that infect the reliability of the capital process cannot be tolerated. Woodson v. North Carolina (1976), 428 U.S. 280, 305. Victim's character testimony in the present case would inject the sympathy and passion factor that the United States Supreme Court has consistently held must be eliminated from the capital sentencing process.

The Ohio criminal jury instructions direct the jury to arrive at its verdict without bias, sympathy, or prejudice (4 OJI 413.60). Under Ohio's new capital sentencing scheme, there exist no cases as to the testimony of an acquaintance of the victim concerning the victim's character traits. However, in State v. Jenkins (1984), 15 Ohio St. 3d 164, 192, certiorari denied (1985), 105 S. Ct. 3514, rehearing denied (1985), 106 S. Ct. 19, the Ohio Supreme Court ruled that a defendant was not entitled to a jury charge

instructing the jury to consider sympathy for the defendant in making its sentencing recommendation.  The Court, in reaching its conclusion, cited 4 OJI 413.60, which specifically prohibits consideration of sympathy for the defendant.

R.C. 2942.041 also reflects the Legislature's desire to eliminate sympathy for the victim from jury consideration in a capital case. Aggravated murder indictments are specifically exempted from the statutory provisions which permit a representative of the victim from making a statement as to the victimization or sentence.

The allowance by a trial court for a jury to consider irrelevant and immaterial matters in either the guilt or sentencing stage of a capital case is clearly reversible error under both the Ohio and Federal Constitutions.  The Ohio Supreme Court recognized this principle in State v. White (1968), 15 Ohio St. 2d 146.  In White, the Court held that reliance on evidence of the victim's background or family by the State in its argument for the death penalty is improper and constitutes reversible error if relied upon in arriving at a judgment.

The Court cited as authority the generally recognized rule that evidence of a "`deceased's good character or reputation as a quiet, peaceable, and law-abiding man'" is inadmissible except under narrowly

defined circumstances. <u>White</u> at 150-151, quoting 40 Corpus Juris Secundum

1138, Homicide, Section 222.

The Court also noted that:

> "In most cases evidence concerning the family left by the deceased is inadmissible."

<u>White</u>, 15 Ohio St. 2d 151, quoting 40 Corpus Juris Secundum 1146, Homicide,

Section 314, and Annotation 67 A.L.R. 2d 731.

The Court explained the rationale for this rule as follows:

> Such evidence is excluded because it is irrelevant and immaterial to the guilt or innocence of the accused and the penalty to be imposed. The principal reason for the prejudicial effect is that it serves to inflame the passion of the jury with evidence collateral to the principal issue at bar.

15 Ohio St. 2d 146, 151.

It is well-established that evidence which arouses the jury's emotional

sympathies, evokes a sense of horror, or appeals to an instinct to punish is

unfairly prejudicial and therefore inadmissible.

The unfair prejudice inherent in admission of evidence regarding the

deceased's character or family provides a basis for reversal in that it

prevents the capital defendant from achieving a fair trial or sentence.

Admission of this evidence rises to the level of a denial of due process, fair

trial, fair and impartial jury and effective assistance of counsel,

confrontation of witnesses against him, compulsory process, and against

cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth

Amendments to the United States Constitution an corresponding provisions of the Ohio Constitution.

The logic of these cases reinforces the proposition that "[t]he constitutional right to a fundamentally fair trial prevents the prosecution from urging a jury to impose a sentence of death for improper or irrelevant reasons." Tucker v. Francis (C.A.11, 1984), 723 F. 2d 1504, 1506.

Other states that have considered this question have continuously rejected interjection of sympathy for the victim in the capital litigation process. In People v. Harris 91989), 132 Ill. 2d 128, 547 N.E. 2d 124, the Illinois Supreme Court found that such statements were reversible error. In Harris, the defendant had been convicted by a jury but the sentencing phase was tried by a judge.

The California Supreme Court also addressed a similar situation in People v. Lewis (Cal. 1990), 266 Cal. Rptr. 834, 848-849, 786 P. 2d 892. There the California Supreme Court reversed a case in which the jury had sentenced the defendant to death. In imposing sentence, the judge had reviewed a probation report that had been prepared for the court's review for sentencing on the remaining non-capital charges. The probation report included a victim impact statement. The trial court erroneously reviewed the probation report before sentencing Lewis on the capital conviction. The California Supreme court remanded the case.

