IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY OHIO

STATE OF OHIO,                    )
                                  )        CASE NO: _01-CR-794_
        Plaintiff,                )
                                  )        -
                                  )
-vs-                              )        JUDGE  JOHN M. STUARD
_Nathaniel Jackson_               )
                                  )        **WAIVER OF SPEEDY TRIAL**
                                  )
        Defendant                 )

This matter came before this court this ___23___ day of ___January___ _2002_, 199__, before the Honorable  **STUARD**        Judge of the Court of Common Pleas. The Defendant appeared with Counsel, Attorney _Consoldane/Atty Lewis_, and the State was represented by Assistant Prosecuting Attorney _Dennis L Atkins_

        The Court advised the Defendant that he/she had a right to a speedy trial pursuant to the Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution. Further, the Defendant was advised the pursuant to Ohio Supreme Court Rules of Superintendence, Rule 8(B), he has the right to be brought to trial within six (6) months of arraignment on indictment or information.

        The Defendant, voluntarily, and in open court, agreed to waive his/her rights to speedy trial and agreed to extend the time in which he/she has to be brought to trial by an additional _250_ days beyond the statutorily imposed time period.

        The Court, having fully advised the Defendant of his speedy trial rights, and being fully satisfied that the Defendant understood, and voluntarily waived the same, and for good cause shown, hereby accepts Defendant's speedy trial waiver, and extends the time in which the Defendant must be brought to trial for an additional ___250___ days beyond the statutorily imposed time period, and sets a trial date for ___October 8 2002___, said date being expressly approved by both the Defendant and the State.


_____
Defendant

_____
Attorney for Defendant

_____

Approved:

_____
JOHN M. STUARD
Judge Trumbull County
Common Pleas Court
_1/23/02_
Dated

Jackson Apx. Vol. 4
Page 1

0682   905

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,

-vs-

NATHANIEL E. JACKSON,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

CASE NO.   :01-CR-794

JUDGE:    :JOHN M. STUARD

STATE'S OPPOSITION TO DEFENDANT'S MOTION FOR A SECOND VOIR DIRE AFTER GUILT PHASE
(Motion 26)

      The defendant proposes in his motion that each juror, after a finding of guilt, should be inquired of to determine whether he or she would automatically vote in favor of the defendant's death.

      Initially, the present motion by defendant is premature, in that there is no way of knowing at this point whether this defendant will be found guilty.

      The State agrees with the defendant that it is absolutely essential that the defendant and the State be afforded a trial by a jury composed of unbiased and unprejudiced jurors. To safeguard this right, the State and the defendant have an opportunity to examine prospective jurors during *voir dire*, the purpose of which is to determine whether each prospective juror is both qualified under the statute and free from bias or prejudice for or against either party. *Pavilonis v. Valentine* (1929), 120 Ohio St. 154. The *voir dire* examination also serves as the foundation upon which an intelligent exercise of the litigant's rights to peremptory challenges for cause may be made.

      The challenge process, coupled with the standards set out in *Witherspoon v. Illinois*

(1968), 391 U.S. 510, enable the defendant to insure a jury which can remain fair, can consider a life sentence in the proper circumstances, and not be predisposed to favor the death penalty.

Thus, it would be unreasonable to allow the defendant a second *voir dire* examination of the jury. He, like the State, has the opportunity to inquire of the jurors at the beginning stage of the trial and at that time select the jurors who will remain fair and unbiased throughout the trial.

Since relevant evidence presented during trial may be considered during the sentencing phase, as provided by section 2929.03(D) of the Ohio Revised Code, it would be necessary, if the defendant were to select new jurors, that they attend the entire trial. Thus, the possibility of impaneling an entirely new jury for sentencing would require an unnecessarily large number of alternates who must have attended every stage of the trial.

For the foregoing reasons, the State respectfully requests the Court to overrule the defendant's motion to conduct a second *voir dire* of the jury.

Respectfully Submitted,
STATE OF OHIO, by


_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

<div style="margin-left:50%">

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

</div>

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.: 01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE STUARD |
| | ) | |
| v. | ) | |
| | ) | |
| NATHANIEL JACKSON, | ) | |
| | ) | **MOTION TO HAVE STATEMENTS** |
| Defendant. | ) | **TRANSCRIBED** |

Now comes the Defendant, Nathaniel Jackson, by and through his attorneys, Anthony V. Consoldane and James F. Lewis of the Ohio Public Defender's Office, and hereby represents that the tapes provided by the State are partially inaudible, and at the same time there should be an exact transcription of what the prosecution believes was precisely stated on the video tapes, audio cassette tapes, and all of the taped telephone conversations.  Such request will avoid any argument as to what the evidence purports to represent.

WHEREFORE, the Defendant, Nathaniel Jackson, requests this Honorable Court to Order the State to provide the Defendant with a transcribed copy of all video tapes, audio cassette tapes, and all of the taped telephone conversations.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER
BRANCH OFFICE OF THE OHIO PUBLIC
DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Comprehensive Demand for Discovery was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio 44481, this _____ day of _____, 2002.

JAMES F. LEWIS  #0024314
COUNSEL FOR NATHANIEL JACKSON

In the Court of Common Please of Trumbull County

CC02

State of Ohio,
       Plaintiff,

    v.

NATHANIEL E JACKSON
       Defendant.

:
:
:
:
:
:
:

Notice to Supreme Court of
Ohio of Filing of Indictment
Charging Aggravated Murder
with Specification(s) of
Aggravating Circumstances
[R.C. 2929.021(A)]

Name of defendant:   **NATHANIEL E JACKSON**

The court in which the case will be heard:

    **JUDGE JOHN M STUARD**

Case number(s):     **2001CR794**

Date on which indictment was filed:

    **DECEMBER 28 2001**

*Margaret R O'Brien*
Clerk of Courts of Trumbull County

Date:   January 4, 2002

FILED

JAN 08 2002

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO



IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.   :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:   :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **STATE'S RESPONSE TO** |
| | ) | **DEFENDANT'S REQUEST FOR** |
| NATHANIEL E. JACKSON, | ) | **DISCOVERY** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, the State of Ohio, by and through the Prosecuting Attorney of

Trumbull County, Ohio, and submits the following in answer to the *Defendant's Request For*

*Discovery* pursuant to Rule 16 of the Ohio Rules of Criminal Procedure:

1.)    Pursuant to Crim. R. 16 (B)(1)(a), the State responds as follows:

(i)    Written or recorded statements: The State has previously provided to counsel for

the defendant copies of the following:

1)    Video taped statement of Nathaniel Jackson

2)    Video taped statement of Donna M. Roberts

3)    Two (2) Cassettes containing taped statements of Donna Robert

4)    One (1) Cassette containing telephone conversations between Donna Roberts

      and Tosha and Donna and Nate

5)    One (1) compact disk containing 10 recorded conversations between Donna

      Roberts and Nathaniel Jackson recorded at Lorain Correctional Institute.

6)    The State is providing to counsel for the Defendant in excess of 290 letters

      written between the Defendant and the Co-Defendant.  The State has not

numbered these pages, but would invite counsel for the Defendant to come to the Trumbull County Prosecutor's Office in the event counsel for the Defendant questions whether all letters have been accurately copied.

(ii)     Written summaries of statements:

The State has provided counsel for the Defendant the reports of Officer Paul Monroe, detailing the conversation he had with the Co-Defendant, numbered 194 - 207

The State has provided counsel for the Defendant the reports of Officer Frank Dillion, detailing the conversation he had with the Co-Defendant, numbered 208 - 212.

The State has provided counsel for the Defendant the reports of Officer Al Ray, detailing the conversation he had with the Co-Defendant, numbered 220-221.

