IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.**    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:**    :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| NATHANIEL E. JACKSON, | ) | **ALTERNATING VOIR DIRE** |
| | ) | **(Motion No. 38)** |
| Defendant. | ) | |

The defendant has requested that the Court allow the defense to examine veniremen in

an alternating manner.  As counsel notes, this request is only proper if the Court grants the

Defendant's request for individual voir dire.  As the State is opposed to such a process, and

believes that the Court should deny the same.

Notwithstanding the foregoing, the state would note that jury matters have traditionally

been left to the discretion of the trial court.  Criminal Rule 24.  Because of this, Ohio courts

generally require that the defendant prove that a trial court's decision will materially affect the

defendant's substantial rights in an adverse way, or that the trial court's decision prejudices the

defendant.  *State v. Williams* (1974), 39 Ohio St. 2d 20, 24-25.

In a criminal trial, the State bears a very high burden of proof.  Thus, the Ohio legislature

has mandated that the State shall proceed before the defense in stating its case, in producing

evidence, and in concluding arguments to the jury.  Section 2945.10, Ohio Revised Code.

Allowing the prosecution to examine veniremen before the defense merely continues this

judicial practice and does not prejudice the defendant in any way.

For the foregoing reasons, the prosecution respectfully asks the Court to overrule the

defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

    This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE: :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO REDUCE |
| NATHANIEL E. JACKSON, | ) | BIAS IN THE ANNUAL JURY LIST |
| | ) | (MOTION No. 39) |
| Defendant. | ) | |

Now comes the State of Ohio and moves the Court to overrule defendant's motion to reduce bias in the annual jury list.

It is well, established that a jury must fairly represent a cross-section of the community. The main thrust of defendant's argument to that the selection and composition of the jury violates his Sixth and Fourteenth Amendment right to an impartial jury. Defendant asserts that reliance on voter registration lists does, as a general proposition, exclude distinct groups from the pool of potential jurors. However, under representation of a group must be shown to be due to "systematic exclusion" of that group in the jury selection process before that argument can have any merit whatsoever. Persons who are not registered to vote do not constitute any identifiable group in the community which may be the subject of prejudice. *United States v. Kelly*, 349 F. 2d 720 (2nd Cir. 1965). Furthermore, the Constitution does not require supplementation of names to the voter lists simply because identifiable groups vote in proportions lower than the general population. *United States v. Test*, 550 F. 2d 577 (10th Cir. 1976).

In *United States v. Hanson* (1980). 618 F. 2d 1261 (Th Cir.), the defendants, all of whom were American Indiana, challenged the jury selection process which is statutorily similar to

Ohio's, in that it involved random selection from voter registration lists. Defendants brought

due process and equal protection challenges to this method, on the basis that tribal membership

rolls were not used as well, in the jury selection process. It should also be noted that:

> "The voter registration list used as the primary source here did not include those persons who voted in the Red Lake Tribal elections." *Id.* at 1267. Quoting *United States v. Freeman* (1975), 574 F. 2d 171, at 173 (1st Cir). *** The voting lists must be supplemented to obtain jurors from a fair cross section of the community only "where obstacles are placed in the paths of certain citizens attempting to register to vote." *Id.* at 1267

The Court dismissed defendants' claim as being "without merit." See, also, *People v.*

*Strhan* (1972), 102 Cal. Rptr. 385, at 412, and *Government of the Virgin Islands v. Peterson*

(1977), 553 F. 2d 329 (3rd Cir.).

In addition, the United States Supreme Court, in *Taylor v. Louisiana* (1975). 95 S. Ct. 692,

stated that:

> "It should also be emphasized that in holding that petit juries must be drawn from a source fairly [*sic.*] representative of the community, we impose no requirement that petit juries actually chosen must mirror the *community* and reflect the various distinctive groups in the population. Defendants are not entitled to a jury of any particular composition, *Apodaca v. Oregon,* 406 U.S., at 413, 92 S. Ct., at 1634 popular opinion 'but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof.'"

The Ohio Supreme Court has held that the use of voter registration lists as the source of

names of prospective jurors is not unlawful even though it results in the exclusion of non-voters.

*State v. Strodes* (1976), 48 Ohio St. 2d 113. Specifically, R.C 2313.06, *et seq.*, which dictates

the method in which jurors are summoned, has been constitutionally upheld in *State v. Johnson*

(1970). 31 Ohio St. 2d 106. Syllabus two of the case reads as follows:

> "A defendant is not denied due process of law where the

composition of the special venire called for his trial was constituted in such a manner that only qualified electors were eligible for jury duty. The provisions of RC 2945.18, 2945.29, 2313.06, and 2313.08, *where jurors are selected only from qualified electors, are constitutional.*" *Id.* at 107. (Emphasis supplied.)

Due process means that one is entitled to a jury which is 'Capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips* (1982). 455 U.S. 209, 217. An impartial jury consists of nothing more than "Jurors who will conscientiously apply the law and find the facts." *Wainwright v. Witt*, 469 U.S. 412, 423. Thus, reliance on voter registration lists satisfies due process since jurors chosen from such lists ensures impartiality.

Based upon the foregoing, it is clear that there Is no constitutional infirmity in Ohio's jury selection process. It is respectfully submitted that defendant's motion is without merit, and should be overruled.

Respectfully Submitted,
STATE OF OHIO, by


_____

DENNIS WATKiNS (#0009949)
Trumbull County Prosecuting Attorney

and


CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION** |
| | ) | **TO DEFENDANT'S MOTION FOR** |
| NATHANIEL E. JACKSON, | ) | **INDIVIDUAL SEQUESTERED** |
| | ) | **VOIR DIRE ON SELECT TOPICS** |
| Defendant. | ) | **(Motion No. 40)** |

Sequestration of jurors during voir dire is committed to the sound discretion of the trial court. No abuse of discretion occurs when each juror is questioned separately and those passed for cause are allowed to hear the voir dire of other prospective jurors. *State v. Mapes* (1985), 19 Ohio St. 3d 108; *State v. Brown* (1988), 39 Ohio St. 3d 308.

The State of Ohio requests that the panel be questioned as a whole, never sequestered, and that only death qualification and special circumstances be discussed individually.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )      CASE NO.      :01-CR-794
                                        )
            Plaintiff,                  )      JUDGE:      :JOHN M. STUARD
                                        )
-vs-                                    )      MEMORANDUM IN OPPOSITION TO
                                        )      DEFENDANT'S MOTION TO REQUIRE
NATHANIEL E. JACKSON,                   )      PROSECUTOR TO STATE REASONS
                                        )      FOR EXERCISING PEREMPTORY
            Defendant.                  )      CHALLENGES
                                        )      (Motion No. 41)

Defendant's asks this Court to require the prosecutor to state for the record the basis for each peremptory challenge he exercises. Contrary to Defendant's claims, the United States Supreme Court's decision in *Batson v. Kentucky* (1986), 476 U.S. 79, clearly does not require this.

What *Batson* does provide is that where a defendant has established a prima facie case of purposeful discrimination by the State in the selection of the jury, the burden shifts to the State to to articulate racially neutral explanations related to the particular case for the use of its challenges. *Batson*, at 98.  Absent such a prima facie showing, there is no requirement that the prosecutor state his reasons for exercising peremptory challenges.  Thus, the State asks that this Court comply with *Batson* and require the State to give its reasons for exercising peremptory challenges only if the defendant has first established a prima facie case of purposeful discrimination in the selection of the jury.

For the reasons thus stated, Defendant's motion should be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:      :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION |
| | ) | TO DEFENDANT'S MOTION TO |
| NATHANIEL E. JACKSON, | ) | SUBMIT QUESTIONNAIRE TO |
| | ) | PROSPECTIVE JURORS |
| Defendant. | ) | (Motion No. 42) |

Defendant is asking the court to submit the questionnaire he has attached to his motion to all prospective jurors in this case. This motion should be rejected for the reasons outlined below.

It has been this Court's practice in the past to submit its own questionnaire to prospective jurors in capital cases, and the State expects this will also be done in this case. The Court's questionnaire includes much of the same information sought in Defendant's questionnaire. Furthermore, Defendant's proposed questionnaire is unnecessarily burdensome and seeks much information which can be just as easily obtained during *voir dire*. It is well within this Court's discretion to use its own questionnaire. Further, Defendant will not be prejudiced by use of the Court's questionnaire, as he will still be afforded the opportunity to question the prospective jurors during *voir dire*.

