# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )
                             )     CASE NO.01-CR-794
  Plaintiff                 )
                             )     JUDGE JOHN M. STUARD
-vs-                         )
                             )     **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,        )     MOTION TO ALLOW THE DEFENSE
                             )     TO ARGUE LAST AT THE PENALTY
  Defendant                 )     PHASE

Defendant's "Motion to Allow the Defense to Argue Last at the Penalty Phase" came

before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion.

DATED: _____9/6/02_____          _____
                                     HON. JOHN M. STUARD
                                     Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )
                               )    CASE NO.01-CR-794
   Plaintiff                           )
                               )    JUDGE JOHN M. STUARD
-vs-                                    )
                               )    **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                   )    MOTION TO COMPEL DISCLOSURE
                               )    OF PROSECUTING ATTORNEY'S
   Defendant                           )    JURY SELECTION DATA

Defendant's "Motion to Compel Disclosure of Prosecuting Attorney's Jury Selection Data" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion as such disclosure is not required by the Ohio Criminal Rules relating to discovery..

DATED· _____9/6/02_____          _____
                                        HON. JOHN M. STUARD
                                        Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION TO PROHIBIT DEATH- |
| | ) | QUALIFICATION OF JURY: IN THE |
| Defendant | ) | ALTERNATIVE, IF NECESSARY, |
| | | TO SEAT A SEPARATE JURY |
| | | DURING PENALTY PHASE OF |
| | | THE TRIAL |

Defendant's "Motion to Prohibit Death-Qualification of Jury: In the Alternative, if Necessary, to Seat a Separate Jury During Penalty Phase of the Trial" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _9/6/02_ 

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

**IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO**

STATE OF OHIO,          )
                        )          CASE NO.01-CR-794
     Plaintiff          )
                        )          JUDGE JOHN M. STUARD
-vs-                    )
                        )          **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,   )          MOTION FOR DISCLOSURE OF ANY
                        )          AND ALL AGREEMENTS AND/OR
     Defendant          )          BENEFITS AND/OR DEALS
                        )          INVOLVING PROSECUTING
                        )          WITNESSES

    "Defendant's Motion for Disclosure of Any and All Agreements and/or Benefits and/or 'Deals' Involving Prosecuting Witnesses" came before and was heard by this court on March 20, 2002.

    Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion.   To the extent that such information is subject to the requirements of Ohio Criminal Rule 16 and <u>Brady v. Maryland</u> (1963), 373 U.S. 83, the State will provide to the defense any such information which comes into its possession.

DATED:____9/6/02____          _____
                              HON. JOHN M. STUARD
                              Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,         )

                          )      CASE NO.01-CR-794

   Plaintiff         )

                          )      JUDGE JOHN M. STUARD

-vs-              )

                          )      **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,   )      DEFENDANT'S MOTION REGARDING

                          )      (A) NO COMMENTS ON DEFENSE

   Defendant.        )      WITNESS LIST; (B) NO COMMENTS

                              ON THE FACT THAT DEFENSE

                              EXPERTS

Defendant's "Defendant's Motion Regarding (A) No Comments on Defense Witness List; (B) No Comments on the Fact That Defense Experts Did Not Produce Written Reports; and (C) No Comments on Costs Connected with Defense Expert" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion as to part (A), but DENIES Defendant's Motion as to parts (B) and (C).

DATED: _____9/6/02_____              _____

                                       HON. JOHN M. STUARD
                                       Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION TO PROHIBIT REFERENCES TO THE JURY AT ANY POINT IN THESE PROCEEDINGS THAT A VERDICT AS TO DEATH IS ONLY A RECOMMENDATION IN THE ALTERNATIVE MOTION TO PROHIBIT REFERENCES TO THE BINDING OR NON-BINDING NATURE OF THE JURY'S DETERMINATION |
| Defendant | ) | |

Defendant's "Motion to Prohibit References to the Jury, at any Point in These Proceedings, that a Verdict as to Death is only a Recommendation, in the Alternative, Motion to Prohibit References to the Binding or Non-Binding Nature of the Jury's Determination" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion to the Extent that the State may make appropriate statements of law; misstatements of law or otherwise improper comments will be subject to objection.

DATED: _____9/6/02_____

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:  Trumbull Co. Prosecutor's Office
     Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION FOR PENALTY PHASE |
| | ) | JURY INSTRUCTION |
| Defendant | ) | RESPECTING ORDER OF |
| | ) | DELIBERATIONS AND LACK OF |
| | ) | NECESSITY TO FIRST AGREE |
| | ) | UNANIMOUSLY ON A VERDICT |
| | ) | OF DEATH |

Defendant's "Motion for Penalty Phase Jury Instruction Respecting Order of Deliberations and Lack of Necessity to First Agree Unanimously on a Verdict of Death" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/6/02_____          _____

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )

    Plaintiff                    )      CASE NO.01-CR-794

                          )      JUDGE JOHN M. STUARD

-vs-                              )

                          )      **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,             )      MOTION FOR AN ORDER

                          )      DIRECTING THAT A COMPLETE

    Defendant                    )      COPY BE MADE AND TURNED

                                      OVER TO THE COURT FOR REVIEW
AND TO BE SEALED FOR
APPELLATE REVIEW

      "Defendant's Motion for an Order Directing that a Complete Copy of the Prosecutor's

File be made and Turned Over to the Court for Review and to be Sealed for Appellate Review,

If Necessary" came before and was heard by this court on March 20, 2002.

      Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion.

DATED:  __9/6/02__

                                    HON. JOHN M. STUARD
                                  Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                                 )
                                               )     CASE NO.01-CR-794
   Plaintiff                                   )
                                               )     JUDGE JOHN M. STUARD
-vs-                                           )
                                               )     **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                          )     MOTION TO COMPEL ALL STATE
                                               )     AGENTS TO TURN OVER TO THE
   Defendant                                   )     PROSECUTING ATTORNEYS AND
                                               )     TO ADVISE THEM OF ALL
                                               )     INFORMATION ACQUIRED DURING
                                               )     THE COURSE OF THE
                                               )     INVESTIGATION OF THIS CASE

     "Defendant's Motion to Compel All State Agents to Turn Over to the Prosecuting Attorneys and to Advise Them of All Information Acquired During the Course of the Investigation of This Case" came before and was heard by this court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion but only to the extent that such information is subject to disclosure under Ohio Criminal Rule 16 and <u>Brady v. Maryland</u> (1963), 373 U.S. 83.

DATED: _____9/6/02_____          _____
                                     HON. JOHN M. STUARD
                                     Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co  Branch)

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　CASE NO.01-CR-794
　　　Plaintiff　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　JUDGE JOHN M. STUARD
-vs-　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　**JUDGMENT ENTRY**
NATHANIEL E. JACKSON,　　　　　)　　MOTION TO PROHIBIT DEATH-
　　　　　　　　　　　　　　　　)　　QUALIFICATION OF POTENTIAL
　　　Defendant　　　　　　　　　)　　JURORS UNLESS AND UNTIL THE
　　　　　　　　　　　　　　　　)　　PROSECUTION HAS SHOWN
　　　　　　　　　　　　　　　　)　　PROBABLE CAUSE THAT THE
　　　　　　　　　　　　　　　　)　　CASE WILL PROCEED TO
　　　　　　　　　　　　　　　　)　　MITIGATION

　　　"Defendant's Motion to Prohibit Death-Qualification of Potential Jurors unless and until

the Prosecution has Shown Probable Cause that the Case will Proceed to Mitigation" came

before and was heard by this court on March 20, 2002.

　　　Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion.

DATED:　_9/6/02_

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　HON. JOHN M. STUARD
　　　　　　　　　　　　　　　　　　　Judge, Court of Common Pleas

cc:　　Trumbull Co. Prosecutor's Office
　　　　Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )
                             )   CASE NO.01-CR-794
   Plaintiff              )
                             )   JUDGE JOHN M. STUARD
-vs-                          )
                             )   **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,         )   MOTION TO PROHIBIT STATE
                             )   FROM USING PEREMPTORY
   Defendant              )   CHALLENGES TO EXCLUDE
                             )   JURORS WHO EXPRESS
                             )   CONCERNS ABOUT CAPITAL
                             )   PUNISHMENT

"Defendant's Motion to Prohibit the State from Using Peremptory Challenges to Exclude Jurors Who Express Concerns About Capital Punishment" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/6/02_____

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )
                                )      CASE NO.01-CR-794
   Plaintiff                    )
                                )      JUDGE JOHN M. STUARD
-vs-                        )
                                )      **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,      )      MOTION REQUESTING
                                )      MITIGATION PHASE
   Defendant                 )      INSTRUCTIONS ON REMNANT
                                )      DOUBT ABOUT GUILTY AND
                                )      MERCY AS MITIGATING
                                )      FACTORS

      "Defendant's Motion Requesting Mitigation Phase Instructions on Remnant Doubt about Guilt and Mercy as Mitigating Factors" came before and was heard by this court on March 20, 2002.

