**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)
Kelly Luman

B. Date of Delivery
10-29-0

C. Signature
X Kelly human
☑ Agent
☐ Address

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

2001 CR 00794
MICHAEL ROBERTS
BCI&I RICHFIELD OFFICE
4055 HIGHLANDER PKWY
RICHFIELD OH 44286

3. Service Type
☒ Certified Mail

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Copy from service label)
7104 2230 1640 1278 8331

PS Form 3811, July 1999        Domestic Return Receipt

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                              )        CASE NO.  01-CR-794
                                           )
    Plaintiff                          )
                                           )        **COUNT ONE:**
vs.                                        )        **INDICTMENT FOR**
                                           )        **AGGRAVATED MURDER**
                                           )
NATHANIEL E. JACKSON,                       )
                                           )
    Defendant                          )

### VERDICT

We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL E. JACKSON * _Guilty_____ of Aggravated Murder (did purposely

cause the death of Robert Fingerhut with prior calculation and design) on December 11, 2001,

in the manner and form as he stands charged in Count One of the indictment.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _November 8_, 2002

1. _Kimberly A Moncein_
2. _Margaret E. Paden_
3. _Kim R. Lee_
4. _Cynthia M. Angel_
5. _Sherrie L. Yacat-Murphy_
6. _Dawn Waggoner_
7. _Betty M. Falatic_
8. _Harold N Rogers_
9. _Paula Torres Keep_
10. _Angela M DeSantis_
11. _Carol J Swanson_
12. _Courtney M. Crone_

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )        CASE NO.  01-CR-794
                                        )
    Plaintiff                       )
                                        )        **VERDICT ON SPECIFICATION**
vs.                                     )
                                        )        SPECIFICATION #1 TO THE
                                        )        FIRST COUNT OF THE
NATHANIEL E. JACKSON,                   )        INDICTMENT
                                        )
    Defendant                       )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE
ON COUNT ONE, AGGRAVATED MURDER, IS GUILTY\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find and specify by

proof beyond a reasonable doubt that the Defendant, NATHANIEL E. JACKSON, is

\* _Guilty_ of committing the offense of Aggravated Murder while he was committing,

attempting to commit, or fleeing immediately after committing Aggravated Burglary and that

the said NATHANIEL E. JACKSON was the principal offender in the commission of the

Aggravated Murder, or committed the Aggravated Murder with prior calculation and design.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _November 8_, 2001

1. _Kimberley Mancini_            7. _Betty M. Falatic_
2. _Margaret E. Paden_           8. _Harold N Rogers_
3. _Kim R. Lee_                  9. _Paula Torres Repp_
4. _Cynthia M Angel_             10. _Angela M DiSanto_
5. _Sherrie L Takat-Murphy_      11. _Dave J Swanson_
6. _Dawn J Waggoner_             12. _Courtney M Clare_

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    CASE NO.  01-CR-794
                                  )
    Plaintiff                     )
                                  )    **VERDICT ON SPECIFICATION**
vs.                               )
                                  )    SPECIFICATION #2 TO THE
                                  )    FIRST COUNT OF THE
NATHANIEL E. JACKSON,             )    INDICTMENT
                                  )
    Defendant                     )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE ON COUNT ONE, AGGRAVATED MURDER, IS GUILTY\*\***

## VERDICT

We, the Jury in this case, duly impaneled and sworn or affirmed, find and specify by proof beyond a reasonable doubt that the Defendant, NATHANIEL E. JACKSON, is \* _Guilty_____ of committing the offense of Aggravated Murder while he was committing, attempting to commit, or fleeing immediately after committing Aggravated Robbery and that the said NATHANIEL E. JACKSON was the principal offender in the commission of the Aggravated Murder, or committed the Aggravated Murder with prior calculation and design.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: **November 8**, 2001

1. _Kimberly A Mancini_
2. _Margaret E. Pader_
3. _Kim R. Lee_
4. _Cynthia M. Angel_
5. _Sherrie L Vukat Murphy_
6. _Dawn J Hazzouck_
7. _Betty M. Falatic_
8. _Harold N Rogers_
9. _Paula Torres Reep_
10. _Angela M Dshrets_
11. _Carol J Swanson_
12. _Courtney M. Crone_

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.  01-CR-794 |
| | ) | |
| Plaintiff | ) | |
| | ) | **COUNT TWO:** |
| vs. | ) | **INDICTMENT FOR** |
| | ) | **AGGRAVATED MURDER** |
| | ) | |
| NATHANIEL E. JACKSON, | ) | |
| | ) | |
| Defendant | ) | |

## VERDICT

We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL E. JACKSON * _Guilty_____ of Aggravated Murder (did purposely

cause the death of Robert Fingerhut, while committing, attempting to commit, or fleeing

immediately after committing Aggravated Burglary and/or Aggravated Robbery on December

11, 2001, in the manner and form as he stands charged in Count Two of the indictment.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _November 8___, 2002

1. _Kimberly A Mancini_

2. _Margaret E Dadern_

3. _Kim R. Lee_

4. _Cynthia M. Angela_

5. _Sherrie L Salat-Murphy_

6. _Dawn Waggoner_

7. _Betty M. Falatis_

8. _Harold N. Rogers_

9. _Paula Torres Reep_

10. _Angela M DeSantis_

11. _Carol J Swanson_

12. _Courtney M. Gore_

0985   736

**IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO**

STATE OF OHIO,                               )    CASE NO.  01-CR-794
                           )
      Plaintiff                           )
                           )    **VERDICT ON SPECIFICATION**
vs.                                          )
                           )    SPECIFICATION #1 TO THE
                           )    SECOND COUNT OF THE
NATHANIEL E. JACKSON,                         )    INDICTMENT
                           )
      Defendant                           )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE
ON COUNT TWO, AGGRAVATED MURDER, IS GUILTY\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find and specify by

proof beyond a reasonable doubt that the Defendant, NATHANIEL E. JACKSON, is

\* _Guilty_ of committing the offense of Aggravated Murder while he was committing,

attempting to commit, or fleeing immediately after committing Aggravated Burglary and that

the said NATHANIEL E. JACKSON was the principal offender in the commission of the

Aggravated Murder, or committed the Aggravated Murder with prior calculation and design.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _November 8_ , 2001

1. _Kimberly A Mancini_
2. _Margaret E. Dade_
3. _Kim R. Lee_
4. _Cynthia M. Angel_
5. _Sherrie L. Sacut-Murphy_
6. _Dawn S Waggoner_
7. _Betty M. Falati_
8. _Harold N Rogers_
9. _Paula Torres Reep_
10. _Angela M DiSanti_
11. _Carol J Swanson_
12. _Courtney H. Crone_

**IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.  01-CR-794 |
| | ) | |
| Plaintiff | ) | |
| | ) | **VERDICT ON SPECIFICATION** |
| vs. | ) | |
| | ) | SPECIFICATION #2 TO THE |
| | ) | SECOND COUNT OF THE |
| NATHANIEL E. JACKSON, | ) | INDICTMENT |
| | ) | |
| Defendant | ) | |

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE
ON COUNT TWO, AGGRAVATED MURDER, IS GUILTY\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find and specify by proof beyond a reasonable doubt that the Defendant, NATHANIEL E. JACKSON, is *  *Guilty*  of committing the offense of Aggravated Murder while he was committing, attempting to commit, or fleeing immediately after committing Aggravated Robbery and that the said NATHANIEL E. JACKSON was the principal offender in the commission of the Aggravated Murder, or committed the Aggravated Murder with prior calculation and design.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _November 8_, 2001

1. _Kimberly A Mancini_
2. _Margaret E Pade_
3. _Kim R. Lee_
4. _Cynthia M. Angela_
5. _Sherrie L. Talot-Murphy_
6. _Dawn J Waggoner_
7. _Betty M. Falatic_
8. _Harold N Rogers_
9. _Paula Torres Reop_
10. _Angela M DiSanto_
11. _Carol J Swanson_
12. _Courtney M. Gore_

0388    738

# IN THE COURT OF COMMON PLEAS
# TRUMBULL COUNTY, OHIO

STATE OF OHIO,                                    )        CASE NO.  01-CR-794
                                                 )
      Plaintiff                             )
                                                 )        **COUNT THREE:**
vs.                                              )        **INDICTMENT FOR**
                                                 )        **AGGRAVATED BURGLARY**
                                                 )
NATHANIEL E. JACKSON,                            )
                                                 )
      Defendant                            )


## VERDICT

     We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL E. JACKSON *  *Guilty*          of Aggravated Burglary on December

11, 2001, in the manner and form as he stands charged in Count Three of the indictment.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: *November 8*  , 2002


1. *Kimberly A Mancini*                    7. *Betty M. Falatic*

2. *Margaret E. Paden*                     8. *Harold N Rogers*

3. *Kim R Lee*                             9. *Paula Corris Reep*

4. *Cynthia M. Angel*                     10. *Angela M DiSanti*

5. *Sherrie L Yaket Murphy*              11. *Carol J Swanson*

6. *Dawn Waggoner*                       12. *Courtney M. Crone*

**IN THE COURT OF COMMON PLEAS**
**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-794 |
| | ) | |
| Plaintiff | ) | |
| | ) | **VERDICT ON SPECIFICATION** |
| vs. | ) | |
| | ) | SPECIFICATION #1 TO THE |
| | ) | THIRD COUNT OF THE |
| NATHANIEL E. JACKSON, | ) | INDICTMENT |
| | ) | |
| Defendant | ) | |

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE**
**ON COUNT ONE, AGGRAVATED BURGLARY, IS GUILTY\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find and specify that

the Defendant, NATHANIEL E. JACKSON, * ___*DID*___ have a firearm on or about

the offender's person or under the person's control while committing the offense and displayed

the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used

it to commit the offense of Aggravated Burglary.

**\* INSERT "DID" OR "DID NOT " IN INK**

Dated: *November 8*, 2002

| | | | |
|---|---|---|---|
| 1. | *[signature]* | 7. | *Betty M. Falatie* |
| 2. | *Margaret E. Baden* | 8. | *Harold N. Rogers* |
| 3. | *Kim R. Lee* | 9. | *Paula Torres Reep* |
| 4. | *Cynthia M. Angolu* | 10. | *Angela M. DeJantis* |
| 5. | *[signature] Murphy* | 11. | *Carol J. Ivanson* |
| 6. | *Dawn L. Waggoner* | 12. | *Courtney M. Gore* |

0596   720

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                              )       CASE NO.  01-CR-794
                                            )
      Plaintiff                     )
                                            )       **COUNT FOUR**:
vs.                                         )       **INDICTMENT FOR**
                                            )       **AGGRAVATED ROBBERY**
                                            )
NATHANIEL E. JACKSON,                       )
                                            )
      Defendant                     )

### VERDICT

    We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL E. JACKSON * _Guilty_____ of Aggravated Robbery on December

11, 2001, in the manner and form as he stands charged in Count Four of the indictment.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _NOVEMBER 8_, 2002

1. _Kimberly Martin_
2. _Margaret E. Paden_
3. _Kim R. Lee_
4. _Cynthia M. Angelo_
5. _Sherrie L. Takat-Murphy_
6. _Dawn Waggoner_

7. _Betty M. Falatic_
8. _Harold N Rogers_
9. _Paula Torres Reap_
10. _Angela M DeSantis_
11. _Carol J Swanson_
12. _Courtney M. Gore_

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO, )  Case No. 01-CR-794
)
Plaintiff )  **VERDICT ON SPECIFICATION**
)
vs. )
)  SPECIFICATION #1 TO THE
NATHANIEL E. JACKSON, )  FOURTH COUNT OF THE
)  INDICTMENT
Defendant )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE ON COUNT FOUR, AGGRAVATED ROBBERY, IS GUILTY \*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find and specify that the Defendant, NATHANIEL E. JACKSON, * _DID_ _____ have a firearm on or about the offender's person's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it commit the offense of AGGRAVATED ROBBERY.

