6/2/2017                                    CourtView Justice Solutions

## 2009 TR 00050

| Case Type | TR - Court of Appeals | Action: | NOTICE OF APPEAL-11TH DIST. APPELLATE COURT |
|---|---|---|---|
| Case Status: | CLOSED | Status Date: | 05/18/2010 |
| File Date: | 06/03/2009 | Case Judge: | COURT OF APPEALS |
| DCM Track: | | Next Event: | |

All Information | Party | Docket | Financial | Disposition

### Docket Information

| Date | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|
| 06/03/2009 | NOTICE OF APPEAL TO 11TH DISTRICT COURT OF APPEALS WITH  DOCKETING STATEMENT AND COPY OF JE, WTIH AFFIDAVIT OF INDIGENCY AND PRECIPE TO PREPARE THE RECORD FILED BY: RANDALL L PORTER (Attorney) on behalf of NATHANIEL E JACKSON (DEFENDANT) COPY TO ATTY L ANNOS AND COURT OF APPEALS | $100.00 | Image |
| 07/13/2009 | RECORD FILED WITH 17 VOLUMES TP.  NOTICE OF FILING TO COURT OF APPEALS AND ATTORNEYS | $0.00 | Image |
| 08/03/2009 | MERIT BRIEF OF APPELLANT AND CERTIFICATION FILED BY ATTYS J PARKER AND R PORTER | $0.00 | Image |
| 08/12/2009 | STATES MOTION TO DISMISS APPEAL  WITH CERTIFICATION FILED BY ATTY LUWAYNE ANNOS. | $0.00 | Image |
| 08/24/2009 | MEMORANDUM  CONTRA TO THE STATE'S MOTIN TO DISMISS AND CERTIFICATION FILED BY ATTY R PORTER | $0.00 | Image |
| 08/24/2009 | MERIT BRIEF OF APPELLEE AND CERTIFICATION  FILED  BY ATTY L ANNOS | $0.00 | Image |
| 09/08/2009 | REPLY BRIEF FILED WITH CERTIFICATE OF SERVICE FILED BY ATTY R PORTER | $0.00 | Image |
| 05/13/2010 | APPELLEE, THE STATE OF OHIO, HAS NOW MOVED THE COURT TO DISMISS THIS APPEAL FOR LACK OF JURISDICTION.  SINCE THE JURISDICTION OF THIS COURT HAS BEEN PROPERLY INVOKED UNDER SECTION 3(B) (2), ARTICLE IV OF THE OHIO CONSTITUTION, IT IS HEREBY ORDERED THAT APPELLEE'S MOTION TO DISMISS THE INSTANT APPEAL IS HEREBY OVERRULED.  THIS APPEAL SHALL NOW GO FORWARD IN ACCORDANCE WITH THE OHIO RULES OF APPELLATE PROCEDURE.  SEE JE COPY TO ATTYS | $0.00 | Image |
| 10/18/2010 | OPINION FROM 11TH DISTRICT COURT OF APPEALS FILED.  JUDGMENT:  SENTENCE VACATED AND REMANDED FOR RESENTENCING/  SEE OPINION AND JE COPY TO ATTYS | $0.00 | Image |
| 10/18/2010 | MANDATE ISSUED TO:  COMMON PLEAS | $0.00 | |
| 12/02/2010 | ORIGINAL PAPERS AND 17 VOL TP RETURNED TO:  COMMON PLEAS | $0.00 | |

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7419

THE COURT OF COMMON PLEA
Trumbull COUNTY, OHio

$\angle C_\tau$

STATE OF OHIO,                              :

    Plaintiff-Appellee,                    :

                            Trial Court Case No. 2001-CR-794

vs.                                        :        Court of Appeals No. 09-TR-50

NATHANIEL E. JACKSON,                      :

    Defendant-Appellant.                   :

**FILED**
COURT OF APPEALS

**NOTICE OF APPEAL**

JUN 0 3 2009

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

Notice is hereby given that Defendant-Appellant, Nathaniel Jackson, appeals to the Eleventh

District Court of Appeals from the trial court Judgment Entry time-stamped May 4, 2009 denying his

motion for a new trial/sentencing hearing.

<u>X</u>    Check here if court appointed and    <u>X</u>    Check here if any co-counsel for
        attach copy of appointment and                  Appellant and attach a separate
        Financial Disclosure/Affidavit of              sheet indicating name, address,
        Indigency. -- *Indigent , but not*                telephone no. and fax no.
        *court appointed*

        **MOTION FOR APPOINTMENT**
        **OF COUNSEL PENDING**

**TRANSCRIPT INFORMATION - App.R. 9(B)**

\_\_\_\_   I have ordered a complete transcript from the court reporter.
        Estimated completion date.
        *The transcript from the trial and sentencing hearing has already been prepared and filed with*
        *the court. The court reporter needs to complete and file only the transcript from the April 18,*
        *2008 hearing.*
\_\_\_\_   I have ordered a partial transcript from the court reporter.
        Estimated completion date: _____   Estimated number of pages:_____
\_\_\_\_   A statement pursuant to App.R. 9(C) or (D) is to be prepared in lieu of transcript.
\_\_\_\_   Videotapes to be filed. See. App.R. 9(A) or (B).
\_\_\_\_   No transcript or statement pursuant to either App. R. 9(C) or (D) is necessary.
  <u>X</u>    Transcript has been completed and made a part of the record in *State v. Jackson,* Case No.
2008 TR 00077, which is currently pending before this Court

June 3, 2009

                                _____
                             Signature of Attorney or Appellant

382

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7420

## DESIGNATION OF CO-COUNSEL

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

2

Randall L. Porter
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street, Suite 1400
Address

Columbus, OH  43215-9308
City, State, Zip Code

0005835
Attorney Regis. No.

614-466-5394          614-644-0708
Telephone No.          Fax No.

Randall.Porter@OPD.Ohio.gov
E-mail Address

Revised 05/10/2007

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Notice Of Appeal* was forwarded first-class U.S.

Mail to LuWayne Annos, Assistant Prosecuting Attorney, Trumbull County Prosecutor's Office, 160

High St., N.W., 4th Floor, Warren, Ohio 44481, this 3rd day of June, 2009.

RANDALL L. PORTER
Assistant State Public Defender

COUNSEL FOR NATHANIEL E. JACKSON

ELEVENTH DISTRICT COURT OF APPEALS
DOCKETING STATEMENT
(To be attached to and filed with Notice of Appeal)

State of Ohio _____

Plaintiff-Appellee

vs.
Nathaniel Jackson _____

Defendant-Appellant

Name of Trial Court  Trumbull C.P.

Trial Court Case No. 01-CR-794

Court of Appeals Case No. 09-TR-55

**F I L E D**
COURT OF APPEALS

JUN 0 3 2009

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

**REGULAR CALENDAR**

__X__  Case should be assigned to the Regular Calendar with full briefing.

**ACCELERATED CALENDAR - (Check if this applies)**

____  I have read Loc.App.R. 11. This appeal meets those requirements, and I request that it be briefed and decided on the Accelerated Calendar.

**EXPEDITED APPEAL**

____  This case should be heard as an expedited appeal as defined under App.R. 11.2 because: (State provision of App.R. 11.2 or applicable statute): _____

**ORAL ARGUMENT**

____  To expedite oral argument, I am willing to travel to whichever adjoining county in which the Eleventh District has the first available date.

__X__  I want oral argument in this appeal set in the county in which the appeal originates.

**CASE TYPE**

____**A. Criminal.**

Specify nature of offense(s) (e.g., assault, burglary, rape): _____

(1) Is the defendant presently in jail? ____ Yes ____ No. If the answer is "Yes," give date of incarceration _____. When is he/she due to be released (if you know)? _____
(2) Has a stay been filed in the trial court? ____ Yes ____ No. If granted, what are the terms ?

(3) Does the judgment entry comply with Crim.R. 32(C) by including the plea, verdict or findings, and a sentence? ____ Yes ____ No. If the answer is "No," this is not a final appealable order.

____**B. Post-Conviction Relief.** Date of conviction: 12/09/02
*This is the appeal from the denial of a motion for a new trial/sentencing hearing*

____**C. Civil**

Specify cause(s) of action: _____

____**D. App.R. 11.2 (Abortion, Adoption, or Termination of Parental Rights Appeal).**

**PROBABLE ISSUE FOR REVIEW**: Prosecutor's *ex parte* drafting of various entries for the trial judge including sentencing entry

**THE FOLLOWING QUESTIONS APPLY TO ALL CIVIL AND ADMINISTRATIVE APPEALS**

1.  **FINAL APPEALABLE ORDER**

    (a) Has the trial court disposed of all claims by and against all parties?
        X Yes    **(Attach copies of all judgments and orders indicating that all claims against all parties have been concluded.)**
        _____ No
    (b) If the answer to (a) is "No," has the trial court made an express determination that there is "no just reason for delay," pursuant to Civ.R. 54(B), with respect to the judgment or order from which the appeal is taken?
        _____ Yes (Attach a copy of that order.)
        _____ No
    (c) Is the judgment or order subject to immediate appeal under R.C. 2505.02?  If so, set forth the specific provision(s) that authorize this appeal: _____
    (d) Does the right to an immediate appeal arise from a provision of a statute other than R.C. 2505.02?  If so, identify the statute: _____

    *There is a question whether the order should be appealed directly to the Ohio Supreme Court or this Court. Appellant, while believing that the Ohio Supreme Court is the correct court, has concurrently, out of an abundance of caution, has notices of appeal with both courts.*

2.  **MEDIATION**

    (a) Would a pre-hearing conference or mediation assist in the resolution of this matter?
        _____ Yes    __X__ No    _____ Maybe
        Please explain (optional) _____
        _____

CERTIFICATE OF SERVICE:  I certify that I have mailed or otherwise delivered a copy of this Docketing Statement to all counsel of record, or to the parties if unrepresented.  The following is a listing of the name, address and telephone number of all counsel and the parties they represent and any parties not represented by counsel:  (attach extra sheet if necessary)

State of Ohio
Luwayne Annos
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High Street, N.W.
4th Floor Administration Building
Warren Ohio 44481

(330) 675-2426

DATE:  June 3, 2009                    SIGNATURE _____

Revised 5/10/07

IN THE COURT OF COMMON PLEAS
-GENERAL DIVISION-
TRUMBULL COUNTY, OHIO

CASE NUMBER: 2001 CR 00794

STATE OF OHIO
PLAINTIFF

vs.

JUDGE JOHN M STUARD

NATHANIEL E JACKSON
DEFENDANT

JUDGMENT ENTRY

This matter is before the Court on the following motions filed by the Defendant:

(1) Defendant's Motion for New Trial/Sentencing Hearing filed on February 29, 2008

and (2) Defendant's Motion to Disqualify the Trumbull County Prosecutor's Office filed

on September 20, 2006. The Court has reviewed the motions, the briefs and

memoranda, the exhibits, record, pleadings and the relevant applicable law.

On July 16, 2008, this Court addressed a similar motion for new trial filed by the

Defendant. The underlying basis for that motion was the alleged involvement of the

Trumbull County Prosecutor's Office in the preparation of findings of fact and

conclusions of law relative to a judgment entry overruling Defendant's Motion to

Suppress. The Court stated: "There is no provision in the Ohio Criminal Rules that

provides for a new sentencing hearing." The Court went on to note that the Defendant's

motion was untimely under Crim.R. 33(B).

The underlying basis of the present motion for new sentencing hearing before

the Court is the alleged involvement of the Trumbull County Prosecutor's Office in the

preparation of the Defendant's sentencing entry. For the same reasons set forth in its

July 16, 2008 judgment entry, the Court finds Defendant's motion for new sentencing

2001 CR
00794
00067663206

o

hearing to be not well taken as well. Therefore, the motion for new sentencing hearing is hereby denied.

In regards to the second motion under review, the Defendant requests this Court disqualify the entire Trumbull County Prosecutor's office because "*** they are material fact witnesses with respect to the motions which Nathaniel Jackson filed on August 15, 2006 and September 5, 2006. Those motions are respectively: Defendant's Request for Leave to File Motion for New Sentencing Hearing and Defendant's Motion for Relief from Judgment. As the Court has allowed the Defendant to file his request for new sentencing hearing and has herein denied the same as it was denied before in relation to the suppression entry, the Court does not find any merit to the Defendant's claims that the prosecutor's office should be disqualified on the basis that they are likely to be called as witnesses for that motion.

Likewise, the September 5, 2006, Motion for Relief from Judgment was already denied by this Court on February 15, 2008, and is currently on appeal at the Eleventh District Court of Appeals, thereby divesting this Court of further jurisdiction related to that judgment entry.

Therefore, the Defendant's Motion to Disqualify the Prosecutor's Office is hereby denied as moot.

IT IS SO ORDERED.

Date: 5/1/09

Copies to:
LUWAYNE ANNOS
JOHN P PARKER

JUDGE JOHN M STUARD

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH
WITH BY ORDINARY MAIL

5-4-09
Copies to:
Pros.
J. Parker

**IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO**

STATE OF OHIO,                          )
                                        )
    Plaintiff-Respondent,               )       Case No. 01-CR-794
                                        )
    -vs-                                )       Judge John Stuard
                                        )
NATHANIEL JACKSON                       )
                                        )
    Defendant-Petitioner.               )

*FILED
COURT OF APPEALS
JUN 0 3 2009
TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK*

## AFFIDAVIT OF INDIGENCY

I, Nathaniel Jackson do solemnly swear that I presently, this 2nd day of
June, 2009, have no means of financial support and no assets of any value
and, therefore, cannot afford to pay for any legal services, fees, or costs on my
behalf in the above-styled case; that I am presently incarcerated at the Ohio
State Correctional Facility; and that I have $ 16.00 income per month.

                              X *Nathaniel Jackson*
                              NATHANIEL JACKSON
                              #440-891
                              Ohio State Penitentiary
                              878 Coitsville-Hubbard Road
                              Youngstown, Ohio  44505

    Sworn and subscribed in my presence this 2nd day of June
2009.

                              Scott Nowak
                              NOTARY PUBLIC
                              My Commission Expires: March 27, 2010

`. )`

## FIN/ IAL DISCLOSURE/AFFIDAVIT OF IN[ NCY
($25.00 application fee may be assessed—see notice on reverse side)

### I. PERSONAL INFORMATION

| Name/Applicant<br>Nathaniel Jackson | | Party Represented (if applicant, enter "same")<br>Same | | | | D.O.B. |
|---|---|---|---|---|---|---|
| Mailing Address<br>Ohio State Penitentiary, 878 Coitsville-Hubbard Rd. | | City<br>Youngstown | | State<br>Ohio | | ZIP<br>44505 |
| Case No.<br>Trumbull C.P. No. 2001 CR 794 | | Phone<br>( ) None | | | | Message Phone (within 48 hours)<br>( ) |

### II. OTHER PERSONS LIVING IN HOUSEHOLD

| Name<br>1) None | D.O.B | Relationship | Name<br>3) | | D.O.B | Relationship |
|---|---|---|---|---|---|---|
| 2) | | | 4) | | | |

### III. MONTHLY INCOME/EMPLOYMENT INFORMATION

| Type of Income | Applicant | Spouse (or Parents if applicant is a juvenile) | Other Household Members | Total |
|---|---|---|---|---|
| Employment (Gross) | 16.00 | | | |
| Unemployment | None | | | |
| Worker's Comp. | None | | | |
| Pension/Social Security | None | | | |
| Child Support | None | | | |
| Works First/TANF | None | | | |
| Disability | None | | | |
| Other | None | | | |

| Employer's Name (for all household members) | | | | |
|---|---|---|---|---|
| | | **A. TOTAL INCOME** | $ 16.00 | |
| Employer's Address Ohio State Penitentiary, 878 Coitsville-Hubbard Rd., Youngstown, OH | | | Phone<br>( ) | |

| IV. ALLOWABLE EXPENSES | | V. TOTAL INCOME | |
|---|---|---|---|
| Type of Expense | Amount | | |
| Child Support Paid Out | None | Total Income – Allowable Expenses = Adjusted Total Income | |
| Child Care (if working only) | None | | |
| Transportation for Work | None | | |
| Insurance | None | **A. TOTAL INCOME** | $16.00 |
| Medical/Dental | None | – **B. EXPENSES** | $0.00 |
| Medical & Associated Costs Of Caring for Infirm Family Members | None | **C. ADJUSTED TOTAL INCOME** | $16.00 |
| **B. EXPENSES** | $00.00 | | |

### VI. ASSET INFORMATION

| Type of Asset | Describe / Length of Ownership / Make, Model, Year (where applicable) | | | Estimated Value |
|---|---|---|---|---|
| Real Estate / Home | Price:$ | Date Purchased: | Amt. Owed:$ | |
| Stocks / Bonds / CD's | None | | | |
| Automobiles | None | | | |
| Trucks / Boats / Motorcycles | None | | | |
| Other Valuable Property | None | | | |
| Cash on Hand | None | | | |
| Money Owed to Applicant | None | | | |
| Other | None | | | |
| Checking Acct. (Bank / Acct. #) | None | | | |
| Savings/MM Acct. (Bank / Acct. #) | None | | | |
| | | | **D. TOTAL ASSETS** | $00.00 |

| VII. MONTHLY LIABILITIES/OTHER EXPENSES | | VIII. GRAND TOTALS | |
|---|---|---|---|
| Type of Liability | Amount | | |
| Rent / Mortgage | None | | |
| Food | None | **C. ADJ. TOTAL INCOME** | 16.00 |
| Electric | None | | |
| Gas | None | **D. TOTAL ASSETS** | 00.00 |
| Fuel | None | | |
| Telephone | None | **E. LIABILITIES & OTHER** | 9.00 |
| Cable | None | | |
| Water / Sewer / Trash | None | **$25.00 APPLICATION FEE NOTICE** | |
| Credit Cards | None | By submitting this Financial Disclosure Form/Affidavit of Indigency Form, you will be assessed a non-refundable $25.00 application fee unless waived or reduced by the court. If assessed, the fee is to be paid to the clerk of courts within seven (7) days of submitting this form to the court, the public defender, your appointed counsel or any other party who will make a determination regarding your indigency. | |
| Loans | None | | |
| Taxes Owed | None | | |
| Other | 9.00 | | |
| **E. LIABILITIES & OTHER EXPENSE** | 9.00 | | |

**IX. AFFIDAVIT OF INDIGENCY**

I, Nathaniel Jackson (affiant) being duly sworn, say:

1.  I am financially unable to retain private counsel without substantial hardship to me or my family.

2.  I understand that I must inform the public defender or appointed attorney if my financial situation should change before the disposition of the case(s) for which representation is being provided.

3.  I understand that if it is determined by the county, or by the Court, that legal representation should not have been provided, I may be required to reimburse the county for the costs of representation provided. Any action filed by the county to collect legal fees hereunder must be brought within two years form the last date legal representation was provided.

4.  I understand that I am subject to criminal charges for providing false financial information in connection with the above application for legal representation pursuant to Ohio Revised Code Sections 120.05 and 2921.13.

5.  I hereby certify that the information I have provided on this financial disclosure form is true to the best of my knowledge.

X Nathaniel Jackson  6-2-09
Affiant's Signature   Date

**Notary Public/Individual duly authorized to administer oath:**
Subscribed and duly sworn before me according to law, by the above named applicant this 2nd day of June, 2009, at Youngtown, County of Mahoning and State of Ohio.

Scott Newrk   Case manager - Notary
Signature of person administering oath   Title

**X. JUDGE CERTIFICATION**

I hereby certify that above-noted applicant is unable to fill out and/or sign this financial disclosure/affidavit for the following reason: _____.

I have determined that the applicant meets the criteria for receiving court appointed counsel.

_____   _____
Judge's Signature   Date

06/02/2009

**Ohio State Penitentiary**

**Inmate Demand Statement**

Inmate Name:  JACKSON, NATHANIEL E                                 Number: A440891

Lock Location:  OSP,B,7,,,16

Date Range: 12/02/2008    Through        06/03/2009

Beginning Account Balances:                              Ending Account Balances:

|  | Saving | Debt | Payable |  | Saving | Debt | Payable |
|---|---|---|---|---|---|---|---|
| Pos Exemption | $0.15 | $0.00 | $0.00 | Pos Exemption | $0.38 | $0.00 | $0.00 |
| Inmate's Person | $1.48 | $0.00 | $0.00 | Inmate's Personal A | $0.00 | $0.00 | $0.00 |
| **Begin Totals** | **$1.63** | **$0.00** | **$0.00** | **End Totals** | **$0.38** | **$0.00** | **$0.00** |

| Transaction Date | Transaction Amount | Description | Comment | Saving Balance | Debt Balance | Payable Balance |
|---|---|---|---|---|---|---|
| 12/03/2008 | ($0.52) Postage Charges (USPS) | | P.DUC | $1.11 | $0.00 | $0.00 |
| 12/03/2008 | $15.00 Money Order | | REBECCA O'REILLY | $16.11 | $0.00 | $0.00 |
| 12/05/2008 | $16.00 State Pay | | STATE PAY-NOV 08 | $32.11 | $0.00 | $0.00 |
| 12/08/2008 | ($3.00) Withdrawal to CRIME VICTIMS REPARATION FUND | | CRIME VICTIMS REPARATON FUND | $29.11 | $0.00 | $0.00 |
| 12/08/2008 | ($22.12) Commissary Sale | | Ticket Number 21298 | $6.99 | $0.00 | $0.00 |
| 12/10/2008 | ($0.52) Postage Charges (USPS) | | FRANCE | $6.47 | $0.00 | $0.00 |
| 12/10/2008 | ($0.52) Postage Charges (USPS) | | FRANCE | $5.95 | $0.00 | $0.00 |
| 12/12/2008 | $85.71 Money Order | | CITIBANK NA | $91.66 | $0.00 | $0.00 |
| 12/15/2008 | ($1.00) Postage Charges (USPS) | | K.RAY | $90.66 | $0.00 | $0.00 |
| 12/15/2008 | ($1.28) Postage Charges (USPS) | | c. atkinson | $89.38 | $0.00 | $0.00 |
| 12/15/2008 | ($49.72) Commissary Sale | | Ticket Number 21565 | $39.66 | $0.00 | $0.00 |
| 12/16/2008 | ($7.00) Withdrawal to RELIANCE COLOR LABS | | RELIANCE COLOR LABS | $32.66 | $0.00 | $0.00 |
| 12/19/2008 | ($0.52) Postage Charges (USPS) | | P. DUC | $32.14 | $0.00 | $0.00 |
| 12/23/2008 | $15.00 Money Order | | PERSONAL ASSISTANT | $47.14 | $0.00 | $0.00 |
| 12/29/2008 | ($29.43) Commissary Sale | | Ticket Number 21951 | $17.71 | $0.00 | $0.00 |
| 12/30/2008 | $3.62 Commissary Sale | | Ticket Number 22066 | $21.33 | $0.00 | $0.00 |
| 12/30/2008 | ($0.52) Postage Charges (USPS) | | P.DUC | $20.81 | $0.00 | $0.00 |
| 12/30/2008 | ($0.52) Postage Charges (USPS) | | C. ATKINSON | $20.29 | $0.00 | $0.00 |
| 01/01/2009 | ($11.38) Inmate's Personal Account | | POS Exemption Transfer | $8.91 | $0.00 | $0.00 |
| 01/01/2009 | $11.38 Pos Exemption | | POS Exemption Transfer | $20.29 | $0.00 | $0.00 |
| 01/05/2009 | ($3.00) Withdrawal to CRIME VICTIMS REPARATION FUND | | CRIME VICTIMS REPARATION FUND | $17.29 | $0.00 | $0.00 |
| 01/05/2009 | ($15.73) Commissary Sale | | Ticket Number 22153 | $1.56 | $0.00 | $0.00 |
| 01/05/2009 | ($0.10) Postage Charges (USPS) | | P.DUC | $1.46 | $0.00 | $0.00 |

| 01/08/2009 | ($0.52) Postag.    Iarges (USPS) | P.DUC | $0.94 | $0.00 | $0.00 |
|---|---|---|---|---|---|
| 01/09/2009 | $16.00 State Pay | STATE PAY- DEC 08 | $16.94 | $0.00 | $0.00 |
| 01/12/2009 | ($14.88) Commissary Sale | Ticket Number 22328 | $2.06 | $0.00 | $0.00 |
| 01/23/2009 | ($0.52) Postage Charges (USPS) | P.DUC | $1.54 | $0.00 | $0.00 |
| 01/23/2009 | ($0.52) Postage Charges (USPS) | P. DUC | $1.02 | $0.00 | $0.00 |
| 01/27/2009 | $63.89 Money Order | NO NAME | $64.91 | $0.00 | $0.00 |
| 01/30/2009 | ($0.50) Copy Charges | COPIES | $64.41 | $0.00 | $0.00 |
| 01/30/2009 | ($0.52) Postage Charges (USPS) | 5 RUE NATIONALE | $63.89 | $0.00 | $0.00 |
| 01/30/2009 | ($0.52) Postage Charges (USPS) | 5 RUE NATIONALE | $63.37 | $0.00 | $0.00 |
| 02/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $48.37 | $0.00 | $0.00 |
| 02/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $63.37 | $0.00 | $0.00 |
| 02/02/2009 | ($49.82) Commissary Sale | Ticket Number 22912 | $13.55 | $0.00 | $0.00 |
| 02/04/2009 | ($3.00) Withdrawal to CRIME VICTIMS REPARATION FUND | CVR FUND - AGV ACCOUNT# 4112183 | $10.55 | $0.00 | $0.00 |
| 02/05/2009 | ($0.52) Postage Charges (USPS) | P. DUC | $10.03 | $0.00 | $0.00 |
| 02/05/2009 | ($0.52) Postage Charges (USPS) | P. DUC | $9.51 | $0.00 | $0.00 |
| 02/06/2009 | $16.00 State Pay | STATE PAY-JAN 09 | $25.51 | $0.00 | $0.00 |
| 02/06/2009 | ($6.00) Photographs - I&E | PHOTOS | $19.51 | $0.00 | $0.00 |
| 02/09/2009 | ($13.79) Commissary Sale | Ticket Number 23104 | $5.72 | $0.00 | $0.00 |
| 02/10/2009 | $10.00 Money Order | NEIL JACKSON | $15.72 | $0.00 | $0.00 |
| 02/12/2009 | ($0.52) Postage Charges (USPS) | P.DUC | $15.20 | $0.00 | $0.00 |
| 02/17/2009 | ($10.20) Commissary Sale | Ticket Number 23332 | $5.00 | $0.00 | $0.00 |
| 02/23/2009 | ($4.93) Commissary Sale | Ticket Number 23496 | $0.07 | $0.00 | $0.00 |
| 03/01/2009 | $0.00 $15.00 Reservation to Pos Exemption | Odrc Pos Exemption | $0.07 | $0.00 | $0.00 |
| 03/05/2009 | $16.00 State Pay | STATE PAY-FEB. 2009 | $16.07 | $0.00 | $0.00 |
| 03/12/2009 | ($3.00) Withdrawal to CRIME VICTIMS REPARATIONS FUND | CRIME VICTIMS | $13.07 | $0.00 | $0.00 |
| 03/13/2009 | ($10.00) Fundraisers - No Specific Club | CCC-CHICKEN | $3.07 | $0.00 | $0.00 |
| 03/17/2009 | $86.80 Money Order | CITBANK | $89.87 | $0.00 | $0.00 |
| 03/23/2009 | ($73.32) Commissary Sale | Ticket Number 24261 | $16.55 | $0.00 | $0.00 |
| 03/25/2009 | $50.00 Money Order | LUNETTA TAINATONGO | $66.55 | $0.00 | $0.00 |
| 03/30/2009 | ($59.25) Commissary Sale | Ticket Number 24426 | $7.30 | $0.00 | $0.00 |
| 04/01/2009 | $0.00 $15.00 Reservation to Pos Exemption | Odrc Pos Exemption | $7.30 | $0.00 | $0.00 |
| 04/01/2009 | ($8.05) Postage Charges (USPS) | L. TAINATONGO | ($0.75) | $0.00 | $0.00 |
| 04/03/2009 | $16.00 State Pay | STATE PAY-MARCH 09 | $15.25 | $0.00 | $0.00 |
| 04/06/2009 | ($11.72) Commissary Sale | Ticket Number 24614 | $3.53 | $0.00 | $0.00 |
| 04/06/2009 | ($0.52) Postage Charges (USPS) | D.CARELS | $3.01 | $0.00 | $0.00 |

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7431

| 04/06/2009 | ($0.52) Postage charges (USPS) | D.CARELS | $2.49 | $0.00 | $0.00 |
| 04/06/2009 | $0.52 Reversed Postage Charges (USPS) | Reversed Task No. 13660537 | $3.01 | $0.00 | $0.00 |
| 04/07/2009 | ($3.00) Withdrawal to CRIME VICTIMS REPARATION FUND | CRIME VICS | $0.01 | $0.00 | $0.00 |
| 04/16/2009 | $115.71 Money Order | CITBANK | $115.72 | $0.00 | $0.00 |
| 04/16/2009 | ($18.97) Withdrawal to PACK CENTRAL INC | PACK CENTRAL | $96.75 | $0.00 | $0.00 |
| 04/20/2009 | ($66.02) Commissary Sale | Ticket Number 25004 | $30.73 | $0.00 | $0.00 |
| 04/23/2009 | $10.00 Money Order | N. WILLIAMS | $40.73 | $0.00 | $0.00 |
| 04/27/2009 | ($9.98) Commissary Sale | Ticket Number 25132 | $30.75 | $0.00 | $0.00 |
| 05/01/2009 | ($15.00) Inmate's Personal Account | POS Exemption Transfer | $15.75 | $0.00 | $0.00 |
| 05/01/2009 | $15.00 Pos Exemption | POS Exemption Transfer | $30.75 | $0.00 | $0.00 |
| 05/04/2009 | ($16.08) Commissary Sale | Ticket Number 25233 | $14.67 | $0.00 | $0.00 |
| 05/06/2009 | ($3.00) Withdrawal to Crime Victims Reparation Fund | CRIME VICS REP. FUND-#4112183 | $11.67 | $0.00 | $0.00 |
| 05/08/2009 | $16.00 State Pay | STATE PAY-APRIL 09 | $27.67 | $0.00 | $0.00 |
| 05/11/2009 | ($26.66) Commissary Sale | Ticket Number 25454 | $1.01 | $0.00 | $0.00 |
| 05/12/2009 | ($0.10) Commissary Sale | Ticket Number 25537 | $0.91 | $0.00 | $0.00 |
| 05/12/2009 | $50.00 Money Order | L. TAINATONGO | $50.91 | $0.00 | $0.00 |
| 05/18/2009 | ($21.97) Withdrawal to Pack Central Inc | PACK CENTRAL | $28.94 | $0.00 | $0.00 |
| 05/18/2009 | ($28.56) Commissary Sale | Ticket Number 25678 | $0.38 | $0.00 | $0.00 |
| 06/01/2009 | $0.00 $15.00 Reservation to Pos Exemption | Odrc Pos Exemption | $0.38 | $0.00 | $0.00 |

Outstanding Debts:

| Start Date | Description | Case | Agency | County | Total Debt | Paid to Date | Balance Owed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Total Outstanding Case Balances | $0.00 |
|---|---|

Outstanding Holds:

| Start Date | Description | Case | Agency | County | Total Debt | Paid to Date | Balance Owed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| Total Outstanding Case Holds | $0.00 |
|---|---|

Outstanding Investments / EPC:

| Investment Type | Investment Type Description | Invest Company | Company Description | Balance |
|---|---|---|---|---|
| | | | | |

Page: 3/3    A440891    JACKSON, NATHANIEL E                          OSP    06/02/2009

**IN THE COURT OF COMMON PLEAS**
**TRUMBULL COUNTY, OHIO**

STATE OF OHIO,                       )
                                     )
    Plaintiff-Respondent,        )      **Trial Court No. 01-CR-794**
                                     )
    -vs-                         )      **Court of Appeals No.**
                                     )
NATHANIEL JACKSON,                   )
                                     )
    Defendant-Petitioner.        )

---

## PRAECIPE

---

    This is to direct the Clerk of the Trumbull County Common Pleas Court to prepare a record of all of the original papers and exhibits filed in the trial court, a copy of any Motion for a New Trial or the proceedings and filings related thereto, a certified copy of the docket and all journal entries, and a certified copy of the trial transcript, including exhibits, in the above-captioned case, pursuant to Appellate Rule 9, along with the affidavit of indigency and all documents necessary under the Local Appellate Rules.  These documents are to be forwarded to the Eleventh District Court of Appeals, Trumbull County, Ohio.

