IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

NATHANIEL JACKSON,                :

      Petitioner,             :     CASE NO. 4:07-cv-0880

      v.                           :     JUDGE JAMES S. GWIN

MARC C. HOUK, Warden          :     *Death Penalty Case*

      Respondent.            :

WARDEN'S OPPOSITION TO JACKSON'S
DOC 53 MOTION TO AMEND

Jackson's Doc 53 Motion for leave to amend his habeas petition is procedurally defective and can't be adjudicated since he has not submitted a proposed amended petition showing the actual text of new claims he intends to pursue in this habeas action. *Kostyu v. Ford Motor Co.,* 798 F. 2d 1414 (6th Cir. 1986) ("Finally, we conclude the district court did not abuse its discretion in not permitting the plaintiff to amend his complaint. The plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make.") *Roskam Baking Co. v. Lanham Machine Co.*, 288 F. 3d 895, 906 (6th Cir. 2002) ("However, implicit in this statement [that leave to amend should be freely given] is that the district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the

1

proposed amendment")

Until such time that Jackson tenders the actual text of proposed new habeas claims, neither the Court nor the Warden can determine whether leave to amend should be granted. Given that this Court has previously authorized a stay and abeyance of this action for Jackson to exhaust certain claims, Doc. 33, Order Granting Stay, Page ID 314, an amended petition is to be expected.

If the text of the proposed new habeas claims are in accordance with the abeyance order as well as accepted standards of pleading in a § 2254 habeas action, then the Warden would have no reason to oppose the granting of leave to amend. On the other hand, if the proposed new habeas claims are extraneous to the reasons why this Court granted abeyance, the Warden would be obligated to point out those deficiencies and oppose the granting of leave to amend. In the absence of the actual text of proposed new habeas claims, however, this assessment can not take place.

Accordingly, this Court should overrule Jackson's Doc 53 motion for leave to amend.

Respectfully submitted,
**MIKE DeWINE**
OHIO ATTORNEY GENERAL
S/Stephen E. Maher
**STEPHEN E. MAHER (0032279)**
Assistant Attorney General
***Lead and Trial Counsel***
Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(6l4) 728-7055; (614) 728-8600 (fax)
Stephen.maher@ohioattorneygeneral.gov
**COUNSEL FOR RESPONDENT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document  has been forwarded by

the  ECF  system    this 5th day  of  September  2017    to  counsel  of  record  for  the

petitioner.

S/Stephen E. Maher
**STEPHEN E. MAHER (0032279)**
Counsel for Respondent