UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
NATHANIEL JACKSON, : CASE NO. 4:07-CV-880
:
      Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 50]
MARC C. HOUK, Warden, :
:
      Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On April 18, 2008, this Court granted Petitioner Nathaniel Jackson's motion to hold his federal habeas corpus proceedings in abeyance until the conclusion of his state court proceedings.[1] Since that time, the Ohio courts vacated Petitioner's original death sentence and resentenced him, again to death.[2] Petitioner continues to challenge the reinstatement of his death penalty in Ohio state courts.[3] To that end, he seeks a continuance of this Court's 2008 order holding his federal habeas proceedings in abeyance.[4] The Warden opposes this continuance.[5]

For the reasons stated below, Petitioner Jackson's motion for continuance of the stay is **GRANTED**.

---

[1] Doc. 33.
[2] *See* Doc. 52 at 2.
[3] *See id*. at 2-3.
[4] Doc. 50.
[5] Doc. 51. Petitioner replies. Doc. 52.

Case No. 4:07-CV-880
Gwin, J.

## I. Background

Petitioner currently has a pending Application for Reopening before the Ohio Supreme Court.[6] This application raises several grounds for relief based on the ineffectiveness of Jackson's counsel during and after the re-imposition of his death sentence.[7]

These grounds for relief include issues stemming from counsel's failure to raise issues during Petitioner Jackson's resentencing itself—such as whether Petitioner Jackson was entitled to a new jury during his resentencing[8]—and whether counsel adequately prepared Jackson for his resentencing.[9] Petitioner Jackson also alleges that his counsel was ineffective for failing to argue that errors during his resentencing could not be fixed by an independent sentencing evaluation of the appellate court,[10] and that his counsel failed to argue that Jackson is ineligible for execution because of an intellectual disability.[11]

## II. Legal Standard

The U.S. Supreme Court has recognized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims."[12] Federal district courts have the "discretion to stay a mixed petition (i.e., one that includes both exhausted and unexhausted claims) to allow a habeas petitioner to present his unexhausted claims to the state court in the first instance, then return to federal court for review of his perfected petition."[13]

---

[6] Appellant Nathaniel Jackson's App. For Reopening Pursuant to S. Ct. Prac. R. 11.06, *State of Ohio v. Nathaniel Jackson*, 2012-1644 (Ohio 2017) [hereinafter *App. For Reopening*].
[7] *See* Doc. 52 at 2-4. *See also App. For Reopening*.
[8] *See* Doc. 52 at 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Rhines v. Weber,* 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy,* 455 U.S. 509, 518-519 (1982)).
[13] *Day v. McDonough,* 547 U.S. 198, 210 n.10 (2006) (citing *Rhines,* 544 U.S. at 278-79).

Case No. 4:07-CV-880
Gwin, J.

In the context of mixed petitions, the Supreme Court has stated that a district court should grant a stay if: "[T]he petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."[14]

### III. Analysis

**A. Good Cause**

The Court finds that Petitioner Jackson has good cause for failing to exhaust his state court claims. All of petitioner's remaining state court claims arose as a result of the alleged failures of his counsel during and after his resentencing. Ohio recognizes the validity and potential necessity of challenging the effectiveness of appellate counsel in this way both in case law[15] and by rule.[16]

Jackson's resentencing did not occur until 2012, four years after the original stay granted by this Court. Further, Petitioner's remaining state court claims concern the effectiveness of counsel during both the resentencing itself and during the state-level appeals of that resentencing. Those appeals were finalized during February 2017.[17] Petitioner Jackson filed his application to reopen during the same month.[18]

**B. Intentional Delay**

Further, the record shows that Petitioner Jackson has not engaged in any "dilatory litigation tactics."[19] Petitioner Jackson's filings and attempts for relief have been timely. The

---

[14] *Rhines,* 544 U.S. at 278.
[15] *See State v. Murnahan,* 63 Ohio St.3d 60 (1992).
[16] Ohio S. Ct. Prac. R. 11.06.
[17] Doc. 51 at 2.
[18] *See App. For Reopening* (filed February 7, 2017).
[19] *See Rhines,* 544 U.S. at 278.

-3-

time between the Court's original grant of a stay and now is a result of Jackson's previous success in receiving a resentencing, and the direct appellate review of that resentencing.

### C. Potential Merit of Petitioner's Claims

In *Rhines v. Webber*, the Supreme Court stated that a petitioner's claims should not be held in abeyance if they are "plainly meritless."[20] Petitioner Jackson's claims clear this bar.

Petitioner Jackson filed a timely application to re-open the direct appeal of his sentence in the Ohio Supreme Court.[21] In this application, commonly referred to as a *Murnahan* application, Jackson contends that his direct appellate counsel was constitutionally ineffective.[22]

In order to prove constitutional ineffectiveness of counsel, a petitioner must show both that his counsel was deficient and that counsel's deficiencies prejudiced the defendant.[23]

The underlying legal arguments raised in Jackson's *Murnahan* application allege that his appellate counsel was ineffective for failing to raise several arguments about issues that arose during and after his resentencing. These issues include counsel's failure to adequately prepare mitigation evidence,[24] failing to request a new jury for his resentencing,[25] and failing to challenge the appellate court's decision not to remand for resentencing upon a finding of error.[26] Additionally, Jackson alleges that counsel failed to argue that his intellectual disability makes him ineligible for the death penalty.[27]

Failing to raise a potentially meritorious defense on direct appeal can constitute constitutionally deficient counsel, and so Jackson potentially meets *Strickland*'s "deficiency"

---

[20] *Id.* at 277.
[21] *See* Doc. 52 at 3; *see also App. For Reopening*.
[22] *App. For Reopening* at 1-10.
[23] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[24] *App. For Reopening* at 4-6.
[25] *Id.* at 2-4.
[26] *Id.* at 6-8.
[27] *Id.* at 8-10; *see also, e.g.*, *Atkins v. Virginia*, 536 U.S. 304, 321 (2002).

Case No. 4:07-CV-880
Gwin, J.

prong.[28] Additionally, these alleged errors are not obviously harmless. If Jackson succeeds on any of these issues, he could receive another resentencing. Therefore, Jackson was potentially prejudiced by his allegedly defective counsel.

Each of these issues involves a substantial constitutional claim. Regardless of Petitioner Jackson's success in this attack on his resentencing, the arguments advanced in his *Murnahan* application are not "plainly meritless."

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Petitioner Jackson's motion to continue the stay of his federal habeas corpus claims.

IT IS SO ORDERED.

Dated: September 8, 2017                        s/         *James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[28] *See, e.g.*, *Franklin v. Anderson*, 434 F.3d 412, 428 (6th Cir. 2006) (holding that the failure of appellate counsel to appeal a claim of juror bias "amounted to ineffective assistance of counsel").