UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

NATHANIEL JACKSON, : CASE NO. 4:07-CV-880
:
Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 57, 59]
MARC HOUK, Warden, :
:
Respondent. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Nearly a decade ago, the Court stayed this death penalty habeas corpus petition so that Petitioner Nathaniel Jackson could exhaust his state court remedies. Now, Jackson has finally exhausted his state court remedies and seeks to amend his federal habeas corpus petition to reflect claims that arose during the last ten years of state court proceedings.[1] He has not, however, submitted a proposed amended habeas petition for the Court to consider.

On April 18, 2008, this Court stayed Petitioner Nathaniel Jackson's § 2254 habeas corpus petition challenging his state court conviction and his death penalty.[2] The Court did this so that Jackson could exhaust his state court remedies based on arguable judicial misconduct in his original sentencing.[3] At that original sentencing, the Ohio sentencing judge asked the prosecutor for assistance with drafting the death penalty opinion without giving Jackson's attorney notice. Since that time, Jackson's sentence has been overturned and re-imposed, and the re-imposition of that sentence has been appealed through all levels of the Ohio courts.[4]

---

[1] Doc. 57. The Warden opposes. Doc. 58. Petitioner Jackson moves to supplement. Doc. 59. The Warden opposes that motion. Doc. 60.
[2] *See* Doc. 33.
[3] *Id.* at 1-2.
[4] *See generally* Appellant Nathaniel Jackson's App. For Reopening Pursuant to S. Ct. Prac. R. 11.06, *State of Ohio v. Nathaniel Jackson*, 2012-1644 (Ohio 2017).

Case No. 4:07CV880
Gwin, J.

Now, Jackson seeks to amend his federal habeas corpus petition to reflect the claims that have arisen since the Court originally granted a stay.[5]

Jackson's current motion for leave to amend, however, is deficient. Although Jackson states that he seeks to amend his petition "to reflect the changes that have taken place in State court,"[6] he did not file a proposed amended petition reflecting those changes.

After a decade of substantive litigation in the Ohio courts, even the Warden expects an amended petition in this Court.[7] But without a proposed amendment, neither the Warden nor the Court can evaluate whether "justice [ ] requires" granting leave to amend.[8]

The Court therefore **ORDERS** Petitioner Jackson to file a proposed amended § 2254 petition by January 31, 2018.

IT IS SO ORDERED.


Dated: November 20, 2017          s/ *James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE

---

[5] *See* Doc. 57.
[6] *Id.* at 2.
[7] *See* Doc. 58 at 2.
[8] *See* Roskam Baking Co., Inc. v. Lanham Machinery Co., Inc., 288 F.3d 895, 906 (6th Cir. 2002) ("[T]he district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment.").