UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| NATHANIEL JACKSON, | : | CASE NO. 4:07-cv-880 |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 74] |
| vs. | : | |
| | : | |
| MARC C. HOUK, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Nathaniel Jackson petitions for habeas corpus relief under 28 U.S.C. § 2254.[1] On March 31, 2019, Petitioner moved for discovery under Rule 6 of the Rules Governing § 2254 Cases.[2] The Warden opposed.[3]

Habeas petitioners have no automatic right to discovery.[4] Instead, Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure[.]" Pursuant to that "good cause" standard, a district court should give leave to conduct habeas discovery only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief."[5]

A petitioner cannot use the discovery process as "fishing expedition" and must at

---

[1] Doc. 64; Doc. 65.
[2] Doc. 74.
[3] Doc. 75.
[4] *Stanford v. Parker*, 266 F. 3d 442, 460 (6th Cir. 2001).
[5] *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); see also *Williams v. Bagley*, 380 F.3d 932, 974-75 (6th Cir. 2004); *Stanford*, 266 F.3d at 460.

least attempt to identify what he expects to uncover through his discovery requests.[6] "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'"[7]

Here, Petitioner fails to meet the Rule 6 good-cause standard. His motion does not tie his requested discovery to any discrete ground; say what the discovery might uncover; or explain how the uncovered information would establish that Jackson is entitled to relief.

Petitioner's request for depositions, though only part of his motion, illustrates his motion's deficiency.[8] Petitioner lists nine people that he would like to depose.[9] For most of these people, he lists a one-line description as to the deposition subject matter.[10] For example, Petitioner seeks to depose one of his former defense attorneys "[c]oncerning all aspects of his representation."[11] Petitioner fails to provide any further justification for his former attorney's deposition.

Such an explanation—which is representative of his motion as a whole—is deficient and fails to establish good cause for the requested discovery. The Court will not authorize a fishing expedition.

## ORDER

For the reasons stated above, the Court **DENIES** Petitioner's motion for discovery without prejudice.

---

[6] *See Williams,* 380 F.3d at 976; Rule 6 (providing that "[a] party requesting discovery must provide reasons for the request").
[7] *Bowling v. Parker,* 344 F.3d 487, 512 (6th Cir. 2003) (quoting *Stanford,* 266 F.3d at 460).
[8] Petitioner's requests for document production are similarly vague and deficient. Doc. 74 at 5-7.
[9] *Id.* at 3-4.
[10] *Id.*
[11] *Id.* at 4.

Case No. 4:07-cv-880
Gwin, J.

IT IS SO ORDERED.

Dated: March 9, 2020         *s/    James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE