UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | | |
|---|---|---|
| | : | |
| NATHANIEL JACKSON, | : | CASE NO. |
| | : | |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 83] |
| vs. | : | |
| | : | |
| MARC C. HOUK, | : | |
| | : | |
| Respondent. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

On February 23, 2021, the Court granted Nathanial Jackson's petition for a writ of habeas corpus.[1]   Accordingly, the Court remanded the case to the state trial court for resentencing.

Now, Respondent Marc. C. Houk requests the Court stay its remand order.[2]  Petitioner Jackson opposes.[3]

For the following reasons, the Court **DENIES** Respondent's motion to stay the remand order.

## I.    Discussion

When deciding whether to issue a stay of on order pending appeal, courts consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparable injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[4]

[1] Doc. 80.
[2] Doc. 83.
[3] Doc. 85.
[4] *Ohio State Conference of N.A.A.C.P. v. Husted,* 769 F.3d 385, 387 (6th Cir. 2014) (internal citations and quotations omitted).

Case No.
GWIN, J.

"[T]he first two factors ... are the most critical."[5]   The party requesting the stay bears the burden of establishing that the stay is warranted.[6]

The Court is not persuaded that the relevant factors weigh in favor of issuing a stay.

First, Respondent Houk has not established that he has a strong likelihood of success on appeal.  In support of his motion, Respondent argues the Court granted Jackson's habeas petitioner because the Court "concluded the Ohio courts erred in failing to apply the rule in *Davis v. Coyle*[.]"[7]

Respondent is mistaken.  The Court granted Jackson's petition because the Court, like the Sixth Circuit in *Davis*, found that "the Ohio Supreme Court's decision to prevent Jackson from presenting mitigating evidence at his resenting hearing 'was both an unreasonable application of the *Skipper* decision and contrary to the holding in that opinion and its antecedent cases.'"[8]  More simply, the Court granted Jackson's petition because the Ohio Supreme Court's decision was an unreasonable application of and contrary to clearly established federal law as set out in binding Supreme Court precedent.  This factor weighs against a stay.

Second, Respondent Houk has not established that he will be irreparably harmed without the stay.  The Court believes it will be some time before Petitioner received a new mitigation hearing.  If it appears the mitigation hearing will occur before the Sixth Circuit can issue a ruling on the appeal, Respondent can seek a state court continuance.  This factor weighs against a stay.

---

[5] *Ohio State Conference of N.A.A.C.P.,* 769 F.3d at 387.
[6] *Id.*
[7] Doc. 83 at 2.
[8] Doc. 80 at 18–19.

Case No.
GWIN, J.

Third, Respondent Houk has not established that a stay will not substantially injure Petitioner Jackson.  As Petitioner points out, a stay will deprive Jackson the opportunity to develop new mitigation evidence by allowing him to reenter the prison's general population.[9]  This factor weighs against a stay.

Finally, Respondent Houk has not established that the public interests supports a stay. This factor is neutral.

II.      Conclusion

For the foregoing reasons, the Court **DENIES** Respondent's motion to stay the Court's remand order.


IT IS SO ORDERED.


Dated:  March 25, 2021                           _s/       James S. Gwin_____
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE

---

[9] Doc. 85 at 4–5.