UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| NATHANIEL JACKSON, | CASE NO. 4:07-cv-00880 |
| Petitioner, | OPINION & ORDER |
| | [Resolving Doc. 93] |
| v. | |
| MARC C. HOUK, | |
| Respondent. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Nathaniel Jackson, an incarcerated person sentenced to death by the State of Ohio, petitioned this Court for habeas corpus relief under 28 U.S.C. § 2254.[1] In February 2021, this Court granted Jackson's habeas petition in part, finding that the trial court violated Jackson's constitutional rights when it denied him the opportunity to present new mitigation evidence at his resentencing.[2] This Court remanded the case to the state trial court for resentencing.[3]

Both the government and Jackson appealed this Court's decision to the Court of Appeals for the Sixth Circuit.[4] On May 13, 2022, the Sixth Circuit granted in part and denied in part Jackson's application for a certificate of appealability.[5] The Sixth Circuit is now proceeding on the government's appeal and on a subset of Jackson's appellate claims.

The Sixth Circuit also ordered Jackson's attorneys to show cause in writing within fourteen days as to why it should not refer this matter to the CJA panel administrator for this

---

[1] Docs. 64, 65.
[2] Doc. 80.
[3] *Id.*; Doc. 84.
[4] Docs. 82, 86.
[5] Doc. 91.

Case No. 4:07-cv-00880
GWIN, J.

district and/or direct the Clerk to appoint Jackson replacement counsel for his appeal.[6] Both this Court and the Sixth Circuit have noted Jackson's attorneys' substandard briefing in this case.[7]

On May 19, 2022, Attorney John Parker filed a motion with this Court to withdraw as Jackson's counsel and requested that his name be removed from the CJA panel for death penalty cases in this district.[8] Attorney Parker plans to retire in the next 12-18 months.

The filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court.[9] The cross-appeals by the government and Jackson divested this Court of jurisdiction over Attorney Parker's motion. Further, the Sixth Circuit explicitly ordered Attorneys Parker and Cafferkey to show cause as to why they should not be removed as Jackson's appellate counsel.

Therefore, this Court **DIRECTS** Attorney Parker to refile his motion to withdraw as counsel with the Sixth Circuit.

IT IS SO ORDERED.

Dated: May 26, 2022                    *s/    James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[6] Doc. 92.
[7] Docs. 80, 92.
[8] Doc. 93.
[9] *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). The district court does, however, retain jurisdiction over matters that are "in aid of the appeal." *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). That exception is not applicable here.