8

Attorneys for both the State and NATHANIEL JACKSON are under a heavy responsibility to present their evidence in the manner most likely to secure for the Accused a trial free from any suggestion which might bring before the jury any matter not germane to the issue of guilt. <u>Hathaway</u> v. <u>Florida</u> (Fla. 1958), 100 So. 2d 622, 664.  The testimony concerning the decedent in this case would violate this responsibility.

The use of a victim impact evidence in a capital case is not subject to the harmless error analysis of <u>Chapman</u> v. <u>California</u> (1967), 386 U.S. 18.  The Supreme Court did not even mention the possibility of harmless error in <u>Booth</u> because the mere introduction of the statement creates a constitutionally unacceptable risk that the death penalty may be imposed in an arbitrary and capricious manner.

THEREFORE, any character testimony related to the deceased should be ruled inadmissible prior to trial and all parties admonished not to elicit such testimony.  Further, counsel for the parties should be ordered to advise all witnesses who will testify at trial that no character or victim impact testimony is allowed.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON


<u>CERTIFICATE OF SERVICE</u>

I  hereby  certify  that  a  copy  of  the  foregoing  Motion  and
Memorandum was delivered to the Prosecutor's Office, 160 High Street,
Warren, Ohio, 44481, on this ___ day of _____, 2002.

ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

62

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No. 01-CR-794 |
| | ) | |
| Plaintiff, | ) | |
| VS. | ) | |
| | ) | |
| | ) | Judge Stuard |
| NATHANIEL JACKSON , | ) | |
| | ) | |
| Defendant. | ) | |

MOTION TO PRECLUDE READMISSION OF
TRIAL PHASE EVIDENCE AND EXHIBITS
IN PENALTY PHASE, AND RELATED
PROSECUTORIAL COMMENT

NATHANIEL JACKSON, through his attorneys, respectfully moves this

Court to preclude the readmission of evidence and exhibits from the trial

phase in the penalty phase, and to preclude the prosecutor from making

any comment or argument related to this evidence.  The reasons in support

of this motion are set out in the accompanying memorandum.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

<u>MEMORANDUM IN SUPPORT</u>

The defense will not raise the nature and circumstances of the offense as a mitigating factor in this case.  Consequently, the State's evidence and exhibits in the trial phase admitted to prove the facts and circumstances of the crimes charged are not admissible to rebut any mitigation that will be offered in the penalty phase.  Under <u>State</u> v. <u>DePew</u> (1988), 40 Ohio St. 3d 226, and <u>State</u> v. <u>Davis</u> (1988), 38 Ohio St. 3d 361.

This rule does not allow readmission of all photos or exhibits respecting simply the murder itself, as this is not an aggravating circumstance.  Rather the evidence introduced must be relevant to the statutorily specified and proved aggravating circumstances accompanying this murder.  The evidence and exhibits admitted in the trial phase are not relevant to or probative of the aggravating circumstance(s), but only to the aggravated murder charged in this case.  The evidence is therefore irrelevant to the sentencing proceeding.

2

Moreover, even if relevant, the probative nature of the evidence is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, and of misleading the jury. Evidence of the circumstances of this crime will only serve to inflame the passions of the jury against Martin E. Scott, at a time when the sole focus of the jury should be on what reasoned moral response is appropriate in this case. Evidence which is not relevant to aggravating circumstances or mitigating factors will only serve to mislead and confuse the jury regarding its proper focus of attention. It must therefore be excluded under Evid. R. 403(A).

Admission of this evidence is inadmissible because it is cumulative and repetitive. State v. Thompson (1987), 33 Ohio St. 3d 1.

Finally, the State cannot be permitted to make any comment or reference to this evidence in its closing argument. Thompson, supra. Since it is not admissible, no reference should be made to it in the penalty phase.

Admission or comment to such irrelevant evidence would violate NATHANIEL JACKSON's rights to due process, compulsory process, confrontation of witnesses against him, fair trial, equal protection, effective assistance of counsel, and against cruel and unusual punishment under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and under corresponding provisions of the Ohio Constitution.

Respectfully submitted,

3

_____
DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

_____
ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
LEAD COUNSEL

_____
JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER
CO-COUNSEL


BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON




<u>CERTIFICATE OF SERVICE</u>

I  hereby  certify  that  a  copy  of  the  foregoing  Motion  and
Memorandum  was  delivered  to  the  Prosecutor's  Office,  160  High  Street,
Warren, Ohio, 44481, on this _____ day of _____, 2002.

_____
ANTHONY V. CONSOLDANE
COUNSEL FOR DEFENDANT


4