(iii)    Grand Jury Testimony of the Defendant or Co-Defendant: None

2.)     Pursuant to Crim. R. 16 (B)(1)(b), the State responds as follows:

The Defendant's prior record is attached hereto as page No. 222.

3.)     Pursuant to Crim. R. 16 (B)(1)(c), the State responds as follows:

All documents and tangible objects, which are available or in the custody of the State, and which are material to the Defendant, are located at either the Prosecuting Attorney's Office or    at the Howland Township Police Department.  Counsel for the Defendant may make appropriate arrangements to view the same.

The State is providing to Counsel for the Defendant the following:

1)     One (1) CD-ROM titled "Robert S. Fingerhut Autopsy 01-2000."

2)     One (1) CD-ROM titled "Robert Fingerhut Homicide 552 Images."

3)     Seven (7) Sheets of Color Photographs, numbered 1 - 7.

4)      One Copy of the Coroner's Verdict, numbered 8 - 44.

5)      Assorted ATF gun trace request, numbered 45 - 55.

6)      BCI &I submission sheets., numbered 56-59

7)      Crime Scene Log, numbered 60

8)      Days Inn Receipts, numbered 61 - 63.

9)      Evidence logs, numbered 64 - 94.

10)     Photographic arrays, numbered 95 - 96

11)     Guest register, numbered 97- 98

12)     Wal-Mart receipt, numbered 99

13)     EMS reports, numbered 100 - 102

14)     Assorted Rights Waivers, Consent to Search, numbered 103 - 108

15)     Red Lobster receipts, numbered 109 - 114

16)     Telephone Records, numbered 115 - 134; 147 - 148

17)     Assorted black and white photographs numbered 135 - 139

18)     Prison phone records, numbered 140-142

19)     Police Report, numbered 143 - 146, 213- 219

20)     Insurance Records, numbered 149 - 189

21)     Trumbull County 911 records, numbered 190 - 193.

4.)    Pursuant to Crim. R. 16 (B)(1)(d), the State responds as follows: Copies of any reports, examinations and/or tests or experiments performed are attached hereto.  The State has requested that various tests be performed on numerous evidential items.  As of this date, the reports are not complete.  Upon receipt of the same, the State will forward them to counsel for

the Defendant.

5.)     Pursuant to Crim. R. 16 (B)(1)(e), the State intends to call the following witnesses, whose criminal record, if any, is as follows:

The State's witness list has been provided to counsel for the Defendant, numbered 223-225.  The State is in the process of obtaining criminal histories on these individual, and will supply any such record to counsel for the Defendant upon receipt of the same.

6.)     Pursuant to Crim. R. 16 (B)(1)(f), the State responds as follows:

Jimmie L. McCoy was shown a photographic array and was not able to identify the Defendant.

The Co-Defendant filed a stolen gun report, which has been provided to counsel for the Defendant

The State is aware of its continuing obligation to supplement discovery pursuant to Rule 16(D) and fully intends to do so if necessary.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.

## CERTIFICATION

This is to certify that a copy of the foregoing *State's Response to Defendant's Request for Discovery* was mailed to counsel for the Defendant,  this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.**  :01-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:**  :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **STATE'S RESPONSE TO** |
| | ) | **DEFENDANT'S REQUEST BILL OF** |
| NATHANIEL E. JACKSON, | ) | **PARTICULARS** |
| | ) | |
| Defendant. | ) | |

Now comes the Plaintiff, the State of Ohio, by and through the Prosecuting Attorney of Trumbull County, Ohio, and submits the following in answer to the *Defendant's Request For Bill of Particulars* pursuant to Rule 7 of the Ohio Rules of Criminal Procedure, the State responds as follows:

The Affidavit, Prosecutor's Complaint, and Indictment filed in this case are fully incorporated herein by reference, and the State further responds:

On or about December 12. 2001, the Defendant, armed with an operable firearm, trespassed into 254 Fonderlac Drive, Howland Township, Trumbull County Ohio, with purpose to murder Robert S. Fingerhut, whose murder had been planned by the Defendant and the Co-Defendant Donna M. Roberts. Robert S. Fingerhut, who was found in the kitchen of the Fonderlac residence, was shot by the Defendant, three times, including one to the head, which resulted in Robert S. Fingerhut's death. The Defendant then took Fingerhut's vehicle which had been parked in the attached, two car garage.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing *State's Response to Defendant's Request for Bill of Particulars* was mailed to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )        CASE NO.     :01-CR-794
                                  )
          Plaintiff,              )        JUDGE:       :JOHN M. STUARD
                                  )
-vs-                              )        S T A T E ' S   R E Q U E S T   F O R
                                  )        RECIPROCAL DISCOVERY
NATHANIEL E. JACKSON,             )
                                  )
          Defendant.              )

          Now comes the Prosecuting Attorney and hereby requests that the Defendant furnish the

State of Ohio with the following discoverable material pursuant to Rule 16(c) of the Ohio Rules

of Criminal Procedure:

1.        Books, papers, documents, photographs, tangible objects, or copies or portions thereof,
available to or within the possession. custody, or control of the Defendant and which the
Defendant intends to introduce in evidence at trial.

2.        Any results or reports of physical or mental examinations and of scientific tests or
experiments made in connection with the particular case, or copies thereof, available to or
within the possession or control of the Defendant, and which the Defendant intends to introduce
in evidence at the trial, or which were prepared by a witness whom the Defendant intends to call
at the trial, when such results or reports relate to his testimony.

3.        A list of the names and addresses of the witnesses the defense intends to call at the trial.


                              Respectfully Submitted,
                              STATE OF OHIO, by

                              _____

                              DENNIS WATKINS (#0009949)
                              Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing *State's Request for Reciprocal Discovery*

was mailed to counsel for the Defendant,  this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:   :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| NATHANIEL E. JACKSON, | ) | COMPREHENSIVE VOIR DIRE |
| | ) | PURSUANT TO MORGAN v. ILLINOIS |
| Defendant. | ) | (Motion No. 4) |

The State of Ohio agrees that each side should be permitted to examine each juror and should be granted wide latitude in the questioning. No juror, however, should be subjected to an ordeal of repetitious or ridiculous questions.

The State of Ohio requests that each side be permitted a reasonable time for voir dire of each juror, and would argue that it is not an abuse of discretion to limit questioning that has clearly become unreasonable. *State v. Beuke* (1988), 38 Ohio St. 3d 29.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:    :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR |
| NATHANIEL E. JACKSON, | ) | INDIVIDUAL SEQUESTERED VOIR |
| | ) | DIRE |
| Defendant. | ) | (Motion No. 5) |

Sequestration of jurors during voir dire is committed to the sound discretion of the trial court  No abuse of discretion occurs when each juror is questioned separately and those passed for cause are allowed to hear the voir dire of other prospective jurors. *State v. Mapes* (1985), 19 Ohio St. d. 108; *State v. Brown* (1988), 39 Ohio St. d. 308.

The State of Ohio requests that the panel be questioned as a whole, never sequestered, and that only death qualification and special circumstances be discussed individually.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:    :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR A RULE |
| NATHANIEL E. JACKSON, | ) | 104 HEARING |
| | ) | (Motion No. 6) |
| Defendant. | ) | |

The Defendant has filed a motion requesting that this court hold a hearing to determine

relevancy and admissibility of all evidence that the state intends to use at trial. In particular, the

Defendant is requesting that each of the State's witnesses appear to be probed regarding their

qualifications, the existence of privilege, the admissibility of alleged confessions, etc. The State

respectfully requests this Court to deny Defendant's motion as it appears that this is merely a

"fishing expedition" by the defendant, seeking to obtain information to which he would not be

entitled until the trial.