Finally, it should be noted that O.R.C. §2945.27 provides that the trial judge shall permit a reasonable examination of prospective jurors by the prosecuting attorney and counsel for the Defendant. This provision includes limiting the proceedings to "relevant and material matters with a view toward the expeditions and effective ascertainment of the truth regarding matters at issue. *State v. Bridgeman* (1977), 51 Ohio App.2d 105,110. Clearly, defendant's proposal for such extensive and intrusive exploration into the juror's lives is not reasonable in light of the jurors' ability to effectively ascertain the truth in this case.

Juries are intended to be comprised of a cross-section of the community at large and extensive background checks delving into the personal lives of the prospective jurors is neither contemplated nor desired. Such intrusive questioning of the venire allows defense counsel to

choose a biased jury on the basis of their lifestyles and personal like and dislikes, thereby countering the typical diverseness of the cross-section of the community. As stated by the Ohio Supreme Court, the right to a trial by an impartial jury means that prospective jurors must be selected by officials without the systematic and intentional exclusion of any cognizable group. *State v. Johnson* (1972), 31 Ohio St.2d 106.

For the reasons thus stated, the State respectfully requests that Defendant's motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                              )        CASE NO.       :01-CR-794
                                            )
              Plaintiff,                    )        JUDGE:         :JOHN M. STUARD
                                            )
-vs-                                        )        MEMORANDUM IN OPPOSITION TO
                                            )        DEFENDANT'S MOTION TO PROHIBIT
NATHANIEL E. JACKSON,                       )        THE   USE   OF   PEREMPTORY
                                            )        CHALLENGES TO EXCLUDE JURORS
              Defendant.                    )        WHO EXPRESS CONCERNS ABOUT
                                            )        CAPITAL PUNISHMENT
                                            )        (Motion No. 43)

Defendant moves this Court for an order prohibiting the prosecution from excluding,

through the use of peremptory challenges, all prospective jurors who express concerns over the

imposition of the death penalty.  The defendant contends that such exclusion would violate his

right to a fair and impartial jury, as guaranteed by the Constitutions of the State of Ohio and the

United States.  The State of Ohio opposes defendant's motion because defendant's arguments

are baseless and wholly without merit.

It is fundamental principle of law that both sides in a criminal case have wide discretion

in the use of peremptory challenges.  Counsel is ordinarily entitled to exercise peremptory

challenges "for any reason at all, as long as that reason is related to his [or her] view concerning

the outcome of the case to be tried." *Batson v. Kentucky* (1986), 476 U.S. 79, 89, citing *United

States v. Robinson* (D. Conn. 1976), 421 F. Supp. 467, 473.  Exclusion of a juror because of his

or her opposition to capital punishment is directly related to the outcome of the case to be tried,

and is therefore valid according to the United States Supreme Court.

Defendant also argues that a jury automatically becomes biased toward conviction when

persons who are opposed to the death penalty are excluded from the venire.  Following

defendant's line of reasoning would only lead to the argument that defense counsel, through its

use of peremptory challenges, selects a jury biased towards acquittal.  Realizing this inherent

fallacy, the United States Supreme Court has expressly rejected defendant's argument:

> "We simply cannot conclude, either on
> the basis of the record now before us or as a
> matter of judicial notice, that the exclusion of
> jurors opposed to capital punishment results in an
> unrepresentative jury on the issue of guilt, or
> substantially increases the risk of conviction.
> *Witherspoon v. Illinois* (1968), 391 U.S. 510,
> 518.

The court reaffirmed that position in *Lockhart v. McCree* (1986), 476 U.S. 162,

184.Since defendant's argument finds no support, either in logic or in law, his motion should

be denied by this Court.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel

for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:    :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION TO PROHIBIT |
| NATHANIEL E. JACKSON, | ) | DEATH  QUALIFICATIONS  UNTIL |
| | ) | PROSECUTION  HAS  SHOWN |
| Defendant. | ) | PROBABLE CAUSE FOR MITIGATION |
| | ) | (Motion 44) |

Defendant has moved this Court to prohibit death qualification of the jury unless and until the prosecution has shown probable cause that the case will proceed to mitigation.

The main issue is whether a jury selected pursuant to *Witherspoon v. Illinois* (1968), 391 U.S 510 guidelines is "guilt prone" and therefore not impartial.  The Supreme Court has considered this very issue and rejected the contention the defendant has advanced saying:The data adduced by the petitioner, however, are too tentative and fragmentary to establish that jurors not opposed to the death penalty tend to favor the prosecution in the determination of guilt.  We simply cannot conclude, either on the basis of the record now before us or as a matter of judicial notice, that the exclusion of jurors opposed to capital punishment results in an unrepresentative jury on the issue of guilt or substantially increases the risk of conviction." *Witherspoon*, at pp. 517-518.  (Emphasis added).  The Supreme Court reaffirmed that position in *Bumper v. North Carolina* (1968), 391 U.S. 543.

Since *Witherspoon*, numerous courts have considered the "guilty-bias" argument raised by defendant and rejected it.  The United States Court of Appeals, First Circuit, rejected the argument in *Spinkellink v. Wainwright* (1978), 578 F.2d 582, rehearing denied, 441 U.S. 937. The court was of the opinion that even after consideration of additional psychological studies

conducted by Bronson, Goldberg, and Jurow, the very studies cited by the defendant, the proof was "far from conclusive." *Id*. at pp. 593-594. Also, see footnote 15 at pp. 593-594. *Hooks v. State of Delaware* (1980), Del. Supv., 416 A.2d 189. Also see, *United States, ex rel. Clarke v. Fike* (7th Cir., 1976), 538 F.2d 750, *cert. denied*, 429 U.S. 1064, 97 S. Ct. 791 (1977); *Craig v. Wyse* (D. Colo. 1974), 373 F. Supp. 1008; *Pandilla v. People of the State of Colorado* (1970), 470 P.2d 846; *People v. Lewis* (Il!. 1981), 430 N.E.2d 1346; *Justus v. Commonwealth* (1981), 222 Va. 677, 283 S.E.2d 905.

Before the enactment of the current death penalty laws, the proposition that a *voir dire* procedure conducted pursuant to *Witherspoon* would result in a prosecution-prone jury was viewed by the Supreme Court of Ohio. *State v. Carver*, 30 Ohio St. 2d 280, 59 Ohio Ops. 2d 343, *cert. denied*, 409 U.S. 1044 (1972). The Ohio court held that such a procedure would not have embedded in the minds of prospective jurors that defendant is guilty and that they will merely be determining the penalty. *Id*.

The Ohio Supreme Court re-examined the issue again and in *State v. Jenkins, supra*, held that:

> "to death qualify a jury prior to the guilt phase of a bifurcated capital prosecution does not deny a capital defendant a trial by an impartial jury.

Moreover, the defendant could only cite one federal district court case to support his contention that death qualified juries are "conviction-pron." *Grigsby v. Maby* (E.D Ark., 1983), 569 F. Supp. 1273. However, defendant admitted in his memorandum that the United States Supreme Court had overruled that case. *Lockhart v McCree* (1986), 106 S. Ct. 1758.

In accordance with the above, certainly the great weight of the authority follows the rule that the available "scientific" psychological sociological studies are not acceptable testing

methods which are determinative of the issue, in Trumbull County, or any place else. Therefore, the contention that death qualified jurors result in a "prosecution-prone," or "guilt-bias" jury cannot be substantiated by psychological and sociological studies as defendant would have this Court believe.

Defendant also claims that persons who can be excluded from the panel under *Witherspoon* constitute a distinctive class in the community. This statement is remarkably bold, as it directly contradicts a United States Supreme Court case which the defendant himself cites. *Lockhart v. McCree, supra*. In that case, the court stated that

> "In our view, groups defined solely in terms of shared attitudes that would prevent or substantially impair members of the group from performing one of their duties as jurors, such as the "*Witherspoon-excludables*" at issue here, are not `distinctive groups' for fair cross-section purposes." *Lockhart*, at 1765.

Thus, it appears that questioning prospective jurors concerning their attitudes toward the death penalty does not violate the constitutional right to a jury that is drawn from a fair cross-section of the community.