      The Court heard arguments of counsel and for good cause shown, herein DENIES Defendant's Motion.

DATED:   _9/6/02_                                          _John M. Stuard_
                                                   HON. JOHN M. STUARD
                                                     Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION TO REDUCE BIAS IN THE |
| | ) | ANNUAL JURY LIST |
| Defendant | ) | |

"Defendant's Motion to Reduce Bias in the Annual Jury List" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/8/02_____

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                  )    CASE NO.01-CR-794
   Plaintiff                  )
                                  )    JUDGE JOHN M. STUARD
-vs-                              )
                                  )    **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,             )    MOTION FOR AN ALTERNATING
                                  )    VOIR DIRE
   Defendant                  )

     "Defendant's Motion for Alternating Voir Dire" came before and was heard by this court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/6/02_____            _____

                                          HON. JOHN M. STUARD
                                          Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION FOR AN INCREASE IN |
| | ) | THE NUMBER OF PEREMPTORY |
| Defendant | ) | CHALLENGES |

"Defendant's Motion for an Increase in the Number of Peremptory Challenges" came

before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion.

DATED: _9/6/02_

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )
                                          )     CASE NO.01-CR-794

  Plaintiff                            )

                                          )     JUDGE JOHN M. STUARD

-vs-                                    )

                                          )     **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,                   )     MOTION FOR TRANSCRIPTS

                                          )

  Defendant                            )

       "Defendant's Motion for Transcripts" came before and was heard by this court on March 20, 2002.

       Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion to the extent that it relates to daily transcripts.  The Court will comply with Defendant's request for other transcripts when made where reasonable and possible.

DATED:_____9/6/02_____

                                           HON. JOHN M. STUARD
                                          Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

195

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )
                                        )        CASE NO.01-CR-794
  Plaintiff                    )
                                        )        JUDGE JOHN M. STUARD
-vs-                                    )
                                        )        **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                   )        DEFENDANT'S REQUEST FOR
                                        )        RULINGS ON ALL MOTIONS PRIOR
  Defendant                    )        TO COMMENCEMENT OF TRIAL

    "Defendant's Request for Rulings on All Motions Prior to Commencement of Trial"

came before and was heard by this court on March 20, 2002.

    Upon hearing arguments of counsel and for good cause shown, the Court hereby

GRANTS Defendant's Motion to the extent that such rulings are required by law and do not

abuse the discretion of the Court.

DATED:   9/6/02

                                  HON. JOHN M. STUARD
                                  Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

0981  542

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                  )      CASE NO.01-CR-794
  Plaintiff                       )
                                  )      JUDGE JOHN M. STUARD
-vs-                              )
                                  )      **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,             )      MOTION FOR ALL MOTIONS TO
                                  )      BE HEARD ON THE RECORD
  Defendant                       )

    "Defendant's Motion for All Motions to be Heard on the Record" came before and was heard by this court on March 20, 2002.

    Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion.

DATED: _____9/6/02_____


HON. JOHN M. STUARD
Judge, Court of Common Pleas


cc:   Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

0981   543

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,               )

    Plaintiff             )

-vs-                     )

NATHANIEL E. JACKSON,   )

    Defendant           )

CASE NO.01-CR-794

JUDGE JOHN M. STUARD

**JUDGMENT ENTRY**
MOTION TO INCREASE THE
BURDEN OF PROOF TO BEYOND
ALL DOUBT IN BOTH THE TRIAL
AND SENTENCING PHASES

"Defendant's Motion to Increase the Burden of Proof to Proof Beyond All Doubt in Both the Trial and Sentencing Phases" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/0/02_____

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,         )

                        )

    Plaintiff         )

                        )

-vs-                 )

                        )

NATHANIEL E. JACKSON,   )

                        )

    Defendant       )

CASE NO.01-CR-794

JUDGE JOHN M. STUARD

**JUDGMENT ENTRY**
MOTION TO PROHIBIT THE
FILMING, PHOTOGRAPHING OR
VIDEOTAPING OF THE DEFENDANT
WHILE IN THE COURTROOM

"Defendant's Motion to Prohibit the Filming, Photographing or Videotaping of the Defendant While in the Courtroom" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion in the event the Defendant becomes a witness at trial and DENIES Defendant's Motion to the extent that the Defendant is merely present in the courtroom.

DATED:_____9/6/02_____                 _____

                                         HON. JOHN M. STUARD
                                         Judge, Court of Common Pleas

cc: Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )

   Plaintiff                          )    CASE NO.01-CR-794

                    )

-vs-                                    )    JUDGE JOHN M. STUARD

                    )

NATHANIEL E. JACKSON,                   )    **JUDGMENT ENTRY**

                    )    MOTION FOR AN ORDER

   Defendant                        )    REGULATING THE TRANSFER OF

                    )    DEFENDANT FROM JAIL TO THE

                      COURTROOM

"Defendant's Motion for an Order Regulating the Transfer of Defendant from Jail to the Courtroom" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, Defendant's Motion is hereby CONTINUED and taken under advisement by the Court as a determination of this matter is premature at this time. Prior to trial, the Court will conduct a conference with counsel for all parties and representatives of the Trumbull County Sheriff's Department regarding the procedure to be followed relating to this matter. The Sheriff's Department will be given discretion to use all reasonable means necessary to transport the Defendant between the jail and the courtroom.

FILED

DATED 9/6/02

JUL 0 9 2003

MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

0981    546

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION TO RESTRAIN PARTIES |
| | ) | FROM DISCUSSING THE CASE |
| Defendant | ) | WITH THE DEFENDANT |

"Defendant's Motion to Restrain Certain Parties from Discussing the Case with Defendant" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion as to those discussions which are precluded by the Sixth Amendment to the U.S. Constitution.


DATED: _____9/6/02_____          _____

HON. JOHN M. STUARD
Judge, Court of Common Pleas


cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)


0081   547

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,               )

    Plaintiff              )     CASE NO.01-CR-794

-vs-                    )     JUDGE JOHN M. STUARD

NATHANIEL E. JACKSON,  )     **JUDGMENT ENTRY**
                          )     MOTION IN LIMINE TO EXCLUDE

    Defendant        )     PHOTOGRAPHS OF THE
                           )     DECEDENTS

     "Defendant's Motion in Limine to Exclude Photographs of the Decedents [sic]" came before and was heard by this court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion as it is premature at the present time. The Court will consider this motion on an *ad hoc* basis at such time as it becomes appropriate.

DATED:     9/6/02

                                HON. JOHN M. STUARD
                                Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION FOR CLOSURE OF |
| | ) | PRETRIAL HEARINGS AND TO |
| Defendant | ) | INSULATE VENIRE AND JURY |

"Defendant's Motion for Closure of Pretrial Hearings and to Insulate Venire and Jury"

came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion as the Court is unaware of any required exceptions at this time.

DATED: _____9/6/02_____          _____
                                 HON. JOHN M. STUARD
                                 Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,         )

                    )    CASE NO.01-CR-794

  Plaintiff           )

                    )    JUDGE JOHN M. STUARD

-vs-               )

                    )    **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,   )    MOTION TO INSTRUCT THE JURY

                    )    THAT IT IS TO RETURN A VERDICT

  Defendant         )    OF DEATH ONLY AFTER THE

                    )    PROPER WEIGHING, AND

                    )    DETERMINING THAT DEATH IS

                    )    THE APPROPRIATE PUNISHMENT

Defendant's "Motion to Instruct the Jury that it is to Return a Verdict of Death Only After the Proper Weighing, and Determining that Death is the Appropriate Punishment" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED:    **9/6/02**

                                     HON. JOHN M. STUARD
                                     Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                        )        CASE NO.    :01-CR-794
                                      )
        Plaintiff,                    )        JUDGE JOHN M. STUARD
                                      )
-vs-                                  )        FINDINGS  OF  FACTS  AND
                                      )        CONCLUSIONS OF LAW
NATHANIEL E. JACKSON,                 )
                                      )
        Defendant.                    )

On April 17, 2002, this matter came before this Court on the Defendant's *Motion to Suppress*. Specifically, the Defendant was seeking to suppress "all statements that the Defendant gave to law enforcement authorities, "as well as [a]nything derivative from that," also known as the fruits of the poisonous tree. (T.P. 4-5)

The State did not contest that the Defendant's *Motion to Suppress* was timely filed and that the State has the burden of establishing, by a preponderance of the evidence, that the statements made by the Defendant are admissible. Similarly, the Defendant did not challenge the lawfulness of the warrant or the probable cause presented in the Affidavit justifying the issuance of the arrest warrant.