**\* INSERT "DID" OR "DID NOT" IN INK**

Dated: _November 8_ , 2002

1. _Kimberly A Mangini_
2. _Margaret E. Paden_
3. _Kim R. Lee_
4. _Cynthia M. Angel_
5. _Sherrie L Yacat-Murphy_
6. _Dawn Waggoner_
7. _Betty M. Falatic_
8. _Harold N Rogers_
9. _Paula Torres Rega_
10. _Angela M Asantz_
11. _Carol Swanson_
12. _Courtney M. Gorno_

0886    792

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,           )      CASE NO.  01-CR-794
                          )
      Plaintiff        )
                          )      **COUNT TWO:**
vs.                   )      **LESSER INCLUDED OFFENSE:**
                          )      **MURDER**
                          )
NATHANIEL E. JACKSON,   )
                          )
      Defendant     )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE
ON COUNT ONE, AGGRAVATED MURDER, IS NOT GUILTY OR YOU ARE
UNABLE TO REACH A VERDICT ON THAT COUNT\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL E. JACKSON, * _____ of **MURDER** on December 11, 2001.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _____, 2002

1. _____       7. _____

2. _____       8. _____

3. _____       9. _____

4. _____      10. _____

5. _____      11. _____

6. _____      12. _____

0086   723

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )        CASE NO.  01-CR-794
                                        )
     Plaintiff                        )
                                        )        **COUNT TWO:**
vs.                                     )        **LESSER INCLUDED OFFENSE:**
                                        )        **MURDER - VOLUNTARY**
                                        )        **MANSLAUGHTER**
NATHANIEL E. JACKSON,                   )
                                        )
     Defendant                        )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE LESSER INCLUDED CHARGE ON COUNT ONE, MURDER, IS NOT GUILTY OR YOU ARE UNABLE TO REACH A VERDICT ON THAT COUNT\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL   E.   JACKSON,   \*_____   of   **VOLUNTARY**

**MANSLAUGHTER** on December 11, 2001.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _____, 2002

1. _____        7. _____

2. _____        8. _____

3. _____        9. _____

4. _____        10. _____

5. _____        11. _____

6. _____        12. _____

0886   724

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                              )        CASE NO. 01-CR-794
                                            )
      Plaintiff                      )
                                            )
                                            )        **COUNT ONE:**
vs.                                         )        **LESSER INCLUDED OFFENSE:**
                                            )        **MURDER**
                                            )
NATHANIEL E. JACKSON,                       )
                                            )
      Defendant                      )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE CHARGE ON COUNT ONE, AGGRAVATED MURDER, IS NOT GUILTY OR YOU ARE UNABLE TO REACH A VERDICT ON THAT COUNT\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL E. JACKSON, *_____ of **MURDER** on December 11, 2001.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**

Dated: _____, 2002

1. _____          7. _____

2. _____          8. _____

3. _____          9. _____

4. _____          10. _____

5. _____          11. _____

6. _____          12. _____

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO, ) CASE NO.01-CR-794
 )
  Plaintiff )
 ) **COUNT ONE**:
vs. ) **LESSER INCLUDED OFFENSE:**
 ) **MURDER - VOLUNTARY**
 ) **MANSLAUGHTER**
NATHANIEL E. JACKSON, )
 )
  Defendant )

**\*\*TO BE COMPLETED IF, AND ONLY IF, YOUR FINDING ON THE LESSER INCLUDED CHARGE ON COUNT ONE, MURDER, IS NOT GUILTY OR YOU ARE UNABLE TO REACH A VERDICT ON THAT COUNT\*\***

<u>VERDICT</u>

We, the Jury in this case, duly impaneled and sworn or affirmed, find the Defendant,

NATHANIEL   E.   JACKSON,   \*_____   of **VOLUNTARY**

**MANSLAUGHTER** on December 11, 2001.

**\* INSERT "GUILTY" OR "NOT GUILTY" IN INK**
Dated: _____, 2002

1. _____

2. _____

3. _____

4. _____

5. _____

6. _____

7. _____

8. _____

9. _____

10. _____

11. _____

12. _____

**IN THE COURT OF COMMON PLEAS**
**TRUMBULL COUNTY, OHIO**

STATE OF OHIO,                           )       CASE NO. 01-CR-794
                                         )
          Plaintiff,                     )       <u>COUNT ONE:</u>
                                         )       **JURY FINDING AND**
-vs-                                     )       **RECOMMENDATION**
                                         )       **OF DEATH SENTENCE**
NATHANIEL E. JACKSON,                    )
                                         )
          Defendant.                     )

<u>VERDICT</u>

We, the Jury, being duly impaneled and sworn or affirmed, do hereby find that the

aggravating circumstances that the Defendant, Nathaniel E. Jackson, was found guilty of

committing with reference to the death of Robert S. Fingerhut, outweigh, by proof beyond a

reasonable doubt, the mitigating factors presented in this case. We, therefore, find and

recommend that the sentence of death be imposed upon the Defendant, Nathaniel E. Jackson.

DATED:      November _15_, 2002

1. _Kimberly A. Mancini_         7. _Betty M. Fabatics_

2. _Margaret E. Paden_           8. _Harold N Rogers_

3. _Kim R. Lee_                  9. _Paula Torres Reep_

4. _Cynthia M. Angelo_          10. _Angela M DeSantis_

5. _Sherie Yakat-Murphy_        11. _Carol J. Swanson_

6. _Dawn Waggoner_              12. _Courtney M. Crone_

0987   116

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                              )
                                           )    CASE NO. 01-CR-794
                    Plaintiff,             )
                                           )
-vs-                                       )    **COUNT ONE:**
                                           )    **JURY FINDING AND**
Nathaniel E. Jackson,                      )    **RECOMMENDATION**
                                           )    **OF LIFE SENTENCE**
                    Defendant.             )

### VERDICT

We, the Jury, being duly impaneled and sworn or affirmed, do hereby find that the State has not proved that the aggravating circumstances that the Defendant, Nathaniel E. Jackson, was found guilty of committing with reference to the death of Robert S. Fingerhut, outweigh, by proof beyond a reasonable doubt, the mitigating factors presented in this case, or that the jury is unable to reach a unanimous verdict recommending the sentence of death. We, therefore, find and recommend that the following sentence be imposed upon the Defendant, Nathaniel E. Jackson:

(Place an "**X**" in the appropriate space in accordance with your finding.)

_____    Life imprisonment without parole eligibility.

_____    Life imprisonment with parole eligibility after 30 full years of imprisonment.

_____    Life imprisonment with parole eligibility after 25 full years of imprisonment.

DATED:      November _____, 2002

1. _____    7. _____

2. _____    8. _____

3. _____    9. _____

4. _____    10. _____

5. _____    11. _____

6. _____    12. _____

0987    117

# COURT REPORTER'S REPORT

# RE: BILLING OF COURT COSTS

## CASE NO.: 2001-CR-794

| | | |
|---|---|---|
| STATE OF OHIO, | ) | JUDGE W. WYATT McKAY |
| PLAINTIFF | ) | |
| -VS- | ) | |
| NATHANIEL E. JACKSON, | ) | |
| DEFENDANT | ) | |

I, Kelly J. Wilson, do hereby certify that I was the Court Reporter in the above-captioned case, and a record of proceedings was taken on the following day(s):

NOVEMBER 4, 5, 6, 7 AND 8, 2002

The Clerk shall collect court costs for **5** days at the rate of $25.00 per day for a total of $125.00.

DATE: _11-19-02_

_Kelly J Wilson_

KELLY J. WILSON
OFFICIAL COURT REPORTER

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    01-CR-794 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN M. STUARD |
| | ) | |
| -vs- | ) | **OPINION OF THE COURT** |
| | ) | |
| NATHANIEL E. JACKSON, | ) | **FINDINGS   OF   FACT   AND** |
| | ) | **CONCLUSIONS OF LAW REGARDING** |
| Defendant. | ) | **IMPOSITION OF DEATH PENALTY** |

On November 8, 2002, a Trumbull County Jury returned a verdict finding the

Defendant, Nathaniel E. Jackson, guilty of two (2) counts of Aggravated Murder arising from

the death of Robert S. Fingerhut.  Since Count One and Count Two of the Indictment merge for

sentencing purposes, the State elected to dismiss Count Two and proceed to the mitigation phase

on the first count of the indictment.   Therefore, for purposes of this opinion, the Defendant was

convicted, under the first count of the indictment, of purposely, and with prior calculation and

design, causing the death of Robert S. Fingerhut. The jury further found that the State had

proved beyond a reasonable doubt two (2) specifications of aggravating circumstances.  After

the mitigation hearing, the jury concluded that the State had proved beyond a reasonable doubt

that the aggravating circumstances outweighed the mitigating factors and returned a verdict

recommending that the sentence of death be imposed upon the Defendant.

Factually, the evidence revealed that while the Defendant was in prison for a prior

conviction unrelated to the present case, he along with the Co-Defendant, Donna Roberts, who

is precedently awaiting trial for her involvement,  plotted the murder of her house mate, and ex-

husband, Robert S. Fingerhut.  Indeed, both of them concocted a plan to kill Fingerhut to permit

-1-



the Defendant and Roberts to live happily ever after.  However, the plan went awry when Jackson, who was in the house where Fingerhut stayed, was shot in the left index finger during the execution of Fingerhut.  He then took Fingerhut's car keys, and drove the vehicle which Fingerhut typically operated to Youngstown.  Shortly thereafter, Roberts took the Defendant to a motel in Boardman, getting him a room where he could hide out.  Ultimately, the Defendant was captured at a home in Youngstown, and he gave a statement to the police alleging self-defense.

More specifically, the State introduced evidence that on December 11, 2001, two (2) days after the Defendant was released from prison, Robert S. Fingerhut, while in his home, was pistol whipped, and shot three (3) times, causing at least four (4) injuries from gun shots.  Two of the injuries were to the back, with one grazing the back, and the other entering near the shoulder before exiting out the chest area of the victim.  Fingerhut also sustained a defensive gun shot wound to the webbing of his left hand between the thumb and forefinger.  The fatal gun shot was to the top of the head and from a short distance.  This injury would "would have dropped him like a sack of potatoes," as testified to by Dr. Germaniuk.

Police responded to the crime scene as a result of a 911 call.  When they arrived at approximately 12:01 a.m., they were met by the Co-Defendant, who informed them that her husband's car was missing.  She also granted them permission to search the residence and her car.  During this search, police found more than 140 letters from the Defendant to Roberts in her dresser, and an equal number of letters from Roberts to the Defendant, in the trunk of the Co-Defendant's car, in a paper bag bearing the Defendant's name and prison number.

Additionally, law enforcement officers were able to obtain nineteen (19) telephone

conversations, lasting more than three (3) hours, which were recorded while the Defendant was incarcerated in Lorain Correctional Institution.  These telephone conversations, along with the letters which spanned three (3) months, revealed a continuing  and evolving plan to kill Fingerhut immediately upon the Defendant's release from prison.