                  Respectfully submitted,

                  JOHN P. PARKER – 0041243
                  988 East 185 Street
                  Cleveland, Ohio 44119
                  1-216-881-0900 (Voice)
                  1-216-881-3928 (Facsimile)

johnpparker@earthlink.net
Pro Bono Counsel

And

OFFICE OF THE
OHIO PUBLIC DEFENDER

_____
RANDALL L. PORTER - 0005835
Assistant State Public Defender

Office of the Ohio Public Defender
250 E. Broad Street - Suite 1400
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Praecipe* was sent by regular U.S. Mail to LuWayne Annos, Assistant Trumbull County Prosecuting Attorney, 160 High Street, N.W. 4th Floor Administration Building, Warren, Ohio 44481 on this 3rd day of June, 2009.

_____
RANDALL L. PORTER
COUNSEL FOR NATHANIEL JACKSON

2

TO:    File Copy

## COURT NOTICE OF FILING
### *Warren, Ohio*

**CASE NO. 2009 TR 00050**

**IN CASE OF:**

**STATE OF OHIO -** APPELLEE

VS.

**NATHANIEL E JACKSON - APPELLANT**

THIS IS TO NOTIFY THAT THE COURT OF **APPEALS** HAS THIS DAY
MADE THE FOLLOWING ENTRY IN THE ABOVE ENTITLED CASE:

RECORD FILED WITH 17 VOL TP ON 07/13/09

**KAREN INFANTE ALLEN**
CLERK OF COURTS

cc:
      COURT OF APPEALS
      JOHN P PARKER
      LUWAYNE ANNOS
      RANDALL L PORTER

**IN THE COURT OF APPEALS**
**ELEVENTH APPELLATE DISTRICT**
**TRUMBULL COUNTY, OHIO**

**STATE OF OHIO,**                    )

    **Plaintiff-Appellee,**              )

-vs-                                  )

**NATHANIEL JACKSON,**                )

    **Defendant-Appellant.**            )
                                      )

**F I L E D**
COURT OF APPEALS

AUG 0 3 2009

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

**Case No. 2009-TR-00050**

**Regular Calendar**

**Oral Argument Requested**

---

## APPELLANT NATHANIEL JACKSON'S MERIT BRIEF

---

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

DENNIS WATKINS - 0009949
Trumbull County Prosecuting Attorney

OFFICE OF THE
OHIO PUBLIC DEFENDER

LUWAYNE ANNOS - 0055651
Assistant Prosecuting Attorney

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Trumbull County Prosecutor's Office
160 High Street, N.W.
4th Floor Administration Building
Warren, Ohio 44481
(330) 675-2426

250 E. Broad Street - Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR APPELLEE

COUNSEL FOR APPELLANT

ORIGINAL

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................ i

COMBINED STATEMENT OF THE CASE AND THE FACTS ............................. 1

**ASSIGNMENT OF ERROR NO. I** ...................................................... 7

> **THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTION FOR A NEW SENTENCING HEARING [T.d. 371]** ........................................................................ 7

**ISSUE PRESENTED FOR REVIEW** ................................................... 7

> **A trial judge cannot use a prosecutor to draft the sentencing opinion in a capital case.** ............................... 7

*AUTHORITIES:*

> *State v. Roberts*, 110 Ohio St. 3d 71, 2006-Ohio-3665.................... passim

> Ohio R. Crim. P. 33 ..................................................... passim

> *State v. Davie*, 11th Dist. No. 2007-T-0069, 2007-Ohio-6940 .................... 9

> *State v. Stumpf* (1987), 32 Ohio St. 3d 95, 105 512 N.E. 2d 598 ......... 9, 10

> *State v. Williams (1975)*, 43 Ohio St. 2d 88, 72 O.O. 2d 49, 330 N.E. 2d 891.................................................................... 10

> *New Hampshire v. Maine* (2001), 532 U.S. 742 ....................................... 12

> *Reynolds v. Commission of Internal Revenue Service* (6th Cir. 1998), 861 F.2d 469 ................................................................... 12, 13

> *Fish v. Lake City Board of Commissioners* (1968), 13 Ohio St. 2d 99 ....... 13

> *Scioto Memorial Hosp. Assoc. v. Price Waterhouse* (1995), 74 Ohio St. 3d 474............................................................................ 13

> *Smith v. Dillard Department Stores* (2000), 139 Ohio App. 3d 525 .......... 13

> *Griffith v. Wal-Mart Stores, Inc.* (6th Cir. 1998), 135 F.3d 376 ................. 13

> *State v. Maurer* (1985) 15 Ohio St. 3d 239 ................................. 14, 15, 21

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7437

*State v. Johnson* (1986), 24 Ohio St. 3d 87 .............................................. 14

*State v. Jenkins* (1984), 15 Ohio St. 3d 164 ............................................ 14

*Godfrey v. Georgia* (1980), 446 U.S. 420 ................................................ 14

O.R.C. § 2929.03 ....................................................................... 15, 19, 20

*State v. Davis* (1988), 38 Ohio St. 3d 361 ........................................ 15, 19

*State v. Green* (2000), 90 Ohio St. 3d 352 ................................................ 15

U.S. Const. amend. V .................................................................... 16

*Offutt v. United States* (1954), 348 U.S. 11 .............................................. 16

*Patterson v. Colorado* (1907), 205 U.S. 454 ............................................. 16

*Agnew v. Lesbach* (7th Cir. 2001), 250 F.3d 1123 .................................. 17

*Caliendo v. Warden of California Men's Colony* (9th Cir. 2004),
365 F.3d 691 ..................................................................................... 17

*Taylor v. Hayes* (1974), 418 U.S. 488 .................................................... 17

*In re Murchison* (1955), 349 U.S. 133 .................................................... 17

*Withrow v. Larkin* (1975), 421 U.S. 35 ................................................... 17

*In re Oliver* (1948), 333 U.S. 257 .......................................................... 17

*Arizona v. Fulminate* (1991), 499 U.S. 297 ............................................. 17

*Bracey v. Schoenig* (7th Cir. 2002), 286 F.3d 406 ................................... 17

*Ward v. Village of Monroeville, Ohio* (1972), 409 U.S. 57 .......................... 17

U.S. Const. amend. VIII ................................................................ 18, 21

*Eddings v. Oklahoma* (1982), 455 U.S. 104 ............................................. 18

*Zant v. Stephens* (1983), 462 U.S. 862 ............................................. 18, 20

*Furman v. Georgia* (1972), 408 U.S. 238 ................................................ 18

ii

*Gardner v. Florida* (1977), 430 U.S. 349 ................................................. 18

*State, ex rel Spirko v. Judges of the Court of Appeals, Third Appellate District* (1986), 27 Ohio St. 3d 13 ............................................................ 18

U.S. Const. amend. XIV .................................................... 19, 21

O.R.C. § 2929.02 .................................................................... 19

O.R.C. § 2929.04 .................................................................... 19

*Hicks v. Oklahoma* (1980), 447 U.S. 343................................................. 19

*Romano v. Oklahoma* (1994), 512 U.S. 1................................................. 19

*Ross v. Oklahoma* (1988), 487 U.S. 81.................................................... 19

*Evitts v. Lucey* (1985), 469 U.S. 387 ..................................................... 19

*Morrissey v. Brewer* (1972), 408 U.S. 471 .............................................. 19

*Parker v. Dugger* (1991), 498 U.S. 308 .................................................. 20

*Clemons v. Mississippi* (1990), 494 U.S. 738........................................... 20

*Stringer v. Black* (1992), 503 U.S. 222 ................................................... 20

*Caldwell v. Mississippi* (1985), 472 U.S. 320 .......................................... 21

*State v. Tenace*, 109 Ohio St. 3d 255, 2006-Ohio-2417 .......................... 21

O.R.C. § 2501.02 .................................................................... 21

*State v. Sterling*, 113 Ohio St. 3d 255, 2007-Ohio-1790.......................... 22

The Code of Judicial Conduct, Canon 3 ................................................. 22

Disciplinary Rule 7-110 ........................................................... 22

iii

**ASSIGNMENT OF ERROR NO. II**...................................................................... 24

    **THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTIONS FOR A NEW TRIAL AND SENTENCING HEARING WITHOUT CONDUCTING AN EVIDENTIARY HEARING. [T.d. 371]**................................................. 24

**ISSUE PRESENTED FOR REVIEW** .............................................................. 24

    **When a defendant offers operative evidence in support of his motion for a new trial, a trial court cannot rule the motion without conducting an evidentiary hearing.**........................ 24

*AUTHORITIES*:

    *State v. Wright* (1990), 67 Ohio App. 3d 827 .......................................... 25

    *State v. Beavers,* 166 Ohio App.3d 605, 2006-Ohio-1128 ...................... 25

    *State v. Green*, 7th Dist. No. 05 MA 116, 2006-Ohio-3097 ...................... 25

CONCLUSION .............................................................................................. 27

CERTIFICATE OF SERVICE.......................................................................... 28

## APPENDIX

    *State v. Jackson*, Trumbull County C.P., Case No. 01-CR-794, Judgment Entry, filed May 1, 2009 ...................................................A-1

    U.S. Const. amend. V.........................................................................A-3

    U.S. Const. amend. VI........................................................................A-4

    U.S. Const. amend. VIII .....................................................................A-5

    U.S. Const. amend. XIV .....................................................................A-6

    O.R.C. § 2501.02 ...............................................................................A-7

    O.R.C. § 2929.02 ...............................................................................A-8

    O.R.C. § 2929.03 ...............................................................................A-10

iv

O.R.C. § 2929.04 ...............................................................A-15

Ohio R. Crim. P. 33 ...........................................................A-17

v

## COMBINED STATEMENT OF THE CASE AND THE FACTS

### PROCEDURAL POSTURE

On August 15, 2006, Nathaniel Jackson requested leave to file his motion for a new sentencing hearing. [T.d. 331]. The gravamen of his motion was that the prosecution had written the capital sentencing opinion for the trial judge. [*Id.*].

On February 15, 2008, the trial court granted Mr. Jackson leave to file his motion for a new sentencing hearing. [T.d. 354].

On February 29, 2008, Mr. Jackson filed his motion for a new sentencing hearing. [T.d. 355].

On April 10, 2008, the prosecution filed its memorandum in opposition to Mr. Jackson's Motion for a New Trial. [T.d. 359].

On April 18, 2008, the trial court entertained argument on Mr. Jackson's motion for a new sentencing hearing. During those proceedings the trial court referred Mr. Jackson to the ongoing disciplinary proceedings against the trial court and two members of the Trumbull County Prosecutor's Office. [4/18/08 Transcript, Tr. 5-6].

On May 9, 2009 Mr. Jackson filed his reply in support of his motion for a new trial. [T.d. 360]. He supported that pleading with two volumes of exhibits from the then ongoing disciplinary proceedings. [T.d. 361-362].

On May 4, 2009,  the court trial denied Mr. Jackson's Motion for a new sentencing hearing. [T.d. 371].

1

On Jun 3, 2009, Mr. Jackson timely filed his Notice of Appeal to this Court. [T.d. 382]. On August 23, 2008, the Clerk filed the record from the trial court.

## STATEMENT OF THE FACTS

Since at least the time that Judge Stuard took the common pleas court bench in January 1991, it has been the practice of the Trumbull County Prosecutor's Office to draft legal documents for the Trumbull County Judges. [T.d. 361 Exhibit B, p. 66-67, 80; T.d. 362, Exhibit C, p. 41; Exhibit D, p. 66; Exhibit E, pp. 58-59]. Assistant Prosecutor Becker described the drafting process for the Trumbull County Common Pleas Court Judges as an "everyday event." [T.d. 361, Exhibit B, p. 177]. Prosecutor Bailey testified "Kontos, McKay, Stuard, Logan, there are four criminal judges, and I've done entries for all four Judges." [T.d. 362, Exhibit E, p. 67]. The Trumbull County Common Pleas Judges, to request that a pleading be drafted, would either telephone the prosecutor or make the request in person. [T.d. 361, Exhibit B, p. 108; T.d. 362, Exhibit D, p. 70; Exhibit E, p. 68]. Assistant Disciplinary Counsel Berger asked Prosecutor Bailey, "When you provided this draft entry to the Judge, were there instances where you also provided a copy to defense counsel?" Prosecutor Bailey answered "no." [T.d. 362, Exhibit E, p. 69].

The prosecutor's drafting of documents for Trumbull County Common Pleas Court Judges extended to a wide variety of documents including sentencing entries, opinions on motions to suppress, findings of fact, conclusion of law for post-conviction proceedings, and sexual predator

2

proceedings. [T.d. 361, Exhibit B, p. 108T.d. 362, Exhibit D, pp. 66-68, 70; Exhibit E, p. 96].

To facilitate the drafting process, the Trumbull County Prosecutor's Office and Trumbull County Common Pleas Court shared with the judges a computer drive, referred to as either the " G Drive" or "I Drive." [T.d. 361, Exhibit B, p. 92; T.d. 362, Exhibit D, pp. 19, 25, 56; Exhibit E, pp. 48, 53]. The prosecutors, on the G drive of their own office computers, would prepare pleadings for judges and electronically transfer the pleadings to the G drives on the judges' computers. [*Id.*]

The prosecutors believed this to be an exemplary system for preparing the pleadings for the Trumbull County Judges. The prosecutors rationalized that because they had to defend the judges' pleadings on appeal, then the prosecutors should draft the entries to make them error proof. [T.d. 361, Exhibit B, pp. 108-110, 128-29]. Prosecutor Becker explained, "*we* [the prosecutors] *represent the courts*. I don't think that any judge wants to have a case resentenced [sic] or remanded." [*Id.* at p. 110] (emphasis added). Earlier Prosecutor Bailey testified '[a]nytime the Supreme Court or the Court of Appeals comes up with a decision that requires things to be added to the entries, the Judges, if – it's a lot easier for us [the Trumbull County Prosecutor's Office] to make sure that the required language that the court, that the higher court requires be in the entry, that we're consistent in those entries. *Sometimes Judges tend to forget to put the language in if they would do*

3

*it themselves.* If they - - I think there's - - we have to defend the entry..." [T.d. 362, Exhibit E, pp. 97-98]. (emphasis added)

In the present case the trial court denied Mr. Jackson the opportunity to conduct factual development concerning the specifics of the drafting process in this case. However, Judge Stuard and Prosecutors Bailey and Becker have acknowledged that the drafting procedure employed in co-defendant Donna Robert's case is the same procedure that the prosecutors employed in Mr. Jackson's case. [T.d. 361, Exhibit B, pp. 97, 180; T.d. 362, Exhibit C, pp. 83-84, Exhibit D, p. 19]. Prosecutor Becker testified "I didn't prepare it, but our office, two other prosecutors that were involved in the Jackson death penalty case had prepared that death penalty entry." [T.d. 361, Exhibit B, p. 168]. Prosecutor Becker elaborated "Chuck Morrow did it [prepared the Jackson sentencing opinion]. In fact Chuck Morrow, the Chief of our Criminal Division, had actually referred me - - he probably I think had his - - I can't recall exactly but he had saved it over to a place on either the I drive or G drive where I could get access to it, *or he told me where it was on Judge Stuard's drive*, because I didn't know where it was saved at." [T.d. 361, Exhibit B, pp. 180-181] (emphasis added). Judge Stuard confirmed that this was the drafting procedure in the present case. [T.d. 362, Exhibit C, pp. 83-84].

In the co-defendant's case, *State v. Roberts*, Judge Stuard gave Prosecutor Becker two pages of handwritten notes on a yellow legal pad. [T.d. 361, Exhibit B, p. 46, 123; T.d. 362, Exhibit C pp. 23-24; Exhibit D, pp. 18, 23]. He told Prosecutor Becker to reference the sentencing entry from

4

Jackson's case as a guide as to both formatting and content. [T.d. 361, Exhibit B, pp. 49, 73, 85, 174-75; T.d. 362, Exhibit D, p. 43]. The Roberts' sentencing opinion was divided into sections. [T.d. 369, Exhibit 6]. The judge's two hand written pages of notes did not contain information as to all of those sections. [T.d. 361, Exhibit B, p. 48, 49. 95, 177; T.d. 362, Exhibit D, pp. 27]. Judge Stuard's notes did not provide the Prosecutors with any section in its entirety of the sentencing opinion. [T.d. 362, Exhibit D, pp. 27-30].

In *Roberts,* Prosecutors Bailey and Becker worked four hours converting the judge's two pages of handwritten notes into a seventeen page sentencing opinion. [T.d. 361, Exhibit B, pp. 92, 169; T.d. 362, Exhibit D, p. 22]. The Prosecutors were not able to rely on all of the facts contained in the Jackson sentencing opinion, because the witnesses had testified differently in the two cases and the two defendants were alleged to have had different roles in the murder. [T.d. 361, Exhibit B, pp. 101, 175; T.d. 362, Exhibit D, pp. 20-21; T.d. 369, Exhibits 6 and 7]. Thus, the two Prosecutors had to rely upon their own memories of the trial to draft the factual findings entered by Judge Stuard. [*Id.*]. The two Prosecutors prepared several drafts prior to sending the sentencing opinion to Judge Stuard. [T.d. 361, Exhibit B, p. 97, 122; T.d. 362, Exhibit D, p. 25]. Prosecutor Bailey destroyed all of the initial drafts of the *Roberts'* sentencing opinion. [T.d. 362, Exhibit E, pp. 22, 48]. Judge Stuart requested the Prosecutors to make a few minor changes in the draft that they sent him. [T.d. 362, Exhibit C, pp. 32-3; T.d. 361, Exhibit B, pp. 51, 171].

Other than those minor changes, Judge Stuard adopted the Prosecutor's seventeen page sentencing opinion. [T.d. 361, Exhibit B, pp. 53, 94]

For purposes of the drafting of documents for trial judges, Prosecutor Becker considers the following as administrative matters and not judicial or substantive matters: 1) typing, 2) proofreading, 3) copying language from other sentencing opinions, 4) choosing words to put in to the document, 5) "filling in blanks," 6) supplementing or adding information not supplied by the judges, 7) creating sentences, and 8) selecting facts. [T.d. 362, Exhibit D, pp 34-35].

6

### ASSIGNMENT OF ERROR NO. I

### THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTION FOR A NEW SENTENCING HEARING [T.d. 371][1]

#### ISSUE PRESENTED FOR REVIEW

#### A trial judge cannot use a prosecutor to draft the sentencing opinion in a capital case.

It is not disputed that the trial prosecutors in the present case wrote the capital sentencing opinion for Judge Stuard. The Judge and Prosecutors conceded that fact. Prosecutor Becker testified "I didn't prepare it, but our office, two other prosecutors that were involved in the Jackson death penalty case had prepared that death penalty entry." [T.d. 361, Exhibit B, p. 168]. Prosecutor Becker elaborated "Chuck Morrow did it [prepared the Jackson sentencing opinion]. In fact Chuck Morrow, the Chief of our Criminal Division, had actually referred me - - he probably I think had his - - I can't recall exactly but he had saved it over to a place on either the I drive or G drive where I could get access to it, *or he told me where it was on Judge Stuard's drive*, because I didn't know where it was saved at." [T.d. 361, Exhibit B, pp. 180-181] (emphasis added). Judge Stuard confirmed that this was the drafting procedure in this case. [T.d. 362, Exhibit C, pp. 83-84].

Judge Stuard has also conceded that Mr. Jackson is entitled to a new sentencing hearing. In his most recent affidavit filed with Chief Justice Moyer, Judge Stuard declared "[s]ince I engaged in the same conduct determined by

---

[1] Mr. Jackson, due to the lack of clarity in the trial court's July 16, 2008 judgment entry, also included this Assignment in his earlier appeal. *State v. Jackson*, Trumbull App. No. 2008 TR 77. *See* Appellant Nathaniel Jackson's Merit Brief, filed October 21, 2008, pp. 8-23.

7

the Ohio Supreme Court to be error in <u>State v. Roberts</u> then, and in that event, the same results should obtain in the companion case involving Nathaniel Jackson. . . . I am able and willing to undertake the obligations imposed by this Court's opinion in <u>State v. Roberts</u> and to apply these requirements to the further handling of the case involving the defendant Jackson." [T.d. 373, Exhibit B, pp. 4-5 ].

Given these factual and legal concessions, the trial court erred when it overruled Mr. Jackson's motion for a new sentencing hearing. The trial court's order contravened the Ohio Supreme Court's decision in *State v. Roberts*, 110 Ohio St. 3d 71, 2006-Ohio-3665, ¶¶ 153-64.

## A. Mr. Jackson timely filed his motion for a new sentencing hearing.

The trial court, when it denied the motion for a new sentencing hearing determined "defendant's motions are untimely under Crim. 33 (B), even if the rule is applicable. Defendant has failed to prove that he was unavoidably prevented from discovering the information upon which his motion is based." [T.d. 371, p. 2].[2] The trial court did not cite to any facts upon which it based it conclusion.

The court's finding contradicts it own February 15, 2008 ruling granting Mr. Jackson leave to file his motion for a new trial. [T.d. 354]. That ruling constituted a finding that Mr. Jackson had timely filed his motion. *See* Crim. R. 33(B). There exists no evidence which came to light after the February 15,

---

[2] Mr. Jackson also filed a motion for a new trial that is the subject of an earlier appeal to this Court that is still pending. *State v. Jackson*, Trumbull App. No. 2008 TR 77.

8

2008 entry that would serve as a basis for the trial court to revisit its February 15, 2008 ruling.

Even if there existed evidence in the record for the trial court to reconsider its prior ruling, the later ruling was in error. Mr. Jackson premised his motion upon the August 2, 2006 opinion in *State v. Roberts*, 110 Ohio St. 3d 71, 2006-Ohio-3665. That opinion contained both the facts and law upon which Mr. Jackson based his motion. Mr. Jackson filed his motion for leave on August 15, 2006, thirteen days after the Ohio Supreme Court's *Jackson* decision. [T.d. 331]. Thus, Mr. Jackson timely filed his motion.

**B. The trial court had jurisdiction to grant a new sentencing hearing.**

This Court has found that there is no provision in the Ohio Criminal Rule 33 that permits a trial court to grant a new sentencing hearing, as opposed to a new trial. *State v. Davie,* 11th Dist. No. 2007-T-0069, 2007-Ohio-6940. That holding was dicta. To the extent that it is not dicta, it is contravened by prior Ohio Supreme Court precedent.

In *Davie,* the defendant offered no evidence that there had been improper communications between the prosecutor and the trial court. *Id.* at ¶ 19. The defendant's motion in *Davie* failed factually. Consequently, this Court had no reason to reach the legal issue of whether Ohio Crim. R. 33 encompassed the right to a new sentencing hearing in a capital case.

The Ohio Supreme Court has determined that trial courts do have the authority, pursuant to the filing of a new trial motion, to grant a defendant a new sentencing hearing. *State v. Stumpf* (1987), 32 Ohio St. 3d 95, 105 512

9

N.E. 2d 598, 608-09. In *Stumpf,* the defendant pled guilty. At the conclusion of the mitigation hearing the three judge panel imposed a sentence of death. Subsequently, after the co-defendant's trial, Stumpf filed a motion to withdraw his guilty plea or "in the alternative, i.e.", requested "the Court to set aside the sentence imposed in this case and to order a new sentencing (mitigation) proceeding be conducted." [T.d. 360, Exhibit F]. The trial court denied the motion for a new sentencing hearing and the Court of Appeals affirmed that decision.

Stumpf appealed to the Ohio Supreme Court. *State v. Stumpf,* 32 Ohio St. 3d at 95. The Ohio Supreme Court therein held that the trial court had the authority to grant Stumpf a new sentencing hearing, "Appellant's motion is similar to a motion for new trial based upon newly discovered evidence, under Crim. R. 33(A)(6). In *State v. Williams (1975), 43 Ohio St. 2d 88, 72 O.O. 2d 49, 330 N.E. 2d 891,* paragraph two of the syllabus, this court held: 'The allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed.' We adopt this standard of review for the motion at issue." *State v. Stumpf,* 32 Ohio St. 3d at 105.

Therefore, pursuant to the Ohio Supreme Court's ruling in *Stumpf,* the trial court had the authority to grant Mr. Jackson a new sentencing hearing.

10

**C.    Mr. Jackson's pleadings placed the court and prosecutors on notice.**

The trial court, as one of its alternative bases for dismissing Mr. Jackson's motion concluded that "Defendant does not articulate any grounds for a new trial as contemplated by Crim R. 33 (A)." [T.d. 371]. The court erred when it cited Mr. Jackson's lack of citation to the relevant portions of Crim R. 33(A) as a basis for dismissing Mr. Jackson's motions. Crim. R. 33 (A) provides a list of the grounds of relief for the granting of a new trial motion. The Rule does not require that the defendant specifically cite to any of the grounds and there appears to be no case law imposing such a requirement.  The trial court's adoption of this requirement elevates form over substance.

Mr. Jackson's motion for a new sentencing hearing was eighteen pages in length. [T.d 355]. From the detailed factual and legal analysis contained therein, it was readily apparent that his motion was premised on the fact that the trial court and prosecutor had improperly collaborated in the drafting of the sentencing opinion. [*Id.*].  That factual scenario would fit within Crim. R. 33 (A) (1), (2), (3), and (6). The prosecution filed a lengthy response to the motion, so it cannot reasonably claim that it was prejudiced by the lack of citation to a subsection of the rule. [T.d. 359]. The prosecution did not ask Mr. Jackson to clarify his motion, so it could fashion a response. The prosecution did not address the motion on its merits. [*Id.*]. Mr. Jackson, in his reply in support of his motion, cited to the relevant portions of Crim. R. 33 (A). [T.d. 360, p. 12]. After Mr. Jackson provided these citations, the prosecution filed an additional response. [T.d. 363]. To the extent the prosecution was hampered in earlier

11

fashioning a response because it lacked the specific citations to Crim. R. 33(A), the prosecution was on notice in his later pleading. The prosecution cannot now reasonably complain that it was denied sufficient notice as to Mr. Jackson's claims.