Furthermore,  hearings on the relevancy and admissibility of such evidence may be done

efficiently and expediently, out of the hearing of the jury, by using established Criminal Rules

and trial procedures.  Indeed as counsel for the Defendant is highly competent, and more than

able to raise objections at the appropriate time.  Hence, such questions on these preliminary

matters can be conducted *in camera* when the interests of justice so require.  Additionally, many

of the issues, including the admissibility of the alleged confessions, are more properly addressed

in the context of a motion to suppress.

Finally, the procedure suggested by the Defendant would be unduly harsh, overly

cumbersome and potentially harassing.  If the Court were to adopt the Defendant's proposed

procedure, the prosecution's witnesses would be required to make multiple trips to Warren for the differing hearings.  This would be burdensome both in terms of their time and the costs involved.  Therefore, the State would respectfully request that this court deny defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.** :01-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:** :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION IN** |
| NATHANIEL E. JACKSON, | ) | **LIMINE REGARDING "OTHER** |
| | ) | **ACTS" EVIDENCE** |
| Defendant. | ) | **(Motion No. 8)** |

The defendant, through his attorney, has in essence asked the Court for a pre-trial

motion in limine excluding any and all evidence to other crimes, wrongs or acts.

The inclusion of exclusion of evidence is within the sound discretion of the trial

court. The use of other acts, wrongs, or crimes, when properly presented, is admissible.

*State v. Byrd* 91987), 32 Ohio St. 3d 79; *State v. Coleman* (1988), 37 Ohio St. 3d 286; *State*

*v. Brown* (1988), 38 Ohio St. 3d 305.

Since defense counsel can show nothing improper attempted by the State in the

instant case, this motion should be overruled.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    **CASE NO.    :01-CR-794**
                                  )
            Plaintiff,            )    **JUDGE:      :JOHN M. STUARD**
                                  )
-vs-                              )    **MEMORANDUM IN OPPOSITION TO**
                                  )    **DEFENDANT'S  MOTION  FOR**
NATHANIEL E. JACKSON,             )    **DISCLOSURE  OF  REBUTTAL**
                                  )    **WITNESSES**
            Defendant.            )    **(Motion No. 10)**

The defendant has moved this Court to compel the State to disclose the names of the

rebuttal witnesses it reasonably anticipates calling at both phases of the trial.

The State concedes that Criminal Rule 16(D) requires a continual discovery process

when such discoverable evidence becomes known to the prosecution. This has been extended

to include the names of rebuttal witnesses in *State v. Howard* (1978), 56 Ohio St. 2d 328, in

order to remove the element of gamesmanship. However, it must be kept in mind that continual

discovery is based on items which are known, or become known to the prosecution prior to or

during the trial. Furthermore, the Court of Appeals for Richland County has stated:

> "A failure to provide the identity of a state witness is
> excusable if the failure to so provide was inadvertent, or
> impossible... *State v. Smith* (1986), 34 Ohio App. 3d 180, 188.

Therefore, it may be impossible for the prosecution to list a rebuttal witness in cases

where this rebuttal witness is not made known to the prosecution until the defense has presented

its case-in-chief. The Supreme Court of Ohio has acknowledged this in *State v. Finnerty* (189),

45 Ohio St. 3d 104.

> "In the instant case appellee's defense was 'not guilty by
> reason of insanity.' Appellee presented two experts who testified
> that appellee was legally insane when he killed Timothy Kolleda.
> Dr. Bertschinger stated that appellee had a long-standing mental

illness which apparently was brought on by his trip to Duluth. The vast majority of the defense was devoted to this expert testimony. In view of this defense, the prosecution could not reasonably expect that the defense would present evidence as to appellee's peaceful nature. Indeed, only a few pages of the transcript pertain to testimony by non-expert defense witnesses. From a view of the record and in light of the circumstances, we do not find that the trial court acted in an unreasonable, arbitrary or unconscionable manner; hence we find no abuse of discretion.

"The rebuttal witness could not have testified in the appellant's case-in-chief. See Evid. R. 404(A)(1). In *Howard, supra*, at 333, 10 O.O.3d at 451, 383 N.E.2d at 915, we stated that the prosecution should furnish the names of witnesses it '*** reasonably anticipates it is likely to call.' (Emphasis added.) Faced with an insanity defense, we cannot say that the prosecution should have 'reasonably anticipate[d]' that it would be able to use this witness to rebut testimony as to appellee's peaceful character. The prosecution could use the testimony of the rebuttal witness only if appellee first put his character into evidence."

Furthermore, the defendant, by his motion, indicates that failure to comply with the continual discovery of rebuttal witnesses will force his counsel to move for, and the court ***will be compelled*** to grant a mistrial. As stated above, there are circumstances where failure to provide the rebuttal witness' names would be impossible. Moreover, the court in *Finnerty, supra*, listed the proper sanctions the trial court may impose.

"Crim. R. 16(E)(3) sets forth several sanctions when a party fails to comply with a discovery request. '*** [T]he court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.' It is within the trial court's discretion to decide what sanction to impose. See *Apanovitch, supra*, at 26, 514 N.E.2d at 402; *Parson, supra*, at 445, 6 OBR at 487, 453 N.E.2d at 691; *State v. Edwards* (1976), 49 Ohio St. 2d 31, 42, 3 O.O.3d 18, 24, 358 N.E.2d 1051, 1059-1060, (at 107)."

Needless to say, the imposition of sanctions is, in fact sensitive, and a breach of the

discovery request will not automatically compel the Court to grant a mistrial at the defendant's request.

For the above-stated reasons, defendant's motion must be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

———————————————————
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **D E F E N D A N T ' S   M O T I O N   T O** |
| NATHANIEL E. JACKSON, | ) | **PROPERLY PRESERVE AND CATALOG** |
| | ) | **ALL PHYSICAL EVIDENCE** |
| Defendant. | ) | **(Motion No. 13)** |

Defendant requests that this Court order all law enforcement agencies involved in this case to "take immediate steps to properly preserve and fully catalog all items of physical evidence gathered in this case." Defendant's Motion is without merit.

Defendant's motion assumes that the law enforcement officials involved in this case will not properly preserve and catalog evidence. Defendant has offered nothing to support this assumption. Likewise, Defendant has failed to offer anything to support his inference that the State or law enforcement officials may act in bad faith and purposely destroy or fail to preserve physical evidence. Given that this motion is premised entirely on Defendant's unsupported contention that law enforcement officials will not conduct themselves properly in this case, it may be summarily rejected.

For the reasons thus stated, the State respectfully requests that Defendant's Motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )    **CASE NO.    :01-CR-794**
                                        )
      Plaintiff,                        )    **JUDGE:       :JOHN M. STUARD**
                                        )
-vs-                                    )    **MEMORANDUM IN OPPOSITION TO**
                                        )    **DEFENDANT'S MOTION IN LIMINE TO**
NATHANIEL E. JACKSON,                   )    **PROHIBIT DISPLAY OF EXHIBITS**
                                        )    **(Motion No. 15)**
      Defendant.                        )

      Defendant has filed a motion asking the Court to require the state to keep all exhibits and

extraneous materials outside the view of the jury, including the area around or on the

prosecution's table. Defendant cites Ohio Rules of Evidence, Rule 103(C) and Rule 104(C) as

controlling in this issue. The state needs ready and immediate access to all exhibits of evidence

to properly prosecute this case. By storing the exhibits in an adjacent room there will be

disruption and delay in prosecuting the case.

      The state will abide by the Ohio Rules of Evidence concerning the admissibility of

evidence and the introduction of evidence. Allowing the state to have immediate access to its

evidence during the trial is not contrary to these rules.