Finally, the guarantee of equal protection means that no person shall be denied the same protection of the laws which is enjoyed by other persons or other classes in the same place and under like circumstances. *Roth v. Public Employees Retirement Board*, 44 Ohio App. 2d 155. To show that death qualifying the jury violates the equal protection clause, the defendant here must show that death penalty juries are more likely to convict defendants than juries in non-death penalty cases. *Fay v. People of the State of New York* (1946), 332 U.S. 261, 67 S. Ct. 1613. Such a showing has not been made by any substantive facts, but rather, merely by inference and flawed logic. It is inconceivable how a jury automatically becomes conviction prone, thereby denying equal protection of the laws, simply by being death qualified during *voir*

*dire.* The jury is presumed impartial unless a showing to the contrary can be advanced. Here, defendant has made no such showing. Therefore, no reasons exists for the Court to fashion any methods which will change the process of death qualifying the jury during *voir dire.*

For the foregoing reasons, the State respectfully requests the Court to overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) **CASE NO.** :01-CR-794 |
| | ) |
| Plaintiff, | ) **JUDGE:** :JOHN M. STUARD |
| | ) |
| -vs- | ) **MEMORANDUM CONTRA TO** |
| | ) **DEFENDANT'S MOTION TO COMPEL** |
| NATHANIEL E. JACKSON, | ) **LAW ENFORCEMENT OFFICIALS TO** |
| | ) **TURN OVER ALL INFORMATION** |
| Defendant. | ) **ACQUIRED DURING INVESTIGATION** |
| | ) **(Motion No. 45)** |

Defendant has requested that the Court order all law enforcement officials to turn over

to and advise the prosecuting attorney of all information obtained during this investigation.

Defendant's request is highly improper; defendant is attempting to manipulate the

discovery process by interfering in the actions of non-parties to this case. Although defendant

shrouds this request in the mantle of a constitutional claim, the United States Supreme Court

has found that "there is 'no constitutional requirement that the prosecution make a complete and

detailed accounting to the defense of all police investigatory work on a case.'" *United States v.*

*Agurs* (1976), 427 U.S. 97, 109, citing *Moore v. Illinois* (1972), 408 U.S. 786, 795. Thus,

defendant actually has no basis in law for this motion.

Moreover, defendant did not present the grounds for this motion with sufficient

particularity, nor did he cite any authority for support. The Ohio Criminal Rules provide that

a written motion "shall state with particularity the grounds upon which it is made and shall be

supported by a memorandum containing citations of authority." Crim. R. 47. Defendant has

seriously undermined the credibility of the persuasiveness of his motion by failing to observe

the fundamental rule of Ohio criminal law.

For the foregoing reasons, the state respectfully requests that the Court overrule

defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel

for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO COMPEL** |
| NATHANIEL E. JACKSON, | ) | **EXCULPATORY AND IMPEACHMENT** |
| | ) | **EVIDENCE** |
| Defendant. | ) | **(Motion 46)** |

Defendant has moved this court to compel disclosure of specific exculpatory and impeachment evidence.  Defendant has not stated why due process requires a court order to compel disclosure of such evidence; rather, defendant bases the motion on generalized contentions regarding the prosecutor's duty to disclose.

The United States Supreme Court has held that a prosecutor violates due process by withholding certain evidence only when "the evidence is material either to guilt or to punishment." *Brady v. Maryland* (1963), 373 U.S. 83, 87, 83 S. Ct. 1194, 1196.  That court has reaffirmed this position in two other cases, establishing the general rule that, so long as the trial itself complies with due process, a court will not punish the state by ordering a new trial for non-disclosure of certain evidence favorable to the defendant. *United States v. Agurs* (1976), 427 U.S. 97, 96 S. Ct. 2392; *Smith v. Phillips* (1982), 455 U.S. 220, 102 S. Ct. 940.

The State is aware of its obligations under the relevant rules of discovery, and it intends to fully comply therewith.   Therefore, the state respectfully requests that the Court overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and


CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel

for the Defendant, this March 13, 2002.


_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:    :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MEMORANDUM IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION FOR AN |
| NATHANIEL E. JACKSON, | ) | ORDER DIRECTING THAT A |
| | ) | COMPLETE COPY OF THE |
| Defendant. | ) | PROSECUTING ATTORNEY'S FILE BE |
| | ) | MADE, TURNED OVER TO THE COURT |
| | ) | FOR REVIEW, AND SEALED FOR |
| | ) | APPELLATE REVIEW |
| | ) | (Motion No. 47) |

Ohio Criminal Rule of Procedure 16(B)(1)(c) and (f), the Fifth, Sixth, and Fourteenth

Amendments of the United States Constitution, and Article I, Section 10 of the Ohio

Constitution do not require a review of the prosecuting attorney's file by the Court or that a

duplicate prosecution file be sealed and preserved for appellate review.

The Constitution of the United States does not require the prosecution to disclose

information to the defendant in a criminal case. *Weatherford v. Bursey* (1977), 429 U.S. 545.

Accordingly, defendant's right to discovery is authorized by procedural rule, and is not of

constitutional magnitude.

> "Whether or not procedural rules authorizing such broad
> discovery might be desirable, the Constitution surely does not
> demand that much." *United States v. Agurs* (1976), 427 U.S. 97,
> at 109.

The critical issue, therefore, centers around the defendant's right to a fair trial mandated

by the Due Process Clause of the Fifth Amendment to the Constitution. *Agurs, supra*, at 107.

The constitutional duty to disclose material evidence to the defendant is upon the prosecution.

*Id*. at 108. Unless the omission deprived the defendant of a fair trial, there is no constitutional violation. *Id.* The prosecution is not constitutionally obligated to disclose any information that might affect the jury's verdict. *Id.*

> "...there is 'no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.' *United States v. Agurs, supra*, at 109, citing *Moore v. Illinois* (1972), 408 U.S. 786, at 795.

The Court in *Agurs* also stated:

> "If everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would be to allow complete discovery of his file as a matter of routine practice." *United States v. Agurs, supra*, at 109.

Therefore, it is clear from the Supreme Court's decision in *Agurs* that the prosecution is not required to permit the defendant open access to his criminal file. The duty to disclose its upon the prosecution, and he should be presumed to recognize evidence in his file highly probative of innocence. *Giglio v. United States* (1972), 405 U.S. 150, at 154. Furthermore, the proper standard for determining materiality of undisclosed evidence is whether the omitted evidence creates reasonable doubt of guilt that did not otherwise exist. *Agurs*, at 112. "Materiality," in the constitutional sense, is not established by the mere possibility that an item of undisclosed information might have affected the outcome of the trial. *Id*. 109-110.

Defendant essentially argues that he cannot rely upon the professional integrity of the attorneys for the State. Counsel for the State is mindful of the ethical responsibilities placed upon each of them by the code of Professional Responsibility (see Canon 7). It is hoped that defense counsel is equally conversant with that Code.

Additionally, counsel for the State is well aware of the legal responsibilities placed upon

them by the Ohio Revised Code, the Ohio Rules of Criminal Procedure, and the Constitutions of the State of Ohio and the United States of America.

Defendant's apparent belief that counsel for the State will not fulfill their legal and ethical obligations is without basis and his request that the Court review the prosecution's file is without precedent in rule or law. His additional request that this Court order a duplicate prosecution file to be seal and preserved for appellate review is likewise without precedent in rule or law. Furthermore, defendant has failed to demonstrate how denial of his requests will violate any constitutional right.

For the reasons stated above, the State of Ohio respectfully requests this Court to overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel

for the Defendant,  this March 13, 2002.

<div style="text-align: right;">

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

</div>

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                        )    **CASE NO.    :01-CR-794**

                   Plaintiff,          )    **JUDGE:    :JOHN M. STUARD**

-vs-                          )    **MEMORANDUM IN OPPOSITION TO**
                              )    **DEFENDANT'S CONSTITUTIONAL**
NATHANIEL E. JACKSON,     )    **MOTION TO DISMISS**
                              )    **(Motion No. 48)**
          Defendant.      )

The State of Ohio requests that the above-entitled motion by defendant be overruled.