During the hearing, the State offered the testimony of Detective Jeff Hoolihan, of the Warren Police Department and Sargent Paul Monroe of the Howland Township Police Department . The State also offered into evidence a total of five (5) exhibits, including a video taped statement (Exhibit "5") and the transcript thereof (Exhibit "4"). Only the Defendant testified in behalf of the defense.

When deciding a motion to suppress, the trial court is the trier of fact, resolves all

Page -1-

0001   582

questions of fact, determines the weight to be given the evidence and the credibility to be accorded to each witness. *State* v. *Fanning* (1982), 1 Ohio St.3d 19. The court makes its determinations of fact based upon the totality of the circumstances surrounding the questioning or interrogation. *Fare* v. *Michael* C. (1979), 442 U.S. 707. The preponderance of the evidence standard applies when the voluntariness of a confession or compliance with *Miranda* requirements is challenged. *Lego* v. *Twomey* (1972), 404 U.S. 477; *State* v. *Beam* (1991), 77 Ohio App.3d 200, appeal dismissed by 62 Ohio St.3d 1500.

Based upon the testimony and the exhibits, the Court makes the following findings of facts:

1.  Robert Fingerhut was the victim of a homicide, which had occurred on December 12, 2001, and in Howland Township, Ohio. (T.P. 11-12.).

2.  On December 11, 2001, the Trumbull County Court of Common Pleas issued a warrant for the arrest of Nathaniel Jackson for his involvement in the aggravated murder of Robert Fingerhut.

3.  Det. Hoolihan knew that the Defendant had a criminal record, and that he had been "just released from a prison facility." (T.P. 12-13.)

4.  After officers learned of the Defendant's whereabouts from the Co-Defendant, Donna Roberts, Officers arrested the Defendant at Wirt Street, Youngstown, Ohio. He was handcuffed and placed into the back of a Youngstown Police vehicle. (T.P. 23).

5.  The Defendant was advised that he had been arrested pursuant to an arrest warrant for aggravated murder. He was then placed into a Trumbull County Sheriff's vehicle and was advised of his *Miranda* rights. While he was being transported from Wirt Street to

the Trumbull County Jail, the Defendant, made an unsolicited statement to Detective Hoolihan.   The Defendant stated "man, I did not kill anybody, man,***."(T.P. 24.)

6.    When they arrived at the Sheriff's Department, the Defendant was placed into the weight room for approximately one (1) hour.  The Defendant did not ask for any attorney, was polite, very cooperative, very alert, and did not have any complaints during this time.  (T.P. 29-32.)

7.    He did not appear to be nervous or intimidated as a result of being in police custody. (T .P .29-32.)

8.    The Defendant was offered something to drink and given coffee and cigarettes. (T.P.33-34.)

9.    At approximately 1 :45 a.m., the Defendant was interviewed by Detective Hoolihan and Detective Sargent Paul Monroe of the Howland Township Police Department. This statement was summarized in State's exhibit No.2.

10.    At approximately 2: 13 a.m., the Defendant was provided with a *Miranda* form, Exhibit 3, which was read by Detective Monroe to the Defendant. (T .P .40-41.)  As Detective Monroe read this form, which delineated the Defendant's Constitutional Rights, the Defendant initialed each line.  He then signed the document which indicated "I waive my rights and agree to make a statement." This was recorded on video tape. (T .P .42-3.)

11.    The Defendant gave a statement to Detective Hoolihan and Detective Monroe, which was also recorded on video tape, Exhibit 5, and which was transcribed in Exhibit 4.

12.    The video tape reveals that the Defendant, freely and voluntarily executed the *Miranda*

rights form. There is nothing on the tape to suggest that the Defendant was coerced or threatened. The tape further shows that the Defendant did not unequivocally ask that the questioning cease or that he be afforded an attorney.

13. There was no evidence, other than the Defendant's own self serving statement, that the Defendant was under the influence of any drugs or alcohol which would cause him not be understand the colloquy between Detective Hoolihan and him regarding his constitutional rights.

14. Detective Hoolihan testified that the Defendant was able to understand the nature of the conversation and respond. Hoolihan also testified that the Defendant did not smell of alcohol, and Detective Hoolihan did not notice anything about the Defendant was under any disability. (T .P .25. )

15. The Defendant claims that he was not advised of his *Miranda* rights, that he informed Detective Hoolihan that he wanted an attorney, and that he did not want to answer anymore questions. He also states that he did not execute his rights waiver until the video taped statement was about over. (T.P. 139.) However, such statements are not supported by the evidence.

16. To the contrary, the Court specifically finds that the evidence clearly shows that the Defendant was advised of his *Miranda* rights at the onset of the video taped statement rather then the end. Therefore, the Court does not accord any weight to the Defendant's testimony. Furthermore, the Court finds that the testimony of Detective Hoolihan is more persuasive.

Based upon the preceding findings of fact, the Court makes the following conclusions

Page -4-

of law:

Initially, the Defendant challenged the actions of Det. Hoolihan as Hoolihan did not have an actual copy of the arrest warrant to serve on the defendant. However, Crim. R. 4(D)(3) clearly establishes that a law enforcement officer "need not have the warrant in the officer's possession at the time of the arrest." As such, this proposition is unsupported in the law, and not a basis upon which this Court can suppress the Defendant's statements.

The Defendant next complains about Detective Hoolihan's failure to give a written *Miranda* warning to the defendant. Likewise, the law does not require that Det. Hoolihan secure a written waiver of defendant's *Miranda* rights prior to conducting a custodial interrogation. In *State* v. *Scott* (1980), 61 Ohio St.2d 155, the Ohio Supreme Court held, in paragraph one of the syllabus:

> "An express written or oral statement of waiver of the right to remain silent or the right to counsel is usually strong proof of the validity of that waiver, but is not inevitably either necessary or sufficient to establish waiver. **The question is not one of form but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in *Miranda* v. *Arizona*,** 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 *(North Carolina* v. *Butler,* 441 U.S. 369, 99 S. Ct. 1755, 60 L. Ed.2d 286, 292, followed) (Emphasis added). See also: *Connecticut* v. *Barrett* (1987), 479 U.S. 523."

In making such a determination, a court is to look at the totality of circumstances, and consider: (1) the age, mentality, and prior criminal experience of the individual; (2) the length, intensity, and frequency of the interrogation; (3) the existence of physical deprivation or mistreatment; and (4) the existence of threat or inducement. See: *State* v. *Edwards* (1976), 49 Ohio St.2d 31, 40. Furthermore, the test to be applied by this Court regarding the sufficiency of a *Miranda* warning is whether that has been substantial compliance. *Duckworth* v. *Eagan* (1989), 492 U.S. 195.

Applying the foregoing, this Court concludes that the defendant's statement following his arrest in the police cruiser was voluntarily given. More specifically, the Defendant, while being in custody, was not subjected to an interrogation. He was merely being advised of the charges when he made his statement. As such it is admissible.

Even assuming that the conversation between Hoolihan and defendant could be construed as an "interrogation," under the "totality of circumstances test," Detective Hoolihan's testimony revealed that the defendant gave a knowing and voluntary statement after being advised of his *Miranda* warning. See *e.g. State v. Eley* (1966), 77 Ohio St.3d 174, 178.