Specifically, during these telephone conversations, and in the written letters, the Defendant requested that Roberts obtain for him, black gloves to conceal his fingerprints, a ski mask, and a pair of handcuffs.  Further, the Defendant, during the December 8, 2001, telephone conversation, which was recorded the day before he was discharged from Lorain, and three (3) days before the murder, stressed to Roberts that he "need[ed] to be in the house [in which Fingerhut lived] before he [got] home " in order to carry out the premeditated murder.  Roberts, in a letter written to the Defendant acknowledged that she has found thin, fleece line,  leather gloves, but was still looking for the ski mask.

Indeed, the State introduced black leather gloves with fleece lining which were recovered from the house where the Defendant was arrested.  These gloves, which had gun shot residue on them, had a hole in the left index finger, and a reddish substance which appeared to be blood was also observed in that same area.  This damaged matched the injury that the Defendant had sustained to his finger.  Although the actual handcuffs were never recovered by police, an empty handcuff box was found in Donna Robert's car.

The evidence also revealed that Roberts, near the time of the murder, was seen driving her automobile in a very slow manner away from the vicinity of the home where Fingerhut lived.  Furthermore, within two (2) hours from the last time Fingerhut was seen alive, Roberts rented a hotel room for the Defendant.  In this room, bloody bandages and other medical supplies were

-3-

found by hotel cleaning people and were subsequently collected by police.

The car which was usually driven by Fingerhut, and which had been reported stolen by the Co-Defendant the night of Fingerhut's murder was recovered in Youngstown, Ohio. Blood stains were located throughout the vehicle and were collected by law enforcement. DNA analysis revealed that the blood matched that of DNA profile of the Defendant.

The State also introduced evidence that Roberts and the Defendant discussed purchasing a "new Lincoln" or "2002 Cadillac DeVille" for the Defendant. Additionally, Fingerhut had two (2) life insurance policies with a total death benefit of $550,00.00, and with Donna Roberts named as the beneficiary.

Based upon this and other evidence, the jury properly concluded that the Defendant committed a burglary to facilitate the premeditated and purposeful murder of the victim Fingerhut along with Roberts. The Defendant after executing his plan then stole Fingerhut's vehicle which allowed the jury to find that the murder was committed while committing the aggravating circumstances of Aggravated Burglary and Aggravated Robbery.

In a case of this nature, pursuant to R.C. 2929.03(D)(3), the Court is required to determine whether the State has proved beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors. Indeed, the Supreme Court of Ohio has stated in *State v. Wogenstahl* (1996), 75 Ohio St. 3d 344:

> "[T]he nature and circumstances of the offense may only enter into the statutory weighing process on the side of mitigation. *** [I]n the penalty phase of a capital trial, the 'aggravating circumstances' against which the mitigating evidence is to be weighed are limited to the specifications of aggravating circumstances set forth in R.C. 2929.04(A)(1) through (8) that have been alleged in the indictment and proved beyond a reasonable doubt." *Wogenstahl* (1996), 75 Ohio St. 3d 344 at 356.

-4-

In performing its statutory duty, the a review of the aggravating circumstances is required.

1.) *The Defendant committed the Aggravated Murder while he was committing, attempting to commit, or fleeing immediately after committing Aggravated Burglary and that he was the principal offender.*

The evidence presented at trial reflected that the Defendant trespassed in the victim's dwelling and murdered him. The Court finds that the Defendant entered into 254 Fonderlac Drive, in Howland Township.  He was wearing gloves and armed with a gun, with which he struck the victim leaving a mark on Fingerhut's face.  Once in the house, he fired the gun three times causing four (4) separate wounds.  The fatal shot was to the top of Fingerhut's head, and nearly straight down.

From the aforementioned evidence, the Jury concluded that the defendant committed the Aggravated Murder of while he was committing, attempting to commit, or fleeing immediately after committing Aggravated Burglary and that he was the principal offender.

2.) *The Defendant committed the Aggravated Murder while he was committing, attempting to commit, or fleeing immediately after committing Aggravated Robbery and that he was the principal offender.*

After the Defendant had murdered the victim, he took the victim's car keys and his car As he was driving away from the crime scene, and prior to abandoning the vehicle in Youngstown, he left blood evidence throughout the car.  This evidence was subjected to DNA testing, which confirmed that forensically, it was his blood.  Quite simply, the Defendant committed the Aggravated Robbery to escape the consequences of his prior murderous act.

-5-

This evidence permitting the jury to conclude that the Defendant committed the Aggravated Murder while he was committing, attempting to commit, or fleeing immediately after committing Aggravated Robbery and that he was the principal offender.

To be weighed against the aggravating circumstances are the mitigating factors.  In this case, the following factors were considered by the Court as possible mitigation against each specification and against the imposition of the death penalty:

1.)  *The nature and circumstances of the offense, the history, character, and background of the offender.*

As was noted in *Wogenstahl, supra,* the nature and circumstances of the offense may only enter into the statutory weighing process on the side of mitigation.  However, in this case, reviewing the nature and circumstances, the Court does not find any credible evidence which would allow the Court to accord any weight to the nature and circumstances of the offense against the imposition of the death penalty.

In considering the history, character and background of the offender, this Court considered the home life of the Defendant and the fact that he grew up in a relatively poor environment, and that he was cared for and raised by his mother and maternal grandmother.  His biological father had little, if any, real involvement with him, and this lack of a father figure likely contributed to his behavioral problems .

Though the Court gives some weight to the Defendant's upbringing, it deserves little weight because of the credible testimony from the Defendant's step-father, his sister, his mother, and Dr. McPherson.  These witnesses testified that the Defendant was respectful to both is mother and grandmother.  His sister, who described as smart and really kind, noted that they

-6-

attended church.  Further, there was testimony offered that he was reared in an environment, where he was not physically or sexually abused.  His mother also declined to say that his home was in a "rough neighborhood, or that the Defendant had any problems in school.  Dr. McPherson's report noted that the Defendant had not been hospitalized for any physical or mental condition.  The witnesses also noted that they practiced moral tenets and that responsibility and respect were taught.

In conclusion, from the testimony of these witnesses, there is nothing particularly evident to show an unusual childhood or to offer an explanation for the Defendant's behavior which would be entitled any significant weight on the side of mitigation.

2.)    *Whether the victim of the offense induced or facilitated the killing.*

Although under R.C. 2929.04(B)(1), the mitigating factor regarding whether the victim of the offense induced or facilitated it was not specifically argued by the Defendant during the penalty phase of the trail as mitigating, the Court did consider the Defendant's video taped statement presented in evidence during the trial phase.  In the self-serving statement, the Defendant claimed that the killing of the victim was as a result of the Defendant protecting himself from an unprovoked attack by the victim.

This statement to the police attempted to construct a scenario wherein the victim approached the Defendant to purchase marijuana and then invited the Defendant into his home.  The Defendant then claims that the victim then pulled a gun on him.  The Defendant asserted that he attempted to disarm the victim, but the gun went off apparently striking the victim.  However, the other facts illustrating the planning and execution of the murder along with the physical evidence introduced causes the Defendant's version not to be credible.  As such, the

-7-

Court does not accord any weight to this mitigating factor.

    3.)    *Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation.*

Again, while the Defendant did not specifically argue this mitigating factor, the Court, upon reviewing the video tape, noticed that the Defendant claimed that the victim made derogatory statements about the Defendant's race which angered the Defendant. However, the this comment is likewise not convincing for the same reasons noted previously. This mitigating factors has no weight.

    4.)    *Any other factors that are relevant to the issue of whether the offender should be sentenced to death.*

Under R.C. 2929.04 (B)(7), commonly referred to as the "catch all provision" the Court reviewed the Defendant's capacity to appreciate the criminality of his conduct in light of the defense expert testimony regarding his mental history and mental state at the time of the offense was considered as a possible factor under R.C. 2929.04(B)(3).

This testimony revealed that the Defendant suffered from Attention Deficit Disorder/Hyperactivity Disorder, Chemical Dependency, and a reported history of alcohol abuse. Further, the evidence disclosed that the Defendant had an Antisocial Personality Disorder and was considered low average or better in intelligence.

Significantly, however, there was no evidence presented that the Defendant, at the time of the offense, had any mental disease or defect or that he lacked the capacity to appreciate the criminality of his conduct. His Antisocial Personality Disorder only showed that he had a history of inappropriate and impulsive behavior from his early childhood to the present. He was

-8-

incarcerated four (4) times.  According to the Defendant's own expert, the Defendant, throughout his juvenile and adult life had received repeated treatment and/or probation for his criminal transgressions and his drug and alcohol abuse.  He did not learn from his past mistakes, but only escalated his antisocial conduct.

In summary, this Court gives very little weight in mitigation to the Defendant's mental status, and his drug and alcohol abuse history especially in light of the Defendant's elaborate scheme to kill the victim, elude capture, and finally deceive police officers with a statement blaming the victim.

Further under 2929.04(B)(7), the Court examined the Defendant's ability to maintain himself in a stable fashion in a structured setting.  Indeed, it was suggested by the Defense that he could be a productive member of the general prison population, and that this should be considered as mitigating.  However , the Court gives slight weight to this particular factor.

The Defendant's last incarceration was the result of him not learning from his past mistakes, and from his tendency to act out impulsively without looking at the consequences. Furthermore, he repeatedly was placed on probation, but he continued to digress, committing more serious criminal acts.  Indeed, during the last incarceration, the Defendant claimed to have "found God" and that he was going to straighten out his life.  At the same time, it is abundantly clear that he was plotting to commit the ultimate criminal act, a premeditated burglary and murder, while pre-textually presenting himself to prison officials as a good candidate for a release program.  Quite simply, in the very setting in which the Defense suggests that he could be a productive member, the Defendant defined and refined a plot, involving gloves, a mask and handcuffs, to murder Robert S. Fingerhut so that in effect he could assume Fingerhut's lifestyle,

-9-

including running the Greyhound bus business, managing rental properties, and living in his home with his ex-wife.

The Defendant also offered an unsworn statement, wherein he stated that he was "very sorry for what happened." The Court likewise gives this statement slight weight as the statement lacked sincerity. The tone and tenor of the apology did not, in the Court's opinion, come from someone who was genuinely remorseful. Even assuming that the Defendant was remorseful, such retrospective remorse is not entitled to any significant weight. To the contrary, the Court believes that the Defendant's feigned remorse stems from the fact that the Defendant was apprehended. The Defendant was disappointed that the fool-proof, premeditated murder plot ,which he developed over nearly three (3) months, and which included shooting the victim "in the 'F' ing head," failed.

When independently weighing the aggravating circumstances as to the Aggravated Murder as previously outlined against the collective factors in mitigation, this Court finds that the aggravating circumstances not only outweigh the mitigating factors by proof beyond a reasonable doubt, but in fact, they almost completely overshadow them.

The State of Ohio has recognized that under certain circumstances, the death penalty is an appropriate sanction to any defendant who commits an Aggravated Murder during the commission of these certain felonies. In the case at bar, the underlying felonies are Aggravated Burglary and Aggravated Robbery.

In this particular case, the Court accords substantial weight to the Aggravated Burglary specification. In order to prove an Aggravated Burglary, the State is required to demonstrate that the Defendant trespassed in the occupied structure for the purpose of committing a criminal

0968  733

act. In most instances, this criminal act is a theft offense. Occasionally, a Defendant will trespass to commit a kidnapping or even a rape. Such criminal acts provide the basis upon which a Defendant can be convicted of Aggravated Burglary. Then, if during any of these underlying criminal acts, the victim is purposely killed, an Aggravated Murder with the specification of Aggravated Burglary has been committed. These alone can permit the imposition of the death penalty should the aggravating circumstance of the Aggravated Burglary be found to outweigh the mitigating factors.