**D. The trial court was bound by its prior affidavit.**

Mr. Jackson filed two affidavits of disqualification with Chief Justice Moyer. *State v. Jackson*, Ohio Supreme Court Case Nos. 06 Ap 102 and 08 AP 043. Judge Stuard in the second proceeding stated, "Since I engaged in the same conduct determined by the Ohio Supreme Court to be error in *State v. Roberts* then, and in that event, the same results should obtain in the companion case involving Nathaniel Jackson. . . . I am able and willing to undertake the obligations imposed by this Court's opinion in *State v. Roberts* and to apply these requirements to the further handling of the case involving the defendant Jackson." [Td. 373, Exhibit B, pp. 4-5]. Judge Moyer denied the affidavit of disqualification based upon the assertions of Judge Stuard that he would follow the Ohio Supreme Court ruling in *State v. Roberts.* [T.d. 376]

The courts have adopted the doctrine of judicial or equitable estoppel to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment. *New Hampshire v. Maine* (2001), 532 U.S. 742, 749-759. Courts have characterized the rule of judicial estoppel as precluding a party from playing "fast and loose with the courts," "blowing hot and cold as the occasion demands," and "having one's cake and eating it too". *Reynolds v. Commission*

12

*of Internal Revenue Service* (6th Cir. 1998), 861 F.2d 469, 472 (citations omitted). The court therein observed "Emerson dictum's that 'a foolish consistency is the hobgoblin of little minds' cuts no ice in this context." *Id.* at 472-473. The Ohio Supreme Court has recognized the applicability of the doctrine of judicial estoppel. *Fish v. Lake City Board of Commissioners* (1968), 13 Ohio St. 2d 99, 102; *Scioto Memorial Hosp. Assoc. v. Price Waterhouse* (1995), 74 Ohio St. 3d 474, 481-482 (Douglas concurring in part and dissenting in part).

The doctrine is applicable "when a party shows that his opponent; (1) took a contrary position; (2) under oath in a prior proceeding; and (3) the prior position was accepted by the court." *Smith v. Dillard Department Stores* (2000), 139 Ohio App. 3d 525, 533, quoting, *Griffith v. Wal-Mart Stores, Inc.* (6th Cir. 1998), 135 F.3d 376, 380. In the present case Judge Stuard should be treated as a party for purposes of the doctrine of judicial estoppel. Judge Stuard was a party in the disqualification proceedings. The rationale supporting the doctrine of judicial estoppel applies equally, if not more so to judicial officers. For the general public to maintain their faith in the integrity of the judicial proceedings, judges should be precluded from adopting inconsistent positions when there has been no change in the underlying facts.

In this case Judge Stuard adopted a contrary position in the disqualification proceedings. In his affidavit Judge Stuard stated that Mr. Jackson was entitled to a new sentencing proceeding. Judge Stuard prevailed in the disqualification proceedings because he adopted that position.

13

Consequently, Judge Stuard was required to maintain the same position in the subsequent proceedings in the trial court.

**E. The prosecution's drafting of the sentencing opinion constitutes error.**

On August 2, 2006, the Supreme Court of Ohio decided *State v. Roberts*, 110 Ohio St. 3d 71, 2006 Ohio 3665. The Ohio Supreme Court found therein that Judge Stuard had impermissibly delegated to the prosecution his judicial duty to review the evidence and draft the sentencing opinion. ¶¶156-160. The Court further found that the communications between Judge Stuard and the prosecutors constituted impermissible *ex parte* communications. ¶¶162-163. Judge Stuard employed the same drafting procedure in this case. That flawed process violated a number of applicable provisions.

*1. The trial court's drafting procedure violated Ohio's statutory framework*

The State of Ohio has adopted a comprehensive statutory capital sentencing scheme. The purpose of the scheme is to insure, given the gravity and finality of the death penalty, that the death penalty is not imposed arbitrarily or disproportionately. *State v. Maurer* (1985) 15 Ohio St. 3d 239, 246-47; *State v. Johnson* (1986), 24 Ohio St. 3d 87, 93; *State v. Jenkins* (1984), 15 Ohio St. 3d 164, 176; *Godfrey v. Georgia* (1980), 446 U.S. 420, 428.

In the State of Ohio, a sentence of death may be imposed only where "the *court* finds, by proof beyond a reasonable doubt . . . that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors . . . ." O.R.C. § 2929.03(D)(3) (emphasis added). The procedure further requires the *court* to state in a separate opinion specific

14

findings as to the existence of any of the mitigating factors considered, "the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors . . . ." O.R.C. § 2929.03(F). Similarly, the *trial court* "shall consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstance of the offense, the history, character, and background of the offender" and other enumerated mitigating factors." O.R.C. § 2929.03(B). The plain language of the statute dictates that the trial court and not the prosecutor is required to conduct this independent weighing of the aggravating circumstances and mitigating factors.

The Ohio Supreme Court has warned trial courts of the importance of following the weighing process set forth in O.R.C. § 2929.03(F), "The failure of *a trial court* to comply with this aspect of R.C. 2929.03(F) disrupts the review procedures enacted by the General Assembly by depriving the defendant and subsequent reviewing courts of the *trial courts'* perceptions as to the weight accorded all relevant circumstances. *State v. Mauer*, 15 Ohio St. 3d at 247. (emphasis added.) The consideration of improper information can result in the death sentence being vacated. *State v. Davis* (1988), 38 Ohio St. 3d 361, 372 (trial court considered the facts as non-statutory aggravating circumstances); *State v. Green* (2000), 90 Ohio St. 3d 352, 361-62 (trial court considered non-statutory aggravators, and aggravators not included in the indictment, applied an improper weighing standard, and ignore mitigating evidence).

15

The unanimous decision of the Court in *Roberts* is not surprising given the need for accuracy in sentencing opinions and for trial courts to provide independent, meaningful review when considering a recommendation of death. That Court held therein that a trial court's duty to weigh the evidence in a capital case is one of the "most solemn of duties that are imposed upon a judge." ¶ 160. That Court found that the statute placed on trial courts the "*sole responsibility* of personally preparing the opinion" and that the assistance of the prosecution tainted that responsibility. *Id.* at ¶ 159 (emphasis added). Finally, the Supreme Court recognized that given the "immense proportions" of imposing a sentence of death, the "scales of justice may not be weighed even slightly by one with an interest in the ultimate outcome." ¶ 160. The trial court's drafting procedure in the present case contravened the State of Ohio's capital statutory scheme.

### 2. The trial court's drafting procedure violated the Fifth Amendment.

Questions involving procedural due process do not address a defendant's guilt or innocence. Instead, the analysis focuses upon the fair administration of justice. *Offutt v. United States* (1954), 348 U.S. 11, 16. The fair administration of justice is grounded in the assumption that the judicial decisions will be based upon evidence and argument presented in open court, and not by any outside influences. *Patterson v. Colorado* (1907), 205 U.S. 454, 462. The courts do not condone individuals associated with one party having contact with the trier of fact during the deliberation process. *Agnew v. Lesbach*

16

(7th Cir. 2001), 250 F.3d 1123, 1135, *Caliendo v. Warden of California Men's Colony* (9th Cir. 2004), 365 F.3d 691, 699.

Trials must not only be fair, they must also appear to be fair. *Taylor v. Hayes* (1974), 418 U.S. 488, 501. Similarly, judges must not only be fair they must appear to be fair. The courts "have always endeavored to prevent even the probability of unfairness." *In re Murchison* (1955), 349 U.S. 133, 136; *Withrow v. Larkin* (1975), 421 U.S. 35, 47.

A due process violation occurs when a party assumes more than one role in the judicial process. *In re Oliver* (1948), 333 U.S. 257, 272 (the judge who acted as a one person grand jury and and trier of fact); *In re Murchison,* 349 U.S. at 137 ("It would be very strange if our system of law permitted a judge to act as a grand juror and then try the person accused as a result of his investigations").

Judicial bias is not subject to a harmless error analysis. *Arizona v. Fulminate* (1991), 499 U.S. 297, 310-311. It does not matter that the a court may actually have imposed the same sentence without impermissible contact. *Bracey v. Schoenig* (7th Cir. 2002), 286 F.3d 406, 414. Nor does it matter that the court's sentence might be found to be harmless by an appellate court. *Id.* The error is not cured by the existence of a statutory procedure that offers a defendant an impartial adjudication on appeal. *Ward v. Village of Monroeville, Ohio* (1972), 409 U.S. 57, 61-2.

In the present case the prosecution adopted the role of both advocate for the state and judicial fact finder by the drafting of the sentencing opinion. Its

17

impermissible adoption of two roles cannot be cured by the application of the harmless error doctrine.

### 3. The trial court's drafting procedure violated the Eighth Amendment.

Capital punishment must either be imposed in a consistent, rational and fair manner, "or not at all." *Eddings v. Oklahoma* (1982), 455 U.S. 104, 112. Where discretion is afforded a sentencing body on a matter so grave as the determination of whether a human life should be taken or spared, that discretion must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action. *Zant v. Stephens* (1983), 462 U.S. 862, 874 (citing *Furman v. Georgia* (1972), 408 U.S. 238).

A defendant's death sentence is infirm when it is based in part on the basis of information which he has had no opportunity to explain. *Gardner v. Florida* (1977), 430 U.S. 349, 362. In addition, an individual sentenced to death has a constitutional right to "a complete, full and unabridged transcript of all proceedings against him." *State, ex rel Spirko v. Judges of the Court of Appeals, Third Appellate District* (1986), 27 Ohio St. 3d 13, 18.

In the present case because the trial court and prosecution joined together in an ex parte manner to draft the sentencing opinion, Mr. Jackson was precluded from participating in the process. As a result, he does not know what occurred and therefore was precluded from defending against any information that was considered.

18

4.    *The trial court's drafting procedure violated the Fourteenth Amendment.*

Because Ohio's death penalty statutes, as contained in O.R.C. §§ 2929.02-2929.04, were enacted to prevent the arbitrary imposition of the death penalty, a defendant has a legitimate interest in having Ohio abide by these sections. *State v. Davis* (1988), 38 Ohio St. 3d 361, 369.  Compliance with this statutory scheme is not optional. *Id.*

The Due Process Clause of the Fourteenth Amendment protects a state criminal defendant from the arbitrary deprivation of his life and liberty. *Hicks v. Oklahoma* (1980), 447 U.S. 343.  The Court therein found that a defendant's federal due process rights were violated when he was denied his state statutory right to have a jury determine his punishment. *Id.* at 346. The defendant's state statutory right to have a jury fix his punishment was a right that "substantially affects the punishment imposed." *Id.* at 347.

Similarly, a defendant's state statutory right to have the trial judge act as a thirteenth juror and to protect against improper sentencing consideration is a right that "substantially affects the punishment imposed." *See also Romano v. Oklahoma* (1994), 512 U.S. 1, 12  (defendant has Due Process rights in exclusion of evidence that unfairly infects sentencing proceeding); *Ross v. Oklahoma* (1988), 487 U.S. 81, 89 (defendant has Due Process rights in peremptory challenges provided under state law); *Evitts v. Lucey* (1985), 469 U.S. 387, 396 (defendant has Due Process rights in appellate procedure established by State); *Morrissey v. Brewer* (1972), 408 U.S. 471, 480-490

19

(defendant has Due Process rights in State's exercise of discretion). One of the cornerstones of Ohio's death penalty scheme is the independent reweighing by the trial judge of a jury's death verdict. It guarantees that the evidence is sufficient and that the death verdict is not the product of improper factors. In light of the special significance that Ohio places on the trial court's role as an "extra or thirteenth juror," a defendant has a constitutionally protected liberty interest in the Ohio courts refraining from arbitrarily deviating from statutory guidelines in performing the weighing analysis. In the present case Mr. Jackson was deprived of his right to an "extra or thirteenth juror."

5. *The trial court's drafting procedure precluded meaningful review.*

The United States Supreme Court has repeatedly stressed that a comprehensive and functional system of appellate review is an important safeguard in ensuring that the death penalty is not imposed arbitrarily. *See, e.g., Zant v. Stephens* (1983), 462 U.S. 862, 875; *Parker v. Dugger* (1991), 498 U.S. 308, 321 (granting habeas relief where Florida Supreme Court failed to undertake meaningful review of death sentence); *Clemons v. Mississippi* (1990), 494 U.S. 738, 749; *Stringer v. Black* (1992), 503 U.S. 222, 230 (holding that where sentencer considers an invalid factor, close appellate scrutiny of effect of that factor is required).

A trial court's failure to comply with the requirements of Ohio Revised Code Section 2929.03(F) and the conscription of the prosecution in the sentencing process completely frustrates the appellate review process. It "disrupts the review procedures enacted by the General Assembly by depriving

20

the defendant and subsequent reviewing courts of the trial court's perceptions as to the weight accorded all relevant circumstances." *State v. Maurer*, 15 Ohio St. 3d at 247; *See also Caldwell v. Mississippi* (1985), 472 U.S. 320, 330 ("an appellate court . . . is wholly ill-suited to evaluate the appropriateness of death in the first instance").

The importance of having a well defined record for purposes of appellate review is exemplified by the Ohio Supreme Court's decision in *State v. Tenace*, 109 Ohio St. 3d 255, 2006-Ohio-2417. In that case the Court made a meticulous review of the mitigating factors. ¶¶ 68-104. The Court vacated the defendant's death sentence because while "a single one of these [mitigating] facts, would not" justify vacating the defendant's death sentence, the mitigating factors when "viewed cumulatively" "strongly militate against imposing the death sentence." ¶ 105. It was impossible for the Ohio Supreme Court in the present case to conduct the same meticulous review in the present case. That Court was not privy to what information the prosecution considered when it drafted the sentencing opinion. The secret "proceedings" were not recorded. The court and the prosecution may have considered matters not in the record as well, as factors prohibited by the Eighth Amendment. Mr. Jackson was deprived of his right to meaningful appellate review.

When an appellate court defers to factual findings because it mistakenly believes that the findings were made by a neutral judicial official, as opposed to the prosecution, a criminal defendant's rights as guaranteed by R.C. § 2501.02 and due process clause of the Fourteenth Amendment are violated. This

21

scenario is analogous to the error that exists when a prosecutor is granted the discretion to determine whether a defendant may appeal. *State v. Sterling*, 113 Ohio St. 3d 255, 2007-Ohio-1790, ¶ 35. The prosecution's ability to bind the appellate courts to a specific set of facts can reduce a defendant's right to appeal to a nullity.

  *6. The trial court's drafting procedure violated the disciplinary rules.*

  The Ohio Supreme Court in *State v. Roberts*, 110 Ohio St. 3d 71, 2006-Ohio-2174 found that the trial court's and the Trumbull County Prosecutor Office's ex parte drafting of the sentencing opinion violated several disciplinary rules. The Court cited to the fact that the "Code of Judicial Conduct, Canon 3(B)(7) specifies, 'A judge shall not initiate, receive, permit, or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding * * *' Both the trial judge and the prosecutor should have known that  any ex parte assistance in the preparation of the court's sentencing opinion was wholly inconsistent with these vital ethical constraints. See Disciplinary Rule 7-110(B)(2) and (3)." *State v. Roberts*, 2006-Ohio-2174, ¶ 161.

  The prosecutors and Judge Stuard have now confirmed that the same drafting procedure took place in the present case that took place in *Roberts*, Mr. Jackson is entitled to the same relief as the Ohio Supreme Court afforded Donna Roberts.

22

**G. Conclusion: This Court should sustain the First Assignment of Error.**

      The trial court had both the authority and duty to grant Mr. Jackson a new sentencing hearing.  This Court should sustain this Assignment of Error.

23

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTIONS FOR A NEW TRIAL AND SENTENCING HEARING WITHOUT CONDUCTING AN EVIDENTIARY HEARING. [T.d. 371]**

### ISSUE PRESENTED FOR REVIEW

**When a defendant offers operative evidence in support of his motion for a new trial, a trial court cannot deny the motion without conducting an evidentiary hearing.**

Mr. Jackson supported his motion for a new sentencing with voluminous documentation. The prosecution submitted no evidence contesting the merits of the motion or calling into question the credibility of the supporting documentation. The trial court erred when it failed to conduct an evidentiary hearing on Mr. Jackson's motion for a new sentencing hearing.[3]

Mr. Jackson initially supported his motion for a new sentencing hearing with four exhibits including a portion of the transcript from *State v. Roberts,* Trumbull C. P. No. 01-CR-793 and the affidavit of Judge Stuard in *State v. Jackson,* Ohio Supreme Court Case No. 06 AP 102. [T.d. 355, Exhibits 1 and 2 attached thereto]. Mr. Jackson later submitted additional evidence; portions of the proceedings from *In re Complaint against Judge John Mason Stuard, et. al.* Supreme Court of Ohio Board of Commissioners on Grievances and Discipline, Case No. 07-078. [T.d. 361 and 362]. That additional evidence included the affidavit of Judge Stuard in which he admitted improper communications with

---

[3] This Court need only address this Assignment if it overrules Assignment of Error No. I.

24

the prosecutor as well as the transcripts from the depositions evidentiary hearing in the disciplinary proceedings. [*Id.*].

When a defendant submits sufficient evidence in support of his motion for a new trial, he is entitled to an evidentiary hearing, if not relief. A trial court abuses its discretion when it denies a defendant an evidentiary hearing on his motion for a new trial when he has submitted sufficient documentary evidence. *State v. Wright* (1990), 67 Ohio App. 3d 827, 831; *State v. Beavers,* 166 Ohio App.3d 605, 2006-Ohio-1128, ¶ 22; *State v. Green,* 7th Dist No. 05 MA 116, 2006-Ohio-3097, ¶ 27.

In the present case Mr. Jackson submitted sufficient evidence to warrant an evidentiary hearing, if not relief. He submitted an affidavit from the trial judge that he (the judge) had committed an ethical violation in the co-defendant's case by permitting the prosecution to draft documents for him. Mr. Jackson also submitted testimony from the prosecutors and trial judge that the same drafting procedure  that was found to be error in *Roberts* was employed in Mr. Jackson's case. Finally, Mr. Jackson submitted the testimony of the trial judge and two prosecutors in the Trumbull County Prosecutor's Office that the prosecutors had a long standing practice of drafting documents for the trial judges including pleadings denying motions to suppress.

Mr. Jackson could not have submitted any additional evidence without the benefit of an evidentiary hearing. Mr. Jackson asked Judge Stuard in open court and on the record to clarify for the record what had occurred during the drafting process. [4/18/08 Transcript, pp. 4-6]. Judge Stuard refused to

25

describe what had occurred. [*Id.*]. The prosecutors drafted their pleadings in such a manner as to not reveal what occurred during the drafting process. [T.d. 332, 359, 363, 370]. Mr. Jackson had no other source from which to obtain additional supporting documentation.

The trial court at a minimum should have granted Mr. Jackson an evidentiary hearing. To the extent this Court does not sustain Assignment of Error No. I, it should sustain this Assignment of Error.

26

**CONCLUSION**

For the reasons set forth in this Brief and any other reasons that may be apparent on the face of the record, this Court should award Mr. Jackson a new sentencing hearing. In the alternative, it should award him an evidentiary hearing on his motion for a new sentencing hearing.

Respectfully submitted,

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

Office of the Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

250 E. Broad Street - Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
PorterR@OPD.state.OH.US

By_____
COUNSEL FOR NATHANIEL JACKSON

27

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Appellant Nathaniel Jackson's Merit Brief* was forwarded by electronic and first-class, postage prepaid U.S. Mail to Luwayne Annos, Assistant Prosecuting Attorney, 160 High Street, N.W., 4th Floor Administration Building, Warren, Ohio 44481 on this 31st day of July, 2009.

_____
RANDALL L. PORTER
COUNSEL FOR NATHANIEL JACKSON

304380

28

**IN THE COURT OF APPEALS**
**ELEVENTH APPELLATE DISTRICT**
**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| **STATE OF OHIO,** | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| -vs- | ) | **Case No. 2009-TR-0050** |
| | ) | **Regular calendar** |
| **NATHANIEL JACKSON,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **Oral Argument Requested** |
| | ) | |

---

## APPENDIX TO APPELLANT NATHANIEL JACKSON'S MERIT BRIEF

---

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

DENNIS WATKINS - 0009949
Trumbull County Prosecuting Attorney

OFFICE OF THE
OHIO PUBLIC DEFENDER

LUWAYNE ANNOS - 0055651
Assistant Prosecuting Attorney

RANDALL L. PORTER - 0005835
Assistant State Public Defender

Trumbull County Prosecutor's Office
160 High Street, N.W.
4th Floor Administration Building
Warren, Ohio 44481
(330) 675-2426

250 E. Broad Street - Suite 1400
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR APPELLEE

COUNSEL FOR APPELLANT

IN THE COURT OF COMMON PLEAS
-GENERAL DIVISION-
TRUMBULL COUNTY, OHIO

CASE NUMBER: 2001 CR 00794

STATE OF OHIO
PLAINTIFF

vs.                                    JUDGE JOHN M STUARD

NATHANIEL E JACKSON
DEFENDANT                              JUDGMENT ENTRY

This matter is before the Court on the following motions filed by the Defendant:

(1) Defendant's Motion for New Trial/Sentencing Hearing filed on February 29, 2008

and (2) Defendant's Motion to Disqualify the Trumbull County Prosecutor's Office filed

on September 20, 2006. The Court has reviewed the motions, the briefs and

memoranda, the exhibits, record, pleadings and the relevant applicable law.

On July 16, 2008, this Court addressed a similar motion for new trial filed by the

Defendant. The underlying basis for that motion was the alleged involvement of the

Trumbull County Prosecutor's Office in the preparation of findings of fact and

conclusions of law relative to a judgment entry overruling Defendant's Motion to

Suppress. The Court stated: "There is no provision in the Ohio Criminal Rules that

provides for a new sentencing hearing." The Court went on to note that the Defendant's

motion was untimely under Crim.R. 33(B).

The underlying basis of the present motion for new sentencing hearing before

the Court is the alleged involvement of the Trumbull County Prosecutor's Office in the

preparation of the Defendant's sentencing entry. For the same reasons set forth in its

July 16, 2008 judgment entry, the Court finds Defendant's motion for new sentencing

2001 CR
00794
00067663206
0

A-1

hearing to be not well taken as well. Therefore, the motion for new sentencing hearing is hereby denied.

In regards to the second motion under review, the Defendant requests this Court disqualify the entire Trumbull County Prosecutor's office because "*** they are material fact witnesses with respect to the motions which Nathaniel Jackson filed on August 15, 2006 and September 5, 2006. Those motions are respectively: Defendant's Request for Leave to File Motion for New Sentencing Hearing and Defendant's Motion for Relief from Judgment. As the Court has allowed the Defendant to file his request for new sentencing hearing and has herein denied the same as it was denied before in relation to the suppression entry, the Court does not find any merit to the Defendant's claims that the prosecutor's office should be disqualified on the basis that they are likely to be called as witnesses for that motion.

Likewise, the September 5, 2006, Motion for Relief from Judgment was already denied by this Court on February 15, 2008, and is currently on appeal at the Eleventh District Court of Appeals, thereby divesting this Court of further jurisdiction related to that judgment entry.

Therefore, the Defendant's Motion to Disqualify the Prosecutor's Office is hereby denied as moot.

IT IS SO ORDERED.

5-4-09
copies to:
Pros.
J. Parker

Date: 5/1/09
Copies to:
LUWAYNE ANNOS
JOHN P PARKER

JUDGE JOHN M STUARD

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH WITH BY ORDINARY MAIL.

A-2

## US Const. Amend. V

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

A-3

## US Const. Amend. VI

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

A-4

## US Const. Amend. VIII

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

A-5

## US Const. amend. XIV

Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Section. 2. Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

Section. 3. No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

Section. 4. The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

Section. 5. The Congress shall have power to enforce, by appropriate legislation, the provisions of this article.

A-6

Page 1

LEXSTAT ORC 2501.02

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

*** CURRENT THROUGH LEGISLATION PASSED BY THE 127TH OHIO GENERAL ASSEMBLY AND FILED
WITH THE SECRETARY OF STATE THROUGH OCTOBER 13, 2008 ***
*** ANNOTATIONS CURRENT THROUGH JULY 1, 2008 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH JULY 20, 2008 ***

TITLE 25.  COURTS -- APPELLATE
CHAPTER 2501.  COURT OF APPEALS
DISTRICTS; JUDGES

**Go to the Ohio Code Archive Directory**

*ORC Ann. 2501.02  (2008)*

§ 2501.02. Qualifications and term of judge; jurisdiction

Each judge of a court of appeals shall have been admitted to practice as an attorney at law in this state and have, for a total of six years preceding the judge's appointment or commencement of the judge's term, engaged in the practice of law in this state or served as a judge of a court of record in any jurisdiction in the United States, or both. One judge shall be chosen in each court of appeals district every two years, and shall hold office for six years, beginning on the ninth day of February next after the judge's election.

In addition to the original jurisdiction conferred by *Section 3 of Article IV, Ohio Constitution*, the court shall have jurisdiction upon an appeal upon questions of law to review, affirm, modify, set aside, or reverse judgments or final orders of courts of record inferior to the court of appeals within the district, including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court.

The court, on good cause shown, may issue writs of supersedeas in any case, and all other writs, not specially provided for or prohibited by statute, necessary to enforce the administration of justice.

A-7

LEXSTAT ORC ANN. 2929.02

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

*** CURRENT THROUGH LEGISLATION PASSED BY THE 127TH OHIO GENERAL ASSEMBLY AND FILED
WITH THE SECRETARY OF STATE THROUGH OCTOBER 13, 2008 ***
*** ANNOTATIONS CURRENT THROUGH JULY 1, 2008 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH JULY 20, 2008 ***

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**Go to the Ohio Code Archive Directory**

*ORC Ann. 2929.02 (2008)*

§ 2929.02. Penalties for aggravated murder or murder

(A) Whoever is convicted of or pleads guilty to aggravated murder in violation of *section 2903.01 of the Revised Code* shall suffer death or be imprisoned for life, as determined pursuant to *sections 2929.022 [2929.02.2]*, *2929.03*, and *2929.04 of the Revised Code*, except that no person who raises the matter of age pursuant to *section 2929.023 [2929.02.3] of the Revised Code* and who is not found to have been eighteen years of age or older at the time of the commission of the offense shall suffer death. In addition, the offender may be fined an amount fixed by the court, but not more than twenty-five thousand dollars.

(B) (1) Except as otherwise provided in division (B)(2) or (3) of this section, whoever is convicted of or pleads guilty to murder in violation of *section 2903.02 of the Revised Code* shall be imprisoned for an indefinite term of fifteen years to life.

(2) Except as otherwise provided in division (B)(3) of this section, if a person is convicted of or pleads guilty to murder in violation of *section 2903.02 of the Revised Code*, the victim of the offense was less than thirteen years of age, and the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, the court shall impose an indefinite prison term of thirty years to life pursuant to division (B)(3) of *section 2971.03 of the Revised Code*.

(3) If a person is convicted of or pleads guilty to murder in violation of *section 2903.02 of the Revised Code* and also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that were included in the indictment, count in the indictment, or information that charged the murder, the court shall impose upon the offender a term of life imprisonment without parole that shall be served pursuant to *section 2971.03 of the Revised Code*.

(4) In addition, the offender may be fined an amount fixed by the court, but not more than fifteen thousand dollars.

(C) The court shall not impose a fine or fines for aggravated murder or murder which, in the aggregate and to the extent not suspended by the court, exceeds the amount which the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or to the dependents of the offender, or will prevent the offender from making reparation for the victim's wrongful death.

(D) (1) In addition to any other sanctions imposed for a violation of *section 2903.01 or 2903.02 of the Revised Code*, if the offender used a motor vehicle as the means to commit the violation, the court shall impose upon the of-

A-8

ORC Ann. 2929.02

fender a class two suspension of the offender's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege as specified in division (A)(2) of *section 4510.02 of the Revised Code.*

(2) As used in division (D) of this section, "motor vehicle" has the same meaning as in *section 4501.01 of the Revised Code.*

A-9

LEXSTAT ORC ANN. 2929.03

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

*** CURRENT THROUGH LEGISLATION PASSED BY THE 127TH OHIO GENERAL ASSEMBLY AND FILED
WITH THE SECRETARY OF STATE THROUGH OCTOBER 13, 2008 ***
*** ANNOTATIONS CURRENT THROUGH JULY 1, 2008 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH JULY 20, 2008 ***

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**Go to the Ohio Code Archive Directory**

*ORC Ann. 2929.03* (2008)

§ 2929.03. Imposing sentence for aggravated murder

(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of *section 2929.04 of the Revised Code*, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

(1) Except as provided in division (A)(2) of this section, the trial court shall impose one of the following sentences on the offender:

(a) Life imprisonment without parole;

(b) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(c) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(d) Subject to division (A)(1)(e) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(e) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (A)(1)(a) of this section, the trial court shall sentence the offender pursuant to division (B)(3) of *section 2971.03 of the Revised Code* to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that shall be served pursuant to that section.

(2) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the trial court shall impose upon the offender a sentence of life imprisonment without parole that shall be served pursuant to *section 2971.03 of the Revised Code.*

(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of *section 2929.04 of the Revised Code*, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, whether the offender was eighteen years of age or older at the time of the commission of the offense, if the matter of age

A-10

Page 2

ORC Ann. 2929.03

was raised by the offender pursuant to *section 2929.023 [2929.02.3] of the Revised Code*, and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard. The instruction to the jury shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but the instruction shall not mention the penalty that may be the consequence of a guilty or not guilty verdict on any charge or specification.

(C) (1) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of *section 2929.04 of the Revised Code*, then, following a verdict of guilty of the charge but not guilty of each of the specifications, and regardless of whether the offender raised the matter of age pursuant to *section 2929.023 [2929.02.3] of the Revised Code*, the trial court shall impose sentence on the offender as follows:

(a) Except as provided in division (C)(1)(b) of this section, the trial court shall impose one of the following sentences on the offender:

(i) Life imprisonment without parole;

(ii) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving twenty years of imprisonment;

(iii) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(iv) Subject to division (C)(1)(a)(v) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(v) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (C)(1)(a)(i) of this section, the trial court shall sentence the offender pursuant to division (B)(3) of *section 2971.03 of the Revised Code* to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(b) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the trial court shall impose upon the offender a sentence of life imprisonment without parole that shall be served pursuant to *section 2971.03 of the Revised Code*.