      Therefore the State respectfully requests that the Defendant's Motion be denied.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

FILED
COURT OF COMMON PLEAS
MAR 14 2002
TRUMBULL COUNTY, OHIO
MARGARET R. O'BRIEN, Clerk

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    **CASE NO.    :01-CR-794**
                                  )
          Plaintiff,              )    **JUDGE:      :JOHN M. STUARD**
                                  )
-vs-                              )    **STATE'S RESPONSE TO DEFENDANT's**
                                  )    **MOTION TO DISCLOSE ANY DEALS**
NATHANIEL E. JACKSON,             )    **(Motion No. 16)**
                                  )
          Defendant.              )

Now comes the State of Ohio and hereby responds to Defendant's Motion and states that

it has not made any offers, agreements, benefits or 'deals' involving prosecuting witnesses. The

State recognizes that it is under an on going obligation to supplement this response and will do

so in a timely fashion pursuant to the relevant Criminal Rules.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.   :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:     :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S   MOTION   FOR |
| NATHANIEL E. JACKSON, | ) | DISCLOSURE   OF   WITNESS |
| | ) | STATEMENTS |
| Defendant. | ) | (Motion No. 17) |

Now comes the State of Ohio and hereby requests this Court to overrule the Defendant's

Motion.  This motion suggests that the Court adopt a procedure that is contrary to the law of this

state, and plaintiff requests that the motion be denied.  The discovery process, in both its pretrial

and ongoing states, is controlled by Crim.R. 16.  The only statements which are discoverable

pretrial are those of the defendant or the co-defendant.  Crim.R. 16(B)(1)(a).  The discovery of

witness statements is controlled by Crim.R. 16 (B) (1) (g) .  That section provides as follows:

> "(g)    In camera inspection of witness' statement. Upon
> completion of a witness' direct examination at trial, the court on
> motion of the defendant shall conduct an in camera inspection of
> the witness' written or recorded statement with the defense
> attorney and prosecuting attorney present and participating to
> determine the existence of inconsistencies, if any, between the
> testimony of such witness and the prior statement.
>
> "If the court determines that inconsistencies exist, the
> statement shall be given to the defense attorney for use in cross-
> examination of the witness as to the inconsistencies.
>
> "If the court determines that inconsistencies do not exist,
> the statement shall not be given to the defense attorney and he
> shall not be permitted to cross-examine or comment thereon.
>
> "Whenever the defense attorney is not given the entire
> statement, it shall be preserved in the records of the court to be
> made available to the appellate court in the event of an appeal.

> "This rule provides that witness statements become discoverable only upon completion of the direct examination of the witness at trial."

The defendant's suggested procedure is in contravention of this rule and must be denied.

In *State v Daniels* (1982), 1 O.S. 3d 69, the Ohio Supreme court reviewed Crim. R. 16 (B) (1) (g). Though not directly an issue, nothing in that opinion in any way indicates an erosion of as to how 16 (B) (1) (g) discovery was to be conducted during trial. The syllabus paragraph from Daniels reads as follows:

> "Once the trial court independently determines that a producible out-of-court witness statement exists, attorneys for all parties, upon the granting of a defendant's timely motion for an in camera inspection of the statement, must be given the opportunity to: (1) inspect the statement personally; and (2) call to the court's attention any perceived inconsistencies between the testimony of the witness and the prior statement." (Crim.R. 126(B)(1)(g) construed and applied.)

The *Daniels* decision illustrates the manner in which Rule 16(B)(1)(g) discovery is to take place. There is no doubt but that it takes place during trial, after the witness has testified. Defendant's argument that this procedure will save time is without merit.. The trial court will still have to conduct the in camera hearing to determine if any inconsistencies exist in the prior statement. Without such a determination, the statement could not be used on cross. Defendant also suggest that the Crim. Rules should be less binding in a case involving the death penalty. The rule is intended to provide a fair control of the discovery process. There is no statutory or case law which would suggest that it should be waived in a capital case.

Therefore the State respectfully requests that the Defendant's Motion be denied.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.   :01-CR-794
                                  )
            Plaintiff,            )    JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION TO
                                  )    DEFENDANT'S MOTION TO EXTEND
NATHANIEL E. JACKSON,             )    TIME TO FILE MOTIONS
                                  )    (Motion No. 18)
            Defendant.            )

Rule 12(C),. Ohio Rules of Criminal Procedure, provides that.

> "Motion date. All pretrial motions except as provided in Rule
> 7(E) and Rule 16(F) shall be made within thirty-five days after
> arraignment or seven days before trial, whichever is earlier. The court
> in the interest of justice may extend the time for making pretrial
> motions."

Defendant, through counsel, argues that "justice requires" that the above-captioned

extension be granted liberally because of the seriousness of the charge. The Plaintiff, State of

Ohio, concedes the seriousness and difficulties inherent in the instant action but urges this Court

to recognize that the Defendant has failed to state which motions he intends to make for which

justice requires a time extension. Plaintiff, the State of Ohio, urges this Court to recognize that

the Defendant wishes to be granted an extension strictly for his convenience in preparing further

motions that will only delay the above-captioned proceeding.

Therefore, the State would respectfully request that this court deny defendant's motion

for additional time to file motions.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **STATE'S RESPONSE TO DEFENDANT'S** |
| | ) | **MOTION for SEQUESTRATION OF** |
| NATHANIEL E. JACKSON, | ) | **JURORS FOR DURATION OF TRIAL** |
| | ) | **(Motion 20)** |
| Defendant. | ) | |

Defendant has moved the Court for an order sequestering the jury throughout the proceedings in this case. This is an unnecessary inconvenience to the jurors and expense to the Court. The State of Ohio requests that the Court not sequester the jury until the case is submitted for their deliberation.

It is clear that this is within the sound discretion of the trial court, and a failure to do so is not an abuse of that discretion, particularly when the Court gives considerable attention to the admonitions given to the jurors. *State v. Osborne* (1976), 49 Ohio St. 2d 135. Moreover, the Ohio Supreme Court has previously held that a trial court was not in error when it overruled a defendant's motion to sequester the jury throughout a trial. *State v. Maurer* (1984), 15 Ohio St. 3d 239, 253. The court stated that "If it had been the intention of the legislature to mandate sequestration during the entire trial of a capital case, it would have expressly done so.'" *State v. Maurer, supra,* at 253-254. The court found that the precautions taken by the court during trial were sufficient to protect the interests of the defendant, without burdening the jury any more than necessary.

Defendant contends, nonetheless, that admonitions to the jurors will be ineffective and that the jurors will be overwhelmed and become tainted. Various studies on the subject indicate

this is not so.  In a Stanford University Law School symposium on the issue of fair trial and free

press, Rita J. Simon, then Director of the Law and Society Program at the University of Illinois,

concluded that:

> "Experiments to date indicate that for the most part juries are able and willing to put aside extraneous information and base their decisions on the evidence.  The results show that when ordinary citizens become jurors, they assume a special role in which they apply different standards of proof (as opposed to non-jurors) more vigorous reasoning, and greater detachment."  Simon, Court's Decision in "Nebraska Press Association fit the Research Evidence on the Impact on Jurors of News Coverage?", 29 Stan. L. Rev. 515 (1977).

The Franklin County Court of Appeals also cited the above article in their decision

invalidating a pre-trial gag order in *State, ex rel.  Dispatch Printinq Co. v. Golden* (1982), 2

Ohio App. 3d 370.