The defendant seeks to have the indictment dismissed upon constitutional grounds and has attached a lengthy, form memorandum. The Ohio Supreme Court has reviewed these issues on numerous occasions and has always found Ohio's capital punishment statutes to be constitutional. *State v. Jenkins* (1984), 15 Ohio St.. 3d 164; *State v. Steffen* (1987), 31 Ohio St. 3d 111: *State v. Poindexter* (1988), 36 Ohio St. 3d 1; *State v. Henderson* (1988), 39 Ohio St.. 3d 24; *State v. Evans* (1992), 63 Ohio St.. 3d 231; *State v. Coleman* (1989), 45 Ohio St.. 3d 298; *State v. Combs* (1991), 62 Ohio St.. 3d 278; *State v. Frazier* (1991), 61 Ohio St.. 3d 247; *State v. Stumpf* (1987), 32 Ohio St.. 3d 95; *State v. Murphy* (1992), 65 Ohio St.. 3d 554; *State v. Buell* (1986), 22 Ohio St.. 3d 124; *State v. Green* (1993), 66 Ohio St.. 3d 141; *State v. Hill* (1992), 64 Ohio St.. 3d 313. The Supreme Court of the United States has also refused to grant certiorari on numerous occasions.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel

for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) **CASE NO.**    :01-CR-794 |
| | ) |
| Plaintiff, | ) **JUDGE:**    :JOHN M. STUARD |
| | ) |
| -vs- | ) **MEMORANDUM IN OPPOSITION TO** |
| | ) **DEFENDANT'S MOTION TO INSTRUCT** |
| NATHANIEL E. JACKSON, | ) **THE JURY THAT IT IS TO** |
| | ) **RECOMMEND A SENTENCE OF** |
| Defendant. | ) **DEATH ONLY AFTER THE PROPER** |
| | ) **WEIGHING, AND DETERMINING** |
| | ) **THAT DEATH IS THE APPROPRIATE** |
| | ) **PUNISHMENT** |
| | ) **(Motion No. 51)** |

Defendant has requested that the Court instruct the jury in the penalty phase that in addition to determining whether the aggravating circumstances outweigh the mitigating factors it is also to additionally determine whether death is the appropriate punishment. Further, Defendant requests that the Court limit "misleading suggestions to the contrary by the prosecutor in argument." Further, Defendant incorporates in this motion his Constitutional Motion to Dismiss and his other motions regarding jury instructions. Defendant's motion is wholly without merit and misstates Ohio law.

Initially, it is clear that Defendant's motion is premature since it is unknown at this point whether there will be a penalty phase in this case. Moreover, in *State v. Buell* (1986), 22 Ohio St. d. 124, 136, the Ohio Supreme Court made clear that: "In Ohio, the appropriateness of imposing the death penalty in a given case is determined by weighing the aggravating circumstances against any factors which would serve to mitigate the commission of a crime." Thus, to instruct the jury that its must make two separate determinations in the penalty phase -- one regarding whether the State had proved the aggravating circumstances outweigh the

mitigating factors beyond a reasonable doubt, and another regarding whether death is the "appropriate" punishment - misstates Ohio law.

Furthermore, to the extent Defendant claims in his memorandum that Ohio juries are permitted to consider "mercy" in reaching their sentencing recommendation, this is also false. In *State v. Lorraine* (1993), 66 Ohio St.d. 414, 418, a Trumbull County case, the Ohio Supreme Court stated, "Mercy, like bias, prejudice, and sympathy, is irrelevant to the duty of the jurors." Attempting to imply to the jury that they are entitled to consider "mercy" would, therefore, be improper. Thus, the requested instructions offered by Defendant should be rejected. Further, the State does not intend to make any "misleading suggestions" regarding the jury's duty, and would expect that the defense would likewise refrain from doing so. Finally, in regard to Defendant's incorporation of his constitutional motion to dismiss and other jury instruction motions, the State hereby incorporates herein its responses to those motions.

For the reasons thus stated, the State respectfully requests that Defendant's motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

 

 

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )   **CASE NO.**   :01-CR-794
                                   )
        Plaintiff,           )   **JUDGE:**    :JOHN M. STUARD
                                     )
-vs-                           )   **MEMORANDUM IN OPPOSITION TO**
                                     )   **DEFENDANT'S MOTION FOR**
NATHANIEL E. JACKSON,     )   **INSTRUCTIONS THAT STATE BEARS**
                                     )   **THE BURDEN OF PROVING THE**
        Defendant.         )   **ABSENCE OF ANY MITIGATING**
                                     )   **FACTORS OFFERED BY THE DEFENSE**
                                     )   **(Motion No. 52)**

In this motion, the defense wrongly assumes that it has the burden of proof respecting the existence of mitigating factors.  A proper statement of the law is included in the following jury instruction:

> "The State has the burden of proving beyond a reasonable doubt that one or all of the aggravating circumstances which the defendant has been found guilty of committing outweigh the factors in mitigation of the death penalty.  The defendant has no burden of proof.  However, the defendant does have the burden to go forward with the evidence on mitigating factors.

Thus, the above instruction should be used and this motion is unnecessary.  For the foregoing reasons, the state respectfully requests that the Court overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

     This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | **CASE NO.   :01-CR-794** |
| Plaintiff, | **JUDGE:     :JOHN M. STUARD** |
| -vs- | **MEMORANDUM IN OPPOSITION TO** |
| | **DEFENDANT'S MOTION TO INSTRUCT** |
| NATHANIEL E. JACKSON, | **ON SPECIFIC MITIGATING FACTORS** |
| | **RAISED BY DEFENSE** |
| Defendant. | **(Motion No. 53)** |

Defendant has moved this court to modify its proposed jury instruction regarding the catch-all mitigating circumstances which presently reads: "Any other factors that are relevant to the issue of whether the offender should be sentenced to death" and that "the jury be instructed on all the mitigating factors which he has adduced evidence.

Defendant has moved the court to engage in judicial activism which circumvents the intent of the Ohio Legislature. The challenged jury instruction concerning "catch all" mitigating circumstances is a direct quotation from RC 2929.04 (B) (7). Absent a mandate from the United State Supreme Court, the State of Ohio Supreme Court or the Court of Appeals, the State sees no reason to deviate from the language of the statute.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:      :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO INSTRUCT** |
| NATHANIEL E. JACKSON, | ) | **THE JURY THAT IT IS TO WEIGH** |
| | ) | **ONLY THE AGGRAVATING** |
| Defendant. | ) | **CIRCUMSTANCES, AND NOT THE** |
| | ) | **AGGRAVATED MURDER ITSELF, IN** |
| | ) | **DETERMINING PUNISHMENT AND TO** |
| | ) | **SO LIMIT THE PROSECUTOR IN** |
| | ) | **ARGUMENT** |
| | ) | **(Motion 55)** |

Defendant has requested that the Court instruct the jury in the penalty phase that it may not weigh the aggravated murder itself as an aggravated circumstance and to limit the prosecutor in argument regarding this. Defendant's motion is without merit.

Initially, it is clear that Defendant's motion is premature since it is unknown at this point whether there will be a penalty phase in this case.

Moreover, the instruction requested by Defendant is unnecessary. The first portion of the requested instruction discusses the fact that the defendant would have received a lesser sentence had the jury not found him guilty of an aggravating circumstance. Obviously, this fact is wholly irrelevant to the determination the jury must make in the penalty phase.

The second portion of the requested instruction informs the jury that the aggravated murder itself is not an aggravating circumstance. The State presumes that this Court would properly instruct the jury as to what the aggravating circumstances are and would not instruct the jury that the aggravated murder itself is an aggravating circumstance. It is therefore unnecessary to include the language requested by Defendant since, so long as this court properly

identifies the aggravating circumstances, further language supposedly "clarifying" this matter would be superfluous and would more than likely only serve to promote confusion. Additionally, the State has no intention of introducing error by arguing that the aggravated murder itself is an aggravating circumstance, and thus, the limitations Defendant asks this Court to impose on the prosecutor in argument are unnecessary.

For the reasons thus stated, the State respectfully requests that Defendant's motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:       :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO REMOVE** |
| NATHANIEL E. JACKSON, | ) | **REFERENCE TO "REDUCING THE** |
| | ) | **DEGREE OF BLAME"** |
| Defendant. | ) | **(Motion No. 56)** |

The State does not object to removal of the reference to "reducing the degree of blame" from the definition of mitigating circumstances. The State, however, does object to the substitute instruction. The State would propose the following alternative language:

> Mitigating factors are factors that, while they do not justify or excuse the crimes of Aggravated Murder, nevertheless may be considered by you as extenuating, lessening, weakening, excusing to some extent, or reducing the degree of the sentence.

For the foregoing reasons, the state respectfully requests that the Court overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,             )   **CASE NO.  :01-CR-794**

                    )

     Plaintiff,       )   **JUDGE:   :JOHN M. STUARD**

                    )

-vs-               )   **MEMORANDUM IN RESPONSE TO**

                    )   **DEFENDANT'S MOTION FOR**

NATHANIEL E. JACKSON,   )   **WRITTEN JURY INSTRUCTION AND**

                    )   **OPPORTUNITY TO REVIEW**

     Defendant.     )   **(Motion No. 57)**

Defendant has filed a motion requesting that the Court, prior to issuing jury instructions, reduce those instructions to writing and submit them to counsel for review. This practice is presently employed by the Court, and therefore this request is moot. Furthermore, the Court is not able to prepare such instructions until all of the evidence is presented, and both sides have rested, and as a practical matter, the Court is not able to prepare the instructions ahead of time.