The Court would also note that the initial conversation with police officers at the Trumbull County Sheriff s Department, was not recorded. This however does not affect the admissibility of that dialogue. It is important to note that the law does not require the police officers to re-advise the Defendant of his *Miranda* rights since Det. Hoolihan had already given a rights warning at 12:10 a.m. It does not matter that approximately one and one-half (1 1/2) hours had elapsed before the interrogation session was initiated at the Sheriffs Department. Indeed, in *State* v. *Gooey* (1989), 46 Ohio St.3d 20, *certiorari* denied, 499 U.S. 954 (1991), the Ohio Supreme Court found that under the totality of the circumstances, the initial warnings never became too stale so as to fail to protect the defendant from the subsequent custodial interrogation sessions. See also: *State* v. *Brewer* ( 1990), 48 Ohio St 3d 50, *certiorari* denied 498 U.S. 881 (1990) and *State* v. *Dixon* (Lucas 1995), 101 Ohio App. 3d 552.

Though the defendant testified at the Suppression Hearing in this matter that he did not receive a *Miranda* warning until the end of his interview, Exhibit No.4, and the transcript of the proceedings, Exhibit No.4, show otherwise.

Page -6-

Indeed, after reviewing the evidence, and in particular, the video tape statement of the conversation between Detectives Hoolihan and Monroe and the defendant on December 21,2001 at 2:13 a.m. at the Trumbull County Sheriffs Department, it is evident that the Defendant was advised of his rights and voluntarily waived them.   The transcription of the video taped conversation provides:

"Det. Hoolihan: Not too smokey in here, is it?

"JACKSON: No, huh, uh.

"Det. Hoolihan: You want the door cracked?

"JACKSON: It's alright.

"Det. Hoolihan: You got enough coffee and everything?

"JACKSON: (No response)

"Det. Monroe: It's, uh, December 21st, the year 2001, at 2:13 a.m. OK, I'm gonna read your rights, Nate. Before we ask you any questions, you must understand your rights. You have the right to remain silent. Anything you say can be used against you in court. You have the right to talk to a lawyer for advise before we ask you any questions, and to have him with you during questioning. If you cannot afford a lawyer, one will be appointed for you before questioning, if you wish. If you decide to answer questions now, without a lawyer present, you still have the right to stop answering at any time until you have talked to a lawyer. I've read this statement, and my Constitutional Rights, and understand what my Rights are. I'm willing to make a statement and to answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made or used against me; no pressure, coercion of any kind has been used against me. I, therefore, waive my Rights, and agree to make a statement. Do you understand that, Nate?

"JACKSON: Yeah."

Furthermore, the defendant was then asked to initial the lines on the rights form which signified that the rights were understood by the defendant. The video tape (Exhibit No.4)

Page -7-

showed not only that the defendant was given his rights and understood them, it portrayed him

anxiously wanting to tell the officers that he did not mean to kill the victim. Specifically, the

Video Tape Transcript reads at pages 1-2:

> "Det. Monroe: Could you look this over? Put your initials on each one of these lines, sign it down here. Make some room here ***.  At the end of each little line here, put your initials. That means the form was read and showing that you understand it, okay?
>
> "JACKSON: Uh-huh ***
>
> "Det. Hoolihan: And I need your signature here. You left-handed or right-handed?
>
> "JACKSON: Left-handed.
>
> "Det. Hoolihan: Okay.
>
> "JACKSON: And, I didn't mean to do this shit, man ***.  I really didn't mean to do that shit, man.
>
> "Det. Hoolihan: You have any questions regarding your Rights?
>
> "JACKSON: I just didn't mean to do it, man.
>
> "Det. Hoolihan: Okay.
>
> "JACKSON: I didn't, man; I'm sure I didn't, man. Sorry, man.

After waiving his rights and volunteering to the detectives that he "didn't mean to do it"

(Trans. p. 2), the defendant hesitated and in part asserted; "**I told you, I told you *** I don't**

**even like talking about it *** 'cause it ain't gonna, you know, it ain't gonna to bring, ain't**

**gonna bring the man back.**" (Emphasis added)  Det. Monroe then asked the defendant to go

over the events that occurred on December 11, 2001. (It is important to note that the defendant

was hesitant to talk at that time because he had already told his story-i.e. "I told you, I told you."

In short the defendant, prior to turning on the video recoding, had given his version of the events and was reluctant to give it again.)

The defendant continued at pp. 2-3 :

"JACKSON: It's over, man, you know what I'm saying; I say what I had to say, man. You know what I'm saying; that's it, man. Anything else, man, you know, we just, man, you know, argue that, you know what I'm saying, whatever my attorney be, man, you know what I'm saying, ma, you know, right know, man, I'm just saying, you know, I mean, I ain't, I ain't fully ***

"Det. Monroe: I know***

"JACKSON: you know what I'm saying; I'm fucked up, man, you know?

"Det. Monroe: Alright, I know it's tough for you. Could you, now that we got the camera rolling, could you just talk about this with me one more time, we got to clear it up, alright. This is your side. Robert picks you up, right?

"JACKSON: Uh huh.

"Det. Monroe: Okay, where's he pick you up at?

"JACKSON: Down at, by C-Staples.

"Det. Monroe: Oh, C-Staples? Okay ***

"JACKSON: Yeah.

"Det. Monroe: I thought you were talking about another place.

"JACKSON: No, C-Staples is like a little eatery, man.

Obviously, the defendant, who seconds before had waived his constitutional rights under *Miranda* and was volunteering to officers that he did not mean to do it, was being ambiguous or equivocal with his responses. In one breath he says he didn't mean to kill the victim and in the next breath he says "I told you" and "I don't even like talking about it." He was not clearly and unequivocally asserting that he did not want to talk to the officers anymore or that he

U581   530

specifically wanted an attorney. In fact when Det. Monroe ( on page 3 of the Transcript) asked:.

"Could you, now that we got the camera rolling, could you just talk about this with me one more time, we got to clear it up alright. This is Your side. Robert picks you up, right?" the defendant began to talk and freely repeated what he had told the officers earlier.

This issue has been previously in *State* v. *George Foster* (Dec. 21,2001), Trumbull App. No. 2000- T -0033, unreported, where the Eleventh District Court of Appeals affirmed the trial court's denial of defendant's motion to suppress statements because he had asked "twice if could go home and once whether he could have an attorney present at questioning." At one point during the interrogation Foster had asked the interrogating detective, "Well, can I have a lawyer present?" The detective replied "If that' s what you want, you know. It's just that I'm not gonna go into anything we haven't already talked about." Foster replied "OK."

This was similar to the situation the defendant faced when Det. Monroe said "Could you, now that we got the camera rolling, could you just talk about this with me one more time..." In *Davis v. U.S.* (1994),114 S.Ct. 2350, the defendant waived his rights to remains silent and to counsel, both orally and in writing. About one and one-half hours into the interview, he said "Maybe I should talk to a lawyer." *Id.* at 2353. The U.S. Supreme Court stated:

> "The right to counsel established in *Miranda* was one of a "series of recommended 'procedural safeguards'*** [that] were not themselves rights protected by the constitution but were instead measures to insure that the right against compulsory self incrimination was protected." If a suspect effectively waives his right to counsel after receiving the *Miranda* warnings, law enforcement officers are free to question him. But if a suspect requests counsel at any time during the interview, he is not subject to further questioning until a lawyer has been made available or the suspect himself reinitiates conversation. This "second *layer of prophylaxis for the Miranda right* to counsel," is "designed to prevent police from badgering a defendant into waiving his previously asserted *Miranda rights."Id.* at 2354-2355 (citations omitted).

The *Davis* court continued:

> "The applicability of the "'rigid' prophylactic rule" of *Edwards* requires courts to "determine whether the accused *actually invoked* his right to counsel." To avoid difficulties of proof and to provide guidance to officers conducting interrogations, this is an objective inquiry. Invocation of the *Miranda* right to counsel "requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. But if a suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be involving the right to counsel, our precedents do not require the cessation of questioning." *Id.* at 2355 ( citations omitted).

> "***

> "Rather, the suspect must unambiguously request counsel ***. Although a suspect need not "speak with the discrimination of an Oxford don," he must articulate his desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney. If the statement fails to meet the requisite level of clarity, *Edwards* does not require that the officers stop questioning the suspect. *Id.* (citations omitted).

The *Davis* concluded: "after a knowing and voluntary waiver of the *Miranda* rights, law enforcement officers may continue questioning until and unless the suspect clearly requests an attorney." *Id.* at 2356. Furthermore, the Court declined to hold that officers ask clarifying questions of a suspect if the suspect makes an ambiguous or equivocal statement regarding counsel.