Under the facts in the instant case, this Court can not foresee of any other form of Aggravated Burglary where the weight to be given to this aggravating circumstance could ever be greater. The evidence reveals that the sole purpose for the Defendant's illegal entry in the Fingerhut residence was not to commit a theft, a kidnapping or a rape, but to rather to carry out the premeditated, cold blooded execution Robert S. Fingerhut. This is the most heinous form of Aggravated Burglary, and it is entitled to unsurpassed weight. Further, in this Court's view, this aggravating circumstance, standing alone, outweighs all of the evidence presented in mitigation.

The Court further gives weight to the Aggravated Robbery specification. After shooting the Defendant in the head, the Defendant took personal property of the victim to effectuate his escape. Indeed, the Defendant stole the victim's keys and his car.

Against this backdrop, the mitigating factors of the Defendant's background, history and character, his Antisocial Personality Disorder, his Attention Deficit Disorder, his history of drug and alcohol abuse, as well as his unsworn statement, have very little effect in minimizing, lessening, or excusing the degree of the Defendant's murderous conduct. From the

-11-

overwhelming evidence, it is this Court's opinion that the Defendant and the Co-Defendant

plotted the murder of Robert S. Fingerhut solely to collect $550,00.00 in insurance proceeds.

This was accomplished by trespassing in the residence where Fingerhut resided, for the sole

purpose of ambushing  and murdering him.

Upon consideration of the relevant evidence raised at trial, the relevant testimony, the

other evidence, the unsworn statement of the defendant, and the arguments of counsel, it is the

judgment of this Court that the aggravating circumstances, outweighed,  by proof beyond a

reasonable doubt, the collective mitigating factors.

Dated: _12/9/02_

HON. JOHN M. STUARD
Judge, Court of Common Pleas

I hereby certify that a copy of the foregoing opinion was hand delivered
to Attorney James Lewis, Attorney Anthony Consoldane, and Prosecutor
Dennis Watkins this __9th__ day of December, 2002.

HON. JOHN M. STUARD

I also hereby certify that a copy of the foregoing opinion was duly mailed
by ordinary U.S. Mail to the Clerk of the Supreme Court, Supreme Court
of Ohio, State Office Tower, 30 E. Broad Street, Columbus, Ohio 43266-
0419, this __9th__ day of December, 2002.

HON. JOHN M. STUARD

-12-

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                     )     Case No 01-CR-794
                                   )
        Plaintiff,                 )
                                   )
-vs-                               )     Judge John Stuard
                                   )
NATHANIEL JACKSON,                 )
                                   )     MOTION FOR PAYMENT
        Defendant.                 )     OF EXPERT FEES

Now comes the Defendant, NATHANIEL JACKSON, by and through his counsel, Attorneys Anthony V. Consoldane and James F. Lewis, of the Trumbull County Branch Office of the Ohio Public Defender's Commission and moves the Court for payment of expert fees incurred in the Defense of this matter.

Said fees have been approved by the Court by previous Judgment Entry and were reasonable and necessary for the Defense.

WHEREFORE, the Defendant requests that Dr. Sandra B. McPherson, Ph.D., of 12434 Cedar Road, Suite 15, Cleveland Heights, Ohio, 44106, be paid $7,012.50 for the psychological testing and assessment, and consultations in preparation for the defense.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER

IT IS SO ORDERED:

JUDGE JOHN M. STUARD

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076

COUNSEL FOR NATHANIEL JACKSON

CERTIFICATION

I hereby certify that a copy of the foregoing Motion was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, this _10th_ day of ~~November~~ DECEMBER, 2002.

Anthony V. Consoldane
Attorney for Defendant

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO                                    CASE NO.    01-CR-794

vs.
        Nathaniel E. Jackson

                                                POST SENTENCING RIGHTS

Defendant

I.  I, _____, the Victim or Victim's Representative,
    was present in Court for the sentencing of _____ Nathaniel E. Jackson _____
    I realize that I have the following rights:

    1.  The right to notification by the Ohio Adult Parole Authority if the defendant
        becomes eligible for parole, shock parole or early release. And, further, that
        it is my responsibility to notify the Ohio Adult Parole Authority that I want
        such notification. In order to receive notification, I understand that I must
        write the Ohio Adult Parole Authority, 1050 Freeway Drive, Columbus, OH 43229,
        Phone: (614) 431-3221, and request notification. Further, I understand that it
        is my responsibility to notify the Ohio Adult Parole Authority of any change in
        my address or phone number.

    2.  I also have the right to be notified by the Trumbull County Common Pleas Court
        in advance should the Court consider granting shock probation to the defendant.
        It is my responsibility to notify the Victim/Witness Division, located at the
        Trumbull County Courthouse, 2nd Floor, 160 High St., Warren, OH 44481, Phone:
        (330) 675-2551 of any change in my address or phone number.

                                        _____
                                        Signature of Victim or
                                        Victim's Representative

II. The Victim or Victim's Representative in this case has been previously notified of
    his or her rights under the Ohio Revised Code concerning Ohio Victims of Crime.
    The Victim or Victim's Representative was notified of the sentencing date and
    elected not to appear in Court.

                                        _____
                                        Assistant Prosecuting Attorney

# WARRANT TO CONVEY

CORRECTION RECEPTION CENTER
REVISED CODE, SEC. 2949.12 TO .17

## COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

**STATE OF OHIO**

CASE NO. __2001 CR 00794__

VS.

**NATHANIEL E JACKSON**

__TO THE SHERIFF OF SAID COUNTY:__

WHEREAS, our said Court, begun and held at Warren, Ohio in said county, on DECEMBER 9 2002, the said Defendant

**NATHANIEL E JACKSON**

was indicted for:

**AGGRAVATED MURDER**

and was sentenced by the Court to the CORRECTION RECEPTION CENTER.

YOU ARE THEREFORE HEREBY COMMANDED, to take charge of and convey the said

**NATHANIEL E JACKSON**

to the CORRECTION RECEPTION CENTER at LORAIN OHIO.
and make due return of your proceeding herein to this office forthwith.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of said Court at Trumbull County, Warren, Ohio this December 10, 2002
MARGARET R. O'BRIEN, Clerk of Courts

By __Rochelle Ryan__

Deputy Clerk

CASE NO. **2001 CR 00794**

===============================

TRUMBULL COUNTY COMMON PLEAS COURT

Trumbull County, Warren, Ohio
===============================

STATE OF OHIO

vs.

NATHANIEL E JACKSON

===============================

WARRANT TO CONVEY

_____

===============================

RETURNED AND FILED

_____, 20_____

MARGARET R. O'BRIEN, Clerk of Courts

By_____
          DEPUTY CLERK

RETURN

Received this writ on the ___11___ day of

___December___, 20_02_

at _8:04_ o'clock _A_.M., and on the

_11th_ day of ___December___, 20_02_

I executed the same by conveying the

person named to the place designated.

as shown by the receipt endorsed hereon

_____
SHERIFF

_____
DEPUTY  Jean Freeman

| * | FEES | * |
|---|---|---|
| * MILEAGE | $ 24 90 | * |
| * SERVICE | $ 10 00 | * |
| * OTHER | $ _____ | * |
| * | $ _____ | * |
| * TOTAL | $ 34 90 | * |

___Lorain___, OHIO

___12-11-02___, 20____

Received this day, from _____

_____ Sheriff of

_____ County, Ohio the

prisoner named in the within warrant.

_____
Superintendent

## EXECUTION FOR COSTS IN FELONY

Revised Code, Sec.2949.15

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Case No. **2001 CR 00794**

**The State of Ohio, Trumbull, County.**      **Common Pleas Court**

**To the Sheriff of said County:**

   **You are Hereby Commanded,** That of the goods and chattels, and for want thereof, then of the lands and tenements of

### NATHANIEL E JACKSON

in your County,whereof HE was convicted, as appears of record, with interest thereon from the first day of the term aforesaid; also you cause to be made the costs of execution and increase costs that accrue.

   Hereof fail not, but of this writ and your proceedings endorsed hereon, make due return, within ten days from the date hereof.

       WITNESS my hand and the seal of said Court.

          at Warren, Ohio, this

          December 10, 2002

            **MARGARET R. O'BRIEN**
            Clerk of Courts

            By Rochelle Ryan
               Deputy

CASE NO. **2001 CR 0079**

**RETURN**

==================================

TRUMBULL COUNTY COMMON PLEAS COURT

Trumbull County, Warren, Ohio

==================================

STATE OF OHIO

vs.

NATHANIEL E JACKSON

==================================

EXECUTION FOR COSTS

_____

==================================

Received this writ on the _____ day of

_____, 20___

at _____ o'clock ___.M., and on the

_____ day of _____, 20_____

_____
SHERIFF

_____
DEPUTY

```
*          FEES           *
*                         *
*  MILEAGE  $_____   *
*                         *
*  SERVICE  $_____   *
*                         *
*  OTHER    $_____   *
*                         *
*  _____   $_____   *

   *      *  TOTAL  $_____   *   *
          *                         *
```

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )   CASE NO. 01-CR-794
                                        )
    Plaintiff                       )
                                        )   **DEATH PENALTY**
                                        )
-vs-                                    )   SENTENCE TO CORRECTIONAL
                                        )   RECEPTION CENTER
NATHANIEL E. JACKSON,                   )
                                        )   **ENTRY ON SENTENCE**
    Defendant                       )


The Defendant herein having been indicted by the September Eighth, 2001, Term of the

Grand Jury of Trumbull County, Ohio, for Count One: Aggravated Murder (O.R.C. §§2903.01(A)

and 2941.14(C)) of Robert S. Fingerhut, with two (2) separate Specifications of Aggravating

Circumstances, to wit: Specification No. 1  Aggravated Burglary (O.R.C. §2929.04(A)(7)), and

Specification No. 2: Aggravated Robbery (O.R.C. 2929.04(A)(7)); Count Two:  Aggravated

Murder (O.R.C. §§2903.01(B)) and 2941.14(C)) of Robert S. Fingerhut,  with two (2) separate

Specifications of Aggravating Circumstances, to wit: Specification No. 1: Aggravated Burglary

(O.R.C.  §2929.04(A)(7), and     Specification No. 2:   Aggravated  Robbery (O.R.C.

§2929.04(A)(7)); Count Three: Aggravated  Burglary (F1) With Firearm Specification (O.R C.

§2911.11.(A)(1)(2) and 2941.145); and  Count Four: Aggravated Robbery (F1) With Firearm

Specification (O.R.C. §2911.01(A)(1)(3) and 2941.145), and on the 8th day of October, 2002,

having been brought into Court for trial before a petit jury and being represented by counsel,

Attorney Anthony Consoldane and Attorney James Lewis, and the jury having been empaneled,

and after due deliberation on November 8, 2002, was found guilty of Count One:  Aggravated Murder (O.R.C. §§2903.01(A) and 2941.14(C)) of Robert S. Fingerhut, with two (2) separate Specifications of Aggravating Circumstances, to wit: Specification No. 1: Aggravated Burglary (O.R.C.  §2929.04(A)(7)),  and   Specification No. 2:  Aggravated  Robbery  (O.R.C. §2929.04(A)(7)); Count Two:  Aggravated Murder (O.R.C. §§2903.01(B) and 2941.14(C)) of Robert S. Fingerhut,  with two (2) separate Specifications of Aggravating Circumstances, to wit: Specification No. 1: Aggravated Burglary (O.R.C. §2929.04(A)(7)), and  Specification No. 2: Aggravated Robbery (O.R.C. 2929.04(A)(7)); Count Three: Aggravated  Burglary (F1) With Firearm Specification (O.R.C. §2911.11.(A)(1)(2) and 2941.145); and  Count Four: Aggravated Robbery (F1) With Firearm Specification (O.R.C. §2911.01(A)(1)(3) and 2941.145).  Thereafter, Count Two was removed from the Jury pursuant to a Motion to Dismiss by the State.