(2) (a) If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of *section 2929.04 of the Revised Code* and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be one of the following:

(i) Except as provided in division (C)(2)(a)(ii) or (iii) of this section, the penalty to be imposed on the offender shall be death, life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment.

(ii) Except as provided in division (C)(2)(a)(iii) of this section, if the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of death or life imprisonment without parole on the offender pursuant to division (C)(2)(a)(i) of this section, the penalty to be imposed on the offender shall be an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment that shall be imposed pursuant to division (B)(3) of *section 2971.03 of the Revised Code* and served pursuant to that section.

(iii) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, the penalty to be imposed on the offender shall be death or life imprisonment without parole that shall be served pursuant to *section 2971.03 of the Revised Code*.

A-11

ORC Ann. 2929.03

(b) A penalty imposed pursuant to division (C)(2)(a)(i), (ii), or (iii) of this section shall be determined pursuant to divisions (D) and (E) of this section and shall be determined by one of the following:

(i) By the panel of three judges that tried the offender upon the offender's waiver of the right to trial by jury;

(ii) By the trial jury and the trial judge, if the offender was tried by jury.

(D) (1) Death may not be imposed as a penalty for aggravated murder if the offender raised the matter of age at trial pursuant to *section 2929.023 [2929.02.3] of the Revised Code* and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense. When death may be imposed as a penalty for aggravated murder, the court shall proceed under this division. When death may be imposed as a penalty, the court, upon the request of the defendant, shall require a pre-sentence investigation to be made and, upon the request of the defendant, shall require a mental examination to be made, and shall require reports of the investigation and of any mental examination submitted to the court, pursuant to *section 2947.06 of the Revised Code*. No statement made or information provided by a defendant in a mental examination or proceeding conducted pursuant to this division shall be disclosed to any person, except as provided in this division, or later used in evidence against the defendant on the issue of guilt in any retrial. A presentence investigation or mental examination shall not be made except upon request of the defendant. Copies of any reports prepared under this division shall be furnished to the court, to the trial jury if the offender was tried by a jury, to the prosecutor, and to the offender or the offender's counsel for use under this division. The court, and the trial jury if the offender was tried by a jury, shall consider any report prepared pursuant to this division and furnished to it and any evidence raised at trial that is relevant to the aggravating circumstances the offender was found guilty of committing or to any factors in mitigation of the imposition of the sentence of death, shall hear testimony and other evidence that is relevant to the nature and circumstances of the aggravating circumstances the offender was found guilty of committing, the mitigating factors set forth in division (B) of *section 2929.04 of the Revised Code*, and any other factors in mitigation of the imposition of the sentence of death, and shall hear the statement, if any, of the offender, and the arguments, if any, of counsel for the defense and prosecution, that are relevant to the penalty that should be imposed on the offender. The defendant shall be given great latitude in the presentation of evidence of the mitigating factors set forth in division (B) of *section 2929.04 of the Revised Code* and of any other factors in mitigation of the imposition of the sentence of death. If the offender chooses to make a statement, the offender is subject to cross-examination only if the offender consents to make the statement under oath or affirmation.

The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.

(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to one of the following:

(a) Except as provided in division (D)(2)(b) or (c) of this section, to life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(b) Except as provided in division (D)(2)(c) of this section, if the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the jury does not recommend a sentence of life imprisonment without parole pursuant to division (D)(2)(a) of this section, to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (B)(3) of *section 2971.03 of the Revised Code* and served pursuant to that section.

(c) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, to life imprisonment without parole.

A-12

ORC Ann. 2929.03

If the trial jury recommends that the offender be sentenced to life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, life imprisonment with parole eligibility after serving thirty full years of imprisonment, or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment to be imposed pursuant to division (B)(3) of *section 2971.03 of the Revised Code*, the court shall impose the sentence recommended by the jury upon the offender. If the sentence is an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment imposed as described in division (D)(2)(b) of this section or a sentence of life imprisonment without parole imposed under division (D)(2)(c) of this section, the sentence shall be served pursuant to *section 2971.03 of the Revised Code*. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section.

(3) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted to the court pursuant to division (D)(1) of this section, if, after receiving pursuant to division (D)(2) of this section the trial jury's recommendation that the sentence of death be imposed, the court finds, by proof beyond a reasonable doubt, or if the panel of three judges unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, it shall impose sentence of death on the offender. Absent such a finding by the court or panel, the court or the panel shall impose one of the following sentences on the offender:

(a) Except as provided in division (D)(3)(b) of this section, one of the following:

(i) Life imprisonment without parole;

(ii) Subject to division (D)(3)(a)(iv) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(iii) Subject to division (D)(3)(a)(iv) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(iv) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (D)(3)(a)(i) of this section, the court or panel shall sentence the offender pursuant to division (B)(3) of *section 2971.03 of the Revised Code* to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(b) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, life imprisonment without parole that shall be served pursuant to *section 2971.03 of the Revised Code*.

(E) If the offender raised the matter of age at trial pursuant to *section 2929.023 [2929.02.3] of the Revised Code*, was convicted of aggravated murder and one or more specifications of an aggravating circumstance listed in division (A) of *section 2929.04 of the Revised Code*, and was not found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court or the panel of three judges shall not impose a sentence of death on the offender. Instead, the court or panel shall impose one of the following sentences on the offender:

(1) Except as provided in division (E)(2) of this section, one of the following:

(a) Life imprisonment without parole;

(b) Subject to division (E)(2)(d) of this section, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment;

(c) Subject to division (E)(2)(d) of this section, life imprisonment with parole eligibility after serving thirty full years of imprisonment;

(d) If the victim of the aggravated murder was less than thirteen years of age, the offender also is convicted of or pleads guilty to a sexual motivation specification that was included in the indictment, count in the indictment, or information charging the offense, and the trial court does not impose a sentence of life imprisonment without parole on the offender pursuant to division (E)(2)(a) of this section, the court or panel shall sentence the offender pursuant to divi-

ORC Ann. 2929.03

sion (B)(3) of *section 2971.03 of the Revised Code* to an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment.

(2) If the offender also is convicted of or pleads guilty to a sexual motivation specification and a sexually violent predator specification that are included in the indictment, count in the indictment, or information that charged the aggravated murder, life imprisonment without parole that shall be served pursuant to *section 2971.03 of the Revised Code*.

(F) The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of *section 2929.04 of the Revised Code*, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of *section 2929.04 of the Revised Code* it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. For cases in which a sentence of death is imposed for an offense committed before January 1, 1995, the court or panel shall file the opinion required to be prepared by this division with the clerk of the appropriate court of appeals and with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. For cases in which a sentence of death is imposed for an offense committed on or after January 1, 1995, the court or panel shall file the opinion required to be prepared by this division with the clerk of the supreme court within fifteen days after the court or panel imposes sentence. The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

(G) (1) Whenever the court or a panel of three judges imposes a sentence of death for an offense committed before January 1, 1995, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the appellate court.

(2) Whenever the court or a panel of three judges imposes a sentence of death for an offense committed on or after January 1, 1995, the clerk of the court in which the judgment is rendered shall deliver the entire record in the case to the supreme court.

A-14

Page 1

LEXSTAT ORC 2929.04

PAGE'S OHIO REVISED CODE ANNOTATED
Copyright (c) 2008 by Matthew Bender & Company, Inc
a member of the LexisNexis Group
All rights reserved.

*** CURRENT THROUGH LEGISLATION PASSED BY THE 127TH OHIO GENERAL ASSEMBLY AND FILED
WITH THE SECRETARY OF STATE THROUGH OCTOBER 13, 2008 ***
*** ANNOTATIONS CURRENT THROUGH JULY 1, 2008 ***
*** OPINIONS OF ATTORNEY GENERAL CURRENT THROUGH JULY 20, 2008 ***

TITLE 29. CRIMES -- PROCEDURE
CHAPTER 2929. PENALTIES AND SENTENCING
PENALTIES FOR MURDER

**Go to the Ohio Code Archive Directory**

*ORC Ann. 2929.04 (2008)*

§ 2929.04. Criteria for imposing death or imprisonment for a capital offense

(A) Imposition of the death penalty for aggravated murder is precluded unless one or more of the following is specified in the indictment or count in the indictment pursuant to *section 2941.14 of the Revised Code* and proved beyond a reasonable doubt:

(1) The offense was the assassination of the president of the United States or a person in line of succession to the presidency, the governor or lieutenant governor of this state, the president-elect or vice president-elect of the United States, the governor-elect or lieutenant governor-elect of this state, or a candidate for any of the offices described in this division. For purposes of this division, a person is a candidate if the person has been nominated for election according to law, if the person has filed a petition or petitions according to law to have the person's name placed on the ballot in a primary or general election, or if the person campaigns as a write-in candidate in a primary or general election.

(2) The offense was committed for hire.

(3) The offense was committed for the purpose of escaping detection, apprehension, trial, or punishment for another offense committed by the offender.

(4) The offense was committed while the offender was under detention or while the offender was at large after having broken detention. As used in division (A)(4) of this section, "detention" has the same meaning as in *section 2921.01 of the Revised Code*, except that detention does not include hospitalization, institutionalization, or confinement in a mental health facility or mental retardation and developmentally disabled facility unless at the time of the commission of the offense either of the following circumstances apply:

(a) The offender was in the facility as a result of being charged with a violation of a section of the Revised Code.

(b) The offender was under detention as a result of being convicted of or pleading guilty to a violation of a section of the Revised Code.

(5) Prior to the offense at bar, the offender was convicted of an offense an essential element of which was the purposeful killing of or attempt to kill another, or the offense at bar was part of a course of conduct involving the purposeful killing of or attempt to kill two or more persons by the offender.

(6) The victim of the offense was a law enforcement officer, as defined in *section 2911.01 of the Revised Code*, whom the offender had reasonable cause to know or knew to be a law enforcement officer as so defined, and either the

A-15

ORC Ann. 2929.04

victim, at the time of the commission of the offense, was engaged in the victim's duties, or it was the offender's specific purpose to kill a law enforcement officer as so defined.

(7) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit kidnapping, rape, aggravated arson, aggravated robbery, or aggravated burglary, and either the offender was the principal offender in the commission of the aggravated murder or, if not the principal offender, committed the aggravated murder with prior calculation and design.

(8) The victim of the aggravated murder was a witness to an offense who was purposely killed to prevent the victim's testimony in any criminal proceeding and the aggravated murder was not committed during the commission, attempted commission, or flight immediately after the commission or attempted commission of the offense to which the victim was a witness, or the victim of the aggravated murder was a witness to an offense and was purposely killed in retaliation for the victim's testimony in any criminal proceeding.

(9) The offender, in the commission of the offense, purposefully caused the death of another who was under thirteen years of age at the time of the commission of the offense, and either the offender was the principal offender in the commission of the offense or, if not the principal offender, committed the offense with prior calculation and design.

(10) The offense was committed while the offender was committing, attempting to commit, or fleeing immediately after committing or attempting to commit terrorism.

(B) If one or more of the aggravating circumstances listed in division (A) of this section is specified in the indictment or count in the indictment and proved beyond a reasonable doubt, and if the offender did not raise the matter of age pursuant to *section 2929.023 [2929.02.3] of the Revised Code* or if the offender, after raising the matter of age, was found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court, trial jury, or panel of three judges shall consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender, and all of the following factors:

(1) Whether the victim of the offense induced or facilitated it;

(2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation;

(3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law;

(4) The youth of the offender;

(5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications;

(6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim;

(7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death.

(C) The defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death.

The existence of any of the mitigating factors listed in division (B) of this section does not preclude the imposition of a sentence of death on the offender but shall be weighed pursuant to divisions (D)(2) and (3) of *section 2929.03 of the Revised Code* by the trial court, trial jury, or the panel of three judges against the aggravating circumstances the offender was found guilty of committing.

LEXSTAT OHIO CRIM R 33

OHIO RULES OF COURT SERVICE
Copyright © 2008 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** RULES CURRENT THROUGH SEPTEMBER 1, 2008 ***
*** ANNOTATIONS CURRENT THROUGH DECEMBER 31, 2007 ***

Ohio Rules Of Criminal Procedure

*Ohio Crim. R. 33*  (2008)

### Rule 33. New Trial

**(A) Grounds.**

A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

**(1)** Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

**(2)** Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

**(3)** Accident or surprise which ordinary prudence could not have guarded against;

**(4)** That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified;

**(5)** Error of law occurring at the trial;

**(6)** When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**(B) Motion for new trial; form, time.**

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

**(C) Affidavits required.**

A-17

Ohio Crim. R. 33

The causes enumerated in subsection (A)(2) and (3) must be sustained by affidavit showing their truth, and may be controverted by affidavit.

**(D) Procedure when new trial granted.**

When a new trial is granted by the trial court, or when a new trial is awarded on appeal, the accused shall stand trial upon the charge or charges of which he was convicted.

**(E) Invalid grounds for new trial.**

No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

**(1)** An inaccuracy or imperfection in the indictment, information, or complaint, provided that the charge is sufficient to fairly and reasonably inform the defendant of all the essential elements of the charge against him.

**(2)** A variance between the allegations and the proof thereof, unless the defendant is misled or prejudiced thereby;

**(3)** The admission or rejection of any evidence offered against or for the defendant, unless the defendant was or may have been prejudiced thereby;

**(4)** A misdirection of the jury, unless the defendant was or may have been prejudiced thereby;

**(5)** Any other cause, unless it affirmatively appears from the record that the defendant was prejudiced thereby or was prevented from having a fair trial.

**(F) Motion for new trial not a condition for appellate review.**

A motion for a new trial is not a prerequisite to obtain appellate review.

A-18

IN THE ELEVENTH DISTRICT COURT OF APPEALS
TRUMBULL COUNTY, OHIO

STATE OF OHIO,                    )    **CASE NO. 2009-T-0050**
    Plaintiff-Appellee,          )
                                 )    On Appeal from the Trumbull
    v.                           )    County Court of Common Pleas
                                 )    No. 01-CR-794
NATHANIEL JACKSON                 )
    Defendant-Appellant.         )
                                 )

F I L E D
COURT OF APPEALS
AUG 1 2 2009
TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

---

### STATE'S MOTION TO DISMISS APPEAL

---

Now comes the Plaintiff-Appellee, the State of Ohio, by and through the undersigned

counsel, and moves this Court to dismiss Defendant-Appellant Nathaniel Jackson's appeal

pending under the above caption and case number for want of jurisdiction.

The pending appeal involves the trial court's May 4, 2009, denial (T.d. #381) of

Appellant's Crim. R. 33 motion filed May 15, 2008 (T.d. #364) in a nearly seven-year-old

aggravated murder conviction and death sentence.   Since 1996, the Ohio Supreme Court rules

have not only provided for the direct appeal of the conviction and sentence in death penalty

cases, but motions for new capital murder trials as well.   See, generally, S.Ct. Prac. R. XIX.   The

rule specifically addresses the filing of a motion for a new trial: "If the appellant timely files in

the trial court a motion for new trial, or for arrest of judgment, the time for filing a notice of

appeal begins to run after the order denying the motion is entered.   However, a motion for a new

trial on the ground of newly discovered evidence extends the time for filing the notice of appeal

**ORIGINAL**

1

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7489

only if the motion is made before the expiration of the time for filing a motion for a new trial on other grounds other than newly discovered evidence." S.Ct. Prac. R. XIX, Sec. 1(A)(2).

Crim. R. 33(B) sets the following time constraints in which to file a motion for new trial: "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."

In the entry subject to appeal under this case number (T.d. #381), the court below referenced an earlier Crim. R. 33 denial (T.d. #371) wherein the court found Appellant was (1) untimely and did not show why he was unavoidably prevented from timely filing his motion and (2) that pursuant to this Court's decision in *State v. Davie* 11th Dist. No. 2007-T-0069, 2007-Ohio-6940, Crim. R. 33 was an improper vehicle to secure a new sentencing hearing, the relief sought in this appeal. Nevertheless, Appellant has attempted to invoke jurisdiction in this Court when none is to be had. The Supreme Court rules make it clear that it is the appropriate court in which to file a direct appeal on a denied Crim. R. 33 motion in a capital case. This Court is therefore without jurisdiction.

It should be noted that the State has filed a similar motion to this one in *State v. Jackson,* 11th Dist. No. 2008-T-0077, wherein Appellant also requested a new sentencing hearing through a Crim. R 33 motion. In 2008-T-0077, Appellant filed a companion notice of appeal in the Ohio Supreme Court, which the court dismissed Dec. 31, 2008, without comment. This Court has held

2

Case No. 2008-T-0077 in abeyance and has not yet ruled on State's motion to dismiss. Appellant

did not seek simultaneous jurisdiction in the Ohio Supreme Court in Case No. 2009-T-0050.

For the reasons articulated above, the State moves this Court to dismiss Appellant's

pending appeal for want of jurisdiction, and renews its motion to dismiss in Case No. 2008-T-

0077.

Respectfully Submitted,

DENNIS WATKINS (#009949)
TRUMBULL COUNTY
PROSECUTING ATTORNEY BY:

LuWAYNE ANNOS (#0055651)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High St. NW, 4th Floor
Warren, Ohio, 44481
Telephone No.: (330) 675-2426
Fax No.: (330) 675-2431

COUNSEL FOR THE PLAINTIFF-APPELLEE
THE STATE OF OHIO

**PROOF OF SERVICE**

I do hereby certify that a copy of the foregoing Motion by was sent by ordinary mail to
Atty. John P. Parker (#0041243), 988 E. 185 Street, Cleveland, Ohio  44119, and Atty. Randall
Porter (#0005835), Office of the Ohio Public Defender, 250 E. Broad St.-Suite 1400,  Columbus,
Ohio 43215, on this 12th Day of August.

LuWAYNE ANNOS (#0055651)
Assistant Prosecuting Attorney

3

IN THE COURT OF APPEALS
ELEVENTH APPELLATE DISTRICT
TRUMBULL COUNTY, OHIO

**F I L E D**
COURT OF APPEALS

AUG 2 4 2009

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

STATE OF OHIO,          )
                        )
    Plaintiff-Appellee,   )
                        )
-vs-                    )          Case No. 2009-TR-00050
                        )
NATHANIEL JACKSON,      )          Regular Calendar
                        )
    Defendant-Appellant.  )
                        )

---

## APPELLANT NATHANIEL JACKSON'S MEMORANDUM CONTRA TO THE STATE'S MOTION TO DISMISS

---

On August 12, 2009, the State of Ohio filed a motion to dismiss this appeal from the trial court's denial of Appellant Nathaniel Jackson's ("Mr. Jackson") motion for a new trial. The State raises a single argument; the Ohio Supreme Court in capital cases has exclusive appellate jurisdiction to hear appeals from the denial of new trial motions. The Ohio Supreme Court has already rejected the state's argument in one of Mr. Jackson's other appeals. Consequently, this Court should deny the State's Motion to Dismiss.

**I.  THE LEGAL BASIS FOR THE STATE'S ARGUMENT IS INAPPOSITE.**

The State, in its motion, relies exclusively on the following language in the in the Ohio Supreme Court procedural rules, "If the appellant timely files in the trial court a motion for a new trial, or for arrest of judgment, the time for filing a notice of appeal begins to run after the order denying the motion is

entered. However, a motion for a new trial on the ground of newly discovered evidence extends the time for filing the notice of appeal only if the motion is made before the expiration of the time for filing a motion for a new trial on grounds other than newly discovered evidence." S.Ct. Prac. R. XIX. The State cites to no authority for its assertion that this procedural rule grants that Court exclusive jurisdiction to hear appeals from the denial of new trial motions in capital cases.

The procedural rules of the Ohio Supreme Court do not confer jurisdiction on that Court. Only Article IV, § 2(B)(2)(c) of the Ohio Constitution and R.C. § 2953.02 provide the Ohio Supreme Court with its jurisdiction. The language upon which the State relies only establishes the time period for a death sentenced individual to file his notice of appeal with the Ohio Supreme Court from his conviction and resulting death sentence. R.C. § 2953.02 provides in pertinent part, "In a capital case in *which a sentence of death is imposed* for an offense committed on or after January 1, 1995, the *judgment or final order* may be appealed from the trial court directly to the supreme court as a matter of right." (emphasis added). The terms judgment and order refer back to the entry imposing a sentence of death. In this case Mr. Jackson is appealing not from the entry imposing death, but from the entry denying his motion for a new trial.

## II. THE SUPREME COURT HAS REJECTED THE STATE'S ARGUMENT.

Pursuant to Crim. R. 33, Mr. Jackson filed with the trial court separate motions requesting a new sentencing hearing and new trial. [T.d. 355, 367]. On

2

July 16, 2008, the trial court denied Mr. Jackson's motion for a new sentencing hearing. [371].

On August 14, 2008, Mr. Jackson appealed from the trial court's July 16, 2008 judgment entry denying his motion for a new sentencing hearing. Because the law was unclear as to which court he should appeal, given that this is a capital case, he filed notices of appeals to both this Court and the Ohio Supreme Court. *State v. Jackson,* 10th Dist No. 2008 TR 77 (August 14, 2008 Notice of Appeal) [Exhibit A]; *State v. Jackson,* Ohio Supreme Court Case No. 08-1610 (August 14, 2008 Notice of Appeal) [Exhibit B]. On December 31, 2008, the Ohio Supreme Court dismissed Mr. Jackson's appeal to that Court. *State v. Jackson,* 120 Ohio St. 3d 1450, 2008-Ohio-6813. While the Court did not give a reason for the dismissal, it can be reasonably concluded that it concluded that Mr. Jackson's appeal to this Court and not the Ohio Supreme Court was the proper appellate forum.

Mr. Jackson anticipates that the State will argue in its reply, that the Ohio Supreme Court dismissed that appeal because Mr. Jackson did not timely file his notice of appeal. The State raised the issue in the Ohio Supreme Court. The State therein did *not assert* that Mr. Jackson took more than forty-five days to file his notice of appeal.[1] Instead, the State theorized that because the trial court found that Mr. Jackson did not timely file his motion for a new sentencing hearing, his notice of appeal was also untimely. The state cites S. Ct. Prac. R. XIX. That Rule does not create as a precondition to the filing of a

---

[1] An appellant has forty-five days to file his notice of appeal with the Ohio Supreme Court. S.Ct. Prac. R. XIX § 1(A).

3

notice of appeal that the trial court found that the defendant timely filed his motion for a new trial.

The Ohio Supreme Court, contrary to the state's argument, has concluded that it does have jurisdiction to hear an appeal from the denial of a new trial motion, even when the defendant untimely filed the motion. *State v. Johnston* (1988), 39 Ohio St. 3d 48, 529 N.E. 2d 898. In that case this Court found that the defendant failed to timely file his motion for a new trial. *Id.* At 58. Yet, that Court affirmed the appellate court's decision to grant the defendant's motion for a new trial . *Id.* At 62-63. The interpretation of the Rule that the State suggests would permit a trial judge to preclude a defendant from ever appealing a denial of a new trial motion by simply finding the motion was untimely.

**CONCLUSION**

The Court should deny the State's motion. It is not legally supported. The Ohio Supreme Court has rejected a similar argument.

Respectfully submitted,

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 Voice
johnpparker@earthlink.net
Pro Bono Counsel

And

OFFICE OF THE
OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

4

Office of the Ohio Public Defender
8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

By _____

COUNSEL FOR NATHANIEL E. JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Appellant Nathaniel E. Jackson's Memo Contra To The State's Motion To Dismiss* was forwarded by electronic and regular U.S. Mail to Luwayne Annos, Assistant Prosecuting Attorney, 160 High Street, N.W., 4th Floor Administration Building, Warren, Ohio 44481 on this 21st day of August, 2009.

RANDALL PORTER - 0005835
Assistant State Public Defender

5

IN THE COURT OF COMMON PLEAS
Trumbull COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Trial Court Case No. 01-CR-794 |
| vs. | : | Court of Appeals No. _2008TR77_ |
| NATHANIEL E. JACKSON, | : | |
| Defendant-Appellant. | : | |

**F I L E D**
COURT OF APPEALS

**NOTICE OF APPEAL**

AUG 1 4 2008

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN CLERK

Notice is hereby given that Defendant-Appellant, Nathaniel Jackson, appeals to the Eleventh District Court of Appeals from the trial court Judgment Entry time-stamped July 16, 2008 denying his motions for a new trial.

X    Check here if court appointed and attach copy of appointment and Financial Disclosure/Affidavit of Indigency. – *Indigent , but not court appointed*

X    Check here if any co-counsel for Appellant and attach a separate sheet indicating name, address, telephone no. and fax no.

**MOTION FOR APPOINTMENT OF COUNSEL PENDING**

**TRANSCRIPT INFORMATION - App.R. 9(B)**

__X__  I have ordered a complete transcript from the court reporter.
Estimated completion date: 30 days  Estimated number of pages: 15
*The transcript from the trial and sentencing hearing has already been prepared and filed with the court. The court reporter needs to complete and file only the transcript from the April 18, 2008 hearing.*
____  I have ordered a partial transcript from the court reporter.
Estimated completion date: _____  Estimated number of pages: _____
____  A statement pursuant to App.R. 9(C) or (D) is to be prepared in lieu of transcript.
____  Videotapes to be filed.  See. App.R. 9(A) or (B).
____  No transcript or statement pursuant to either App. R. 9(C) or (D) is necessary.
____  Transcript has been completed and already made part of the record.

August 13, 2008

Signature of Attorney or Appellant

**EXHIBIT**
**A**

## <u>DESIGNATION OF CO-COUNSEL</u>

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
<u>johnpparker@earthlink.net</u>
Pro Bono Counsel

Randall L. Porter
Assistant State Public Defender
Office of the Ohio Public Defender
8 East Long Street - 11th Floor
Address

Columbus, OH  43215
City, State, Zip Code

0005835
Attorney Regis. No.

 614-466-5394          614-644-0703
Telephone No.          Fax No.

Randall.Porter@OPD.Ohio.gov
E-mail Address

Revised 05/10/2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Notice Of Appeal To The Eleventh District Court Of Appeals From A Final Judgment Entry* was forwarded first-class U.S. Mail to LuWayne Annos, Assistant Prosecuting Attorney, Trumbull County Prosecutor's Office, 160 High St., N.W., 4th Floor, Warren, Ohio 44481, this 13th day of August, 2008.

RANDALL L. PORTER
Assistant State Public Defender

COUNSEL FOR NATHANIEL E. JACKSON

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

STATE OF OHIO                    )
                                 )
            Plaintiff            )        Case No. 01-CR-794
                                 )
vs.                              )        Judge John M. Stuard
                                 )
NATHANIEL JACKSON                )        **JUDGMENT ENTRY**
                                 )
            Defendant            )

This matter is before the Court on defendant's Motion for
Leave to File a Motion for New Trial and upon defendant's Motion
for New Trial, and the Court, having read the briefs of counsel
and being fully advised in the matter, finds that defendant's
motions are not supported by Ohio law, are not well taken, and
must be denied.

In his Motion for New Trial, defendant claims that the
prosecution was involved in drafting the findings of fact and
conclusions of law overruling defendant's Motion to Suppress
Evidence. It is alleged that this creates a violation of the
5th, 6th, 8th and 14th Amendments to the Constitution.

In ruling upon this claim the Court accepts as true the
allegation that the prosecution was involved in drafting the
Findings of Fact and Conclusions of Law overruling Defendant's
Motion to Suppress. The Ohio Supreme Court has ruled, however,
that not even in a capital murder case does the prosecution's
involvement in the drafting of judgments and orders for the court
constitute a constitutional violation. State v. Roberts 110 Oh.
St. 3d 71.

Mr. Jackson seeks a new trial or at least an evidentiary

hearing with respect to his sentence to death.(Motion for New Trial at Page 17, Request for Leave to File Motion for New Trial, Motion for Leave to File Motion for Sentencing Hearing). Defendant comes before this court under Crim R 33. There is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing.  State v. Davie 2007-Ohio-6940,¶8.  The Eleventh District Court of Appeals has held that Crim R 33 is not the appropriate vehicle for a new sentencing hearing. State v. Davie supra.

The court also finds that the defendant's motions are untimely under Crim R 33(B), even if that rule is applicable. Defendant has failed to provide that he was unavoidably prevented from discovering the evidence upon which his motion is based.

Finally, this court notes that Defendant does not articulate any grounds for a new trial as contemplated by Crim R 33(A).

Accordingly, defendant's Motion for Leave to File a Motion for New Trial is granted.  Defendant's Motion for New Trial is overruled.

IT IS SO ORDERED.

There is no just cause for delay in appeal of this matter.

_____
JOHN M. STUARD, JUDGE

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH WITH BY ORDINARY MAIL.

_____
JUDGE

2008 JUL 16 A 9: 53

ELEVENTH DISTRICT COURT OF APPEALS
DOCKETING STATEMENT
(To be attached to and filed with Notice of Appeal)

State of Ohio _____     Name of Trial Court  Trumbull C.P.

_____
Plaintiff-Appellee

                                                    Trial Court Case No. 01-CR-794

vs.

Nathaniel Jackson _____

_____                  Court of Appeals Case No. _____
Defendant-Appellant

**REGULAR CALENDAR**

 X     Case should be assigned to the Regular Calendar with full briefing.