For the above reasons, the State of Ohio respectfully submits that defendant's motion

should be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )      CASE NO.    :01-CR-794
                                  )
        Plaintiff,                )
                                  )      JUDGE:    :JOHN M. STUARD
                                  )
-vs-                              )
                                  )      **MEMORANDUM IN OPPOSITION TO**
                                  )      **DEFENDANT'S MOTION TO PERMIT**
NATHANIEL E. JACKSON,             )      **DEFENSE TO ADMIT ALL RELEVANT**
                                  )      **EVIDENCE AT MITIGATION PHASE**
        Defendant.                )      **(Motion 21)**

Defendant requests that he be permitted to introduce any evidence at the penalty phase which the defense considers relevant and mitigating. This motion is wholly without merit. Initially, this motion is premature since it is not known at this point whether a penalty phase will take place in this case.

Moreover, Defendant's motion is absurd. While the trial court is to afford the defendant wide latitude in the presentation of mitigating evidence, no case, statute, rule or other authority requires the court to completely abdicate its function of determining what evidence may or may not be admitted. That Defendant's motion has no basis in law is best illustrated by the following excerpt from *State v. DePew* (1988), 38 Ohio St. d. 275, 283:

> "Appellant next argues, in Proposition of Law X, that the trial court erred in refusing to admit certain statistical evidence in the penalty stage of the trial. The evidence proffered by appellant comprised statistics regarding the number of defendants in Ohio who were charged with aggravated murder with a specification under RC 2929.04(A)(5) (purposeful killing of two or more persons), and the proportion of such defendants who actually received the death penalty. The trial court ruled that these statistics were irrelevant.

> "While it is true that the defendant in a capital case must be afforded wide latitude in presenting evidence in mitigation,

FILED

JUL 09 2003

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

RC 2929.03(D)(1) and it can reasonably be argued that the evidence should have been admitted pursuant to RC 2929.04(B)(7), [footnote omitted] **these requirements do not limit the authority of a court to exclude, as irrelevant, any evidence which has no bearing on the defendant's character, prior record, or the circumstances of the offense.** *State v. Jenkins* (1984), 15 Ohio St.d. 164, 189, 15 OBR 311, 333, 473 N.E.2d 264, 289. The statistics proffered by appellant would have offered no insight whatsoever into appellant's character, his prior record, or the circumstances of his offense, but may have been relevant to whether appellant should have been sentenced to death. Here, the trial court found that such evidence would not have assisted the jury in making an individualized determination of whether the death penalty was appropriate in this particular case. We will not disturb the trial court's judgment in this regard." (Emphasis added).

It is therefore plain that the trial court need not, should not, and indeed, cannot delegate to the defense the responsibility of deciding what evidence may be admitted. For the reasons thus stated, the State respectfully requests that Defendant's motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.** :07-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:** :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO REQUIRE** |
| NATHANIEL E. JACKSON, | ) | **THE JURY TO ARTICULATE THE** |
| | ) | **METHOD BY WHICH IT WEIGHS THE** |
| Defendant. | ) | **AGGRAVATING FACTORS AGAINST** |
| | ) | **THE MITIGATING CIRCUMSTANCES** |
| | ) | **(Motion 22)** |

Defendant has requested the Court to instruct the jury to articulate the method by which it determines that the aggravating factors outweigh the mitigating circumstances. Such a request goes far beyond any present constitutional requirements as set forth by the United States Supreme Court.

The United States Supreme Court has held that in a capital case, the state "must channel the sentencer's discretion by 'clear and objective standards, that provide specific and detailed guidance, I and that 'make rationally reviewable the process for imposing a sentence of death.'" *Godfrey v. Georgia* (1980), 446 U.S. 420, 100 S. Ct. 1759, 1764-1765; see also *Gregg v. Georgia* (1976), 428 U.S. 153, at 198; *Proffitt v. Florida*, 428 U.S. 242, at 253; *Woodson v. North Carolina*, 428 U.S. 280.  The Ohio Supreme Court has found that Ohio's present system for implementing the death penalty provides constitutionally adequate safeguards for judicial review. *State v. Jenkins* (1984), 15 Ohio St. 3d 164; *cert. denied*, (1985), 105 S. Ct. 3514.

The Ohio Revised Code lists specific aggravating factors and mitigating circumstances which a jury may take into account when deciding to impose the death penalty.  Ohio Revised Code §2929.04. These aggravating factors and mitigating circumstances are "clear and objective

standards" that provide specific and detailed guidance for a jury to follow when deciding the issue of death. As such, they fulfill the constitutional requirements which the Supreme Court set forth in *Gregg, Proffitt*, and *Woodson*.

Defendant also cites *Zant v. Stephens* (1983), 462 U.S. 862, to support his contention that the jury must articulate the method it used to weigh aggravating against mitigating circumstances. However, the question in that case dealt with the jury's reliance on an unconstitutional section in the Georgia death penalty statute. In Ohio however, the entire statutory framework for the death penalty is constitutional. *Jenkins, supra*. Thus, an appellate court will need to review only whether the trial court's instructions followed the law, or whether there was some other substantial or prejudicial error at trial; the juror's deliberations are irrelevant to finding a reversible error at trial.

For the foregoing reasons, the state respectfully requests the Court to overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

———————————————————
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:    :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **STATE'S RESPONSE TO DEFENDANT'S** |
| | ) | **MOTION TO INSTRUCT THE JURY TO** |
| NATHANIEL E. JACKSON, | ) | **CONSIDER REMNANT DOUBT AND** |
| | ) | **MERCY IN ITS MITIGATION PHASE** |
| Defendant. | ) | **INSTRUCTIONS** |
| | ) | **(Motion 23)** |

The Defendant, through his counsel, has, in essence, requested the Court for a special instruction which is based upon no law, case, statute, or otherwise. Defense counsel erroneously concludes that since pleading for mercy is appropriate, the court should give that instruction. In *State v. Hicks* (1989), 43 Ohio St. d. 72, 78, the Court held that an instruction on mercy without mitigation is not proper. It is submitted that any nonstatutory mitigating factor is included within the catchall section of Section 2929.04 (B) (7), Revised Code, and a special instruction is unnecessary. (1986), 26 Ohio St. d. 92, 102. The Prosecutor will obviously argue that a sentence of death is appropriate, but certainly will not ask for a judicial instruction to that effect.

The Defendant, also asks that an instruction on "remnant doubt" be added as a special instruction. In *State v. Parsons*, 1992 WL 30771, (Ohio App. 10 Dist.) , the Court cited *Franklin v. Lynaugh,* 108 S.Ct. 2320, that the accused has no Eighth Amendment right to have a capital jury consider, as a mitigating factor in the penalty phase, alleged residual doubts over a defendant's guilt.

The Court held that residual doubt about guilt is not a mitigating factor because it is not

a fact about the defendant or the circumstances of the crime.

Since Counsel has cited no authority in support of this Motion, it should be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.   :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **STATE'S RESPONSE TO DEFENDANT'S** |
| | ) | **MOTION IN LIMINE TO LIMIT THE** |
| NATHANIEL E. JACKSON, | ) | **STATE'S ARGUMENT AT MITIGATION** |
| | ) | **TO AGGRAVATING CIRCUMSTANCES** |
| Defendant. | ) | **PROVEN AT THE TRIAL PHASE** |
| | ) | **(Motion 24)** |

The defendant has filed a Motion in Limine requesting that the prosecution be prohibited from putting on evidence, or arguing to the jury, anything but the aggravating circumstances during the mitigation phase of the trial.  According to Ohio Revised Code §2923.03(D), the court and trial jury will consider several factors including any evidence raised at trial, that is relevant to the aggravating circumstances of which the defendant was found guilty.  The court and trial jury shall also hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the defendant was found guilty.