The State does not object to this motion.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

 

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE:    :JOHN M. STUARD |
| | ) | |
| -vs- | ) | MOTION IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION IN LIMINE TO |
| NATHANIEL E. JACKSON, | ) | PROHIBIT PREJUDICIAL ARGUMENTS |
| | ) | AND THEMES AT THE CLOSING |
| Defendant. | ) | ARGUMENT OF THE PENALTY PHASE |
| | ) | (Motion No. 59) |

The defendant has filed a Motion in Limine requesting the prosecution be prohibited

from arguing to the jury various prejudicial and improper themes at the penalty phase.

According to Ohio Revised Code section 2923.03(D), the court and trial jury will consider

several factors including any evidence raised at trial, that is relevant to the aggravating

circumstances the defendant was found guilty of.  The court and trial jury shall also hear

testimony and other evidence that is relevant to the nature and circumstances of the aggravating

circumstances of which the defendant was found guilty.

In *State v. Coleman*, (Dec 12, 1986), Hamilton App. No. C-850340, unreported, the

court stated:

> "The function of the jury in the sentencing phase of an
> aggravated murder trial is to 'consider, and weigh against the
> aggravating circumstances proved beyond a reasonable doubt, the
> nature and circumstances of the offense' as well as other
> mitigating factors.  R. C. 2929.04(B). Certainly, the manner in
> which an offense is perpetrated must be included in considering
> the 'nature and circumstances of the offense.'  We are of the
> opinion that such details are properly the subject of comment in
> argument to the jury allowing the mitigation phase of the capital
> proceedings."

At the mitigation hearing, the prosecution intends to present a evidence that is 'relevant

to the nature and circumstances of the aggravating circumstances." O.R.C. 2923.03. The statute does not limit the prosecution to only the aggravating circumstances.  It will be up to the trial court's discretion to interpret the statute at the time of the sentencing hearing.  The Prosecution will abide by the criminal rules, and intends to put forth arguments that are legally permissible. Further, the Defendant is represented by competent counsel who can raise timely objections.

Finally, the State would merely note that the motion is obviously premature and that prosecutor is fully aware of the permissible bounds of closing argument and will conduct himself accordingly.  Further, the litany of "themes" the defense contends are impermissible is misleading, as what comments are permissible is typically dependent in large part on the underlying facts of the particular case.  The State would submit the following list of "themes" which have been found permissible:

> "Reference to crime as "horrible", "treacherous", "vicious", and "Hollywood Murder":  all supported by facts and are permissible. *State v. Beuke* (1988), 38 Ohio St. 3d 29.

> "Lack of remorse" argument proper comment on defendant's character. *Beuke, supra.*

> Reference to defendant as "cancer" within scope of closing. *Beuke, supra.*

> Calls to jury to serve as conscience of community, or to uphold standards, not constitutionally infirm. *Beuke, supra.*

> Photos of body can be used at mitigation hearing and commented on by prosecutor. *State v. DePew* (1988), 38 Ohio St. 3d 275.

> Prosecutor may fairly respond to defense claim that co-defendant is slick talking monster by referring to defendant in same terms. *State v. Brown* (1988), 38 Ohio St. 3d 305.

> Prosecutor may comment about defendant's physical appearance and facial expressions which occurred at trial. *Brown,*

*supra.*

Prosecutor in closing argument may be colorful and creative. Only purely abusive remarks prohibited. Prosecutor may argue that defense attorney talked out of both sides of his mouth and that his theory of the case was "baloney." *Brown, supra.*

Prosecutor may describe death as "terrible, heinous death." *State v. Greer* (1988), 39 Ohio St. 3d 236.

In mitigation hearing, the prosecutor may forcefully argue that mercy need not be extended to defendant who lost job and was alcoholic. Other people have problems without turning to violent crime. *Greer, supra.*

No error in prosecutor pointing out prior convictions, lack of remorse, failure to carry on normal social relationships without violence, predictions of future dangerousness when contained in presentence and mental reports. They are part of history, character and background. *Greer, supra.*

Prosecutor's argument consisting of emotional appeals based upon evidence is not error during sentencing hearing. *State v. Roe* (1989), 41 Ohio St. 3d 18.

Prosecutorial reference to "community standard" is acceptable. *State v. Williams* (1986), 23 Ohio St. 3d 16.

No prejudice in prosecutor's remark that defendant probably changed clothes to respond to "superman" claim that he avoided getting blood on clothes. *State v. Moreland* (1990), 50 Ohio St. 3d 58.

Strong characterizations of defendant as ogre, man-eating monster, cruel human vulture, vile creature, and animal are not error where supported by record. *State v. Wiles* (1991), 59 Ohio St. 3d 71.

"Defense counsel says "death is so final" for defendant. No error in prosecutor saying it was "so final" for victim. *State v. Johnson* (1989), 46 Ohio St. 3d 96.

May compare defendant's dismemberment of bodies to Nazi atrocities in World War II. *State v. Wickline* (1990), 50

Ohio St. 3d 114.

Therefore, the State respectfully requests that the Defendant's Motion be denied.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO. :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE: :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION FOR** |
| NATHANIEL E. JACKSON, | ) | **PENALTY PHASE INSTRUCTION** |
| | ) | **RESPECTING ORDER OF** |
| Defendant. | ) | **DELIBERATIONS AND LACK OF** |
| | ) | **NECESSITY TO FIRST AGREE** |
| | ) | **UNANIMOUSLY ON A** |
| | ) | **RECOMMENDATION OF DEATH** |
| | ) | **(Motion No. 49)** |

Defendant has requested that the Court instruct the jury in the penalty phase that it need not unanimously reject the recommendation of a death sentence before proceeding to consider a life sentence. Defendant's motion is without merit.

Initially, it is clear that Defendant's motion is premature since it is unknown at this point whether there will be a penalty phase in this case. Moreover, the instruction requested by Defendant is unnecessary. A jury does not "convict" or "acquit" a defendant in the penalty phase of capital proceedings; nor does it "accept" or "reject" the death penalty or make a determination as to what sentence is "appropriate". Rather, the duty of the jury in the penalty phase is to determine whether the State has proved beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors. After it makes this determination, its course is clear. If the jury unanimously finds that the State has met its burden, then the jury shall recommend a sentence of death. Absent such a unanimous finding, the jury is required to recommend a life sentence. R.C. §2929.03(D)(2). Informing the jury of this constitutes a clear and proper instruction as to their duty in the penalty phase. To add to this the language

requested by Defendant would only serve to needlessly complicate matters and promote confusion among the jurors as to what their duty is.

To put it another way, it would be error for a court to instruct a penalty phase jury that they **must** unanimously reject the recommendation of a death sentence before considering whether to recommend a life sentence. Such an instruction would imply that a less-than-unanimous finding that the State had met its burden would **preclude** a life sentence recommendation, when, in fact, a less-than-unanimous finding would actually **require** a life sentence recommendation. It is safe to assume that this Court would not give such an erroneous instruction. Since Defendant's requested instruction merely seeks to negate the implication that would be raised by an erroneous instruction this Court obviously would not give, it is likewise unnecessary to include Defendant's requested instruction.

Furthermore, this motion is based upon the false premise that the jury will be instructed in this phase that its deliberations must proceed in a particular order: specifically, that it first must consider whether death is appropriate before proceeding to consider the possibility of a life sentence. This is simply untrue and the defense analogy to the instruction regarding reaching lesser-included offenses is inapposite. The proper instruction to the jury is that it is to recommend death if it finds that the aggravating circumstances outweigh the mitigating factors by proof beyond a reasonable doubt, and that it is to recommend one of two possible life sentences if it finds that the aggravating circumstances do not outweigh the mitigating factors by proof beyond a reasonable doubt. Such an instruction does not call on the jury to deliberate in any particular order, but rather instructs the jury that it must decide whether the aggravating circumstances do or do not outweigh the mitigating factors by proof beyond a reasonable doubt and then recommend a sentence in accordance with such findings. Therefore, the instruction

requested by Defendant is improper and the motion should be denied.