In *State v. Henness* (1997), 79 Ohio St.3d 53, the Ohio Supreme Court followed *Davis* when it held that the defendant's statement "I think I need a lawyer because if I tell everything I know, how do I know I'm not going to wind up with a complicity charge?" was just as ambiguous as the statement made by the defendant in *Davis* at 63.

In *State v. Salinas* (Ohio App.11 Dist.1997), 124 Ohio App.3d 379, the Eleventh District

Court of Appeals found the defendant's statement "Maybe I want a lawyer, maybe I should talk to a lawyer," to parrot the statement made by the defendant in *Davis* so as to render it to ambiguous to invoke the right to counsel. *Salinas*. at 386-387. See also: *State v. Wilkerson*, No.80 AP-295 (10TH Dist. Ct. App. Franklin, 12/31/80).

After responding affirmatively to Det. Monroe's request to tell his story on video tape one more time, the video recording demonstrates in a clear way that the defendant is freely and voluntarily giving a statement. In fact, many of his answers to questioning are very lengthy. Additionally having a video tape reproduction of the interrogation of the defendant on December 21, 2001, proves that the concerns of *Miranda* and its progeny of decisions to protect helpless persons from ruthless tactics of unscrupulous or overbearing police officers do not exist in this case. The defendant is definitely in control of his actions and words.

After his initial concern about giving a video taped account, the defendant talked at length for approximately 40 minutes before anything of legal significance occurred. At that point (Transcript p. 29) the following took place:

"Det. Hoolihan: Okay, but then she goes to Walgreens and brings the stuff to the room?

"JACKSON: (Mumbles) *** I, you know, I, I, I told you, you know what I'm saying, but what I had to say, man, I mean, I mean, I can't just sit here, you know what I'm saying, I mean, just, keep on, you know what I'm saying, backtracking, I mean, I don't even want to talk about it no more, man. I'm, I'm, I'm through with it, man, just, man, you know what I mean, police, you know, I mean, I, I talked to a lawyer or something, man, you know what I mean, , cause I, I mean, Iain 't got time to just, just keep on, over and over, man, I'm, I'm through, man, I'm through, man, you know what I'm saying. I say, I mean, I, I ain't mean to do it, I'm sorry I did it, you know what I'm saying, I mean, but, I was left, I had no choice, man. And that's it. End of discussion, man.

"Det. Monroe: Anything else you want to say?

U881  593

"JACKSON: (Inaudible) *** all I got to say, man, I didn't mean to do it, man. I mean, I mean, I'm sorry it happened.

"Det. Monroe: Nate, uh, these guys found a pair of gloves over at Shelia's house. Do you know anything about those?

"JACKSON: Nah ***.

"Det. Monroe: The pair of gloves got a hole in the finger. Those yours?

"JACKSON: Nah.

"Det. Monroe: Got a hole in this finger. Same one that you got shot in. Did you have those on when you got shot?

"JACKSON: I don't remember anything about doing that, you know what I'm -saying.

"Det. Monroe: You don't know anything about those gloves?

"JACKSON: (Mumble) ***.

"Det. Monroe: Is your blood on 'em?

"JACKSON: Shit, man. Why should my blood be on them?

"Det. Monroe: Well, if they're, if they're your gloves, and you got shot while you were wearing them, then blood would be on them, right?

"JACKSON: (No response)

"Det. Hoolihan: They would be powdery, you know, there would be gun, gunshot  residue on the glove, too.

"JACKSON: (No response)

"Det. Monroe: Did you take the pot back off of Robert after you shot him?

"JACKSON: Man, I don't ***

"Det. Monroe: Or did you leave it on him?

"JACKSON: Fucked up and threw it, it was disgusting man, you know what I'm

U931    531

saying, I mean ***

"Det. Monroe: Well, there's, there's more here that we didn't get to ***.

"JACKSON: We, we just sum it up like I said, man, when, when I talk to my lawyer, man, you know what I'm saying. Other than that, man, you know, I mean ***."

Again the defendant hesitates for a moment and continues to talk to officers. (See Trans. pp. 30-31 ). As such, when viewing the totality of questioning and the defendant's attitude or demeanor is not unambiguously requesting counsel as required by *Davis, supra.* In fact, the Defendant continues with the dialogue than invoking his right to counsel or his right to remain silent. See *State* v. *Davis* (1997&,80 Ohio St.3d 3.11,320, holding that a waiver to the right to remain silent can be inferred when a suspect initiates conversation with the interrogating officer.

Furthermore, the video tape establishes that the Defendant did not invoke his right to remain silent or his right to counsel. Rather, the Defendant, when asked for clarification by the officer, continued to talk to the officer, and did so for more than one (1) hour  He was never mistreated or denied comforts such as cigarettes or something to drink.

Most significantly, his final minutes with officers were memorialized on video tape, and when the Defendant decided to end the conversation, he did so. It was apparent that the Defendant was in control of the decision making process of when and what to say. In the end (at page 38 of the transcripts) the words and body language led to him for the first time to invoke his constitutional right to stop questioning, Detective Hoolihan said to the Defendant: "Alright, you want to stop, then? The Defendant replied: "Yeah," and the questioning stopped.

In conclusion, the based upon the totality of the circumstances, the court finds, by a preponderance of the evidence, that the Defendant was sufficiently advised of his *Miranda*

Page -14-

warnings, and voluntarily waived his rights.  Furthermore, the Court does not find that the Defendant unambiguously and unequivocally requested counsel.  Therefore, the Defendant's *Motion to Suppress* is overruled.


DATED: _____9/10/02_____

HON. JOHN M. STUARD
Judge, Court of Common Pleas


cc:     Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)


TO THE CLERK OF COURTS:  YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-
WITH BY ORDINARY MAIL
JUDGE

1-11-02-
Sent copies to:
Pros. D. Watkins
A. Consoldane

# IN THE COURT OF COMMON PLEAS
# TRUMBULL COUNTY, OHIO

STATE OF OHIO,                           )
                                         )    CASE NO.01-CR-794
   Plaintiff                             )
                                         )    JUDGE JOHN M. STUARD
-vs-                                     )
                                         )    **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                    )    MOTION FOR INSTRUCTION THAT
                                         )    THE STATE BEARS THE BURDEN
   Defendant                             )    OF PROVING THE ABSENCE OF
                                         )    ANY MITIGATING FACTORS
                                         )    OFFERED BY THE DEFENSE

     Defendant's "Motion for Instruction that the State Bears the Burden of Proving the

Absence of any Mitigating Factors Offered by the Defense" came before and was heard by this

court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion.

DATED: ___9/6/02___                      _____
                                         HON. JOHN M. STUARD
                                         Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,          )

                           )     CASE NO.01-CR-794

    Plaintiff         )

                           )     JUDGE JOHN M. STUARD

-vs-                )

                           )     **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,    )     VOIR DIRE MEMORANDUM: THE

                           )     DEFENSE MUST BE ALLOWED TO

    Defendant       )     EXAMINE PROSPECTIVE JURORS

                                  REGARDING THEIR VIEWS ON
CAPITAL PUNISHMENT PRIOR TO
THEIR EXCUSAL

        Defendant's "Voir Dire Memorandum: The Defense Must Be Allowed to Examine Prospective Juror's Regarding Their Views on Capital Punishment Prior to Their Excusal" came before and was heard by this court on March 20, 2002.

        Upon hearing arguments of counsel and for good cause shown, the Court hereby takes Defendant's Motion under advisement as consideration of this matter is premature at this time. The Court takes this matter under advisement and will consider it at the appropriate time.

DATED:   _9/6/05_                      _____

                                           HON. JOHN M. STUARD
                                           Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,        )

                       )      CASE NO.01-CR-794

   Plaintiff        )

                       )      JUDGE JOHN M. STUARD

-vs-                )

                       )   **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,   )   MOTION TO PRECLUDE

                       )   READMISSION OF TRIAL PHASE

   Defendant     )   EVIDENCE AND EXHIBITS IN THE

                               PENALTY PHASE AND RELATED

                               PROSECUTORIAL COMMENT

     Defendant's "Motion to Preclude Readmission of Trial Phase Evidence and Exhibits in Penalty Phase, and Related Prosecutorial Comment" came before and was heard by this court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion as consideration of this matter is premature at this time. The Court takes this matter under advisement and will consider it at the appropriate time.