On November 14, 2002, the Defendant having been brought into Court to give evidence in mitigation on Count One of the indictment, and after arguments of counsel and instructions of law, and after due deliberation, it was the finding and recommendation of the Jury on November 15, 2002, that the sentence of death be imposed on the Defendant.

On December 9, 2002, Defendant's sentencing hearing was held pursuant to O.R.C. Section 2929.19.  Defense Attorney Anthony Consoldane and Attorney James Lewis, and Prosecutor Dennis Watkins and Assistant Prosecutor Charles L. Morrow,  were present, as was Defendant who was afforded all rights pursuant to Criminal Rule 32.  The Court has considered the record and oral statements, as well as the principles and purposes of sentencing under O.R.C. Section 2929.11, and has balanced the seriousness and recidivism factors of O.R.C. Section 2929.12.

Pursuant to law, the Trial Court this day, December 9, 2002, having determined in a separate opinion of specific findings that the aggravating circumstances as to the count of Aggravated Murder outweigh the mitigating factors by proof beyond a reasonable doubt, then made inquiry as to whether the Defendant had anything to say why judgment should not be pronounced against him, and the Defendant in answer showed no good cause or sufficient reason why sentence should not be pronounced.

The Court has considered the factors under O.R.C. §2929.14, and makes the following findings: (1) the shortest prison term will demean the seriousness of the Defendant's conduct; (2) the longest prison term is appropriate because the defendant committed the worst form of the offense; (3) multiple prison terms are necessary to protect the public from future crime and to punish the offender; (4) consecutive prison sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the offender poses to the public; (5) the harm caused by the multiple offenses was so great that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct; and (6) the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.

It is therefore ORDERED, ADJUDGED, and DECREED that the Defendant, NATHANIEL E. JACKSON, be taken from the courtroom to the Trumbull County Jail and from thence to the Correction Reception Center at Lorain, Ohio, and thereafter be sentenced to death on December 10, 2003 on Count One; and imprisoned therein for the stated prison term of ten (10) years on Count Three; plus a mandatory term of three (3) years on the Firearm Specification to be served prior to and consecutive to the sentence imposed in Count Three; ten (10) years on

Count Four, plus a mandatory term of three (3) years on the Firearm Specification to be served prior to and consecutive to the sentence imposed in Count Four, sentence in Count Four to be served consecutively to the sentence imposed on Count Three.  Firearm Specifications in Count Three and Count Four shall merge as one sentence in Count Three as a matter of law.  Defendant is Ordered to pay the cost of prosecution taxed in the amount $_____ for which execution is awarded.

_____12/10/02_____
DATED

_____J. M. Stuard_____
HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

**THE CLERK OF COURTS IS HEREBY
ORDERED TO SERVE COPIES OF THIS
ENTRY TO ALL COUNSEL OF RECORD**

_____J. M. Stuard_____
**JUDGE**

12/10/02 -
Copies sent to:

Pros.
a. Consoldane
Supreme Court of Ohio

**You are hereby notified that you have
been convicted of a felony of violence
and pursuant to Section 2923.13 of the
Ohio Revised Code, you are prohibited
from acquiring, having, carrying or
using any firearm or dangerous
ordinance.**

# IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 01-CR-794 |
| | ) | |
| Plaintiff | ) | |
| | ) | **DEATH PENALTY** |
| | ) | |
| -vs- | ) | WRIT TO CONVEY PRISONER |
| | ) | FOR EXECUTION OF PENALTY |
| NATHANIEL E. JACKSON, | ) | |
| | ) | |
| Defendant | ) | |

A Writ is hereby directed to Thomas Altiere, Sheriff of Trumbull County, Ohio for conveyance of NATHANIEL E. JACKSON to the Correctional Reception Center at Lorain, Ohio, and deliverance to its warden. Said Writ is issued pursuant to Section 2949.21 of the Ohio Revised Code for the execution of the death penalty against Nathaniel E. Jackson on December 10, 2003.

_____12/10/03_____
DATED

_____John M. Stuard_____
HONORABLE JOHN M. STUARD
JUDGE, COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

## REQUEST FOR COURT PAID EXPERTS AND/OR EXPENSES

In the _____ Trumbull County _____ **Court of** _Common Pleas_ _____ Warren _____, Ohio.

**Plaintiff:**

**Case No.** _____ 01-CR-794 _____

**v.**

**Attorney(s) for the Defendant/Party Represented:**

Nathaniel Jackson

_Attorney Anthony V. Consoldane_

**Defendant/Party Represented**

**In re:** _____

_Attorney James F. Lewis_

### CHARGES

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Aggravated Murder w/specs of Agg. Circumstances | 2903.01 | F1 | found guilty |
| 2.) Aggravated Murder w/specs of Agg. Circumstance | 2903.01 | F1 | found guilty |
| 3.) Aggravated Burglary w/firearm spec | 2911.11 | F1 | found guilty |

*List only the three most serious charges beginning with the one of greatest severity and continuing in descending order.*

### JUDGMENT ENTRY

The Court finds that the following experts and/or expenses were ordered for use in the case of an indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met, and that an Affidavit of Indigency/Financial Disclosure Form for the above referenced person has been sent to the Office of the Ohio Public Defender, or is attached to this document.

IT IS THEREFORE ORDERED that the expert fees and/or expenses attached are hereby approved in the amount of $ 7,012.50 _____. It is further ordered that the said amount is certified by the Court to the County Auditor for payment.

_____ Judge John M. Stuard _____

**Judge's Name (type or print)**

_Judge's Signature_

Date

### COUNTY AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of State that reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender.

| PAYEE | TAX ID | WARRANT NO. | WARRANT DATE | AMOUNT |
|---|---|---|---|---|
| Dr. Sandra McPherson, Ph.D. | 34-1496486 | | | $7,012.50 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| *(If necessary, continue on separate sheet.)* | | | TOTAL | $7,012.50 |

County Number _____

County Auditor's Signature

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,  )  Case No.01-CR-794
                )
        Plaintiff,  )  Judge John Stuard
                )
vs.             )
                )  JUDGMENT ENTRY
NATHANIEL JACKSON  )
        Defendant.  )

The Court being fully advised on the premises upon due consideration thereof
finds as follows:

By previous Judgment Entry, the Court authorized the securing and payment of
expert assistance regarding the psychological testing, assessment, and consultations with
Attorney Anthony V. Consoldane.

The Court further finds that said services rendered unto the above authorized, for
the Defendant, NATHANIEL JACKSON, were necessary and the cost thereof, was
reasonable.

WHEREFORE, it is ORDERED, ADJUDGED AND DECREED, that payment in
the amount of $7,012.50 shall be and the same is, hereby ordered to be made to Dr.
Sandra B. McPherson, Ph.D., 12434 Cedar Road, Suite 15, Cleveland Heights, Ohio,
44106.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Judgment
Entry authorizing the payment to Dr. Sandra McPherson in the amount of $7,012.50 be
forwarded to the Office of the Trumbull County Commissioners, Trumbull County, Ohio,
and thereafter to the Trumbull County Auditor's Office for payment and the issuance of a
check by the Trumbull County Treasurer's Office to Dr. Sandra McPherson.

Date _12/10/02_____          Judge Stuard _____

| | | | | | Phone |
|---|---|---|---|---|---|
| Mailing Address | 309 S. earl | | 10 | | Message From ( ) |
| Residence (if different from above) | TC JAIL | | | | |

## II. OTHER PERSONS LIVING IN HOUSEHOLD

| Name | Age | Relationship | Name | Age | Relationship |
|---|---|---|---|---|---|
| 1) | | | 3) | | |
| 2) | | | 4) | | |

## III. MONTHLY INCOME/EMPLOYMENT INFORMATION

| Type of Income | Self | Spouse | Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | 0 | | | |
| Unemployment | 0 | | | |
| Worker's Comp. | 0 | | | |
| Pension | 0 | | | |
| Social Security | 0 | | | |
| Child Support | 0 | | | |
| Work First/TANF | 0 | | | |
| Disability | 0 | | | |
| Food Stamps | 0 | | | |
| Other | 0 | | | |

| Employer's Name (for all household members) | | SUBTOTAL A | $ 0 |
|---|---|---|---|
| Address | | | Phone ( ) |

## IV. ALLOWABLE EXPENSES

| Type of Expense | Amount |
|---|---|
| Child Support Paid Out | 0 |
| Child Care (if working only) | 0 |
| Transportation for Work | 0 |
| Insurance | 0 |
| Medical/Dental | 0 |
| Medical & Associated Costs Of Caring for Infirm Family Members | 0 |
| SUBTOTAL B | $ 0 |

## V. TOTAL INCOME

Total Monthly Income – Total Allowable Expenses = Total Income

| | | |
|---|---|---|
| SUBTOTAL A | $ | 0 |
| - SUBTOTAL B | $ | 0 |
| GRAND TOTAL C | $ | 0 |

## VI. ASSET INFORMATION

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | Estimated Equity: |
|---|---|---|---|
| Real Estate / Home | Price:$ | Date Purchased: | |
| Stocks / Bonds / CD's | | | |
| Automobiles | | | |
| Trucks / Boats / Motorcycles | | | |
| Other Valuable Property | | | |
| Cash on Hand | | | |
| Money Owed to Applicant | | | |
| Other | | | |
| Checking Acct. Bank / Acct. # | | | |
| Savings Acct. Bank / Acct. # | | | |
| Credit Union Name Acct. # | | | |

| | GRAND TOTAL D | $ |
|---|---|---|

0988   860

| | | | | |
|---|---|---|---|---|
| Gas | | ○ | | |
| Fuel | | ○ | | **Grand Total D** |
| Telephone | | ○ | Total Assets | |
| Cable | | ○ | | ○ |
| Water / Sewer / Trash | | ○ | | |
| Credit Cards | | ○ | | |
| Loans | | ○ | | **Grand Total E** |
| Taxes Owed | | ○ | Total Monthly Liabilities | |
| Other | | ○ | and Other Expenses | ○ |
| GRAND TOTAL E | | ○ | | |

## AFFIDAVIT OF INDIGENCY

I. __NATHANIEL JACKSON__ _____ being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform my attorney if my financial situation should change before the disposition of my case.

3. I understand that if it is determined by the county, or by the Court, that legal representation was provided for me to which I was not entitled, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years from the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 291.13(A)(13), (D)(4).