**ACCELERATED CALENDAR  - (Check if this applies)**

____     I have read Loc.App.R. 11.  This appeal meets those requirements, and I request that it be
briefed and decided on the Accelerated Calendar.

**EXPEDITED APPEAL**

____     This case should be heard as an expedited appeal as defined under App.R. 11.2 because:  (State
provision of App.R. 11.2 or applicable statute): _____
_____

**ORAL ARGUMENT**

____     To expedite oral argument, I am willing to travel to whichever adjoining county in which the
Eleventh District has the first available date.
 X     I want oral argument in this appeal set in the county in which the appeal originates.

**CASE TYPE**

____**A. Criminal.**

Specify nature of offense(s) (e.g., assault, burglary, rape): _____
_____
(1)  Is the defendant presently in jail?  _____ Yes  _____ No.  If the answer is "Yes," give date of
incarceration _____.  When is he/she due to be released (if you know)? _____
(2)  Has a stay been filed in the trial court? _____ Yes  _____ No.   If granted, what are the terms ?
_____
(3)  Does the judgment entry comply with Crim.R. 32(C) by including the plea, verdict or findings, and
a sentence?  _____ Yes  _____ No.  If the answer is "No," this is not a final appealable order.

____**B. Post-Conviction Relief.**  Date of conviction: 12/09/02
*This is the appeal from the denial of two motions for a new trial*

____**C. Civil**

Specify cause(s) of action: _____

____**D. App.R. 11.2 (Abortion, Adoption, or Termination of Parental Rights Appeal).**

**PROBABLE ISSUE FOR REVIEW:** Prosecutor's *ex part* drafting of various entries for the trial judge including sentencing entry and findings of facts and conclusions of law with regard to the motion to suppress

**THE FOLLOWING QUESTIONS APPLY TO ALL CIVIL AND ADMINISTRATIVE APPEALS**

1. **FINAL APPEALABLE ORDER**

   (a) Has the trial court disposed of all claims by and against all parties?

      X Yes     **(Attach copies of all judgments and orders indicating that all claims against all parties have been concluded.)**

      _____ No

   (b) If the answer to (a) is "No," has the trial court made an express determination that there is "no just reason for delay," pursuant to Civ.R. 54(B), with respect to the judgment or order from which the appeal is taken?

      _____ Yes (Attach a copy of that order.)

      _____ No

   (c) Is the judgment or order subject to immediate appeal under R.C. 2505.02? If so, set forth the specific provision(s) that authorize this appeal: _____

   (d) Does the right to an immediate appeal arise from a provision of a statute other than R.C. 2505.02? If so, identify the statute: _____

   *There is a question whether the order should be appealed directly to the Ohio Supreme Court or this Court. Appellant, while believing that the Ohio Supreme Court is the correct court, has concurrently, out of an abundance of caution, has notices of appeal with both courts.*

2. **MEDIATION**

   (a) Would a pre-hearing conference or mediation assist in the resolution of this matter?

      _____ Yes     __X__ No     _____ Maybe

   Please explain (optional) _____

   _____

**CERTIFICATE OF SERVICE:** I certify that I have mailed or otherwise delivered a copy of this Docketing Statement to all counsel of record, or to the parties if unrepresented. The following is a listing of the name, address and telephone number of all counsel and the parties they represent and any parties not represented by counsel: (attach extra sheet if necessary)

State of Ohio
Luwayne Annos
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High Street, N.W.
4th Floor Administration Building
Warren Ohio 44481

(330) 675-2426

DATE:  August 13, 2008      SIGNATURE _____

Revised 5/10/07

# IN THE SUPREME COURT OF OHIO

# 08-1610

STATE OF OHIO,　　　　　　　　　)

　　　　　Appellee-Appellee,　　　)

　　　　　　　　　　　　　　　　　)

-vs-　　　　　　　　　　　　　　　)

NATHANIEL JACKSON,　　　　　　　)

　　　　　Defendant-Appellant.　　)

Case No. 2008-TR-00024

Appeal taken from the Trumbull County Court of Common Pleas Case No. 01-CR-794

This is a death penalty case

---

## NATHANIEL JACKSON'S NOTICE OF APPEAL

---

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

DENNIS WATKINS - 0009949
Trumbull County Prosecuting Attorney

LUWAYNE ANNOS - 0055651
Assistant Prosecuting Attorney

Trumbull County Prosecutor's Office
160 High Street, N.W.
4th Floor Administration Building
Warren, Ohio 44481
(330) 675-2426

COUNSEL FOR APPELLEE

OFFICE OF THE
OHIO PUBLIC DEFENDER

RANDALL L. PORTER - 0005835
Assistant State Public Defender

8 East Long Street -11th Floor
Columbus, Ohio 43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

COUNSEL FOR APPELLANT

FILED

AUG 14 2008

CLERK OF COURT
SUPREME COURT OF OHIO



EXHIBIT
B

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7504

## IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | **Case No. 2008-TR-00024** |
| Appellee-Appellee, | ) | |
| | ) | **Appeal taken from Trumbull** |
| -vs- | ) | **County Court of Common Pleas** |
| | ) | **Case No. 01-CR-794** |
| NATHANIEL JACKSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | **This is a death penalty case** |

## NATHANIEL JACKSON'S NOTICE OF APPEAL

Nathaniel Jackson hereby gives notice of appeal to the Supreme Court of Ohio from the Judgment Entry of the Trumbull County Common Pleas Court entered in Case No. 01-CR-794 on July 16, 2008.

This case involves a capital offense and the date of the offense is December 11, 2001. *See* Supreme Court Rule of Practice XIX, § 1(A). This Court has previously affirmed Nathaniel Jackson's convictions and death sentence. *State v. Jackson*, 107 Ohio St. 3d 300, 2006-Ohio-1, 839 N.E. 2d 362. This appeal is from the trial court's denial of Nathaniel Jackson's motions for a new trial and sentencing hearing which are premised on this Court's decision in *State v. Roberts,* 110 Ohio St. 3d 71, 2006-Ohio-366, 850 N.E. 2d 1168. The same trial judge presided over both the Jackson and Roberts' cases and he has admitted to committing the same error in Nathaniel Jackson's case that lead to this Court to vacating Donna Roberts' death sentence.

1

Respectfully submitted,

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

Office of the Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

8 East Long Street -11th Floor
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0703 (Facsimile)
PorterR@OPD.state.OH.US

By _____
COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *NATHANIEL JACKSON'S NOTICE OF APPEAL* was forwarded by first-class, postage prepaid U.S. Mail to Luwayne Annos, Assistant Prosecuting Attorney, Trumbull County Prosecutor's Office, 160 High Street, N.W., 4th Floor Administration Building, Warren, Ohio  44481, on this 14th day of August, 2008.

RANDALL L. PORTER
COUNSEL FOR PETITIONER

2

IN THE COURT OF COMMON PLEAS
TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| Plaintiff | ) | Case No. 01-CR-794 |
| | ) | |
| vs. | ) | Judge John M. Stuard |
| | ) | |
| NATHANIEL JACKSON | ) | **JUDGMENT ENTRY** |
| | ) | |
| Defendant | ) | |

This matter is before the Court on defendant's Motion for Leave to File a Motion for New Trial and upon defendant's Motion for New Trial, and the Court, having read the briefs of counsel and being fully advised in the matter, finds that defendant's motions are not supported by Ohio law, are not well taken, and must be denied.

In his Motion for New Trial, defendant claims that the prosecution was involved in drafting the findings of fact and conclusions of law overruling defendant's Motion to Suppress Evidence. It is alleged that this creates a violation of the 5th, 6th, 8th and 14th Amendments to the Constitution.

In ruling upon this claim the Court accepts as true the allegation that the prosecution was involved in drafting the Findings of Fact and Conclusions of Law overruling Defendant's Motion to Suppress. The Ohio Supreme Court has ruled, however, that not even in a capital murder case does the prosecution's involvement in the drafting of judgments and orders for the court constitute a constitutional violation. State v. Roberts 110 Oh. St. 3d 71.

Mr. Jackson seeks a new trial or at least an evidentiary

hearing with respect to his sentence to death. (Motion for New Trial at Page 17, Request for Leave to File Motion for New Trial, Motion for Leave to File Motion for Sentencing Hearing). Defendant comes before this court under Crim R 33. There is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing. State v. Davie 2007-Ohio-6940,¶8. The Eleventh District Court of Appeals has held that Crim R 33 is not the appropriate vehicle for a new sentencing hearing. State v. Davie supra.

The court also finds that the defendant's motions are untimely under Crim R 33(B), even if that rule is applicable. Defendant has failed to provide that he was unavoidably prevented from discovering the evidence upon which his motion is based.

Finally, this court notes that Defendant does not articulate any grounds for a new trial as contemplated by Crim R 33(A).

Accordingly, defendant's Motion for Leave to File a Motion for New Trial is granted. Defendant's Motion for New Trial is overruled.

IT IS SO ORDERED.

There is no just cause for delay in appeal of this matter.

_____
JOHN M. STUARD, JUDGE

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE
COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD
OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH
WITH BY ORDINARY MAIL.

JUDGE

2008 JUL 16  A 9: 53

IN THE ELEVENTH DISTRICT COURT OF APPEALS
TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO. 2009-T-0050** |
| Plaintiff-Appellee, | ) |  |
|  | ) | On Appeal from the Trumbull |
| v. | ) | County Court of Common Pleas |
|  | ) | No. 01-CR-794 |
| NATHANIEL JACKSON | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

---

## MERIT BRIEF OF PLAINTIFF-APPELLEE
## THE STATE OF OHIO

---

DENNIS WATKINS (#0009949)
Prosecuting Attorney, by
LuWAYNE ANNOS (#0055651)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High Street, N.W.
4th Floor, Administration Building
Warren, Ohio 44481
Telephone No. (330) 675-2426

ATTORNEY FOR
PLAINTIFF-APPELLEE
STATE OF OHIO

**F I L E D**
COURT OF APPEALS

AUG 2 4 2009

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

JOHN P. PARKER (#0041243)
988 East 185 St.
Cleveland, Ohio    44119
(216) 881-0900

RANDALL L. PORTER (#005835)
Assistant State Public Defender
Office of the Public Defender
250 E. Broad St., Suite 1400
Columbus, Ohio    43215
(614) 466-5394

ATTORNEYS FOR
DEFENDANT-APPELLANT
NATHANIEL JACKSON

**ORAL ARUGMENT REQUESTED**

# ORIGINAL

## TABLE OF CONTENTS & ASSIGNMENTS OF ERROR

**Page(s)**

**Statement of the Case**..............................................................................................1

    **Procedural Posture & Statement of Facts**...............................................1

**ARGUMENT**...........................................................................................................5

**APPELLANT'S ASSIGNMENT OF ERROR NO. I:** ...................................5

    The trial court erred when it overruled Mr. Jackson's motion for a new sentencing
    hearing.

**APPELLEE'S ISSUE PRESENTED FOR REVIEW AND ARGUMENT:**...............5

    A trial court does not abuse its discretion in overruling a Crim. R. 33 motion
    which was filed to initiate a new sentencing hearing in direct contravention of this
    Court's holding in *State v. Davie*.

**Authorities**

Crim. R. 33(B)............................................................................................5, 7

*State v. Schiebel* (1990), 55 Ohio St.3d 71............................................................5

*Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.................................................5

*State v. Davie* 11th Dist. No.  2007-T-0069, 2007-Ohio-6940......................5, 6, 9

*State v. Roberts* 110 Ohio St. 3d 71, 2006-Ohio-3665..............................5, 9, 12, 13, 16,17

Crim. R. 33..................................................................................................6, 9

S.Ct. Prac. R. XIX, Sec. 1(A)(2)..............................................................................7

*Griffin v. Kentucky* (1987), 479 U.S. 314..........................................................8, 17

*State v. Foster,* 109 Ohio St. 3d 1, 2006-Ohio-856, cert.denied (2006), 127 S.Ct. 44..........8, 17

Crim. R. 33(A)(1)-(6)..............................................................................8, 10, 12, 14

*State v. Stumpf* (1987), 32 Ohio St. 3d 95..............................................................9

*State v. Petro* (1947), 148 Ohio St. 508, syllabus..................................................11

*O'Leary v. Liggett Drug Co.* (6th Cir.), 150 F.2d 656..........................................12, 13

*Anderson v. City Bessemer City* (1985), 470 U.S. 564.............................................13

*State v. Jackson,* 107 Ohio St. 3d 300, 2006-Ohio-1...............................................13

Code of Judicial Conduct Canon 2 & 3(B)(7)...........................................................18

*Disciplinary Counsel v. Stuard* 121 Ohio St. 3d 29, 2009-Ohio-261.........................18

**APPELLANT'S ASSIGNMENT OF ERROR NO. II:**...................................20

    The trial court erred when it overruled Mr. Jackson's Motions for a new trial and
    sentencing hearing without conducting an evidentiary hearing.

**ISSUE PRESENTED FOR REVIEW AND ARGUMENT:**...................................20

    A trial court does not err in denying a Crim. R. 33 motion without hearing when
    the criminal defendant submits no evidence or argument that a grant of said
    motion would result in a different outcome.

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7510

## TABLE OF CONTENTS & ASSIGNMENTS
## OF ERROR CONT'D

**PAGE(S)**

**Authorities**
*State v. Tomlinson* (1997), 125 Ohio App.3d 13……………………………………….................20
*State v. Stewart,* 4th Dist. No. 02CA29, 2003-Ohio-4850……………………………………........20
*State v. Smith* (1986), 30 Ohio App.3d 138……………………………………………….............20
*Dayton v. Martin* (1987), 43 Ohio App.3d 87………………………………………………....20
*State v. Hawkins* (1993)*,* 66 Ohio St.3d 339…...……………………………………………..20, 21
*State v. Wright* (1990), 67 Ohio App.3d 827……………………………………………………20
Crim. R. 33………………………………………………………………………………………..21, 22
*State v. Davie,* 2007-T-0069, 2007-Ohio-6940………………………………………………….21

**CONCLUSION**………………………………………………………………………………24

**PROOF OF SERVICE**………………………………………………………………………24

**APPENDIX**                                                                                    Appx. Page
   Judgment Entry of The Trumbull County Common Pleas Court, May 4, 2009

iii

IN THE ELEVENTH DISTRICT COURT OF APPEALS
TRUMBULL COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | ) | **CASE NO. 2009-T-0050** |
| Plaintiff-Appellee, | ) | |
| | ) | On Appeal from the Trumbull |
| v. | ) | County Court of Common Pleas |
| | ) | No. 01-CR-794 |
| NATHANIEL JACKSON | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

## MERIT BRIEF OF PLAINTIFF-APPELLEE
## THE STATE OF OHIO

### STATEMENT OF THE CASE

With the Court's indulgence, the Plaintiff-Appellee, the State of Ohio, will combine the

**Procedural Posture** and the **Statement of Facts** under this single heading.

On November 12, 2002, a Trumbull County jury convicted Defendant-Appellant

Nathaniel Jackson ("Appellant") on a four-count, capital indictment stemming from his

involvement in the Dec. 11, 2001, shooting death of Robert Fingerhut of Howland Township,

Trumbull County.  (T.d. #262-271).  The State will dispense with a recitation of facts and

circumstances surrounding Mr. Fingerhut's murder as they have no direct bearing on the wholly

procedural matter now before this Court in the instant appeal.   Appellant's jury recommended

that a sentence of death be imposed, and the trial court followed that recommendation in a

sentencing entry filed December 9, 2002.  (T.d. #272, 274).  A Trumbull County jury

subsequently found Appellant's co-defendant, Donna Marie Roberts, guilty and she was also

sentenced to death. *State v. Roberts* 110 Ohio St. 3d 71, 2006-Ohio-3665. The Ohio Supreme

Court affirmed Appellant's conviction and death sentence January 24, 2006. *State v. Jackson* 107

- 1 -

Ohio St. 3d 300, 2006-Ohio-1 (T.d. # 327). The U.S. Supreme Court denied Appellant's petition

for writ of certiorari on June 5, 2006. *Jackson v. Ohio* (2006), 547 U.S. 1182.

On Aug. 2, 2006, the Ohio Supreme Court upheld Roberts' conviction, but remanded her

death sentence for a new sentencing hearing because Trumbull County Common Pleas Judge

John M. Stuard, the judge who presided over both trials, somewhat abbreviated Roberts'

allocution and because assistants within the Trumbull County Prosecutor's Office had typed

Judge Stuard's findings and fact and conclusions of law regarding her death sentence. *Roberts,*

supra, at ¶153- 167. Roberts' case was remanded solely for purposes of re-sentencing to

accommodate her allocution and for the judge to personally re-draft the sentencing entry. Id.

Since August of 2006, Appellant has sought to slant, expand and exploit the *Roberts*

decision for his own purposes. He has buried the courts for three years in an avalanche of

frivolous actions seeking a retroactive application of *Roberts* to a variety of proposed remedies:

- Request for Leave for New Sentencing Hearing filed August 15, 2006. (T.d. #331).

- Motion for Relief from Judgment filed September 5, 2006. (T.d. #333).

- Motion to Recuse Judge Stuard filed September 13, 2006. (T.d. #334).

- Motion to Disqualify the Trumbull County Prosecuting Attorney filed September 20, 2006. (T.d # 338).

- Application to Disqualify Judge Stuard (Ohio Supreme Court) filed October 10, 2006. (T.d. #342).

- Motion for Clarification of Chief Justice's Moyer's denial of original Application to Disqualify Judge Stuard filed December 8, 2006.

- Complaint for Writ of Mandamus & Procedendo, Ohio Supreme Court No.  08-0028, January 4, 2008.  (T.d. #366, Ex. 12).

- Motion for A New Trial And/Or Sentencing Hearing filed February 29, 2008.  (T.d # 355).

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7513

- Second Application to Disqualify Judge Stuard (Ohio Supreme Court) filed May 15, 2008, (T.d. 364).

- Request for Leave to File His Motion for a New Trial with Memorandum of Law filed June 24, 2008. (T.d. #367).

The June 24, 2008, Request for Leave to File His Motion for New Trial focused on Appellant's supposition that the State drafted his findings of fact and conclusions of law denying Appellant's motion to suppress evidence. The State opposed Appellant's motion for leave and the motion itself. (T.d. # 370). Appellant attempted to shoe horn the *Roberts* decision into a reconstituted Crim. R. 33 motion by citing to transcripts generated from a disciplinary proceeding labeled *In re Complaint against Judge John Mason Stuard, et al.,* Supreme Court of Ohio Broad of Commissioners on Grievances and Discipline Case Nos. 07-075, 07-078. The trial court denied this motion with respect to the sentencing entry in a judgment entry filed July 16, 2008 (T.d.# 371), yet granted Appellant leave to file a motion for new trial. Appellant appealed the suppression portion of that entry under *State v. Jackson* 11th Dist. No. 2008-T-0077.

Meanwhile, on May 4, 2009, the trial court ruled on Appellant's Motion for New Trial/Sentencing Hearing filed from February 29, 2008. (T.d. # 381). This entry was attached to the Notice of Appeal in this case, though never actually referenced in Appellant's brief. In its decision, the trial court, referencing its July 16, 2008, ruling (T.d. #371), again denied the Appellant's motion for New Trial/Sentencing. In the same entry (T.d.#381), the court denied Appellant's motion to disqualify the Trumbull County Prosecutor's Office from responding to the myriad of post-*Roberts* motions filed on his behalf in the common pleas court. Appellant never references the trial court's decision as to the trial court's refusal to dismiss the Trumbull County Prosecutor's Office in this brief.

- 3 -

Presently, this Court has before it three entries resulting from decisions of the common pleas court wherein Appellant sought a retroactive application of *Roberts,* supra.  *State v. Jackson* 11th Dist. No. 2008-T- 24 is an appeal of the trial court's denial of Civ. R. 60(B) relief as it relates to the authorship of the findings of fact and conclusions of law denying postconviction relief (T.d. #345).  This matter is scheduled for oral argument November 20, 2009. *State v. Jackson,* 11th Dist. No. 2008-T-0077, contests the trial court's ruling in T.d. #371, wherein the court declined to grant Appellant's Crim. R. 33 motion over the authorship of the findings of fact and conclusions of law denying Appellant's motion to suppress evidence.  This case has been briefed but is not yet scheduled for oral arguments.  On Aug. 21, 2008, the State filed a motion to dismiss 2008-T-0077 because the Supreme Court of Ohio is by its own rules the sole arbiter of Crim. R. 33 motions in capital cases.  On Dec. 3, 2008, this Court held 2008-T-0077 in abeyance.  The State renewed its motion to dismiss 2008-T-0077 and filed a motion to dismiss the instant matter on Aug. 12, 2009.  The Court has not ruled on this motion at this writing.

Other facts necessary to dispose of Appellant's Assignments of Error will be brought to the Court's attention in the Argument portion of this brief.

- 4 -

## ARGUMENT

**APPELLANT'S ASSIGNMENT OF ERROR NO. I:**  The trial court erred when it overruled Mr. Jackson's motion for a new sentencing hearing.

**APPELLEE'S ISSUE PRESENTED FOR REVIEW AND ARGUMENT:** A trial court does not abuse its discretion in overruling a Crim. R. 33 motion which was filed to initiate a new sentencing hearing in direct contravention of this Court's holding in *State v. Davie*.

In his first Assignment of Error, Appellant argues the trial court erred in denying his motion for New Trial/New Sentencing (T.d. # 355) filed pursuant to Crim. R. 33. This argument, like his motion in the court below, is wholly without merit.

It is well-settled law that a motion for new trial pursuant to Crim. R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. *State v. Schiebel* (1990), 55 Ohio St.3d 71,  paragraph one of the syllabus. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

The trial court's decision to deny Appellant's slightly reconstituted Crim. R. 33 motion was hardly unreasonable, arbitrary or unconscionable.  It was made with due deference to this Court's decision in *State v. Davie* 11th Dist. No.  2007-T-0069, 2007-Ohio-6940. Roderick Davie was another Trumbull County death row inmate who sought to retroactively apply the Ohio Supreme Court's decision in *State v. Roberts* 110 Ohio St. 3d 71, 2006-Ohio-3665, to his own case, despite the fact that he, like Appellant, had exhausted his direct appeals by the time *Roberts* was decided.  Like Appellant, Davie filed a Crim. R. 33 motion in the hopes of securing a new sentencing hearing based on his theory that prosecutor's office authored his findings of fact imposing the death penalty.  This Court in *Davie* clearly and unequivocally held that Crim. R. 33

- 5 -

does not provide relief to a criminal defendant seeking a new sentencing hearing.  This Court in *Davie* declared that Crim. R. 33 was inapplicable to *Davie's* quest for a new sentencing hearing, and said so in big, black, bold, italicized type at paragraph 7 of its opinion:  ***Inapplicability of Crim.R. 33.***

As if that declaration was not plain enough, this Court went on to elaborate:  "At the outset, we note that Mr. Davie filed his 'motion for new sentencing hearing' pursuant to Crim.R. 33 based upon alleged, assumed irregularities committed by the trial judge in permitting the prosecutor to aid him in the drafting of the sentencing entry. However, as the trial court so aptly noted, there is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing. Crim.R. 33, upon which Mr. Davie relies, only applies to motions for a new trial. A 'motion for a new sentencing hearing' is an anomaly and does not fall within the purview of Crim .R. 33. Therefore, Mr. Davie's reliance on Crim.R.33 is misplaced." *Davie,* supra, at ¶8.

Appellant's reliance is likewise misplaced. He tweaked and re-filed a Crim. R. 33 motion to secure new sentencing hearing, despite this Court's very clear and unambiguous opinion from December 21, 2007, that a motion for "new trial" to correct what Appellant viewed as an improper sentencing entry was inapplicable and an anomaly.  This Court cannot sustain this Assignment of Error without overruling its earlier holding in *Davie.*

**Appeal Improvidently Filed**

As mentioned in the Statement of the Case, the State submits this Court is without jurisdiction to decide this appeal and has filed a motion to dismiss.  That being said, the pending appeal involves the trial court's May 4, 2009 entry (T.d. #381) , overruling Appellant's Crim. R. 33 motion which challenged his nearly seven-year-old aggravated murder conviction and death sentence.  Since 1996, the Ohio Supreme Court rules have not only provided for the direct

- 6 -

appeal of the conviction and sentence in death penalty cases, but motions for new capital murder trials as well.  See, generally, S.Ct. Prac. R. XIX.  The rule specifically addresses the filing of a motion for a new trial:  "If the appellant timely files in the trial court a motion for new trial, or for arrest of judgment, the time for filing a notice of appeal begins to run after the order denying the motion is entered.  However, a motion for a new trial on the ground of newly discovered evidence extends the time for filing the notice of appeal only if the motion is made before the expiration of the time for filing a motion for a new trial on other grounds other than newly discovered evidence."  S.Ct. Prac. R. XIX, Sec. 1(A)(2).

Crim. R. 33(B) sets the following time constraints in which to file a motion for new trial:  "Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."

The court below specifically found Appellant was untimely and did not show why he was unavoidably prevented from timely filing his motion in T.d. #371, which he referenced in his decision in T.d. #381.  Nevertheless, Appellant has attempted once again to invoke jurisdiction in this Court when none is to be had. The Supreme Court rules make it clear that it is the appropriate court in which to file a direct appeal on a rejected Crim. R. 33 motion in a capital case.  This Court is therefore without jurisdiction.

### *Roberts* **Not Retroactive**

- 7 -

Despite the persistent and piecemeal attack Appellant lobs in hopes of deconstructing his

death sentence, he continues to overlook the most obvious and most controlling legal tenet at

play here: the decision in *Roberts*, supra,  is not retroactive.  " [A] new rule for the conduct of

criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct

review or not yet final, with no exception for cases in which the new rule constitutes a 'clear

break' with the past."  *Griffin v. Kentucky* (1987), 479 U.S. 314, 328.  By way of analogy,  the

Ohio Supreme Court in *State v. Foster,* 109 Ohio St. 3d 1, 2006-Ohio-856, cert.denied (2006),

127 S.Ct. 442,  ultimately remanded hundreds, if not thousands, of Ohio criminal sentences, but

specified that *Foster* was applicable only to those cases pending on direct review when it was

decided.  Id. at ¶106.  As detailed in the Combined Procedural Posture and Statement of Facts,

Appellant's case was not pending on direct review when the Ohio Supreme Court decided

*Roberts*, and therefore he is not entitled to re-sentencing under *Roberts.*

**Appellant was untimely in his filing**

The State takes issue with Appellant's conclusion at page 8 of his brief that the trial

court's grant of leave to file his Crim. R. 33 motion should somehow be construed as a finding

by the Court that Appellant has timely filed his motion.  To the contrary, the court's grant of

leave should be interpreted as no more than an opportunity to state his case for timely filing and

the applicable grounds as enumerated in Crim. R. 33(A)(1)-(6).  Crim R. 33(B) requires that

when a defendant files his motion for new trial after 14 days but within 120 days of the rendering

of the verdict, the court must find that he was unavoidably prevented from filing the motion

timely.  The trial court did not so find, and stated so in its earlier entry. "Defendant has failed to

provide that he was unavoidably prevented from discovering the evidence upon which his

motion is based."  (T.d. #371).

- 8 -

***Davie* is controlling**

Appellant next attempts to argue that this Court's ruling in *Davie,* supra, that Crim. R. 33 will not trigger a capital re-sentencing is mere dicta. The State disagrees. This Court could not have been clearer when it held: "However, as the trial court so aptly noted, there is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing. Crim.R. 33, upon which Mr. Davie relies, *only applies to motions for a new trial.* A 'motion for a new sentencing hearing' is an anomaly and does not fall within the purview of Crim. R. 33. Therefore, Mr. Davie's reliance on Crim.R. 33 is misplaced." (Emphasis added). *Davie,* supra, at ¶8. The State acknowledges that there are factual differences between *Roberts* and *Davie.* Most important among those differences is the fact that Judge Stuard personally authored the *Davie* entry but not the *Roberts* entry. This factual distinction does not in any way negate this Court's finding that a re-sentencing hearing is not the ultimate remedy provided for in Crim. R. 33.

Appellant relies upon the Ohio Supreme Court's decision in *State v. Stumpf* (1987), 32 Ohio St. 3d 95, to suggest that this Court erred in *Davie* by holding Crim. R. 33 is not applicable to re-sentencing procedures. But the two cases are wholly distinguishable. First, *Stumpf* involved a direct appeal of his conviction and sentence, not an appeal of a motion for new trial filed six years too late. Second, the specific legal remedy at issue in *Stumpf* was a Crim. R. 32 motion to withdraw guilty plea, not a Crim. R. 33 motion for new trial. In no way does *Stumpf* suggest that Crim. R. 33 would trigger a re-sentencing in a capital case. Indeed, the Ohio Supreme Court declined to remand Stumpf for re-sentencing even though Stumpf's co-defendant would supposedly testify on re-trial that Stumpf was not the actual shooter in the case. Therefore, any suggestion that *Davie* contravenes *Stumpf* is wholly unfounded. It should further be noted that Stumpf remains on Ohio's Death Row.

- 9 -

**Appellant failed to demonstrate grounds for new trial**

Appellant next argues that the trial court improperly found no grounds pursuant to Crim. R. 33 to award him a new trial because the State was on notice as to which grounds he felt were applicable to him. The State submits this is a nonsensical argument.

Crim. R. 33(A) which reads: **(A) Grounds** A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial; (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state; (3) Accident or surprise which ordinary prudence could not have guarded against; (4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified; (5) Error of law occurring at the trial; (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.