In *State v. Coleman*, (Dec 12, 1986) Hamilton App. No. C-850340, unreported, the court stated:

> "The function of the jury in the sentencing phase of an aggravated murder trial is to 'consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense' as well as other mitigating factors. R. C. 2929.04(B). Certainly, the manner in which an offense is perpetrated must be included in considering the 'nature and circumstances of the offense.' We are of the opinion that such details are properly the subject of comment in argument to the jury allowing the mitigation phase of the capital proceedings."

Furthermore, in <u>State v. Cornwell</u> (1999), 86 Ohio St.3d 560, the Ohio Supreme Court

stated:

> Pursuant to R.C. 2929.03(D)(1), the prosecutor may introduce "any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing." It is the trial court's responsibility, not the jury's, to determine what evidence is relevant. <u>State v. Getsy</u> (1998) 84 Ohio St.3d 180, 201, 702 N.E.2d 866, 887.

*Id.* at 567.

At the mitigation hearing, the prosecution intends to present all evidence that is "relevant to the nature and circumstances of the aggravating circumstances." O.R.C. 2923.03. The statute does not limit the prosecution to only the aggravating circumstances. It will be up to the trial court's discretion to interpret the statute at the time of the sentencing hearing.

For the foregoing reasons, the state respectfully asks the defendant's Motion in Limine be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )   CASE NO.      :01-CR-794
                                        )
    Plaintiff,                          )   JUDGE:        :JOHN M. STUARD
                                        )
-vs-                                    )   MEMORANDUM  CONTRA
                                        )   DEFENDANT'S MOTION TO PROHIBIT
NATHANIEL E. JACKSON,                   )   PROSECUTOR FROM COMMENTING
                                        )   ON  ACCUSED'S  UNSWORN
    Defendant.                          )   STATEMENT
                                        )   (Motion 25)
                                        )

Defendant moves this court for an order prohibiting the Prosecuting Attorney from commenting on the fact that defendant chose to make an unsworn statement rather than testifying under oath and subjecting himself to cross-examination. The State of Ohio suggests that Defendant's motion is contrary to established Ohio case law, and therefore should be overruled.

Defendant cites in support *Griffin v. California* (1965) 380 U.S. 609, where prosecutor's comments regarding an accused's silence were held to be improper. Defendant urges this court to extend the holding of *Griffin* to prohibit the prosecution from commenting upon a defendant's decision to make an unsworn statement in mitigation prior to sentencing pursuant to RC 2929.03(D)(1). Defendant supports this extension as "upholding the spirit of the *Griffin* rule."

Unfortunately for Defendant, the Supreme Court of Ohio exercised that spirit in *State v. Jenkins* (1984), 15 Ohio St.d. 164, 217. In *Jenkins*, the Supreme Court allowed comments by the prosecutor regarding the defendant's unsworn statement, noting that the prosecutor said nothing more than what the jury already knew; namely, that the defendant's statement was not

made under oath. The holding in *Jenkins* was further explained in *State v. Mapes* (1985), 19 Ohio St.d. 108, 116. *Mapes* explained that the *Griffin* prohibition against prosecutorial comment was intended to guarantee the accused's right against self-incrimination under the Fifth Amendment. The *Mapes* court reasoned that the state can comment upon the weight of the evidence offered by a defendant in his statement without violating his rights against self-incrimination. *Id.* at 116.

Jenkins and *Mapes* were narrowed by the Court's holding in *State v. DePew* (1988), 38 Ohio St.d. 275, 285, which restricted prosecutorial comment upon a defendants unsworn statement to two areas: 1) the prosecutor may continent upon the fact that the defendant's statement is unsworn, in contrast to the testimony of other witnesses, and 2) the prosecution may rebut mitigation evidence offered by the defendant in his unsworn statement when the prosecution has a good faith basis for believing that such evidence in false. The State of Ohio is aware of these restrictions upon its comments regarding the accused's unsworn statement, and will narrow its remarks accordingly.

In essence, Defendant, in asking this court to prohibit the prosecution from commenting upon the unsworn nature of Defendant's statement, asks this court to step outside the realm of established case law and issue an order contrary to precedent and logic. Despite Defendant's claims that such an order would "preserve Defendant's federal constitutional rights," such an order would actually go beyond the protection guaranteed to Defendant by the Constitutions of both the State of Ohio and the United States, and would greatly hinder the prosecution in meeting its burden of proof. For these reasons, the State of Ohio respectfully requests that this court overrule Defendant's motion.

Respectfully Submitted,

STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.    :01-CR-794
                                  )
          Plaintiff,              )    JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION TO
                                  )    DEFENDANT'S MOTION TO HAVE
NATHANIEL E. JACKSON,             )    REASONS FOR DEFENSE OBJECTIONS
                                  )    AND REASONS FOR OVERRULING
          Defendant.              )    DEFENDANT'S OBJECTIONS PLACED
                                  )    ON RECORD
                                  )    (Motion No. 27)

Defendant asks that this Court allow defense counsel to place the reasons for their objections on the record and that this Court order itself to place its reasons for overruling defense objections on the record.

Defendant is represented by experienced trial counsel who are perfectly capable of placing the reasons for their objections on the record where they deem appropriate. Thus, there is no need for a court order regarding this.

Furthermore, defense counsel are perfectly capable to asking during the course of trial that the Court place its reasoning for overruling a particular objection on the record. Again, there is no need for a separate court order regarding this.

Thus, the State requests that this motion be overruled, with the proviso that the defense counsel may still request during the course of trial that it be allowed to place its reasons for objecting on the record, and that the Court place its reasons for overruling defense objections on the record.

For the above-stated reasons, defendant's motion should be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.    :01-CR-794
                                  )
          Plaintiff,              )    JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION TO
                                  )    DEFENDANT'S MOTION TO EXCLUDE
NATHANIEL E. JACKSON,             )    PHOTOGRAPHS OF DECEDENTS
                                  )    (Motion 29)
          Defendant.              )

The defendant, through his attorneys, has, in essence asked the Court for a pretrial

Motion in Limine to exclude from evidence any photographs of the victims.

The inclusion or exclusion of evidence is within the sound discretion of the trial court.

The Ohio Supreme Court has addressed the photograph issue in several cases, including *State

v. Maurer* (1984), 15 Ohio St. d. 239 and *State v. Bedford* (1988), 39 Ohio St. d. 122.

Since defense counsel can show nothing improper until photographs are moved into

evidence by the State in the instant case, this motion should be overruled.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.** :01-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:** :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO RESTRAIN** |
| NATHANIEL E. JACKSON, | ) | **CERTAIN PARTIES FROM DISCUSSING** |
| | ) | **THE CASE WITH THE DEFENDANT** |
| Defendant. | ) | **(MOTION No. 30)** |

Disciplinary Rule 7-104(A)(1), Ohio Disciplinary Rules provides that:

"(A)  During the course of his representation of a client a lawyer shall not:

"(1)  Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has he prior consent of the lawyer representing such other party or is authorized by law to do so."

The State of Ohio has in the past and will continue in the future to follow the provisions of Disciplinary Rule 7-104.  The state is also fully aware that any statements made by defendant to the prosecution or its agents without the presence of defense counsel are inadmissible in this court proceeding.  Therefore, the State has no interest in interviewing defendant without the presence of defense counsel.

Defendant has also included in his motion a request that the State preclude a plethora of others, not agents of the State of Ohio, from speaking to defendant.  It is not feasible to require the State to exclude others, not their agents, from speaking to him.  In fact, if defendant chooses to make statements without the benefit of counsel's presence, these statements are admissible and the State could use these statements in court. *Kuhlmann v. Wilson* (1986), 477

U.S. 436, 106 S. Ct. 2616.