For the reasons thus stated, the State respectfully requests that Defendant's motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO. :01-CR-794** |
| Plaintiff, | ) | |
| | ) | **JUDGE: :JOHN M. STUARD** |
| -vs- | ) | |
| | ) | **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT THE PROSECUTOR FROM ARGUING AND THE COURT FROM GIVING INSTRUCTIONS REGARDING STATUTORY MITIGATING FACTORS NOT RAISED BY THE DEFENSE** |
| NATHANIEL E. JACKSON, | ) | |
| Defendant. | ) | **(Motion No. 60)** |

Defendant's motion regarding references or instructions as to mitigating factors not raised by the defense is premature, since it is not known at this point whether there will be a mitigation phase in this case. Furthermore, the Ohio Supreme Court has addressed this very issue in the cases of *State v. DePew* (1988), 38 Ohio St. 3d and *State v. Greer* (1988), 39 Ohio St. 3d 236. Counsel for the State intends to follow the principles enunciated in these cases.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.    :01-CR-794
                                  )
        Plaintiff,                )    JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )    M E M O R A N D U M   C O N T R A
                                  )    DEFENDANT'S MOTION TO PROHIBIT
NATHANIEL E. JACKSON,             )    ANY EVIDENCE BEARING ON THE
                                  )    CHARACTER OF THE VICTIM OR
        Defendant.                )    VICTIM IMPACT
                                  )    (Motion No. 61)

        The defendant has moved this court to prohibit all parties and witnesses from introducing

any evidence bearing on the character or personal characteristics of the decedent or on victim

impact.

        In support of her motion, defendant cites *Booth v. Maryland* (1987), 482 U.S. 496 and

*South Carolina v. Gathers* (1989), 490 U.S. 805.  In these cases, the United States Supreme

Court held that victim impact evidence may be inflammatory and is generally inadmissible in

the sentencing phase of a capital case. However, in *Payne v. Tennessee* (1991), 111 S. Ct. 2597,

the Supreme Court overruled both *Booth* and *Gathers*.  The court in *State v. Rayvon Taylor*

(October 10, 1991), Cuyahoga App.  No. 59009, unreported, summarized the effect of *Payne*

on *Booth* and *Gathers*.

        "[I]n *Payne v. Tennessee*, _ U. S. _, 111 S. Ct. 1597, the
        Supreme Court rejected the premises of *Booth* and *Gathers*, i.e.,
        that evidence relating to a particular victim or to the harm which
        a capital defendant causes a victim's family do not in general
        reflect upon the defendant's blameworthiness', and that only
        evidence relating to 'blameworthiness, is relevant to the capital
        sentencing decision.  The court in turn overruled *Booth* and
        *Gathers*, stated:

                "We are now of the view that a state may properly
        conclude that for the jury to assess meaningfully the defendant's

moral culpability and blameworthiness, it should have before it at the sentencing phase evidence of the specific harm caused by the defendant.  'The state has a legitimate interest in counteracting the mitigating evidence which the defendant is entitled to put in, by reminding the sentence that just as the murderer should be considered as an individual, so too the victim is an individual whose death represents a unique loss to society and in particular to his family." *Booth*, 482 U.S. at 517. (White, J., dissenting.) (Citation omitted.)

"By turning the victim into a 'faceless stranger at the penalty phase of a capital trial,' *Gathers*, 490 U.S. at 821. (O'Connor, J., dissenting.) *Booth* deprives the state of the full moral force of its evidence and may prevent the jury from having before it all information necessary to determine the proper punishment for a first-degree murder. *Id.*, at 4890.

The defendant also cites *State v. Post* (1987), 32 Ohio St. 3d 380:

"In *State v. Post* (1987), 32 Ohio St. 3d 380, 383, the Ohio Supreme Court noted that the admission of victim impact evidence at capital trials was not *expressly* permitted by the Ohio statutes, and also noted that *pursuant to Booth*, such evidence denies a fair sentencing determination as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution." *Taylor, supra*, at 4890.

There are no Ohio statutes that expressly permit the admission of victim impact evidence.  The court in *Payne*, however, did not require one. in fact, "the evidence involved in the [*Payne*] case was not admitted pursuant to any enactment." *Payne, supra*, at 2606. Moreover, the defendant fails to cite any Ohio statutes that expressly prohibit the admission of victim impact evidence in capital trials.

Furthermore, as noted by the *Taylor* court above, the *Post* court made its decision "pursuant to *Booth*".  It follows that since the *Booth* decision has been overruled and replaced by *Payne*, the *Post* decision must be read in light of *Payne*.

Finally, victim background evidence may be admissible in the guilt phase of a capital

trial because it "may be relevant to establishing facts of consequence or otherwise necessary to prove an element of the crime." *State v. Beuke* (1988), 38 Ohio St. 3d 346.

For the foregoing reasons, the state respectfully requests that the Court overrule defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **M E M O R A N D U M   C O N T R A** |
| | ) | **MEMORANDUM IN OPPOSITION TO** |
| NATHANIEL E. JACKSON, | ) | **D E F E N D A N T ' S   M O T I O N   T O** |
| | ) | **PRECLUDE READMISSION OF TRIAL** |
| Defendant. | ) | **PHASE EVIDENCE AND EXHIBITS IN** |
| | ) | **PENALTY PHASE, AND RELATED** |
| | ) | **PROSECUTORIAL COMMENT** |
| | ) | **(Motion 62)** |

Defendant's above-captioned motion is without merit.  Defendant seeks to preclude the readmission of evidence and exhibits from the trial phase in the penalty phase, and to preclude the prosecutor from making any comment or argument related to this evidence.  In its Memorandum in Support, Defendant states that he will not raise the nature and circumstances of the offense as a mitigating factor in this case.

In State v. Cornwell (1999), 86 Ohio St.3d 560, 567, the Ohio Supreme Court stated:

> Pursuant to R.C. 2929.03(D)(1), the prosecutor may introduce "any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing."  It is the trial court's responsibility, not the jury's, to determine what evidence is relevant.

Citing State v. Getsy (1998), 84 Ohio St.3d 180, 201.

For the above reason and law, the State requests that the Court deny Defendant's motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )    CASE NO.    01-CR-794
                                        )
        Plaintiff,                      )    JUDGE:      :JOHN M. STUARD
                                        )
-vs-                                    )    MEMORANDUM CONTRA MOTION TO
                                        )    PROHIBIT ANY REFERENCES TO THE
NATHANIEL E. JACKSON,                   )    FIRST PHASE AS THE "GUILT PHASE"
                                        )    (Motion No. 63)
        Defendant.                      )

    Defendant has filed a motion for an order *in limine* to prohibit the state and the defense,

and to restrain the court, from referring to the first phase of this matter as the "guilt phase" of

the proceedings, or to otherwise use the word "guilt" as an adjective to refer to that stage of the

proceedings at which the defendant's innocence or guilt is determined.

    Defendant has failed to cite any reference where a court has held that an accused's right

to a fair trial has been violated due to the use of the term "guilt phase." This phrase is only used,

as defendant has indicated, to distinguish the guilt phase of the trial from the mitigation and

punishment phase; not to create an unfair reference to bias the jury.

    Furthermore, defendant has undermined the intelligence of this court by failing to state

with particularity the grounds upon which his motion is made as required by Crim.R. 47.

    For the above stated reasons, defendants motion should be overruled.

                                        Respectfully Submitted,
                                        STATE OF OHIO, by


                                        _____
                                        DENNIS WATKINS (#0009949)
                                        Trumbull County Prosecuting Attorney



                                        and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the

Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:    :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO ALLOW** |
| NATHANIEL E. JACKSON, | ) | **DEFENSE TO ARGUE FIRST AND LAST** |
| | ) | **AT SENTENCING HEARING** |
| Defendant. | ) | **(Motion No. 64)** |

The defendant states in his motions that the defense should argue last to the jury and during the mitigation phase of the trial. The basis of his argument is that he claims he has the burden of proving sufficient mitigating material to outweigh enough of the aggravating circumstances so that reasonable doubt exists in the minds of the jurors. It is the state's position that the defendant's motion is without merit.

It is clearly stated in R.C 2945.10 (F) that the State, in a criminal case, shall conclude the argument to the jury. Section 2945.10 (F) provides:

> "When the evidence is concluded, unless the case is submitted without argument, the counsel for the state shall commence, the defendant or his counsel follow and the counsel for the state conclude the argument to the jury.

Furthermore, the State of Ohio has the burden of proving that the aggravating circumstances outweigh the mitigating factors. section 2929.03 (D) of the Ohio Revised Code, states:

> "The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death."