DATED:   9/6/02                    _John M. Stuard_

                                         HON. JOHN M. STUARD
                                         Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION TO PROHIBIT THE |
| | ) | PROSECUTOR FROM ARGUING |
| Defendant | ) | AND THE COURT FROM GIVING |
| | | INSTRUCTIONS REGARDING |
| | | STATUTORY MITIGATING |
| | | FACTORS NOT RAISED BY THE |
| | | DEFENSE |

Defendant's "Motion to Prohibit the Prosecutor from Arguing and the Court from Giving Instructions Regarding Statutory Mitigating Factors Not Raised by the Defense" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion.

DATED: _9/6/02_

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

0981    554

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO, )
        ) CASE NO.01-CR-794
 Plaintiff    )
        ) JUDGE JOHN M. STUARD
-vs-       )
        ) **JUDGMENT ENTRY**
NATHANIEL E. JACKSON, ) MOTION IN LIMINE TO PROHIBIT
        ) PREJUDICIAL ARGUMENTS AND
 Defendant   ) THEMES AT THE CLOSING
        ) ARGUMENT OF THE PENALTY
          PHASE

    Defendant's "Motion in Limine to Prohibit Prejudicial Arguments and Themes at the Closing Argument of the Penalty Phase" came before and was heard by this court on March 20, 2002.

    Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion to the extent that the State may not make improper arguments prohibited by current existing law.

DATED: _9/6/02_        _J. M. Stuard_
             HON. JOHN M. STUARD
             Judge, Court of Common Pleas

cc: Trumbull Co. Prosecutor's Office
   Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                  )     CASE NO.01-CR-794
    Plaintiff                     )
                                  )     JUDGE JOHN M. STUARD
-vs-                              )
                                  )     **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,             )     MOTION TO ALTER DEFINITION
                                  )     OF MITIGATING CIRCUMSTANCES
    Defendant                     )     TO REMOVE REFERENCE TO
                                  )     REDUCING THE DEGREE OF
                                  )     BLAME AND TO REPLACE THIS
                                  )     WITH OTHER LANGUAGE AND TO
                                  )     SO LIMIT THE PROSECUTOR IN
                                  )     ARGUMENT

Defendant's "Motion to Alter Definition of Mitigating Circumstances to Remove

Reference to 'Reducing the Degree of Blame' and to Replace this with Other Language, and to

so Limit the Prosecutor in Argument" came before and was heard by this court on March 20,

2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby

DENIES Defendant's Motion. However, Defendant's Motion is GRANTED to the extent that

the Court will include and instruction given in **_State v. Holloway_** (1988), 38 Ohio St. 3d 239,

which will say mitigating factors are not related to the Defendant's culpability but, rather, are

those factors that are relevant to the issue of whether the Defendant should be sentenced to

death."

DATED: _9/6/02_

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:     Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                  )     CASE NO.01-CR-794
  Plaintiff                       )
                                  )     JUDGE JOHN M. STUARD
-vs-                              )
                                  )     **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,             )     MOTION TO INSTRUCT THE JURY
                                  )     THAT IT IS TO WEIGH ONLY THE
  Defendant                       )     AGGRAVATING CIRCUMSTANCES
                                  )     AND NOT THE AGGRAVATED
                                  )     MURDER ITSELF

     Defendant's "Motion to Instruct the Jury that it is to Weigh Only the Aggravating

Circumstances, and not the Aggravated Murder Itself, in Determining Punishment and to so

Limit the Prosecutor in Argument" came before and was heard by this court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby

GRANTS Defendant's Motion.   The Court will limit the prosecutor's argument to argument

of the existing law on an *ad hoc* basis as necessary.

DATED: 9/6/02

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )
        Plaintiff                     )    CASE NO.01-CR-794
                        )
-vs-                                    )    JUDGE JOHN M. STUARD
                        )
                        )    **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                   )    MOTION TO PROHIBIT REFERENCE
                        )    TO NATURE AND
        Defendant                     )    CIRCUMSTANCES OF THE
                        )    OFFENSE AS A FACTOR TO BE
                        )    CONSIDERED IN MITIGATION
                        )    OR IN INTRODUCTORY
                        )    LANGUAGE RESPECTING
                        )    MITIGATION

      Defendant's "Motion to Prohibit Reference to Nature and Circumstances of the Offense as a Factor to be Considered in Mitigation or in Introductory Language Respecting Mitigation" came before and was heard by this court on March 20, 2002.

      Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion.

DATED: _____9/6/02_____               _____

                                          HON. JOHN M. STUARD
                                        Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,　　　　　　　　)

　　Plaintiff　　　　　　　　　)　　　CASE NO.01-CR-794

　　　　　　　　　　　　　　　)

-vs-　　　　　　　　　　　　　)　　　JUDGE JOHN M. STUARD

　　　　　　　　　　　　　　　)

NATHANIEL E. JACKSON,　　　　)　　　**JUDGMENT ENTRY**
　　　　　　　　　　　　　　　)　　　VOIR DIRE MEMORANDUM:
　　Defendant　　　　　　　　　)　　　VENIRE PERSONS WHO CANNOT
　　　　　　　　　　　　　　　　　　　FAIRLY CONSIDER MITIGATING
　　　　　　　　　　　　　　　　　　　EVIDENCE AND WHO WOULD
　　　　　　　　　　　　　　　　　　　AUTOMATICALLY VOTE FOR
　　　　　　　　　　　　　　　　　　　DEATH UPON A SHOWING OF
　　　　　　　　　　　　　　　　　　　GUILT MUST BE EXCUSED

Defendant's "Voir Dire Memorandum: Venire persons Who Cannot Fairly Consider Mitigating Evidence and Who Would Automatically Vote for Death Upon a Showing of Guilt Must Be Excused" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion to the extent it relates to jurors who cannot follow the law and DENIES Defendant's Motion as it relates to other matters as consideration of those other matters is premature at this time.  The Court takes this matter under advisement and will consider it at the appropriate time.

DATED: ___9/6/02___

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:　　Trumbull Co. Prosecutor's Office
　　　Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                     )  CASE NO. 01-CR-794
  Plaintiff              )
                                     )  JUDGE JOHN M. STUARD
-vs-                             )
                                     )  **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,            )  MOTION IN LIMINE REGARDING
                                     )  OTHER ACTS EVIDENCE
  Defendant            )

      "Defendant's Motion in Limine Regarding 'Other Acts' Evidence" came before and was heard by this court on March 20, 2002.

      Upon hearing arguments of counsel and for good cause shown the Court hereby GRANTS Defendant's Motion.  However, if the State later determines that it wishes to introduce "other acts" evidence, the State will be required to give advance notice and request permission of the Court prior to presenting evidence of other crimes, wrongs or acts committed by the Defendant providing an opportunity for an *in camera* inspection prior to admission.

DATED:_____9/6/02_____

                                             HON. JOHN M. STUARD
                                             Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION TO RECORD ALL |
| | ) | SIDE BAR PROCEEDINGS |
| Defendant | ) | |

Defendant's "Motion to Record All Side Bar Proceedings" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion.

DATED: _____9/6/02_____            _____
                                  HON. JOHN M. STUARD
                                  Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )

    Plaintiff                    )    CASE NO.01-CR-794

                                )    JUDGE JOHN M. STUARD

-vs-                              )

                                )    **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,            )    MOTION FOR A RULE 104

                                )    HEARING

    Defendant                   )

         "Defendant's Motion for a Rule 104 Hearing" came before and was heard by this court on March 20, 2002.

         Upon hearing arguments of counsel and for good cause shown the Court hereby DENIES Defendant's Motion to the extent that it will not hold a hearing to determine the relevancy and admissibility of all evidence the State intends to use at trial.  This Court will hold hearings regarding specific evidence prior to the commencement of trial in compliance with the Ohio Rules of Criminal Procedure as required.

DATED:  _____9/6/02_____

                                        _____
                                        HON. JOHN M. STUARD
                                        Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )

    Plaintiff            )

-vs-                   )

NATHANIEL E. JACKSON,    )

    Defendant         )

CASE NO.01-CR-794

JUDGE JOHN M. STUARD

**JUDGMENT ENTRY**
MOTION FOR INDIVIDUAL
SEQUESTERED VOIR DIRE

"Defendant's Motion for Individual Sequestered Voir Dire" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion except that the jury venire may be individually questioned regarding pre-trial publicity relative to this case and their attitudes regarding capital punishment.