5. I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

_Nathaniel Jackson_
_____          _____
Client's Signature                                Date

**Notary Public:**

Subscribed and duly sworn before me according to law, by the above named applicant this _2/5_ day of
_DEC_ _2001_ at _Warren_ County of _Trumbull_ and State of _OHIO_

_Whitney Warfield_
_____
Notary's Signature

## JUDGE / ATTORNEY CERTIFICATION

I hereby certify the above-noted client is unable to fill out this financial disclosure form and/or is unable to sign the above affidavit. I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____          _____
Judge / Attorney Signature                      Date

Sandra B. McPherson, Ph.D.
12434 Cedar Road, Suite 15
Cleveland Heights, OH 44106
(216)721-1961

| Statement Date |
| --- |
| 11/15/2002 |

| Page |
| --- |
| 1 |

Nathaniel Jackson
C/O Atty Anthony Consoldane

| Chart Number |
| --- |
| JACNA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| | | Previous Balance | | 0.00 |
| Patient: Nathaniel Jackson | | Chart #: JACNA000 | Case Description: Mitigation- Sandra McPherson | |
| 2/12/2002 | 0202120000 | Transportation Time | 1737 | 250.00 |
| 2/12/2002 | 0202120000 | Forensic Interview | 1737 | 250.00 |
| 2/12/2002 | 0202120000 | Attorney Conference | 1737 | 250.00 |
| 4/9/2002 | 0204120000 | Transportation Time | 1737 | 125.00 |
| 4/9/2002 | 0204120000 | Forensic Interview | 1737 | 250.00 |
| 4/9/2002 | 0204120000 | Attorney Conference | 1737 | 125.00 |
| 4/27/2002 | 0204290000 | Review of Information | 1737 | 500.00 |
| 5/7/2002 | 0205100000 | Transportation Time | 1737 | 125.00 |
| 5/7/2002 | 0205100000 | Forensic Interview | 1737 | 250.00 |
| 4/9/2002 | 0208080000 | Psychological Testing | 1737 | 150.00 |
| 8/7/2002 | 0208080000 | Transportation Time | 1737 | 125.00 |
| 8/7/2002 | 0208080000 | Attorney Conference | 1737 | 62.50 |
| 11/11/2002 | 0211120000 | Transportation Time | 1737 | 250.00 |
| 11/11/2002 | 0211120000 | Forensic Interview | 1737 | 375.00 |
| 11/11/2002 | 0211120000 | Psychological Testing | 1737 | 250.00 |
| 11/11/2002 | 0211120000 | Attorney Conference | 1737 | 250.00 |
| 11/12/2002 | 0211120000 | Report 6-10 Pages | 1737 | 300.00 |
| 11/14/2002 | 0211150000 | Transportation Time | 1737 | 250.00 |
| 11/14/2002 | 0211150000 | Review of Information | 1737 | 750.00 |
| 11/14/2002 | 0211150000 | Forensic Interview | 1737 | 500.00 |

| Past Due 30 Days | Past Due 60 Days | Past Due 90 Days | Balance Due |
| --- | --- | --- | --- |
| 0.00 | 0.00 | 3,025.00 | 7,012.50 |

Sandra B. McPherson D.
12434 Cedar Road, Suite 15
Cleveland Heights, OH 44106
(216)721-1961

 **Statement Date**
11/15/2002

 **Page**
2

Nathaniel Jackson
C/O Atty Anthony Consoldane

 **Chart Number**
JACNA000

| Date | Account # | Description | Case Number | Amount |
|------|-----------|-------------|-------------|--------|
| 11/14/2002 | 0211150000 | Court Time | 1737 | 500.00 |
| Patient: Nathaniel Jackson | | Chart #: JACNA000 | Case Description: Mitigation - Donald McPherson | |
| 2/12/2002 | 0202120000 | Forensic Interview | 1761 | 75.00 |
| 3/13/2002 | 0203130000 | Transportation Time | 1761 | 75.00 |
| 3/13/2002 | 0203130000 | Psychological Testing | 1761 | 262.50 |
| 8/7/2002 | 0208080000 | Psychological Testing | 1761 | 150.00 |
| 11/5/2002 | 0211060000 | Transportation Time | 1761 | 150.00 |
| 11/5/2002 | 0211060000 | Obtaining Records | 1761 | 150.00 |
| 11/7/2002 | 0211080000 | Transportation Time | 1761 | 112.50 |
| 11/7/2002 | 0211080000 | Obtaining Records | 1761 | 150.00 |

| Past Due 30 Days | Past Due 60 Days | Past Due 90 Days | Balance Due |
|------------------|------------------|------------------|-------------|
| 0.00 | 0.00 | 3,025.00 | 7,012.50 |

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CASE NO. 01-CR-794

STATE OF OHIO,                    )

        PLAINTIFF        )

vs.                               )        JUDGMENT ENTRY

NATHANIEL E. JACKSON,             )

        DEFENDANT        )

    This Court has considered Defendant's Motion for a
Proportionality Review as argued by oral motion.

    After reviewing available case law and oral argument,
it is the opinion of the Court that any review of the
proportionality of imposition of death sentence is within the
context of appellate review and not the trial court.

    Defendant's Motion is denied.

12/11/02 -
copies sent to:

Pros.
A Consoldane

_____12/9/02_____
DATE

_____
JUDGE JOHN M. STUARD

TO THE CLERK OF COURTS, YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-
WITH
JUDGE

0989   004

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO
CASE NO. <u>01-CR-794</u>

STATE OF OHIO,                    )

            PLAINTIFF    )

vs.                               )          <u>JUDGMENT ENTRY</u>

NATHANIEL E. JACKSON,             )

           DEFENDANT    )


DEFENDANT'S MOTION FOR NEW TRIAL IS HEREBY DENIED.


_12/10/02_                        _____

DATE                              JUDGE JOHN M. STUARD

12/11/02 -
copies
sent to:

Pros.
a Consoldane

TO THE CLERK OF COURTS, YOU ARE ORDERED TO SERVE
COPIES OF THE ... ... ...
OR UPON ... ... ...ORTH
WITH BY ...
JUDGE

**0989   005**

W A R R A N T   T O   C O N \   Y

CORRECTION RECEPTION CENTER
REVISED CODE, SEC. 2949.12 TO .17

DEC 10   I 03 PM '02

## COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

STATE OF OHIO

CASE NO. **2001 CR 00794**

VS.

NATHANIEL E JACKSON

## TO THE SHERIFF OF SAID COUNTY:

WHEREAS, our said Court, begun and held at Warren, Ohio in said county, on DECEMBER 9 2002, the said Defendant

NATHANIEL E JACKSON

was indicted for:

AGGRAVATED MURDER

and was sentenced by the Court to the CORRECTION RECEPTION CENTER.

YOU ARE THEREFORE HEREBY COMMANDED, to take charge of and convey the said

NATHANIEL E JACKSON

to the CORRECTION RECEPTION CENTER at LORAIN OHIO.

and make due return of your proceeding herein to this office forthwith.

IN TESTIMONY WHEREOF, I have hereunto
set my hand and affixed the seal of said
Court at Trumbull County, Warren, Ohio this
December 10, 2002
MARGARET R. O'BRIEN, Clerk of Courts

By Rochelle Ryan

Deputy Clerk

CASE NO. 2001 CR 00794

RETURN

```
==============================
```
TRUMBULL COUNTY COMMON PLEAS COURT

Trumbull County, Warren, Ohio
```
==============================
```

STATE OF OHIO

vs.

NATHANIEL E JACKSON

```
==============================
```

WARRANT TO CONVEY

```
==============================
```

RETURNED AND FILED

_____, 20_____

MARGARET R. O'BRIEN, Clerk of Courts

By_____
           DEPUTY CLERK

Received this writ on the __11__ day of

__December_____, 20_02_

at __8:04__ o'clock __A__.M., and on the

__11th__ day of __December_____, 20_02_

I executed the same by conveying the

person named to the place designated.

as shown by the receipt endorsed hereon

_____
SHERIFF

_____
DEPUTY    Juan Freeman

```
==============================
*              FEES               *
*                                 *
* MILEAGE    $ 24 90              *
*                                 *
* SERVICE    $ 10 00              *
*                                 *
* OTHER      $_____           *
*                                 *
*    _____    $_____      *
==============================
*                                 *
*    TOTAL   $ 34 90              *
*                                 *
==============================
```

_____LORCI_____, OHIO

_____12-11-02_____, 20____

Received this day, from _____

_____ Sheriff of

_____ County, Ohio the

prisoner named in the within warrant.

_____
Superintendent

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                         )        Case No. 01-CR-794
                                       )
        Plaintiff,                     )        Judge John Stuard
                                       )
                                       )
NATHANIEL JACKSON,                     )
                                       )        MOTION TO PROVIDE FINDING
        Defendant,                     )        OF FACT AND CONCLUSION

Now comes the Defendant, NATHANIEL JACKSON, by and through his attorney, Anthony V. Consoldane, of the Trumbull County Branch Office of the Ohio Public Defender's Commission and hereby moves the Court for a Finding of Fact and Conclusion of Law in regard to the two attached Judgment Entries.

Respectfully submitted,

DAVID H. BODIKER  #0016590
OHIO PUBLIC DEFENDER

JAMES F. LEWIS  #0024314
ASSISTANT STATE PUBLIC DEFENDER

ANTHONY V. CONSOLDANE #0000761
ASSISTANT STATE PUBLIC DEFENDER

BRANCH OFFICE OF THE OHIO PUBLIC DEFENDER
328 Mahoning Avenue
Warren, Ohio  44483
(330)393-7727  FAX (330)393-7076
COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATION

I hereby certify that a copy of the foregoing Motion was delivered to the Trumbull County Prosecutor's Office, 160 High Street, Warren, Ohio, 44481, this ___ day of December, 2002.

Anthony V. Consoldane
Attorney for Defendant

## EXECUTION FOR COSTS IN FELONY

Revised Code, Sec.2949.15

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Case No. __2001/CR 00794__

**The State of Ohio, Trumbull, County.**          **Common Pleas Court**

**To the Sheriff of said County:**

**You are Hereby Commanded,** That of the goods and chattels, and for want thereof, then of the lands and tenements of

### NATHANIEL E JACKSON

in your County,whereof HE was convicted, as appears of record, with interest thereon from the first day of the term aforesaid; also you cause to be made the costs of execution and increase costs that accrue.

Hereof fail not, but of this writ and your proceedings endorsed hereon, make due return, within ten days from the date hereof.

WITNESS my hand and the seal of said Court.

at Warren, Ohio, this

December 10, 2002

**MARGARET R. O'BRIEN**
Clerk of Courts

By __Rochelle Ryan__
Deputy

278-286

CASE NO. **2001 CR 0079**

**RETURN**

Received this writ on the _____ day of

_____ , 20____

at _____ o'clock ___.M., and on the

_____ day of _____ , 20____

```
==============================
```

TRUMBULL COUNTY COMMON PLEAS COURT

Trumbull County, Warren, Ohio

```
==============================
```

STATE OF OHIO

vs.

NATHANIEL E JACKSON

```
==============================
```

EXECUTION FOR COSTS

_____

```
==============================
```

SHERIFF _____

DEPUTY _____

| | FEES | |
|---|---|---|
| * MILEAGE | $_____ | * |
| * SERVICE | $_____ | * |
| * OTHER | $_____ | * |
| * _____ | $_____ | * |
| * TOTAL | $_____ | * |

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY OHIO

STATE OF OHIO,                    )     CASE NO.    01-CR-794
                                  )
        Plaintiff,                )     JUDGE JOHN M. STUARD
                                  )
-vs-                              )     JUDGEMENT ON THE VERDICT
                                  )
NATHANIEL E. JACKSON,             )
                                  )
        Defendant.                )


        The Jury, on November 27, 2002, having returned verdicts of "Guilty" on Count One:

Aggravated Murder (O.R.C. §§2903.01(A) and 2941.14(C)) of Robert S. Fingerhut with two

(2) separate Specifications of Aggravating Circumstances, to wit: Specification No. 1:

Aggravated Burglary (O.R.C. §2929.04(A)(7)); Specification No. 2Aggravated Robbery

(O.R.C. §2929.04(A)(7)); Count Two:  Aggravated Murder (O.R.C. §§2903.01(B)) of Robert

S. Fingerhut with two (2) separate Specifications of Aggravating Circumstances, to wit:

Specification No. 1: Aggravated Burglary (O.R.C. §2929.04(A)(7)); Specification No. 2:

Aggravated Robbery (O.R.C. §2929.04(A)(7)); Count Three: Aggravated Burglary with

Firearm Specification (O.R.C. §2911.11(A)(1)(2) and 2941.145); and Count Four Aggravated

Robbery with Firearm Specifciation (O.R.C. §2911.01(A)(1)(3) and 2941.145), and the Court

having examined the same and finding the same regular as to form, it is hereby ORDERED,

ADJUDGED and DECREED that judgment is hereby rendered on said verdicts.