When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney

- 10 -

may produce affidavits or other evidence to impeach the affidavits of such witnesses.  In his brief, Appellant states Crim. R. 33(A)(1),(2), (3), and (6) are thoroughly argued in his motion.

Assuming, arguendo, this is true, Appellant's argument crumbles with the preamble to the list of potential grounds for a new trial.  "A new trial may be granted on motion of the defendant for any of the following causes *affecting materially his substantial rights.*" (Emphasis added).  Even if Judge Stuard adopted a state-authored findings–of- fact imposing the death sentence, none of Appellant's substantial rights were materially affected. The Ohio Supreme Court  has held that "[t]o warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."  *State v. Petro* (1947), 148 Ohio St. 508, syllabus.

The outcome of Appellant's trial would not change with a revelation that the trial judge did not personally author the findings of fact in the imposition of the death penalty.   Even with the volumes of transcripts submitted with the second Crim. R. 33, and assuming that someone other than Judge Stuard composed the findings of fact and conclusions of law with respect to the death sentence, Appellant fails to offer even a glimmer of hope, much yet a "strong probability" of change as required by *Petro.* As for the remaining prongs of *Petro,* they are irrelevant to sentencing.   Indeed, when Judge Stuard court re-sentenced Donna Roberts he again imposed the

- 11 -

death penalty.[1]  Unlike Appellant, Donna Roberts was not the actual killer of Robert Fingerhut.

Appellant was the actual killer, had a criminal record, and planned the murder with Roberts from

prison.

While Appellant argued several purported constitutional violations in his brief, it should

be noted that the *Roberts* court found no constitutional violation in the prosecutor's drafting of

her sentencing entry.  "The trial court's decision to use the prosecutor in preparing the sentencing

opinion constitutes a grievous *violation of the statutory deliberative process."*  (Emphasis

added).  *Roberts,* surpa, at ¶163.  Appellant specifically argued a due process violation with at

page 19 of his brief.  Yet he defeats this argument with his own exhibit, Judge Stuard's agreed

stipulations to the Board of Commissioner's on Grievances and Discipline. (T.d. #361, Ex. A, p.

8) In that that exhibit, signed by the judge and the disciplinary counsel, the parties agreed that

"The [*Roberts*] Court did not find that the entry drafting process constituted a due process

violation of Roberts' rights, nor did it require that Respondent Stuard be removed from further

handling of the Roberts case."  Id. at ¶35. Appellant submits no argument as to why or how he is

imbued with more due process rights than Roberts.

Even if Appellant clears Crim. R. 33(A)'s "substantial rights" hurdle, he fails to articulate

any of the six enumerated grounds for a new trial.  Assuming arguendo, that a state-authored

death sentence qualifies as an "irregularity" as listed in Crim. R. 33(A)(1), Appellant was not

prevented from having a fair trial  regardless of the authorship of the sentencing opinion.

Furthermore, the U.S. Sixth Circuit Court of Appeals has held, "[t]he fact that proposed

findings of fact, prepared and submitted by the successful attorneys, have been adopted by the

---

[1] Donna Roberts' direct appeal on the re-sentencing is pending before the Ohio Supreme Court in
*State v. Roberts,*  Ohio Supreme Court Case No. 2007-2288. Briefs are submitted and the parties
are awaiting an oral argument date.

- 12 -

trial court does not detract from their legal force or effect. When adopted, such findings become the findings of the court, and are entitled to the same respect as if the judge, himself, had drafted them." *O'Leary v. Liggett Drug Co.* (6th Cir.), 150 F.2d 656, 667 cert.denied, 362 U.S. 773, citing *Simons v. Davidson Brick Co.*, 9 Cir., 106 F.2d 518, 521. Assuming arguendo that the trial court merely rubber stamped a State-drafted findings of fact, the U.S. Supreme Court has held that "even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." *Anderson v. City Bessemer City* (1985), 470 U.S. 564, 572.

Regardless of authorship, Appellant does not cite to one single error in the sentencing entry as drafted, filed, and affirmed by the Ohio Supreme Court in *State v. Jackson,* 107 Ohio St. 3d 300, 2006-Ohio-1. Indeed, when reading the Ohio Supreme Court's affirmation, it is apparent that no challenge was raised to the actual contents of the findings of fact and conclusions of law. Pursuant to *Anderson,* no reversal is warranted when Appellant cannot cite to a finding that is "clearly erroneous."

Moreover, the State respectfully submits that the Ohio Supreme Court relied improperly relied upon *Gardner v. Florida* (1977), 430 U.S.349, 362, in deciding *Roberts.* In *Gardner,* the trial judge received and considered extraneous information which was not part of the record in imposing a death sentence. This scenario was never argued in *Roberts,* and even with the volumes of transcripts generated from the Stuard disciplinary proceedings, there was no evidence that Judge Stuard considered evidence not found in the record. Likewise, in Appellant's case, it was not argued in his direct appeal, nor is it argued here, that the entry as submitted reflects any extraneous or ex parte information which is not found in or supported by the record.

- 13 -

While Appellant cites to Crim. R. 33(A)(3) in his brief, he does not detail what "accident or surprise" occurred at his trial to affect his substantial rights.  He does not allege a Crim. R. Crim. R. 33(A)(4) or (5) violation, so the State will dispense with those analyses.  He alleges a Crim. R.33(A)(6) violation but does not detail it.  In short, neither the *Roberts* decision nor the subsequent disciplinary proceedings involving Judge Stuard contain new evidence which is material to whether or not Appellant shot and killed Robert Fingerhut.  As a result, there is no Crim. R. 33(A)(6) violation.  Contrary to Appellant's allegation at page 11 of his brief, "improper collaboration" on the drafting of the sentencing opinion does not satisfy the provisions of Crim R. 33(A)(1), (2), (3) and (6).     Finally, the State has never argued, and does not argue here that it had insufficient notice of Appellant's pleadings.  The State submits Appellant's pleadings were deficient because he could not articulate how any of his substantial rights were affected.  Notice is not the issue.

**Court below never stated Appellant was entitled to a new sentencing hearing**

Appellant argues at pages 12 through 14 of his brief that Judge Stuard's affidavit in the second of two disqualification actions filed by Appellant with the Ohio Supreme Court was dispositive of Appellant's entitlement to a new sentencing hearing. A plain reading of the court's affidavit does not so state:

> "14.  Since I engaged in the same conduct determined by the Ohio Supreme Court to be error in State v. Roberts then, and in that event, the same results should obtain in this companion case involving Nathaniel Jackson. *I should remain the trial judge in State v. Jackson just as I was ordered to in State v. Roberts.*  The remedy under these circumstances is not the removal of the trial judge, as the court's opinion in State v. Roberts indicates.   Ms. Roberts did not get new judge and Mr. Jackson should not get one either.

> "15.  There is no factual or legal reason why Mr. Jackson should be given a remedy different from that given to Donna Roberts.

- 14 -

"16.  I am able and willing to undertake the obligations imposed upon me by the court's opinion in <u>State v. Roberts</u> and to apply those requirements to the further handling of the case involving the defendant Jackson."

(Emphasis added .T.d. #373, Ex. B. p.  4-5).

When the affidavit is read in context, it is apparent that Judge Stuard is stating that since he was ordered by the Ohio Supreme Court to remain on the Roberts case, he is likewise under obligation to remain on Appellant's case.  In no way is he conceding that he is remaining on the case with the sole and specific purpose of re-sentencing Appellant.  He is instead stating that regardless of the number and nature of Appellant's post-Roberts filings, he feels that he can be impartial in the disposition of motions in Appellant's case, and that his removal is unwarranted. The affidavit is not directed to the disposition of any of the myriad of post-*Roberts* pleadings filed by Appellant.  It  instead addresses Judge Stuard's assessment that he can fairly and impartially preside over any future proceedings in Appellant's case.

Chief Justice Thomas Moyer has agreed with this conclusion *three* separate times.  (T.d. #346, 347, 376).  Appellant makes two blatantly false statements in his brief at page 13.  First, that Judge Stuard "adopted that legal position that Mr. Jackson was entitled to a new sentencing proceeding."  Second, that Judge Stuard "prevailed in the disqualification proceeding because he adopted that position."  In fact, Chief Justice Moyer refused to disqualify Judge Stuard because he had full confidence in Judge Stuard's ability to be fair and impartial in resolving these matters: "There is no evidence in the record before me, however, to suggest that the judge has shown any hostility or bias toward either party, and there is no indication that he is unable or unwilling to resolve any remaining disputed matters with an open state of mind." (T.d # 346). Moreover, the Chief Justice never stated Appellant was entitled to a re-sentencing hearing:

- 15 -

"The judge is entitled to consider the defendant's motion for relief from judgment now pending in the trial court, and if the judge concludes that relief is appropriate, he *may* grant that motion and conduct the new sentencing hearing that he has described in his response to the affidavit filed here. The judge acknowledges the factual allegations in the defendant's affidavit, so the matter of a new sentencing hearing akin to the hearing ordered by this court in the Roberts case appears not to require the resolution of any factual disputes between the parties *but rather turns on the legal question whether a new sentencing hearing is warranted for this defendant."* (Emphasis added). (T.d. #346). Therefore, any conclusions drawn by Appellant that Judge Stuard had already determined he was "entitled" to a new sentencing hearing is simply wrong.

For these reasons, the trial court is not "bound by its prior affidavit" to re-sentence Appellant.

**Prosecution's drafting of sentencing opinion does not constitute constitutional error**

The State acknowledges that Judge Stuard has stated, by way of affidavit that, "Mr. Jackson's counsel knows how the sentencing memorandum was prepared in <u>State v. Jackson,</u> because I have stated publicly that 'I had essentially the same type of communications with the assistant prosecuting attorneys in Jackson as I had…in Roberts and for the same reasons'." (T.d. #373, Ex. B. p. 2). Nevertheless, this stipulation is not tantamount declaration of entitlement to a new sentencing hearing.

As stated earlier in this brief, even with the trial court's post-*Roberts* commentary, *Roberts* was decided after Appellant had exhausted his direct appeal process and he is not entitled to a retroactive application of its holding. "[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review

- 16 -

or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffin v. Kentucky* supra, at 328. See, also, *Foster,* supra, at ¶106. Appellant's case was not pending on direct review, and therefore he is not entitled to re-sentencing under *Roberts*. As a result, this Court's analysis should stop here.

Nevertheless, the State reiterates that even if *Roberts* could be retroactively applied, *Roberts* does not state that the prosecution's drafting of a sentencing entry constitutes a Fifth, Eighth or Fourteenth Amendment violation as argued by Appellant. "The trial court's decision to use the prosecutor in preparing the sentencing opinion constitutes a grievous violation of the statutory deliberative process." *Roberts* supra, at  ¶163.  In fact, Appellant's own evidence, as included in his Appendix to Nathaniel Jackson's Reply in Support of his Motion For a New Trial and/or sentencing hearing (T.d. #361, Ex. A), Judge Stuard, his counsel, Disciplinary Counsel and Assistant Disciplinary Counsel all stipulated that no due process violation occurred in the drafting of the Roberts opinion.  "The Court did not find that the entry drafting process constituted a due process violation of Robert's rights, nor did it require that Respondent Stuard be removed from further handling of the Roberts case." (T.d. #361, Ex A, page 8, ¶35, Agreed Stipulations Before the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio).

Because neither the Ohio Supreme Court, nor the Ohio Disciplinary Counsel has found a constitutional error in the Roberts' sentencing, it is axiomatic that none existed in Appellant's sentencing.  Thus, Appellant's arguments at pages 16 through 20 of his brief are belied by his own exhibits.

The State briefly discounts any argument that the State's drafting of Appellant sentencing entry precluded any effective appellate review of his sentence.  He argues at page 22 and 23 that

- 17 -

the court "may" have considered facts outside the record in reaching its conclusion that Appellant should be executed.  Starting with Appellant's sentencing entry itself, Appellant cannot and does not cite to one sentence which is not supported by the trial record in this case. This entry has been subjected to full, scrupulous, and meaningful review by the Ohio Supreme Court. Appellant could not then, nor can he now, point to one factual error or misapplication of Ohio law in that entry.  Despite hundreds of pages in appendixes and exhibits, Appellant does not cite to one sentence which would support his allegation that Judge Stuard "may" have strayed beyond the record to reach his conclusion that Appellant is worthy of a death sentence. If such straying occurred, it would have been obvious from the content of Appellant's sentencing entry, raised on direct appeal, or noted by the Ohio Supreme Court sua sponte.  Without such a finding, Appellant enjoyed the benefit of a meaningful appellate review.

Finally, Judge Stuard has stipulated to a violation of the Code of Judicial Conduct Canon 2 [a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity of the judiciary] and 3(B)(7) [a judge shall not initiate, receive, permit or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding].  (T.d. #361, Ex. A). This stipulation occurred as part of the disciplinary proceedings which were resolved in *Disciplinary Counsel v. Stuard* 121 Ohio St. 3d 29, 2009-Ohio-261.  These pending proceedings originated from the Roberts case.  While the State is well aware that Judge Stuard has acknowledged delegating the drafting duties in Appellant's case for both his sentencing entry and his suppression entry, this admission does not entitle Appellant to a retroactive application of *Roberts.*

- 18 -

In conclusion, this Court is without jurisdiction to entertain this appeal because it should have been filed directly with the Ohio Supreme Court and was not. Appellant is not entitled to a retroactive application of the *Roberts* decision. Authority from this very Court states a Crim. R. 33 motion is not the proper vehicle for a new sentencing hearing. Even if Crim. R. 33 could afford the remedy Appellant seeks, the trial court has found that it was untimely filed. The trial court did not abuse its discretion in denying Appellant's Motion for New Trial. For these reasons, Appellant's Assignment of Error No. I lacks merit.

- 19 -

**APPELLANT'S ASSIGNMENT OF ERROR NO. II:** The trial court erred when it overruled Mr. Jackson's Motions for a new trial and sentencing hearing without conducting an evidentiary hearing.

**ISSUE PRESENTED FOR REVIEW AND ARGUMENT:** A trial court does not err in denying a Crim. R. 33 motion without hearing when the criminal defendant submits no evidence or argument that a grant of said motion would result in a different outcome.

In his second and final Assignment of Error, Appellant argues that the trial court erred in failing to schedule an evidentiary hearing on his reconstituted Motion for New Trial and/or Sentencing Hearing. This argument is without merit.

The decision of whether or not to hold an evidentiary hearing on a criminal defendant's motion for a new trial is within the sound discretion of the trial court. *State v. Tomlinson* (1997), 125 Ohio App.3d 13, 20; *State v. Stewart,* 4th Dist. No. 02CA29, 2003-Ohio-4850, at ¶ 10 ("A trial court has broad discretion to determine whether a motion for a new trial merits an evidentiary hearing."). See, also, *State v. Smith* (1986), 30 Ohio App.3d 138, 139("[a] ruling on a motion for new trial on the ground of newly discovered evidence is within the discretion of the trial court").

Most significantly, to support a motion for new trial, the newly discovered evidence must create a strong probability that a different outcome would result at another trial. *Dayton v. Martin* (1987), 43 Ohio App.3d 87, 90. See, also, *State v. Hawkins* (1993)*,* 66 Ohio St.3d 339, 350. Evidence that, if believed, would establish a defendant's innocence, may not be discredited on its face. *State v. Wright* (1990), 67 Ohio App.3d 827, 831. Faced with such evidence, a trial court "must afford the movant an opportunity to present evidence at a hearing in support of the motion and affidavit before electing whether to grant or to deny the motion." Id. at 831-832 However, "[e]vidence which merely impeaches or contradicts evidence in the former trial is *insufficient* to support a

- 20 -

motion for a new trial." Id. at 831, Emphasis added), citing *State v. Petro* (1940), 148 Ohio St. 505, 507-508. See, also, *Hawkins,* supra, at 350.

As was consistently argued in the previous Assignment of Error, Appellant seeks a new sentencing hearing, seven years after his original sentencing, by way of a Crim. R. 33 motion for new trial. This Court held in *State v. Davie,* 2007-T-0069, 2007-Ohio-6940, that Crim. R. 33 was not designed for such relief. It is axiomatic that if Crim. R. 33 is not the proper method to address alleged sentencing errors seven years after then fact, a Crim. R. 33 hearing would likewise be improper. Even if a Crim. R. 33 motion was the appropriate catalyst for a new sentencing hearing, Appellant is still seeking a retroactive application of the disposition of his co-defendant's case to his case which is judicially impermissible.

Appellant in his brief at page 24 submits that he "supported his motion for new sentencing hearing with voluminous documentation." While Appellant's documentation may have been "voluminous" it was not relevant to whether Appellant is entitled to a hearing on his Crim. R. 33 motion. Despite the sprawling acres of this planet's woodlands sacrificed for the gratuitous padding of this record, virtually none of the pages before this Court even mentions Appellant, nor do they give even the slightest glimmer of hope that a re-hearing would result in a more lenient sentence.

The State concurs that Judge Stuard, during a deposition before the Board of Commissioners and Grievances, stated that he employed the same method in drafting Appellant's sentencing entry as he did in assembling the Roberts' entry. (T.d. #362, p. 83.). However, the judge also stipulated that sometime after Roberts' penalty phase, yet before her sentencing hearing, he had already decided to sentence Roberts to death.

- 21 -

Furthermore, he had made that decision *before* he requested the Roberts prosecutors to type her entry. (T.d.#361, Ex. A, page 4). Ergo, if the exact same procedure was employed in Appellant's case, as he repeatedly argues, Judge Stuard had made his decision to sentence Appellant to death before requesting Appellant's prosecutors to draft the formal written entry. Appellant presents no plausible evidence that a Crim. R. 33 evidentiary hearing, or a re-sentencing hearing complete with a re-write of the entry would result in a different sentence.

The contents of Judge Stuard's disciplinary proceedings upon which Appellant almost exclusively relies will not change the outcome of Appellant's sentencing. As previously stated, even when Roberts' case was remanded and a new sentencing hearing held, the outcome was unchanged. Despite the fact that Roberts was not the actual killer of Robert Fingerhut, Judge Stuard for the second time imposed a sentence of death. By contrast, Appellant was the actual killer, had a criminal history, and indeed hatched the entire plot to kill Mr. Fingerhut from prison. Appellant cannot argue, much less demonstrate, that *any* evidence he might introduce at a hearing would change those facts. If those facts do not change, it is unreasonable to expect or to argue that the outcome would change.

Finally, the State would note that despite Appellant's protestations that the court did not conduct "an evidentiary hearing," Judge Stuard did afford Appellant the opportunity to be heard on his Crim.R. 33 motion. Appellant acknowledges at page 1 of his brief that on April 18, 2008, "the trial court entertained argument on Mr. Jackson's motion for a new sentencing hearing." The transcript provided by Appellant of these proceedings labeled T.d.#377 designates the hearing as a "Status Conference." During

- 22 -

that proceeding, Appellant's counsel presented no witnesses, badgered Judge Stuard about the authorship of the Appellant's sentencing and postconviction entries,  announced "[w]e are not in a position to argue any motions today," and asked for a continuance. (T.d. #377, p. 4-8).

While the State does not wish to split hairs over whether the April 18, 2008 hearing was an "argument," "status conference" or "evidentiary hearing," the fact is Judge Stuard gave Appellant an opportunity to be heard and his counsel walked away from the proceeding without introducing any evidence or presenting any witnesses.

Nevertheless, a denial without hearing was the appropriate disposition of Appellant's Crim. R. 33 motion. The trial court did not abuse its broad discretion in ruling on Appellant's Crim. R. 33 motion without hearing.  Appellant's Assignment of Error No. II is without merit.

- 23 -

## CONCLUSION

For the reasons set forth in the Argument portion of this brief, the State urges this

Court to dismiss this pending appeal because this Court has no jurisdiction to entertain it,

or in the alternative, affirm the findings of the trial court rendered May 4, 2009 (T.d.

#381).

Respectfully Submitted,

DENNIS WATKINS (#009949)
TRUMBULL COUNTY
PROSECUTING ATTORNEY BY:

LuWAYNE ANNOS (#0055651)
Assistant Prosecuting Attorney
Trumbull County Prosecutor's Office
160 High St. NW, 4th Floor
Warren, Ohio, 44481
Telephone No.: (330) 675-2426
Fax No.: (330) 675-2431

COUNSEL FOR THE PLAINTIFF-APPELLEE
THE STATE OF OHIO

## PROOF OF SERVICE

I do hereby certify that a copy of the foregoing Motion by was sent by ordinary mail to
Atty. John P. Parker (#0041243), 988 E. 185 Street, Cleveland, Ohio  44119, and Atty. Randall
Porter (#0005835), Office of the Ohio Public Defender, 250 E. Broad St.-Suite 1400,  Columbus,
Ohio 43215, on this 24th  Day of August, 2009.

LuWAYNE ANNOS (#0055651)
Assistant Prosecuting Attorney

- 24 -

# APPENDIX

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7536

**IN THE COURT OF COMMON PLEAS**
**-GENERAL DIVISION-**
**TRUMBULL COUNTY, OHIO**

**CASE NUMBER:  2001 CR 00794**

**STATE OF OHIO**
**PLAINTIFF**

**vs.**                                                    **JUDGE JOHN M STUARD**

**NATHANIEL E JACKSON**
**DEFENDANT**                                    **JUDGMENT ENTRY**

      This matter is before the Court on the following motions filed by the Defendant: (1) Defendant's Motion for New Trial/Sentencing Hearing filed on February 29, 2008 and (2) Defendant's Motion to Disqualify the Trumbull County Prosecutor's Office filed on September 20, 2006. The Court has reviewed the motions, the briefs and memoranda, the exhibits, record, pleadings and the relevant applicable law.

      On July 16, 2008, this Court addressed a similar motion for new trial filed by the Defendant. The underlying basis for that motion was the alleged involvement of the Trumbull County Prosecutor's Office in the preparation of findings of fact and conclusions of law relative to a judgment entry overruling Defendant's Motion to Suppress. The Court stated: "There is no provision in the Ohio Criminal Rules that provides for a new sentencing hearing." The Court went on to note that the Defendant's motion was untimely under Crim.R. 33(B).

      The underlying basis of the present motion for new sentencing hearing before the Court is the alleged involvement of the Trumbull County Prosecutor's Office in the preparation of the Defendant's sentencing entry. For the same reasons set forth in its July 16, 2008 judgment entry, the Court finds Defendant's motion for new sentencing



2001 CR
00794
00057663206
0

hearing to be not well taken as well. Therefore, the motion for new sentencing hearing is hereby denied.

In regards to the second motion under review, the Defendant requests this Court disqualify the entire Trumbull County Prosecutor's office because "*** they are material fact witnesses with respect to the motions which Nathaniel Jackson filed on August 15, 2006 and September 5, 2006. Those motions are respectively: Defendant's Request for Leave to File Motion for New Sentencing Hearing and Defendant's Motion for Relief from Judgment. As the Court has allowed the Defendant to file his request for new sentencing hearing and has herein denied the same as it was denied before in relation to the suppression entry, the Court does not find any merit to the Defendant's claims that the prosecutor's office should be disqualified on the basis that they are likely to be called as witnesses for that motion.

Likewise, the September 5, 2006, Motion for Relief from Judgment was already denied by this Court on February 15, 2008, and is currently on appeal at the Eleventh District Court of Appeals, thereby divesting this Court of further jurisdiction related to that judgment entry.

Therefore, the Defendant's Motion to Disqualify the Prosecutor's Office is hereby denied as moot.

IT IS SO ORDERED.

5-4-09
Copies to:
Pros.
J. Parker

Date: 5/1/09

Copies to:
LUWAYNE ANNOS
JOHN P PARKER

JUDGE JOHN M STUARD

TO THE CLERK OF COURTS: YOU ARE ORDERED TO SERVE COPIES OF THIS JUDGMENT ON ALL COUNSEL OF RECORD OR UPON THE PARTIES WHO ARE UNREPRESENTED FORTH WITH BY ~~ORDINARY~~ MAIL.

JUDGE

IN THE COURT OF APPEALS
ELEVENTH APPELLATE DISTRICT
TRUMBULL COUNTY, OHIO

**FILED**
COURT OF APPEALS

SEP 0 8 2009

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | |
| -vs- | ) | **Case No. 2009-TR-0050** |
| | ) | |
| **NATHANIEL JACKSON,** | ) | **Regular Calendar** |
| | ) | |
| **Defendant-Appellant.** | ) | **Oral Argument Requested** |
| | ) | |

---

## APPELLANT NATHANIEL JACKSON'S REPLY BRIEF

---

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

| | |
|---|---|
| DENNIS WATKINS - 0009949 | OFFICE OF THE |
| Trumbull County Prosecuting Attorney | OHIO PUBLIC DEFENDER |
| | |
| LUWAYNE ANNOS - 0055651 | RANDALL L. PORTER - 0005835 |
| Assistant Prosecuting Attorney | Assistant State Public Defender |
| | |
| Trumbull County Prosecutor's Office | 250 E. Broad Street - Suite 1400 |
| 160 High Street, N.W. | Columbus, Ohio 43215 |
| 4th Floor Administration Building | (614) 466-5394 (Voice) |
| Warren, Ohio 44481 | (614) 644-0708 (Facsimile) |
| (330) 675-2426 | PorterR@OPD.state.OH.US |
| | |
| COUNSEL FOR APPELLEE | COUNSEL FOR APPELLANT |

ORIGINAL

NATHANIEL JACKSON v. WARDEN
CASE NO. 4:07-cv-0880
SUPP. APPENDIX - Page 7539

# TABLE OF CONTENTS AND ASSIGNMENTS OF ERROR

INTRODUCTION ............................................................................1

    Loc. R. 16 ...........................................................................1

**ASSIGNMENT OF ERROR NO. I** ..........................................1

    **THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTION FOR A NEW SENTENCING HEARING [T.d. 371]** ...........................................................1

**AUTHORITIES**:

    Crim. R. 33 ...................................................................1, 4, 5

    *State v. Stumpf* (1987), 32 Ohio St. 3d 95 ....................1, 5, 6

    *State v. Zukowski*, 10th Dist. No. 06AP-46, 2006-Ohio-5299 ..................1

    S.Ct. Prac. R. XIX..............................................................2

    Ohio Const. art. IV, § 2 .......................................................2

    O.R.C. § 2953.02 ...............................................................2

    *State v. Roberts,* 110 Ohio St. 3d 71, 2006-Ohio-3665...............3, 4, 6, 7

    *Stewart v. LaGrand* (1999), 526 U.S. 115................................3

    *O'Dell v. Netherland* (1997), 521 U.S. 151 ..............................3

    *Teague v. Lane* (1989), 489 U.S. 288   ...............................3, 4

    *Allen v. Hardy* (1986), 478 U.S. 255 .....................................3

    R.C. 2929.03.....................................................................3

    *State v. Ahmed,* 7th Dist. 05-BE-15, 2006-Ohio-7069.............................4

    *Arizona v. Fuliminate* (1991), 499 U.S. 279 .............................4

    U.S. Const. amend. VIII.........................................................7

    U.S. Const. amend. XIV .........................................................7

i

*Gardner v. Florida* (1977), 430 U.S. 349, 97 S.Ct. 1197,
51 L.Ed.2d 393 ...............................................................................7, 8


**ASSIGNMENT OF ERROR NO. II** .....................................................8

   **THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTIONS FOR A NEW SENTENCING HEARING WITHOUT CONDUCTING AN EVIDENTIARY HEARING. [T.d. 371]**............................................................8

*AUTHORITIES:*

   *State v. Stumpf* (1987), 32 Ohio St. 3d 95....................................8

   *State v. Roberts,* 110 Ohio St. 3d 71, 2006-Ohio-3665 ...........................8, 9

CONCLUSION...................................................................................9

CERTIFICATE OF SERVICE ...........................................................10

APPENDIX:

   Ohio Const. art. IV, § 2 ...........................................................A-1

   O.R.C. § 2953.02....................................................................A-3

   S. Ct. Prac. R. XIX ...............................................................A-4

ii

## INTRODUCTION

On August 24, 2009, the State submitted its Brief ("Appellee's Brief"), which is twenty-three pages in length. This Reply Brief is limited to ten pages. Loc.R. 16(D). Consequently, Mr. Jackson is precluded from responding to every argument that the State raised in its Merit Brief. Accordingly, Mr. Jackson herein will only respond to those arguments which are relevant to the issues that he raised in his Merit Brief and which he did not already address in his August 3, 2009 Merit Brief. This Court should not interpret a lack of response by Mr. Jackson as to a particular argument made by the State as a concession. Instead, this Court should reference Mr. Jackson's Merit Brief for a response.

### ASSIGNMENT OF ERROR NO. I

#### THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTION FOR A NEW SENTENCING HEARING [T.d. 371]

The State cites to the fact that an appellate court applies an abuse of discretion standard when reviewing a lower court's ruling involving a new trial motion. [Appellee's Brief, p. 5]. The State claims that the trial court did not abuse its discretion. [*Id.*]. That assertion is incorrect. The trial court relied upon a mistaken understanding of the law. A defendant can seek a new sentencing hearing by filing a motion pursuant to Crim. R. 33. *See, State v. Stumpf* (1987), 32 Ohio St. 3d 95, 104, 105. The trial court's misconception as to the law constitutes an abuse of discretion. *State v. Zukowski*, 10th Dist. No. 06AP-46, 2006-Ohio-5299, ¶ 9.