For the foregoing reasons, the State respectfully requests the Court to overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.** :01-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:** :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **MEMORANDUM IN RESPONSE TO** |
| | ) | **DEFENDANT'S MOTION FOR AN** |
| NATHANIEL E. JACKSON, | ) | **ORDER REGULATING THE TRANSFER** |
| | ) | **OF THE DEFENDANT FROM JAIL TO** |
| Defendant. | ) | **THE COURTROOM** |
| | ) | **(Motion No. 31)** |

Defendant has filed a motion for an order requesting that the Court issue an Order

directing that the members of the jury never see the Defendant shackled.

Initially, the State would note that it does not object to employing all reasonable means

possible to transfer the Defendant to the Courthouse prior to the jurors arriving. However, the

State would suggest that the manner of restraint employed during such transfer, and the number

of deputies utilized in securing the Defendant be left to the sound discretion of the Sheriff's

Department. The State would also note that given the nature of the offense with which the

Defendant has been charged and his prior criminal record, all such steps should be undertaken

to ensure that sufficient security is employed to safeguard the general public and prevent the

Defendant from escaping or fleeing.

For the above stated reasons, defendants motion should be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )   CASE NO.    :01-CR-794
                                  )
          Plaintiff,              )   JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )   MEMORANDUM IN RESPONSE TO
                                  )   DEFENDANT'S MOTION TO PROHIBIT
NATHANIEL E. JACKSON,             )   THE FILMING PHOTOGRAPHING OR
                                  )   VIDEOTAPING OF DEFENDNAT
          Defendant.              )   WHILE IN THE COURTROOM
                                  )   (Motion No. 32)

The defendant, citing the Code of Judicial Conduct Canon 3(A)(7)(c)(iii), claims that

the filming of a defendant who objects thereto shall not be permitted.  Canon 3(A)(7)(c)(iii)

states in part that:

> "The filming, videotaping, recording or taking of
> photographs of victims or witnesses who object thereto shall not
> be permitted..."

While a defendant may be in fact be a "witness," the defendant's broad reading of

"witness," in terms of Canon 3(A)(7)(c)(iii), is inconsistent with the Ohio Supreme Court's

holding in *State ex rel. NBC v. Court* (1990), 52 Ohio St. 3d 104.  The court in that case held

that while Canon 3(A)(7)(c)(iii) prohibits the filming of a non-party witness when he is

testifying, it offers no protection to him when he is not testifying. *Id*.  Hence, the court felt that

this purpose would not be served by prohibiting the filming of the defendant when in the court

but off the stand. *Id.*

> "Accordingly, we do not construe the word "witness" in
> C.P. Sup. R. 11(C)(2) and Canon 3(A)(7) as including a
> defendant who intends to testify but is not actually testifying.  A
> defendant's intention to testify is not a sufficient basis for the
> court to completely forbid relators to take pictures of him in the
> courtroom. *Id.*, at 114.

For the foregoing reasons, the State respectfully requests that this Court deny defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )      CASE NO.      :01-CR-794
                                        )
        Plaintiff,                      )      JUDGE:       :JOHN M. STUARD
                                        )
-vs-                                    )      MEMORANDUM IN OPPOSITION TO
                                        )      DEFENDANT'S MOTION TO INCREASE
NATHANIEL E. JACKSON,                   )      BURDEN OF PROOF TO "BEYOND ALL
                                        )      DOUBT"
        Defendant.                      )      (MOTION No. 33)

Defendant moves this Court to require the State of Ohio to prove each and every element

in the instant case "beyond all doubt." Defendant seeks the increased standard of proof in the

guilt phase, the sentencing phase and the penalty phase.

Ohio Revised Code Section 2901.05 (D) provides the definition of "beyond a reasonable

doubt":

> "(D) 'Reasonable doubt' is present when the jurors, after
> they have carefully considered and compared all the evidence,
> cannot say they are firmly convinced of the truth of the charge.
> It is a doubt based on reason and common sense.  Reasonable
> doubt is not mere possible doubt, because everything relating to
> human affairs or depending on moral evidence is open to some
> possible or imaginary doubt.  'Proof beyond a reasonable doubt'
> is proof of such character that an ordinary person would be
> willing to rely and act upon it in the most important of his own
> affairs."

The Ohio Supreme Court has upheld the constitutionality of the definition in *State v.*

*Jenkins* (1984), 15 Ohio St. 3d 164 and in *State v. Nabozny* (1978), 54 Ohio St. 2d 195, vacated

in part on other grounds, 439 U.S. 811; also see *State v. Cotton* (1979), 56 Ohio St. 2d 8.

The United States Supreme Court has upheld an explanation of "reasonable doubt"

similar to the Ohio definition.  *Holland v. United States* (1954), 348 U.S. 121.  In *Nabozny*, the

court held that as a result of the similarity of Ohio's definition and the definition considered in

*Holland*, the General Assembly has pronounced a rational definition of "reasonable doubt" which, when taken as a whole, correctly conveyed the concept of "reasonable doubt" to the jury. (*Nabozny*, 203.) "If the jury is convinced beyond a reasonable doubt, we can require no more." (*Holland*, 140.) In *Jenkins*, *supra*, the Ohio Supreme Court upheld its decision in *Nabozny*, *supra*, stating there is no authority that proof beyond a reasonable doubt as defined in section 2901.05, Ohio Revised Code, means proof beyond all doubt as a standard of proof in capital prosecutions. *Jenkins*, paragraph 8 of the syllabus.

It should also be noted that *Scurry v. United States* (1965), 347 F. 2d 468, relied on by defendant, affirmed the conviction of the defendant therein.

Defendant also contends that proof "beyond all doubt" must be the standard during the penalty phase of the trial. In support, Defendant relies heavily on the United States Supreme Court's line of decision stating there is a significant difference between the death penalty and lesser punishment. *Woodson v. North Carolina* (1976), 428 U.S. 280. However, the Supreme Court has not extended this concept to the extent it requires the prosecution to prove each and every element "beyond all doubt." Even the quotation made by defendant from *Eddings v. Oklahoma* (1982), 102 S. Ct. 868, does not support defendant's argument. The *concurring* opinion of Justice O'Connor was taken out of context by the defendant. The Oklahoma statutory scheme, according to the trial judge and to a majority of the Court, forbade the trial judge from considering, "the fact of this young man's violent background." *Id.*, 873. Clearly, the Oklahoma statutes were violative of the principles laid down in the Supreme Court cases, in that mitigating circumstances are required to be taken into account. *Gregg v. Georgia* (1978), 428 U.S. 153; *Jurah v. Texas* (1976), 428 U.S. 262; *Proffitt v. Florida* (1976), 428 U.S. 242.

The Supreme Court has specifically set forth the standard of proof required by the Due

Process Clause. The accused is protected against conviction unless every fact necessary to constitute the crime with which he is charged is proven "beyond a reasonable doubt." *In re Winship* (1970), 397 U.S. 358, at page 364.

Therefore, it is clear from the opinions of the United States Supreme Court and the Ohio Supreme Court that Ohio's statutory definition of "reasonable doubt" is constitutionally firm. Furthermore, in review of the statutory definition of "reasonable doubt", it is axiomatic that "all doubt" can never be eliminated, ". . . because everything..... is open to some possible or imaginary doubt." Ohio Revised Code Section 2901.05 (D).