The defendant, at the second portion of trial, merely has the burden of going forward;

that is, producing evidence of mitigating factors. But even if the defendant should fail to offer or show any evidence of mitigating factors at this stage of the trial it would not necessarily result in the jury recommending the penalty of death. Section 2929.03 (D) of the Ohio Revised Code, provides that the jury shall consider the relevant evidence raised at the trial stage of the proceedings and can recommend a number of sentences other than death.

Unlike the defendant, the State must present a case at this stage of the proceedings, for the State has the burden of proving, beyond a reasonable doubt, that the aggravating circumstances outweigh the mitigating factors, thereby warranting a death sentence. Thus, the burden of proof rests solely upon the State and not the defendant, and thereby affording the State the right to open and close arguments to the jury. *State v. Rogers* (1985), 17 Ohio St. 3d 174.

This issue was specifically addressed by the Ohio Supreme Court in *State v. Rogers* (1985), 17 Ohio St. 3d 174 at 183. There the court held:

> "During the sentencing phase of a capital trial the state, having the burden of proving that aggravating circumstances outweigh the mitigating factor, has the right to open and close arguments to the jury."

It is for these reasons that the state respectfully requests that the court overrule the defendant's motion to argue last.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| NATHANIEL E. JACKSON, | ) | **CHALLENGE ARRAY OF GRAND JURY** |
| | ) | **AND PETIT JURY** |
| Defendant. | ) | **(Motion No. 65)** |

Now comes Plaintiff, the State of Ohio, by and through undersigned counsel, and for the reasons set forth herein, respectfully requests that Defendant's "Motion to Challenge Array of Grand Jury and Petit Jury.

Defendant has requested that this Court set aside the array of the grand jury and the petit jury. Defendant bases his motion on the alleged failure to follow certain statutory procedures concerning the selection of the annual jury list and the drawing and summoning of the grand jury venire. This motion is wholly without merit.

Defendant first claims that the annual jury list was not compiled, maintained and filed in accordance with RC §2313.08, but offers nothing to support this assertion. The State submits that the proper procedures were followed, and that, at the very least, Defendant should be required to specify what deficiencies or irregularities he claims exist prior to the granting of an evidentiary hearing on this motion. Moreover, he should further be required to state the manner in which he claims he was prejudiced by the alleged deficiencies or irregularities in the compilation, maintenance and filing of the annual jury list. As the Defendant has failed to do so, this Court should deny the instant motion.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )    CASE NO.   :01-CR-794

      Plaintiff,         )    JUDGE:    :JOHN M. STUARD

-vs-                  )    **MEMORANDUM IN OPPOSITION TO**

                       )    **DEFENDANT'S MOTION FOR A**

NATHANIEL E. JACKSON,    )    **CHANGE OF VENUE**

                     )    **(Motion No. 66)**

      Defendant.      )

The defendant has moved this court for a change of venue under Crim. R. 18(B) and

R.C. 2901.12(J).  Defendant contends that a change of venue is required because of the

extensive news coverage regarding the nature of the offense and his involvement in the offense.

Beyond a general claim that there has been extensive news coverage of this matter,

Defendant has offered nothing to demonstrate that there is any likelihood, much less a

"substantial likelihood" that he will be denied any constitutional right should this case be tried

in Trumbull County.  Additionally, it is well-established that "the interests of judicial economy,

convenience, and reduction of public expenses necessitate that judges make a good faith effort

to seat a jury before granting a change in venue." *State v. Fox* ( 1994), 69 Ohio St. 3d 183, 189;

*State v. Warner* (1990), 55 Ohio St.3d 31,46;  *State v. Herring* (1984), 21 Ohio App.3d 18. "It

has long been the rule in Ohio that '[t]he examination of jurors on their voir dire affords the best

test as to whether prejudice exists in the community * * *.'" *State v. Maurer* (1984), 15 Ohio

St.3d 239, 250-251, quoting *State v. Swiger* (1966), 5 Ohio St.2d 151, paragraph one of the

syllabus.

For the reasons thus stated, the State respectfully requests that Defendant's Motion be

overruled for now and delayed until a thorough examination of the actual jurors can be made at

trial.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE:      :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **MEMORANDUM IN OPPOSITION TO** |
| | ) | **DEFENDANT'S  MOTION  FOR** |
| NATHANIEL E. JACKSON, | ) | **DISCLOSURE  OF  PROSECUTOR'S** |
| | ) | **JURY SELECTION DATA** |
| Defendant. | ) | **(Motion No. 70)** |

The defendant requests the Court to order the Prosecuting Attorney to disclose to the

defendant any information and data compiled on prospective jurors in the instant case. The

State of Ohio opposes this motion for several reasons.

The statutory and case law of Ohio provide that the defendant in a criminal prosecution

is entitled to the statements of the defendant and co-defendants made to police officers, the prior

record of the defendant, reports of examinations and tests, evidence favorable to the defendant,

and in camera inspection of witnesses' statements.  The discovery rules do not authorize the

discovery of reports, memorandums, or other internal documents made by the prosecuting

attorney or his agents.

The defense counsel cannot compel the prosecuting attorney' to disclose information he

has with respect to prospective jurors. *United States v. Costello*, (1958 CA2 NY) 255 F.2d 876,

888, *cert. den*. 357 U.S. 937, 2L.ed. 2d. 1551, 78 S.Ct. 1385, *reh. den*., 358 U.S. 858, 3 L.ed.2d

93, 79 S. Ct. 16.  In *Costello*, the defendant contended on appeal that the trial was unfair because

during the jury examination, the government had access to information not available to him or

even to the wealthiest defendant.  The court rejected this contention and stated that not all

information properly available to the prosecutor must be made available to the defendant.  The

court added that district court decisions refusing to permit defendants to inspect F.B.I. reports on prospective jurors were upheld in *Best v. United States* (1950, Cal Mass.) 184 F.2d 131, *cert. den.* 340 U.S. 939 and in *Christoffel v. United States*, 84 App. D.C. 132 171 F.2d 1004 (1948).

Most states, including Ohio, adhere to the rule that the prosecutor's investigatory report on prospective jurors is not discoverable by the defendant. *See: People v. Quicke*, 71 Cal. 2d 502, 455 P.2d 787, 799; *Robertson v. State* (Fla. App.), 262 So. 2d 692; *Commonwealth v. Smith* (Mass. 215 N.E. 2d 897; *Commonwealth v. Foster*, 219 PA Super 127, 280 A.2d 602, 604-605; *Couser v. State*, (Md. App. 1977), 374 A 2d 399, 403. Therefore the Court should deny Defendant's request.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,

    Plaintiff,

-vs-

NATHANIEL E. JACKSON,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.   :01-CR-794

JUDGE:   :JOHN M. STUARD

MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO PROHIBIT
REFERENCES TO THE JURY THAT A
VERDICT AS TO DEATH IS ONLY A
RECOMMENDATION, IN THE
ALTERNATIVE, MOTION TO
PROHIBIT REFERENCES TO THE
BINDING OR NON-BINDING NATURE
OF THE JURY'S DETERMINATION
(Motion No. 9)

The State of Ohio requests that the above entitled Motion filed by Defendant be overruled. It is the position of the State that it is improper for a trial judge to make strict pretrial rulings which limit an attorney's ability to fairly present his case. The Court should wait if, and until a situation actually presents itself, look at all the surrounding circumstances, and rule accordingly.

Furthermore, the law in this area has been stated by the United States Supreme Court in *Caldwell v. Mississippi* (1985), 472 U.S. 320 and *Dugger v. Adams* (1989), 489 U.S. 401, 109 S. Ct. 1211 (1989), and by the Ohio Supreme Court most recently in *State v. Hutton* (1990), Ohio St. 3d 366.

Furthermore, in State v. Getsy (1998), 84 Ohio St. 3d 180, the Ohio Supreme Court stated:

> Use of an instruction that the jury verdict is a "recommendation" accurately reflects Ohio law and does not diminish the jury's overall sense of responsibility. State v. Henderson (1988), 39 Ohio St.3d 24, 29-30, 528 N.E.2d 1237, 1243; State v. Woodard (1993), 68 Ohio St.3d 70, 77, 623 N.E.2d 75, 80-81. *Id.* at

202.

It is the intention of the State of Ohio to follow those pronouncements.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant, this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.     :01-CR-794
                                  )
        Plaintiff,                )    JUDGE:       :JOHN M. STUARD
                                  )
-vs-                              )    MEMORANDUM IN OPPOSITION TO
                                  )    DEFENDANT'S REQUEST FOR
NATHANIEL E. JACKSON,             )    RULING ON MOTIONS PRIOR TO
                                  )    COMMENCEMENT OF TRIAL
        Defendant.                )    (Motion No. 35)

Defendant requests that this Court rule on all of Defendant's pre-trial motions prior

to the commencement of Defendant's trial.