DATED:    **9/6/02**

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| | )     CASE NO.01-CR-794 |
|   Plaintiff | ) |
| | )     JUDGE JOHN M. STUARD |
| -vs- | ) |
| | )     **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | )     MOTION FOR A COMPREHENSIVE |
| | )     VOIR DIRE |
| | ) |
|   Defendant | ) |

"Defendant's Motion for a Comprehensive Voir Dire Pursuant to <u>Morgan v. Illinois</u>, 504 U.S. 719 (1992)" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown the Court hereby GRANTS Defendant's Motion to the extent that the Court reserves its right to exercise its discretion to limit such questioning of potential jurors if it deems so necessary upon a determination that voir dire has become unreasonable.

DATED: _9/6/02_                  _____
                                       HON. JOHN M. STUARD
                                       Judge, Court of Common Pleas

cc:      Trumbull Co. Prosecutor's Office
          Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION FOR A SECOND VOIR |
| | ) | DIRE OF THE JURY IF THE |
| Defendant | ) | DEFENDANT IS FOUND GUILTY |
| | | AT THE TRIAL PHASE |

"Defendant's Motion for a Second Voir Dire of the Jury if the Defendant is Found Guilty at the Trial Phase" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/6/02_____          _____
                                 HON. JOHN M. STUARD
                                 Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                  )     CASE NO.01-CR-794
   Plaintiff                  )
                                  )     JUDGE JOHN M. STUARD
-vs-                              )
                                  )     **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,             )     MOTION TO PROHIBIT PROSECUTOR
                                  )      FROM COMMENTING ON DEFENDANT'S
                                  )     UNSWORN STATEMENT
   Defendant                  )

"Defendant's Motion to Prohibit Prosecutor from Commenting on Defendant's Unsworn Statement" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion except for matter upon which the State may comment as permitted under current existing law. The State will approach the Court and obtain prior approval in advance of making any such statement.

DATED: _____9/6/02_____

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                )
                             )    CASE NO.01-CR-794
   Plaintiff             )
                             )    JUDGE JOHN M. STUARD
-vs-                         )
                             )    **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,        )    MOTION TO PERMIT DEFENSE TO
                             )    ADMIT ALL RELEVANT EVIDENCE
   Defendant            )    AT MITIGATION PHASE

"Defendant's Motion to Permit Defense to Admit All Relevant Evidence at Mitigation Phase" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion to the extent that the Court retains jurisdiction to determine whether evidence submitted is relevant under the law.

DATED: ___9/6/02___

                          HON. JOHN M. STUARD
                          Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
        Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,      )

           ) CASE NO.01-CR-794

 Plaintiff      )

           ) JUDGE JOHN M. STUARD

-vs-         )

           ) **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,  ) MOTION FOR SEQUESTRATION

           ) OF JURORS FOR DURATION

 Defendant      ) OF TRIAL

"Defendant's Motion for Sequestration of Jurors for Duration of Trial" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion except that the Court will order sequestration of jurors at appropriate times and as required by law.

DATED: **9/6/02**         

             HON. JOHN M. STUARD
             Judge, Court of Common Pleas

cc: Trumbull Co. Prosecutor's Office
   Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO. 01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION FOR DISCLOSURE OF THE |
| | ) | TRANSCRIPT OF PROCEEDINGS |
| Defendant | ) | BEFORE THE GRAND JURY |

"Defendant's Motion for Disclosure of the Transcript of Proceedings Before the Grand Jury" came before and was heard by this court on March 20, 2002.

The State responded with opposition to Defendant's Motion since the Defendant has shown no "particularized need." Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion. The State will provide to the defense any exculpatory material which comes into its possession to the extent that such information is subject to the requirements of Ohio Criminal Rule 16 and <u>Brady v. Maryland</u> (1963), 373 U.S. 83.

DATED: _9/6/02_

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
         Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )
                                        )     CASE NO.01-CR-794
   Plaintiff                    )
                                        )     JUDGE JOHN M. STUARD
-vs-                                    )
                                        )     **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                   )     MOTION TO EXTEND TIME TO
                                        )     FILE MOTIONS
   Defendant                    )

"Defendant's Motion to Extend Time to File Motions" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion except that the Court may grant leave to extend time to file specific motions for good cause shown as determined by the Court.

DATED:_____9/6/02_____

                                    HON. JOHN M. STUARD
                                    Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )
                                )      CASE NO.01-CR-794
    Plaintiff                        )
                                  )      JUDGE JOHN M. STUARD
-vs-                              )
                                  )      **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,            )      MOTION FOR DISCLOSURE OF
                                  )      WITNESS STATEMENTS PRIOR
    Defendant                        )      TO TRIAL

"Defendant's Motion for Disclosure of Witness Statements Prior to Trial" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.  To the extent that the information is subject to requirements of Ohio Criminal Rule 16 and <u>Brady v. Maryland</u> (1963), 373 U.S. 83, the State will provide to the defense any exculpatory material which comes into its possession.  Otherwise, the defense will receive discovery of witness statements, on an *in camera* basis, as the witnesses testify at trial.

DATED: ___9/6/02___               _____
                                            HON. JOHN M. STUARD
                                            Judge, Court of Common Pleas

cc:     Trumbull Co. Prosecutor's Office
         Ohio Public Defenders Office (Trumbull Co. Branch)

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,               )
                             )    CASE NO.01-CR-794
   Plaintiff             )
                             )    JUDGE JOHN M. STUARD
-vs-                         )
                             )    **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,        )    MOTION IN LIMINE TO PROHIBIT
                             )    DISPLAY OF EXHIBITS
   Defendant             )

     "Defendant's Motion in Limine to Prohibit Display of Exhibits" came before and was heard by this court on March 20, 2002.

     Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion as to photographs and displays to the extent that photographs (and videotapes) will not be admitted until the Court has had an opportunity to view and make a determination as to relevancy.  This matter may be revisited as to specific items at the appropriate time.

DATED:_____9/6/02_____

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,             )

                     )     CASE NO.01-CR-794

   Plaintiff          )

                     )     JUDGE JOHN M. STUARD

-vs-                )

                     )     **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,   )     MOTION TO PERMIT DEFENDANT

                     )     TO APPEAR IN CIVILIAN

   Defendant      )     CLOTHING AT ALL COURT

                     )      PROCEEDINGS

     "Defendant's Motion to Permit Defendant to Appear in Civilian Clothing at All Court Proceedings" came before and was heard by this court on March 20, 2002.

     The State responded with no objection to Defendant's Motion.  For good cause shown, the Court hereby DENIES Defendant's Motion to the extent that the Defendant appears before the Court only and GRANTS Defendant's Motion to the extent that the Defendant appears before the Jury.

DATED:    _9/6/02_____

                                 HON. JOHN M. STUARD
                                 Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,          )

                 )      CASE NO.01-CR-794

     Plaintiff      )

                 )      JUDGE JOHN M. STUARD

-vs-              )

                 )      **JUDGMENT ENTRY**

NATHANIEL E. JACKSON,  )      MOTION TO PROPERLY PRESERVE

                 )      AND CATALOG ALL PHYSICAL

     Defendant    )      EVIDENCE

"Defendant's Motion to Properly Preserve and Catalog All Physical Evidence" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.  To the extent that the information is subject to requirements of Ohio Criminal Rule 16 and <u>Brady v. Maryland</u> (1963), 373 U.S. 83, the State will provide to the defense any exculpatory material which comes into its possession.

DATED:    **9/6/02**

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.01-CR-794 |
| Plaintiff | ) | |
| | ) | JUDGE JOHN M. STUARD |
| -vs- | ) | |
| | ) | **JUDGMENT ENTRY** |
| NATHANIEL E. JACKSON, | ) | MOTION FOR DISCLOSURE OF |
| | ) | REBUTTAL WITNESSES |
| Defendant | ) | |

"Defendant's Motion for Disclosure of Rebuttal Witnesses" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby GRANTS Defendant's Motion. The State will provide a supplemental witness list including the names of witnesses which the State reasonably anticipates to call at trial or on rebuttal.