-1-

0989    422

Dated: _12/12/02_

HON. JOHN M. STUARD
Judge, Court of Common Pleas

cc:   Trumbull Co. Prosecutor's Office
      Atty. James Lewis/ Atty. Anthony Consoldane

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                          )        Case No. 01-CR-794
                                        )
              Plaintiff                 )        Judge John Stuard
                                        )
-vs-                                    )
                                        )        JUDGMENT ENTRY
NATHANIEL JACKSON,                      )
                                        )
              Defendant                 )

This Court has considered Defendant's Motion to Provide Findings of Fact and

Conclusions of Law with respect to its December 11, 2002 Judgment Entry denying Defendant's

Motion for a New Trial and its December 11, 2002 Judgment Entry denying Defendant's Motion

for a Proportionality Review.

Pursuant to *State ex rel. Collins v. Pokorny* (1999), 86 Ohio St.3d 70, this Court has no

duty to issue findings of fact and conclusions of law in connection with the denial of a motion for

new trial.  Furthermore, as a matter of law this Court is not obligated to issue findings of fact and

conclusions of law after denying a party's Motion for Proportionality Review.

After review of the relevant law, Defendant's Motion is denied

2/17/02 - Copies
sent to:

Pros.
2 Consoldane          12/15/02
                      DATE                          JUDGE JOHN M. STUARD

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH-
WITH BY ORDINARY MAIL.

JUDGE

0989    434

711 N.E.2d 683
1999-Ohio-343
**(Cite as: 86 Ohio St.3d 70,  711 N.E.2d 683)**

**H**

Supreme Court of Ohio.

The STATE ex rel. COLLINS, Appellant,
v.
POKORNY, Judge, Appellee.

**No. 99-74.**

Submitted May 4, 1999.
Decided July 7, 1999.

Defendant whose convictions for aggravated burglary and aggravated robbery were affirmed on direct appeal, and whose motion for new trial was denied by the Court of Common Pleas, Cuyahoga County, Thomas J. Pokorny, J., sought writ of mandamus compelling judge who had denied new trial motion to issue findings of fact and conclusions of law. After request was denied, defendant filed complaint for writ of procedendo to compel judge to issue findings and conclusions. The Court of Appeals, Cuyahoga County, granted judge's motion to dismiss. Defendant appealed, and the Supreme Court held that: (1) judge had no duty to issue findings or conclusions in denying motion, and (2) doctrine of res judicata in any event barred defendant from raising issue.

Affirmed.

West Headnotes

**[1] Criminal Law** ☞961
110k961 Most Cited Cases

Judge had no duty to issue findings of fact and conclusions of law in connection with denial of motion for new trial. Rules Crim.Proc., Rule 33.

**[2] Judgment** ☞751
228k751 Most Cited Cases

Doctrine of res judicata barred criminal defendant, who had unsuccessfully sought writ of mandamus compelling judge who had denied his motion for new trial to issue findings of fact and conclusions of law in connection with denial, from raising same issue in complaint seeking writ of procedendo.

**\*\*683 \*70** In 1991, appellant, Larry Collins, was

convicted of aggravated burglary and aggravated robbery and sentenced to an aggregate prison term of ten to twenty-five years.  The court of appeals affirmed his conviction and sentence.  _State v. Collins_ (Feb. 4, 1993), Cuyahoga App. No. 61713, unreported, 1993 WL 27638.

In July 1996, appellee, Cuyahoga County Common Pleas Court Judge Thomas J. Pokorny, denied Collins's motion for new trial, and in January 1997, Judge Pokorny denied Collins's motion for explanation or reconsideration of the denial of the new trial motion. In March 1997, the court of appeals denied Collins's request for a writ of mandamus to compel Judge Pokorny to issue findings of fact and conclusions of law on his July 1996 decision denying the motion for new trial.  _State ex rel. Collins v. Pokorny_ (Mar. 20, 1997), Cuyahoga App. No. 71960, unreported, 1997 WL 127189.

In September 1998, Collins filed a complaint in the court of appeals for a writ of procedendo to compel Judge Pokorny to issue findings of fact and conclusions of law on the July 1996 denial of Collins's motion for new trial.  Judge Pokorny filed a motion to **\*\*684** dismiss.  The court of appeals granted the motion and dismissed the action.

This cause is now before the court upon an appeal as of right.

Larry Collins, pro se.

PER CURIAM.

Collins asserts in his propositions of law that the court of appeals erred in dismissing his procedendo action. For the following reasons, Collins's assertion lacks merit.

[1] As the court of appeals correctly held, Judge Pokorny had no duty to issue findings of fact and conclusions of law when he denied Collins's Crim.R. 33 motion for a new trial.  _State v. Girts_ (1997), 121 Ohio App.3d 539, 565, 700 N.E.2d 395, 412;  see, generally, _State ex rel. Grove v. Nadel_ (1998), 81 Ohio St.3d 325, 326, 691 N.E.2d 275, 276.

[2] \*71 In addition, _res judicata_ barred Collins from

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

raising the same issue that he had raised in his previous mandamus action. *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, FRANCIS E. SWEENEY, SR., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

711 N.E.2d 683, 86 Ohio St.3d 70, 1999-Ohio-343

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

Case: 4:07-cv-00880-JG Doc #: 34-13 Filed: 03/01/13 62 of 73. PageID #: 1237

**PAID EXPERTS AND/OR EXPENSES**

In the ___Trumbull County___ **Court of** ___Common Pleas___ / ___Warren___, **Ohio.**

Plaintiff:

Case No. ___01-CR-794___

Attorney(s) for the Defendant/Party Represented:

**v.** ___Nathaniel Jackson___

___Attorney Anthony V. Consoldane___

**Defendant/Party Represented**

In re: _____

___Attorney James F. Lewis___

## CHARGES

| OFFENSE/CHARGE/MATTER | ORC/CITY CODE | DEGREE | DISPOSITION |
|---|---|---|---|
| 1.) Aggravated Murder w/specs of Agg. Circumstances | 2903.01 | F1 | found guilty |
| 2.) Aggravated Murder w/specs of Agg. Circumstance | 2903.01 | F1 | found guilty |
| 3.) Aggravated Burglary w/firearm spec | 2911.11 | F1 | found guilty |

*List only the three most serious charges beginning with the one of greatest severity and continuing in descending order.

## JUDGMENT ENTRY

The Court finds that the following experts and/or expenses were ordered for use in the case of an indigent person, that all rules and standards of the Ohio Public Defender Commission and State Public Defender have been met, and that an Affidavit of Indigency/Financial Disclosure Form for the above referenced person has been sent to the Office of the Ohio Public Defender, or is attached to this document.

IT IS THEREFORE ORDERED that the expert fees and/or expenses attached are hereby approved in the amount of $ _7,012.50_____. It is further ordered that the said amount is certified by the Court to the County Auditor for payment.

___Judge John M. Stuard___

Judge's Name (type or print)

Judge's Signature     8/2/03

Date

## COUNTY AUDITOR'S CERTIFICATION

The County Auditor in executing this certificate attests to the accuracy of the figures contained herein. A subsequent audit by the Ohio Public Defender Commission and/or Auditor of State that reveals unallowable or excessive costs may result in future adjustments against reimbursement or repayment of audit exceptions to the Ohio Public Defender.

| PAYEE | TAX ID | WARRANT NO. | WARRANT DATE | AMOUNT |
|---|---|---|---|---|
| Dr. Sandra McPherson, Ph.D. | 34-1496486 | | | $7,012.50 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(If necessary, continue on separate sheet.)     **TOTAL**  $7,012.50

County Number _____

County Auditor's Signature

IPC-109 (1/00)

0990   462

1/3/03 - cc to Auditor

289

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | Case No.01-CR-794 |
| | ) | |
| Plaintiff, | ) | Judge John Stuard |
| | ) | |
| vs. | ) | |
| | ) | JUDGMENT ENTRY |
| NATHANIEL JACKSON | ) | |
| Defendant. | ) | |

  The Court being fully advised on the premises upon due consideration thereof finds as follows:

  By previous Judgment Entry, the Court authorized the securing and payment of expert assistance regarding the psychological testing, assessment, and consultations with Attorney Anthony V. Consoldane.

  The Court further finds that said services rendered unto the above authorized, for the Defendant, NATHANIEL JACKSON, were necessary and the cost thereof, was reasonable.

  WHEREFORE, it is ORDERED, ADJUDGED AND DECREED, that payment in the amount of $7,012.50 shall be and the same is, hereby ordered to be made to Dr. Sandra B. McPherson, Ph.D., 12434 Cedar Road, Suite 15, Cleveland Heights, Ohio. 44106.

  IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Judgment Entry authorizing the payment to Dr. Sandra McPherson in the amount of $7,012.50 be forwarded to the Office of the Trumbull County Commissioners, Trumbull County, Ohio and thereafter to the Trumbull County Auditor's Office for payment and the issuance of a check by the Trumbull County Treasurer's Office to Dr. Sandra McPherson.

Date_____1/2/05_____    Judge Stuard_____John M. Stuard_____

0990 463

Mailing Address 304 S. 1eun1 40

Residence (if different from above)  TC JAIL

**II. OTHER PERSONS LIVING IN HOUSEHOLD**

| Name 1) | Age | Relationship | Name 3) | Age | Relationship |
|---------|-----|--------------|---------|-----|--------------|
| 2) | | | 4) | | |

**III. MONTHLY INCOME/EMPLOYMENT INFORMATION**

| Type of Income | Self | Spouse | Household Members | Total |
|----------------|------|--------|-------------------|-------|
| Employment (Gross) | | | | |
| Unemployment | | | | |
| Worker's Comp. | | | | |
| Pension | | | | |
| Social Security | | | | |
| Child Support | | | | |
| Work First/TANF | | | | |
| Disability | | | | |
| Food Stamps | | | | |
| Other | | | | |

SUBTOTAL A | $

Employer's Name (for all household members)        Phone ( )

Address

**V. TOTAL INCOME**

**IV. ALLOWABLE EXPENSES**

| Type of Expense | Amount |
|-----------------|--------|
| Child Support Paid Out | |
| Child Care (if working only) | |
| Transportation for Work | |
| Insurance | |
| Medical/Dental | |
| Medical & Associated Costs Of Caring for Infirm Family Members | |

SUBTOTAL B | $

Total Monthly Income – Total Allowable Expenses = Total Income

| SUBTOTAL A | $ |
| - SUBTOTAL B | $ |
| GRAND TOTAL C | $ |

**VI. ASSET INFORMATION**

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | | Estimated |
|---------------|------|------|------|-----------|
| Real Estate / Home | Price:$ | Date Purchased: | Equity: | |
| Stocks / Bonds / CD's | | | | |
| Automobiles | | | | |
| Trucks / Boats / Motorcycles | | | | |
| Other Valuable Property | | | | |
| Cash on Hand | | | | |
| Money Owed to Applicant | | | | |
| Other | | | | |
| Checking Acct. Bank, Acct. # | | | | |
| Savings Acct. Bank, Acct. # | | | | |
| Credit Union Name. Acct. # | | | | |

GRAND TOTAL D | $

| | | | |
|---|---|---|---|
| Gas | | 0 | |
| Fuel | | 0 | |
| Telephone | | 0 | Grand Total D |
| Cable | | 0 | **Total Assets** |
| Water / Sewer / Trash | | 0 | |
| Credit Cards | | 0 | |
| Loans | | 0 | |
| Taxes Owed | | 0 | **Total Monthly Liabilities** Grand Total E |
| Other | | 0 | **and Other Expenses** 0 |
| **GRAND TOTAL E** | | 0 | |

## IX. AFFIDAVIT FOR INDIGENCY

I. _Nathaniel Jackson_ being duly sworn, say:

1. I am financially unable to retain private counsel without substantial hardship to me or my family.

2. I understand that I must inform my attorney if my financial situation should change before the disposition of my case.

3. I understand that if it is determined by the county, or by the Court, that legal representation was provided for me to which I was not entitled, I may be required to reimburse the county for the costs representation provided.  Any action filed by the county to collect legal fees hereunder must be brought within two years from the last date legal representation was provided.

4. I understand that I am subject to criminal charges for providing false financial information in connect with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 291.13(A)(13), (D)(4).

5. I hereby certify that the information I have provided on this financial disclosure form is true to the be of my knowledge.

_Nathaniel Jackson_

Client's Signature                        Date

**Notary Public:**
Subscribed and duly sworn before me according to law, by the above named applicant this _2/c_ day of _DEC 2001_ at _Warren_ County of _Trumbull_ and State of _Ohio_

_Gifford Hartstein_

Notary's Signature

## X. JUDGE / ATTORNEY CERTIFICATION

I hereby certify the above-noted client is unable to fill out this financial disclosure form and/or is unable to sign the above affidavit.  I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____                    _____
Judge / Attorney Signature                              Date

LPD-205R  9/95

Sandra B. McPherson   .D.
12434 Cedar Road, Suite 15
Cleveland Heights, OH 44106
(216)721-1961

| Statement Date |
|----------------|
| 11/15/2002     |

| Page |
|------|
| 1    |

Nathaniel Jackson
C/O Atty Anthony Consoldane

| Chart Number |
|--------------|
| JACNA000     |

| Date | Document | Description | Case Number | Amount |
|------|----------|-------------|-------------|--------|
| | | **Previous Balance** | | **0.00** |
| Patient: Nathaniel Jackson | | Chart #: JACNA000 | Case Description: Mitigation- Sandra McPherson | |
| 2/12/2002 | 0202120000 | Transportation Time | 1737 | 250.00 |
| 2/12/2002 | 0202120000 | Forensic Interview | 1737 | 250.00 |
| 2/12/2002 | 0202120000 | Attorney Conference | 1737 | 250.00 |
| 4/9/2002 | 0204120000 | Transportation Time | 1737 | 125.00 |
| 4/9/2002 | 0204120000 | Forensic Interview | 1737 | 250.00 |
| 4/9/2002 | 0204120000 | Attorney Conference | 1737 | 125.00 |
| 4/27/2002 | 0204290000 | Review of Information | 1737 | 500.00 |
| 5/7/2002 | 0205100000 | Transportation Time | 1737 | 125.00 |
| 5/7/2002 | 0205100000 | Forensic Interview | 1737 | 250.00 |
| 4/9/2002 | 0208080000 | Psychological Testing | 1737 | 150.00 |
| 8/7/2002 | 0208080000 | Transportation Time | 1737 | 125.00 |
| 8/7/2002 | 0208080000 | Attorney Conference | 1737 | 62.50 |
| 11/11/2002 | 0211120000 | Transportation Time | 1737 | 250.00 |
| 11/11/2002 | 0211120000 | Forensic Interview | 1737 | 375.00 |
| 11/11/2002 | 0211120000 | Psychological Testing | 1737 | 250.00 |
| 11/11/2002 | 0211120000 | Attorney Conference | 1737 | 250.00 |
| 11/12/2002 | 0211120000 | Report 6-10 Pages | 1737 | 300.00 |
| 11/14/2002 | 0211150000 | Transportation Time | 1737 | 250.00 |
| 11/14/2002 | 0211150000 | Review of Information | 1737 | 750.00 |
| 11/14/2002 | 0211150000 | Forensic Interview | 1737 | 500.00 |

| Past Due 30 Days | Past Due 60 Days | Past Due 90 Days | Balance Due |
|------------------|------------------|------------------|-------------|
| 0.00 | 0.00 | 3,025.00 | **7,012.50** |

0990   466

Sandra B. McPherson,    .D.
12434 Cedar Road, Suite 15
Cleveland Heights, OH 44106
(216)721-1961

| Statement Date |
| --- |
| 11/15/2002 |

| Page |
| --- |
| 2 |

Nathaniel Jackson
C/O Atty Anthony Consoldane

| Chart Number |
| --- |
| JACNA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 11/14/2002 | 0211150000 | Court Time | 1737 | 500.00 |
| Patient: Nathaniel Jackson | | Chart #: JACNA000 | Case Description: Mitigation - Donald McPherson | |
| 2/12/2002 | 0202120000 | Forensic Interview | 1761 | 75.00 |
| 3/13/2002 | 0203130000 | Transportation Time | 1761 | 75.00 |
| 3/13/2002 | 0203130000 | Psychological Testing | 1761 | 262.50 |
| 8/7/2002 | 0208080000 | Psychological Testing | 1761 | 150.00 |
| 11/5/2002 | 0211060000 | Transportation Time | 1761 | 150.00 |
| 11/5/2002 | 0211060000 | Obtaining Records | 1761 | 150.00 |
| 11/7/2002 | 0211080000 | Transportation Time | 1761 | 112.50 |
| 11/7/2002 | 0211080000 | Obtaining Records | 1761 | 150.00 |

| Past Due 30 Days | Past Due 60 Days | Past Due 90 Days | Balance Due |
| --- | --- | --- | --- |
| 0.00 | 0.00 | 3,025.00 | 7,012.50 |

IN THE COURT OF COMMON PLEAS

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. __01 CR 794__ |
| Plaintiff | ) | JUDGE JOHN M. STUARD |
| vs. | | |
| | ) | **MOTION FOR TRANSCRIPTS** |
| NATHANIEL E. JACKSON | ) | |
| Defendant | ) | |

Now comes Defendant, NATHANIEL E. JACKSON, through counsel moves this Court for an Order allowing Mary Ann Mills, Kelly Wilson and Lori Rittwadge, Official Court Reporters, to produce a copy of all proceedings, from arraignment through sentencing before this Court in the above captioned case for purposes of appeal.

Defendant has a valid Affidavit of Indigency on file with the clerk of courts.

Defendant further requests that the transcript be taxed as costs.

Respectfully submitted,

JOHN P. LACZKO   #0051918
4800 Market St., Ste. C
Youngstown, Ohio   44512
(330)   788-2480
Counsel for Defendant

IT IS SO ORDERED:

JUDGE JOHN M. STUARD

0993   384

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been sent via regular U.S. Mail this _____17TH_____ day of _____January_____, 2003, to the following:  Atty. LuWayne Annos, Trumbull County Prosecutor's Office, 160 High St., Fourth Floor, Warren, Ohio  44481 and Mary Ann Mills, Kelly Wilson and Lori Rittwadge, Official Court Reporters, Trumbull County Courthouse, 160 High St., Warren, Ohio  44481.

JOHN P. LACZKO
Counsel for Defendant

Mottrans

IN THE COURT OF COMMON PLEAS

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO.   01 CR 794 |
| Plaintiff | ) | JUDGE JOHN M. STUARD |
| vs. | ) | **ORDER** |
| NATHANIEL E. JACKSON | ) | |
| Defendant | ) | |

Upon Motion of the Defendant, and for good cause shown, IT IS HEREBY ORDERED that Mary Ann Mills, Kelly Wilson and Lori Rittwadge, Official Court Reporters, produce a copy of all proceedings before this Court in the above case for purposes of appeal.  A valid Affidavit of Indigency has been filed with the Clerk of Court's office.  Said transcripts are to be taxed as costs.

**IT IS SO ORDERED.**


_____
JUDGE JOHN M. STUARD

John P. Laczko, Counsel for Defendant
Mary Ann Mills, Court Reporter
Kelly Wilson, Court Reporter
Lori Rittwadge, Court Reporter
LuWayne Annos, Trumbull County Prosecutor's Office

Ordertra

IN THE COURT OF COMMON PLEAS

TRUMBULL COUNTY, OHIO

STATE OF OHIO                )        CASE NO.  01 CR 794

    Plaintiff               )        JUDGE JOHN M. STUARD

vs.

                    )        **MOTION FOR TRANSCRIPTS**

NATHANIEL E. JACKSON          )

    Defendant               )

Now comes Defendant, NATHANIEL E. JACKSON, through counsel moves this Court for an Order allowing Mary Ann Mills, Kelly Wilson and Lori Rittwadge, Official Court Reporters, to produce a copy of all proceedings, from arraignment through sentencing before this Court in the above captioned case for purposes of appeal.

Defendant has a valid Affidavit of Indigency on file with the clerk of courts.

Defendant further requests that the transcript be taxed as costs.

Respectfully submitted,

JOHN P. LACZKO  #0051918
4800 Market St.  Ste. C
Youngstown, Ohio  44512
(330)  788-2480
Counsel for Defendant

IT IS SO ORDERED:

JUDGE JOHN M. STUARD

0993  384

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| NATHANIEL E. JACKSON, | ) |
| | ) |
| Defendant. | ) |

CASE NO.    :01-CR-794

JUDGE:    :JOHN M. STUARD

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO PROHIBIT REFERENCE TO NATURE AND CIRCUMSTANCES OF THE OFFENSE AS A FACTOR TO BE CONSIDERED IN MITIGATION OR IN INTRODUCTORY LANGUAGE RESPECTING MITIGATION (Motion No. 54)**

Defendant requests that this Court not refer to the "nature and circumstances of the offense" when it identifies the evidence presented by the defendant at the penalty phase, when it introduces the concept of the evidence to be weighed against the aggravating circumstances at that phase, or when it lists the mitigating factors during its instructions at that phase. Defendant's motion is premature and should be overruled.

First, it is unknown at this point whether there will even be a penalty phase in this case. Second, even if it were assumed that there will be such a phase, it remains unknown at this point what evidence the defendant would present. Thus, this motion should be overruled at this point, with the proviso that Defendant may renew the motion at the appropriate time.

For the reasons thus stated, the State respectfully requests that Defendant's motion be overruled.

Respectfully Submitted,
STATE OF OHIO, by

_____

DENNIS WATKINS (#0009949)
Trumbull County Prosecuting Attorney

and

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecutor
Trumbull County Prosecutor's Office
160 High Street, NW
3rd Floor Administration Bldg.
Warren, Ohio  44481
(330)-675-2426

## CERTIFICATION

This is to certify that a copy of the foregoing motion was hand delivered to counsel for

the Defendant,  this March 13, 2002.

_____

CHARLES L. MORROW (#0040575)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
Trumbull County, Ohio 44485