1

## I. MR. JACKSON PROPERLY FILED THIS APPEAL[1]

The State relies exclusively on the following language in the Ohio Supreme Court procedural rules, "If the appellant timely files in the trial court a motion for a new trial, or for arrest of judgment, the time for filing a notice of appeal begins to run after the order denying the motion is entered.  However, a motion for a new trial on the ground of newly discovered evidence extends the time for filing the notice of appeal only if the motion is made before the expiration of the time for filing a motion for a new trial on grounds other than newly discovered evidence." S.Ct. Prac. R. XIX. The State cites to no authority for its assertion that this procedural rule grants that Court exclusive jurisdiction to hear appeals from the denial of new trial motions in capital cases. [Appellant's Brief, pp. 5-6].

The procedural rules of the Ohio Supreme Court do not confer jurisdiction on that Court. Only Article IV, § 2(B)(2)(c) of the Ohio Constitution and R.C. § 2953.02 provide the Ohio Supreme Court with its jurisdiction. The language upon which the State relies only establishes the time period for a death sentenced individual to file his notice of appeal with the Ohio Supreme Court from his conviction and resulting death sentence.  R.C. § 2953.02 provides in pertinent part, "In a capital case in *which a sentence of death is imposed* for an offense committed on or after January 1, 1995, the *judgment or final order* may be appealed from the trial court directly to the supreme court as a matter of right." (emphasis added). The terms "judgment" and "order" refer

---

[1] Mr. Jackson more fully addressed this argument in his Memo Contra to the State's Motion to Dismiss, filed with this Court on August 24, 2009.

back to the entry imposing a sentence of death. In this case Mr. Jackson is appealing not from the trial court entry imposing death, but from the entry denying his motion for a new trial.

## II. THE HOLDING IN *ROBERTS* IS NOT A NEW RULE OF LAW

The State contends that this Court cannot grant relief because the Ohio Supreme Court decided *State v. Roberts*, 110 Ohio St. 3d 71, 2006-Ohio-3665 after Mr. Jackson's appeal became final. [Appellee's Brief pp. 7-8]. For the doctrine of retroactivity to bar relief, the decision in question must constitute a new rule of law or rely upon a new rule of law. *Stewart v. LaGrand* (1999), 526 U.S. 115, 119; *O'Dell v. Netherland* (1997), 521 U.S. 151, 156-57. The prosecution makes no effort to explain the manner in which the Ohio Supreme Court's ruling in *Roberts* constitutes a new rule of law.

A new rule is a decision that "breaks new ground" or imposes a new obligation. *Teague v. Lane* (1989), 489 U.S. 288, 301. To constitute a new rule of law the decision must constitute "an explicit and substantial break with prior precedent." *Allen v. Hardy* (1986), 478 U.S. 255, 258. In *Roberts,* the Ohio Supreme Court created no new precedent but instead relied upon the plain wording of R.C. 2929.03 and the cases interpreting the statute. *State v. Roberts*, 2006-Ohio-3665, ¶ 156, 160. The Court also relied clear language of the disciplinary provisions which it cited in its opinion. ¶ 161. The tone of the Ohio Supreme Court's opinion reflects that it was upset because the prosecution and the trial court had violated long established rules of law and procedure. The only Ohio appellate decision to apply the holding in *Roberts* did

3

not find it to be a new rule of law. *State v. Ahmed, 7th* Dist. 05-BE-15, 2006-Ohio-7069 at ¶¶ 71-72.

Even if *Roberts* constituted a new rule of law, the holding of the *Roberts* case would still apply to the present case. A new rule of law will apply retroactively when it requires observance of those procedures that are implicit in the concept of ordered liberty. *Teague v. Lane* (1989), 489 U.S. 288, 307. The concept that a trial court will render its decision with impartiality is part of the concept of ordered liberty. *Arizona v. Fuliminate* (1991), 499 U.S. 279, 309.

## III. THE TRIAL COURT RULED THAT THE MOTION WAS TIMELY FILED

The State contends that the trial court's ruling granting Mr. Jackson leave to file his motion for a new trial did not constitute a finding that the motion was timely. [Appellee's Brief, p. 8]. That contention is not supported by the relevant pleadings and the wording of Crim. R. 33.

On August 15, 2006, Mr. Jackson filed his request for leave to file his motion for a new trial. [T.d. 331]. The prayer in that motion requested that the trial court "should find that the [sic] Nathaniel Jackson was unavoidably prevented from filing his Motion [for a New Trial] within the time frames of Crim. 33. It should further grant Nathaniel Jackson leave to file his Motion for a New Sentencing Hearing." [*Id.* at p. 4]. The State opposed the filing for a variety of reasons including "Defendant Jackson has failed to prove that he was unavoidably prevented from learning of the 'newly discovered evidence' until August of this year when he cited to said 'evidence' in his Application for to Reopen last August." [T.d. 332, p. 5]. The trial court granted Mr. Jackson's

4

motion, thereby finding that it was timely, "[u]pon consideration of the motions and briefs of counsel . . . Defendant's motion for leave to file a motion for a new sentencing hearing is granted. Defendant shall file such a motion . . ." [T.d. 354]. This Jackson's interpretation of the trial court's order is consistent with Crim. R. 33(B) governing the filing of a motion for a new trial. ("If it is made to appear by clear and convincing proof that that the defendant was unavoidably prevented from the discovery of the new evidence upon which he must rely, such motion shall be filed . . .")

### III. THE OHIO SUPREME COURT'S HOLDING IN *STUMPF* IS CONTROLLING

The State of Ohio unconvincingly asserts that the Ohio Supreme Court holding in *State v. Stumpf* (1987), 32 Ohio St. 3d 95 is "wholly distinguishable" from the present case. [Appellee's Brief, p. 9]. The State contends without any analysis that Stumpf's appeal involved a "direct appeal of his conviction and sentence, not an appeal of a motion for a new trial filed six years late." [*Id.*]. While Stumpf's appeal did involve a direct appeal from conviction and sentence, he raised therein the trial court's denial of his motion for a new sentencing hearing. *State v. Stumpf,* 32 Ohio St. 3d at 105. The State claims that "the specific legal remedy at issue in *Stumpf* was a Crim R. 32 motion to withdraw guilty plea, not a Crim. R. 33 motion for a new trial. [Appellee's Merit Brief, p. 8]. Again the State assertion is only partially accurate. While, the Ohio Supreme Court did rule in *Stumpf* on the defendant's motion to withdraw his guilty plea. *State v. Stumpf,* 32 Ohio St. 3d at 104, it also ruled on *Stumpf's* motion for a new sentencing hearing. *Id.* at 105 ("As to his request to have his

5

sentence set aside . . . Appellant's motion is similar to a motion for a new trial based upon newly discovery evidence."). Finally, the State contends that the defendant in *Stumpf* did not prevail. [Appellee's Merit Brief, p. 8]. Mr. Jackson only cited *Stumpf* for the proposition that the Ohio Supreme Court has recognized that procedurally a trial court has the authority to grant a defendant's motion for a new capital sentencing hearing.

## IV. *ROBERTS* DOES NOT REQUIRE A SHOWING OF PREJUDICE

The State argues that Mr. Jackson cannot not demonstrate that he was prejudiced by the flawed drafting process for the sentencing opinion. [Appellee's Merit, pp. 11-14]. The Court in *Roberts* required no such demonstration. *State v. Roberts*, 2006-Ohio-3665, ¶¶ 153-64.

The State also relies upon a string of cases for the proposition that it is acceptable practice for trial court to rely upon the prevailing party to to submit proposed findings of facts and conclusions of law. [Appellee's Brief, pp. 12-13]. In those case the trial courts were not obligated to provide findings and supporting analysis as was the trial court's obligation in the present case. *Roberts* at ¶ 157 ("Our prior decisions have stressed the crucial role of the trial court's sentencing opinion in evaluating all of the evidence, including mitigation evidence, and in carefully weighing the specified aggravating circumstances against the mitigating evidence in determining the appropriateness of the death penalty."). In none of the cases cited by the State did the prevailing party and trial court meet ex parte for purposing of drafting the court's findings. Finally, in none of the cases cited by the State did the trial

6

court issue the findings submitted by the prevailing party in such a manner as to give the perception that the trial courts themselves had written the findings.

## V. THE INVOLVEMENT OF THE PROSECUTOR WAS CONSTITUTIONAL ERROR

The State, under the same heading. Incorrectly claims that the Ohio Supreme Court in *Roberts,* did not find that any constitutional error existed in the flawed drafting process. [Appellee's Brief, p. 16-19]. The Ohio Supreme Court in *Roberts* specifically found that the drafting procedure violated the Fourteenth Amendment to the United States Constitution, "[t]he trial court's consultation with the prosecutor, particularly when undertaken without the knowledge or participation of defense counsel, can neither be ignored nor found to be harmless error. Cf. *Gardner v. Florida* (1977), 430 U.S. 349, 362, 97 S. Ct. 1197, 51 L.Ed.2d 393 (defendant 'was denied due process of law when the death sentence was imposed, at least in part, on the basis of information [from a presentence report] which he had no opportunity to deny or explain')." *State v. Roberts*, 2006-Ohio-2174, ¶162.

Subsequently the State argues that "the Ohio Supreme Court relied improperly upon *Gardner v. Florida* (1977), 430 U.S. 349, 362 in deciding *Roberts."* [Appellee's Brief, p. 13]. The United States Supreme Court therein found that the trial court's sentencing procedure violated the federal constitution. *Gardner,* 430 U.S. at 362 ("We concluded that petitioner was denied due process of law when the death sentence was imposed, at least in part, on the basis of information which he had no opportunity to deny or

7

explain."). Consequently, the State's argument that the "Ohio Supreme Court relied improperly upon *Gardner*" constitutes an admission that the Ohio Supreme Court did indeed find the existence of a constitutional violation.

This Court should sustain Assignment of Error No. I.

## ASSIGNMENT OF ERROR NO. II

**THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTIONS FOR A NEW TRIAL AND SENTENCING HEARING WITHOUT CONDUCTING AN EVIDENTIARY HEARING. [T.d. 371]**

The State again begins its response by relying upon an abuse of discretion standard. [Appellee's Brief, p. 20]. But as Mr. Jackson, demonstrated in Assignment of Error No. I, the trial court did abuse its discretion. It based its decision on the legal conclusion that it lacked the authority to grant relief. That is a misconception of the law. *See State v. Stumpf* (1987) 32 Ohio St. 3d 95, 104, 105. The trial court did *not* base its decision on the evidence that Mr. Jackson submitted in support of his motion. If the trial court had applied such analysis, then arguably an abuse of discretion would be applicable.

The State claims that Mr. Jackson did not submit any evidence demonstrating that the outcome of his sentencing hearing would have been different, absent the error in question. [Appellee's Brief, pp. 20-21]. The State cites to the fact that the evidence that Mr. Jackson submitted from the disciplinary proceedings did not address the issue of prejudice. [Appellee's Brief, pp. 21-22]. The Ohio Supreme Court in *Roberts,* however, did not require such a demonstration. *State v. Roberts*, 110 Ohio St. 3d 71, 2006-Ohio-3665

8

¶¶ 153-64. To prevail on his motion Mr. Jackson only had to prove that the same drafting process that was used in his case was used in the *Robert's case.* The State concedes that the disciplinary proceedings do in fact make that showing. [Appellee's Brief, pp. 21-22].

The weakness of the State's response is demonstrated by its reliance upon the argument that the trial court's granting of oral argument at a status conference is the equivalent of an evidentiary hearing. [Appellee's Brief, pp. 22-23]. The argument is specious. Mr. Jackson, at the status conference, had no right to present witnesses (such as the judge or prosecutors) to support the allegations contained in his motion for a new sentencing hearing.

This Court should sustain Assignment of Error No. II.

### CONCLUSION

For the reasons set forth in this Reply Brief, his Merit Brief and any other reasons that may be apparent on the face of the record, this Court should award Mr. Jackson a new sentencing hearing.  In the alternative, it should remand the matter with the instructions that the trial court permit discovery, after which  it conduct an evidentiary hearing.

Respectfully submitted,

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

9

And

Office of the Ohio Public Defender

RANDALL L. PORTER - 0005835
Assistant State Public Defender

250 E. Broad Street - Suite 1400
Columbus, Ohio  43215
(614) 466-5394 (Voice)
(614) 644-0708 (Facsimile)
PorterR@OPD.state.OH.US

By_____
COUNSEL FOR NATHANIEL JACKSON

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing *Appellant Nathaniel Jackson's Reply Brief* was forwarded by electronic and first-class mail, postage prepaid U.S. Mail to Luwayne Annos, Assistant Prosecuting Attorney, 160 High Street, N.W., 4th Floor Administration Building, Warren, Ohio 44481 on this 4th day of September, 2009.

RANDALL L. PORTER
COUNSEL FOR NATHANIEL JACKSON

306285

10

**IN THE COURT OF APPEALS**
**ELEVENTH APPELLATE DISTRICT**
**TRUMBULL COUNTY, OHIO**

**STATE OF OHIO,**                          )
                                            )
    **Plaintiff-Appellee,**                )
                                            )
**-vs-**                                    )   **Case No. 2009-TR-0050**
                                            )
**NATHANIEL JACKSON,**                      )   **Regular Calendar**
                                            )
    **Defendant-Appellant.**               )   **Oral Argument Requested**
                                            )

---

## APPENDIX TO APPELLANT NATHANIEL JACKSON'S
## REPLY BRIEF

---

JOHN P. PARKER – 0041243
988 East 185 Street
Cleveland, Ohio 44119
1-216-881-0900 (Voice)
johnpparker@earthlink.net
Pro Bono Counsel

And

DENNIS WATKINS - 0009949           OFFICE OF THE
Trumbull County Prosecuting Attorney   OHIO PUBLIC DEFENDER

LUWAYNE ANNOS - 0055651         RANDALL L. PORTER - 0005835
Assistant Prosecuting Attorney       Assistant State Public Defender

Trumbull County Prosecutor's Office    250 E. Broad Street - Suite 1400
160 High Street, N.W.               Columbus, Ohio 43215
4th Floor Administration Building      (614) 466-5394 (Voice)
Warren, Ohio 44481               (614) 644-0708 (Facsimile)
(330) 675-2426                    PorterR@OPD.state.OH.US

COUNSEL FOR APPELLEE        COUNSEL FOR APPELLANT

CONSTITUTION OF THE STATE OF OHIO
ARTICLE IV.  JUDICIAL

*Oh. Const. Art. IV, § 2*  (2009)

§ 2.  The supreme court

(A) The supreme court shall, until otherwise provided by law, consist of seven judges, who shall be known as the chief justice and justices. In case of the absence or disability of the chief justice, the judge having the period of longest total service upon the court shall be the acting chief justice. If any member of the court shall be unable, by reason of illness, disability or disqualification, to hear, consider and decide a cause or causes, the chief justice or the acting chief justice may direct any judge of any court of appeals to sit with the judges of the supreme court in the place and stead of the absent judge. A majority of the supreme court shall be necessary to constitute a quorum or to render a judgment.

(B) (1) The supreme court shall have original jurisdiction in the following:

(a) Quo warranto;

(b) Mandamus;

(c) Habeas corpus;

(d) Prohibition;

(e) Procedendo;

(f) In any cause on review as may be necessary to its complete determination;

(g) Admission to the practice of law, the discipline of persons so admitted, and all other matters relating to the practice of law.

(2) The supreme court shall have appellate jurisdiction as follows:

(a) In appeals from the courts of appeals as a matter of right in the following:

(i) Cases originating in the courts of appeals;

(ii) Cases involving questions arising under the constitution of the United States or of this state.

(b) In appeals from the courts of appeals in cases of felony on leave first obtained,

(c) In direct appeals from the courts of common pleas or other courts of record inferior to the court of appeals as a matter of right in cases in which the death penalty has been imposed;

(d) Such revisory jurisdiction of the proceedings of administrative officers or agencies as may be conferred by law;

(e) In cases of public or great general interest, the supreme court may direct any court of appeals to certify its record to the supreme court, and may review and affirm, modify, or reverse the judgment of the court of appeals;

A-1

(f) The supreme court shall review and affirm, modify, or reverse the judgment in any case certified by any court of appeals pursuant to section 3(B) (4) of this article.

(3) No law shall be passed or rule made whereby any person shall be prevented from invoking the original jurisdiction of the supreme court.

(C) The decisions in all cases in the supreme court shall be reported, together with the reasons therefor.

(Amended November 8, 1994)

A-2

APPEALS; OTHER POSTCONVICTION REMEDIES

*ORC Ann. 2953.02*  (2009)

§ 2953.02. Review of judgments

   In a capital case in which a sentence of death is imposed for an offense committed before January 1, 1995, and in any other criminal case, including a conviction for the violation of an ordinance of a municipal corporation, the judgment or final order of a court of record inferior to the court of appeals may be reviewed in the court of appeals. A final order of an administrative officer or agency may be reviewed in the court of common pleas. A judgment or final order of the court of appeals involving a question arising under the Constitution of the United States or of this state may be appealed to the supreme court as a matter of right. This right of appeal from judgments and final orders of the court of appeals shall extend to cases in which a sentence of death is imposed for an offense committed before January 1, 1995, and in which the death penalty has been affirmed, felony cases in which the supreme court has directed the court of appeals to certify its record, and in all other criminal cases of public or general interest wherein the supreme court has granted a motion to certify the record of the court of appeals. In a capital case in which a sentence of death is imposed for an offense committed on or after January 1, 1995, the judgment or final order may be appealed from the trial court directly to the supreme court as a matter of right. The supreme court in criminal cases shall not be required to determine as to the weight of the evidence, except that, in cases in which a sentence of death is imposed for an offense committed on or after January 1, 1995, and in which the question of the weight of the evidence to support the judgment has been raised on appeal, the supreme court shall determine as to the weight of the evidence to support the judgment and shall determine as to the weight of the evidence to support the sentence of death as provided in *section 2929.05 of the Revised Code*.

A-3

Rules Of Practice Of The Supreme Court Of Ohio

*Ohio S. Ct. Prac. RULE XIX* (2009)

Review Court Orders which may amend this Rule.

## RULE XIX. DEATH PENALTY APPEALS

*(Clerk's note: This rule applies only to death penalty appeals from the courts of common pleas--i.e., cases in which the death penalty has been imposed for an offense committed on or after January 1, 1995).*

Unless this rule provides otherwise, the Supreme Court Rules of Practice shall be followed in death penalty appeals.

### Section 1. Institution of Appeal.

#### (A) Perfection of Appeal.

**(1)** To perfect an appeal of a case in which the death penalty has been imposed for an offense committed on or after January 1, 1995, the appellant shall file a notice of appeal in the Supreme Court within 45 days from the journalization of the entry of the judgment being appealed or the filing of the trial court opinion pursuant to *section 2929.03(F) of the Revised Code*, whichever is later.

**(2)** If the appellant timely files in the trial court a motion for a new trial, or for arrest of judgment, the time for filing a notice of appeal begins to run after the order denying the motion is entered. However, a motion for a new trial on the ground of newly discovered evidence extends the time for filing the notice of appeal only if the motion is made before the expiration of the time for filing a motion for a new trial on grounds other than newly discovered evidence.

**(3)** When the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of the journalization of the entry of the judgment being appealed, the date of the filing of the trial court opinion pursuant to *section 2929.03(F) of the Revised Code*, and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit.

#### (B) Copy of the Praecipe to Court Reporter.

The notice of appeal shall be accompanied by a copy of the praecipe that was served by the appellant on the court reporter pursuant to Section 3(B) of this rule. The appellant shall certify on this copy the date the praecipe was served on the reporter.

#### (C) Notice to the Common Pleas Court.

The Clerk of the Supreme Court shall send a date-stamped copy of the notice of appeal to the clerk of the court of common pleas whose judgment is being appealed.

#### (D) Jurisdiction of Common Pleas Court after Appeal to Supreme Court Is Perfected.

After an appeal is perfected from a court of common pleas to the Supreme Court, the court of common pleas is divested of jurisdiction, except to take action in aid of the appeal, to grant a stay of execution if the Supreme Court has not set an execution date, or to appoint counsel.

A-4

**Section 2. Appointment of Counsel.**

If a capital appellant is unrepresented and is indigent, the Supreme Court will appoint the Ohio Public Defender or other counsel qualified pursuant to *Sup.R. 20* to represent the appellant, or order the trial court to appoint qualified counsel.

**Section 3. Record on Appeal.**

**(A) Composition of the Record of Appeal.**

The record on appeal shall consist of the original papers filed in the trial court and exhibits to those papers; the transcript of proceedings, including all documentary and photographic exhibits; photographs of exhibits entered into evidence in accordance with *Crim.R. 26*; an electronic version of the transcript, if available; and a certified copy of the docket and journal entries prepared by the clerk of the trial court.

**(B) The Transcript of Proceedings; Duty of Appellant to Order.**

**(1)** The transcript of proceedings shall be prepared by the court reporter appointed by the trial court to transcribe the proceedings for the trial court.  The reporter shall transcribe into written form all of the trial court proceedings, including pre-trial, trial, hearing, and other proceedings, whether recorded by any medium, including stenographic means and videotape.

**(2)** Before filing a notice of appeal in the Supreme Court, the appellant shall, by written praecipe, order from the reporter a complete transcript of the proceedings.

**(3)** A transcript prepared by a reporter under this rule shall be in the following form:

**(a)** The transcript shall include a front and back cover; the front cover shall bear the case name and number and the name of the court in which the proceedings occurred;

**(b)** The transcript shall be firmly bound on the left side;

**(c)** The first page inside the front cover shall set forth the nature of the proceedings, the date or dates of the proceedings, and the judge or judges who presided;

**(d)** The transcript shall be prepared on white paper, 8 1/2 by 11 inches in size, with the lines of each page numbered and the pages sequentially numbered;

**(e)** An index of witnesses shall be included in the front of each volume of the transcript and shall contain page and line references to direct, cross, re-direct, and re-cross examination;

**(f)** An index to exhibits, whether admitted or rejected, briefly identifying each exhibit, shall be included in each volume following the index of witnesses and shall reflect page and line references where each exhibit was identified and offered into evidence, was admitted or rejected, and if any objection was interposed;

**(g)** No volume of a transcript shall exceed 250 pages in length, except it may be enlarged to 300 pages, if necessary, to complete a part of the voir dire, opening statements, closing arguments, or jury instructions; when it is necessary to prepare more than one volume, each volume shall contain the number and name of the case and be numbered sequentially and consecutively from the previous volume, and the separate volumes shall be approximately equal in length.

**(4)** The reporter shall certify that the transcript is correct and complete.

A-5

**(C) Statement of the Evidence or Proceedings When No Report Was Made or When the Transcript Is Unavailable.**

If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than 20 days prior to the time for transmission of the record pursuant to Section 4 of this rule. The appellee may serve objections or proposed amendments to the statement within 10 days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to Section 4 of this rule, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal.

**(D) Correction or Modification of the Record.**

If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated in the record, the parties by stipulation, or the trial court, either before or after the record is transmitted to the Supreme Court, or the Supreme Court, sua sponte or upon motion, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the Supreme Court.

**Section 4. Transmission of the Record.**

**(A) Time for Transmission; Duty of Appellant.**

**(1)** The clerk of the trial court shall prepare a certified copy of the docket and journal entries, assemble the original papers, and transmit the record on appeal to the Clerk of the Supreme Court within 90 days after the date the notice of appeal is filed in the Supreme Court, unless an extension of time is granted under division (C) of this section.

**(2)** The appellant shall take any action necessary to enable the clerk to assemble and transmit the record, including, if required, filing a motion for an extension of time for transmission of the record under Section 4(C) of this rule.

**(B) Duty of Trial Court and Supreme Court Clerks.**

**(1)** Before transmitting the record to the Supreme Court, the clerk of the trial court shall number the documents, transcripts, and exhibits comprising the record. The clerk of the trial court shall prepare an index of the documents, transcripts, and exhibits, correspondingly numbered and identified with reasonable definiteness. All exhibits listed in the index shall be briefly described. If applicable, a separate index shall be prepared identifying any exhibits that are part of the record, but which have not been transmitted under division (B)(3) of this section. The clerk of the trial court shall send a copy of each index to all counsel of record in the case and transmit each index with the record to the Clerk of the Supreme Court.

**(2)** Documentary exhibits offered at trial whose admission was denied shall be included with the record and transmitted in a separate envelope with a notation that they were not admitted.

**(3)** Any evidence in the record containing human tissue or blood samples, or any other evidence in the record that may be considered a biohazard, shall not be transmitted to the Supreme

A-6

Court. The Supreme Court may order the transmission of such evidence if its evaluation is necessary for determination of the issues on appeal.

**(4)** Transmission of the record is effected when the Clerk of the Supreme Court files the record. The Clerk of the Supreme Court shall notify counsel of record and the clerk of the trial court when the record is filed in the Supreme Court.

**(C) Extension of Time for Transmission of the Record.**

**(1)** The Supreme Court may extend the time for transmitting the record or, notwithstanding the provisions of *S.Ct.Prac.R. XIV*, Section 1(C), may permit the record to be transmitted after the expiration of the time prescribed by this rule or set by order of the Supreme Court.

**(2)** A request for extension of time to transmit the record shall be made by motion, stating good cause for the extension and accompanied by one or more affidavits setting forth facts to demonstrate good cause. The motion shall be filed within the time originally prescribed for transmission of the record or within the time permitted by a previously granted extension.

**(3)** A request for extension of time to transmit the record shall be accompanied by an affidavit of the court reporter if the extension is necessitated by the court reporter's inability to transcribe the proceedings in a timely manner.

**(D) Retention of Copy of the Record in the Trial Court.**

**(1)** Before transmitting the record to the Clerk of the Supreme Court, the clerk of the trial court shall make a copy of the record. A copy of the original papers, transcript of proceedings, and any documentary exhibits shall be made by photocopying the original papers, transcript of proceedings, and documentary exhibits. A copy of any physical exhibits may be made by either photographing or videotaping the physical exhibits. A copy of a video, audio or other electronic recording that is part of the record shall be made by making a duplicate recording.

**(2)** The clerk of the trial court shall retain the copy of the record for use in any postconviction proceeding authorized by *section 2953.21 of the Revised Code* or for any other proceeding authorized by these rules.

**Section 5. Briefs on the Merits.**

*(Clerk's note: Death penalty appeals from the courts of appeals-- i.e., cases in which the death penalty has been affirmed for an offense committed prior to January 1, 1995-- are briefed in accordance with S. Ct. Prac. R. VI.)*

**(A)** The appellant shall file a merit brief with the Supreme Court within 180 days from the date the Clerk of the Supreme Court files the record from the trial court.

**(B)** Within 120 days after the filing of appellant's brief, the appellee shall file a merit brief.

**(C)** The appellant may file a reply brief within 45 days after the filing of appellee's brief.

**(D)** The form of the briefs shall comply with the provisions of *S.Ct.Prac.R. VI*.

**(E)** A party may obtain one extension of time to file a merit brief in accordance with the provisions of *S.Ct.Prac.R. XIV*, Section 3(B)(2).

A-7

*c.mailed*
*g. Parker*
*R. Porter*
*H-Del*
*L. Annos*

STATE OF OHIO                    )          IN THE COURT OF APPEALS
                                 )SS.
COUNTY OF TRUMBULL               )          ELEVENTH DISTRICT

STATE OF OHIO,

       Plaintiff-Appellee,          **JUDGMENT ENTRY**

    - vs -                          **CASE NO.  2009-T-0050**

**FILED**
**COURT OF APPEALS**

NATHANIEL JACKSON,

       Defendant-Appellant.

MAY 1 3 2010

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

    Appellee, the State of Ohio, has now moved this court to dismiss this appeal for lack of jurisdiction.  As the foundation for its motion, appellee notes the following two facts: (1) the underlying criminal action before the trial court involved the imposition of the death penalty for the offense of aggravated murder; and (2) the instant appeal stems from the trial court's decision to deny a Crim.R. 33 motion for a new trial as to the penalty phase of the proceeding.  Based upon this, appellee submits that a court of appeals does not have the authority to hear this matter because such a decision in a death penalty proceeding can only be appealed directly to the Supreme Court of Ohio.

    In support of its jurisdictional argument, appellee relies primarily upon specific provisions contained in S.Ct. Prac. R. XIX.  Our review of Section 1 of the Supreme Court rule readily indicates that it sets forth the procedure that a criminal defendant must follow to maintain a "death penalty" appeal before that tribunal.  For example, Section 1(A)(1) of the rule provides that, in order to "perfect an appeal of a case in which the death penalty has been imposed ***,"the defendant is required to file his

*5*

notice of appeal within forty-five days of the date of the trial court's final judgment. Section 1(A)(2) of the rule then states:

"If the [defendant] timely files in the trial court a motion for a new trial, or for arrest of judgment, the time for filing a notice of appeal begins to run after the order denying the motion is entered.  However, a motion for a new trial on the ground of newly discovered evidence extends the time for filing the notice of appeal only if the motion is made before the expiration of the time for filing a motion for a new trial on grounds other than newly discovered evidence."

In trying to interpret the quoted language, appellee contends that the provisions of Section 1(A)(2) basically dictate that an appeal of an order disposing of a Crim.R. 33 motion in a death penalty proceeding can only be taken directly to the Supreme Court itself.  But, after considering the quoted language in light of the limited purpose of Section 1(A)(1), this court concludes that the provisions of Section 1(A)(2) were not intended to delineate the type of judgments in a death penalty case which could be appealed solely to the Supreme Court.  Rather, Section 1(A)(2) was only meant to indicate how the submission of a motion for a new trial would affect the running of the forty-five-day time limit for instituting an appeal in the context of a capital murder action.

That is, if the "new trial" motion is filed in a timely manner and asserts an issue other than a question of newly discovered evidence, the running of the "appeal" time limit does not begin until the trial court has ruled on the motion.  On the other hand, if the "new trial" motion is based solely upon the ground of newly discovered evidence, the running of the time limit will be delayed or extended only when such a motion is

2

filed in compliance with the separate fourteen-day time requirement under Crim.R. 33. To this extent, Section 1(A)(2) of S.Ct. Prac. R. XIX governs purely procedural matters, and does not attempt to depict or explain the scope of the Supreme Court's jurisdiction to hear direct appeals arising from a death penalty proceeding.

As appellant, Nathaniel Jackson, correctly notes in his response to appellee's present motion, the range of the Ohio Supreme Court's appellate authority is actually dictated by a constitutional provision. Specifically, Section 2(B)(2), Article IV of the Ohio Constitution provides that the Supreme Court has appellate jurisdiction under the following circumstance:

"(c) In direct appeals from courts of common pleas or other courts of record inferior to the court of appeals as a matter of right in cases in which the death penalty has been imposed; ***."

As an initial point, this court would emphasize that the foregoing provision does not refer to any particular *judgment* of a trial court which can be directly appealed to the Supreme Court; instead, it only states that such a direct appeal can be brought in "cases" in which the trial court has imposed the death penalty. Given the inexact nature of this language, it can only be said that Section 2(B)(2)(c) of Article IV, in and of itself, does not provide any actual guidance as to which specific judgments in a death penalty proceeding can be subject to a direct appeal to the Supreme Court.[1]

_____

1. As an aside, this court would further note that, in upholding the general constitutionality of Section 2(B)(2)(c) immediately after its passage, the Supreme Court of Ohio held that the term "cases" had been employed in the provision to indicate that a direct appeal to that tribunal would not only encompass the decision to impose the death penalty, but would also cover the defendant's separate conviction on any noncapital charges; i.e., the entire "case" would be appealable to the Supreme Court. See *State v. Smith* (1997), 80 Ohio St.3d 89,104. However, in discussing the meaning of the term "cases" for purposes of that particular provision, the *Smith* court never considered the separate question of what particular type of judgment was covered by the language of the provision.

3

Fortunately, Section 2(B)(2)(c) is not the sole provision in the Ohio Constitution that addresses the issue of the authority of a court to review the merits of a decision rendered in a capital murder case.  In delineating the scope of an appellate court's authority, Section 3(B)(2) of Article IV states:

"Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of courts of record inferior to the court of appeals within its district, except that courts of appeals shall not have jurisdiction to review on direct appeal a judgment that imposes a sentence of death."

Unlike the inexact language in Section 2(B)(2)(c), the foregoing provision refers expressly to a specific judgment that a court of appeals does not have the authority to review; i.e., the final sentencing judgment which sets forth the order regarding the imposition of the death penalty.  Given the narrowness of the jurisdictional exception in Section 3(B)(2), logic dictates that the provision was not intended to totally deprive a court of appeals of all authority to review a final judgment stemming from a case in which the death penalty was imposed.  Rather, the wording of Section 3(B)(2) supports the conclusion that an appellate court has the jurisdiction to review final judgments rendered in such a proceeding, except for the entry containing the weighing exercise which leads to the imposition of the "death" sentence.

As a general proposition, when two provisions of our state constitution address the same basic subject matter, Ohio courts are required to read the provisions *in pari material* and must attempt to harmonize them whenever possible.  *Toledo Electric Co. v. City of Bryan* (2000), 90 Ohio St.3d 288, 292.  As was previously discussed,

4

the provision governing the appellate jurisdiction of the Supreme Court of Ohio over direct appeals in death penalty cases, Section 2(B)(2)(c) of Article IV, does not have any specific language indicating what particular judgments in such a case can only be the subject of a direct appeal to that court. In the absence of any clear guidance in that provision, it must be interpreted consistently with Section 3(B)(2) of Article IV, which only provides that a court of appeals does not have the jurisdiction to hear an appeal from a judgment in which the death penalty was imposed.

As a result, this court concludes that, under both of the applicable constitutional provisions, the *exclusive* appellate jurisdiction of the Supreme Court is limited to those judgments in which the actual sentence of death is imposed. As to all other post-judgment final orders which can be rendered in a death penalty proceeding, the Supreme Court also has appellate jurisdiction to immediately review such orders, but that particular aspect of its authority is non-exclusive. That is, the Supreme Court's authority over such final orders is concurrent with the courts of appeals, which also have retained the jurisdiction under Section 3(B)(2) to hear appeals from such final orders.

In conjunction with the foregoing discussion, it should also be noted that R.C. 2953.02 sets forth a list of criminal judgments which can be appealed to either an appellate court or the Supreme Court of Ohio. In regard to death penalty appeals, R.C. 2953.02 contains the following sentence:

"In a capital case in which a sentence of death is imposed for an offense committed on or after January 1, 1995, the judgment or final order may be appealed from the trial court directly to the supreme court as a matter of right."

5

Obviously, the quoted statutory sentence was intended to restate the scope of the Supreme Court's power in accordance with Section 2(B)(2)(c) of Article IV.  Yet, to the extent that the quoted sentence refers to a "judgment" in which a sentence of death has been imposed, the language of R.C. 2953.02 is more consistent with the wording of Section 3(B)(2).  Therefore, the statutory provision lends greater support to our conclusion that an appellate court has the jurisdiction to proceed in relation to a judgment stemming from a capital murder action, unless that judgment is the final sentencing entry which sets forth the "death penalty" determination.

Despite the fact that the present constitutional scheme concerning the appeal of death penalty judgments has been in effect for over fifteen years, our research on this point has failed to reveal any Supreme Court opinion that has discussed the issue of which type of judgment in a death penalty proceeding can be reviewed by an appellate court.  Furthermore, our research shows that this issue has rarely been fully addressed by the various appellate courts.  Moreover, in those instances in which Section 2(B)(2)(c) has been referenced, the appellate courts have typically concluded that a trial court's ruling on a post-judgment motion can be reviewed at the appellate level.

For example, in *State v. Carter* (Dec. 15, 2000), 11th Dist. No. 99-T-0133, 2000 Ohio App. LEXIS 5935, this court specifically held that we had the authority to review the denial of a petition for postconviction relief in a death penalty case.  As the main basis for our holding, this court emphasized that, even though the statute governing postconviction relief had been amended after the passage of Section 2(B)(2)(c), the statute did not contain any new provision stating that a "postconviction" ruling could

6

only be appealed to the Supreme Court.   In addition, our *Carter* opinion noted that other appellate districts had already reviewed the merits of a "postconviction" ruling in the death penalty context, and that the Supreme Court had reviewed the decision of the appellate court without questioning its jurisdiction to proceed.

Consistent with the second point in *Carter*, this court would further indicate that our research establishes that most appellate districts have addressed the merits of post-judgment rulings in death penalty cases without first considering the preliminary issue of whether it has the proper jurisdiction over such an appeal.  See, e.g., *State v. Stojetz*, 12th Dist. No. CA2002-04-006, 2002-Ohio-6520, which involved an appeal from the trial court's denial of the defendant's motion for a new trial under Crim.R. 33(A)(6).

On the other hand, our research further shows that, without any discussion of the jurisdictional issue, the Supreme Court has gone forward on the final merits of appeals which do not stem from the judgment in which the death penalty was first imposed.  In *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, the imposition of the death penalty was upheld in the first appeal before the Supreme Court; however, the defendant's sentence on the noncapital offenses was reversed under *State v. Foster*, 109 Ohio St.3d. 1, 2006-Ohio-856.  After the trial court had resentenced the *Elmore* defendant on the noncapital offenses, he again appealed directly to the Supreme Court, and the merits of the second appeal were fully addressed despite the fact that no issue regarding the death penalty was involved.  Therefore, as a practical matter, both the Supreme Court and the appellate courts have been exercising concurrent jurisdiction over any post-judgment final order which does not

7

pertain to the "death penalty" decision.

In light of the foregoing analysis, this court ultimately concludes that, once the trial court in a death penalty proceeding has issued its final sentencing judgment, and the determination to impose the death penalty has been directly appealed to the Supreme Court under Section 2(B)(2)(c) of Article IV, an appellate court then has the authority under Section 3(B)(2) to review any subsequent ruling by the trial court on a post-judgment motion.  In the present matter, our review of the trial record shows that appellant's motion for a new trial was filed approximately six years after the trial court's imposition of the death penalty had been appealed to the Supreme Court.  Thus, since this appeal will not entail a review of the weighing exercise, we have the jurisdiction to proceed on the merits of this matter.

As a separate basis for its motion to dismiss, appellee submits that this appeal cannot go forward because this court has previously held that Crim.R. 33 is not the proper procedural mechanism for obtaining a new sentencing hearing.  In support of this contention, appellee cites our prior decision in *State v. Davie*, 11th Dist. No. 2007-T-0069, 2007-Ohio-6940.  As to this point, we would merely indicate that, even though appellee's argument could potentially be a viable reason for affirming the trial court's denial of the motion for a new trial, it is simply irrelevant to the question of our jurisdiction to review the substance of the trial court's determination.

Since the jurisdiction of this court has been properly invoked under Section 3(B)(2), Article IV of the Ohio Constitution, it is hereby ordered that appellee's

8

motion to dismiss the instant appeal is hereby overruled.  This appeal shall now go forward in accordance with the Ohio Rules of Appellate Procedure.

_____
JUDGE COLLEEN MARY O'TOOLE

MARY JANE TRAPP, P.J.,

TIMOTHY P. CANNON, J.,

concur.

**FILED**
COURT OF APPEALS

MAY 1 3 2010

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

9

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

**FILED**
COURT OF APPEALS

OCT 1 8 2010

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | **CASE NO. 2009-T-0050** |
| - vs - | : | |
| NATHANIEL JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2001 CR 794.

Judgment: Sentence vacated, and remanded for resentencing.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Randall L. Porter*, Assistant State Public Defender, 250 East Broad Street, #1400, Columbus, OH 43215-9308, and *John P. Parker*, 988 East 185th Street, Cleveland, OH 44119 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1}    Appellant, Nathaniel Jackson, appeals from the May 4, 2009 judgment entry of the Trumbull County Court of Common Pleas, denying his motion for new trial and/or sentencing and denying as moot his motion to disqualify the prosecutor's office.

{¶2}    The following procedural history and factual background were taken from a prior appeal by appellant with this court, *State v. Jackson*, 11th Dist. No. 2008-T-0024, 2010-Ohio-1270:

{¶3}    Appellant was charged with various crimes, including aggravated murder, for the shooting death of Robert Fingerhut ("Fingerhut").  At the time of his death in 2001, Fingerhut was residing with his former wife, Donna Roberts ("Roberts").  Roberts was also charged with murder for her role in Fingerhut's death.  During the months prior to the incident, appellant and Roberts exchanged letters while he was serving a prison term for an unrelated offense.  In the letters, Roberts and appellant discussed a plan for appellant to murder Fingerhut so that Roberts could collect the proceeds from Fingerhut's life insurance policies.

{¶4}    In November of 2002, appellant was found guilty of two counts of aggravated murder, one count of aggravated burglary, and one count of aggravated robbery.  Under both of the aggravated murder counts, the jury recommended the death penalty.  After independently weighing the aggravating circumstances and the mitigating facts, the trial court concluded the death penalty was appropriate.  In addition, the trial court imposed separate sentences on the charges of aggravated burglary, aggravated robbery, and the merged firearm specifications.  In January of 2003, appellant filed a direct appeal from his conviction and sentence to the Supreme Court of Ohio, which affirmed appellant's convictions and the imposition of the death penalty.  *State v. Jackson*, 107 Ohio St.3d 300, 2006-Ohio-1.

{¶5}    In 2004, appellant filed his original petition for postconviction relief under R.C. 2953.21.  Thereafter, appellant submitted an amended petition for postconviction relief.  Under the amended petition, he asserted 15 separate claims for relief.  In the majority of those claims, appellant argued that he had been denied effective assistance of trial counsel during the penalty phase of his trial.  Four of appellant's remaining

2

claims raised issues of possible discrimination in the manner in which the grand jury proceedings and the petit trial had been conducted.  Finally, appellant also challenged the constitutionality of Ohio's execution procedure and the statutory procedure for postconviction relief.

{¶6}    In responding to appellant's petition, appellee, the state of Ohio, moved to dismiss each of the claims without a hearing on the basis that appellant had not made a prima facie showing that his constitutional rights were violated during his trial.  In June of 2004, the trial court rendered a 33-page judgment entry in which it dismissed each of the claims raised by appellant.  As to all of the claims, the trial court held that appellant had failed to establish substantive grounds to warrant postconviction relief.  Also, the trial court held that many of the claims were barred under the doctrine of res judicata because the issues either were, or could have been, raised in his direct appeal from his conviction.

{¶7}    Appellant appealed the trial court's judgment entry denying his petition for postconviction relief to this court, in which we affirmed the judgment of the trial court. *State v. Jackson*, 11th Dist. No. 2004-T-0089, 2006-Ohio-2651.  Appellant appealed this court's judgment to the Supreme Court of Ohio, which declined jurisdiction.  *State v. Jackson*, 111 Ohio St.3d 1469, 2006-Ohio-5625.

{¶8}    On August 2, 2006, the Supreme Court of Ohio released its decision in Roberts' direct appeal.  *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665.  The trial court in the instant matter presided over the underlying trials of both appellant and Roberts.  Between the penalty-phase hearing of Roberts' trial and the sentencing hearing, the trial court engaged in ex parte communications with an assistant county

3

prosecutor about the sentencing opinion in Roberts' case.  Id. at ¶155.  The trial court utilized the assistant prosecutor to draft the sentencing entry but failed to include defense counsel in the process.  Id.  In *Roberts*, the Supreme Court of Ohio vacated the death sentence and remanded the case with instructions for the trial court to personally review and evaluate the appropriateness of the death penalty.  Id. at ¶164.  The Supreme Court also observed that the ex parte collaboration between the trial court and the prosecution to prepare the court's sentencing opinion was "wholly inconsistent" with the ethical constraints of Canon 3(B)(7) of the Code of Judicial Conduct and DR 7-110(B).  Id. at ¶161.

{¶9}  Presumably based on the *Roberts* decision, appellant filed a Civ.R. 60(B) motion for relief from the trial court's judgment entry denying his petition for postconviction relief.  The state filed an answer arguing that the motion lacked merit and should be denied.  In response, appellant filed a reply brief in support of his motion for relief from judgment.

{¶10}  In October of 2006, Attorney Randall L. Porter, counsel for appellant, filed an application and affidavit seeking the disqualification of the trial court in the instant matter, citing a statement by the trial court at a hearing in *Roberts* that it had similarly relied on the prosecuting attorney to prepare paperwork for it in other criminal cases.  See *In re Disqualification of Stuard*, 113 Ohio St.3d 1236, 2006-Ohio-7233, ¶1, 3.  The trial court responded to the affidavit, acknowledging that it held similar ex parte communications with the prosecuting attorney's office in both *Roberts* and *Jackson* before sentencing each of them to death.  Id. at ¶4.  Upon consideration, the Chief

4

Justice declined to disqualify the trial court from further participation in this matter. Id. at ¶10.

{¶11} The trial court denied appellant's Civ.R. 60(B) motion. It was from that judgment that appellant filed an appeal with this court, Case No. 2008-T-0024, asserting that the trial court erred when it denied his motion for relief from judgment and an evidentiary hearing. This court found no error and affirmed the judgment of the trial court on March 26, 2010. *State v. Jackson*, 11th Dist. No. 2008-T-0024, 2010-Ohio-1270 (O'Toole, J., dissenting.)[1]

{¶12} While that appeal was pending, on February 29, 2008, appellant filed a motion for new trial and/or sentencing. The state filed a memorandum in opposition on April 10, 2008.

{¶13} On May 12, 2008, appellant filed a second application with the Supreme Court of Ohio to disqualify Judge Stuard, which was denied by the Chief Justice on August 25, 2008.

{¶14} Pursuant to its May 4, 2009 judgment entry, the trial court denied appellant's motion for new trial and/or sentencing and denied as moot appellant's

---

1. In that opinion, this court stressed that the appeal did "not deal with the trial court's presumed use of the prosecutor to assist it in preparing the underlying *sentencing* entry" but rather concerned "the trial court's use of the procedure when drafting the judgment entry denying Jackson's motion for postconviction relief. In *State v. Roberts*, the Supreme Court of Ohio found error in the trial court's sentencing entry due to the fact the prosecution assisted in the drafting of the document. Id. at ¶153-164. One of the court's significant concerns was the fact that the resulting judgment entry did not comply with R.C. 2929.03(F), which requires in a *death-sentence opinion* the trial court to state its findings in support of the death sentence. Id. at ¶156 & 160. Since the underlying judgment entry in this matter was the postconviction entry, the Supreme Court's concerns with R.C. 2929.03(F) do not apply." *Jackson*, 2010-Ohio-1270, at ¶35. (Emphasis sic.)

5

motion to disqualify the prosecutor's office.[2]  It is from that judgment that appellant filed the present appeal, asserting the following assignments of error for our review:[3]

{¶15} "[1.] THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTION FOR A NEW SENTENCING HEARING[.]

{¶16} "[2.] THE TRIAL COURT ERRED WHEN IT OVERRULED MR. JACKSON'S MOTIONS FOR A NEW TRIAL AND SENTENCING HEARING WITHOUT CONDUCTING AN EVIDENTIARY HEARING."

{¶17} In his first assignment of error, appellant argues that the trial court erred by overruling his motion for a new sentencing hearing. We agree.

{¶18} The Supreme Court of Ohio in *Roberts*, 2006-Ohio-3665, at ¶156-164, stated the following:

{¶19} "R.C. 2929.03 governs the imposition of sentences for aggravated murder. R.C. 2929.03(F) clearly contemplates that the trial court itself will draft the death-sentence opinion: '*The court* (***) when it imposes sentence of death, *shall state* in a separate opinion *its* specific findings as to the existence of any of the mitigating factors (***), the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors (***).' (Emphasis added.)

{¶20} "***

---

2. We note that appellant is not appealing the aspect of the trial court's entry regarding denying as moot his motion to disqualify the prosecutor's office.

3. The state filed a motion to dismiss the appeal for lack of jurisdiction. However, in this court's May 13, 2010 judgment entry, we overruled the state's motion, holding that jurisdiction had been properly invoked under Section 3(B)(2), Article IV of the Ohio Constitution.

6

{¶21} "***

{¶22} "In this case, our confidence in the trial court's sentencing opinion is undermined by the fact that the trial judge directly involved the prosecutor in preparing the sentencing opinion and did so on an ex parte basis.  The trial judge is charged by statute with the sole responsibility of personally preparing the opinion setting forth the assessment and weight of the evidence, the aggravating circumstances of the murder, and any relevant mitigating factors prior to determining what penalty should be imposed.  The fact that the trial judge provided his notes to the prosecutor to guide the prosecutor in drafting the sentencing opinion does not change the result.  The various drafts of the opinion that ultimately imposed death on Roberts involved the assistance of the prosecutor.

{¶23} "The trial court's delegation of any degree of responsibility in this sentencing opinion does not comply with R.C. 2929.03(F).  Nor does it comport with our firm belief that the consideration and imposition of death are the most solemn of all the duties that are imposed on a judge, as Ohio courts have also recognized.  *** The judge alone serves as the final arbiter of justice in his courtroom, and he must discharge that austere duty in isolation.  The scales of justice may not be weighted even slightly by one with an interest in the ultimate outcome.  Given the prosecutor's direct role in the preparation of the sentencing opinion, we cannot conclude that the proper process was followed here.

{¶24} "That conclusion is compelled particularly in light of the trial court's ex parte communications about sentencing with the prosecutor in preparing the sentencing opinion.  The Code of Judicial Conduct, Canon 3(B)(7) specifies, 'A judge shall not

7

initiate, receive, permit, or consider communications made to the judge outside the presence of the parties or their representatives concerning a pending or impending proceeding (***)[.]'  Both the trial judge and the prosecutor should have known that any ex parte assistance in the preparation of the court's sentencing opinion was wholly inconsistent with these vital ethical constraints.  See Disciplinary Rule 7-110(B)(2) and (3).

{¶25} "The trial court's consultation with the prosecutor, particularly when undertaken without the knowledge or participation of defense counsel, can neither be ignored nor found to be harmless error.  Cf. *Gardner v. Florida* (1977), 430 U.S. 349, 362, ***[.]  *** We cannot cure the deficiencies in the preparation of the sentencing opinion by our own independent assessment.

{¶26} "The trial court's decision to use the prosecutor in preparing the sentencing opinion constitutes a grievous violation of the statutory deliberative process. It is so severe a violation that independent reweighing cannot serve as an adequate remedy.  See *State v. Green* [(2000)], 90 Ohio St.3d [352,] at 363-364, ***.  We find that we must vacate the sentence because of the critical constitutional interests and notions of justice that are implicated by the prosecutor's participation in drafting the sentencing opinion.

{¶27}  "We accordingly sustain Roberts's claim of error in the trial judge's use of the prosecutor to assist directly in the preparation of the sentencing opinion. Accordingly, we vacate the sentence and remand to the trial court for resentencing ***." (Emphasis sic.)  (Parallel citations omitted.)

8

{¶28}  In the case at bar, the state maintains that we should follow *State v. Davie*, 11th Dist. No. 2007-T-0069, 2007-Ohio-6940, and affirm the judgment of the trial court.  The state's reliance on *Davie* with respect to the case sub judice, however, is misplaced.  In *Davie*, the appellant, relying on *Roberts*, argued that the trial court erred in overruling his motion for a new sentencing hearing.  Id. at ¶6.  The appellant assumed that the trial court used the prosecutor to draft the sentencing entry.  Id. at ¶13.  However, the trial judge in *Davie* drafted the sentencing entry in its entirety and the prosecutor played no role whatsoever.  Id. at ¶17.  This court, in affirming the judgment of the trial court, held that the fact pattern in *Davie* was factually distinguishable from *Roberts*.  Id. at ¶18.

{¶29}  In the case at bar, however, the fact pattern is factually the same as that in *Roberts*.  The record before us establishes that the same drafting procedures involving the sentencing entry which occurred in *Roberts* took place in the instant matter.  Judge Stuard admitted in an affidavit that he enlisted prosecutorial assistance in preparing and drafting appellant's sentencing entry but failed to include defense counsel in the process.  The ex parte collaboration between Judge Stuard and the prosecution to prepare the court's sentencing opinion was "wholly inconsistent" with the ethical constraints of Canon 3(B)(7) and DR 7-110(B).  *Roberts*, supra, at ¶161.  Based on the Supreme Court of Ohio's holding in *Roberts*, appellant is entitled to the same relief afforded to his co-defendant.  Thus, the trial judge must personally review and evaluate the appropriateness of the death penalty, prepare an entirely new sentencing entry as required by R.C. 2929.03(F), and conduct whatever other proceedings are required by law and consistent with this opinion. Id. at ¶167.

9

{¶30} Appellant's first assignment of error is with merit.

{¶31} In his second assignment of error, appellant alleges that the trial court erred by overruling his motions for new trial and sentencing hearing without conducting an evidentiary hearing.

{¶32} Because appellant is entitled to a remand for resentencing based on our disposition of his first assignment of error, his second assignment of error has been rendered moot, and thus will not be addressed in this opinion. See App.R. 12(A)(1)(c); *State v. Miller* (1996), 113 Ohio App.3d 606, 610.

{¶33} For the foregoing reasons, appellant's first assignment of error is well-taken, and his second assignment of error is moot. The sentence of the Trumbull County Court of Common Pleas is vacated. This case is remanded for resentencing and for proceedings consistent with this opinion. It is ordered that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

TIMOTHY P. CANNON, J., concurs with Concurring Opinion,

MARY JANE TRAPP, P.J., concurs and concurs with Judge Cannon's Concurring Opinion.

_____

TIMOTHY P. CANNON, J., concurring.

{¶34} I concur in the majority judgment.

{¶35} My decision that the trial judge should conduct a new sentencing hearing is based, in large measure, upon the representations made to the Supreme Court of

10

Ohio by the trial judge.  More than one affidavit to disqualify the trial judge was filed in this case.  In November 2006, the trial judge filed an affidavit in response, opposing disqualification.  In that affidavit, the trial judge acknowledged doing the same thing in this case that he did in *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, wherein the trial judge was ordered to conduct a new sentencing hearing.  In his affidavit, the trial judge stated, inter alia, the following to the Supreme Court of Ohio:

{¶36}  "8. It is clear from the Ohio Supreme Court's opinion in Roberts, that the Court, even after concluding that my communications with the Assistant Prosecuting Attorneys in Roberts were not harmless error and were prejudicial error *** did not want me to be removed from the Roberts case for the purpose of post-trial motion practice or for the purpose of re-sentencing Donna Roberts.

{¶37}  "9. On the contrary, the Ohio Supreme Court vacated Roberts' death sentence and remanded the case to my court expressly ordering that I remain on the case.  The Court said in paragraph 167 of its opinion:

> {¶38}  "*** the trial court shall personally review and evaluate the evidence, weigh the aggravating circumstances against any relevant mitigating evidence, and determine anew the appropriateness of the death penalty as required by R.C. 2929.03.  The trial court will then personally prepare an entirely new penalty opinion as required by R.C. 2929.03(F) and conduct whatever other proceedings are required by law and consistent with this opinion.

> {¶39}  "***

{¶40}  "12. If, as argued by Nathaniel Jackson in his motion to disqualify me, I engaged in the same conduct determined by the Ohio Supreme Court to be prejudicial error in State v. Roberts, then, and in that event, the same result should obtain in this companion case involving Nathaniel Jackson.  ***"

11

{¶41} Because he acknowledged doing the same thing that resulted in prejudicial error in the *Roberts* case, the trial judge conceded prejudicial error in Jackson's case.  And, by opposing disqualification, the trial judge implicitly represented he could remain on the case for purposes of curing that error.  Given the circumstances, it would appear the trial judge recognized he would be required to do the same thing he was ordered to do in *Roberts*, regardless of the nature of the proceedings (whether postconviction or direct appeal), if he were permitted to remain on the case.

{¶42}  The affidavit opposing disqualification was signed by the trial judge on November 21, 2006.  Chief Justice Moyer issued his ruling denying Jackson's motion to disqualify on November 29, 2006.  In assessing the trial judge's averments, the Chief Justice observed: "The judge states that he is prepared to reconsider the evidence and impose a new sentence in this case just as he has been ordered to do in the related Roberts case."  *In re Disqualification of Stuard*, 113 Ohio St.3d 1236, 2006-Ohio-7233, at ¶4.  The Chief Justice's construction of the trial judge's affidavit lends further credence to the position I advance.  That is, by stating what he believed the trial judge was "prepared" to do, the Chief Justice seemed to anticipate the trial judge would resentence Jackson just as he was ordered to do in *Roberts* so long as he was allowed to remain on the case.

{¶43} Based on the holding in *Roberts* as well as the trial judge's affidavit opposing disqualification filed in this case, I therefore believe the only proper disposition of this matter is for the trial court to proceed with resentencing.  For these reasons, I concur.

12

STATE OF OHIO          )          IN THE COURT OF APPEALS
                       )SS.
COUNTY OF TRUMBULL     )          ELEVENTH DISTRICT


STATE OF OHIO,

        Plaintiff-Appellee,          JUDGMENT ENTRY

    - vs -          CASE NO. 2009-T-0050

NATHANIEL JACKSON,

        Defendant-Appellant.


    For the reasons stated in the opinion of this court, the first assignment of error is well-taken, and the second assignment of error is moot. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is vacated and that this case is remanded for resentencing and for proceedings consistent with this opinion.

    It is order that appellee is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.

**FILED**
COURT OF APPEALS

OCT 1 8 2010

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

_____
JUDGE COLLEEN MARY O'TOOLE

TIMOTHY P. CANNON, J., concurs with Concurring Opinion,

MARY JANE TRAPP, P.J., concurs and concurs with Judge Cannon's Concurring Opinion.

STATE OF OHIO　　　　)　　　　IN THE COURT OF APPEALS
　　　　　　　　　　　)SS.
COUNTY OF TRUMBULL　)　　　　ELEVENTH DISTRICT

STATE OF OHIO,

　　　　Plaintiff-Appellee,　　　　**JUDGMENT ENTRY**

　　- vs -　　　　　　　　　　**CASE NO. 2009-T-0050**

NATHANIEL JACKSON,　　　　**MANDATE**

　　　　Defendant-Appellant.　　　Court _Common Pleas_

　　　　　　　　　　　　　　Case No. _2001 CR 294_

　　　　For the reasons stated in the opinion of this court, the first assignment of error is well-taken, and the second assignment of error is moot.  It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas is vacated and that this case is remanded for resentencing and for proceedings consistent with this opinion.

　　　　It is order that appellee is assessed costs herein taxed.  The court finds there were reasonable grounds for this appeal.

**FILED**
**COURT OF APPEALS**

OCT 1 8 2010

**TRUMBULL COUNTY, OH**
**KAREN INFANTE ALLEN, CLERK**

　　　　　　　　　　_____
　　　　　　　　　　JUDGE COLLEEN MARY O'TOOLE

TIMOTHY P. CANNON, J., concurs with Concurring Opinion,

MARY JANE TRAPP, P.J., concurs and concurs with Judge Cannon's Concurring Opinion.

2001 CR
00794
00043513274
OMAN