For the foregoing reasons, the jury should be instructed during the guilt phase, the sentencing phase and the penalty phase that the law requires proof beyond a reasonable doubt. The law is clear that defendant's right to due process and protection from cruel and unusual punishment under the Eighth and Fourteenth Amendments to the United States Constitution and the Ohio constitution are not violated in a capital case by requiring the state to meet the traditional standard of proof found in all criminal cases. Plaintiff respectfully requests this Court to overrule the motion of defendant.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

    This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:    :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **STATE'S RESPONSE TO DEFENDANT'S** |
| | ) | **MOTION  TO  HAVE  ALL  MOTION** |
| NATHANIEL E. JACKSON, | ) | **HEARD ON THE RECORD** |
| | ) | **(MOTION No. 34)** |
| Defendant. | ) | |

Defendant has moved this Court to order itself to record all motions and all legal proceedings of any nature.  This Court as a matter of practice follows Criminal Rule 22.

Defendant seeks an order which will place an undue burden on the Court, court personnel, and the attorneys in this case.  If the Court grants the requested order, it would prevent the Court from communicating with the attorneys about such insignificant matters of how long counsel expects a witness testimony to last or the length of a recess without a stenographer to record the discussion.

Defendant is represented by experienced trial counsel.  They have the capability to insure that an adequate record of this case is made for appellate review.

Thus, the State proposes that the Court grant this motion in part, with the proviso that should any proceedings take place "off the record" in this matter, defendant, unless he objects, will be deemed 1) to have consented to the non-recordation of such proceedings, 2) to have waived any claim of error on appeal relating to the non-recordation of such proceedings, and 3) to have agreed that any such discussions conducted "off the record" are non-prejudicial to the defendant.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.


_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.    :01-CR-794
                                  )
        Plaintiff,                )    JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION TO
                                  )    DEFENDANT'S REQUEST FOR
NATHANIEL E. JACKSON,             )    RULING ON MOTIONS PRIOR TO
                                  )    COMMENCEMENT OF TRIAL
        Defendant.                )    (Motion No. 35)

Defendant requests that this Court rule on all of Defendant's pre-trial motions prior

to the commencement of Defendant's trial.

While the State believes Defendant's request is unnecessary, the State does not

object to Defendant's request generally and would request that this Court also rule on any

pretrial motions by the State prior to the commencement of the trial. At the same time, the

State would note that Crim. R. 12(E) requires the Court to state its essential findings only

where factual issues are involved in determining a motion. Further, the State would note

that the Defendant has refused to waive speedy trial  Finally, failure to rule on a pretrial

motion prior to commencement of trial has been deemed to be harmless error unless it

adversely affects the substantial rights of the defendant. *State v. Tolbert* (1990), 70 Ohio

App. d. 372, 388.

Therefore the State respectfully requests that the Defendant's motion be denied.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.    :01-CR-794
                                  )
        Plaintiff,                )    JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION
                                  )    TO DEFENDANT'S MOTION FOR
NATHANIEL E. JACKSON,             )    TRANSCRIPTS
                                  )    (Motion No. 36)
        Defendant.                )

The defendant requests an order allowing transcription of all pre-trial evidentiary hearings and daily transcription of all trial proceedings, including the entire evidentiary phase of the trial and, if there is a conviction, the entire penalty phase of the trial. The State of Ohio opposes this motion for several reasons.

The defendant begins by stating that the defendant is entitled to adequate and effective assistance of counsel. The defendant attempts to equate the defendant's right to adequate and effective assistance of counsel to the defendant's right to a transcript on appeal. The defendant then concludes that the defendant has a right to **daily** transcripts during trial in order to facilitate adequate and effective assistance of counsel. The defendant's reasoning is both strained and unprecedented.

The defendant cites *Griffin v. Illinois* (1956), 351 U.S. 12 in arguing that the effective assistance of counsel requires that a transcript of the proceedings be provided at no cost to an indigent defendant. That is not the holding of *Griffin*. *Griffin* does not speak to the issue of an indigent defendant's right to a daily transcript.

The defendant weakly attempts to extend *Griffin* to state criminal prosecutions by citing *Britt v. North Carolina* (1971), 404 U.S. 226; *State v. Arrington* (1975), 41 Ohio St. 2d 114; and

*State v. Thacker* (1978), 54 Ohio St. 2d 42. These cases are not on point. *Britt* and *Thacker* involved transcripts from a first trial which had been completed for a second trial which had been ordered. The need for transcripts in order to compare testimony from a first trial and a second trial is evident. The need for daily transcripts are requested by the defendant in the present case is not so evident and is not mandated by *Britt* or *Thacker*. *Arrington* is also inapplicable. *Arrington* ordered transcripts of a preliminary hearing after the hearing occurred. In the present case, the defendant requests an order for daily transcripts of **all** the proceedings **before** they occur. The defendant's request goes considerably beyond the court order in *Arrington*.

Finally, the defendant cites *Farmer v. Arabian American Oil Company* (1964), 379 U.S. 227, 13 L. Ed. 2d 248, 85 S. Ct. 4121 as authority  A closer examination reveals that *Farmer* is clearly not on point. *Farmer* was a civil proceeding where the court refused to order the losing party to pay for an overnight transcript. The present case is a criminal action with no losing party yet. *Farmer*, then, cannot be used as authority for the present motion.

The defendant submits that in a capital case, the seriousness of the offense, the irrevocable nature of the potential penalty, and the complexity of the trial increase the standards for effective assistance of counsel. The defendant contends that these factors require extraordinary measures such as daily transcripts of all proceedings. However, the same complexity, seriousness, and irrevocable nature of the potential penalty have existed in many capital cases. Yet, the defendant fails to cite any case in which a daily transcript of the ongoing trial was provided to the defendant. Ohio Rules of Criminal Procedure Rule 47 states that a motion for a court order "***shall be supported by a memorandum containing citations of authority." The defendant fails to cite any such authority ordering daily transcripts before the

proceedings occur.

It is therefore respectfully requested that the Court overrule the defendant's motion for daily transcripts.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.    :01-CR-794
                                  )
        Plaintiff,                )    JUDGE:    :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION TO
                                  )    DEFENDANT'S MOTION FOR
NATHANIEL E. JACKSON,             )    INCREASE IN THE NUMBER OF
                                  )    PEREMPTORY CHALLENGES
        Defendant.                )    (Motion No. 37)

Defendant moves this court for an order increasing the number of peremptory challenges available to each side from six (6) to twenty-four (24). The State of Ohio is opposed to Defendant's motion because Ohio's capital punishment laws provide an adequate number of peremptory challenges to protect Defendant's due process rights under the Constitutions of the State of Ohio and the United States.

The Supreme Court of the United States has recognized that "death as a punishment is unique in its severity and irrevocability." *Gregg v. Georgia* (1976), 428 U.S. 153, 187. But despite this difference between capital punishment and other forms of punishment, the Supreme Court has not held capital cases to a higher standard of due process. In *Gardner v. Florida* (1977), 430 U.S. 349, 358, the Court stated that "the sentencing process, as well as the trial [in a capital case] must satisfy the requirements of the Due Process Clause [of the Fourteenth Amendment]. The court makes no mention of a higher standard of due process of a greater number of peremptory challenges in a capital case.

The Ohio General Assembly, recognizing the uniqueness and severity of capital punishment, has determined that each side shall have six peremptory challenges in capital cases, two more than in non-capital felony cases. Crim.R. 24 (C). This Rule has been upheld as

constitutional by the Supreme Court of Ohio in *State v. Greer* (1988), 39 Ohio St.3d 236, 245, *cert. denied*, 490 U.S. 1028. In *Greer*, the Court held that the right to exercise peremptory challenges is a substantive right, and that the quantitative limitation imposed by Crim.R. 24 (C) upon the exercise of that right is a reasonable regulation. *Id*. at 245-46.

Because the defendant can cite no case law to support his request for a ruling in direct opposition to Crim.R. 24(C) and the Ohio Supreme Court, the State of Ohio respectfully requests that this court deny Defendant's motion for an increase in the number of peremptory challenges.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485