While the State believes Defendant's request is unnecessary, the State does not

object to Defendant's request generally and would request that this Court also rule on any

pretrial motions by the State prior to the commencement of the trial. At the same time, the

State would note that Crim. R. 12(E) requires the Court to state its essential findings only

where factual issues are involved in determining a motion. Further, the State would note

that the Defendant has refused to waive speedy trial   Finally, failure to rule on a pretrial

motion prior to commencement of trial has been deemed to be harmless error unless it

adversely affects the substantial rights of the defendant. *State v. Tolbert* (1990), 70 Ohio

App. d. 372, 388.

Therefore the State respectfully requests that the Defendant's motion be denied.

Respectfully Submitted,
STATE OF OHIO, by


_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

    This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 13, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )      CASE NO.      :01-CR-794
                                  )
          Plaintiff,              )      JUDGE:      :JOHN M. STUARD
                                  )
-vs-                              )      MEMORANDUM IN OPPOSITION
                                  )      TO DEFENDANT'S MOTION FOR
NATHANIEL E. JACKSON,             )      CLOSURE OF PRETRIAL
                                  )      HEARINGS AND TO INSULATE
          Defendant.              )      VENIRE AND JURY
                                  )      (Motion 28)

The defendant has submitted two motions in this case which, if sustained, would overrule consistent holdings of the United States Supreme Court regarding constitutional matters. Based upon the fact that the issues raised by these motions are now well settled, the State respectfully requests that defendant's motions be overruled.

The Supreme Court has held that the right to attend criminal trials is implicitly guaranteed by the First Amendment. *Richmond Newspapers, Inc. v. Virginia* (1980), 448 U.S. 555. The media representatives enjoy the same right of access to criminal trials as does the public. Based upon these First Amendment guarantees, the government to prohibited from closing courtroom doors without some type of compelling interest. No such compelling interest can be found to exist in this case based solely, as defendant contends, on the fact that this is a capital case.

The Ohio Supreme Court held that a court may permit broadcasting in the courtroom if the court determines that it would not distract participants, impair the dignity of the proceedings, or otherwise materially interfere with the achievement of a fair trial or hearing. *State, ex rel. Grimmel Communications Corp. v. Love* (1980), 62 Ohio St. 2d 399, 401. The Ohio Supreme Court expanded this holding in *State v. Rogers* (1985), 17 Ohio St. 3d 174. The court reasoned

that Ohio's Code of Judicial Conduct strikes a balance "between the public's right to know what goes on in a public courtroom, and a defendant's right to a fair and impartial trial." *Rogers* at 185.

The United States Supreme Court has held that simply because there is a danger that a prejudicial broadcast may be viewed by the jurors, a ban on broadcast coverage of trials cannot be justified unless there is a showing of prejudice of constitutional dimensions. *Chandler v. Florida* (1981), 449 U.S. 560, 574-575. Moreover, broadcast coverage of trials and pretrial hearings is important for public confidence in and understanding of the legal system, as numerous American courts have recognized: "On balance there is more to be gained than lost by permitting electronic media coverage of judicial proceedings, subject to standards for such coverage." *In re: Petition for Post Week Newsweek Stations, Florida, Inc.* (1979), 370 So. 2d 764, 780.

For the foregoing reasons, the state respectfully requests that the Court overrule defendants motions.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Building

Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 19, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                              )        CASE NO.      :01-CR-794
                                            )
            Plaintiff,                      )        JUDGE:      :JOHN M. STUARD
                                            )
-vs-                                        )
                                            )        MEMORANDUM IN OPPOSITION TO
NATHANIEL E. JACKSON,                       )        DEFENDANT'S MOTION TO
                                            )        PROHIBIT THE USE OF
            Defendant.                      )        PEREMPTORY CHALLENGES TO
                                            )        EXCLUDE JURORS WHO EXPRESS
                                            )        CONCERNS ABOUT CAPITAL
                                            )        PUNISHMENT
                                            )        (Motion 73)

Defendant moves this Court for an order prohibiting the prosecution from excluding,

through the use of peremptory challenges, all prospective jurors who express concerns over the

imposition of the death penalty.  The defendant contends that such exclusion would violate his

right to a fair and impartial jury, as guaranteed by the Constitutions of the State of Ohio and the

United States.  The State of Ohio opposes defendant's motion because defendant's arguments

are baseless and wholly without merit.

It is fundamental principle of law that both sides in a criminal case have wide discretion

in the use of peremptory challenges.  Counsel is ordinarily entitled to exercise peremptory

challenges "for any reason at all, as long as that reason is related to his [or her] view concerning

the outcome of the case to be tried." *Batson v. Kentucky* (1986), 476 U.S. 79, 89, citing *United*

*States v. Robinson* (D. Conn. 1976), 421 F. Supp. 467, 473.  Exclusion of a juror because of his

or her opposition to capital punishment is directly related to the outcome of the case to be tried,

and is therefore valid according to the United States Supreme Court.

Defendant also argues that a jury automatically becomes biased toward conviction when

persons who are opposed to the death penalty are excluded from the venire.  Following

defendant's line of reasoning would only lead to the argument that defense counsel, through its

use of peremptory challenges, selects a jury biased towards acquittal.  Realizing this inherent

fallacy, the United States Supreme Court has expressly rejected defendant's argument:

> "We simply cannot conclude, either on
> the basis of the record now before us or as a
> matter of judicial notice, that the exclusion of
> jurors opposed to capital punishment results in an
> unrepresentative jury on the issue of guilt, or
> substantially increases the risk of conviction.
> *Witherspoon v. Illinois* (1968), 391 U.S. 510,
> 518.

The court reaffirmed that position in *Lockhart v. McCree* (1986), 476 U.S. 162,

184.Since defendant's argument finds no support, either in logic or in law, his motion should

be denied by this Court.

Respectfully Submitted,
STATE OF OHIO, by

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

2

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 19, 2002.

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485

3

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. :01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE: :JOHN M. STUARD |
| | ) | |
| -vs- | ) | **STATE'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO HAVE** |
| NATHANIEL E. JACKSON, | ) | **COURT FOLLOW THE OHIO REV.** |
| | ) | **CODE 2945.25(C) STANDARD FOR** |
| Defendant. | ) | **"DEATH QUALIFICATION" OF** |
| | ) | **VENIRE PERSONS** |
| | ) | **(Motion No. 72)** |

Now comes the State of Ohio, by and through Dennis Watkins, Trumbull County

Prosecuting Attorney and hereby files its *Opposition to Defendant's Motion to Have Court*

*Follow the Ohio Rev. Code 2945.25(c) Standard for "Death Qualification" of Venire Persons.*

Specifically, the Defendant claims that the standard for excusing jurors is listed in R.C.

2945.25(C), and the Defendant asks this Court to employ that standard. However, the Supreme

Court of Ohio adopted the federal standard which was announced in *Wainwright v. Witt* (1985),

469 U.S. 412, wherein the Court held that a juror could be excused for cause of the juror's

"views [about capital punishment] would prevent or substantially impair the performance of his

duties ***."

In *State v. Rogers* (1985), 17 Ohio St.3d 174, 17 OBR 414, 478 N.E.2d 984, paragraph

three of the syllabus, vacated and remanded on other grounds (1985), 474 U.S. 1002, 106 S.Ct.

518, 88 L.Ed.2d 452, the Supreme Court of Ohio stated:

> "The proper standard for determining when a prospective juror may be
> excluded for cause based on his views on capital punishment is whether the
> juror's views would prevent or substantially impair the performance of his duties
> as a juror in accordance with his instructions and oath."

This was recently re-affirmed in *State v. Johnson* (2000), 88 Ohio St.3d 95, 120, where the Court stated:

> "In his twenty-eighth proposition of law, appellant challenges the death-qualification process used during jury selection. Appellant argues that the trial court improperly used the standard set forth in *Wainwright v. Witt* (1985), 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841, to death-qualify the jury. Appellant's argument is misplaced."

As such, this Court should employ the *Wainwright* test for disqualifying jurors for cause during "death qualifications." As such, Defendant's motion should be denied.

Respectfully Submitted,
STATE OF OHIO, by

_____
DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for the Defendant,  this March 19, 2002.

_____
CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485