DATED: _____9/u/o2_____　　　　　　　_____signature_____

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:　　Trumbull Co. Prosecutor's Office
　　　　Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                  )

   Plaintiff            )

-vs-                       )

NATHANIEL E. JACKSON,   )

   Defendant         )

                           )

CASE NO.01-CR-794

JUDGE JOHN M. STUARD

**JUDGMENT ENTRY**
MOTION IN LIMINE TO LIMIT THE
STATE'S ARGUMENT AT
MITIGATION TO THE
AGGRAVATING CIRCUMSTANCES
PROVEN AT THE TRIAL PHASE

"Defendant's Motion in Limine to Limit the State's Argument at Mitigation to the Aggravating Circumstances Proven at the Trial Phase" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion except that the Court will consider objections at the appropriate time on an *ad hoc* basis.

DATED: _9/6/02_

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,             )

   Plaintiff              )

-vs-                   )

NATHANIEL E. JACKSON,   )

   Defendant          )

CASE NO.01-CR-794

JUDGE JOHN M. STUARD

**JUDGMENT ENTRY**
MOTION TO ALLOW
OBJECTIONS AT TRIAL AND TO
REQUIRE A STATEMENT OF
REASON FOR OVERRULING SAME
ON THE RECORD

"Defendant's Motion to Allow Full Statement of Defense Objections at Trial and to Require a Statement of Reason for Overruling Same on the Record" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion, subject to Counsel's request at trial for the specific reason given for the Court's ruling on an objection.

DATED: _____9/6/02_____

_____
HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:    Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                                )
                                              )       CASE NO.01-CR-794
   Plaintiff                          )
                                              )       JUDGE JOHN M. STUARD
-vs-                                          )
                                              )       **JUDGMENT ENTRY**
NATHANIEL E. JACKSON,                         )       MOTION TO REQUIRE THE JURY
                                              )       TO ARTICULATE THE METHOD
Defendant                                     )       WHICH IT WEIGHS THE BY
                                              )       AGGRAVATING AGAINST THE
                                              )       MITIGATING CIRCUMSTANCES

"Defendant's Motion to Require the Jury to Articulate the Method by which It Weighs the Aggravating Against the Mitigating Circumstances" came before and was heard by this court on March 20, 2002.

Upon hearing arguments of counsel and for good cause shown, the Court hereby DENIES Defendant's Motion.

DATED: _____9/6/02_____                       _____
                                              HON. JOHN M. STUARD
                                              Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
       Ohio Public Defenders Office (Trumbull Co. Branch)

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.    :01-CR-794** |
| | ) | |
| Plaintiff, | ) | **JUDGE JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **JUDGEMENT ENTRY** |
| | ) | |
| NATHANIEL E. JACKSON, | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SPECIFIC DISCOVERY** |
| Defendant. | ) | |

The Defendant, in the instant motion is requesting that the State provide to him "all of the expert opinions to be elicited and given by Dr. Humphrey D. Germaniuk, M.D., Forensic Pathologist, derived from his personal observations at the scene, any other information regardless of source, and his medical findings."  However, the Court does not find the Defendant's motion to have merit.

Initially, the Defendant is unable to provide this Court with any authority to support his proposition either by Rule or case law.  To the contrary, Crim R. 16 provides in relevant part:

**"(B)    Disclosure of Evidence by Prosecuting Attorney.**
**"(1)    Information subject to disclosure.**
"***

"(d)    *Reports of examinations and tests.*  Upon motion of the defendant, the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and the scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may be come known to the prosecuting attorney."

This is the sole provision in the Criminal Rules with respect to the discovery of expert opinions. The language contained therein does not contain any provision for producing that

Page -1-

which the Defendant seeks.  To the contrary, the State directs the Court's attention to *State v. Mullen* (Aug 12, 1994), Meigs App. No. 93 CA 518, 1994 WL 465801 (Ohio App. 4 Dist.), unreported, wherein Judge Harsha, in the concurring opinion noted:

> "As appellant correctly argues, it is difficult to test expert testimony at trial without advance notice and preparation. In recognition of this impediment to the accurate determination of guilt, Fed.R.Crim.P. 16 has been amended to broaden discovery of expert opinion testimony. The 1993 amendments added subdivisions which require disclosure of a written summary of the expert testimony which a party intends to use at trial  The summary must describe the witnesses' opinions, the bases and the reasons therefor, and the witnesses' qualifications."

> "However, regardless of personal perspectives, I am forced to admit the obvious, i.e., that Ohio Crim.R. 16 does not contain similar discovery requirements." *Mullen, supra.*

Quite simply the Defendant is seeking that which is required under the Federal Rules of Criminal Procedure. However, as noted, the Ohio Criminal Rules do not provide for that which counsel for the Defendant is requesting.  The rule only requires the State to produce "scientific tests or experiments."  Other than those provided to the Defendant, Dr. Germaniuk has not performed any other such tests or experiments.

The majority noted in *Mullen:*

> "In the case sub judice, we are similarly unwilling to state that Ferguson's calculations constitute a "scientific test." Although Ferguson utilized mathematics rather than general common sense, he performed work using the laboratory test results.

> "In *State v. Davis* (1991), 62 Ohio St.3d 326, 341, 581 N.E.2d 1362, 1376, the court commented:

> "'Most, if not all, scientific tests involve objective measurements, such as blood or genetic typing or gunshot residue.'

> "In the case sub judice, Ferguson did not analyze blood or gunshot residue. He

US81   580

did not collect any data using the scientific method. Ferguson merely ran calculations on the results of the laboratory tests.  Mullen.

As such, the *Mullen* Court did not find error in allowing the testimony based upon observations made by Ferguson, a toxicologist concerning his determination of the amount of drug in defendant's system at the time her blood was sampled.  Applying the same rationale to the instant action, the State is not required to provide to the Defendant "all of the expert opinions to be elicited and given by Dr. Humphrey D  Germaniuk, M.D., Forensic Pathologist, derived from his personal observations at the scene, any other information regardless of source, and his medical findings."

Independently as the Staet noted it has provided the Defendant with a list of its witnesses.  The Defendant is free to contact Dr. Germaniuk and inquire of him concerning the issues which he is seeking opinions or hypotheticals.

Parenthetically, the Court would note that the Rules of Evidence may provide a basis upon which the Defendant may raise a challenge to the testimony of the witness, but such an objection at this juncture in the proceeding is premature.

Therefore, the Defendant's *Motion for Specific Discovery* is denied.

DATED: _____

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Ohio Public Defenders Office (Trumbull Co. Branch)

7-11-02-
Sent copies to
Pros. D. Watkins
+ Consolidated

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE
COPIES OF _____ ON ALL COUNSEL OF RECORD
OR UPON _____ UNREPRESENTED FORTH-
WITH BY _____

Page -3-

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO.**   :01-CR-794 |
| | ) | |
| Plaintiff, | ) | **JUDGE:**     :JOHN M. STUARD** |
| | ) | |
| -vs- | ) | **STATE'S SEVENTH** |
| | ) | **SUPPLEMENTAL RESPONSE TO** |
| NATHANIEL E. JACKSON, | ) | **DEFENDANT'S REQUEST FOR** |
| | ) | **DISCOVERY** |
| Defendant. | ) | |

Now comes the Plaintiff, the State of Ohio, by and through the Prosecuting Attorney of

Trumbull County, Ohio, and submits the following in answer to the *Defendant's Request For*

*Discovery* pursuant to Rule 16 of the Ohio Rules of Criminal Procedure:

1.)     Pursuant to Crim. R. 16 (B)(1)(d), the State responds as follows: The state has provided

copies of the following reports to Counsel for the Defendant:

Report of Donna L. Rose, Dated 12/14/01, numbered 259.

2.)     Pursuant to Crim. R. 16 (B)(1)(e), the State intends to call the following witnesses,

whose criminal record, if any, is as follows:

The State is providing to counsel for the Defendant a supplemental witness list,

numbered 260.

3.)     Pursuant to Crim.R. 16 (B)( 1)(c), the State is providing to counsel for the Defendant

A.)     Black and white copies of color photographs, which counsel for the Defendant

may make arrangements to view at the Trumbull County Prosecutor's Office,

numbered pages 261-266.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS ( (#0009949)
Trumbull County Prosecuting Attorney


and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio 44481
(330)-675-2426


## CERTIFICATION

This is to certify that a copy of the foregoing *State's Fourth Supplemental Response to Defendant's Request for Discovery* was delivered to counsel for the Defendant, this September 16, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney